## Exhibit A

Proposed Preliminary Injunction Order

NAI-1535638547

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> <u>**DISTRICT OF NEW JERSEY**</u> <br><br> **WOLLMUTH MAHER & DEUTSCH LLP** <br> Paul R. DeFilippo, Esq. <br> 500 Fifth Avenue <br> New York, New York 10110 <br> Telephone: (212) 382-3300 <br> Facsimile: (212) 382-0050 <br> pdefilippo@wmd-law.com <br><br> **JONES DAY** <br> Gregory M. Gordon, Esq. <br> Brad B. Erens, Esq. <br> Dan B. Prieto, Esq. <br> Amanda Rush, Esq. <br> 2727 N. Harwood Street <br> Dallas, Texas 75201 <br> Telephone: (214) 220-3939 <br> Facsimile: (214) 969-5100 <br> gmgordon@jonesday.com <br> bberens@jonesday.com <br> dbprieto@jonesday.com <br> asrush@jonesday.com <br> (Admissions *pro hac vice* pending) <br><br> *PROPOSED ATTORNEYS FOR DEBTOR* | |
| In re: <br><br> LTL MANAGEMENT LLC,[1] <br><br>         Debtor. | Chapter 11 <br><br> Case No.: 23-12825 (MBK) <br><br> Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC, <br><br>         Plaintiff, <br><br> v. <br><br> THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, <br><br>         Defendants. | Adv. No.: 23-01092 (MBK) <br><br> **Hearing Date and Time:** <br> **_____, 2023 at \_\_\_** |

**ORDER GRANTING THE DEBTOR'S
REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF**

The relief set forth on the following pages is hereby **ORDERED**.

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1535638547

(Page 2)
Debtor: LTL Management LLC
Adv. No. 23-01092-MBK
Caption:  Order Granting the Debtor's Request for Preliminary Injunctive Relief

This matter coming before the Court on the *Debtor's Verified Complaint for Declaratory and Injunctive Relief (I) Declaring That the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions, and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing On a Preliminary Injunction* (the "Complaint") and the *Debtor's Motion for an Order (I) Declaring that the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions, and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing On a Preliminary Injunction* (the "Motion"),[2] both filed by the above-captioned plaintiff and debtor (the "Debtor"); the Court having reviewed (i) the Complaint, (ii) the Motion, (iii) the *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4 in Case No. 23-12825] (the "First Day Declaration") filed in the Debtor's main chapter 11 case, and (iv) the *Declaration of Daniel J. Merrett in Support of Debtor's Complaint for Declaratory and Injunctive Relief and Related Motion* and, together with any responses or answers to the Motion or the Complaint; and having heard the arguments of counsel and considered the evidence presented at a hearing on _____, 2023 (the "Hearing"), the Court finds and concludes as follows:

**Background, Jurisdiction and Venue**

A.      For purposes of this Order, the term "Debtor Talc Claims" shall mean, collectively, any talc-related claims against the Debtor, including all claims relating in any way to talc or talc-containing materials that formerly were asserted against (or that could have been asserted against) the former Johnson & Johnson Consumer Inc. ("Old JJCI") on any theory of

---

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

NAI-1535638547

(Page 3)
Debtor: LTL Management LLC
Adv. No. 23-01092-MBK
Caption:  Order Granting the Debtor's Request for Preliminary Injunctive Relief

liability (whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise).  For the avoidance of doubt, Debtor Talc Claims include, without limitation, all talc personal injury claims and other talc-related claims allocated to the Debtor from Old JJCI in the documents implementing the 2021 Corporate Restructuring.  The Debtor Talc Claims do not include talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws.

   B. The Plaintiff in this adversary proceeding is Debtor LTL Management LLC.  The Defendants in this adversary proceeding are those parties listed on Appendix A to the Complaint, as well as John and Jane Does 1-1000.  The Defendants listed on Appendix A are all named plaintiffs in talc-related lawsuits against the Debtor (or for which the Debtor is responsible or alleged responsible) as of the Petition Date who sought to hold, or may seek to hold, the Protected Parties liable for the Debtor Talc Claims.  The Protected Parties are listed in Appendix B to the Complaint, which is also attached to this Order.  Defendants John and Jane Does 1-1000 are prospective plaintiffs who may at any time while the above-captioned chapter 11 case is pending seek to hold the Protected Parties liable for the Debtor Talc Claims.

   C. The Debtor seeks, pursuant to sections 105(a) and 362(a) of the Bankruptcy Code, an order prohibiting the Defendants from continuing or commencing against any of the Protected Parties any action or claim asserting, on any theory of liability (whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise), any Debtor Talc Claims.

(Page 4)
Debtor: LTL Management LLC
Adv. No. 23-01092-MBK
Caption:  Order Granting the Debtor's Request for Preliminary Injunctive Relief

D. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Bankruptcy Rule 7008, the Debtor has consented to the entry of final orders or a final judgment by this Court in this adversary proceeding.  Venue for this matter is proper in this District pursuant to 28 U.S.C. § 1409.

**Request for Declaratory Relief**

E. The Court finds and concludes that Debtor Talc Claims against Old JJCI are actions that are "against the debtor" or that seek to "recover a claim against the debtor" within the meaning of section 362(a)(1) of the Bankruptcy Code.

F. The Court further finds and concludes that Debtor Talc Claims against Protected Parties asserting fraudulent transfer or voidable transfer or conveyance claims, or alter ego, successor liability, vicarious liability or other theories of recovery through which Defendants would seek to assert Debtor Talc Claims against a Protected Party constitute property of the Debtor's estate.  Section 362(a)(3) of the Bankruptcy Code applies to stay such actions while the Chapter 11 Case remains pending.

G. The Court further finds and concludes that unusual circumstances exist justifying an extension of the automatic stay to the Debtor Talc Claims against the Protected Parties because (i) an identity of interests exists between the Debtor and each of the Protected Parties and (ii) continued litigation of the Debtor Talc Claims outside this Chapter 11 Case will have an adverse impact on the Debtor's ability to accomplish reorganization.  Therefore,

(Page 5)
Debtor: LTL Management LLC
Adv. No. 23-01092-MBK
Caption:  Order Granting the Debtor's Request for Preliminary Injunctive Relief

extension of the automatic stay of section 362 of the Bankruptcy Code to Debtor Talc Claims against the Protected Parties while the Chapter 11 Case remains pending is warranted.

        H.        The legal and factual bases set forth in the Complaint, the Motion, the First Day Declaration and at the Hearing establish just cause for the relief granted herein.

### Request for Preliminary Injunction

        I.        The Debtor has satisfied the four-prong test for the issuance of a preliminary injunction applied in the Third Circuit.

        J.        *Likelihood of Success on the Merits.*  There is a reasonable likelihood that the Debtor will succeed on the merits by successfully reorganizing in chapter 11, including by confirming a plan that will establish a trust pursuant to sections 105 and/or 524(g) of the Bankruptcy Code to resolve the Debtor Talc Claims.  The Debtor is eligible to file for chapter 11 relief and the commencement of this chapter 11 case satisfies the good faith filing standard as articulated by the Third Circuit.  The Debtor has sufficient resources to fund the costs of this Chapter 11 Case and a plan of reorganization to equitably and finally resolve its talc liabilities.  In addition, the Debtor now has the support of thousands of talc claimants, including both ovarian cancer and mesothelioma claimants, for this Chapter 11 Case and the terms of a potential plan of reorganization.

        K.        *Irreparable Injury.*  Failure to enjoin prosecution of the Debtor Talc Claims in the tort system would cause irreparable injury to the Debtor and defeat the purpose of

(Page 6)
Debtor: LTL Management LLC
Adv. No. 23-01092-MBK
Caption:  Order Granting the Debtor's Request for Preliminary Injunctive Relief

the Chapter 11 Case.  Without the injunctive relief sought herein, the Debtor would suffer the following irreparable harm, among other things:

    i)    Recoveries against the Protected Parties could trigger the Debtor's indemnification obligations, reduce available insurance, and have the effect of fixing talc-related claims against the Debtor outside of the Chapter 11 Case;

    ii)    Under the doctrines of collateral estoppel and res judicata, the resolution of issues in litigation of Debtor Talc Claims against Holdco, J&J or other Protected Parties could bind the Debtor;

    iii)    Statements, testimony and other evidence generated in litigation of Debtor Talc Claims against the Protected Parties could be used to try to establish the Debtor's own liability for the exact same talc-related claims; and

    iv)    As a result of the foregoing, the Debtor would be compelled to actively monitor, participate in and defend litigation of Debtor Talc Claims against the Protected Parties, and key personnel would be diverted from assisting the Debtor in achieving its reorganization goals.

    L.    *Balance of the Harms.*  The balance of harms supports granting the preliminary injunction on account of the following factors:

    i)    The purpose of the Debtor's Chapter 11 Case would be defeated if the litigation of Debtor Talc Claims were allowed to proceed against the Protected Parties;

    ii)    Failure to grant injunctive relief would cause irreparable harm to the Debtor and its estate, as described in paragraph L, above;

    iii)    An injunction will not necessarily harm the Defendants or their efforts to obtain compensation for their claims;

        a)    First, nothing about the injunction in this case would prohibit the Defendants from continuing to proceed against, and collecting from, any other alleged tortfeasors in state court (other than the Protected Parties); and

(Page 7)
Debtor: LTL Management LLC
Adv. No. 23-01092-MBK
Caption:  Order Granting the Debtor's Request for Preliminary Injunctive Relief

    b)  In addition, the injunction will ensure that the benefits of a complete and equitable resolution of talc-related claims against the Debtor flow to all claimants.  Ultimately, the Chapter 11 Case should provide both existing and future claimants with an efficient and expedited means by which to address their claims through a trust; and

    iv)  Delay, in and of itself, is insufficient to overcome irreparable harm caused to the Debtor and its estate.

  M. *Public Interest.*  The public interest lies with the Debtor completing its reorganization process and resolving the Debtor Talc Claims in a uniform and equitable manner.

**Based on these findings and conclusions, IT IS HEREBY ORDERED THAT:**

  1. The Motion is GRANTED.

  2. The Defendants are prohibited and enjoined, pursuant to sections 105(a) and 362(a) of the Bankruptcy Code, from commencing or continuing to prosecute any Debtor Talc Claim against any of the Protected Parties, on any theory of liability, whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise, for the period this Order is effective pursuant to paragraph 11, below.  This injunction includes, without limitation:  (i) the pursuit of discovery from the Protected Parties or their officers, directors, employees or agents; (ii) the enforcement of any discovery order against the Protected Parties; (iii) further motions practice related to the foregoing; and (iv) any collection activity on account of a Debtor Talc Claim against any Protected Party or its officers, directors, employees or agents or its respective assets.

  3. In addition, and without limiting the foregoing, the Court finds and declares that the commencement or continued prosecution of any Debtor Talc Claim against any

(Page 8)
Debtor: LTL Management LLC
Adv. No. 23-01092-MBK
Caption:  Order Granting the Debtor's Request for Preliminary Injunctive Relief

of the Protected Parties while the Chapter 11 Case remains pending, including the actions listed in the last sentence of paragraph 2, above, would violate the automatic stay imposed by sections 362(a)(l) and 362(a)(3) of the Bankruptcy Code and therefore are prohibited.

4.	For the avoidance of doubt, the terms of this Order apply to any further proceedings in the matter styled <u>Veladez v. Johnson & Johnson et al.</u>, which is currently pending in the Superior Court of California, Alameda County, Case No. 22CV012759.

5.	This Order is entered without prejudice to the Debtor's right to request that this Court extend this Order to include other entities or persons not previously identified in <u>Appendix A</u> or <u>Appendix B</u> to the Complaint.  In the event that the Debtor seeks to supplement either Appendix A or Appendix B, the Debtor shall file with the Court and serve a notice, together with a proposed order, setting forth any such modifications to Appendix A or Appendix B.  The burden of proof for any modification of Appendix A or Appendix B is not affected by this Order.  Parties shall have 14 days from the date of service of the notice to object to the modification(s) to Appendix A or Appendix B, and the Debtor shall have 7 days from the service of such objection to file and serve a response.  Absent a timely objection, the Debtor's proposed modifications to Appendix A or Appendix B shall be approved by order of the Court without the necessity of a hearing.  For the avoidance of doubt, the inclusion of a talc-related claim on Appendix A is not an admission that such Defendant holds a currently pending claim against either the Debtor or the Protected Parties.

(Page 9)
Debtor: LTL Management LLC
Adv. No. 23-01092-MBK
Caption:  Order Granting the Debtor's Request for Preliminary Injunctive Relief

6. Any party subject to this Order may seek relief from any of the provisions of this Order for cause shown.  This Order is without prejudice to the Debtor's or others' rights to seek relief pursuant to section 362 of the Bankruptcy Code.

7. Notwithstanding anything to the contrary in this Order, any party asserting Debtor Talc Claims, without leave of the Court, may take reasonable steps to perpetuate the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who otherwise is expected to be unable to provide testimony if it is not perpetuated during the duration of this Order.  Notice shall be provided to the Debtor by notifying counsel for the Debtor of the perpetuation of such testimony.  The Debtor shall have the right to object to the notice on any grounds it would have had if it were a party to the underlying proceeding and not subject to the terms of this preliminary injunction, and the Debtor may raise any such objection with this Court, except that Debtor, Old JJCI and J&J waive objecting to the use of such testimony based on lack of notice or lack of opportunity to cross-examine.  The use of such testimony in any appropriate jurisdiction shall be subject to the applicable procedural and evidentiary rules of such jurisdiction.  All parties reserve and do not waive any and all objections with respect to such testimony.  Defendants or other individuals asserting Debtor Talc Claims may not seek to perpetuate the testimony of representatives, including directors, officers, employees and agents, of the Debtor or the Protected Parties without the consent of the Debtor or an order of the Court.  Notwithstanding the forgoing, parties in lawsuits pending in the MDL who wish to perpetuate the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who otherwise is expected to be unable to provide testimony

NAI-1535638547

(Page 10)
Debtor: LTL Management LLC
Adv. No. 23-01092-MBK
Caption:  Order Granting the Debtor's Request for Preliminary Injunctive Relief

if it is not perpetuated during the duration of this Order shall comply with the process outlined in the <u>In Extremis Deposition Protocol</u> entered on January 23, 2017 in the MDL.

8. Notwithstanding anything to the contrary in this Order, Imerys Talc America, Inc. and its affiliates (collectively, the "<u>Imerys Entities</u>") or Cyprus Mines Corporation and its affiliates (collectively, the "<u>Cyprus Entities</u>") are not Defendants in this proceeding.  The relief granted herein shall not apply to the Imerys Entities or the Cyprus Entities, and the findings of fact and conclusions of law set forth in this Order shall not bind the Imerys Entities or the Cyprus Entities.  The right of the Debtor to seek to enjoin the Imerys Entities or the Cyprus Entities, and the right of the Imerys Entities or Cyprus Entities to oppose such relief, are hereby preserved in all respects.

9. Notwithstanding anything to the contrary in this Order, governmental units (as defined under section 101 of the Bankruptcy Code) are not Defendants in this proceeding. The relief granted herein, including any relief granted under this Order under section 105 of the Bankruptcy Code, shall not apply to restrict or enlarge the rights of the Debtor or any governmental unit under applicable bankruptcy law and all such rights are hereby preserved.

10. Pursuant to Bankruptcy Rule 7065, the Debtor is relieved from posting any security pursuant to Civil Rule 65(c).

11. The deadline to file any answer to the Complaint is tolled indefinitely subject to an order of this Court.

12. This Order shall be immediately effective and enforceable upon its entry.

NAI-1535638547

(Page 11)
Debtor: LTL Management LLC
Adv. No. 23-01092-MBK
Caption: Order Granting the Debtor's Request for Preliminary Injunctive Relief

13. This Order shall toll any applicable non-bankruptcy law, any order entered in a non-bankruptcy proceeding, or any agreement that fixes a period under which an enjoined Defendant is required to commence or continue a civil action in a court other than this Court on any Debtor Talc Claim asserted against the Debtor or any of the Protected Parties until the later of: (i) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (ii) 30 days after notice of the termination or expiration of the preliminary injunction issued by this Order.

14. The Debtor shall cause a copy of this Order to be served via e-mail, facsimile, hand delivery or overnight carrier on counsel for the known Defendants and the Bankruptcy Administrator within three business days of its entry on the Court's docket.

15. This Order shall be promptly filed in the Clerk of Court's office and entered into the record, and it shall remain effective for the period through and including 30 days after the effective date of a confirmed plan of reorganization in the Chapter 11 Case that is no longer subject to appeal or discretionary review.

16. This Court retains exclusive jurisdiction over this Order and any and all matters arising from or relating to the implementation, interpretation or enforcement of this Order.