| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br><br> **WOLLMUTH MAHER & DEUTSCH LLP** <br> Paul R. DeFilippo, Esq. <br> 500 Fifth Avenue <br> New York, New York 10110 <br> Telephone: (212) 382-3300 <br> Facsimile: (212) 382-0050 <br> pdefilippo@wmd-law.com <br><br> **JONES DAY** <br> Gregory M. Gordon, Esq. <br> Brad B. Erens, Esq. <br> Dan B. Prieto, Esq. <br> Amanda Rush, Esq. <br> 2727 N. Harwood Street <br> Dallas, Texas 75201 <br> Telephone: (214) 220-3939 <br> Facsimile: (214) 969-5100 <br> gmgordon@jonesday.com <br> bberens@jonesday.com <br> dbprieto@jonesday.com <br> asrush@jonesday.com <br> (Admissions *pro hac vice* pending) <br><br> *PROPOSED ATTORNEYS FOR DEBTOR* | |
| In re: <br><br> LTL MANAGEMENT LLC,[1] <br><br>                 Debtor. | Chapter 11 <br><br> Case No.: 23-12825 (MBK) <br><br> Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC, <br><br>                 Plaintiff, <br> v. <br><br> THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, <br><br>                 Defendants. | Adv. No. 23-01092 (MBK) |

**DECLARATION OF DANIEL J. MERRETT IN SUPPORT OF**
**DEBTOR'S COMPLAINT FOR INJUNCTIVE RELIEF AND RELATED MOTION**

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

I, Daniel J. Merrett, hereby declare under penalty of perjury:

1. I am a partner of the law firm of Jones Day, and my office is located at 1221 Peachtree Street, N.E., Suite 400, Atlanta, Georgia 30361. I am a member in good standing of the Bar of the State of Georgia. My application to appear *pro hac vice* in this case has been or soon will be filed with the Court in the main bankruptcy proceeding. There are no disciplinary proceedings pending against me.

2. I submit this declaration (the "Declaration") in connection with: (a) the *Debtor's Verified Complaint For Declaratory and Injunctive Relief (I) Declaring That the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions, and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing On a Preliminary Injunction* and (b) the *Debtor's Motion for an Order (I) Declaring That the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing on a Preliminary Injunction* (the "Motion") filed contemporaneously herewith. I have personal knowledge of the matters set forth herein.

3. The exhibits attached hereto are portions of the record regarding the Debtor's request in the 2021 Chapter 11 Case (as defined in the Motion) for the same relief requested in this adversary proceeding, including (a) declarations of certain witnesses; (b) excerpted transcripts of hearings in the 2021 Chapter 11 Case regarding such relief (together, the "PI Hearings"); and (iii) certain exhibits that were admitted into evidence at the PI Hearings.

4. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from the 1981 Annual Report of Johnson & Johnson ("J&J"), dated March 18, 1982.

-2-

5. Attached hereto as **Exhibit 2** is a true and correct copy of excerpts from the 1979 Annual Report of J&J, dated December 30, 1979.

6. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts from the 1976 Annual Report of J&J, dated January 2, 1977.

7. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts from the 1986 Annual Report of J&J, dated March 12, 1987.

8. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts from the 1977 Annual Report of J&J, dated January 1, 1978.

9. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the 1978 Annual Report of J&J dated, December 31, 1978.

10. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts from the minutes of the December 12, 1978 meeting of the Board of Directors of J&J.

11. Attached hereto as **Exhibit 8** is a true and correct of the copy of excerpts from the 1979 Agreement.

12. Attached hereto as **Exhibit 9** is a true and correct copy of excerpts from the Johnson & Johnson Baby Products Company Action Authorized by Unanimous Consent, dated July 21, 1981.

13. Attached hereto as **Exhibit 10** is a true and correct copy of excerpts from the Agreement for Transfer of Assets and Bill of Sale, dated January 3, 1988.

14. Attached hereto as **Exhibit 11** is a true and correct copy of excerpts from the Certificate of Incorporation of Johnson and Johnson Consumer Companies Inc., dated July 1, 1997.

15. Attached hereto as **Exhibit 12** is a true and correct copy of excerpts from the Certificate of Merger of McNeil Consumer Products Company with and into Personal Products Company, dated November 2, 1998.

16. Attached hereto as **Exhibit 13** is a true and correct copy of excerpts from the Certificate of Merger of Neutrogena, LLC, Johnson & Johnson Consumer Companies, LLC, and Johnson & Johnson Sales and Logistics Company, LLC with and into McNeil-PPC, Inc., dated June 15, 2015.

17. Attached hereto as **Exhibit 14** is a true and correct copy of excerpts from the Certificate of Merger of Johnson & Johnson Consumer Companies, Inc. with and into Johnson & Johnson Consumer, LLC, dated June 25, 2015.

18. Attached hereto as **Exhibit 15** is a true and correct copy of excerpts from the internal Personal Products Company letter, dated October 31, 1977.

19. Attached hereto as **Exhibit 16** is a true and correct copy of excerpts from the 1985 Annual Report of J&J.

20. Attached hereto as **Exhibit 17** is a true and correct copy of excerpts from the 1988 Annual Report of J&J.

21. Attached hereto as **Exhibit 18** is a true and correct copy of excerpts from the *Second Amended Master Long Form Complaint and Jury Demand* filed in In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs., & Prod. Liab. Litig., No. 3:16-MD-02738-FLW-LHG (D.N.J. Dec. 12, 2020).

22. Attached hereto as **Exhibit 19** is a true and correct copy of excerpts from the *Complaint for Personal Injury – Asbestos* filed in Anderson v. Borg Warner Corp., No. BC666513, Superior Court for the State of California (Jun. 27, 2017).

23. Attached hereto as **Exhibit 20** is a true and correct copy of excerpts from the *Complaint for Personal Injuries, Wrongful Death and Fraud* filed in Richards v. Johnson & Johnson, No. 21-2-10988-4, Superior Court of the State of Washington in and for the County of King (Aug. 18, 2021).

24. Attached hereto as **Exhibit 21** is a true and correct copy of excerpts from the *First Amended Case-Specific Complaint for Damages and Demand for Jury Trial Civil Thirteen Mass Tort Asbestos Docket Case* filed in McBride v. Am. Int'l Indus., Inc., No. 49D13-2110-MI-034781, Marion County Superior Court for the State of Indiana (Oct. 15, 2021).

25. Attached hereto as **Exhibit 22** is a true and correct copy of excerpts from the transcript of the hearing held on October 28, 2021 in Hood v. Acme, No. 2020-CP10-03946, County of Charleston for the State of South Carolina (Oct. 28, 2021).

26. Attached hereto as **Exhibit 23** is a true and correct copy of excerpts from the transcript of the hearing held on October 22, 2021 in Vanklive v. Johnson & Johnson, No. RC20062734, Superior Court of California, Alameda County (Oct. 22, 2021).

27. Attached hereto as **Exhibit 24** is a true and correct copy of excerpts from the J&J Medical Safety Standard, dated January 1, 2014.

28. Attached hereto as **Exhibit 25.1** is a true and correct copy of excerpts from the deposition testimony of Dr. Joanne Waldstreicher from Ingham v. Johnson & Johnson, No. 1522-CC10417, Circuit Court of the City of St. Louis, State of Missouri (Apr. 19, 2017).

29. Attached hereto as **Exhibit 25.2** is a true and correct copy of excerpts of the deposition testimony of Dr. Joanne Waldstreicher from Leavitt v. Johnson & Johnson, RGI 7882401, Superior Court of California, County of Alameda (Sept. 14, 2018).

30. Attached hereto as **Exhibit 26** are true and correct copy of excerpts from the deposition testimony of Dr. Susan Nicholson from Prudencio v. Johnson & Johnson, RG20061303, Superior Court of the State of California, County of Alameda (June 4, 2021).

31. Attached hereto as **Exhibit 27** are true and correct copy of excerpts from Personal Products Company's Financial Statements.

32. Attached hereto **under seal** as **Exhibit 28** is a true and correct copy of excerpts from the Aetna Insurance Agreement 38 XN 07 SCA.

33. Attached hereto as **Exhibit 29** is a true and correct copy of excerpts from the FRE 1006 Insurance Coverage Evidence Summary.

34. Attached hereto **under seal** as **Exhibit 30** is a true and correct copy of excerpts from the Home Insurance Company HEC 4764031.

35. Attached hereto **under seal** as **Exhibit 31** is a true and correct copy of excerpts from Aetna Insurance Agreement, Aetna Primary 38 PK 15 SCA.

36. Attached hereto **under seal** as **Exhibit 32** is a true and correct copy of excerpts from Aetna Insurance Agreement, #38 AL 12880 SR(Y)_1-1-1967 to 1-1-1970.

37. Attached hereto as **Exhibit 33** is a true and correct copy of excerpts from the 1989 Agreement with Safeway for indemnification.

38. Attached hereto as **Exhibit 34** is a true and correct copy of excerpts from the 2020 Agreement with HEB for indemnification.

39. Attached hereto as **Exhibit 35** is a true and correct copy of excerpts from the FRE 1006 Tender Agreement Evidence Summary.

40. Attached hereto as **Exhibit 36** is a true and correct copy of excerpts from the Agreement wherein Johnson & Johnson Consumer Inc. agrees to tender defense and indemnify Safeway for claims by Abbott, Richard, dated May 13, 2019.

41. Attached hereto as **Exhibit 37** is a true and correct copy of excerpts from the Tender Agreement wherein Johnson & Johnson Consumer Inc. agrees to tender defense and indemnify Albertson for claims by Lane, Ardys, dated October 8, 2018.

42. Attached hereto **under seal** as **Exhibit 38** is a true and correct copy of excerpts from the Indemnification Agreement by and between Bausch Health Companies and its affiliates and Johnson & Johnson Consumer, Inc. and its affiliates.

43. Attached hereto **under seal** as **Exhibit 39** is a true and correct copy of excerpts from the Asset Purchase Agreement by and between Johnson & Johnson Consumer Companies, Inc. and Pharma Tech Industries, Inc., dated April 4, 2005.

44. Attached hereto as **Exhibit 40** is a true and correct copy from excerpts from the Amended and Restated Funding Agreement, dated as of October 12, 2021.

45. Attached hereto as **Exhibit 41** is a true and correct copy of excerpts from the Expert Report of Charles H. Mullin PhD.

46. Attached hereto as **Exhibit 42.1** is a true and correct copy of excerpts from the transcript of the hearing held on November 4, 2021 before the United States Bankruptcy Court for the Western District of North Carolina in <u>LTL Mgmt. LLC v. Those Parties Listed on Appendix A to Complaint (In re LTL Mgmt. LLC)</u>, Adv. Pro. No. 21-03032 (JCW) (Bankr. W.D.N.C. Nov. 4, 2021).

47. Attached hereto as **Exhibit 42.2** is a true and correct copy of excerpts from the transcript of the hearing held on November 5, 2021 before the United States Bankruptcy

Court for the Western District of North Carolina in LTL Mgmt. LLC v. Those Parties Listed on Appendix A to Complaint (In re LTL Mgmt. LLC), Adv. Pro. No. 21-03032 (JCW) (Bankr. W.D.N.C. Nov. 5, 2021).

48. Attached hereto as **Exhibit 43** is a true and correct copy of the *Declaration of John K. Kim in Support of First Day Pleadings* ("2021 First Day Declaration") filed in In re LTL Mgmt. LLC, Case. No. 21-30589 (JCW), ECF No. 5 (Bankr. W.D.N.C. Oct. 14, 2021).

49. Attached hereto as **Exhibit 44** is a true and correct copy of the *Supplemental Declaration of John K. Kim in Support of the Debtor's Complaint for Declaratory and Injunctive Relief and Related Motion* ("2021 Supplemental Kim Declaration") filed in LTL Mgmt. LLC v. Those Parties Listed on Appendix A to Complaint (In re LTL Mgmt. LLC), Adv. Pro. No. 21-03032 (JCW), ECF No. 3 (Bankr. W.D.N.C. Oct. 14, 2021).

50. Attached hereto as **Exhibit 45** is a true and correct copy of the *Second Supplemental Declaration of John K. Kim in Support of Debtor's Supplemental Memorandum of Law in Support of the Preliminary Injunction Motion* ("2021 Second Supplemental Kim Declaration") filed in LTL Mgmt. LLC v. Those Parties Listed on Appendix A to Complaint (In re LTL Mgmt. LLC), Adv. Pro. No. 21-03032 (JCW), ECF No. 128-1 (Bankr. W.D.N.C. Dec. 8, 2021).

51. Attached hereto as **Exhibit 46** is a true and correct copy of the *Declaration of Adam Lisman in Support of Debtor's Complaint for Declaratory and Injunctive Relief and Related Motions* ("Lisman Declaration").

52. Attached hereto as **Exhibit 47** is a true and correct copy of excerpts from the transcript of the hearing held on November 10, 2021 before the United States Bankruptcy

Court for the Western District of North Carolina in <u>LTL Mgmt. LLC v. Those Parties Listed on Appendix A to Complaint (In re LTL Mgmt. LLC)</u>, Adv. Pro. No. 21-03032 (JCW) (Bankr. W.D.N.C. Nov. 10, 2021).

53. Attached hereto as **Exhibit 48** is a true and correct copy of excerpts from the transcript of the hearing held on February 14, 2023 before the United States Bankruptcy Court District of New Jersey in <u>In re LTL Mgmt. LLC</u>, Case. No. 21-30589 (MBK) (Bankr. D.N.J. Feb. 14, 2023).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 4, 2023                                Respectfully submitted,

                                                    */s/ Daniel J. Merrett*
                                                    Daniel J. Merrett