# <u>Exhibit 10</u>

## AGREEMENT FOR TRANSFER OF ASSETS

## AND BILL OF SALE

THIS AGREEMENT, to be effective as of 11:59 p.m. on the 3rd day of January, 1988 (the "Effective Time"), by and between Johnson & Johnson Baby Products Company, a corporation organized under the laws of the State of New Jersey, which just prior to the Effective Time of this Agreement will be renamed Johnson & Johnson Orthopaedics, Inc. (hereinafter "JJBP"), and Johnson & Johnson Dental Products Company, a corporation organized under the laws of the State of New Jersey, which just prior to the Effective Time of this Agreement will be renamed Johnson & Johnson Consumer Products, Inc. (hereinafter "DPC").

WHEREAS, JJBP will at the Effective Time of this Agreement be conducting two lines of business; and

WHEREAS, JJBP is desirous of transferring to DPC all assets and liabilities of its baby products business (the "DIVISION") on the books or records of JJBP; and

WHEREAS, there are currently 1,758 shares of Common Stock, $10.00 par value, of DPC issued and outstanding; and

WHEREAS, JJBP wishes to transfer to DPC the above-described assets and liabilities in return for 3,171 shares of the common stock of DPC, $10.00 par value.

LTL 0012508

-2-

NOW, THEREFORE, in consideration of the premises and the following mutual covenants and undertakings contained in this Agreement it is agreed between the parties that:

1. JJBP, in consideration of the premises and other good and valuable consideration to it to be paid and delivered at or about the Effective Time of this Agreement, the sufficiency of which is hereby acknowledged, does hereby grant, bargain, sell, assign, alien, remise, release, convey, transfer, set over and confirm, unto DPC, its successors and assigns, forever, all the businesses, franchises, properties and assets of every nature and description, tangible and intangible, wherever located, on the books or records of JJBP with respect to the DIVISION immediately prior to the Effective Time (the "Properties"), the same to include, without limiting the generality of the foregoing, those assets which are more particularly described as follows:

(i)  All inventories, materials, supplies, furniture, machinery, equipment, automobiles, trucks and other tangible personal property, goods and chattels of the DIVISION, wheresoever situate;

(ii)  All rights, titles, and interest in, to and under all contracts of the DIVISION, including leases (except that nothing herein contained shall be deemed to constitute the assignment of any claim against the United States of America or of any contract which is not assignable without the consent of the other party or parties hereto unless and until such consent shall have been obtained);

LTL 0012509

-3-

(iii)  All right, title and interest in, to and under cash on hand and in banks, notes, bonds, inventions, improvements, discoveries and know-how, accounts and bills receivable, books of account, records, agreements, licenses, claims, demands, judgments, equities and choices in action or other intangible property of every nature and description of the DIVISION; and

(iv)  All real estate, improvements and appurtenances thereon or thereto of the DIVISION, as well as all rights and obligations appertaining thereto.

2.  For the consideration aforesaid, JJBP hereby constitutes and appoints DPC, its successors and assigns, the true and lawful attorney or attorneys of JJBP, with full power of substitution, for JJBP and in its name and stead or otherwise, but on behalf and for the benefit of DPC, its successors and assigns, to demand and receive from time to time any and all the Properties hereby assigned, transferred and conveyed, and to give receipts and releases for and in respect of the same and any part thereof, and from time to time to institute and prosecute in the name of JJBP or otherwise, but at the expense and for the benefit of DPC, its successors and assigns, any and all proceedings at law, in equity or otherwise which DPC, its successors or assigns, may deem proper in order to collect, assert or enforce any claim, right or title of any kind in or to the Properties hereby assigned, transferred and conveyed, and to defend or compromise any and all actions, suits or proceedings in respect of any of said Properties and to do all such acts and things in relation thereto as DPC, its

LTL 0012510

–4–

successors, or assigns, shall deem desirable; JJBP hereby declaring that the appointment hereby made and the powers hereby granted are coupled with an interest and are and shall be irrevocable by JJBP in any manner or from any reason.

3.  For the consideration aforesaid, JJBP, for itself and its successors and assigns, has covenanted, and by this Agreement does covenant, with DPC, its successors and assigns, that it, JJBP, and its successors and assigns, will do, execute and deliver, or will cause to be done, executed and delivered, all such further acts, transfers, assignments and conveyances, powers of attorney, and assurances, for the better assuring, conveying and confirming unto DPC, its successors and assigns, all and singular the Properties hereby assigned, transferred and conveyed as DPC, its successors or assigns, shall reasonably require.

4.  In consideration of the assignment, transfer and conveyance to it of the Properties, DPC agrees to assume and hereby does assume and agrees to pay, perform or discharge, as the case may be, all the indebtedness, liabilities and obligations of every kind and description on the books or records of JJBP as pertaining to the DIVISION.  DPC hereby covenants and agrees with JJBP that DPC will forever indemnify and save harmless JJBP against all the indebtedness, liabilities and obligations aforesaid hereby assumed and agreed to be paid, performed or discharged, as the case may be, by DPC and to assume and complete all pending contracts of JJBP which are allocated on the books or records to the DIVISION

LTL 0012511

-5-

immediately prior to the Effective Time and to indemnify JJBP and its officers, directors and stockholders from any liability under any such indebtedness, liabilities and obligations.

5. DPC agrees to amend its Certificate of Incorporation so as to increase the number of shares it is authorized to issue from 5,000 to 20,000 shares. Following the Effective Time and upon the effectiveness of such amendment, DPC shall issue and deliver to JJBP 3,171 shares of its Common Stock, par value $10.00 per share. Such shares shall be deemed to have been delivered at the Effective Time.

6. This Agreement and the covenants and agreements herein contained shall inure to the benefit of and shall bind the respective parties hereto and their respective successors and assigns.

IN WITNESS WHEREOF, said JOHNSON & JOHNSON BABY PRODUCTS COMPANY and JOHNSON & JOHNSON DENTAL PRODUCTS COMPANY have caused this Agreement to be executed in their corporate names this 10ᵗʰ day of December, 1987.

ATTEST:                                JOHNSON & JOHNSON
                                       BABY PRODUCTS COMPANY

_____        By: _____
Assistant Secretary

ATTEST:                                JOHNSON & JOHNSON DENTAL
                                       PRODUCTS COMPANY

_____        By: _____
Assistant Secretary

0464Z

LTL 0012512