# **Exhibit 19**

```
1   JENNIFER L. BARTLETT, CA Bar No. 183154
    CONOR NIDEFFER, CA Bar No. 253931
2   SIMON GREENSTONE PANATIER BARTLETT, P.C.
    3780 Kilroy Airport Way, Suite 540
3   Long Beach, California 90806
    Telephone (562) 590-3400
4   Facsimile (562) 590-3412
```

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JUN 27 2017

Sherri R. Carter, Executive Officer/Clerk
By: Charlie L. Coleman, Deputy

Attorneys for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOANNE ANDERSON and GARY ANDERSON,<br><br>    Plaintiffs,<br>vs.<br><br>BORG-WARNER CORPORATION by its successor-in-interest BORG-WARNER MORSE TEC, INC.; BRENNTAG NORTH AMERICA, INC. (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC. and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.); BRENNTAG SPECIALTIES, INC. f/k/a MINERAL PIGMENT SOLUTIONS, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.); CYPRUS AMAX MINERALS COMPANY (sued individually, doing business as, and as successor to AMERICAN TALC COMPANY, METROPOLITAN TALC CO. INC. and CHARLES MATHIEU INC. and SIERRA TALC COMPANY and UNITED TALC COMPANY); FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST (sued as successor to FELT-PRODUCTS MANUFACTURING CO.); HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED-SIGNAL, INC. | Case No.  BC 6 6 6 5 1 3<br><br>THIS ACTION CONSTITUTES COMPLEX ASBESTOS LITIGATION – SUBJECT TO THE GENERAL ORDERS CONTAINED IN FILE NO. C 700000 – DEPT. 59<br><br>COMPLAINT FOR PERSONAL INJURY – ASBESTOS (NEGLIGENCE; STRICT LIABILITY AND LOSS OF CONSORTIUM) |

1

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

| | |
|---|---|
| 1 | (sued as successor-in-interest to BENDIX CORPORATION); |
| 2 | **IMERYS TALC AMERICA, INC.** (sued individually and as successor-in- |
| 3 | interest to LUZENAC AMERICA, INC. successor-in-interest to CYPRUS |
| 4 | INDUSTRIAL MINERALS COMPANY and WINDSOR |
| 5 | MINERALS, INC.); **JOHNSON & JOHNSON**; |
| 6 | **JOHNSON & JOHNSON CONSUMER INC.**, a subsidiary of |
| 7 | **JOHNSON & JOHNSON**; **THE PEP BOYS - MANNY MOE &** |
| 8 | **JACK OF CALIFORNIA**; **WHITTAKER CLARK & DANIELS,** |
| 9 | **INC.**; and **DOES 1-450,** |
| 10 | Defendants. |

## GENERAL ALLEGATIONS

COME NOW Plaintiffs, JOANNE ANDERSON and GARY ANDERSON (hereinafter "Plaintiffs"), and complain and allege as follows:

1. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of Defendant DOES 1 through 450, inclusive, are unknown to Plaintiffs at this time, who therefore sue said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this Complaint accordingly. Plaintiffs are informed and believe, and thereon allege, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

2. At all times herein mentioned, each of the Defendants were the agent, servant, employee and/or joint venture of their Co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants **BORG-WARNER CORPORATION** by its successor-in-interest BORG-WARNER MORSE TEC, INC., **BRENNTAG NORTH AMERICA, INC.** (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC.

1  Defendants, and each of them, have caused the destruction of Plaintiffs' remedy against each
2  such "alternate entity"; each such Defendant has the ability to assume the risk-spreading role
3  of each such "alternate entity"; and that each such Defendant enjoys the goodwill originally
4  attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| BORG-WARNER CORPORATION | BORG-WARNER MORSE TEC INC.<br>BYRON JACKSON PUMPS<br>BORG-WARNER INC. |
| BRENNTAG NORTH AMERICA, INC. | MINERAL PIGMENT SOLUTIONS, INC<br>WHITTAKER, CLARK & DANIELS, INC. |
| BRENNTAG SPECIALTIES, INC. | MINERAL PIGMENT SOLUTIONS, INC.<br>WHITTAKER, CLARK & DANIELS, INC. |
| CYPRUS AMAX MINERALS COMPANY | SIERRA TALC COMPANY<br>UNITED TALC COMPANY<br>METROPOLITAN TALC CO. INC.<br>CHARLES MATHIEU INC.<br>AMERICAN TALC COMPANY |
| FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST | FELT-PRODUCTS MANUFACTURING CO. |
| HONEYWELL INTERNATIONAL, INC. | ALLIED SIGNAL, INC.<br>BENDIX CORPORATION<br>STROMBERG CARBURETOR<br>MERGENTHALER LINOTYPE COMPANY |
| IMERYS TALC AMERICA, INC. | LUZENAC AMERICA, INC.<br>CYPRUS INDUSTRIAL MINERALS COMPANY<br>WINDSOR MINERALS, INC. |
| JOHNSON & JOHNSON CONSUMER, INC. | JOHNSON & JOHNSON |
| THE PEP BOYS MANNY MOE & JACK OF CALIFORNIA | MMJ CORPORATION<br>PEP PROPERTIES, INC. |

6.  At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

LTL 0017650

supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos, and/or raw asbestos fiber of various kinds and grades, and/or asbestos-containing products, and/or asbestos-containing talc and/or other finished and unfinished asbestos-containing talcum powder products, and/or equipment requiring and/or calling for the use of asbestos and/or asbestos-containing products, and/or products designed to cut, saw, or otherwise manipulate, and/or equipment solely designed to be used with asbestos-containing products (hereinafter "Defendants' Products").

7. At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, failed to recall and/or retrofit, labeled, assembled, distributed, leased, bought, rented, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products including, but not limited to, those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, household members, and others, including Plaintiff JOANNE ANDERSON herein (hereinafter collectively called "exposed persons"). Defendants' Products were used at all times in a manner that was reasonably foreseeable to Defendants, their "alternate entities", and each of them, thereby rendering Defendants' Products unsafe and dangerous for use by "exposed persons". Plaintiffs herein allege that JOANNE ANDERSON was exposed to asbestos that was caused to be released as a result of exposure to Defendants' Products including, but not limited to, those products identified in paragraph 3 above, which were a substantial contributing factor in the development of her malignant mesothelioma, and therefore proximately caused Plaintiff JOANNE ANDERSON's injuries.

8. Defendants, their "alternate entities", and each of them, had a duty to exercise reasonable care while engaging in the activities mentioned above and each Defendant breached

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

LTL 0017651

1  said duty of reasonable care in that Defendants, and each of them, failed to safely and
2  adequately design, manufacture and/or sell Defendants' Products; failed to test Defendants'
3  Products; failed to investigate the hazards of Defendants' Products; failed to warn "exposed
4  persons", including Plaintiffs JOANNE ANDERSON and GARY ANDERSON, of the health
5  hazards of using Defendants' Products; failed to disclose the known or knowable dangers of
6  using Defendants' Products; failed to warn of the harmful exposures caused by use of
7  Defendants' Products; failed to obtain suitable alternative materials to asbestos when such
8  alternatives were available; and as otherwise stated herein.

9.  Defendants' Products were and are hazardous to the health and safety of Plaintiff, and others in Plaintiff's position personally using, working with and in close proximity to Defendants' Products, and since on or before 1930, the hazards and dangerous propensities of Defendants' Products were both known and knowable to the Defendants, their "alternate entities", and each of them, through the use of medical and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each of them, at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design, modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service, installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for others, packaging and advertising, of Defendants' Products, which clearly indicated the hazards and dangerous propensities of asbestos presented a substantial danger to users, bystanders, and household members, including Plaintiff JOANNE ANDERSON, of Defendants' Products through the intended and reasonably foreseeable use of Defendants' Products.

10.  Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products were dangerous and were likely to be dangerous when used in their intended and reasonably foreseeable manner.

11.  Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products would be personally used, installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept,

8

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

LTL 0017652

broken, "ripped out," and/or used to cut, saw, grind, or otherwise manipulate products containing asbestos, or otherwise disturbed in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and dangerous asbestos fibers, and that through such activity, "exposed persons," including Plaintiff JOANNE ANDERSON herein, would be exposed to said hazardous and dangerous asbestos fibers. Defendants, their "alternate entities", and each of them knew or reasonably should have known that users, such as Plaintiffs JOANNE ANDERSON and GARY ANDERSON, and others in their positions personally using, working with and in close proximity to or otherwise exposed to dust from Defendants' Products, would not realize or know the danger. Defendants, their "alternate entities", and each of them, negligently failed to adequately warn or instruct of the dangers of Defendants' Products and failed to recall and/or retrofit Defendants' Products. A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the same or similar circumstances, would have warned of the dangers to avoid exposing others to a foreseeable risk of harm. The negligent failure of Defendants, their "alternate entities", and each of them, to warn was a substantial factor in causing harm to Plaintiff JOANNE ANDERSON.

12.    Plaintiff JOANNE ANDERSON personally used, handled, or was otherwise exposed to asbestos from Defendants' Products referred to herein in a manner that was reasonably foreseeable to Defendants, and each of them. Plaintiff's exposure to Defendants' Products occurred at various locations set forth in Exhibit "A", which is attached hereto and incorporated by reference herein.

13.    As a direct and proximate result of the conduct of the Defendants, their "alternate entities", and each of them, as aforesaid, Plaintiff JOANNE ANDERSON's exposure to asbestos from her personal use and her Husband's use of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which, along with the date of Plaintiff's diagnosis and the date she learned such injuries were attributable to exposure to Defendants' Products are set forth in Exhibit "B", which is attached hereto and incorporated by reference herein. Plaintiffs are informed and believe, and thereon allege, that progressive