# **<u>Exhibit 23</u>**

## Page 2785

```
 1            SUPERIOR COURT OF CALIFORNIA
 2                 COUNTY OF ALAMEDA
 3            BEFORE JUDGE JEFFREY BRAND
 4                   DEPARTMENT 22
 5                 VIA ZOOM CONFERENCE
 6                      ---oOo---
 7
 8   NEDELKA VANKLIVE,
 9            Plaintiff,
10   vs.                      No. RG20062734
11   JOHNSON & JOHNSON, et al.,
12            Defendants.
13   _____/
14
15        REPORTER'S TRANSCRIPT OF PROCEEDINGS
16         (Trial - Case Management Conference)
17                  October 22, 2021
18                  AFTERNOON SESSION
19
20      Taken before Kimberly R. Hendershott, RPR, CRR
21                   CSR No. 12552
22
23
24   VOLUME 23
25   PAGES 2785 - 2810
```

## Page 2786

APPEARANCES OF COUNSEL ON THE RECORD VIA ZOOM CONFERENCE:

For the Plaintiff:

    DENYSE CLANCY, ESQ.
    JOHN LANGDOC, ESQ..
    HENRY STEINBERG, ESQ.
    Kazan, McClain, Satterley & Greenwood
    55 Harrison Street
    Suite 400
    Oakland, California 94607
    (510) 302-1000
    Dclancy@kazanlaw.com
    Jlangdoc@kazanlaw.com
    Hsteinberg@kazanlaw.com

For the Defendant Whittaker, Clark & Daniels, Inc.:

    JASON KORT, ESQ.
    CARMEN SANTANA, ESQ.
    Berkes Crane Robinson & Seal
    515 S Figueroa Street
    Suite 1500
    Los Angeles, California 90071
    (213) 955-1150
    Jkort@bcrslaw.com
    Csantana@bcrslaw.com

## Page 2787

For the Defendants Johnson & Johnson; Johnson & Johnson Consumer Inc.; Johnson & Johnson International:

    JULIA ROMANO, ESQ.
    King & Spalding LLP
    633 W. 5th Street
    Suite 1600
    Los Angeles, California 90071
    (213) 443-4365
    Jromano@kslaw.com

For the Defendants Johnson & Johnson; Johnson & Johnson Consumer Inc.; Johnson & Johnson International:

    STEVEN W. QUATTLEBAUM, ESQ.
    Quattlebaum, Grooms & Tull PLLC
    111 Center Street
    Suite 1900
    Little Rock, Arkansas 72201
    (501) 379-1750
    Quattlebaum@qgtlaw.com

## Page 2788

INDEX - VOLUME 23 - (Pages 2785 - 2810)

SESSIONS

| DATE | PAGE |
|---|---|
| October 22, 2021 | |
|   Afternoon Session | 2789 |

**2831**

1 cancer and cosmetic talc did not occur until the Cramer
2 article in the 1980s is inaccurate.  And I'll turn the
3 floor to Denyse for the legal basis.
4          THE COURT:  Ms. Clancy.
08:26:56 5          MS. CLANCY:  Yes.  Thank you, Your Honor.
6          So we object to the motion for mistrial.  The
7 first bases for the motion for mistrial was that there
8 was evidence adduced as to codefendant, JJCI.  The fact
9 that there's evidence adduced that they're codefendants
08:27:08 10 certainly is not -- by J&J's own making is now no
11 longer party to this case, or the case has been stayed
12 against them is not reason for a mistrial.  As this
13 Court has seen, it is not -- it is routine that
14 evidence is adduced as to each defendant in the case.
08:27:25 15          Plaintiffs entered without objection evidence
16 as to JJCI.  The fact that Johnson & Johnson has now
17 elected to put JJCI subject to a bankruptcy stay is of
18 their own making, and plaintiffs should not be punished
19 for that.
08:27:40 20          For the second point, J&J again has attempted
21 to create an artificial deadline for when J&J's, quote,
22 liability cuts off at 1979, and this is absolutely
23 false.  As the Court saw from reading the hearing
24 transcript on Friday, October 22nd, before the
08:28:00 25 bankruptcy court judge, Johnson & Johnson's own

**2832**

1 corporate representative, Mr. Hopkins, admitted
2 unequivocally that Johnson & Johnson itself, the mother
3 ship, the parent company remains responsible to this
4 day for all health and safety decisions with respect to
08:28:17 5 Johnson's Baby Powder.  And Johnson & Johnson owned all
6 the intellectual property with respect to Johnson's
7 Baby Powder.
8          As the Court could see from the hearing on
9 Friday, Johnson & Johnson itself, including its CEO
08:28:34 10 Mr. Gorsky was the lead spokesperson setting forth the
11 fact that the -- up to present day, and telling the
12 public that Johnson & Johnson's Baby Powder is safe and
13 does not contain detectable levels -- excuse me, he
14 says contains no asbestos.
08:28:52 15          As the bankruptcy court found, Johnson &
16 Johnson has independent -- there's evidence that
17 Johnson & Johnson itself, the mother ship, has
18 independent liability, and the attempt to say that this
19 was cut off in 1979 is absolutely defeated by the
08:29:07 20 evidence that will come in in this case, including
21 through Johnson & Johnson's own corporate
22 representatives, tying Johnson & Johnson to its own
23 conduct with respect to Johnson & Johnson's baby powder
24 post 1979.
08:29:22 25          So on that basis, also, we object.  The

**2833**

1 ovarian cancer evidence was in existence and Johnson &
2 Johnson was on notice of it in the 1970s, including,
3 for example, through the Tenovus proceedings.  If you
4 recall that that was where talc and asbestos were
08:29:38 5 documented in the tumor of women.  And in the early
6 1970s, Johnson & Johnson became aware, through the
7 Tenovus research, that this was a problem.  And Johnson
8 & Johnson, as the person responsible for all health and
9 safety decisions with respect to talc and asbestos
08:29:56 10 through present day, is similarly responsible for all
11 of the increasingly urgent signs that talc -- asbestos
12 in talc causes ovarian cancer through the present day.
13          So for those reasons, we object to the motion
14 for a mistrial.
08:30:13 15          THE COURT:  Mr. Quattlebaum, do you want a
16 brief response?
17          MR. QUATTLEBAUM:  Just briefly, Your Honor.
18          I don't believe that this Court would find
19 that the Tenovus evidence is sufficient to support a
08:30:24 20 claim against Johnson & Johnson for ovarian cancer or a
21 claim that Johnson & Johnson should have known and
22 warned prior to 1982 that Johnson's Baby Powder -- they
23 should have provided some warning about Johnson's Baby
24 Powder regarding ovarian cancer.
08:30:43 25          I think the Court is well-aware of the

**2834**

1 evidence.  I don't need to go into a full explanation
2 of it I don't think to preserve the record.  I would
3 just state that I don't believe the Tenovus evidence is
4 sufficient to support a claim.  And because it's not
08:30:58 5 sufficient to support a claim, then we fall to 1982
6 for -- what the Cramer article, which postdates the
7 Johnson & Johnson supply of baby powder to the
8 marketplace.
9          THE COURT:  ==Okay.  The Court is going to deny==
08:31:10 10 ==the motion for mistrial.  The -- with respect to the==
11 ==facts and the cutoff date, right now, plaintiff is in==
12 ==the middle of their case in chief.  The Court has not==
13 ==heard all of the evidence.  The Court suspects that==
14 ==this is not the last time that it will hear from==
08:31:36 15 ==defendants regarding this argument should the Western==
16 ==District of North Carolina continue its current==
17 ==position of not extending a stay to Johnson & Johnson.==
18 ==And perhaps there will be a change with regard to JJCI.==
19 ==It's just too early to predict what is going happen.==
08:32:02 20          ==One thing that's clear from the transcript is==
21 ==that there's a judge there who is working very hard on==
22 ==this, is concerned about time pressures, and is giving==
23 ==it a lot of thought, which I think should be a comfort==
24 ==to all parties.  It's a comfort to this Court.==
08:32:20 25          So with that, hopefully we're just about ready

LTL 0018478