# **Exhibit 25.2**

```
 1              SUPERIOR COURT OF CALIFORNIA

 2                   COUNTY OF ALAMEDA

 3

 4   TERESA ELIZABETH LEAVITT   )  CASE NO. RGI 7882401
     and DEAN J. McELROY,       )
 5                              )
              Plaintiffs,       )
 6                              )
                                )
 7   VS.                        )
                                )
 8                              )
     JOHNSON & JOHNSON, et al.,)
 9                              )
              Defendants.       )
10                              )

11

12         VIDEO DEPOSITION FOR THE PLAINTIFFS

13
                        *   *   *
14

15   DEPONENT:     JOANNE WALDSTREICHER, M.D.

16   DATE:         SEPTEMBER 14, 2018

17
                        *   *   *
18

19

20

21
                  LAUREN I. GOOTEE, R.P.R.
22                 Coulter Reporting, LLC
                  101 East Kentucky Street
23                       Suite 200
                Louisville, Kentucky  40203
24                    (502) 582-1627
                    FAX: (502) 587-6299
25       E-MAIL:  lgootee@coulterreporting.com
```

Case 3:23-bk-00022-MFK  Doc 1584  Filed 04/08/23  Entered 04/08/23 20:03:42  Desc
Teresa Elizabeth Leavitt and Dean J. McElroy v. Johnson & Johnson, et al.
Exhibit 25, Page 3 of 23
9/14/2018
Page: 131
Joanne Waldstreicher

```
 1        A.      I have not sat through the trials.
 2        Q.      And you've not taken the time to look
 3   at the exhibits that the judge and the jury saw in any
 4   of these trials, correct?
 5        A.      I have not looked at the exhibits.
 6   I've looked at some documents.  I don't know whether
 7   they were in the exhibits or not.
 8        Q.      And the documents you've looked at has
 9   been the documents provided to you by the J&J lawyers,
10   correct?
11        A.      For this preparation.
12        Q.      Okay.  You haven't independently gone
13   out and sought out the documents that any court or any
14   jury considered in making a decision?
15        A.      No.
16        Q.      Okay.  Why?
17        A.      I rely on my team, I rely on the
18   experts in my company and in my group to make informed
19   evidence-based scientific decisions.  I've also
20   reviewed some of the documents from the FDA and
21   I've -- I've seen some of those, as well.
22        Q.      So you delegated to your team some
23   task, correct?
24        A.      I wouldn't call it delegating because
25   it's their responsibility.  It's the responsibility of
```

1  our safety people within those sectors and within
2  those companies to be experts on the medical safety
3  issues that they are responsible for.
4       Q.    And who is the safety -- the top
5  safety official with Johnson & Johnson?
6       A.    The top safety official within the
7  consumer --
8             MR. BICKS:  On what particular?
9       Q.    Well, we're talking about talc.  You
10 say you rely upon the safety people, and I want to
11 know the top -- the very top safety official that you
12 rely upon.
13      A.    The safety person who is -- who was
14 accountable for the safety of talc, Dr. Nicholson was
15 the safety officer and Dr. Jijo James at the time.
16 But now Dr. Ed Kuffner is the head safety person, the
17 chief medical officer within the consumer group.
18      Q.    And do you rely upon Dr. Kuffner for
19 his evaluation of the safety of talc?
20      A.    I rely on him for the safety of our
21 products in our consumer group, which includes talc.
22      Q.    Well -- and I'm just asking about
23 talc, ma'am.
24      A.    Yeah.  I'm answering you with talc,
25 absolutely.

Case 2:13-cv-00922-WBK   Doc 15264   Filed 04/08/23   Entered 04/08/23 20:03:43   Desc
Exhibit 25 - Part 3   Page 5 of 23
Teresa Elizabeth Leavitt and Dean J. McElroy v. Johnson & Johnson, et al.
9/14/2018
Page: 133
Joanne Waldstreicher

```
 1         Q.        Okay.  And so allow -- let me strike
 2   that answer and ask the question again.
 3                   With regards to talc, you rely upon
 4   Dr. Kuffner for the safety of talc, correct?
 5         A.        I rely on him because it's his
 6   accountability and his job --
 7         Q.        Okay.
 8         A.        -- and his group's accountability and
 9   job.
10         Q.        And if it's determined that -- well,
11   first of all, did Dr. Kuffner -- is it your
12   understanding that he's reviewed all the evidence
13   that's been submitted to courts and juries?
14         A.        I don't know what he's reviewed.
15         Q.        Do you know anything he's reviewed?
16         A.        I couldn't tell you what he's
17   personally reviewed.  We've had people accountable in
18   reviewing this through the years.
19         Q.        It's 11:30.  Do you need to take a
20   break?
21         A.        Yeah, I would like that.
22         Q.        You'd like a break.  Okay.
23         A.        Is that okay with you?
24                   MR. SATTERLEY:  And then -- let's go
25   off the record and we can talk about scheduling.
```