# **Exhibit 33**

# CONTINUING COMMODITY GUARANTY

## (Economic Poisons/Hazardous Substances/Caustic Poisons)

(1)  In consideration of the puchase, from time to time, of commodities from the undersigned (hereinafter called "Seller"), by Safeway Stores, Incorporated, a Delaware corporation, and/or any other corporation which is now or hereafter becomes affiliated with or a subsidiary of Safeway Stores, Incorporated, a Delaware corporation (hereinafter called "Buyer", which term includes any one or more of said corporations), Seller hereby:

(a)  Guarantees that, as of the date of shipment or delivery, the article comprising each shipment or other delivery hereafter made by Seller to, or on the order of Buyer, is, on such date, (1) lawfully registered, if an economic poison, under the Federal Insecticide, Fungicide, and Rodenticide Act and under comparable law(s) requiring registration in the state(s) to which shipment or delivery is made by Seller, and in which Buyer intends to sell such economic poison at retail and has so notified Seller; (2) not adulterated or misbranded within the meaning of said Federal Insecticide, Fungicide, and Rodenticide Act, if an economic poison; (3) not misbranded within the meaning of the Federal Hazardous Substances Labelling Act, if a hazardous substance, or within the meaning of the Federal Caustic Poison Act, if a caustic poison; (4) not an article which may not be introduced into interstate commerce; and (5) not adulterated or misbranded within the meaning of the laws or ordinances of any state or city which are applicable to such shipment or delivery;

(b)  Agrees to indemnify and save Buyer harmless from and against any and all charges, actions and proceedings brought by an lawful governmental authority against the article and/or Buyer for or on account of any alleged adulteration, misbranding, or failure of registration of such article referred to in paragraph (1) (a) hereof, for which Seller is responsible hereunder, including the loss and reasonable expenses, if any, incurred by Buyer as a result thereof;

(c)  Agrees to indemnify and save Buyer harmless, except as hereinafter provided, from and against any and all claims, demands, actions and causes of action which are hereafter made or brought against Buyer by any person for the recovery of damages for the injury, illness and/or death of any person or domestic animal which is caused or alleged to have been caused by the handling or use of any article shipped or delivered by Seller to Buyer, including, but without limitation, any judgment rendered against Buyer in any such action and the reasonable attorney's fees and costs, if any, incurred by or on behalf of Buyer in connection therewith.

(2)  This guaranty is executed by Seller upon and subject to the following conditions:

(a)  With respect to paragraphs (1) (a) and (1) (b) hereof, Seller does not guarantee against any such article becoming adulterated or misbranded within the meaning of any of said laws or ordinances after shipment or delivery to Buyer, by reason of causes beyond Seller's control (provided, that any adulteration or misbranding which is found to exist after such shipment or delivery and which is caused by any defect in the processing or packing of such article by the processor or packer thereof or by the defective condition of any raw materials used in the processing or packing of such article or by any defect in the container in which the article is packed shall be regarded as having existed at the time of such shipment or delivery for the purposes of paragraph (1) (a) hereof), and in those cases in which an article is shipped under Buyer's brand label, Seller's responsibility for misbranding shall be limited only to that resulting from the failure of the article to conform to the purchase specifications or label furnished by Buyer, provided that Seller shall not be responsible for such misbranding if Buyer insists upon the use of Buyer's brand label after Seller has notified Buyer, in writing, of the defects of the label giving rise to any such liability;

(b)  With respect to paragraphs (1) (b) and (1) (c) hereof, the indemnity provisions therein contained shall be operative only if Seller receives reasonable notice of the seizure of such article or the service upon Buyer of the process in such proceeding or action, as the case may be;

(c)  With respect to paragraph (1) (c) hereof, the indemnity provisions therein contained shall not be applicable to any claim, demand, action or cause of action which is founded upon the alleged injury, illness and/or death of any person or animal if it is established that such alleged injury, illness and /or death resulted, solely and independently of all other means, from the negligence of Buyer and/or such person and/or from a cause or causes beyond Seller's control.

(3)  Any guaranty heretofore given by Seller to Buyer which relates to the subject matter hereof is hereby revoked and this guaranty shall not be deemed to be modified or otherwise affected by any agreement hereafter entered into by Seller and Buyer unless specific reference to this guaranty is therein made. This guaranty shall continue in effect with respect to all such commodities purchased or ordered by Buyer from Seller prior to the receipt of written notice of its revocation by Safeway Stores, Incorporated, at its office at Fourth and Jackson Streets, Oakland, CA 94660, or such other address as may be designated in writing by Safeway Stores, Incorporated to Seller. Notice of the acceptance of this guaranty is hereby waived by Seller.

Dated: 3/30 , 19 89

CW8 89 5-31-89

_Johnson & Johnson_
_Johnson's Baby Products Co_
(Name of Seller)

By: _Jeanne M. Gillespie_
_Sales Trainer_
(Title)
(Please observe instructions below)

Address of Seller:

_Johnson & Johnson_  P.O. Box 95328
(Street and Number)

_Chicago_   _IL_   _60690_
(City)   (Zone)   (State)

INSTRUCTIONS:

1. If Seller is an individual, sign individual name as the proprietor and give trade-name, if any.
2. If Seller is a partnership, one general partner must sign in the partnership name.
3. If Seller is a corporation, an officer must sign in the corporate name and the corporate seal must be affixed.

LTL 0019161



**SAFEWAY STORES, INCORPORATED**
3888 E. Mexico Avenue, Denver, CO 80210

RECEIVED
MAR 24 1989
Risk Management    P.O. Box 5927 T.A.
Denver, CO 80217

## LETTER OF AGREEMENT

1. SELLER AGREES TO DELIVER ONLY AUTHORIZED ITEMS TO AUTHORIZED STORES.

2. SELLER AGREES TO PROVIDE WRITTEN NOTICE TO SAFEWAY ON COST CHANGES AT LEAST THIRTY (30) DAYS IN ADVANCE OF EFFECTIVE DATE OF CHANGE.

3. SELLER AGREES TO PROVIDE WRITTEN NOTICE TO SAFEWAY ON PACK OR SIZE CHANGES AT LEAST THIRTY(30) DAYS IN ADVANCE OF EFFECTIVE DATE OF CHANGE.

4. AUTHORIZATION OF NEW ITEMS:

   A. DENVER METRO AREA:
      SELLER AGREES TO MAKE ALL NEW ITEM PRESENTATUONS TO SAFEWAY DENVER DIVISION MERCHANDISING DEPARTMENT IN WRITING, AND IF DESIRED, IN PERSON.

   B. SELLERS OUTSIDE DENVER METRO AREA:
      SO AS NOT TO BURDEN OUR SUPPLIERS OUTSIDE THE METRO AREA: SELLER AGREES TO MAKE ITEM PRESENTATIONS IN WRITING TO THE SAFEWAY DENVER DIVISION MERCHANDISING DEPARTMENT.

5. SAFEWAY AGREES TO PROVIDE WRITTEN NOTICE TO SELLER ON CHANGE IN AUTHORIZED ITEMS OR AUTHORIZED STORES AND TO PROVIDE REVISED MASTER GUIDE PAGE TO REFLECT SUCH CHANGE.

SELLER: *Johnson-Johnson Baby Products*

SIGNED: HAROLD KING
        SAFEWAY STORES, INCORPORATED

NAME: *Jeanie H. Gillespie*

TITLE: *Sales Manager*

NAME: *Harold L. King*
      HAROLD KING, VARIETY MERCHANDISER

LTL 0019162