# **<u>Exhibit 34</u>**

DocuSign Envelope ID: E33608B3-F7FB-4A47-A227-654303A58116

**H·E·B**

## MASTER ADVERTISING AGREEMENT

**THIS MASTER ADVERTISING AGREEMENT** (this "**Agreement**") is entered into by and between H-E-B, LP, a Texas limited partnership, ("**HEB**") and the party identified in Purchaser Name below ("**Purchaser**", together with HEB, each a "**Party**" and collectively, the "**Parties**"). Capitalized terms not defined in this Agreement's substantive provisions are defined in Section 11.

---

**Purchaser Name:** Johnson & Johnson Consumer Inc.

**Purchaser Address:** 199 Grandview Road, Skillman, NJ 08558

**Purpose:** Purchaser desires to retain HEB provide certain advertising and media placement services upon the terms and conditions set forth herein and in each Insertion Order, and HEB is willing to perform such services.

**Insertion Order and Services:** The Parties will enter into an Insertion Order for each marketing buy and such Insertion Order will incorporate and be subject to the terms of this Master Advertising Agreement.

**Term:** This Agreement becomes effective on the date of the last signature below (the "**Effective Date**") for a period of one (1) year (the "**Initial Term**"). Upon expiration of the Initial Term, this Agreement will automatically renew for subsequent one (1) year periods (each, a "**Renewal Term**"), unless (i) either Party provides Notice of non-renewal to the other Party or (ii) otherwise terminated as provided by this Agreement (the Initial Term, together with any and all Renewal Term(s) shall be, the "**Term**").

**Fees:** Fees will be specified in each Insertion Order.

| **HEB Address for Notice:** | **Purchaser Address for Notice:** |
|---|---|
| H-E-B, LP<br>646 South Flores Street<br>San Antonio, Texas 78204<br>Attention: Legal Department | 199 Grandview Road<br>Skillman, NJ 08558<br>Attn: VP, Customer Development<br><br>With a copy to: VP Law, Consumer Health |

---

This Agreement is comprised of: (i) this cover page including the signatures on this page (the "**Cover Signature Page**"), Schedule 1 "General Terms", and all exhibits; and (ii) each Insertion Order.

   **IN WITNESS WHEREOF**, HEB and Purchaser have caused this Agreement to be executed and delivered by their respective duly authorized representatives as of the Effective Date.

| **H-E-B, LP** | **JOHNSON & JOHNSON CONSUMER INC.** |
|---|---|
| By: _(DocuSigned by)_ _____ <br> 18991C05C636485 <br> Print Name: Ellery Fisher | By: _(DocuSigned by)_ *Jennifer Brady* <br> 9F9658CEE9A441F... <br> Print Name: Jennifer Brady |
| Title: VP for eCommerce and Financial Services | Title: Team Lead |
| Date: 7/13/2020 <br><br> APPROVED: _(DS)_ _____ <br> Jason Lepes | Date: 7/20/2020 |

148649836.1

LTL 0022538

## ADVERTISING AGREEMENT
### SCHEDULE 1 - GENERAL TERMS

5. **TERMINATION**.

5.1. **Termination**. Either Party may terminate this Agreement and/or any Insertion Order for cause upon written Notice setting forth the effective date of termination if the other Party fails to cure a material breach of this Agreement within thirty (30) days after receiving such Notice. HEB may terminate this any or all Insertion Orders for convenience upon written Notice to Purchaser. If and to the extent specified in an Insertion Order, Purchaser may terminate an Insertion Order for convenience by following the process set forth in the Insertion Order. Either Party may terminate this Agreement without cause upon sixty (60) days' prior written notice, provided that any active Insertion Orders will continue in full force after such termination until they terminate or expire pursuant to their terms.

5.2. **Effect of Termination**. Intentionally Omitted.

6. **INDEMNIFICATION**.

6.1. **Purchaser Indemnification**. Purchaser shall indemnify, defend and hold harmless HEB, HEB's Affiliates, and each of their respective officers, shareholders, directors, and agents, (each, an "**HEB Indemnitee**"), from and against any and all losses, damages, liabilities, judgments, awards, penalties, interest, fines, costs and fees or any other expenses of whatever kind, including reasonable attorneys' fees ("**Losses**"), incurred by an HEB Indemnitee as a result of any third-party claim, demand, suit, action, investigation, allegation or any other proceeding ("**Third-Party Claim**") made in connection with, or otherwise directly or indirectly related to: (i) the breach of any of Purchaser's representations, warranties or obligations set forth in this Agreement; (ii) any Purchaser goods and/or services promoted or made available through any Advertisement, including any Third-Party Claims related to product liability; (iii) any infringement or misappropriation by Purchaser of any personal or proprietary right belonging to a third party, including within Advertisements displayed by HEB or its Affiliates in accordance with the terms of this Agreement or any Insertion Order; and (iii) the content or subject matter of any Advertisement created by Purchaser or its representatives, including substantiation for all advertising claims within such Advertisement, and only to the extent used by HEB in accordance with the terms of this Agreement or any Insertion Order. Purchaser will not be required to indemnify any HEB Indemnitee to the extent the Losses arise out of negligence or willful misconduct by an HEB Indemnitee, use of a Product by any person or entity other than in accordance with approved labeling, if a HEB Indemnitee introduces risk or compromises any Purchaser goods made available through any Advertisement while under the control of an HEB Indemnitee or any breach by an HEB Indemnitee of its obligations under this Agreement or any IO.

It is a condition to Purchaser's obligations under this section that a HEB Indemnitee provide prompt notice of any Third-Party Claim, permit Purchase to control the litigation and settlement of such Third-Party Claim and, cooperate with Purchaser in all matters related thereto, including by making its documents, employees and agents available as reasonably necessary, as well as with any product recall which may be necessary.

6.2. **HEB Indemnification**. HEB shall indemnify, defend and hold harmless Purchaser, Purchaser's Affiliates, and each of their respective officers, shareholders, directors, and agents (each, a "**Purchaser Indemnitee**") from and against any and all Losses incurred by a Purchaser Indemnitee as a result of any Third-Party Claim made in connection with or related to, directly or indirectly to: (i) the breach of any of HEB's representations, warranties or obligations set forth in this Agreement; (ii) any infringement or misappropriation by HEB of any personal or proprietary right belonging to a third party not subject to indemnification under Section 6.1; and (iii) HEB's non-compliance with applicable federal, state, or local laws, rules, and regulations.

7. **LIMITATION OF LIABILITY**.

7.1. NEITHER PARTY NOR ITS AFFILIATES, DIRECTORS, OFFICERS, AND EMPLOYEES WILL BE LIABLE FOR ANY INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL, OR EXEMPLARY DAMAGES (INCLUDING LOSS OF PROFITS OR REVENUE, OR INTERRUPTION OF BUSINESS) ARISING FROM, RELATED TO, OR IN CONNECTION WITH AN INSERTION ORDER, THE ADVERTISEMENTS, OR THESE TERMS, REGARDLESS OF THE THEORY OF LIABILITY, EVEN IF A PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, EXCEPT THAT THIS LIMITATION WILL NOT APPLY TO INDEMNIFICATION OBLIGATIONS. THE LIMITATIONS SET FORTH IN THIS SECTION SHALL APPLY REGARDLESS OF WHETHER THE LIABILITY ARISES OUT OF BREACH OF CONTRACT, BREACH OF WARRANTY, TORT (INCLUDING NEGLIGENCE AND STRICT LIABILITY) OR ANY OTHER LEGAL THEORY, EXCEPT THAT THESE LIMITATION WILL NOT APPLY TO INDEMNIFICATION OBLIGATIONS.

7.2. EACH PARTY'S LIABILITY TO THE OTHER UNDER THIS AGREEMENT WILL NOT EXCEED THE FEES PAID TO HEB UNDER THE APPLICABLE INSERTION ORDER IN THE SIX MONTHS' PRIOR TO THE DATE ON WHICH SUCH LIABILITY FIRST AROSE, EXCEPT THAT THIS LIMITATION WILL NOT APPLY TO INDEMNIFICATION OBLIGATIONS.

148649836.1

LTL 0022540