# **<u>Exhibit 47</u>**

```
 1                    UNITED STATES BANKRUPTCY COURT
                     WESTERN DISTRICT OF NORTH CAROLINA
 2                           CHARLOTTE DIVISION

 3   IN RE:                           :     Case No. 21-30589-JCW

 4   LTL MANAGEMENT LLC,              :     Chapter 11

 5        Debtor.                     :     Charlotte, North Carolina
                                            Wednesday, November 10, 2021
 6                                    :     9:30 a.m.

 7   : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

 8   LTL MANAGEMENT LLC,              :     AP 21-03032-JCW

 9        Plaintiff,                  :

10             v.                     :

11   THOSE PARTIES LISTED ON          :
     APPENDIX A TO COMPLAINT and
12   JOHN AND JANE DOES 1-1000,       :

13        Defendants.                 :

14   : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

15

16                        TRANSCRIPT OF PROCEEDINGS
                    BEFORE THE HONORABLE J. CRAIG WHITLEY,
17                     UNITED STATES BANKRUPTCY JUDGE

18

19   Audio Operator:              COURT PERSONNEL

20
     Transcript prepared by:      JANICE RUSSELL TRANSCRIPTS
21                                1418 Red Fox Circle
                                  Severance, CO  80550
22                                (757) 422-9089
                                  trussell31@tdsmail.com
23
     Proceedings recorded by electronic sound recording; transcript
24   produced by transcription service.

25
```

1   What about the, the 1979 Transfer Agreement for indemnity?  We

2   didn't have that at the TRO hearing and that's why I felt like

3   I couldn't grant the, the motion.  We have it now and this may

4   be the No. 1 question about the decision is what is the meaning

5   of that, that provision, and what does it mean to effectively

6   assume the "assets and liabilities that were allocated on the

7   books or records"?  I may be misphrasing that, but that's,

8   essentially, what's said.

9            And in that instance, I went back and, and looked at

10  the cases that you had cited and I really think <u>Bouton</u> out of

11  the Third Circuit and <u>Bippus</u> are closer to what I have than the

12  ones cited by the claimants.  They are consistent with general

13  concepts of, of corporate law and I believe under the

14  circumstances that the language used effectively means that

15  ==what we had was an assumption of all of the liabilities of the==

16  ==debtor and that is broad enough to cover future product==

17  ==liability claims.  That was, of course, confirmed by the way==

18  ==the, the debtor and J&J booked all of this on an accounting==

19  ==basis.==  And I understand the accounting rules are not

20  necessarily law, but they are consistent with it.

21           As to the inconsistencies of behavior in the tort

22  system, well, I think everybody had a hand in that.  Plaintiffs

23  sued J&J and JJCI without differentiation and they, they

24  defended without differentiation.  So I don't know what I draw

25  out of that other than it's hard to explain to a jury the

1  litigate those, we are determining claims that are essentially

2  at their core against the debtor.

3          So I believe that what we have is a stay here under

4  the Bankruptcy Code, but to the extent necessary to remove all

5  doubt, ==I believe that a 105 injunction should issue consistent==

6  ==with what the debtor has proposed,== notwithstanding the fact

7  that J&J is not in bankruptcy and has its own involvement in

8  this as to some of the other parties.  I believe there is, in

9  effect, an identity of interest within the meaning of the

10 <u>Robins</u> case and that, notwithstanding the potential that some

11 of the claims may be direct, almost all of them, if not all of

12 them, relate to the debtor's operations.

13         So that's my holding on that, but I would put in that

14 I think that -- oh.  Let me say one more thing about Windsor.

15         Windsor is also an outlier and I'm not exactly sure

16 how much -- we didn't have enough information there that, to

17 make me feel really confident about that -- but the bottom line

18 is that might be another one where there could be reasons for

19 asking for relief from the injunction on the grounds that

20 whatever indemnities there had nothing to do with the JJCI

21 products.  It looked like they probably did, but there might be

22 some that do not.  And effectively, I agreed with the argument

23 that if they are claims against Windsor and Windsor might end

24 up being tied up in <u>Imerys</u>, then there may be a stay over

25 there.