# **Exhibit 48**

```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF NEW JERSEY


IN RE:                              .    Case No. 21-30589(MBK)
                                    .
LTL MANAGEMENT LLC,                 .
                                    .
         Debtor.                    .
. . . . . . . . . . . . . . . . . . .
LTL MANAGEMENT LLC,                 .    Adversary No. 22-01393 (MBK)
                                    .
             Plaintiff,             .    Clarkson S. Fisher U.S.
     v.                             .      Courthouse
                                    .    402 East State Street
JACQUELINE MIRIAM MOLINE,           .    Trenton, NJ 08608
                                    .
             Defendant.             .    February 14, 2023
. . . . . . . . . . . . . . . . . . .    10:00 a.m.
```

TRANSCRIPT OF:

STATUS CONFERENCE; THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO COMPEL [3336]; DEBTOR'S MOTION FOR AN ORDER DIRECTING PLAINTIFF LAW FIRMS TO DISCLOSE THIRD-PARTY FUNDING ARRANGEMENTS [3551]; PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY [9]; MOTION OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS FOR ORDER CONFIRMING PROCEDURES FOR THE REIMBURSEMENT OF EXPENSES INCURRED BY COMMITTEE MEMBER REPRESENTATIVES [3111]; MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL FILING BY MOVANT ANTHONY HERNANDEZ VALADEZ IN SUPPORT OF HIS MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND PRELIMINARY INJUNCTION, FILED ON MAY 24, 2022, AND STATUS REPORT [3698]

BEFORE THE HONORABLE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT JUDGE


Audio Operator:            Kiya Martin

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

41

1 under Chapter 11.  That is why the Court entered injunctions
2 with respect to the MDL, the state court proceedings, the
3 securities actions, the actions of the state attorneys general,
4 the insurers, to give the debtor the opportunity to move
5 forward with what was in prospect, a reorganization.
6          The fact is, in light of the Third Circuit's ruling,
7 at this juncture it is difficult for the Court to make that
8 same finding that there is an effective reorganization in
9 prospect.  The Court is fully aware of the appellate rights of
10 the debtor in pursuing en banc relief and possibly pursuing
11 petition for certiorari to the Supreme Court.
12          But the pendulum has swung.  And in balancing the
13 harms, the Court is less deferential to the reorganization
14 needs of the debtor and has to be in light of the concerns --
15 whether or not the Court agrees with the circuit, but with the
16 concerns laid out in the circuit's opinion.  So when this Court
17 now weighs the balance of the harms and takes into account the
18 burdens placed on this particular plaintiff versus the need for
19 the continued stay in support of continued reorganization
20 efforts, the burden now has shifted a bit, and in so doing, the
21 Court deems it appropriate to grant stay relief to the
22 plaintiff in this regard.
23          I'm making a slight adjustment.  First of all, the
24 Court defers to California's rules of court and state law with
25 respect to the priorities accorded this particular plaintiff.