**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No.:  23-12825 (MBK)<br><br>Judge:  Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>    Defendants | Adv. No.:  23-01092 (MBK)<br><br>**Hearing Date and Time:**<br>**April __, 2023 at ___** |

## DEBTOR'S MOTION FOR APPROVAL OF SERVICE PROCEDURES FOR SUMMONS, COMPLAINT, AND OTHER PLEADINGS

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1535643321

Plaintiff LTL Management LLC (the "Debtor"), the debtor in the above-captioned chapter 11 case (the "Chapter 11 Case"), seeks an order authorizing it to serve the complaint, summons and other pleadings in the above-captioned adversary proceeding (the "Adversary Proceeding") on the known defendants in this Adversary Proceeding (collectively, the "Talc Claimants") in care of their respective counsel of record in related talc-related litigation pending against the Debtor and/or any of the Protected Parties[2] (collectively, the "Talc Firms")[3] — in lieu of service directly on the individual Talc Claimants. In support of this Motion, the Debtor incorporates the *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4 in Case No. 23-12825] (the "First Day Declaration") filed contemporaneously herewith in the main docket for the Chapter 11 Case,[4] and further states as follows:

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.) (the "Standing Order of Reference"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor is authorized to continue to manage its property and

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the *Debtor's Motion for an Order (I) Declaring that the Automatic Stay Applies or Extends to Certain Actions Against Non Debtors or (II) Preliminarily Enjoining Such Actions and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing On a Preliminary Injunction* (the "Injunction Motion").

[3] The Talc Claimants and the Talc Firms are listed in Appendix A to the Complaint, as defined herein.

[4] All pleadings and other documents filed in the Chapter 11 Case and the Adversary Proceeding may be accessed (a) at the Clerk of Court's office, (b) through the website maintained by the Debtor's claims and noticing agent at https://dm.epiq11.com/LTL free of charge or (c) through PACER on the Court's website at https://www.ncwb.uscourts.gov for a nominal fee.

operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

2. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Rules 4(e)(2)(C) and 5(b) of the Federal Rules of Civil Procedure (the "Civil Rules"), and Rules 7004(b)(8) and 7005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

3. On April 4, 2023 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Thereafter, the Debtor filed the Complaint commencing this adversary proceeding. The Debtor is continuing in possession of its property and is managing its business, as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5. The Debtor has reached agreement on the material terms of a plan of reorganization with thousands of talc claimants. That agreement has been memorialized in a series of plan support agreements. The Debtor has commenced this Chapter 11 Case to pursue confirmation of a plan of reorganization that contains the terms agreed to in the plan support agreements. A comprehensive description of the Debtor, its history, its assets and liabilities and

NAI-1535643321

the events leading to the commencement of the Chapter 11 Case can be found in the First Day Declaration.

### Relief Requested

6. The Debtor seeks entry of an order, substantially in the form submitted herewith, authorizing it to serve the *Debtor's Verified Complaint for Declaratory and Injunctive Relief (I) Declaring That the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions, and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing On a Preliminary Injunction* (the "Complaint"), the related summons (the "Summons") and all other pleadings the Debtor has filed or may file in this Adversary Proceeding (collectively with the Complaint and the Summons, the "Adversary Pleadings") on the Talc Firms as authorized agents of the Talc Claimants, in lieu of service directly on the Talc Claimants, pursuant to Civil Rules 4(e)(2)(C) and 5(b) and Bankruptcy Rules 7004(b)(8) and 7005.

### Basis for Relief Requested

7. The Debtor seeks an order from the Court authorizing it to: (a) serve the Adversary Pleadings on the Talc Firms as authorized agents of the Talc Claimants, rather than upon each individual Talc Claimant directly; (b) list the names, addresses and other contact information, as applicable, of the Talc Firms in any creditor or service lists provided to the Court or filed in this Adversary Proceeding, in lieu of listing the contact information of individual Talc Claimants; and (c) for any Talc Firm representing more than one Talc Claimant, serve each document only a single time on such Talc Firm (at each relevant address) on behalf of all of such counsel's clients, provided that any notice or other document relating specifically to one or more

NAI-1535643321

particular Talc Claimants (rather than all Talc Claimants represented by a Talc Firm) shall clearly identify the parties to whom it relates[5] (collectively, the "Service Procedures").

8.   The Service Procedures are supported by the plain language of Civil Rules 4(e)(2)(C) and 5(b) and Bankruptcy Rules 7004(b)(8) and 7005, as well as applicable case law.  Moreover, the Service Procedures are appropriate under the circumstances because they will provide for more reliable and efficient notice to the Talc Claimants.

    **A.**    **Civil Rule 4(e)(2)(C) and Bankruptcy Rule 7004(b)(8) Expressly Permit Service of the Summons and the Complaint on an Agent Authorized to Receive Service of Process.**

9.   Service of the summons and the complaint in an adversary proceeding is controlled by the Bankruptcy Rules, which expressly incorporate Civil Rule 4.  Civil Rule 4(e)(2)(C) states that "an individual . . . may be served in a judicial district of the United States by . . . delivering a copy of [the summons and the complaint] to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2)(C).  In turn, Bankruptcy Rule 7004(b)(8) provides that, "in addition to the methods of service authorized by Rule 4(e) . . . service may be made within the United States by first class mail postage prepaid" upon "any defendant . . . [by mailing] a copy of the summons and complaint . . . to an agent of such defendant authorized by appointment or by law to receive service of process . . . ."  Fed. R. Bankr. P. 7004(b)(8).

10.   Accordingly, the relevant rules expressly contemplate service of the summons and the complaint in an adversary proceeding upon counsel of record for defendants, as agents of their clients, in lieu of service directly on defendants themselves.

---

[5]  In connection with providing notices under the Service Procedures, the Debtor also may provide for each Talc Firm a list of each of the Talc Claimants that, according to the Debtor's records, are represented by such Talc Firm.  Any such list shall not be deemed to be an exclusive list or to limit the effectiveness of any notice with respect to other clients of the Talc Firm not listed therein.

NAI-1535643321

**B.    The Talc Firms Are Agents Authorized by Law to Receive Service of Process on Behalf of the Talc Claimants.**

11.    Service of the Summons and the Complaint on the Talc Firms is proper pursuant to Civil Rule 4(e)(2)(C) and Bankruptcy Rule 7004(b)(8) so long as such counsel is "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C); Fed. R. Bankr. P. 7004(b)(8). Where counsel has represented parties in related or parallel matters, service of the summons and the complaint on a defendant's counsel of record is appropriate. See, e.g., Rubin v. Pringle (In re Focus Media Inc.), 387 F.3d 1077, 1081, 1083 (9th Cir. 2004) ("Implied authorization to accept service is permitted under the Bankruptcy Rules where service is made in an adversary proceeding on a party's attorney in the underlying bankruptcy case . . . . Other courts look to the level of the attorney's involvement in the related proceeding and the extent to which the two proceedings are intertwined."); Reckling v. Okechucku, 2007 U.S. Dist. LEXIS 62874, at *14-15 (D.N.J. Aug. 27, 2007) (service of adversary proceeding complaint on creditor's attorney is proper when attorney represented creditor in separate proceeding raising same issues); The Muralo Co., Inc. v. All Defendants Listed on Exhibits A Through D to Complaint (In re The Muralo Co., Inc.), 295 B.R. 512, 521-22 (Bankr. D.N.J. 2003) (holding that counsel of record for claimants in underlying asbestos litigation were impliedly authorized as agents for initial service in adversary proceeding because, among other things, the bankruptcy case and related adversary proceeding were "substantially related" to the underlying asbestos litigation and the "[e]xtension of that representation to substantively related bankruptcy proceedings would seem to be both expected and essential given the general history of asbestos mass tort and resulting bankruptcy proceedings.").

12.    The Complaint and the Summons directly affect the talc-related litigation in which the Talc Firms represent the Talc Claimants because, among other reasons,

the Complaint seeks to enjoin or stay that same litigation. Further, the Complaint and the Summons address, as a core issue, the same talc-related liabilities of the Debtor that form the basis of the underlying non-bankruptcy litigation. Therefore, it is reasonable to expect that the Talc Claimants would wish to seek counsel from the Talc Firms regarding the Complaint and the Summons, which relate directly to their underlying talc litigation. Because the Complaint and the Summons are so closely related to that underlying litigation, the Talc Firms representing the Talc Claimants in that litigation are implied agents of their clients and authorized to receive service of the Complaint and the Summons in this adversary proceeding. See Muralo Co., 295 B.R. at 521-22.

13.     This same reasoning applies to the other Adversary Pleadings, as well. Under Civil Rule 5(b), as incorporated by Bankruptcy Rule 7005, "[i]f a party is represented by an attorney, service [of pleadings and other papers] must be made on the attorney unless the court orders service on the party." Thus, service of all other Adversary Pleadings on the Talc Firms as the authorized agents of the Talc Claimants each represents is not only proper, but required under both the Civil Rules and the Bankruptcy Rules.

        **C.**      **Service of the Adversary Pleadings on the Talc Firms Is in the Best Interests of the Talc Claimants and the Estate.**

14.     Not only are the Service Procedures appropriate under applicable procedural rules and case law, they also will provide more reliable notice to the Talc Claimants and will preserve estate resources that otherwise would be required to gather and verify address information for the thousands of Talc Claimants. Consequently, the Service Procedures are in the best interests of the Talc Claimants and the Debtor's estate.

15.     The Debtor believes that service on Talc Firms as agents of their clients will provide better notice to the Talc Claimants. To date, the Debtor has communicated with the

Talc Claimants solely through the Talc Firms. Continuing this practice will avoid the confusion that likely would result from serving the Talc Claimants directly. The Talc Claimants are lay persons who may not appreciate, without the assistance of counsel, the actions that will be required to respond to the service of the Adversary Pleadings. Serving the Adversary Pleadings on the Talc Firms, however, will ensure that counsel to the Talc Claimants have an opportunity to advise their clients in matters related to their talc cases in a timely fashion.

16.     Courts have recognized, under similar circumstances, that service upon counsel is appropriate and may be superior to service upon individual claimants. See, e.g., Muralo Co., 295 B.R. at 525 ("In a mass tort case such as this . . . this court believes that service on counsel could well be 'better' in substantive terms (not just 'administratively') than certain other individualized service alternatives."); see also In re Aldrich Pump LLC, No. 20-30608 (JCW), Adv. No. 20-03041 (JCW) (Bankr. W.D.N.C. June 23, 2020) (permitting service of summons and complaint in adversary proceeding upon counsel of record for defendants in related asbestos litigation); In re DBMP LLC, No. 20-30080 (JCW), Adv. No. 20-03004 (JCW) (Bankr. W.D.N.C. Jan. 24, 2020) (same); In re Bestwall LLC, No. 17-31795 (LTB), Adv. No. 17-03105 (LTB) (Bankr. W.D.N.C. Nov. 8, 2017) (same); In re Kaiser Gypsum Co., Inc., No. 16-31602 (JCW), Adv. No. 16-03313 (JCW) (Bankr. W.D.N.C. Oct. 7, 2016) (same); In re Garlock Sealing Techs. LLC, No. 10-31607 (JCW), Adv. No. 10-03145 (JCW) (Bankr. W.D.N.C. June 8, 2010) (same).

17.     Moreover, providing notice of proceedings and deadlines directly to personal injury claimants, rather than to their known attorneys, may not constitute adequate notice, including, for instance, where it is unlikely that the claimants would appreciate the legal significance of the notices. In re The Grand Union Co., 204 B.R. 864, 874 (Bankr. D. Del. 1997)

(finding that direct mailing of notices in chapter 11 proceeding to personal injury claimants, rather than to their known attorneys, did not satisfy due process requirements of adequate notice because it was highly unlikely that such claimants would have paid attention to the notices or been able to understand and react properly to them).

18. The Service Procedures are consistent with the procedures that were approved for serving virtually the same Talc Claimants through their respective counsel in the 2021 Chapter 11 Case. Not only are the Service Procedures in line with the Debtor's past practice, both before and during the 2021 Chapter 11 Case, they are also consistent with the applicable rules of professional conduct regarding communications with opposing parties in ongoing litigation. The New Jersey Rules of Professional Conduct (and the Model Rules of Professional Conduct) generally provide that parties represented by counsel should not be contacted directly, but rather should be contacted through their counsel. See N.J. R. Prof. Conduct 4.2 (providing that during the representation of a client, "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows, or by the exercise of reasonable diligence should know, to be represented by another lawyer in the matter . . . unless the lawyer has the consent of the other lawyer, or is authorized by law or court order to do so, or unless the sole purpose of the communication is to ascertain whether the person is in fact represented."); Model R. Prof. Conduct 4.2 (same); see also Model R. Prof. Conduct 4.2 cmt. ¶ 4 ("A lawyer may not make a communication prohibited by this Rule through the actions of another."). As such, serving the Adversary Pleadings directly on the Talc Claimants could constitute a violation of applicable rules of professional conduct by the Debtor's attorneys. See Grand Union, 204 B.R. at 873 (finding that sending a bar date notice directly to personal

NAI-1535643321

injury claimants, rather than their counsel, "violate[d] the spirit, if not the letter," of Rule 4.2 of the Model Rules of Professional Conduct).

19. Finally, the Service Procedures provide for more reliable and efficient notice to the Talc Claimants. The Debtor has access to the names and addresses of the Talc Firms, but the names and addresses of a significant number of Talc Claimants themselves are not readily available. It would be extremely burdensome, costly and time consuming for the Debtor to attempt to obtain this information, which, in many cases, is not readily available or is difficult to verify. In addition, any contact information for the individual Talc Claimants the Debtor has or is able to obtain may be outdated and unreliable. Therefore, serving the Adversary Pleadings on the Talc Firms as agents of their clients would alleviate the administrative burden of gathering current contact information for each of the Talc Claimants, conserve estate resources and more reliably provide notice to the Talc Claimants.

20. For the reasons described above, the Debtor believes that the Service Procedures are consistent with the service requirements of Civil Rules 4(e)(2)(C) and 5(b), as incorporated by Bankruptcy Rules 7004 and 7005, respectively, and will provide more effective, efficient and reliable service than direct service on the Talc Claimants.

## Notice

21. The Debtor has served a copy of this Motion on: (a) the Office of the United States Trustee for the District of New Jersey ; (b) the Talc Firms, as set forth in Appendix A to the Complaint; and (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc., Johnson & Johnson Inc. and Johnson & Johnson. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

**No Prior Request**

22. No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Adversary Proceeding.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form submitted herewith, granting: (a) the relief requested herein; and (b) such other and further relief to the Debtor as the Court may deem proper.

Dated: April 4, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (*pro hac vice pending*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*