**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>      Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br><br>      Plaintiff,<br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>      Defendants. | Adv. No. 23-01092 (MBK)<br><br>**Hearing Date and Time:**<br>**April 18, 2023 at 10:00 a.m.** |

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF CERTAIN CONFIDENTIAL EXHIBITS RELATED TO DEBTOR'S COMPLAINT FOR INJUNCTIVE RELIEF AND RELATED MOTION

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

The above-captioned debtor (the "Debtor") moves the Court for the entry of an order, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), authorizing the Debtor to file under seal the confidential documents referred to in the Index below (collectively, the "Confidential Documents") and attached as Exhibits 28, 30, 31, 32, 38, and 39 to the *Declaration of Daniel J. Merrett in Support of Debtor's Complaint for Injunctive Relief and Related Motion* [Dkt. 5] (the "Counsel Declaration"). The Confidential Documents are among those exhibits previously provided to the Court under seal[2] and admitted into evidence during the November 4-5, 2021, and February 14-18, 2022, hearings in the adversary proceeding arising from the Debtor's prior chapter 11 case (the "2021 Chapter 11 Case"), pursuant to which the Debtor requested and was granted the same injunctive relief as that sought by this adversary proceeding. See In re LTL Mgmt. LLC, No. 21-30589 (MBK) [Dkt. 1497] (Bankr. D.N.J. 2002). In support of this Motion to Seal, the Debtor respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are section 107(b) of title 11 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

---

[2] LTL Mgmt. LLC v. Those Parties Listed on Appendix A to Complaint (In re LTL Mgmt. LLC), No. 21-3032 (MBK) [Dkt. 175] (Bankr. D.N.J. 2022) (granting Debtor's motion to seal the same Confidential Documents).

**Background**

3.     On April 4, 2023 (the "Petition Date"), the Debtor commenced the above-captioned reorganization case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is continuing in possession of its property and is managing its business, as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products.  It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5.     The Debtor has reached agreement on the material terms of a plan of reorganization with thousands of talc claimants.  That agreement has been memorialized in a series of plan support agreements.  The Debtor has commenced this Chapter 11 Case to pursue confirmation of a plan of reorganization that contains the terms agreed to in the plan support agreements.  A comprehensive description of the Debtor, its history, its assets and liabilities and the events leading to the commencement of the Chapter 11 Case can be found in the declaration of John K. Kim (the "First Day Declaration"), which was filed in the Debtor's main Chapter 11 Case and is incorporated herein by reference.

6.     On the Petition Date, the Debtor filed a complaint [Dkt. 1] (the "Complaint") commencing this adversary proceeding.  The Complaint seeks an order of the Court staying the continued prosecution of Debtor Talc Claims against the Protected Parties, as such terms are defined therein.  The Debtor has also filed a motion [Dkt. 2] (the "PI Motion")

seeking the same relief requested in the Complaint and setting forth additional grounds why the relief requested therein is warranted. The Counsel Declaration was filed in support of the Complaint and PI Motion.

7. The Court, on a full evidentiary record, ruled in the 2021 Chapter 11 Case that all litigation in respect of Debtor Talc Claims against the Protected Parties was stayed by section 362(a) and preliminary enjoined under section 105(a). See LTL Mgmt. LLC v. Those Parties Listed on Appendix A to Complaint (In re LTL Mgmt. LLC), 638 B.R. 291, 308-11 (Bankr. D.N.J. 2022) (the "PI Opinion") mooted by In re LTL Mgmt. LLC, 58 F.4th 738 (3d. Cir. 2023). In connection with that requested relief, on December 20, 2021 the Debtor filed a motion [Adv. Pro. No. 22-03032, Dkt. No. 134] ("2021 Seal Motion"). By the 2021 Seal Motion, the Debtor sought authority to file under seal various documents—including each of the Confidential Documents—and requested that such documents remain under seal, confidential and not be made available to anyone, except for (a) the Court, (b) the Office of the United States Trustee for the District of New Jersey, (c) the Official Committee of Talc Claimants appointed in the 2021 Chapter 11 Case (the "2021 TCC"), (d) any legal representative for future talc claimants appointed in the 2021 Chapter 11 Case, (e) any party that acknowledged and accepted the terms of an agreed protective order proposed jointly by the Debtor and the 2021 TCC, and (f) such other parties as the Court may direct.

8. On December 22, 2021, the Court entered an agreed protective order, as proposed by the Debtor and the 2021 TCC [Case No. 21-30589, Dkt. 768] (the "2021 Protective Order"). Thereafter, on February 16, 2022, this Court entered an order granting the 2021 Seal Motion [Adv. Pro. No. 22-03032, Dkt. 175] (the "2021 Seal Order").

9. The Confidential Documents were designated exhibit numbers 11, 12, 14, 10, 41, and 36 in the 2021 Motion to Seal. As such, the Debtor was granted authority to seal the Confidential Documents pursuant to the 2021 Seal Order. The Debtor now seeks to submit those same exhibits under seal in this adversary proceeding on substantially the same terms previously approved by the Court, although under different exhibit numbers.

10. The Confidential Documents consist of sensitive commercial documents, including information regarding the Debtor's and its non-debtor affiliates' insurance coverage (the "Insurance Coverage Documents") and commercial agreements with various third parties, including (a) Pharma Tech Industries, Inc.; (b) Bausch Health Companies (f/k/a Valeant Pharmaceuticals); and (c) Valeant Pharmaceuticals International, Inc. (the "Commercial Agreements").

**Relief Requested**

11. By this Motion to Seal, the Debtor seeks entry of an order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing the Debtor to file the Confidential Documents under seal, and directing that the Confidential Documents remain under seal, confidential, and not made available to anyone, except for: (a) the Court; (b) the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee"); and (c) subject to entry of an agreed protective order on substantially the same terms as the 2021 Protective Order (the "2023 Protective Order"), (i) any official committee for the talc claimants appointed in the Chapter 11 Case (the "Talc Committee"), (ii) any legal representative for future talc claimants appointed in the Chapter 11 Case (any such representative, the "FCR"), (iii) any party that acknowledges and accepts the terms of the 2023 Protective Order or such other protective order as may be entered by the Court, and (iv) such other parties as the Court may direct.

**Basis for Relief Requested**

12. Although the public has a common law "right of access to judicial proceedings and records,"[3] the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. See 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018; see also Cendant, 260 F.3d 194 (the public's right of access "is not absolute") (quoting Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988)); Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal quotation marks omitted).

13. In proceedings under title 11, the limits on the public's right of access are a matter of statute. See 11 U.S.C. § 107(b). Specifically, section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 implements section 107(b) by providing that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires. . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

14. Courts in the Third Circuit define commercial information as "information which would result in 'an unfair advantage to competitors by providing them information as to the operations of the debtor.'" In re Alterra Healthcare Corp., 353 B.R. 66, 75 (Bankr. D. Del.

---

[3] In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001)

2006) (quoting Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp., 21 F.3d 24, 27-28 (2d Cir. 1994)).

15. An order sealing commercial information is appropriate where the disclosure of the commercial information could "reasonably be expected to cause . . . commercial injury" and the information is "critical" to the operations of the entity seeking protection, such that the information's "disclosure will unfairly benefit that entity's competitors." See Alterra Healthcare, 353 B.R. at 75-76 (citations omitted); In re Mum Servs., Inc., 279 B.R. 478, 484 (Bankr. D. Del. 2002) (noting that § 107(b) "was intended to avoid affording an unfair advantage to competitors by providing them information as to the commercial operations of the debtor") (internal citations omitted).

16. Confidential commercial information does not need to rise to the level of a trade secret to be entitled to protection under section 107(b). See, e.g., Orion Pictures, 21 F.3d at 28 ("courts interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

17. Once a court determines that the information in question falls within one of the enumerated categories in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." Id. The Court has broad authority to issue such an order under Bankruptcy Rule 9018. See In re Global Crossing Ltd., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

18. In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. The Debtor submits that good cause exists for the Court to grant the relief requested herein.

19. The Insurance Coverage Documents contain the Debtor's and non-Debtor affiliates' insurance coverage information, including confidential and sensitive business information of the Debtor and third parties such as coverage limits, premiums, terms, and other confidential business information. The disclosure of this information may violate third-party obligations and/or agreements and impose other economic or competitive harm relating to claim resolution.

20. The Commercial Agreements contain confidential and commercially sensitive business information of the Debtor and of third parties, including but not limited to price, volume, forecasts, margins and other confidential or proprietary business information. The disclosure of this information risks inflicting economic harm, damage to business relationships, damage to commercial standing, and damage to negotiation positions.

21. Sealing the record with respect to the Confidential Documents is the least restrictive alterative to disclosure of this information because redacting the confidential information contained in the documents would be so extensive as to render the documents indecipherable. Indeed, the Court recognized the need to seal the Confidential Documents in the 2021 Chapter 11 Case.

22. Accordingly, the Debtor respectfully submits that the Confidential Documents contain confidential information encompassed by the protections afforded by the Bankruptcy Code and that the relief requested herein should be granted.

**Notice**

23. This Motion has been served on: (a) the U.S. Trustee; (b) the top law firms representing talc claimants against the Debtor, as identified in the Debtor's chapter 11 petition; and (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

**No Prior Request**

24. No prior request for the relief sought in this Motion to Seal has been made to this or any other court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (a) authorizing the filing under seal of the Confidential Documents in connection with the Complaint and PI Motion; and (b) granting such other and further relief to the Debtor as the Court may deem just and proper.

Dated: April 5, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (*pro hac vice* pending)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*