| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admissions *pro hac vice* pending)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>              Debtor. | Chapter 11<br><br>Case No.: 23-12828 (MBK)<br><br>Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br><br>              Plaintiff,<br><br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>              Defendants. | Adv. No. 23-01092 (MBK) |

## DECLARATION OF JOHN K. KIM IN SUPPORT OF MOTION TO SEAL

I, John K. Kim, of full age, hereby declare as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1536466730v3

1. I am the Chief Legal Officer of LTL Management LLC, a North Carolina limited liability company (the "Debtor") and the debtor in the above-captioned chapter 11 case (the "Chapter 11 Case"). I have held this position with the Debtor since its formation on October 12, 2021.

2. I make this Declaration in support of the *Debtor's Motion for Entry of an Order Authorizing the Filing Under Seal of Certain Confidential Exhibits Related to the Debtor's Complaint for Injunctive Relief and Related Motion* (the "Motion to Seal").[2] The Debtor seeks to seal the filing of documents previously provided to the Court under seal[3] and admitted into evidence during the November 4-5, 2021, and February 14-18, 2022, preliminary injunction hearings in the Debtor's adversary proceeding related to the prior chapter 11 case. I am familiar with the Motion to Seal and the facts herein.

3. The Confidential Documents that the Debtor seeks authority to seal consist of (a) documents regarding the Debtor's and certain non-Debtor affiliates' insurance coverage (the "Insurance Coverage Documents"); and (b) commercially sensitive agreements between Johnson & Johnson Consumer, Inc. or Johnson & Johnson Consumer Companies, Inc., on one hand, and: (i) Pharma Tech Industries, Inc.; (ii) Bausch Health Companies (f/k/a Valeant Pharmaceuticals); and (iii) Valeant Pharmaceuticals International, Inc., on the other hand (the "Commercial Agreements").

4. The confidential information contained in the Confidential Documents has been kept confidential and has not been disseminated to the public. The Debtor disclosed the

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion to Seal.

[3] LTL Mgmt. LLC v. Those Parties Listed on Appendix A to Complaint (In re LTL Mgmt. LLC), No. 21-3032 (MBK) [Dkt. 175] (Bankr. D.N.J. 2022) (granting Debtor's motion to seal the same Confidential Documents).

Confidential Documents to the Court and the U.S. Trustee in the 2021 Chapter 11 Case as well as to the 2021 TCC and other parties subject to the 2021 Protective Order. The Debtor is once again prepared to negotiate an agreed form of protective order on substantially the same terms as the 2021 Protective Order (the "2023 Protective Order") and to disclose the Confidential Documents in this Chapter 11 Case subject to the terms of the 2023 Protective Order to (i) the Talc Committee, (ii) the FCR, (iii) any party that acknowledges and accepts the terms of the 2023 Protective Order or such other protective order as may be entered by the Court, and (iv) such other parties as the Court may direct.

5.     The Insurance Coverage Documents contain the Debtor's and certain non-Debtor affiliates' insurance coverage information, including confidential and sensitive business information of the Debtor and of third parties, such as coverage limits, premiums, term, and other confidential business information. The disclosure of this information may violate third-party obligations and/or agreements and impose other economic or competitive harm relating to claim resolution.

6.     The Commercial Agreements contain confidential and commercially sensitive business information of the Debtor and of third parties, including but not limited to price, volume, forecasts, margins and other confidential or proprietary business information. The disclosure of this information risks inflicting economic harm, damage to business relationships, damage to commercial standing, and damage to negotiation positions.

7.     I believe that sealing the Confidential Documents is the least restrictive alternative to disclosure of this information because redacting the confidential information contained in the documents would be so extensive as to render the documents indecipherable.

8. In support of the Motion to Seal, I hereby submit the Index attached to this Declaration identifying the Confidential Documents that Debtor seeks to seal and describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest that warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; and (e) any prior order sealing the same materials in the pending action.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 5, 2023          /s/ John K. Kim
                                 John K. Kim

**INDEX IN SUPPORT OF NOTICE OF MOTION TO SEAL CONFIDENTIAL MATERIAL**

| Counsel Decl. Exhibit Number | Material | Basis for Sealing | Injury that Would Result if Relief is Not Granted | Less Restrictive Alternative is Not Available | Prior Order Sealing in the Pending Action |
|---|---|---|---|---|---|
| 28 | Insurance Agreement: Aetna 38 XN 07 SCA (Beg Bates: LTL 0000317; 2021 PI Ex. 11; 2021 MTD Ex. 600.011) | This document is an insurance agreement between Aetna and Debtor and/or non-Debtor affiliates, which contains confidential and sensitive business information of the Debtor and of third parties, including but not limited to coverage limits, premiums, term, and other proprietary business information.  This document was disclosed under an agreement of confidentiality. This information is kept confidential and not otherwise disseminated to the public.  See Kim Decl. ¶¶ 4-5. | If this document were filed on the public docket, the Debtor and third parties could suffer a clearly defined, substantial and specific harm, including but not limited to economic damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed in contravention of the terms of confidentiality.  See Kim. Decl. ¶ 5. | This request is the least restrictive alternative because redacting the confidential information contained in the document would be so extensive as to render the document indecipherable. See Kim. Decl. ¶ 7. | None |
| 30 | Insurance Agreement: Home HEC 4764031 (Beg Bates: LTL 0000387; 2021 PI Ex. 12; 2021 MTD Ex. 600.012) | *See above.* | *See above.* | *See above.* | None |
| 31 | Insurance Agreement: Aetna Primary 38 PK 15 SCA (Beg Bates: LTL 0000511; 2021 PI Ex. 14; 2021 MTD Ex. 600.014) | *See above.* | *See above.* | *See above.* | None |

| Counsel Decl. Exhibit Number | Material | Basis for Sealing | Injury that Would Result if Relief is Not Granted | Less Restrictive Alternative is Not Available | Prior Order Sealing in the Pending Action |
|---|---|---|---|---|---|
| 32 | Insurance Agreement: Aetna #38 AL 12880 SR(Y)_1-1-1967 to 1-1-1970 (Beg Bates: LTL 0000168; 2021 PI Ex. 10; 2021 MTD Ex. 600.010) | *See above.* | *See above.* | *See above.* | None |
| 38 | Indemnification agreement between Bausch Health Companies (f/k/a Valeant Pharmaceuticals International, Inc.) and Johnson & Johnson Consumer, Inc., dated Sept. 9, 2012 (Beg Bates: LTL 0001050; 2021 PI Ex. 41; 2021 MTD Ex. 600.041) | This indemnification agreement contains a strict confidentiality provision not to disclose the contents therein during the pendency of the Talc Litigation. and contains confidential, commercially sensitive business information. This document was disclosed under an agreement of confidentiality. This information is kept confidential and not otherwise disseminated to the public. See Kim Decl. ¶¶ 4,6. | The disclosure of this document might violate third-party confidentiality obligations and potentially impose other economic or competitive harm relating to claim resolution. If this document were filed on the public docket, the Debtor could suffer a clearly defined, substantial and specific harm, including but not limited to economic damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information be publicly disclosed. See Kim Decl. ¶ 6. | *See above.* | None |

| Counsel Decl. Exhibit Number | Material | Basis for Sealing | Injury that Would Result if Relief is Not Granted | Less Restrictive Alternative is Not Available | Prior Order Sealing in the Pending Action |
|---|---|---|---|---|---|
| 39 | Asset Purchase Agreement between Johnson & Johnson Consumer Companies, Inc. and Pharma Tech Industries, Inc., dated Apr. 4, 2005 – Confidential (Beg Bates: LTL 0000610; 2021 PI Ex. 36; 2021 MTD Ex. 600.036) | This agreement contains confidential and commercially sensitive business information of the Debtor and of third parties, including the purchase price and other related payments.  The Debtor redacted the confidential information when it produced this document to the Claimants, provided it to the Court, and admitted it into evidence.  This information has been kept confidential and not been disseminated to the public.  See Kim Decl. ¶¶ 4,6. | If this document were filed on the public docket, the Debtor could suffer a clearly defined, substantial and specific harm, including but not limited to economic damage, damage to business relationships, damage to commercial standing, and damage to negotiation positions.  See Kim Decl. ¶ 6. | *See above.* | None |