UNITED STATES BANKRUPTCY COURT
THE DISTRICT OF NEW JERSEY

In Re. LTL Management LLC                    Case No. 21-30589

Debtor(s)

☐ Jointly Administered

# Monthly Operating Report                                                 Chapter 11

Reporting Period Ended: 10/31/2021                Petition Date: 10/14/2021

Months Pending: 1                                 Industry Classification: 6 7 1 9

Reporting Method:        Accrual Basis ⦿         Cash Basis ◯

Debtor's Full-Time Employees (current):                            0

Debtor's Full-Time Employees (as of date of order for relief):     0


**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒ Statement of cash receipts and disbursements
☒ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☒ Statement of operations (profit or loss statement)
☐ Accounts receivable aging
☐ Postpetition liabilities aging
☐ Statement of capital assets
☐ Schedule of payments to professionals
☐ Schedule of payments to insiders
☒ All bank statements and bank reconciliations for the reporting period
☐ Description of the assets sold or transferred and the terms of the sale or transfer


/s/ James Lawlor                                  James Lawlor
Signature of Responsible Party                    Printed Name of Responsible Party

11/23/2021
Date
                                                  90 Washington Valley Road, Bedminster, NJ 07921
                                                  Address


STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)                      1

Debtor's Name LTL Management LLC | Case No. 21-30589

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $6,000,000 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. Cash balance end of month (a+b-c) | $6,000,000 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $2,002,404,286 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory  (Book ○  Market ○  Other ⦿  (attach explanation)) | $0 |
| d. Total current assets | $2,008,404,286 |
| e. Total assets | $2,375,533,231 |
| f. Postpetition payables (excluding taxes) | $2,404,286 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $2,404,286 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $8,275,800 |
| n. Total liabilities (debt) (j+k+l+m) | $10,680,085 |
| o. Ending equity/net worth (e-n) | $2,364,853,146 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $31,504 | |
| f. Other expenses | $5,754 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $2,332,369 | |
| k. Profit (loss) | $-2,369,627 | $-2,369,627 |

UST Form 11-MOR (06/07/2021) 2

Debtor's Name LTL Management LLC                                                                                                    Case No. 21-30589

### Part 5: Professional Fees and Expenses

|   |   |   | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

|   |   |   | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

### Part 6: Postpetition Taxes

|   |   | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

### Part 7: Questionnaire - During this reporting period:

| | | | |
|---|---|---|---|
| a. | Were any payments made on prepetition debt? (if yes, see Instructions) | Yes ◯ | No ⦿ |
| b. | Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) | Yes ◯ | No ⦿ |
| c. | Were any payments made to or on behalf of insiders? | Yes ◯ | No ⦿ |
| d. | Are you current on postpetition tax return filings? | Yes ⦿ | No ◯ |
| e. | Are you current on postpetition estimated tax payments? | Yes ⦿ | No ◯ |
| f. | Were all trust fund taxes remitted on a current basis? | Yes ⦿ | No ◯ |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | Yes ◯ | No ⦿ |
| h. | Were all payments made to or on behalf of professionals approved by the court? | Yes ◯ | No ◯  N/A ⦿ |
| i. | Do you have: Worker's compensation insurance? | Yes ⦿ | No ◯ |
| | If yes, are your premiums current? | Yes ⦿ | No ◯  N/A ◯  (if no, see Instructions) |
| | Casualty/property insurance? | Yes ⦿ | No ◯ |
| | If yes, are your premiums current? | Yes ⦿ | No ◯  N/A ◯  (if no, see Instructions) |
| | General liability insurance? | Yes ⦿ | No ◯ |
| | If yes, are your premiums current? | Yes ⦿ | No ◯  N/A ◯  (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | Yes ◯ | No ⦿ |

UST Form 11-MOR (06/07/2021)                                           3

| | | |
|---|---|---|
| Debtor's Name LTL Management LLC | | Case No. 21-30589 |

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○ | No ● |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ● | No ○ |

**Part 8: Individual Chapter 11 Debtors (Only)**

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ● |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

| | |
|---|---|
| /s/ Richard Dickinson | Richard Dickinson |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Chief Financial Officer | 11/23/2021 |
| Title | Date |

| In re | **LTL Management LLC** | Case No. | **21-30589 (MBK)** |
|---|---|---|---|
| | Debtor | Reporting Period: | **October 14 - 31, 2021** |

**DEBTOR'S SCHEDULE OF CASH RECEIPTS AND DISBURSEMENTS**

| *Dollars in Millions* | LTL Management LLC Acct. 3987 |
|---|---:|
| **Total Receipts** | 0.00 |
| **Total Disbursements** | 0.00 |
| **Change in Cash** | |
| Beginning Cash (Book) | 6.00 |
| Net Cash Flow | 0.00 |
| **Ending Cash (Book)** | $ 6.00 |

| In re | LTL Management LLC | Case No. | 21-30589 (MBK) |
|---|---|---|---|
| | Debtor | Reporting Period: | October 14 - 31, 2021 |

**LTL Management LLC**

**Balance Sheet**

*(Dollars in Millions)*

| | | October 31, 2021 |
|---|---|---:|
| **Assets** | | |
| Current Assets | | |
| Cash | $ | 6.00 |
| Due From Subsidiary | | 0.03 |
| Due From Parent | | 2,002.37 |
| Total Current Assets | | 2,008.40 |
| Investment in Subsidiary | | 367.13 |
| **Total Assets** | $ | 2,375.53 |
| **Liabilities & Shareholders Equity** | | |
| Accounts Payable | | 2.33 |
| Due to Affiliate | | 0.07 |
| Liabilities Subject to Compromise | | 8.28 |
| **Total Liabilities** | $ | 10.68 |
| Shareholders Equity | | |
| Paid in Capital | | 2,373.13 |
| Accumulated Deficit | | (8.28) |
| **Total Shareholders Equity** | $ | 2,364.85 |
| **Total Liabilities & Shareholders Equity** | $ | 2,375.53 |

**LTL Management LLC**

**Statement of Operations (Profit or Loss Statement)**

*(Dollars in Millions)*

| | | October 14 - 31, 2021 |
|---|---|---:|
| **Income** | | |
| Total Income | $ | - |
| **Expenses** | | |
| Financial Services | | 0.01 |
| General & Adminstrative | | 0.03 |
| **Earnings Before Reorganization Items** | | **(0.04)** |
| **Reorganization Items** | | |
| Legal Expenses | | 2.33 |
| **Income/Loss Before Provision for Taxes** | | (2.37) |
| Provision for Taxes on Income/Loss | | - |
| **Net Income/Loss** | $ | (2.37) |



P.O. Box 15284
Wilmington, DE 19850

**Customer service information**

📱 Customer service: 1.888.400.9009

✉ bankofamerica.com

JOHNSON & JOHNSON CONSUMER INC.
199 GRANDVIEW RD
SKILLMAN, NJ  08558-1303

✉ Bank of America, N.A.
P.O. Box 1091
Charlotte, N.C.  28254-3489

🔔 Please see the **Important Messages - Please Read** section of your statement for important details that could impact you.

# Your Full Analysis Business Checking

for October 8, 2021 to October 31, 2021

Account number:  ▇▇▇▇ 3987

**JOHNSON & JOHNSON CONSUMER INC.**

## Account summary

| | |
|---|---:|
| Beginning balance on October 8, 2021 | $0.00 |
| Deposits and other credits | 6,000,000.00 |
| Withdrawals and other debits | -0.00 |
| Checks | -0.00 |
| Service fees | -0.00 |
| **Ending balance on October 31, 2021** | **$6,000,000.00** |

# of deposits/credits: 1

# of withdrawals/debits: 0

# of days in cycle: 24

Average ledger balance: $5,000,000.00

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2021 Bank of America Corporation





# Your checking account

## Deposits and other credits

| Date | Transaction description | Customer reference | Bank reference | Amount |
|---|---|---|---|---|
| 10/12/21 | WIRE TYPE:BOOK IN ORIG:Johnson n Johnson DET:Intra company funding | | | 6,000,000.00 |
| **Total deposits and other credits** | | | | **$6,000,000.00** |

## Daily ledger balances

| Date | Balance ($) |
|---|---|
| 10/12 | 6,000,000.00 |

This page intentionally left blank

## Important Messages - Please Read
We want to make sure you stay up-to-date on changes, reminders, and other important details that could impact you.

Effective December 2021, the Deposit Agreement and Disclosures booklet (Agreement), which governs your analyzed business account, has been updated. The account will continue to be subject to the Agreement as updated from time to time. Please contact your account representative to receive the updated version or summary of changes. Effective December 1, 2021 the updated version can be found by logging into bofaml.com/depositagreement. Continued use of this account indicates your agreement to be bound by the terms and conditions contained in the Agreement.

This page intentionally left blank

Case 23-00692-MBK    Doc 59833    Filed 04/24/23    Entered 04/24/23 12:52:38    Desc
e 8 of 8

Case 23-00692-MBK    Doc 59    Filed 01/24/23    Entered 01/24/23 12:52:38    Desc
Global Notes and Statements of Limitations and Disclaimers Regarding the Debtor    Page 1 of 3

Case 21-30589-MBK    Doc 832    Filed 04/24/23    Entered 04/24/23 12:53:18    Desc
Exhibit 3    Page 13 of 15

In re LTL Management LLC, Debtor                                           Case No. 21-30589 (MBK)
                                                                    Reporting Period: October 14 – 31, 2021

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

MONTHLY OPERATING REPORT

# GLOBAL NOTES AND STATEMENTS OF LIMITATIONS AND DISCLAIMERS REGARDING THE DEBTOR'S MONTHLY OPERATING REPORT

LTL Management LLC, the debtor (the "**Debtor**") in the above-referenced chapter 11 case (the "**Chapter 11 Case**"), with the assistance of its advisors, is filing this Monthly Operating Report ("**MOR**") with the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes and Statements of Limitations and Disclaimers Regarding the Debtor's Monthly Operating Report* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of the MOR. The Global Notes should be referred to, considered, and reviewed in connection with any review of the MOR.

The MOR does not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor is it intended to be fully reconciled with the financial statements of the Debtor.

1. **General Methodology**: The Debtor is filing this MOR to comply with the applicable reporting requirements in the Chapter 11 Case. The financial information contained herein is unaudited, limited in scope, and as such, has not been subjected to procedures that would typically be applied to financial statements in accordance with GAAP. The MOR should not be relied on by any person for information relating to current or future financial condition, events, or performance of the Debtor or its affiliates, as the results of operations contained herein are not necessarily indicative of results that may be expected from any other period or for the full year, and may not necessarily reflect the combined results of operations, financial position, and schedule of receipts and disbursements in the future. There can be no assurance that such information is complete, and the MOR may be subject to revision. The Global Notes should be referred to, and referenced in connection with, any review of the MOR.

2. **Basis of Presentation**: The Debtor is maintaining its books and records in accordance with GAAP and the information furnished in this MOR uses the Debtor's normal accrual method of accounting. In preparing the MOR, the Debtor relied on financial data derived from its books and records that was available at the time of preparation. Nevertheless, in preparing this MOR, the Debtor made reasonable efforts to supplement the information set forth in its books and records with additional information concerning transactions that may not have been identified therein. Subsequent information may result in material changes to the MOR and errors or omissions may exist.

3. **Reporting Period**: Unless otherwise noted herein, the MOR generally reflects the Debtor's books and records and financial activity occurring during the applicable reporting period. Except as otherwise noted, no adjustments have been made for activity occurring after the close of the reporting period.

4. **Accuracy**: The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against the Debtor should evaluate this financial information in light of the purposes for which it was prepared. The Debtor is not liable for and undertakes no responsibility for any evaluations of the Debtor based on this financial information or any other information.

Case 23-00622-MBK    Doc 59    Filed 04/24/23    Entered 04/24/23 12:52:38    Desc
Global Notes and Statements of Limitations and Disclaimers Regarding the Debtor    Page 2 of 3

Case 21-30589-MBK    Doc 332    Filed 11/24/21    Entered 11/24/21 17:51:18    Desc
Exhibit 3    Page 14 of 15

In re LTL Management LLC, Debtor    Case No. 21-30589 (MBK)
Reporting Period: October 14 – 31, 2021

5. **Accounts Receivable, Postpetition Payables and Funding Agreement**: The Debtor is party to a funding agreement (the "**Funding Agreement**") with Johnson & Johnson Consumer Inc. ("**New JJCI**") and Johnson & Johnson (together with New JJCI, the "**Payors**"). A copy of the Funding Agreement is attached as Annex 2 to the Declaration of John K. Kim in Support of First Day Pleadings [Dkt. 5] (the "**First Day Declaration**"). Among other things, the Funding Agreement obligates the Payors, on a joint and several basis, to provide funding, up to the full value of New JJCI, to pay for costs and expenses of the Debtor incurred in the normal course of its business during the pendency of any chapter 11 case, including the costs of administering the chapter 11 case. The terms of the Funding Agreement are described in detail in the First Day Declaration. The Funding Agreement imposes no repayment obligation on the Debtor. The amount reported in part 2.a. represents (a) the amount of proposed funding of a qualified settlement fund for payment of talc claims, which, if approved, will be considered pre-funding for Permitted Funding Uses (as such term is defined in the Funding Agreement) and treated as a Payment (as such term is defined in the Funding Agreement) for all purposes, (b) the estimated funding under the Funding Agreement in respect of the accrued amount of postpetition retained professionals' fees during the reporting period and (c) the estimated funding under the Funding Agreement in respect of amounts payable by the Debtor under the Debtor's secondment agreement (the "**Secondment Agreement**") with Johnson & Johnson Services, Inc. ("**J&J Services**") and the Debtor's services agreement (the "**Services Agreement**") with J&J Services. The postpetition payable amount reported in part 2.f. includes the amounts described in (b) and (c) of the immediately preceding sentence. Postpetition professional fees remain subject to further reconciliation and, as to retained professionals, will be subject to certain procedures to be set forth in an order of the Court regarding interim compensation. The amount in part 2.a. does not reflect any other amounts that the Debtor may be entitled to under the Funding Agreement. The Services Agreement and the Secondment Agreement are described in the First Day Declaration.

6. **Total Current Assets and Total Assets**: The amounts reported in parts 2.d. and 2.e. represent, respectively (a) the amount of the Debtor's accounts receivable reported in part 2.a. plus the amount of the Debtor's cash as of October 31, 2021, and (b) the amounts reported in part 2.d. plus the estimated value of the Debtor's equity in its subsidiary Royalty A&M LLC ("**RAM**"). Any additional amounts available to the Debtor under the Funding Agreement are not reflected in the reported assets. The amount reported on the balance sheet as Due from Subsidiary represents the amount due from RAM to the Debtor in connection with the Secondment Agreement.

7. **Prepetition Unsecured Debt and Liabilities Subject to Compromise ("LSTC")**: The amount reported in part 2.m. and as LSTC in the attached balance sheet represents the total amount of outstanding prepetition professionals fees on the Debtor's books and records. This amount differs from the total amount reported by professionals in their retention applications. The total amount reported by professionals exceeds the amount reflected in the Debtor's books and records, and may include amounts not invoiced to the Debtor as of the commencement of the Chapter 11 Case or other amounts potentially not payable by the Debtor. To the extent the professional fees were incurred in a joint representation with Johnson & Johnson, some or all of the prepetition professionals' fees may be satisfied by Johnson & Johnson consistent with its obligations to such professionals. Amounts reported as Prepetition Unsecured Debt or LSTC do not include any amount for the Debtor's talc-related liability. Prepetition liabilities that are subject to compromise under ASC 852 are preliminary and may be subject to, among other things, future adjustments depending on Court actions, further developments with respect to disputed claims, rejection of executory contracts, continued reconciliation or other events.

8. **Bank Account Statement**: The attached bank statement is in the name of Johnson & Johnson Consumer Inc. ("**Old JJCI**") because the Debtor's bank account was opened by Old JJCI. On October 12, 2021, Old JJCI completed a corporate restructuring (the "**2021 Corporate Restructuring**"), as a result of which Old JJCI ceased to exist and the Debtor and New JJCI were formed. The Debtor received certain assets in that restructuring, including Old JJCI's bank account at Bank of America, N.A. The Debtor is in the process of updating the bank account information to reflect the Debtor's name. The 2021 Corporate Restructuring is described in detail in the First Day Declaration.

9. **Insurance**: The Debtor is an additional insured on various types of insurance maintained by its ultimate parent company, Johnson & Johnson (collectively, the "**J&J Insurance Policies**"). Insurance coverage includes workers' compensation coverage, casualty/property insurance and general liability insurance as reported in part 7.i.

Case 23-01092-MBK    Doc 59-32    Filed 04/24/23    Entered 04/24/23 12:52:38    Desc
Global Notes and Statements of Limitations and Disclaimers Regarding the Debtor    Page 3 of 3
Case 21-30589-MBK    Doc 383    Filed 01/24/22    Entered 01/24/22 17:51:18    Desc
Exhibit 3    Page 15 of 15

In re LTL Management LLC, Debtor  
Case No. 21-30589 (MBK)  
Reporting Period: October 14 – 31, 2021

10. **Amounts Reported in Part 4:** The Debtor did not have income during the reporting period. However, funding will be available under the Funding Agreement to satisfy the Debtor's expenses, including those reported in part 4. See notes regarding Accounts Receivable, Accounts Payable and the Funding Agreement above. The amount reported in part 4.j. represents the estimated accrued amount of postpetition retained professionals' fees during the reporting period (also reported in part 2.f.). The amount reported in part 4.e. as general and administrative expenses represents amounts incurred under the Secondment Agreement. The amount reported in part 4.f. as other expenses represents amounts incurred under the Services Agreement. These expenses are also reported in the attached Statement of Operations (Profit or Loss Statement). ASC 852 requires expenses and income directly associated with the Chapter 11 Case to be reported separately in the income statement as reorganization items. Reorganization items primarily include expenses related to legal advisory and representation services, other professional consulting and advisory services, and changes in liabilities subject to compromise recognized as there are changes in amounts expected to be allowed as claims. Nothing contained in this MOR shall constitute a waiver of the Debtor's rights or an admission with respect to the Chapter 11 Case, including, but not limited to, matters involving objections to claims, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of Title 11 of the Bankruptcy Code and/or causes of action under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

11. **Intercompany Transactions and Balances:** Prior to the Petition Date (and subsequent to the Petition Date, the Debtor engaged (and continues to engage) in certain intercompany transactions. Intercompany transactions between the Debtor and its non-Debtor affiliate entities are reported in the statement of cash receipts and disbursements, the balance sheet, and statement of income (loss) contained herein.

12. **Reservation of Rights:** The Debtor reserves all rights to amend or supplement the MOR in all respects, as may be necessary or appropriate, but shall be under no obligation to do so. Nothing contained in this MOR shall constitute a waiver of the Debtor's rights or an admission with respect to the Chapter 11 Case.