| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>Mark W. Rasmussen, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>mrasmussen@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br>ATTORNEYS FOR DEBTOR | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>            Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br><br>            Plaintiff,<br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>            Defendants. | Adv. No.: 21-3032 (MBK)<br><br>**Hearing Date and Time:**<br>**January 11, 2022 at 10:00 a.m.** |

# DEBTOR'S OMNIBUS REPLY IN SUPPORT OF MOTION FOR AN ORDER (A) DECLARING THAT THE AUTOMATIC STAY APPLIES TO CERTAIN ACTIONS AGAINST NON-DEBTORS OR (B) PRELIMINARILY ENJOINING SUCH ACTIONS AND (C) GRANTING A TEMPORARY RESTRAINING ORDER PENDING A FINAL HEARING

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1525339456

> The Debtor's goal in this case is to negotiate, obtain approval of and ultimately consummate a plan of reorganization that would, among other things, (a) establish and fund a trust to resolve and pay current and future talc-related claims and (b) provide for the issuance of an injunction that will permanently protect the Debtor, its affiliates and certain other parties from further talc-related claims arising from products manufactured and/or sold by Old JJCI, or for which Old JJCI may otherwise have had legal responsibility, pursuant to sections 105(a) and/or 524(g) of the Bankruptcy Code.

First Day Decl. ¶ 59. The Committee has never suggested—nor has any court ever held—that filing bankruptcy to fully and finally resolve mass tort claims is not a valid reorganizational purpose. See Bestwall, 605 B.R. at 49.[37]

### C. The Debtor and Its Reorganizational Efforts Will Be Irreparably Harmed Without a Preliminary Injunction.

As stated above, "the critical, if not decisive, issue" in determining whether to enjoin litigation against non-debtors is whether the litigation would, absent an injunction, "interfere[] with the debtors' reorganization efforts." Brier Creek, 486 B.R. at 694; Kreisler v. Goldberg, 478 F.3d 209, 215 (4th Cir. 2007) (section 105(a) injunction is appropriate if third-party action would "put detrimental pressure on [the debtors'] reorganization effort"); Robins, 788 F.2d at 1003 (injunction is appropriate when third-party litigation "would adversely or detrimentally influence and pressure the debtor through the third party") (internal citation omitted).

The entire purpose of this case—an equitable, final, and complete resolution of tens to hundreds of thousands of current and future Debtor Talc Claims—would be thwarted without a preliminary injunction. There is no dispute that the objectors oppose the injunction so that talc

---

[37] The Committee asserts additional section 524(g) arguments in a footnote, alleging that certain Protected Parties may not be eligible for permanent injunctive protection under a plan of reorganization. Committee Obj., 88 n.44. The Debtor disputes these misguided arguments and will address them at the appropriate time.

NAI-1525339456 -51-