| PARKINS & RUBIO LLP | MASSEY & GAIL LLP |
|---|---|
| Lenard M. Parkins, Esq. | Jonathan S. Massey, Esq. |
| Charles M. Rubio, Esq. | Rachel S. Morse, Esq. |
| lparkins@parkinsrubio.com | jmassey@masseygail.com |
| crubio@parkinsrubio.com | rmorse@masseygail.com |
| Pennzoil Place | 1000 Maine Ave. SW, Suite 450 |
| 700 Milan St., Suite 1300 | Washington, DC 20024 |
| Houston, TX 77002 | Tel: (202) 652-4511 |
| Tel: (713) 715-1666 | Fax: (312) 379-0467 |
| *Special Counsel for the* | *Special Counsel for the* |
| *Official Committee of Talc Claimants* | *Official Committee of Talc Claimants* |

| In re: | Chapter 11 |
|---|---|
| LTL MANAGEMENT, LLC,[1] | Case No.: 21-30589 (MBK) |
| Debtor. | Honorable Michael B. Kaplan |

[MBK]
[PROPOSED] ORDER (I) DISMISSING DEBTOR'S CHAPTER 11
CASE PURSUANT TO 11 U.S.C. § 1112(b); (II) ESTABLISHING
PROCEDURES WITH RESPECT TO REQUESTS FOR
COMPENSATION; AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages is hereby **ORDERED**.

*/s/ Michael B. Kaplan*
MICHAEL B. KAPLAN,
USBJ

April 4, 2023

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2

This Court enters this order (this "Dismissal Order") to effectuate dismissal of the chapter 11 case of LTL Management LLC (the "Debtor" or "LTL") pursuant to 11 U.S.C. § 1112(b) as instructed by the Court of Appeals for the Third Circuit (the "Third Circuit") and to address, pursuant to 11 U.S.C. §§ 105(a) and 349(b), certain related matters as necessary to permit an orderly dismissal and for purposes such as fairness, judicial economy, and convenience to interested parties. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334; venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The TCC (as defined below), the FCR (as defined below) and the Debtor having agreed to the terms of this Dismissal Order. After due deliberation, this Court has found and determined that good and sufficient cause appears under the facts and applicable law for the relief granted herein.

WHEREAS, on October 14, 2021 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") pursuant to chapter 11 of title 11 of the United States Code commencing this case (the "Chapter 11 Case");

WHEREAS, on March 2, 2022, this Court entered the *Order Denying Motions to Dismiss* [ECF No. 1603], denying the motions filed by the Official Committee of Talc Claimants (the "TCC") [ECF No. 632], the law firm of Arnold & Itkin, LLP on behalf of certain talc personal injury claimants [ECF No. 766] and the law firm of Aylstock, Witkin, Kries & Overholtz, PLLC on behalf of certain talc personal injury claimants [ECF No. 1003] that sought an order of this Court dismissing the Chapter 11 Case pursuant to 11 U.S.C. § 1112(b) as not having been filed in good faith;

WHEREAS, on March 4, 2022, this Court entered the *Order (I) Declaring that Automatic Stay Applies to Certain Actions Against Non-Debtors and (II) Preliminarily Enjoining Certain*

3

*Actions* [Adv. No. 21-3032, ECF No. 187] (the "Preliminary Injunction Order")[2] granting LTL's motion for an order extending the automatic stay under 11 U.S.C. § 362 and preliminarily enjoining actions against the Protected Parties (as defined in the Preliminary Injunction Order);

WHEREAS, on January 30, 2023, a panel of the Third Circuit issued its *Opinion of the Court* [3d Cir. Case No. 22-2003, ECF No. 150] (the "Third Circuit Opinion")[3] stating "[w]e thus reverse the Bankruptcy Court's order denying the motions to dismiss and remand this case with the instruction to dismiss LTL's Chapter 11 petition" and further stating that "[d]ismissing its case annuls the litigation stay ordered by the [Bankruptcy] Court and makes moot the need to decide that issue";[4]

WHEREAS, also on January 30, 2023, a panel of the Third Circuit entered a *Judgment* [3d Cir. Case No. 22-2003, ECF No. 151-1] (the "Third Circuit Judgment")[5] providing that "the order of the Bankruptcy Court entered March 2, 2022 is reversed and the case is remanded with the instruction to dismiss Appellee's Chapter 11 petition" and further ordering that "[t]he order of the Bankruptcy Court entered March 4, 2022 is vacated as moot";

WHEREAS, the appointment of each of the co-mediators in this Chapter 11 Case was terminated by this Court by order dated March 23, 2023;

WHEREAS, the appointment of the Federal Rule of Evidence 706 estimation expert (the "Court-Appointed Expert") was terminated by this Court by order dated March 23, 2023; and

---

[2] Capitalized terms that are used but are not defined herein shall have the meanings given in the Preliminary Injunction Order.

[3] A certified copy of the Third Circuit Opinion is attached hereto as **Exhibit 1**.

[4] Third Circuit Opinion at 56.

[5] A certified copy of the Third Circuit Judgment is attached hereto as **Exhibit 2**.

4

WHEREAS, on March 31, 2023, in accordance with Fed. R. App. P. 41, the Third Circuit issued its *Certified Judgment* [3d Cir. Case No. 22-2003, ECF No. 181] (the "Third Circuit Mandate")[6] that remanded the case to this Court with the instruction to dismiss the Petition.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Dismissal. The Chapter 11 Case is hereby dismissed pursuant to section 1112(b) of the Bankruptcy Code as of the date of this Dismissal Order (the "Dismissal Date").

2. Closing the Chapter 11 Case. This Court directs that the Clerk of this Court close the Chapter 11 Case promptly following the filing of a notice by LTL, with the prior written consent of the Office of the United States Trustee ("U.S. Trustee"), confirming the completion of the following conditions: (i) all monthly operating reports of LTL have been filed, (ii) all fees due and owing in the Chapter 11 Case to the Clerk of this Court and/or the U.S. Trustee pursuant to 28 U.S.C. § 1930 have been paid in full, (iii) all appeals of the Third Circuit Judgment, the Third Circuit Opinion or this Dismissal Order ("Appeals") have been exhausted, (iv) all Substantial Contribution Motions (as defined below) have been heard by this Court and determined pursuant to a final order, (v) all amounts requested pursuant to a Final Fee Statement, a Reimbursement Request or a Post-Dismissal Statement (all as defined below) have been paid by LTL or, if not paid, determined by this Court not to be allowable; and (vi) all amounts owed to the co-mediators, the Court-Appointed Expert and his professionals, and the Fee Examiner (as defined below) and his professionals have been paid by LTL.

3. Preliminary Injunction Order. On the Dismissal Date, the Preliminary Injunction Order is vacated as moot and, accordingly, to the extent not already terminated by this Court, the extension of the automatic stay and preliminary injunction prohibiting and enjoining all

---

[6] A certified copy of the Third Circuit Mandate is attached hereto as **Exhibit 3**.

5

Defendants (as defined in the Preliminary Injunction Order) from continuing to prosecute any Enjoined Talc Claim (as defined in the Preliminary Injunction Order) against any of the Protected Parties (as defined in the Preliminary Injunction Order) are terminated immediately upon the Dismissal Date. Pursuant to section 105 and in accordance with 11 U.S.C. § 108(c), this Dismissal Order shall toll, as of October 14, 2021, to the extent such period had not expired before then, the expiration of any period under any applicable non-bankruptcy law, any order entered in a non-bankruptcy proceeding, or any agreement that fixes a period under which a Defendant is required to commence or continue a civil action in a court other than this Court on any Enjoined Talc Claim asserted against any of the Protected Parties until the later of: (a) the end of such period, including any suspension of such period occurring on or after October 14, 2021; or (b) 30 days after notice of this Dismissal Order.

4. Termination of Stay. To the extent not already terminated by an order of this Court, the automatic stay with respect to LTL is terminated immediately upon the Dismissal Date. In accordance with 11 U.S.C. § 108(c), this Dismissal Order shall toll, as of October 14, 2021 to the extent such period had not expired before then, the expiration of any period under any applicable non-bankruptcy law, any order entered in a non-bankruptcy proceeding, or any agreement that fixes a period for commencing or continuing a civil action in a court other than this Court on Enjoined Talc Claims until the later of: (a) the end of such period, including any suspension of such period occurring on or after October 14, 2021; or (b) 30 days after notice of this Dismissal Order.

5. Procedures for Final Allowance of Fees and Expenses. A professional retained pursuant to sections 105, 327, 328 or 1103 of the Bankruptcy Code and the professionals retained by the Ad Hoc Committee of State Attorneys General (each a "Retained Professional" and

6

collectively the "Retained Professionals") may seek final allowance and payment of compensation and reimbursement of expenses in accordance with the following procedure and, solely with respect to the fees and expenses of professionals retained by the Ad Hoc Committee of State Attorneys General, subject to the expense reimbursement agreement dated May 9, 2022, which was attached as Exhibit A to ECF. No. 2338:

  a. Each Retained Professional seeking final allowance and payment of its fees and expenses must serve a statement for all of its unpaid fees and expenses incurred in this Chapter 11 Case through the Dismissal Date (a "Final Statement") on LTL no later than 45 days following the Dismissal Date (the "Final Statement Deadline").

  b. Unless otherwise provided in the order authorizing the Retained Professional's retention, and in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, the local rules of this Court, and the Guidelines established by the Office of the United States Trustee, each Final Statement shall include invoices with fee and expense detail that describe the fees and expenses incurred by such Retained Professional to the extent such invoices have not previously been filed with the Court.

  c. LTL shall have 21 days after the Final Statement Deadline to raise any informal objection to final allowance of the fees and expenses sought by a Final Statement or any other fees and expenses incurred by a Retained Professional during the Chapter 11 Case that were previously allowed on an interim basis, by serving on the applicable Retained Professional an objection in writing setting forth the nature of the objection and the amount of fees and expenses at issue (an "Objection"). LTL may withhold payment of the portion of a Final Statement to which any Objection is directed and shall promptly pay amounts not subject to an Objection.

  d. Thereafter, LTL and the affected Retained Professional may attempt to resolve the Objection on a consensual basis. If the Objection is not resolved within 14 days after service of the Objection, the affected Retained Professional may file a response to the Objection with the Court. The Court will then schedule a hearing, at the Court's convenience, to consider and dispose of the Objection. LTL may file a reply in support of the Objection within 4 days of the applicable hearing date.

  e. All Retained Professionals' fees for services rendered or expenses incurred in the Chapter 11 Case through the Dismissal Date that are not subject to an Objection or are allowed by the Court after considering and

7

disposing of an Objection, shall be allowed on a final basis. LTL shall promptly pay any unpaid amounts that are allowed pursuant to this Order.

 f. This Dismissal Order supersedes the *Order Establishing Procedures for the Allowance of Interim Compensation and Reimbursement of Expenses of Retained Professionals* [ECF No. 761] and the *Order Appointing an Independent Fee Examiner and Establishing Procedures* [ECF. No. 1922] to the extent inconsistent with this Dismissal Order.

6. <u>Reimbursement of Expenses Incurred by Committee Member Representatives</u>. A representative of a member of the TCC (a "<u>Representative</u>") may requests payment of expenses incurred pursuant to this Court's *Agreed Order Regarding Procedures for the Reimbursement of Expenses Incurred By Committee Member Representatives* [ECF 3783] (the "<u>Reimbursement Order</u>") in accordance with the following procedures:

 a. A Representative may submit a written request for payment of expenses incurred through and including the Dismissal Date (a "<u>Reimbursement Request</u>") by serving such request on LTL no later than 30 days following the Dismissal Date. A Reimbursement Request must include copies of any supporting documentation for the Representative Expenses.

 b. LTL shall have 14 days after service of the Reimbursement Request (unless extended by agreement of the parties) to raise any Objection regarding the Reimbursement Requests.

 c. If no Objections are raised or Objections are raised as to some but not all of the Representative Expenses (as defined in the Reimbursement Order), LTL shall pay those Representative Expenses not objected to within 21 days after their submission.

 d. If the parties are not able to resolve any Objection within 14 days after notification of such Objection, the affected Representative may, within 7 days thereafter, file a response to the Objection with the Court, to which LTL may reply within 4 days of the applicable hearing date. The Court will schedule a hearing, at the Court's convenience, to consider and dispose of the Objection to the Reimbursement Request.

 e. This Dismissal Order amends and supersedes the Reimbursement Order to the extent the Reimbursement Order is inconsistent with this Dismissal Order, <u>provided, however</u>, to the extent that any Reimbursement Requests were made prior to the Dismissal Date, LTL shall promptly pay such Reimbursement Requests in accordance with the procedures set forth in the Reimbursement Order.

8

7. <u>Post-Dismissal Fees</u>. Any Retained Professionals of the TCC seeking compensation for services rendered to the TCC in accordance with this Dismissal Order from the Dismissal Date through and including the date the TCC is dissolved (the "<u>Post-Dismissal Period</u>"), shall

    a. serve a statement (the "<u>Post-Dismissal Statement</u>") for all of its fees and expenses incurred during the Post-Dismissal Period (the "<u>Post-Dismissal Request</u>") on LTL periodically, but no more than once every 30 days, with any final Post-Dismissal Statement being served on LTL no later than 45 days following the exhaustion of the Appeals.

    b. LTL shall have 14 days after service of the Post-Dismissal Statement (unless extended by agreement of the parties) to raise any Objections regarding the Post-Dismissal Request.

    c. If no Objections are raised or Objections are raised as to some but not all of the Post-Dismissal Request, LTL shall pay those fees and expenses not objected to within 21 days after their submission.

    d. If the parties are not able to resolve any Objection within 14 days after notification of such Objection, the affected Retained Professional may, within 7 days thereafter, file a response with the Court, to which LTL may reply within 4 days of the applicable hearing date. The Court will schedule a hearing, at the Court's convenience, to consider and dispose of the Objection to the Post-Dismissal Statement.

8. <u>Substantial Contribution Motions</u>. Any party seeking payment of a claim for substantial contribution may file and serve a motion seeking such relief ("<u>Substantial Contribution Motion</u>") no later than 30 days following the Dismissal Date. The Court will schedule a hearing, at the Court's convenience, to consider the Substantial Contribution Motion. LTL may object to the Substantial Contribution Motion no later than 7 days prior to the hearing date, and the movant may reply no later than 4 days prior to the hearing date.

9. <u>Limited Continued Existence of TCC</u>. The TCC shall remain in existence after the Dismissal Date solely to pursue or defend any Appeals and its Retained Professionals shall be authorized to continue to perform services on the TCC's behalf. Upon the date that LTL files a

9

notice with the Court indicating that the Appeals are exhausted or LTL will not pursue the Appeals, the TCC shall be automatically dissolved, and all members and professionals retained by the TCC shall be discharged from all duties, responsibilities, and obligations arising from, or related to the TCC. Following such dissolution, any attorney-client privilege and similar rights previously held by the TCC shall remain in existence and shall be enforceable by any person or entity that was a member of the TCC as of its dissolution (directly or indirectly through their respective counsel or other representative).

10.  *Discharge of the FCR.* On the Dismissal Date, the appointment of the legal representative for future talc claimants in this Chapter 11 Case (the "FCR") shall be terminated, and all professionals retained by the FCR shall be discharged from all duties, responsibilities, and obligations arising from or related to the FCR. Following such termination, any attorney-client privilege and similar rights previously held by the FCR shall remain in existence and shall be enforceable by the FCR (directly or indirectly through her respective counsel or other representative).

11.  *Discharge of the Co-Mediators.* The co-mediators are discharged of all duties, responsibilities, and obligations from or related to the court-ordered mediation in this Chapter 11 Case. Within 14 days of this Dismissal Order, the co-mediators shall submit to LTL final invoices for services rendered and expenses incurred, and LTL shall promptly pay such invoices.

12.  *Discharge of Court-Appointed Expert.* The Court-Appointed Expert and all professional retained by the Court-Appointed Expert are discharged from all duties, responsibilities, and obligations from or related to the Court-Appointed Expert. Within 30 days of the entry of this Dismissal Order, the Court-Appointed Expert shall submit to LTL final invoices for all unbilled services rendered and expenses incurred by him and his professionals in the manner

10

described in the *Order Confirming Procedures for Payment and Reimbursement of the Court-Appointed Estimation Expert's Professionals* [ECF No. 3721], and LTL shall promptly pay such invoices.

13. <u>Discharge of the Fee Examiner</u>. On the Dismissal Date, the appointment of the independent fee examiner in this Chapter 11 Case (the "Fee Examiner") shall be terminated, and his professionals shall be discharged from all duties, responsibilities, and obligations arising from or related to their retention by the Fee Examiner. Within fourteen (14) days of the entry of this Dismissal Order, the Fee Examiner and any professional retained by him shall submit to LTL final invoices for services rendered and expenses incurred, and LTL shall promptly pay such invoices.

14. <u>Services of Epiq Corporate Restructuring, LLC</u>. Epiq is authorized to assist LTL with service of this Dismissal Order. On about 30 days after the entry of this Dismissal Order, Epiq Corporate Restructuring, LLC ("Epiq"), as the Debtor's claims and noticing agent, shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket a combined final claims register containing claims against the Debtor, and (d) box and transport all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims. Epiq shall be relieved of its responsibilities as the Debtor's claims and noticing agent in this Chapter 11 Case following the conclusion of such services pursuant to this Dismissal Order. Epiq shall be entitled to payment and reimbursement of its fees and costs from LTL. Epiq is authorized to take all actions necessary and appropriate to effectuate the terms of this Dismissal Order.

11

15. <u>Dismissal of Adversary Proceedings</u>. On the Dismissal Date, adversary proceedings *LTL Management LLC v. Moline*, Adv. Pro. 22-1393 (MBK); and *LTL Management LLC v. Emory et. al*, Adv. Pro. 23 1022 (MBK) shall each be deemed dismissed without prejudice.

16. <u>Payment of Quarterly Fees</u>. Not later than 30 days of the Dismissal Date, LTL shall pay to the U.S. Trustee any quarterly fees owed through the date of the Dismissal Date pursuant to 28 U.S.C. § 1930(a)(6).

17. <u>Continued Effect of Confidentiality Orders</u>. Notwithstanding any other provision of this Dismissal Order, any obligations arising under confidentiality agreements, joint interest agreements, the order appointing the expert pursuant to Rule of Evidence 706 [ECF No. 2881] and the companion order concerning the payment of his professionals [ECF No. 3721], and protective orders, if any, entered into during the Chapter 11 Case in connection with the Chapter 11 Case shall remain in full force and effect in accordance with their terms; provided, however, that the provisions set forth in paragraph 18 of this Dismissal Order shall supersede any contrary provisions in any agreed protective order entered in this Chapter 11 Case.

18. <u>Destruction of Documents by Third Parties</u>. Reasonably promptly following the closing of the Chapter 11 Case, any mediator appointed in the Chapter 11 Case and the Court-Appointed Expert and his professionals each shall destroy any documents, electronic files or information in his or their possession, custody, or control (or in the possession, custody, or control of their respective agents, experts or consultants) that were provided on a confidential basis by LTL, the FCR, the TCC, or plaintiff law firms or their respective counsel, or any of the TCC members, and shall certify destruction thereof to such providing party.

19. <u>Notice</u>. On or before seven days following the Dismissal Date, LTL shall serve notice of this Dismissal Order (including a copy of this Dismissal Order) pursuant to Bankruptcy

Rules 2002(f)(2) and 2002(k) on the TCC, the U.S. Trustee, the Master Service List, all entities that have requested notice pursuant to Bankruptcy Rule 2002, and such additional persons and entities deemed appropriate by LTL.

20. <u>Retained Jurisdiction</u>. Notwithstanding the dismissal of the Chapter 11 Case, this Court shall retain jurisdiction to hear and determine all matters arising from or related to the Chapter 11 Case, including without limitation, the interpretation, implementation, or enforcement of this Dismissal Order and the Court's prior orders, and to hear and consider Substantial Contribution Motions and any objection to a Final Fee Statement, a Reimbursement Request or a Post-Dismissal Statement.

21. <u>Immediate Effectiveness</u>. Notwithstanding any provisions in the Bankruptcy Rules to the contrary, this Dismissal Order shall be immediately effective and enforceable upon its entry.

Form 148 – ntcdsmcs

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
402 East State Street
Trenton, NJ 08608

                      Case No.: 21−30589−MBK
                      Chapter: 11
                      Judge: Michael B. Kaplan

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   LTL Management LLC
   fka Chenango One LLC
   501 George Street
   New Brunswick, NJ 08933

Social Security No.:

Employer's Tax I.D. No.:
   87−3056622

## NOTICE OF ORDER DISMISSING CASE

    NOTICE IS HEREBY GIVEN that an Order Dismissing the above captioned Case was entered on 4/4/23.

    Any discharge which was granted in this case is vacated. All outstanding fees to the Court incurred by the dismissed debtor(s) are due and owing and must be paid within seven (7) days from the date of this Order.

    This dismissal may mean that the debtor is ineligible to file another bankruptcy petition for 180 days under 11 U.S.C. § 109(g).

Dated: April 4, 2023
JAN: wiq

                                                                                          Jeanne Naughton
                                                                                         Clerk