| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br><br><br>*Proposed Local Counsel to the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael S. Winograd, Esq.<br>Eric R. Goodman, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>egoodman@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br><br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>jmassey@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br><br>*Proposed Special Counsel for the Official Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br><br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |

| | |
|---|---|
| In Re:<br><br>**LTL MANAGEMENT, LLC,**[1]<br><br>　　　　　　　　Debtor.<br>LTL MANAGEMENT LLC,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>　　　　　　　　Defendants. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan<br><br><br><br><br>Adv. Proc. No.: 23-01092 (MBK) |

**APPLICATION IN SUPPORT OF THE MOTION TO SEAL THE REDACTED PORTIONS OF THE
OBJECTION OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS
TO DEBTOR'S MOTION FOR AN ORDER
(I) DECLARING THAT THE AUTOMATIC STAY APPLIES OR EXTENDS
TO CERTAIN ACTIONS AGAINST NON-DEBTORS,
(II) PRELIMINARILY ENJOINING SUCH ACTIONS, AND
(III) GRANTING A TEMPORARY RESTRAINING
<u>ORDER EX PARTE PENDING A HEARING ON A PRELIMINARY INJUNCTION</u>**

The Official Committee of Talc Claimants (the "**TCC**" or the "**Committee**") in the above-captioned case of LTL Management, LLC (the "**Debtor**" or "**LTL**"), respectfully submits, by and through its proposed counsel, this application in support of the Committee's motion pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1 (the "**Motion to Seal**") for entry of an order, substantially in the form submitted herewith, (A) for authority to file under seal the redacted portions of the Committee's objection (the "Objection") , filed substantially contemporaneously herewith,[1] to the *Debtor's Motion for an Order (I) Declaring That the*

---

[1]  A redacted version of the Objection has been filed immediately prior to the filing of this Motion to Seal. An unredacted version of the Objection is being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov)).

2

*Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions, and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing on a Preliminary Injunction* [Adv. Pro. Dkt. No. 2] (the "**Motion**") filed on April 4, 2023 in the above-captioned adversary proceeding, and (B) granting the Committee such other and further relief as the Court deems necessary, appropriate and consistent with the goals of the Motion to Seal. In support of this this Motion to Seal, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. The redacted portions of the Objection include certain information designated by the Debtor as being confidential in accordance with that certain proposed *Agreed Protective Order Governing Confidential Information by and Between the Official Committee of Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)* (the "Proposed Protective Order"[2]). For purposes of submitting its Objection in a timely manner, the Committee is, at this time, respecting the Debtors' confidentiality designations (collectively, the "Confidential Information"), subject to the terms of the Proposed Protective Order (with all of the Committee's rights thereunder being expressly preserved).

2. For the reasons set forth herein, the Committee respectfully requests that the Motion to Seal be granted.

## JURISDICTION

3. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[2] As of the submission of this Motion to Seal, the Proposed Protective Order has not been finalized for submission to the Court.

Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein include 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1.

## BACKGROUND

4.  The Debtor commenced the Chapter 11 case on April 4, 2023 (the "**Petition Date**"). No trustee has been appointed in the case, and the Debtor continues to operate as debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

5.  The Committee was appointed on April 14, 2023 [Docket No. 162].

6.  The above-captioned adversary proceeding and the subject Motion filed there were filed on the Petition Date.

7.  The Committee's Objection sets forth relevant preliminary and background matters which are incorporated herein by reference.

## APPLICABLE LAW

8.  Bankruptcy Code Section 107 provides, in relevant part, the following: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information…." *See* 11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….").

9.  Under Section 107(b)(1), "if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). The party seeking the sealing of part of the judicial record "'bears the burden of showing that the material is the kind of

4

information that courts will protect.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citation omitted). In the context of Section 107(b)(1), "commercial information" has been defined as information which would cause "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Orion Pictures*, 21 F.3d at 27 (citation omitted).

10. As previously stated, the Confidential Information redacted from the Committee's Objection includes certain information designated by the Debtor as being confidential in accordance with the Proposed Protective Order. For purposes of submitting its Objection in a timely manner, the Committee is, at this time, respecting the Debtors' confidentiality designations (collectively, the "Confidential Information"), subject to the terms of the Proposed Protective Order (with all of the Committee's rights thereunder being expressly preserved).

11. Therefore, the Committee's Motion to Seal should be granted.

## NO PRIOR REQUEST

12. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court.

## RESERVATION OF RIGHTS

13. The Committee reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to seek the public disclosure of the materials under seal or currently subject to redaction.

**CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that this Court (i) grant the Motion to Seal, (ii) enter the form of order substantially in the form submitted herewith, and (iii) grant such other and further relief as it deems necessary, appropriate and consistent with the goals of the Motion to Seal.

Dated: April 17, 2023

**GENOVA BURNS LLC**

By: */s/ Donald W. Clarke*
    Daniel M. Stolz, Esq.
    Donald W. Clarke, Esq.
    110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel:    (973) 230-2095
Fax:    (973) 533-1112
Email: DStolz@genovaburns.com
        DClarke@genovaburns.com

*Proposed Local Counsel for the Official Committee of Unsecured Creditors*

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SEAL THE REDACTED PORTIONS OF THE COMMITTEE'S SUPPLEMENTAL OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DEBTORS' RETENTION PROGRAMS AND (II) GRANTING RELATED RELIEF**