| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel to the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael S. Winograd, Esq.<br>Eric R. Goodman, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>egoodman@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br><br>*Proposed Special Counsel for the Official Committee of Talc Claimants* | **OTTERBOURG P.C**.<br>Melanie L. Cyganowski, Esq.<br>Richard G. Haddad, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>David A. Castleman, Esq.<br>mcyganowski@otterbourg.com<br>rhaddad@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>dcastleman@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 661-9100<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for Official Committee of Talc Claimants* |

|  |  |
|---|---|
| In re:<br>**LTL MANAGEMENT LLC**,[1]<br><br>                    Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |
| **LTL MANAGEMENT LLC**,<br><br>                    Plaintiff,<br><br>   v.<br><br>**THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000**,<br><br>                    Defendants. | Adv. Pro. No. 23-01092 (MBK) |

**MOTION OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS TO INTERVENE IN PRELIMINARY INJUNCTION ADVERSARY PROCEEDING**

The Official Committee of Talc Claimants (the "Committee") of LTL Management LLC, (the "Debtor") respectfully submits this motion (the "Motion"), pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure, made applicable to this case by Federal Rule of Bankruptcy Procedure 7024, and Section 1109 of the Bankruptcy Code, for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") authorizing the Committee to

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2

intervene in the above-captioned adversary proceeding (the "Adversary Proceeding"). In support of this Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Debtor commenced the Adversary Proceeding by filing a complaint (the "Complaint") seeking (i) a declaratory judgment that the Debtor's automatic stay applies to the assertion and prosecution of talc claims against the Debtor's parent and non-debtor affiliates, and (ii) a preliminary injunction and temporary restraining order enjoining such actions.

2. The Federal Rules grant the Committee, as the official fiduciary representative of talc claimants, the absolute right to intervene in order to speak directly for such creditors and ensure that their interests are fully protected in the Adversary Proceeding.

## NATURE AND STAGE OF THIS PROCEEDING

3. On April 4, 2023, the Debtor filed a voluntary petition for chapter 11 relief in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") [Docket No. 1];

4. Also on April 4, 2023, the Debtor commenced this Adversary Proceeding by filing the Complaint.

5. On April 14, 2023, the United States Trustee filed the Notice of Appointment of the Official Committee of Talc Claimants [Docket No. 162].

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and the *Amended Standing Order of Reference from the United States District Court for the District of New Jersey*, dated September 18, 2012. Venue is proper before this Court pursuant

to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

7. The statutory bases for the relief requested herein are section 1109(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 24 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELEVANT FACTUAL BACKGROUND

8. The relevant factual background for this Motion can be found in the *Informational Brief of the Ad Hoc Committee of Certain Talc Claimants Regarding Second Bankruptcy Filing by LTL Management, LLC* [Docket No. 79], the *Debtor's Statement Regarding Refiling of Chapter 11 Case* [Docket No. 3], and in the *Declaration of John K. Kim in Support of First Day Pleadings* [Docket No. 4].

## RELIEF REQUESTED

9. The Committee seeks an order of this Court authorizing the Committee to intervene in this Adversary Proceeding pursuant to Section 1109(b) of the Bankruptcy Code, Federal Rule 24, and Bankruptcy Rule 7024.

## ARGUMENT

10. Under Federal Rule 24(a) and Bankruptcy Rule 7024, intervention is mandatory where the proposed intervenor "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a); Bankr. R. Civ. P. 7024. Federal Rule 24 should be interpreted liberally in favor of intervention. ACR Energy Partners, LLC v. Polo N. Country Club, Inc., 309 F.R.D. 191, 192 (D.N.J. 2015) ("Courts, however, liberally construe Rule 24(a) in favor of intervention.") (citations omitted). The Committee readily satisfies the requirement for mandatory intervention.

4

11. The federal statute granting the Committee an unconditional right to intervene in this action is Section 1109(b) of the Bankruptcy Code, which provides that "[a] party in interest, including . . . a creditors' committee . . . may raise and may appear and be heard on any issue in a case under this chapter." Section 1109(b) provides an statutory right to intervene in adversary proceedings under Federal Rule 24(a)(1). See Official Unsecured Creditors' Comm. v. Michaels (In re Marin Motor Oil, Inc.), 689 F.2d 445, 450-51 (3d Cir. 1982) (recognizing an unqualified right to intervene in an adversary proceeding under Section 1109(b) of the Bankruptcy Code and holding that the term "case" as used in Section 1109(b) includes adversary proceedings); In re First Interregional Equity Corp., 218 B.R. 731, 735 (Bankr. D.N.J. 1997) ("The Third Circuit has interpreted the language of § 1109(b) to confer upon a creditor's committee the absolute right to intervene in an adversary proceeding.").

12. The Committee was appointed by the United States Trustee under Section 1102 of the Bankruptcy Code, which provides for the appointment of statutory committees of unsecured creditors. Thus, there can be no dispute that the Committee is entitled to intervene in this Adversary Proceeding pursuant to Section 1109(b), which specifically lists "a creditors' committee" as an example of parties entitled to appear and be heard on "any issue in a case" under Chapter 11 of the Bankruptcy Code. Intervention by the Committee is therefore mandated by Federal Rule 24(a)(1).

## CONCLUSION

Based on the foregoing, the Committee should be allowed to intervene in the Adversary Proceeding as of right. Accordingly, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to intervene in the Adversary Proceeding.

Dated: April 17, 2023

Respectfully submitted,

**GENOVA BURNS LLC**

By: */s/ Daniel M. Stolz*
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Tel: 973-467-2700
Fax: 973-467-8126
Email:  dstolz@genovaburns.com
dclarke@genovaburns.com

*Proposed Local Counsel to the Official Committee of Talc Claimants*