**In the Matter Of:**

*IN RE LTL Management LLC Bankruptcy*

---

*JOHN KIM*

*April 14, 2023*

---

1

```
 1              UNITED STATES BANKRUPTCY COURT

 2                 DISTRICT OF NEW JERSEY

 3

 4   IN RE:                        Chapter 11

 5

 6   LTL MANAGEMENT LLC,      Case No.:  23-12825 (MBK)

 7

 8            Debtor,

 9   _____/

10

11           * C O N F I D E N T I A L  *

12            VIDEOTAPED DEPOSITION

13                    OF

14                 JOHN KIM

15          FRIDAY, APRIL 14, 2023

16

17

18

19

20

21

22   Reported by:

23   Bridget Lombardozzi, CSR, RMR, CRR

24   JOB NO. 2023-893116

25
```

IN RE LTL Management LLC Bankruptcy
John Kim
April 14, 2023
Confidential

2

```
 1
 2
 3
 4                   Stenographic videotaped
 5   deposition of JOHN KIM taken on behalf of the
 6   Official Committee of Talc Claimants 1 and others
 7   similarly situated, commencing at 2:23 p.m., on
 8   Friday, April 14, 2023, at the offices of Skadden,
 9   Arps, Slate, Meagher & Flom LLP, One Manhattan
10   West, New York, New York, before Bridget
11   Lombardozzi, Certified Shorthand Reporter,
12   Registered Merit Reporter, Certified Realtime
13   Reporter, and Notary Public of the State of New
14   York, pursuant to notice.
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                              3
 1    A P P E A R A N C E S:

 2

 3    Attorneys for Official Committee of Talc

 4    Claimants 1:

 5

 6         BROWN RUDNICK

 7         7 Times Square

 8         New York, New York 10036

 9    BY: JEFFREY JONAS, ESQ.

10         jjonas@brownrudnick.com

11         MICHAEL S. WINOGRAD, ESQ.

12         mwinograd@brownrudnick.com

13         JENNIFER SCHEIN, ESQ. (Remote)

14         jscheinbrownrudnick.com

15         SUSAN SIEGER-GRIMM, ESQ. (Remote)

16         ssieger-grimm@brownrudnick.com

17         W. LYDELL BENSON, ESQ.

18         WLBenson@brownrudnick.com

19

20         GENOVA BURNS

21    BY: DANIEL M. STOLZ, ESQ. (Remote)

22         Genova Burns

23         494 Broad Street

24         Newark, NJ  07102

25         dstolz@genovaburns.com
```

4

```
 1   A P P E A R A N C E S (Continued)

 2

 3   ATTORNEYS FOR DEBTORS:

 4        JONES DAY

 5        250 Vesey Street

 6        New York, New York  10281

 7   BY: DAVID S. TORBORG, ESQ. (Remote)

 8        dtorborg@jonesday.com

 9

10   FOR TALC CLAIMANT RANDY DEROUEN AND OTHER TALC

11   CLAIMANTS:

12        JEROME H. BLOCK, ESQ. (Remote)

13        MOSHE MAIMON, ESQ. (Remote)

14        LEVY KONIGSBERG LLP

15        605 Third Avenue, 33rd Floor

16        New York, New York 10158

17

18   COUNSEL FOR KATHERINE TOLLEFSON:

19

20        MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC

21   BY:  CLAYTON THOMAS, ESQ. (Remote)

22        150 W 30th Street

23        Suite 201

24        New York, NY 10001

25
```

Case 23-01092-MBK   Doc 50   Filed 04/17/23   Entered 04/17/23 16:06:02   Desc Main
IN RE LTL Management LLC Bankruptcy      Page 6 of 36
John Kim
Confidential
April 14, 2023

5

```
 1    A P P E A R A N C E S (Continued)

 2    FOR CERTAIN MESOTHELIOMA CREDITORS:

 3

 4        KAZAN MCCLAIN SATTERLEY & GREENWOOD

 5    BY JOSEPH SATTERLEY, ESQ. (Remote)

 6        55 Harrison Street

 7        Ste. 490

 8        Oakland, California 94607

 9

10    FOR AD HOC COMMITTEE OF TALC CLAIMANTS

11

12        RACHEL S. MORSE, ESQ. (Remote)

13        Massey & Gall LLP

14        50 E. Washington Street

15        Suite 400

16        Chicago, Illinois  60602

17        rmorse@masseygall.com

18

19    ATTORNEYS FOR PAUL CROUCH:

20

21    THE RUCKDESCHEL LAW FIRM, LLC.

22    BY:  JONATHAN RUCKDESCHEL, ESQ. (Remote)

23        8357 Main Street

24        Ellicott City, MD 21043

25        Ruck@rucklawfirm.com
```

Case 23-01092-MBK    Doc 50    Filed 04/17/23    Entered 04/17/23 16:06:02    Desc Main
IN RE LTL Management LLC Bankruptcy    Document    Page 7 of 36
John Kim
April 14, 2023
Confidential

6

```
 1   A P P E A R A N C E S (Continued):

 2

 3   WHITE & CASE LLP

 4   Attorneys for Johnson & Johnson Entities

 5        1221 Avenue of the Americas

 6        New York, New York 10020-1095

 7   BY: GREGORY STARNER, ESQ.

 8        Gstarner@whitecase.com

 9        MATTHEW E. LINDER, ESQ. (Remote)

10        mlinder@whitecase.com

11

12

13   ATTORNEYS FOR CERTAIN MESOTHELIOMA CREDITORS:

14   KAZAN MCCLAIN SATTERLEY & GREENWOOD

15        Jack London Market

16        55 Harrison Street, Suite 400

17        Oakland, California  94607

18   BY: JOSEPH D. SATTERLEY, ESQ. (Remote)

19

20   PACHULSKI, STANG, ZIELH & JONES

21   Attorneys for Arnold & Itkin

22        10100 Santa Monica Blvd., 13th Floor

23        Los Angeles, California 90067-4003

24   BY: MARY CALOWAY, ESQ. (Remote)

25        mcaloway@pszjlaw.com
```

Case 23-01092-MBK   Doc 50   Filed 04/17/23   Entered 04/17/23 16:06:02   Desc Main
IN RE LTL Management LLC Bankruptcy    Document    Page 8 of 36
John Kim
Confidential
April 14, 2023

7

```
 1    A P P E A R A N C E S (Continued):

 2    COHEN PLACITELLA & ROTH LAW OFFICES

 3    Attorneys for TCC II

 4        127 Maple Avenue

 5        Red Bank, New Jeresy

 6    BY: CHRISTOPHER PLACITELLA, ESQ. (Remote)

 7        cplacitella@cprlaw.com

 8

 9    OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.

10    Attorneys for (not provided by counsel)

11        230 Park Avenue

12        New York, New York  10169-0005

13    BY:  RICHARD HADDAD, ESQ.

14        rhaddad@otterbourg.com

15

16    WOMBLE BOND DICKINSON

17    Attorneys for Ad Hoc Committee for States

18    Attorneys General

19        100 Light Street

20        26th Floor

21        Baltimore, Maryland  21202

22    BY: LISA BITTLE TANCREDI, ESQ.

23        Lisa.Tancredi@wbd-us.com

24        ERICKA JOHNSON, ESQ.

25        Ericka.Johnson@wbd-us.com
```

Case 23-01092-MBK   Doc 50   Filed 04/17/23   Entered 04/17/23 16:06:02   Desc Main
IN RE LTL Management LLC Bankruptcy   Document   Page 9 of 36
John Kim
April 14, 2023
Confidential

8

1   A P P E A R A N C E S (Continued):

2

3   ATTORNEYS FOR ALISHIA LANDRUM AND OTHER TALC INJURY

4   CLAIMANTS:

5

6       BEASLEY ALLEN LAW FIRM

7   BY: TED G. MEADOWS, ESQ. (Remote)

8       P. LEIGH O'DELL, ESQ.

9       218 Commerce Street

10      Montgomery, Alabama  36104

11

12

13

14   ALSO PRESENT (All appearing remotely):

15

16   DEANE CARSTENSEN, Legal Videographer, Lexitas

17   GERARD CICERO

18   DOUGLAS van OISTE

19   MICHELLE PARFITT

20   STEPHANIE MARTIN, Skadden

21   KATE MULLALEY, Skadden

22   JACOB EISENBERG, FTI Consulting

23   JIM MURDICA

24   KEN ROSEN

25   JAMES GREEN

Case 23-01092-MBK   Doc 50   Filed 04/17/23   Entered 04/17/23 16:06:02   Desc Main
IN RE LTL Management LLC Bankruptcy   Document   Page 10 of 36
John Kim
April 14, 2023
Confidential

9

```
 1   MIKAL

 2   MARK ROBINSON

 3   MICHAEL COREN

 4   TRACY HUGHES

 5   HARRY ROTH

 6   KENNETH AULET

 7   MIKE BERKIN

 8   ERIK HAAS

 9   KEVIN CALCAGNIE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Confidential

10

```
 1                    TABLE OF CONTENTS

 2      WITNESS                               PAGE

 3      JOHN KIM

 4          Examination by Mr. Jonas            16

 5          Examination by Mr. Block           178

 6          Examination by Mr. Ruckdeschel     200

 7          Examination by Mr. Thompson        209

 8

 9

10

11                   E X H I B I T S

12      KIM NUMBER        DESCRIPTION          PAGE

13

14      Exhibit 1    Voluntary Petition 04/20    17

15                   NO BATES, 22 pages

16

17      Exhibit 2    Voluntary Petition 06/22    23

18                   NO BATES, 24 pages

19

20      Exhibit 3    Amended and Restated        45

21                   Funding Agreement

22                   LTL 0002300-20

23

24      Exhibit 4    Kim Declaration 10-14-21    63

25                   NO BATES, 54 pages
```

```
 1                    E X H I B I T S

 2     KIM NUMBER        DESCRIPTION                   PAGE

 3     Exhibit 5     Kim Declaration 4-4-23            104

 4                   NO BATES, 126 pages

 5

 6     Exhibit 6     Plan Support Agreement            130

 7                   March 21, 2023

 8                   LTLMGMT-00000273-858

 9

10     Exhibit 7     Plan Support Agreement            135

11                   March 21, 2023

12                   LTLMGMT-00001531-44

13

14     Exhibit 8     Plan Support Agreement            136

15                   March 21, 2023

16                   LTLMGMT-00001545-83

17

18     Exhibit 9     Term Sheet                        137

19                   LTLMGMT-00002628-40

20

21     Exhibit 10    Nondisclosure Agreement           146

22                   LTLMGMT-00002680-83

23

24     Exhibit 11    3-16-23 Meeting Minutes           150

25                   LTLMGMT-00002626-27
```

12

1                    E X H I B I T S

2    KIM NUMBER       DESCRIPTION                    PAGE

3

4    Exhibit 12    3-28-23 Meeting Minutes           154

5                  LTLMGMT-00000001-05

6

7    Exhibit 13    3-28-23 Presentation to           160

8                  Board of Managers

9                  LTLMGMT-00002641-67

10

11   Exhibit 14    3-28-23 Presentation to           161

12                 Board of Managers

13                 LTLMGMT-00000233-59

14

15   Exhibit 15    4-2-23 Meeting Minutes            169

16                 LTLMGMT-00000006-19

17

18   Exhibit 16    4-2-23 Presentation to            173

19                 Board of Managers

20                 LTLMGMT-00002688-79

21

22   Exhibit 17    J&J Fair Market Value -           175

23                 GH Biotech Holdings

24                 LTLMGMT-00000195-232

25

John Kim
Confidential
April 14, 2023

13

```
 1              E X H I B I T S

 2    KIM NUMBER       DESCRIPTION                    PAGE

 3

 4    Exhibit 18   US SEC Form 8-K                    176

 5                 Johnson & Johnson 4-4-23

 6                 NO BATES, 7 pages

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Case 23-01092-MBK    Doc 50    Filed 04/17/23    Entered 04/17/23 16:06:02    Desc Main
IN RE LTL Management LLC Bankruptcy          Page 15 of 36
Document
Confidential

John Kim
April 14, 2023

14

1                    DEPOSITION SUPPORT INDEX

2

3    INSTRUCTION TO WITNESS NOT TO ANSWER

4    Page Line

5     60    11

6     81     2

7     84     2

8    207    24

9    212    17

10   213    21

11   214     6

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case 23-01092-MBK   Doc 50   Filed 04/17/23   Entered 04/17/23 16:06:02   Desc Main
IN RE LTL Management LLC Bankruptcy        Page 16 of 36                     John Kim
Confidential                                                             April 14, 2023

15

```
 1              -  -  -

 2          2:23 p.m.

 3      April 14, 2023

 4              -  -  -

 5          We are on the record.

 6  Today's date is April 14th, 2023, and

 7  the time on the video is 2:23 p.m.

 8  This is Video 1 in the deposition of

 9  John Kim in the matter of LTL

10  Management LLC versus those parties

11  listed on Appendix A to the complaint

12  and John Does 1 to 1,000 in the U.S.

13  Bankruptcy Court, District of New

14  Jersey, Adversarial No. 23-01092

15  (MBK).

16          This deposition is taking

17  place at One Manhattan West, New York,

18  New York.  The videographer is Dmitry

19  Zvonkov, the court reporter is Bridget

20  Lombardozzi, both with Lexitas.

21          All appearances will be noted

22  on the stenographic record.

23          Will the reporter please

24  swear in the witness.

25          J O H N   K I M, having been
```

Case 23-01092-MBK   Doc 50   Filed 04/17/23   Entered 04/17/23 16:06:02   Desc Main
IN RE LTL Management LLC Bankruptcy   Document   Page 17 of 36                    John Kim
Confidential                                                                 April 14, 2023

16

1                 duly sworn, was examined and testified

2            as follows:

3                         THE REPORTER:  Thank you.

4                         You may proceed.

5    DIRECT-EXAMINATION

6    BY MR. JONAS:

7        Q.   Good afternoon, Mr. Kim.  How are you?

8        A.   Fine, Mr. Jonas.  Good afternoon.

9        Q.   Good.  I think you know I'm Jeff Jonas

10   from Brown Rudnick representing the Ad Hoc Group

11   of CAE claimants in the LTL second bankruptcy.

12                 And I think you know the rules of the

13   road, but I'll just review them briefly.  We're

14   here to have you testify as completely and

15   truthfully as possible.

16       A.   Right.

17       Q.   So if there's any questions that you

18   don't understand or that you don't hear, just let

19   me know and we'll read them back or I'll try and

20   make it more clear.

21                 Is that okay?

22       A.   Okay.

23       Q.   Okay.  Is there any reason you're aware

24   of that you can't testify completely and

25   truthfully today?

Confidential

17

1      A.   Not that I'm aware of, no.

2      Q.   Great.  Okay.  With that, let's get to

3   work.

4                  MR. JONAS:  Can I have Kim --

5           Deane, can we put up Kim -- why don't

6           we start with 8.

7                  And get mine ready so we

8           can --

9                  MR. BENSON:  Okay.

10                 MR. JONAS:  You can hand that

11          out.

12                 THE REPORTER:  So will this

13          be Kim 1 or Kim 8?

14                 MR. JONAS:  Kim 1.

15                 THE REPORTER:  Okay.

16                 MR. JONAS:  I'm sorry.

17          That's just a reference for the --

18          pulling them up.

19                 (Whereupon, exhibit is

20          received and marked Kim Deposition

21          Exhibit 1 for identification.)

22                 THE REPORTER:  Kim-1 for

23          identification.

24                 THE WITNESS:  Thank you.

25   BY MR. JONAS:

Case 23-01092-MBK    Doc 50    Filed 04/17/23    Entered 04/17/23 16:06:02    Desc Main
IN RE LTL Management LLC Bankruptcy         Page 19 of 36                     John Kim
                              Document                                       April 14, 2023
                              Confidential

62

1    Agreement One in our life.

2        A.    Mm-hmm.

3        Q.    On page 6, I just want to confirm your

4    understanding of some of these words.  In

5    subsection C on page 6, where it says "The funding

6    of any amounts to satisfy," and then 1.(i) talks

7    about the "payee's talc-related liabilities

8    established by a judgment of a court of competent

9    jurisdiction or final settlement thereof at any

10   time when there is no proceeding under the

11   bankruptcy code pending with respect to the

12   payee."

13            Do you see that?

14       A.    Yeah, I do see that.

15       Q.    Okay.  And is that your under -- is

16   that -- is it your understanding that what that

17   section means is that funding agreement, the first

18   funding agreement, was available to LTL if there

19   was no pending bankruptcy cases?

20       A.    To the extent that this agreement was

21   still in force, I would say yes.

22       Q.    Okay.  Okay.  Okay.  Let's take a

23   look -- we're going to mark I guess it will be

24   Kim-4.

25                    MR. JONAS:  Kim number 3,

72

1    what is available to LTL under the funding

2    agreement, the -- the new funding agreement, to

3    satisfy talc claims and other obligations?

4         A.    That would be whatever -- it would be

5    the -- the Holdco funding arrangements.

6         Q.    Okay.  So that's -- and you think the

7    value of Holdco is roughly -- again, I know --

8         A.    No.

9         Q.    I'm not holding you to it.  I know you

10   -- is roughly $30 billion.

11        A.    Well, that's the -- that's the current

12   fair market value of the assets of Holdco.  What

13   Holdco will be doing in the future, you know, if

14   the -- you know, if -- under this hypothetical, if

15   the, you know -- if bankruptcy gets dismissed,

16   yeah, I don't know that I can answer what that --

17   what that number is going to be.

18        Q.    Oh, it might be less than $30 billion?

19        A.    Could be more.

20        Q.    Could be more?  How could it be more?

21        A.    Holdco could -- could increase in value.

22        Q.    Oh, okay.

23              And under Funding Agreement One, if it

24   was still in existence and if you were outside of

25   bankruptcy, what value under Funding Agreement One

74

1      Q.   It was actually more than that, wasn't

2   it?  It had increased from the time you signed the

3   funding agreement until when the bankruptcy was

4   dismissed.  The value of JJCI had increased from

5   $60-odd-billion to something more than that, is

6   that not right?

7      A.   I don't -- I don't know.

8      Q.   Okay.  But just to put a point on it,

9   the moment in time when the bankruptcy -- when

10   Bankruptcy Number One was dismissed and the --

11   before the two hours or so later that you filed

12   Bankruptcy Number Two, there was at least a moment

13   there where you had -- LTL had the benefit of the

14   first funding agreement, right?

15                 MS. BROWN:  I --

16      A.   No, I disagree.

17      Q.   You disagree.  And why do you disagree

18   with that?

19      A.   Because we had -- we had concluded that

20   there was a material risk that the funding

21   agreement was void or voidable as I stated in my

22   -- my declaration.

23      Q.   And who made the determination that the

24   funding agreement was void or voidable?

25      A.   At the end of the day, I guess I -- I

75

1   made that determination, that there was a material

2   risk that there was -- that the funding agreement

3   was void or voidable and informed the board and

4   the board made that determination.

5       Q.   When did you first -- when did it first

6   come into your mind that the funding agreement

7   might be void or voidable?

8       A.   I think around -- it must have been

9   right around the time of the Third Circuit

10  decision.

11      Q.   Okay.  And did anyone else comment to

12  you that, oh, my gosh, the funding agreement might

13  be void or voidable or just something you --

14  you -- you came up with?

15      A.   There were numerous discussions about

16  the enforceability of the funding agreement.

17      Q.   Okay.  Well, I want to drill down on

18  that.

19           The Third Circuit decision comes out and

20  it found that the filing was in bad faith and

21  needed to be dismissed, correct?

22      A.   It found that the filing -- that the

23  bankruptcy needed to be dismissed, yes.

24      Q.   And that was -- let me get my date

25  right.  That was on or about January 30th,

Case 23-01092-MBK    Doc 50    Filed 04/17/23    Entered 04/17/23 16:06:02    Desc Main
IN RE LTL Management LLC Bankruptcy    Document    Page 23 of 36    John Kim
Confidential    April 14, 2023

76

1   2023?

2       A.   Yes.

3       Q.   Okay.  So when -- following January

4   30th, 2023, and the Third Circuit decision,

5   approximately when was the first communication you

6   had with anybody about the possibility that the

7   funding agreement was void or voidable?  Again,

8   I'm not asking for substance or legal

9   communications.  I just want to know when the

10  first communication you had with anybody about the

11  possibility that it was void or voidable, when did

12  that happen?

13      A.   I think that day.

14      Q.   And had you -- and you had never thought

15  about it prior to that time?

16      A.   Never.

17      Q.   Never did any analysis of the funding

18  agreement?

19      A.   No.

20      Q.   What might happen if the bankruptcy's

21  dismissed?

22      A.   Not in line -- not -- not in line with

23  what the Third Circuit had said.

24      Q.   Hmm.  Well, what was it about what the

25  Third Circuit said that made you believe that the

Case 23-01092-MBK   Doc 50   Filed 04/17/23   Entered 04/17/23 16:06:02   Desc Main
IN RE LTL Management LLC Bankruptcy   Document   Page 24 of 36   John Kim
Confidential   April 14, 2023

77

1   funding agreement was void or voidable?

2       A.   There was a footnote that suggested that

3   it was ironic that funding -- the guarantee by

4   J & J which was done without -- that was not

5   required by J & J to do caused the bankruptcy to

6   be filed in bad faith.  So that -- that guarantee

7   was specifically put in in order to enhance the

8   prospects of bankruptcy.

9           And so immediately when the Third

10  Circuit said that not -- not only did it not

11  enhance the bankruptcy but, in fact, it thwarted

12  it, we thought that that -- it was unfair, that it

13  made little sense in the scheme of things, but

14  that that would render the guarantee void or

15  voidable because of various legal rationales.

16          So that -- that's on the -- that's why

17  the Third Circuit decision triggered -- triggered

18  that issue.

19      Q.   What -- what law firm advised LTL in

20  connection with the -- the negotiation of the

21  original funding agreement?

22      A.   That was Jones Day.

23      Q.   And has the board investigated or

24  requested other counsel to look at a malpractice

25  claim against Jones Day in connection with

Case 23-01092-MBK    Doc 50    Filed 04/17/23    Entered 04/17/23 16:06:02    Desc Main
IN RE LTL Management LLC Bankruptcy        Page 25 of 36                    John Kim
                    Document                                          April 14, 2023
                    Confidential

                                                                              82

1   take.  That's all put into the board minutes, I

2   think.

3              MS. BROWN:  And, Jeff, when

4         you get to a good spot, can we take a

5         break before you do a new subject?

6              MR. JONAS:  Just give me a

7         couple?

8              MS. BROWN:  Yep.

9              MR. JONAS:  Thank you.

10  BY MR. JONAS:

11       Q.   So when you -- when it first came to

12  your mind that the funding agreement must be void

13  or voidable, what -- what steps did you take in

14  that regard?

15             MS. BROWN:  Without revealing

16        legal advice, Mr. Kim.

17             MR. JONAS:  Yeah.  Yeah.

18        Always the case.

19       A.   I think there were numerous discussions

20  about the enforceability of -- of the funding

21  agreement.  There are certain alternatives to

22  bankruptcy.  You know, the -- the -- whether we

23  should be refiling for bankruptcy.

24       Q.   Well, the funding agreement -- I just

25  want to check.

Confidential

83

 1          The fund -- the parties to the funding

 2    agreement are LTL, right?

 3          A.   Yes.

 4          Q.   Johnson & Johnson Consumer, Inc., right?

 5          A.   Yes.  You're talking about the old --

 6          Q.   Yeah, the old funding agreement.

 7               And Johnson & Johnson, right?

 8          A.   Yes.

 9          Q.   So did you ever discuss with those

10    parties whether they thought the funding agreement

11    was void or voidable?

12          A.   There were discussions among counsel for

13    those parties.

14          Q.   Well, let me ask you.  Your -- again,

15    was it Johnson & Johnson or JJCI -- JJCI's view

16    that the agreement was void or voidable?

17                    MS. BROWN:  I think that's

18              going to implicate legal advice and

19              would cause you to speculate as well,

20              so I object.

21                    Can you answer that question

22              without divulging information of other

23              lawyers that you may also have a

24              privilege with under the common

25              interest?

88

1   thought it was more than fair and equitable but

2   that the $2 billion was not the amount that --

3   that was just the beginning amount to put into a

4   QSF that could be augmented in the future.

5       Q.   But I want to -- I want to -- thank you

6   for that answer.  I just want to have you answer

7   my question.

8            In LTL 1, LTL, J & J, JJCI all -- as far

9   as you know, all took the position that $2 billion

10  was a fair and equitable resolution of talc

11  claims, correct?

12      A.   No, I -- that -- so the $2 billion was

13  never set up to resolve -- as -- as the resolution

14  to the talc claims, which you -- I think the way

15  that you put it.  So I would disagree with the way

16  that you've -- you've characterized that.

17      Q.   Okay.  Well, how did -- how did L --

18  well, just focus on LTL.

19           How -- under the second bankruptcy,

20  there's -- the proposal is an $8.9 billion trust,

21  correct?

22      A.   There is, yes.

89



Case 23-01092-MBK   Doc 50   Filed 04/17/23   Entered 04/17/23 16:06:02   Desc Main
IN RE LTL Management LLC Bankruptcy   Document      Page 29 of 36                John Kim
Confidential                                                                April 14, 2023

117

1    but is in financial distress --

2         A.    Mm-hmm.

3         Q.    -- what time period were you referring

4    to?

5         A.    At all -- at all times.

6         Q.    At all times.

7         A.    Yes.

8         Q.    Okay.  So I'm referring to at all

9    times.

10        A.    Okay.

11        Q.    What is the basis of your saying that

12   LTL is not -- is not insolvent and -- but is in

13   financial distress?

14        A.    Because it has sufficient funds to pay

15   off its -- its debts currently as they come due.

16   It is not -- I don't think it fits any measure of

17   what's insolvent.  Financial distress is a little

18   tougher because I think, as the Third Circuit

19   pointed out, there's really no definition of

20   financial distress.  But what I would say is that

21   at every point in time -- and I would include even

22   prior to our -- you know, we disagree with the

23   Third Circuit on -- on whether it was in financial

24   distress during LTL 1.

25             But I would say at all points in time

169



16      Q.    Okay.  Okay.  Okay.  Let's move on.

17                  MR. JONAS:  Kim 19, please.

18                  (Whereupon, exhibit is

19          received and marked Kim Deposition

20          Exhibit 15 for identification.)

21                  THE REPORTER:  Kim 15 for

22          identification.

23                  THE WITNESS:  Thank you.

24  BY MR. JONAS:

25

189

1      Q.   And -- and who was involved in those

2    discussions, the name of the people?

3      A.   There -- there were numerous discussions

4    with -- with J & J and its counsel.  I know

5    there's Jones Day --

6                    THE WITNESS:  Should I just

7              name the firms?

8                    MS. BROWN:  Yes.

9      A.   You know, Jones Day was involved, White

10   & Case was involved, Erik Haas was involved, I was

11   involved, Andrew White was involved in

12   discussions.

13     Q.   Okay.  And -- and who -- strike that.

14          Which party do you claim wanted to

15   declare the 2021 funding agreement void or

16   voidable?  Which parties?

17                   MS. BROWN:  You -- Mr. Kim,

18             I don't want you to reveal legal

19             advice or decision-making.  If you

20             have a general understanding about

21             the conclusion of these discussions,

22             you can reveal that, but do not

23             identify specific people with specific

24             opinions if it's based on legal

25             advice.

Case 23-01092-MBK   Doc 50   Filed 04/17/23   Entered 04/17/23 16:06:02   Desc Main
IN RE LTL Management LLC Bankruptcy   Document   Page 32 of 36                John Kim
Confidential                                                                 April 14, 2023

190

1      A.   I would say there was a consensus

2  that -- that there was a material risk that the --

3  that the funding agreement was void or voidable.

4      Q.   Okay.  So it's your position as the

5  chief legal officer of LTL that both LTL and J & J

6  jointly decided at some point before April 4th,

7  2023, that both parties wanted to declare the 2021

8  funding agreement void?

9                   MS. BROWN:  That misstates

10         his testimony.  I object.

11     A.   I wouldn't characterize it that way.

12     Q.   All right.  Which party wanted to

13 declare it void?

14     A.   Again, I don't -- again, I don't think

15 that's the -- the right way to -- to look at it.

16 I would -- I would -- I would say that there was a

17 consensus reached that the -- that there was a

18 material risk that the funding agreement was --

19 was unenforceable because it was void or

20 voidable.

21     Q.   And who were the parties to that

22 consensus?

23     A.   Everyone that I named.

24     Q.   The parties -- I'm not asking about law

25 firms.  Who were the parties to that consensus?

191

```
 1                    MS. BROWN:  You want him to

 2           identify specific lawyers that would

 3           sign on to --

 4                    MR. BLOCK:  No.

 5      Q.   No, sir.  LTL and J & J, are you saying

 6  that those two parties reached a consensus that

 7  the 2021 funding agreement was void?

 8      A.   I would say through their lawyers, yes.

 9      Q.   Sir, let me just share the screen and I

10  want to ask you about an exhibit that you were

11  shown earlier.  I want to ask you something

12  different about it.

13           Exhibit 2 you were shown?

14      A.   Yes.

15      Q.   Okay.  And this is a list of -- "Amended

16  list of law firms with significant talc claims

17  against the debtor" filed on April 13th, 2023.

18           Do you see that?

19      A.   I do see that.

20      Q.   Okay.  And it says "The following is an

21  alphabetical list of the law firms with the most

22  significant representations of parties with talc

23  claims against LTL Management, LLC."

24           Do you see that?

25      A.   I do see that.
```

192

1        Q.   Okay.  And one of the firms listed here

2   is Watts -- Watts Guerra, correct?

3        A.   Correct.

4        Q.   Okay.  And so with -- with ref -- with

5   reference to Watts Guerra, using that as an

6   example, what is your basis for determining that

7   the Watts firm has what's referred to here as

8   "talc claims against LTL Management LLC"?

9

193



194

