Marc E. Wolin, Esq.
mwolin@saiber.com
John M. August, Esq.
jaugust@saiber.com
SAIBER LLC
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Tel: (973) 622-8401

-and-

Joseph D. Satterley, Esq. (Pro Hac Vice Pending)
jsatterley@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
Tel: (510) 302-1000

*Counsel for Claimant Susan Jean Bader*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| LTL MANAGEMENT LLC, | : | Case No. 23-12825 (MBK) |
| Debtor. | : | |
| | : | Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC, | : | |
| Plaintiff, | : | |
| v. | : | Adv. No.: 23-1092 (MBK) |
| THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT AND JOHN AND JANE DOES 1-1000 | : | |
| Defendants. | : | |

## DECLARATION OF JOSEPH D. SATTERLEY

Pursuant to 28 U.S.C. § 1746, I, Joseph D. Satterley, declare under penalty of perjury as follows:

1. I am a partner in the law firm of Kazan, McClain, Satterley & Greenwood, A Professional Law Corporation, located at 55 Harrison Street, Suite 400, Oakland, California

3250879.1                    1

94607, and have been duly admitted to practice law in the States of Pennsylvania, Kentucky, and California, the United States Supreme Court, the U.S. District Court for the Eastern and Western Districts of Kentucky, and the U.S. Court of Appeals for the Third, Sixth, Eighth, and Ninth Circuits. I have an application pending for admission as *pro hac vice* counsel for Claimant Susan Jean Bader ("Claimant").

2. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. If called as a witness, I would testify as to those facts.

3. I submit this Declaration in support of Claimant's opposition to the Motion of Debtor LTL Management LLC ("Debtor") for Order (I) Declaring That the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions, and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing on a Preliminary Injunction. [Adv. Dkt. 2.]

4. I am the partner in charge of all aspects of Claimant's case, including trial and appeal. As a result, I have personal knowledge of the case's procedural posture and management.

5. Attached hereto as **Exhibit 1** is a true and correct copy of the Amended Judgment on Special Verdict in *Bader v. Johnson & Johnson,* Case No. RG18923615 ("Bader"), filed on September 24, 2019, in the Superior Court of California, County of Alameda ("State Court").

6. Johnson & Johnson ("J&J") appealed the verdict and made several challenges, including to the jury's causation findings. In a published opinion, the appellate court rejected all of J&J's challenges and affirmed the judgment. *Bader v. Johnson & Johnson,* 86 Cal.App.5th 1094 (Cal. App. 1st Dist. 2022).

7. On January 23, 2023, the appellate court denied J&J's petition for rehearing.

8. On April 12, 2023, the California Supreme Court denied J&J's petition for review and request for an order directing depublication of the *Bader* opinion.

9. Attached hereto as **Exhibit 2** is a true and correct copy of the Remittitur and Order Denying the Application of J&J to Stay the Remittitur, filed in *Bader v. Johnson & Johnson,* California Court of Appeal, First Appellate District, on April 14, 2023.

10. On July 14, 2019, shortly after the verdict in her personal-injury action, Ms. Schmitz died from mesothelioma. Claimant is the personal representative of Patricia Schmitz.

11. Attached hereto as **Exhibit 3** is a true and correct copy of the Complaint for Wrongful Death in *Schmitz v. Johnson & Johnson,* Case No. RG20048957, filed in State Court on January 2, 2020.

12. Attached hereto as **Exhibit 4** is a true and correct copy of the Notice of Removal of Civil Action in *Schmitz v. Johnson & Johnson,* Case No. 3:20-cv-01340, filed in the United States District Court, Northern District of California, on January 21, 2020.

13. But for the Third Amended Ex Parte Temporary Restraining Order [Adv. Dkt. 20], Ms. Schmitz's heirs would have continued the prosecution of their wrongful-death claims against J&J and Debtor.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. I executed this Declaration on April 17, 2023, in New York, New York.

By: /s/ Joseph D. Satterley
JOSEPH D. SATTERLEY