| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br><br>                Plaintiff,<br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>                Defendants. | Adv. No.: 23-01092 (MBK) |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1

**DEBTOR'S OBJECTION TO**
**APPLICATION FOR ORDER SHORTENING TIME**

Debtor LTL Management LLC objects to the *Application for Order Shortening Time* [Adv. Dkt. 85] ("Application") of the Talc Claimants' Committee.  Under Bankruptcy Rule 9006(c)(1), time may be shortened only "for cause shown," which requires valid "reasons for hearing the motion on an expedited basis" that outweigh the corresponding "prejudice to the parties."  *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012).  The Committee provides no such reasons, and none exist.  Rather, the Committee's motion, brought by plaintiffs' firms purporting to represent a small minority of claimants—firms whose economic interests diverge from and contravene the interests of their clients—fails to identify *any* harm to their clients from the partial, short-term preliminary injunction at issue.  The injunction extends only for 60 days and permits talc claims to proceed up to trial while the Debtor and the vast majority of claimants seek to diligently pursue a plan.  The Application, which is one of a threatened series of efforts to prevent the voices of the substantial majority of claimants from being heard, should be denied.

*First*, the Committee contends that, because the Court certified its order granting a similar preliminary injunction in the Debtor's previous bankruptcy case, it should do so here—on an expedited basis.  The reverse is true:  The prior certification actually counsels against certification here—and, at a minimum, the Debtor should have a reasonable period to brief the implications of the differences.

The Court certified its previous order because it was "bottomed on" the Court's order denying the motions to dismiss.  Hr'g Tr. of Mar. 30, 2022, at 74:8–10, No. 21-30589 (Bankr. D.N.J.).  It found the preliminary injunction order, by itself, *not worthy of certification*:  "With respect to the preliminary injunction I will tell you I find it more difficult to identify controlling

2

issues that have not been addressed." *Id.* at 73:23–25. The only arguable question was "the source of authority to extend the automatic stay," which the Court found had in fact been addressed. *Id.* at 74:3. And then, in the certified appeal, the Third Circuit did not address the previous preliminary-injunction order.

This time around, the TCC does not even pretend to question the Court's authority to extend the automatic stay. More importantly, there is no concurrent order on dismissal. There is not even a *motion* to dismiss—just a promised one. The Committee says it will be filing a motion to dismiss "in short order" that addresses the Debtor's good faith. Hr'g Tr. of Apr. 18, 2023 [Adv. Dkt. 81], at 295:7. Its appeal of the preliminary-injunction order appears to be just a collateral attack on the Debtor's good faith in advance of (if not in lieu of) that direct attack. *See* TCC's Cert. Req. [Adv. Dkt. 84], at 13 (arguing that LTL will not be able to meet its "burden of proving financial distress"). That square peg in a round hole is not fit for certification—even less does it warrant a rush to certification without adequate time for briefing.

At a minimum, these issues warrant giving the Debtor and other interested parties the default amount of time provided by Bankruptcy Rule 8006(f)(3) to brief objections. The Committee gives no good reason to deprive the Debtor and others of that modest period. Indeed, it fails even to *address* in its Application or proposed order when objections might be filed on its accelerated proposed hearing date.

*Second*, the Committee, in its cursory claim of prejudice from a normal briefing schedule, omits how the Court's preliminary-injunction order significantly differs from its previous one— in both scope and duration. It only restricts trials, and it only lasts 60 days. Meanwhile, Claimants are free to proceed through substantial phases of litigation, including discovery and dispositive motions. The Committee's cries of prejudice substitute volume for content.

*Third*, on timing of the case, the Committee is talking out of both sides of its mouth. In one sentence, it says that certification needs to move *faster*. In the next, it says that the plan confirmation process is moving *too fast*. But a *proposed* plan harms no one—and moving the case along, as the Debtor reasonably seeks to do (lest the Committee complain of *delay*), benefits claimants as well as others. And should a plan be confirmed quickly, the Committee would of course have recourse to appeal that. *See Bullard v. Blue Hills Bank*, 575 U.S. 496 (2015).

*Finally*, the Committee's vague threat to seek "emergency relief" is an ill-considered attempt to intimidate the Court and kneecap the Debtor's fair right to oppose certification. The Committee offers no statute or rule, but if it means mandamus, that would be frivolous, because (among several other things) the Committee has the right to appeal the Court's preliminary-injunction order, and "mandamus must not be used as a mere substitute for appeal." *In re Emerson Radio Corp.*, 52 F.3d 50, 55 (3d Cir. 1995) (citation omitted). Nor does the Committee suggest that any appeal-certification request, *ever*, has been subject to mandamus.

The Committee's extreme effort to deprive the Debtor of its due process rights as part of an obvious effort to disenfranchise the substantial majority of claimants should be rejected.

Dated: April 24, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*