Levy Konigsberg, LLP
605 Third Avenue, 33rd Floor
New York, New York 10158
(212) 605-6200
*Counsel for Paul Crouch, Individually and as
Executor and as Executor Ad Prosequendum of
the Estate of Cynthia Lorraine Crouch*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 23-ap-1092-MBK |
| LTL MANAGEMENT LLC, | ) |
| | ) Lead BK Case: 23-12825-MBK |
| Debtor. | ) |

**PAUL CROUCH'S MOTION AND JOINDER FOR ORDER CERTIFYING DIRECT APPEAL OF PRELIMINARY INJUNCTION ORDER OF APRIL 20, 2023 TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

Paul Crouch, individually and as executor *as prosequendum* of the Estate of Cynthia Lorraine Crouch, respectfully moves under 28 USC § 158(d)(2)(B) and Bankruptcy Rule 8006 for certification of direct appeal to the U.S. Court of Appeals for the Third Circuit the Order of April 20, 2023, granting in part the Debtor's motion for a preliminary injunction ("PI Order"), as amended, through and including June 15, 2023.

In the interests of judicial economy, Mr. Crouch adopts the arguments advanced in the Request of the Official Committee of Talc Claimants (Adv. Pro. Dkt. 84 (Notice) 84-1 (Request), 84-2 (Proposed Order) 85 (Motion to Shorten Time) and the arguments of the MRHFM et. al. on behalf of that *ad hoc* group of claimants.

Additionally, Mr. Crouch states that the arguments against certification raised by the debtor in the Debtor's Objection to Application for Order Shortening Time (Doc. 86) are contrived and unconvincing.

1

The Debtor cavalierly ignores the fact that the Court's ruling granting, in part, the Debtor's Motion for Preliminary Injunction acts to exercise the jurisdiction of this Court over claims against non-debtors for those entities' independent, non-derivative liability, effectively federalizing these otherwise non-removable state-law claims. The Debtor stands jurisdictional analysis on its head, suggesting that it is the burden of the enjoined to demonstrate immediate harm from the granting of the injunction and not the burden of the party seeking a preliminary injunction to demonstrate irreparable harm if the injunction fails to issue.

The Debtor similarly ignores, as did the Court, the fact that under controlling Third Circuit precedent, Johnson & Johnson cannot extend the jurisdiction of this to Court to cover itself as a solvent, non-distressed non-debtor, that has independent, non-derivative liability to the claimants, no matter how many billions it agrees to contribute to the Debtor's proposed plan.

First, the Debtor brazenly argues that, despite the Debtor standing on the record from LTL1 in its Motion and argument and despite the Court adopting its reasoning from LTL1 in granting the portions of the Preliminary Injunction that the Court granted, the briefing schedule should not be expedited so that "the Debtor should have a reasonable period to brief the implications of the differences [between LTL1 and LTL2]." Nonsense. The Debtor chose to proceed based on the same facts and arguments it advanced in LTL1, and the Court did too. The Debtor cannot now claim that the situation is different and requires more time.

Second, contrary to the Debtor's blasé attempt to suggest that the claimants objecting to the Preliminary Injunction "do not even pretend to question the Court's authority to extend the automatic stay," the objecting claimants did brief the lack of authority of the Court to extend the automatic stay to non-debtors with independent non-derivative liability and specifically argued that the Court lacked jurisdiction over these claims to issue any relief, including preliminary

injunctive relief. *See e.g.*, Crouch Objection to Preliminary Injunction (Doc. 57); MRHFM Opposition to Preliminary Injunction p. 15-19 (Doc. 60).

The Debtor bemoans that the objections to the preliminary injunction in this case also raised the foundational issue of good faith that will certainly be part of any subsequent motions to dismiss. But, to exercise jurisdiction over disputes and issue injunctive relief, it is incumbent upon the Court to actually determine that it has jurisdiction over the case – and in this circumstance – that it also has jurisdiction over the claims sought to be enjoined. The Court did not do so with respect to either issue (and to the extent that it asserted jurisdiction based on its findings in LTL1, those findings were contrary to Third Circuit precedent and, now, to the Third Circuit's decision in LTL1).

The Debtor's "second" objection, distilled to its essence, is that the preliminary injunction issued by the Court is "no big deal." The assertion that an unconstitutional injunction – that affects thousands of state-law claims against non-debtors on its face, federalizes the judicial management of otherwise non-removable state-law claims and that has spillover effects on claimants abilities to prosecute and resolve their claims against other parties as well – is "no big deal" is specious.

The preliminary injunction issued in this case ignored the standard of proof required by the law for granting relief, specifically noted that the factual basis to support such sweeping relief was not produced by the Debtor, admitted that the Court did not perform any evaluation of the basis for the injunction issued regarding the individual retailers and otherwise violates fundamental principles of federalism, of individual Constitutional rights and Third Circuit precedent regarding jurisdiction in bankruptcy. That's a big deal. It is no defense to the violation of those rights and principles to say: "the Court could have violated them more."

Finally, the Debtor continues its false and contrived mantra of "we just want to get a plan to vote" and assertion that it has the "commitments" of "55,000" or "60,000" (or whatever it is today) alleged "talc claimants". Putting aside the fact that most of these alleged claims are unfiled and unsupported by any factual information that would indicate that they had any value in the tort system, this constant refrain is irrelevant to the issues before the Court.

This Court cannot extend the jurisdiction of the bankruptcy courts to claims over which it has no jurisdiction by having a vote. *Combustion Engineering* rejected that proposition whole cloth. *In re Combustion Engineering,* 391 F.3d 190 (3rd Cir. 2004). *See also*, *e.g.*, *In re Phoenix Piccadilly*, 849 F.2d 1393 (11th Cir. 1988)("the prospects of a successful reorganization, do not override, as a matter of law, the finding of bad faith in this case or compel, as a matter of fact, a contrary finding.")

Because the relief sought by the Debtor – relief which the Debtor claims it is contractually bound to seek under the so-called Plan Support Agreements – *requires* that the Court grant non-debtor Johnson & Johnson a permanent channeling injunction and because this Court will *always* lack the authority to do so, there is no basis for any injunctive relief in this case.

Injunctive relief is the ultimate equitable power of the Court. And parties seeking to invoke those powers must come forward with clean hands and all the factual proof required. No amount of hypocritical claims and unsupported arguments by the Debtor can change that. Every day that this Court's jurisdiction is extended past its proper reach based on a record that the Court has specifically noted is full of holes is an egregious violation of the law.

**WHEREFORE**, Ms. Crouch requests that the Court enter an Order certifying its Order granting, in part, the Debtor's Motion for Preliminary Injunction for direct appeal.

|  |  |
|---|---|
| | Respectfully submitted: |
| Dated: April 24, 2023 | /s/ Jerome H. Block |

Jerome H. Block (I.D. 272002018)
LEVY KONIGSBERG, LLP
605 Third Avenue, 33rd FL
New York, NY 10158
Tel: (212) 605-6200
Fax: (212) 605-6290
Email: jblock@levylaw.com
Attorneys for Talc Claimant
Paul Crouch, Individually and as Executor
and as Executor Ad Prosequendum of the
Estate of Cynthia Lorraine Crouch
and
JONATHAN RUCKDESCHEL
The Ruckdeschel Law Firm, LLC
8357 Main Street
Ellicott City, Maryland 21043
Email: ruck@rucklawfirm.com
Attorneys for Talc Claimant
Paul Crouch, Individually and as Executor
and as Executor Ad Prosequendum of the
Estate of Cynthia Lorraine Crouch
            *Admitted Pro Hac Vice