Marc E. Wolin, Esq.
mwolin@saiber.com
John M. August, Esq.
jaugust@saiber.com
SAIBER LLC
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Tel: (973) 622-8401

-and-

Joseph D. Satterley, Esq.
jsatterley@kazanlaw.com
Denyse F. Clancy, Esq.
dclancy@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
Tel: (510) 302-1000

*Counsel for Claimants Dean McElroy, Marlin Eagles, Susan Bader, Christina Prudencio, Trevor Barkley*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LTL MANAGEMENT LLC, | : | Case No. 23-12825 (MBK) |
| | : | |
| Debtor. | : | Honorable Michael B. Kaplan |
| | : | |
| LTL MANAGEMENT LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. No.: 23-1092 (MBK) |
| | : | |
| THOSE PARTIES LISTED ON | : | |
| APPENDIX A TO COMPLAINT AND | : | |
| JOHN AND JANE DOES 1-1000 | : | |
| Defendants. | : | |

**CERTAIN CREDITOR MESOTHELIOMA CLAIMANTS' OBJECTION**
**TO DEBTOR'S CONFIDENTIALITY DESIGNATIONS**

## INTRODUCTION

Talc Claimants Dean McElroy, Marlin Eagles, Susan Bader, Christina Prudencio, and

Trevor Barkley, by and through their counsel, Kazan, McClain, Satterley and Greenwood, and

local counsel Saiber LLC, hereby request that this Court overrule Debtor's attempt to conceal

from the public certain documents and information therein, which were admitted into evidence

by this Court in this second *LTL* bankruptcy case, and yet are now belatedly deemed

"confidential" by J&J and LTL.

This Court in *LTL* 1.0 said that transparency is key.  Likewise, Justice Louis D. Brandeis

coined the phrase:  "Sunlight is said to be the best of disinfectants."   Nothing is more true

here.  Creditors allege that J&J and LTL have engaged in misconduct, a fraudulent conveyance

of the $61 billion funding agreement, and other transactions to avoid paying cancer victims

compensation caused by J&J's asbestos-containing baby powder.

LTL claims that they must keep secret their Term Sheet, shared with many third parties,

that serves as the basis of the "alleged" $8.9 billion settlement offer.  LTL falsely claims that

60,000 or 70,000 cancer victims have approved this settlement.  In fact, LTL has not produced

the name of a single cancer victim who has even seen the ramifications of the Term

Sheet.  Attorneys claiming to represent cancer victims have confirmed that they have not

obtained approval from clients on a possible settlement.

This court held a hearing on April 18, 2023 and received testimony and

documents.  Those documents received into evidence included:

**TCC Exhibit 4 – PSA Term Sheet**

**TCC Exhibit 5 – March 16, 2023 Minutes of LTL Board of Managers**

**TCC Exhibit 6 –March 28, 2023 Minutes of LTL Board of Managers**

**TCC Exhibit 7 –Slater Schulman PSA without client list**

This Court should deny LTL's and J&J's request to have these court exhibits remain (or

become) confidential.  Each document was received as an exhibit on April 18, 2023 in open

court.  There was no objection made by LTL or J&J for the Court to receive each exhibit under

seal.  There is no reason why these documents cannot be shared with the public.  This Court, and

this case, is a public proceeding and all talc victims should be permitted to understand what is

going on with the "TERM SHEET" and what LTL is doing with regards to trying to extinguish

victims' rights to bring actions for J&J and JJCI causing them to get cancer.

## ARGUMENT

**I.    There is not a common law public right of access to discovery material.  But there is
a strong presumption in favor of public access to "judicial records."**

As the Third Circuit has explained:  "It is well-settled that there exists, in both criminal

and civil cases, a common law public right of access to judicial proceedings and records. The

public's right of access extends beyond simply the ability to attend open court

proceedings. Rather, it envisions a pervasive common law right to inspect and copy public

records and documents, including judicial records and documents."  *In re Cendant Corp.*, 260

F.3d 183, 192 (3d Cir. 2001) (quotation marks and citations omitted).

Accordingly, when it comes to "judicial records," there is a "presumption in favor of

public access," in part because "the First Amendment right of public access attaches."  *In re

Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 670–73 (3d Cir. 2019); *see

also Fair Lab'y Pracs. Assocs. v. Riedel*, 666 F. App'x 209, 211–12 (3d Cir. 2016) ("A strong

presumption in favor of public accessibility attaches to judicial records  . . . . The presumption of

public access is a common law doctrine that predates the Constitution."); *accord Nixon v.

Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country

recognize a general right to inspect and copy public records and documents, including judicial

records and documents.").

**II.    This strong presumption in favor of public access extends to the nation's
bankruptcy courts.**

The strong common law presumption in favor of public access extends to the nation's

bankruptcy courts and is "codified in § 107 of the Bankruptcy Code." *In re A C & S Inc*, 775 F.

App'x 78, 79 (3d Cir. 2019); *In re All Matters Related to N. Am. Refractories Co.*, 645 B.R. 833,

838–39 (Bankr. W.D. Pa. 2022) ("Section 107 is a codification of the common law right of

public access and it establishes a broad right of public access to all papers filed in a bankruptcy

case, subject to certain limited exceptions.").

Indeed, "[t]he public interest in openness of court proceedings is at its zenith when issues

concerning the integrity and transparency of bankruptcy court proceedings are involved." *In re*

*Endo Int'l plc*, No. 22-22549 (JLG), 2022 WL 16640880, at *7 (Bankr. S.D.N.Y. Nov. 2,

2022) (quotation marks and citation omitted); *In re Oldco M Corp.*, 466 B.R. 234, 236 (Bankr.

S.D.N.Y. 2012) (declaring that "where a party acts in a fiduciary capacity for another, such as a

trustee in a bankruptcy case, the public interest in openness of court proceedings is at its zenith")

(quotation marks and citation omitted).  Public scrutiny of bankruptcy proceedings is so

important because such "scrutiny is the means by which the persons for whom the system is to

benefit are able to insure its integrity and protect their rights." *In re Bell & Beckwith*, 44 B.R.

661, 664 (Bankr. N.D. Ohio 1984).  As such, "[t]his policy of open inspection, established in the

Bankruptcy Code itself, is fundamental to the operation of the bankruptcy system and is the best

means of avoiding any suggestion of impropriety that might or could be raised." *Id*.  For further

discussion, see *In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999) ("Section 107(a) is rooted in

the right of public access to judicial proceedings, a principle long-recognized in the common law

and buttressed by the First Amendment. . . . This governmental interest is of special importance

in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among

creditors regarding the fairness of the bankruptcy system."); *see also In re Analytical Sys., Inc.*,

83 B.R. 833, 835 (Bankr. N.D. Ga. 1987) ("Based on Section 107 and the strong precedent of

federal case law, this court concludes that sealing judicial records is appropriate only in very

limited situations.").

III.    **Because they were introduced as exhibits and discussed in open court in the course
        of an adjudicatory proceeding, the Term Sheet and other referenced documents are
        "judicial records."**

As "judicial records," the Term Sheet and other above-referenced referenced documents

are entitled to a strong presumption of public access.  "Judicial records" are presumptively

public.  That raises the question of whether any particular document is or is not such a record.

In assessing whether a document constitutes a "judicial record," the Third Circuit has

explained:

> The status of a document as a "judicial record" . . . depends on whether a document has
> been filed with the court, or otherwise somehow incorporated or integrated into a
> district court's adjudicatory proceedings. While filing clearly establishes such status, a
> document may still be construed as a judicial record, absent filing, if a court interprets
> or enforces the terms of that document, or requires that it be submitted to the court
> under seal.

*In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (internal citations omitted); *see

also In re All Matters Related to N. Am. Refractories Co.*, No. AP 21-2097-TPA, 2022 WL

1556898, at *3 (Bankr. W.D. Pa. May 12, 2022) (using this same framework to determine

whether material is or is not a "judicial record" to which the presumption of public access

attached).

In this case, the Term Sheet and other above-referenced referenced documents were

introduced as an Exhibit (specifically, Exhibits 4, 5, 6, and 7) during the Preliminary Injunction

Hearing on April 18, 2023. *See, e.g.,* Apr. 18, 2023 Tr. at 85–86 (providing the Term Sheet to

the Court and delineating it Exhibit 4). Moreover, specific provisions of the Term Sheet were

discussed numerous times—and at length—in the course of the Court's Preliminary Injunction

hearing. *See* Tr. at 86–90, 134–40, 158, 336–37.

Because, on April 18, 2023, the Term Sheet and other above-referenced referenced

documents were introduced as Exhibits and furnished to the Court and also because they were

clearly "integrated into" the Court's "adjudicatory proceedings," the documents are "judicial

records." *E.g., Contour Data Sols. LLC v. Gridforce Energy Mgmt. LLC*, No. CV 20-3241, 2021

WL 5541928, at *2 (E.D. Pa. June 21, 2021) ("An exhibit introduced at a preliminary injunction

hearing is a judicial record."); *Contour Energy Mgmt. LLC v. Gridforce Energy Mgmt. LLC*, No.

CV 20-3241, 2021 WL 9352582, at *3 (E.D. Pa. Aug. 3, 2021) ("Contour's exhibits introduced

at the hearing [for a preliminary injunction] are judicial records with a 'presumptive right of

public access.'").

**IV.    A court can deprive the public of access to "judicial records" only in the rarest of circumstances and pursuant to the most compelling of showings.**

When it comes to "judicial records," the presumption tips heavily in favor of public

access—and the party seeking to overcome that presumption carries a heavy burden. The Third

Circuit has explained:  "In order to override the common law right of access," a party insisting

on secrecy "bears the burden of showing that the material is the kind of information that courts

will protect and that disclosure will work a clearly defined and serious injury to the party seeking

closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal citations and quotation

marks omitted). The Third Circuit further cautions:  "In delineating the injury to be prevented,

specificity is essential. Broad allegations of harm, bereft of specific examples or articulated

reasoning, are insufficient." *Id*.

Other authority from the Third Circuit underscores that any restriction on the public's

right of access to a judicial record must be narrowly tailored and compellingly justified.  *See In*

*re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019) ("Any

restriction on the right of public access is evaluated under strict scrutiny.") (quotation marks and

alteration omitted); *Finamore v. Philadelphia Hous. Auth.*, 518 F. App'x 70, 71 (3d Cir.

2013)  (emphasizing that, when it comes to a judicial record, the party who seeks to overcome

the presumption of public access "carr[ies]" a "heavy burden").

Other case law, from around the United States, is in accord.  *E.g., Pintos v. Pac.*

*Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010) ("To limit this common law right of access, a

party seeking to seal judicial records must show that compelling reasons supported by specific

factual findings  outweigh the general history of access and the public policies favoring

disclosure.") (quotation marks and alterations omitted); *In re Neal,* 461 F.3d 1048, 1053 (8th Cir.

2006) (declaring that "only the most compelling reasons can justify non-disclosure of judicial

records") (quotation marks omitted); *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940

(6th Cir. 2019) ("[O]nly the most compelling reasons can justify non-disclosure of judicial

records.")  (quotation marks and citation omitted); *Rushford v. New Yorker Mag., Inc.*, 846 F.2d

249, 253 (4th Cir. 1988) ("Under the First Amendment . . . the denial of access must be

necessitated by a compelling government interest and narrowly tailored to serve that

interest."); *In re Motors Liquidation Co.*, 561 B.R. 36, 41 (Bankr. S.D.N.Y. 2016) ("In the

Second Circuit, documents which are part of the court record should not remain under seal

absent the most compelling reasons."); *In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)

(emphasizing that "[o]nly the most compelling reasons can justify non-disclosure of judicial

records") (quotation marks and citation omitted); *Carnegie Mellon Univ. v. Marvell Tech. Grp.,*

*Ltd.*, No. CIV.A. 09-290, 2013 WL 1336204, at *4 (W.D. Pa. Mar. 29, 2013) ("[I]t is clear that

only the most compelling interests can justify the non-disclosure of judicial records."); *Crandall*

*v. City and County of Denver, Colorado*, 2007 WL 1548968, at *1 (D. Colo. 2007) ("Only in the

rarest of cases is the sealing of documents appropriate—for example, cases involving intensely

personal issues such as abortion or birth control, or cases pertaining to the welfare of abandoned

or illegitimate children.").

**V.      Even if the above were otherwise, once material is referenced or discussed in open
         court, the genie is out of the bottle.  A party cannot, after the fact, seek to restrict
         the information's future use.  Because, here, the Term Sheet and other referenced
         documents were discussed at length in open court, J&J and LTL have forfeited
         any future claims to non-disclosure.**

Even if it were otherwise, a party forfeits a right to secrecy once that party allows

material to be introduced or discussed in open court.  *See Littlejohn v. Bic Corp.*, 851 F.2d 673,

680 (3d Cir. 1988) ("It is well established that the release of information in open court is a

publication of that information and, if no effort is made to limit its disclosure, operates as a

waiver of any rights a party had to restrict its future use.") (quotation marks and citation

omitted).

Here, LTL and J&J permitted the Term Sheet and other above-referenced referenced

documents to be introduced and discussed in court—at length.  *See, e.g.,* Apr. 18, 2023 Tr. at 85–

90, 134–40, 158, 336–37 (repeatedly discussing the Term Sheet after it was marked as Exhibit

4).  As such, LTL and J&J cannot now claim the Term Sheet and other documents are entitled to

protection.  *See Matter of Cont'l Illinois Sec. Litig.*, 732 F.2d 1302, 1314 (7th Cir. 1984) (finding

that a party relinquished any claim of confidentiality where the party, in open court, referred to

and quoted from the document at issue); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No.

CIV.A. 09-290, 2013 WL 1336204, at *5 (W.D. Pa. Mar. 29, 2013) ("[W]ith respect to materials

used at trial, it is well established that the release of information in open court is a publication of

that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights

a party had to restrict its future use.") (quotation marks omitted); *Amgen Inc. v. Hospira, Inc.*,

336 F. Supp. 3d 333, 358 (D. Del. 2018), *aff'd*, 944 F.3d 1327 (Fed. Cir. 2019) (refusing to seal

because "Hospira published portions of the exhibits in open court and relied on information from

the exhibits in presenting its case"); *In re Bard IVC Filters Prod. Liab. Litig.*, No. CV-16-00474-

PHX-DGC, 2018 WL 3721373, at *2 (D. Ariz. Aug. 3, 2018)("[T]o the extent an exhibit was not

merely admitted into evidence but also was published or discussed in open court, the exhibit is

no longer confidential and Defendants have waived the right to have the exhibit

sealed."); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV-09-1531-PHX-JAT, 2012

WL 1432519, at *7 (D. Ariz. Apr. 25, 2012) (explaining that, where the record already has been

disclosed in open court, "there is no longer a favorable *presumption* of public access; rather,

there *is* public access").

## CONCLUSION

Claimants Dean McElroy, Marlin Eagles, Susan Bader, Christina Prudencio, and Trevor

Barkley hereby request that this Court overrule Debtor's attempt to conceal from the public the

above-referenced documents and information therein.

Respectfully submitted:

KAZAN, McCLAIN, SATTERLEY &
GREENWOOD, A Professional Law Corporation

- and –

SAIBER LLC Counsel for Claimants, Dean
McElroy, Marlin Eagles, Susan Bader, Christina
Prudencio, Trevor Barkley

By   /s/ John M. August
John M. August

DATED:  April 27, 2023