| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, New York 10166<br>Kris Hansen (*admitted pro hac vice*)<br><br>PAUL HASTINGS LLP<br>71 South Wacker Drive, Suite 4500<br>Chicago, Illinois 60606<br>Matthew M. Murphy (*admitted pro hac vice*)<br>Matthew Micheli (*admitted pro hac vice*)<br><br>COLE SCHOTZ P.C.<br>Court Plaza North<br>25 Main Street<br>P.O. Box 800<br>Hackensack, New Jersey 07602-0800<br>Michael D. Sirota<br>Warren A. Usatine<br>Seth Van Aalten *(pro hac vice pending)*<br>Justin Alberto *(pro hac vice pending)*<br><br>PARKINS & RUBIO LLP<br>700 Milam, Suite 1300<br>Houston, Texas 77002<br>Lenard M. Parkins (*admitted pro hac vice*)<br>Charles M. Rubio (*admitted pro hac vice*)<br><br>*Counsel to Ad Hoc Committee of Supporting Counsel* | |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                      Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

| | |
|---|---|
| LTL MANAGEMENT LLC,<br><br>               Plaintiff,<br><br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>               Defendants. | Adv. No.: 23-01092 (MBK) |

**MOTION OF AD HOC COMMITTEE OF SUPPORTING COUNSEL TO INTERVENE**

The Ad Hoc Committee of Supporting Counsel (the "AHC of Supporting Counsel"), by and through its counsel, Paul Hastings LLP, Cole Schotz P.C., and Parkins & Rubio LLP, hereby moves to intervene in the above-captioned adversary proceeding (the "Adversary Proceeding"), which was recently commenced by Debtor LTL Management, LLC (the "Debtor"). In support of its Motion, the AHC of Supporting Counsel states as follows:

**PRELIMINARY STATEMENT**

The AHC of Supporting Counsel is comprised of counsel for tens of thousands of the named talc claimants who are defendants in the Adversary Proceeding.[2] Two of the members of the AHC of Supporting Counsel served on the Official Committee of Talc Claimants (the "TCC") in the prior case or supported its efforts to dismiss the case and opposed any injunction protecting the Injunction Parties.[3] The members of the AHC of Supporting Counsel, however, worked hard to arrive at a settlement that creates a framework to expedite the recovery for claimants in a single and fair manner—a far better result than decades of piecemeal litigation rewarding some but not all claimants. The AHC of Supporting Counsel also believes that the voices of the TCC and the other opposition parties represent a loud minority who will be outvoted when the Debtor solicits

---

[2] Undersigned counsel is working diligently on preparing a master Rule 2019 statement that consolidates all required information for the members of the AHC of Supporting Counsel and their clients.

[3] As defined below.

its chapter 11 plan. Because of its unique position in these cases and its role as the majority counterweight to the TCC, the AHC of Supporting Counsel is a party in interest in this case and should be permitted to intervene in this Adversary Proceeding and is entitled to be heard on and actively participate in other significant issues in the Chapter 11 Case as well.

## JURISDICTION AND VENUE

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and the Standing Order of Reference from the United States District Court for the District of New Jersey, dated September 18, 2012. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are Section 1109(b) of the Bankruptcy Code and Rule 24 of the Federal Rules of Civil Procedure, made applicable by Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

Pursuant to D.N.J. LBR 7016-1(e), the AHC of Supporting Counsel confirms that it consents to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND[4]

**I.    The Debtor's Chapter 11 Case**

The Debtor initiated a proceeding under chapter 11 of the Bankruptcy Code on April 4, 2023 (the "Chapter 11 Case"). The Debtor filed the Chapter 11 Case in order to fully and permanently resolve all current and future talc-related claims against the Debtor and its corporate

---

[4] A statement of the facts underlying the Chapter 11 Case and the role of the AHC of Supporting Counsel can be found in the *Declaration of John K. Kim in Support of First Day Pleadings* (the "Kim Declaration") (ECF No. 4) and the *Initial Statement of Ad Hoc Committee of Supporting Talc Claimants* (the "Initial Statement") (ECF No. 253).

3

affiliate, Johnson & Johnson.[5] Past and future talc claimants represent the largest proposed recovery in the Chapter 11 Case. Counsel for the majority of those claimants support the relief sought by the Debtor in the Chapter 11 Case and intend to recommend to their clients to support the chapter 11 plan (the "Consenting Claimants"), while certain others oppose the Debtor's requested relief and have moved to dismiss the Chapter 11 Case (the "Non-Consenting Claimants"). On April 14, 2023, the United States Trustee appointed the TCC, which has thus far purported to advance the interests of only the Non-Consenting Claimants.[6] On April 18, 2023, certain counsel for the Consenting Claimants organized the AHC of Supporting Counsel.[7]

## II. This Adversary Proceeding

The Debtor initiated the Adversary Proceeding on April 4, 2023, against all known talc claimants, including approximately tens of thousands of the AHC of Supporting Counsel's clients.[8] The Debtor seeks, among other things, a declaration and supporting preliminary injunction that the automatic stay of the Bankruptcy Code extends to the active litigation of talc claims against Johnson & Johnson, the Debtor, and all other parties listed on Appendix B to the Adversary Complaint.[9]

On April 17, 2023, the TCC moved to intervene in the Adversary Proceeding.[10] The TCC's intervention motion was unopposed, and the Court granted the motion at hearing on April 18, 2023.[11] On April 20, 2023, the Court entered a preliminary injunction that enjoined the commencement or continuation of trials against Johnson & Johnson, the Debtor, and all other

---

[5] *See* Kim Decl. ¶ 77.
[6] *Notice of Appointment of Official Committee of Talc Claimants* (ECF No. 162).
[7] *See* Initial Statement.
[8] *Adversary Complaint* (Adv. ECF No. 1).
[9] *Id*.
[10] *Motion of the Official Committee of Talc Claimants to Intervene in Preliminary Injunction Adversary Proceeding* (Adv. ECF No. 47).
[11] Apr. 18, 2023 Hr'g Tr. at 16:18–21.

parties listed on Appendix B to the Adversary Complaint (with the exception of two entities) (the "Injunction Parties") for sixty days, but otherwise permitted discovery or the commencement of new talc cases.[12] The TCC appealed the Court's preliminary injunction ruling on April 21, 2023.[13] The TCC also requested certification of its appeal directly to the Third Circuit.[14] The TCC's request was joined by the Ad Hoc Group of Mesothelioma Claimants, which is constituted of Non-Consenting Claimants.[15]

## RELIEF REQUESTED

The AHC of Supporting Counsel respectfully seeks an order of this Court authorizing it to intervene in this Adversary Proceeding pursuant to Bankruptcy Code § 1109(b), Rule 24, and Bankruptcy Rule 7024.

## ARGUMENT

**I.    The AHC of Supporting Counsel Has an Absolute Right to Intervene in the Adversary Proceeding Pursuant to Section 1109(b) of the Bankruptcy Code**

Section 1109(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109. "The list of potential parties in interest in § 1109(b) is not exclusive" and the provision "has been construed to create a broad right of participation in Chapter 11 cases." *In re Glob. Indus. Techs., Inc.*, 645 F.3d 201, 210–11 (3d Cir. 2011) (quoting *In re Combustion*

---

[12] *See Order Dissolving Temporary Restraining Order, Extending the Automatic Stay, and Granting Limited Preliminary Restraints* (the "PI Order") (Adv. ECF No. 91).
[13] *Notice of Appeal and Statement of Election* (Adv. ECF No. 83).
[14] *Notice of Request of Official Committee of Talc Claimants for Order Certifying Direct Appeal of Preliminary Injunction Order of April 20, 2023 to the United States Court of Appeals for the Third Circuit* (Adv. ECF No. 84).
[15] *See Notice of Ad Hoc Group of Mesothelioma Claimants' Motion for Order Certifying Direct Appeal of Preliminary Injunction Order of April 20, 2023 to the United States Court of Appeals for the Third Circuit* ("Mesothelioma AHG Notice") (Adv. ECF No. 88) (first Adversary Proceeding filing by the Ad Hoc Group of Mesothelioma Claimants).

*Eng'g, Inc.,* 391 F.3d 190, 214 n. 21 (3d Cir. 2004)); *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985) ("Section 1109(b) continues the pattern of permitting interested parties in bankruptcy cases the absolute right to be heard and to insure their fair representation."). The definition of "case under this chapter" is also broad, and includes adversary proceedings. *See In re Marin Motor Oil, Inc.*, 689 F.2d 445, 453-57 (3d Cir. 1982) (affirming district court's judgment that section 1109(b) parties in interest have an absolute right to intervene in adversary proceedings).

To that end, the Third Circuit has held that, to constitute a "party in interest" under Section 1109, one must simply have "a sufficient stake in the proceeding so as to require representation." *In re Amatex Corp.*, 755 F.3d at 1042 (permitting future asbestos claimants to intervene because, regardless of whether they had claims that could be affected by a reorganization plan "in the technical bankruptcy sense," they clearly had "a practical stake in the outcome of the proceedings"); *see also Unofficial Committee of Zero Coupon Noteholders v. The Grand Union Company*, 179 B.R. 56, 59 (D. Del. 1995) (holding that unofficial committee of debtor's parent company's noteholders, while not creditors or equity security holders of the debtor's estate, had a sufficient practical stake in the outcome of the proceedings at hand to be a "party in interest" and give it standing to object pursuant to Section 1109(b)).

As comprised of counsel representing tens of thousands of named individual defendant-victims in this proceeding, with an express interest in expediting and maximizing their recovery through this bankruptcy process, the AHC of Supporting Counsel is a "party in interest" under Section 1109(b) and has an unconditional right to be heard in the Adversary Proceeding. *See In re G-I Holdings, Inc.*, 292 B.R. 804, 813–14 (Bankr. D.N.J. 2003) (holding that a representative of tort claimants constitutes a "party in interest" under Section 1109(b) and can intervene as of right in collateral adversary proceeding pending in district court); *see also Phar-Mor, Inc. v.*

*Coopers & Lybrand*, 22 F.3d 1228, 1241 (3d Cir. 1994) (holding that Section 1109(b) confers an absolute right on creditors' committee to intervene in "related to" adversary proceeding in district court). Absent intervention, the AHC of Supporting Counsel's rights—and those of a majority of claimants—will be severely impaired because the only entities purporting to speak for the defendant-claimants in this Adversary Proceeding are the TCC and another ad hoc committee of Non-Consenting Claimants, both of which *oppose* the overall goal of the Chapter 11 Case and, by extension, the interest of the AHC of Supporting Counsel's constituents. As such, the AHC of Supporting Counsel's intervention respectfully should be granted pursuant to Section 1109(b) of the Bankruptcy Code to ensure that the voice behind such interests is here heard.

**II.     The AHC of Supporting Counsel May Also Intervene Independently and As of Right Under Rule 24(a)**

For many of the same reasons, the AHC of Supporting Counsel is separately entitled to intervention under Rule 24(a)(1) and (2) of the Federal Rules of Civil Procedure, which provides for mandatory intervention for "anyone" who either:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a) (incorporated without modification into the Bankruptcy Rules through B.R. 7024).

**A.     The AHC of Supporting Counsel Is Entitled to Intervene Under Rule 24(a)(1)**

Section 1109(b) of the Bankruptcy Code gives the AHC of Supporting Counsel an "unconditional right to intervene" in the Adversary Proceeding, as set forth above. *See supra* § I. As a result, intervention is also mandated under Rule 24(a)(1). *See In re The Caldor Corp.*, 303

7

F.3d 161 (2d Cir. 2002) (holding that Section 1109(b) fulfills the intervention requirement of Rule 24(a)(1)); *Off. Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 2003 WL 22790916, at *2 (S.D.N.Y. Nov. 25, 2003) (holding that, because the legal representative of certain claimants constitutes a "party in interest" under Section 1109(b), the legal representative "also satisfies Rule 24(a)(1)").

### B.     The AHC of Supporting Counsel Is Entitled to Intervene Under Rule 24(a)(2)

The AHC of Supporting Counsel is independently entitled to intervene under Rule 24(a)(2), which permits intervention "as of right" where the following elements are satisfied: "1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties do not adequately represent the prospective intervenor's interests." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998)). The AHC of Supporting Counsel's intervention satisfies each of the Rule 24(a)(2) elements.

*Timeliness of Intervention*. "[T]o determine whether a motion to intervene is timely, courts consider the following factors: '(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay.'" *Am. Neighborhood Mortg. Acceptance Co., LLC v. CrossCountry Mortg., Inc.*, 2022 WL 16922179, at *2 (D.N.J. Nov. 10, 2022) (quoting *Mountain Top*, 72 F.3d at 369). The Adversary Proceeding is at an early stage: it was filed only three weeks ago, and the pleadings have not yet closed. Moreover, even if there is perceptible delay here (and there is not), any delay in intervention is "measured from the time the proposed intervenor knows or should have known of the alleged risks to his or her rights or the purported representative's shortcomings." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 950 (3d Cir. 2012). The AHC of Supporting Counsel was constituted on April 18, 2023, two

weeks ago,[16] and it therefore would have been infeasible for the AHC of Supporting Counsel to have acted any more timely than it has in seeking intervention. *See Worthington v. Bayer Healthcare LLC*, No. CIV.A. 11-2793 ES, 2011 WL 6303999, at *4 (D.N.J. Dec. 15, 2011) (finding intervention was timely where it came "approximately two months after" the cases were filed and the cases were "only in their early stages").

*Interest in Litigation.* An intervenor must possess "a legal interest as distinguished from interests of a general and indefinite character." *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987). Ultimately, Rule 24 "demands flexibility" and so "the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998). "[T]his factor may be satisfied if, for example, a determination of the action in the [proposed intervenors'] absence will have a significant stare decisis effect on their claims, or if the [proposed intervenors'] rights may be affected by a proposed remedy." *Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pennsylvania*, 863 F.3d 245, 256–57 (3d Cir. 2017) (quoting *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992) (citations omitted)).

The AHC of Supporting Counsel undoubtedly meets this standard. The AHC of Supporting Counsel's constituents and their clients have a direct legal interest in the outcome of this litigation, which seeks to stay all pending talc claims—including those being pursued by clients of the AHC of Supporting Counsel—through an extension of the automatic stay in the Chapter 11 Case to the Injunction Parties. *See* 7 Collier on Bankruptcy P 1109.03 (16th ed. 2023) ("[T]he intervenor may establish a direct and substantial impact if the facts of the proceeding are so closely aligned with the facts of some other proceedings in which the intervenor may be

---

[16] *See* Initial Statement (ECF No. 253).

9

involved that the resolution of one proceeding will determine, or heavily influence, the resolution of the other proceeding."). Because the clients of the AHC of Supporting Counsel's members are already named parties in the Adversary Proceeding, permitting the intervention of the AHC of Supporting Counsel is merely a formal recognition of its members' direct and palpable interest.

*Impairment of Interest.* In analyzing impairment, a court must assess "the practical consequences of the litigation," and "may consider any significant legal effect on the applicant's interest." *Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992). The Third Circuit has also "stated a policy preference which, as a matter of judicial economy, favors intervention over subsequent collateral attacks." *Commonwealth of Pennsylvania v. President United States of Am.*, 888 F.3d 52, 59 (3d Cir. 2018) (internal quotations and citation omitted). Further, in order to prove impairment, "[a]n applicant need not . . . prove that [it] would be barred from bringing a later action or that intervention constitutes the only possible avenue of relief." *Id.* (quoting *Brody*, 957 F.2d at 1123).

The AHC of Supporting Counsel's interests will be impaired if it does not intervene in the Adversary Proceeding because no representative entity will be able to speak or advocate on behalf of the supporting counsel and their respective clients. In fact, the TCC's intervention makes the risk of impairment to the AHC of Supporting Counsel's interest in the Adversary Proceeding all the more acute. The TCC purports to speak on behalf of *all* claimant-defendants in the Adversary Proceeding, but it is advocating only for the Non-Consenting Claimants, who are actually a minority of the talc claimants in this proceeding. Absent intervention, the AHC of Supporting Counsel's constituents and their clients will go unheard in this Adversary Proceeding and any appeals (including the recently-noticed appeal).

*Inadequacy of Representation.* "The burden of proof for this factor is minimal, '[t]he requirement . . . is satisfied if the applicant shows that representation of his interest 'may be' inadequate.'" *In re Stone & Webster, Inc.*, 380 B.R. 366, 373 (Bankr. D. Del. 2008) (quoting *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10 (1972)). Currently, no party or other participant in the Adversary Proceeding adequately represents the views of the tens of thousands of Consenting Claimants in the Chapter 11 Case. At most, any party with interests that overlap with the AHC of Supporting Counsel, such as the Debtor, are tainted by dual loyalty and would not adequately represent the AHC of Supporting Counsel's interests for purposes of Rule 24. *See Matter of Munford, Inc.*, 115 B.R. 388, 389–90 (Bankr. N.D. Ga. 1990) (holding that the unsecured creditors' committee was not adequately represented by a party representing secured and unsecured interests, despite the presumption of adequacy because the latter's "duality of . . . interests presents a real conflict which justifies intervention pursuant to Rule 24(a)(2)"). Indeed, the Debtor is primarily interested in resolving its talc liabilities through the Chapter 11 Case and paying as little as possible to do so; by contrast, while the AHC of Supporting Counsel and its constituents are supportive of the Debtor's plan of reorganization and process for addressing the Debtor's talc liability, including those claims advanced by the AHC of Supporting Counsel's members' clients, the AHC of Supporting Counsel maintains a unique interest in maximizing its claimant-constituents' recovery under that rubric.

For these reasons, the AHC of Supporting Counsel satisfies each requirement for mandatory intervention and should be joined to the Adversary Proceeding in order to protect the interests of its members and their clients.

### III. Alternatively, the Court Should Permit the AHC of Supporting Counsel to Intervene Under Rule 24(b)

Federal Rule 24(b) gives a court discretion to permit intervention "[o]n timely motion" where the movant "[has] a claim or defense that shares with the main action a common question of law or fact." Fed R. Civ. P. 24(b)(1)(B). In assessing permissive intervention, courts "consider various factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already represented in the litigation." *Worthington v. Bayer Healthcare LLC*, Civ. No. 11-2793, 2011 WL 6303999, at *8 (D.N.J. Dec. 15, 2011) (citing *Hoots v. Pennsylvania,* 672 F.2d 1133, 1136 (3d Cir. 1982)). "In order to satisfy the requirements of this rule, the interest of the proposed intervenor need not be related to the property or transaction in issue, but merely 'have a question of law or fact in common with it.'" *Allentown Cement Co. v. Hong Sung Indus. Co. (In re United Minerals & Grains Corp.)*, 76 B.R. 991, 1000 (Bankr. E.D. Pa. 1987).

For the same reasons set forth above, the AHC of Supporting Counsel easily satisfies the standards for permissive intervention. *See supra* §§ I–II. The AHC of Supporting Counsel is made up of consenting counsel who represent defendants in the Adversary Proceeding, and has a constituency identically situated to the constituency of the TCC, which has already successfully intervened. Thus, the AHC of Supporting Counsel plainly has a "question of law or fact" in common with issues at stake in the litigation. Furthermore, there would be no delay or prejudice if intervention were granted here, as the adversary proceeding is in the early stages, having been pending for less than a month, and already includes as defendants the talc claimant clients represented by the AHC of Supporting Counsel's members. As such, and while the AHC of Supporting Counsel is entitled to intervention under Section 1109 of the Bankruptcy Code and

Rule 24(a), the Court respectfully should, in the alternative, order its intervention on a permissive basis under Rule 24(b).

## CONCLUSION

The AHC of Supporting Counsel respectfully requests that this Court: (a) enter an order, substantially in the form attached hereto, allowing the AHC of Supporting Counsel to intervene in the Adversary Proceeding pursuant to 11 U.S.C. § 1109, Rule 24, and Bankruptcy Rule 7024; and (b) grant such other and further relief as is just and proper.

Dated: May 2, 2023

**COLE SCHOTZ P.C.**

/s/ Michael D. Sirota
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*pro hac vice pending*)
Justin Alberto (*pro hac vice pending*)
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com

**PAUL HASTINGS LLP**
Kris Hansen (*admitted pro hac vice*)
200 Park Avenue
New York, New York 10166
(212) 318-6000
krishansen@paulhastings.com

**PAUL HASTINGS LLP**
Matthew M. Murphy (*admitted pro hac vice*)
Matthew Micheli (*admitted pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
(312) 499-6000
mattmurphy@paulhastings.com
mattmicheli@paulhastings.com

                    **PARKINS & RUBIO LLP**
Lenard M. Parkins (*admitted pro hac vice*)
Charles M. Rubio (*admitted pro hac vice*)
700 Milam, Suite 1300
Houston, Texas 77002
(713) 715-1660
lparkins@parkinsrubio.com
crubio@parkinsrubio.com

*Counsel to Ad Hoc Committee of Supporting Counsel*