**EXHIBIT C**

# NONDISCLOSURE AGREEMENT

This Nondisclosure Agreement (the "Agreement") is made and entered into on March ___, 2023, by and between _____ (collectively hereafter the "**Receiving Party**") and Johnson & Johnson (the "**Disclosing Party**").  Disclosing Party and Receiving Party are hereafter referred to collectively as the "**Parties**."

The Parties have agreed to the following terms governing this Nondisclosure Agreement:

1. **Purpose of the Agreement.**  For mutual consideration set forth herein, the sufficiency of which is hereby acknowledged, the Parties have agreed to enter into a confidential relationship for the purpose of preventing the unauthorized disclosure of certain proprietary and confidential information as defined in Paragraph 2 below related to the potential resolution of product liability litigation and claims involving talc-based products, including Johnson's Baby Powder and Shower to Shower.

2. **Definition of Confidential Information.**  As used herein and for the purposes of this Agreement and the execution thereof, the term "Confidential Information" shall include any and all information disclosed to Receiving Party relating to any mediation, settlement, or resolution of claims involving use of or exposure to talc-based products, including Johnson's Baby Powder and Shower to Shower, including: (i) any potential mass tort settlement; (ii) any offer of settlement; (iii) the fact that a discussion of any potential settlement may have occurred; and/or (iv) the fact that any offer of settlement may have been made.  Any and all discussions and disclosure of Confidential Information regarding mediation, or potential settlement or resolution expressly include and applies to, without limitation, all filed and unfiled claims pending in any jurisdiction.

3. **Obligations of Receiving Party.**   In consideration of the disclosure of Confidential Information by the Disclosing Party, Receiving Party hereby agrees that:

   a. Receiving Party shall hold and maintain the Confidential Information in strictest confidence for all purposes, including, but not limited to, the purpose of exploring the potential resolution described above in Paragraph 1.

   b. Receiving Party shall protect the Confidential Information by employing all additional necessary precautions to ensure this protection, including, without limitation: (i) employing all necessary measures to prevent access to Confidential Information to any and all employees, agents, contractors, sub-contractors, and/or other persons, whether or not associated with Receiving Party's Law Firm; (ii) obtaining prior written approval from the Disclosing Party before disclosing any Confidential Information to <u>anyone</u> other than who is the sole designated Receiving Party; (iii) upon obtaining written approval from the Disclosing Party to share any Confidential Information with anyone other than the sole designated Receiving Party member, requiring and obtaining signatures to this Agreement from any and all persons, whether or not associated with Receiving Party's Law Firm, who will have access to the Confidential Information; and (iv) preventing access and

CONFIDENTIAL                                                                                                                                              LTLMGMT-00002680

      agreeing not to disclose any such Confidential Information to any third party without the prior written consent of Disclosing Party.

   c. Receiving Party shall not, without prior written approval of Disclosing Party, use for Receiving Party's own benefit, publish, copy, or otherwise disclose to others, or permit the use by others for their benefit or to the detriment of Disclosing Party, any Confidential Information.

   d. Upon written request of the Disclosing Party, Receiving Party shall immediately return to Disclosing Party any and all records, notes, and other written, printed, or tangible materials in its possession pertaining to any Confidential Information.

   e. In the event that Receiving Party learns of any Confidential Information or portion thereof from any source other than Disclosing Party, Receiving Party shall notify Disclosing Party promptly, and shall provide all information necessary for Disclosing Party to thoroughly investigate the source of any unauthorized disclosure of such Confidential Information.

4. **Mediation Privilege.** Receiving Party understands that any and all communications, documents, and information to be shared pursuant to this agreement relate to the mediation regarding Disclosing Party's talc liability or the potential resolution of talc liability via the *In re LTL Management, LLC* bankruptcy proceedings or otherwise is confidential and protected by court order. Receiving Party agrees to abide by the terms of Judge Kaplan's Amended Order Establishing Mediation Protocol (*In re LTL Management, LLC*, Case No.: 21-30589 (MBK), Dkt. 2300), including the confidentiality and privilege provisions applicable to mediation as set forth therein, and as required of any Mediation Party pursuant to the Order.

5. **Exclusions to the Parties' Obligations.** Receiving Party's obligations under this Agreement do not extend to information that (i) becomes publicly known through no fault of Receiving Party; (ii) is learned by Receiving Party through legitimate means other than from Disclosing Party or Disclosing Party's representatives; or (iii) is disclosed by Receiving Party with Disclosing Party's prior written approval. Receiving Party likewise understands that nothing herein (i) requires Disclosing Party to disclose any Confidential Information, and/or (ii) requires Disclosing Party to proceed with any settlement, resolution, transaction, and/or other relationship with Receiving Party.

6. **Request for Confidential Information.** Receiving Party agrees that any subpoena, discovery request or any other request for Disclosing Party's confidential information shall be immediately brought to the attention of the Disclosing Party. In addition, Receiving Party will endeavor to keep the information confidential whether by motion to quash, seeking a protective order or any other manner available to prevent disclosure of the Confidential Information.

7. **Penalty for Breach.** Any breach of the Agreement and any of the terms set forth herein by Receiving Party shall result in the immediate exclusion of Receiving Party from any

CONFIDENTIAL
LTLMGMT-00002681

further discussions, negotiations, and future participation in any settlement or resolution that may result respecting any litigation involving talc-based products, including Johnson's Baby Powder and Shower to Shower. Determination that Receiving Party has breached the terms of this Agreement is left to the discretion of Disclosing Party, and determination that Receiving Party has even potentially disclosed any Confidential Information may result in exclusion of Receiving Party from all future discussions, negotiations, and participation in the potential settlement described herein. Disclosing Party further reserves the right to seek all available contractual and common law penalties and remedies stemming from Receiving Party's breach or suspected breach of the material terms set forth herein, including, but not limited to, remedies associated with disruption of the potential mass tort settlement, disruption of potential bankruptcy plan confirmation, disgorgement of fees, tort remedies, violation of bankruptcy court order and any and all other remedies available under the law of the Governing Jurisdiction. In the event that any settlement offer has been extended accepted or provisionally accepted by Receiving Party, any breach of this Agreement or any of the terms set forth herein by Receiving Party may result in the immediate repudiation of the terms of such settlement agreement, whether or not memorialized in writing.

8. **Time Periods Applicable to the Agreement.** Receiving Party's obligations under this Agreement, and each of them, shall remain in effect until the Confidential Information is made publicly known by Disclosing Party, or until Disclosing Party sends Receiving Party written notice releasing Receiving Party from this Agreement, whichever occurs first.

9. **Severability.** If any part, term, or provision of this Agreement is held to be illegal or unenforceable neither the validity, nor enforceability of the remainder of this Agreement shall be affected.

10. **Assignment.** Neither Party shall assign or transfer all or any part of its rights under this Agreement without the written consent of the other Party.

11. **Integration.** This Agreement expresses the complete understanding of the Parties with respect to the subject matter described herein, and supersedes any and all prior proposals, agreements, representations, and understandings.

12. **Amendment.** This Agreement may not be amended except in a writing signed by both Parties.

13. **Waiver.** The failure to exercise any right provided in this Agreement shall not be a waiver of prior or subsequent rights.

14. **Relationships.** Nothing contained in this Agreement shall be deemed to constitute either Party a partner, joint venture, or employee of the other Party for any purpose.

15. **Governing Jurisdiction.** The Agreement shall be governed by the laws of the State of New Jersey.

CONFIDENTIAL                                                                                                                                    LTLMGMT-00002682

    This Agreement and each party's obligations shall be binding on the representatives, assigns, and successors of such party. Each party has signed this Agreement through its authorized representative.

| **Disclosing Party** | **Receiving Party** |
|---|---|
| _____ | _____ |
| Signature | Signature |
| _____ | _____ |
| Name | Name |
| _____ | _____ |
| Company Name/Law Firm | Company Name/Law Firm |
| _____ | _____ |
| Address | Address |
| _____ | _____ |
| Address, Cont'd. | Address, Cont'd. |
| _____ | _____ |
| Date | Date |

4