| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel for the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Special Counsel for the Official Committee of Talc Claimants* |
| In re:<br><br>**LTL MANAGEMENT LLC**,[1]<br><br>               Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

| |  |
|---|---|
| LTL MANAGEMENT LLC,<br><br>        Plaintiff,<br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>        Defendants. | Adv. No.: 23-01092 (MBK) |

### APPELLANT TCC'S STATEMENT OF ISSUES ON APPEAL AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AS TO STAY OPINION AND ORDER

Pursuant to Rule 8009(a) of the Federal Rules of Bankruptcy Procedure, the Official Committee of Talc Claimants (the "TCC") of LTL Management LLC, by and through its undersigned proposed counsel, respectfully submits the following statement of issues to be presented on appeal and designation of items for inclusion in the record on appeal in connection with the TCC's appeal from the following opinions and orders: the April 25, 2023 *Order Dissolving Temporary Restraining Order, Extending the Automatic Stay, and Granting Limited Preliminary Restraints* (Dkt. 91, Adv. Pro. 23-01092-MBK) (the "Stay Order") and the related April 27, 2023 *Memorandum Opinion* (Dkt. 94, Adv. Pro. 23-01092-MBK) (the "Stay Opinion" and, collectively, the "Stay Order and Opinion").

### STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1. Whether the Bankruptcy Court applied the incorrect legal standard and incorrect burden of proof in issuing the Stay Order and Opinion.

2. Whether the Bankruptcy Court committed reversible error in concluding that the "debtor need only show the possibility that it will succeed," Stay Opinion at 16, and a "possibility of a successful reorganization," *id*. at 23.

3. Whether the bankruptcy court erred in finding that the Debtor showed a reasonable probability of a successful reorganization given that the Debtor cannot show the requisite good faith under §1112(b), because, among other things, the Debtor lacks financial distress; fraudulently gave up tens of billions of dollars in support from Johnson & Johnson ("J&J") under the 2021 Funding Agreement for no consideration; deliberately worsened its financial condition in an effort to become eligible for bankruptcy; and because the Debtor is a shell company that was created in bad faith solely to evade Bankruptcy Code requirements and Bankruptcy Court supervision that would have applied in a bankruptcy of the Debtor's corporate predecessors.

4. Whether the Bankruptcy Court committed reversible error in failing to treat the Debtor's lack of good faith as a "gating" issue that precluded the issuance of the PI Order under the Third Circuit's decision in *In re LTL Management, LLC*, 64 F.4th 84 (2023).

5. Whether the Bankruptcy Court failed to properly follow the Third Circuit's decision explaining that the Bankruptcy Court's previous preliminary injunction ruling "lack[ed] full discussion" of "pertinent factors," including (i) non-debtor J&J's independent tort liability for its "independent, post-1979 conduct"; (ii) language in 1979 transfer agreement limiting LTL's assumed liabilities to those "allocated on the books or records of J&J as pertaining to the BABY Division" (books and records LTL never examined); and (iii) limits on indemnification obligations for punitive-damages liability.  64 F.4th at 108 n.16.

6. Whether the Bankruptcy Court committed legal error by construing 11 U.S.C. §362(a)(1) as applying to direct claims against non-debtors with their own independent liability.

7. Whether the Bankruptcy Court erred and/or abused its discretion by granting stay relief to non-debtor affiliates, insurers, and retail distributors of the Debtor, where, among other things, (a) the Debtor's ultimate parent company, non-debtor J&J, manufactured the grounds for

3

extending the stay, for its own benefit, on the eve of the bankruptcy, (b) the liabilities on which the Bankruptcy Court relied to extend the stay would not result in any impact on the Debtor's estate, (c) such non-debtors such as J&J have been found to have talc-related liability independent from that of the Debtor, and/or (d)(i) the 1979 transfer agreement in favor of J&J, by its plain words, is inapplicable, (ii) any tenders of defense to retailers, to the limited extent produced, were not absolute and unconditional, and/or (iii) res judicata, collateral estoppel and record taint principles did not warrant a breathtaking expansion of the automatic stay to hundreds of non-debtors.

8. Whether the Bankruptcy Court erred and/or abused its discretion by construing and applying § 362(a)(3) to grant stay relief with respect to direct claims against non-debtor affiliates, insurers, and retail distributors of the Debtor on the facts here, where, among other things, (a) any insurance policies available to the Debtor are not property of the estate and would not be depleted by continuing the litigation at issue, and/or (b) the claims sought to be stayed are not property of the Debtor.

9. Whether the Bankruptcy Court erred in concluding that subject matter jurisdiction exists to authorize the Stay Order where the litigations, if not stayed, would not (a) impact the Debtor's estate, (b) deplete any insurance coverage available to the Debtor, (c) involve any absolute indemnification obligations or (d) implicate res judicata, collateral estoppel, and record taint principles.

10. Whether the Bankruptcy Court erred in relying on the application of non-debtor insurance policies that the Bankruptcy Court previously acknowledged were "disputed, and no definitive determination has been made as to exhaustion" and where the Bankruptcy Court further acknowledged that "[a]dmittedly, the record in the instant case is not as sufficiently developed

4

with respect to the insurance policies as in some of the other cases that have extended the stay on this basis."

11. Whether the Bankruptcy Court erred and/or abused its discretion by granting preliminary injunctive relief under 11 U.S.C. § 105(a) where, among other things, (a) the preliminary injunctive relief requested by the Debtor is broader than any final permanent injunction that the Debtor could receive from the Bankruptcy Court, (b) the Debtor cannot avail itself of any right to reorganize under 11 U.S.C. § 524(g), because, among other reasons, the Debtor was not named as a defendant in a lawsuit as of the petition date, as required by the statute, (c) the Debtor would suffer no irreparable harm in the event preliminary injunctive relief were not granted, (d) the balance of hardships weighs in favor of cancer victims and their survivors, (d) the public interest would not be served by the granting of the requested injunctive relief, and/or (e) the Debtor engaged in unclean hands.

12. Whether the Bankruptcy Court had subject-matter jurisdiction to issue the Stay Order.

13. Whether the Bankruptcy Court erred by relying on both Section 362(a) and Section 105(a) of the Bankruptcy Code as sources of authority for extension of the automatic stay and/or injunctive relief to a non-debtor entity in a bankruptcy case.

14. Whether the Bankruptcy Court erred in finding that the Debtor had established sufficient irreparable injury to warrant injunctive relief, even though the Third Circuit opined that further talc litigation would help rather than hinder reorganization by providing the bankruptcy "court with better guideposts when tackling" valuation and estimation. 64 F.4th at 103.

**DESIGNATION OF THE RECORD ON APPEAL**

Without waiving any arguments on appeal, the TCC designates each of the following documents for inclusion in the record on appeal (including any exhibit, annex, appendix,

addendum, or schedule thereto).[2] The TCC reserves the right to supplement this designation and the record on appeal.

**Documents Filed in Case No. 21-03032-MBK (*LTL Management LLC vs. Those Parties Listed on Appendix A to Complaint, et al.*)**

| Docket Entries and Other Items – Case No. 21-03032 (MBK) | | | |
|---|---|---|---|
| **Designation No.** | **Filing Date** | **Docket No.** | **Description** |
| 1. | 03/23/2022 | 220 | Appellant TCC I's Statement of Issues on Appeal and Designation of Items to be Included in the Record on Appeal as to Stay Opinion and Order[3] |

**Documents Filed in Case No. 23-01092-MBK (*LTL Management LLC vs. Those Parties Listed on Appendix A to Complaint, et al.*)**

| Docket Entries and Other Items – Case No. 23-01092 (MBK) | | | |
|---|---|---|---|
| **Designation No.** | **Filing Date** | **Docket No.** | **Description** |
| 2. | 04/04/2023 | 1 | Complaint by LTL Management LLC against Those Parties Listed on Appendix A to the Complaint and John and Jane Does 1-1000. |
| 3. | 04/04/2023 | 2 | Debtor's Motion for an Order (I) Declaring That the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions, and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing on a Preliminary Injunction |
| 4. | 04/04/2023 | 3 | Exhibit A - Proposed Preliminary Injunction Order |
| 5. | 04/04/2023 | 4 | Exhibit B - Proposed Temporary Restraining Order |
| 6. | 04/04/2023 | 5 | Declaration of Daniel J. Merrett in Support of Debtor's Complaint for Injunctive Relief and Related Motion |
| 7. | 04/04/2023 | | Debtor's Motion for Approval of Service Procedures for |

---

[2] Additionally, the TCC incorporates by reference the documents designated by other appellants seeking review of the Stay Order and Opinion to the extent not already included herein.

[3] For the avoidance of doubt, the TCC incorporates by reference all of the documents designated by TCC I in *Appellant TCC I's Statement of Issues on Appeal and Designation of Items to be Included in the Record on Appeal as to Stay Opinion and Order* (Dkt. 220, Case No. 21-03032-MBK).

6

| **Docket Entries and Other Items – Case No. 23-01092 (MBK)** |||| 
|---|---|---|---|
| **Designation No.** | **Filing Date** | **Docket No.** | **Description** |
| | | 6 | Summons, Complaint, and Other Pleadings |
| 8. | 04/05/2023 | 7 | Supplemental Declaration of Daniel J. Merrett in Support of Debtor's Complaint for Injunctive Relief and Related Motion |
| 9. | 04/05/2023 | 9 | Ex Parte Temporary Restraining Order |
| 10. | 04/05/2023 | 10 | Summons Issued to LTL Management LLC for Service on Those Parties Listed on Appendix A to the Complaint and John and Jane Does 1-1000 |
| 11. | 04/05/2023 | 11 | Motion to Seal re: Certain Confidential Exhibits Related to Debtor's Complaint for Injunctive Relief and Related Motion |
| 12. | 04/05/2023 | 12 | Debtor's Application to Shorten Time |
| 13. | 04/05/2023 | 13 | Order Granting Application to Shorten Time |
| 14. | 04/05/2023 | 14 | Debtor's Letter to Chief Judge Kaplan Regarding Ex Parte Temporary Restraining Order |
| 15. | 04/06/2023 | 15 | Amended Ex Parte Temporary Restraining Order |
| 16. | 04/07/2023 | 16 | Second Amended Ex Parte Temporary Restraining Order |
| 17. | 04/07/2023 | 17 | Debtor's Letter to Chief Judge Kaplan Regarding Ex Parte Temporary Restraining Order |
| 18. | 04/10/2023 | 20 | Third Amended Ex Parte Temporary Restraining Order |
| 19. | 04/10/2023 | 27 | Ad Hoc Committee of Certain Talc Claimants' Objection to Debtor's Motion to Seal Exhibits Related to Debtor's Complaint for Injunctive Relief |
| 20. | 04/16/2023 | 37 | Arnold & Itkin LLP's Objection to Debtor's Preliminary Injunction Motion |
| 21. | 04/17/2023 | 38 | United States Trustee's Objection to Debtor's Motion for an Order (i) Declaring that the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (ii) Preliminarily Enjoining Such Actions, and (iii) Granting a Temporary Restraining Order Ex Parte Pending a Hearing on a Preliminary Injunction |
| 22. | 04/17/2023 | 39 | Official Committee of Talc Claimants' Objection to Debtor's Motion for an Order (I) Declaring that the Automatic Stay Applies or Extends to Certain Actions |

| **Docket Entries and Other Items – Case No. 23-01092 (MBK)** |||| 
|---|---|---|---|
| **Designation No.** | **Filing Date** | **Docket No.** | **Description** |
| | | | Against Non-Debtors, (II) Preliminarily Enjoining such Actions, and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing on a Preliminary Injunction |
| 23. | 04/17/2023 | 42 | Official Committee of Talc Claimants' Motion to Seal re: Objection to Debtor's Motion with Exhibits |
| 24. | 04/17/2023 | 43 | Kristie Lynn Doyle's Brief in Opposition to Debtor's Motion for Order Declaring that the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors etc. |
| 25. | 04/17/2023 | 44 | Official Committee of Talc Claimants' Application to Shorten Time |
| 26. | 04/17/2023 | 45 | Order Granting Application to Shorten Time |
| 27. | 04/17/2023 | 46 | Trevor Barkley's Brief in Opposition to Debtor's Motion for Order Declaring that the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors etc. |
| 28. | 04/17/2023 | 47 | Official Committee of Talc Claimants' Motion to Intervene in Preliminary Injunction Adversary Proceeding |
| 29. | 04/17/2023 | 48 | Official Committee of Talc Claimants' Application to Shorten Time |
| 30. | 04/17/2023 | 49 | Order Granting Application to Shorten Time |
| 31. | 04/17/2023 | 50 | Official Committee of Talc Claimants' Exhibits to Objection |
| 32. | 04/17/2023 | 51 | Alison Daugherty's Brief in Opposition to Debtor's Motion for Order Declaring that the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors etc. |
| 33. | 04/17/2023 | 53 | Marlin Lewis Eagles' Brief in Opposition to Debtor's Motion for Order Declaring that the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors etc. |
| 34. | 04/17/2023 | 54 | Susan Jean Bader's Brief in Opposition to Debtor's Motion for Order Declaring that the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors etc. |
| 35. | 04/17/2023 | 55 | Notice of Filing of Supplemented Appendices to Debtor's Verified Complaint for Declaratory and Injunctive Relief |
| 36. | 04/17/2023 | 56 | Dean McElroy's Brief in Opposition to Debtor's Motion for Order Declaring that the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors etc. |

| **Docket Entries and Other Items – Case No. 23-01092 (MBK)** |||| 
|---|---|---|---|
| **Designation No.** | **Filing Date** | **Docket No.** | **Description** |
| 37. | 04/17/2023 | 57 | Objection to the Debtor's Preliminary Injunction Motion and Joinder of Paul Crouch, Individually and as Executor and as Executor Ad Prosequendum of the Estate of Cynthia Lorraine Crouch to the Briefs in Opposition |
| 38. | 04/17/2023 | 58 | Evan Plotkins' Joinder to Official Committee of Talc Claimants' Objection |
| 39. | 04/17/2023 | 60 | Katherine Tollefson et al.'s Brief in Opposition to Debtors Motion to Extend Stay/For Preliminary Injunction |
| 40. | 04/17/2023 | 61 | Travelers Casualty and Surety Company's Limited Objection to Debtor's Preliminary Injunction Motion |
| 41. | 04/19/2023 | 62 | Paul Crouch's Supplemental Objection and Designation of Deposition Testimony in Opposition to the Debtor's Preliminary Injunction Motion |
| 42. | 04/19/2023 | 63 | Debtor's Letter to Chief Judge Kaplan |
| 43. | 04/19/2023 | 64 | Official Committee of Talc Claimants' Response to Debtor's Improper Submission |
| 44. | 04/19/2023 | 65 | Katherine Tollefson et al.'s Supplemental Objection to Debtors Motion to Extend Stay/For Preliminary Injunction |
| 45. | 04/19/2023 | 66 | Debtor's Exhibit List |
| 46. | 04/19/2023 | 67 | Debtor's Deposition Designations |
| 47. | 04/20/2023 | 70 | Debtor's Amended Deposition Designations |
| 48. | 04/20/2023 | 71 | Official Committee of Talc Claimants' Notice of Submission of Evidence |
| 49. | 04/20/2023 | 76 | United States Trustee's Letter to Judge Kaplan Concerning Deposition Designations |
| 50. | 04/20/2023 | 77 | Official Committee of Talc Claimants' Objection to Debtor's Exhibit List |
| 51. | 04/20/2023 | 80 | Justin and Kathryn Bergeron's Joinder to Objection of the Official Committee of Talc Claimants |
| 52. | 04/21/2023 | 81 | Transcript regarding Hearing Held 04/18/23 |
| 53. | 04/21/2023 | 82 | Transcript regarding Hearing Held 04/20/23 |
| 54. | 04/21/2023 | 83 | Official Committee of Talc Claimants' Notice of Appeal to District Court |

9

| Docket Entries and Other Items – Case No. 23-01092 (MBK) ||||
|---|---|---|---|
| Designation No. | Filing Date | Docket No. | Description |
| 55. | 04/21/2023 | 84 | Official Committee of Talc Claimants' Request for Certification of Direct Appeal to Circuit Court |
| 56. | 04/22/2023 | 85 | Official Committee of Talc Claimants' Application to Shorten Time |
| 57. | 04/24/2023 | 86 | Debtor's Objection to Application for Order Shortening Time |
| 58. | 04/24/2023 | 87 | Order Granting Application to Shorten Time |
| 59. | 04/24/2023 | 88 | Katherine Tollefson's Motion for Request for Certification of Direct Appeal to Circuit Court |
| 60. | 04/24/2023 | 89 | Paul Crouch's Motion for Request for Certification of Direct Appeal to Circuit Court |
| 61. | 04/25/2023 | 91 | Order Dissolving Temporary Restraining Order, Extending the Automatic Stay, and Granting Limited Preliminary Restraints |
| 62. | 04/27/2023 | 94 | Opinion Dissolving Temporary Restraining Order, Extending the Automatic Stay, and Granting Limited Preliminary Restraints |
| 63. | 04/27/2023 | 95 | Christina Prudencio's Objection to Debtor's Confidentiality Designations |
| 64. | 04/28/2023 | 97 | Order Approving Service Procedures for Summons, Complaint and Other Pleadings |
| 65. | 04/28/2023 | 98 | Official Committee of Talc Claimants' Letter to the Honorable Michael Kaplan |
| 66. | 04/30/2023 | 99 | Katherine Tollefson's Objection to Confidentiality Designations |
| 67. | 05/02/2023 | 103 | Official Committee of Talc Claimants' Amended Notice of Appeal and Statement of Election |
| 68. | 05/02/2023 | 104 | Motion of Ad Hoc Committee of Supporting Counsel to Intervene |
| 69. | 05/02/2023 | 105 | Ad Hoc Committee of Supporting Counsel's Application to Shorten Time |
| 70. | 05/03/2023 | 106 | Order Granting Application to Shorten Time |
| 71. | 05/05/2023 | 117 | Estate of Melissa Fleming's Motion to Dismiss Adversary Proceeding |
| 72. | 05/05/2023 | | Robert Gendelman's Motion to Dismiss Adversary |

| Docket Entries and Other Items – Case No. 23-01092 (MBK) ||||
|---|---|---|---|
| **Designation No.** | **Filing Date** | **Docket No.** | **Description** |
| | | 118 | Proceeding |
| 73. | 05/08/2023 | 121 | Debtor's Objection to Motions for an Order Certifying Direct Appeal of Preliminary Injunction Order to the Third Circuit |
| 74. | 05/08/2023 | 123 | Official Committee of Talc Claimants' Objection to Motion of Ad Hoc Committee of Supporting Counsel to Intervene |
| 75. | 05/08/2023 | 124 | Ad Hoc Committee of Supporting Counsel's Omnibus Objection to Motions for Certification of Direct Appeal |
| 76. | 05/10/2023 | 129 | Transcript regarding Hearing Held 05/09/23 |
| 77. | 05/10/2023 | 130 | Transmittal of Record on Appeal to U.S. District Court |
| 78. | 05/11/2023 | 131 | Notice of Docketing Record on Appeal to District Court |
| 79. | 05/15/2023 | 133 | Order Denying Motions for an Order Certifying Direct Appeal of Preliminary Injunction Order to the Third Circuit |
| 80. | 05/15/2023 | 136 | Debtor's (I) Omnibus Response to Objections to Debtor's Confidentiality Designations and (II) Objection to Motion to De-Designate Exhibit A of the Term Sheet |
| 81. | 05/17/2023 | 138 | Order Granting Motion of Ad Hoc Committee of Supporting Counsel to Intervene in the Adversary Proceeding |

**Documents Filed in Case No. 23-12825-MBK**

| Docket Entries and Other Items – Case No. 23-12825 (MBK) ||||
|---|---|---|---|
| **Designation No.** | **Filing Date** | **Docket No.** | **Description** |
| 82. | 04/12/2023 | 126 | Transcript regarding Hearing Held 04/11/23 |
| 83. | 04/21/2023 | 262 | Transcript regarding Hearing Held 04/18/23 |
| 84. | 04/21/2023 | 263 | Transcript regarding Hearing Held 04/20/2023 |
| 85. | 05/04/2023 | 416 | Transcript regarding Hearing Held 05/03/2023 |
| 86. | 05/10/2023 | 477 | Transcript regarding Hearing Held 05/09/2023 |
| 87. | 05/17/2023 | 537 | Transcript regarding Hearing Held 05/16/2023 |

## Exhibits Admitted in Connection with Stay Hearing[4]

| Designation No. | Exhibit No. | Description |
|---|---|---|
| **TCC'S EXHIBTS** | | |
| 88. | 1 | Chapter 11 Petition filed by LTL, Case No. 21-30589 |
| 89. | 2 | Chapter 11 Petition filed by LTL, Case No. 23-12825 |
| 90. | 3 | LTL's Monthly Operating Report for Reporting Period Ended 02/28/2023 |
| 91. | 4 | Term Sheet (Beg. Bates No. LTLMGMT-00002628)[5] |
| 92. | 5 | Minutes of Board of Managers of LTL dated March 16, 2023 (Beg. Bates No. LTLMGMT-00002626) |
| 93. | 6 | Minutes of Board of Managers of LTL dated March 28, 2023 (Beg. Bates No. LTLMGMT-00000001) |
| 94. | 7 | Plan Support Agreement (Beg. Bates No. LTLMGMT-00001545) |
| 95. | N/A | Declaration of John Kim in Support of First Day Pleadings, Case No. 23-12825 [Dkt. 4] |
| 96. | N/A | Transcript of April 14, 2023 Deposition of John Kim |
| **DEBTOR'S EXHIBTS** | | |
| **Declaration of John Kim and Exhibits** | | |
| 97. | 1 | Declaration of John K. Kim in Support of First Day Pleadings, Case No. 23-12825 ("Kim Decl."), including all exhibits thereto (Beg. Bates No. LTLMGMT00000020) |
| **Plan Support Agreement and Term Sheet** | | |
| 98. | 2 | Plan Support Agreement with Kiesel Law LLP (Beg. Bates No. LTLMGMT00000914) |
| 99. | 3 | Plan Support Agreement with Seeger Weiss LLP (Beg. Bates No. LTLMGMT00001531) |
| 100. | 4 | Plan Support Agreement with OnderLaw, LLC with claimant list (Beg. Bates No. LTLMGMT00002785) |
| 101. | 5 | Plan Support Agreement with Johnson Law Group with claimant list (Beg. Bates No. LTLMGMT00003371) |
| 102. | 6 | Plan Support Agreement with Ferrer Poirot Wansbrough with claimant list (Beg. Bate No. LTLMGMT00003444) |

---

[4] These exhibits were admitted in connection with the Stay hearing. See *Debtor's Exhibit List* (Dkt. 66, Adv. Pro. 23-01092); *Official Committee of Talc Claimants' Notice of Submission of Evidence* (Dkt. 71, Adv. Pro. 23-01092); April 20, 2023 Tr. (Dkt. 82, Adv. Pro. 23-01092) at 4:19-21 ("the Court is accepting into evidence all of the evidence and designations submitted by both the debtor and the Committee."). Certain of these exhibits and/or portions thereof remain confidential.

[5] Ex. A to the Term Sheet remains confidential.

| Designation No. | Exhibit No. | Description |
|---|---|---|
| 103. | 7 | Plan Support Agreement with Liakos Law, APC with claimant list (Beg. Bates No. LTLMGMT00003462) |
| 104. | 8 | Plan Support Agreement with Linville Law Group with claimant list (Beg. Bates No. LTLMGMT00003480) |
| 105. | 9 | Plan Support Agreement with Nachawati Law with claimant list (Beg. Bates No. LTLMGMT00003498) |
| 106. | 10 | Plan Support Agreement with McDonald Worley PC with claimant list (Beg. Bates No. LTLMGMT00003647) |
| 107. | 11 | Plan Support Agreement with Pulaski Kherkher with claimant list (Beg. Bates No. LTLMGMT00003685) |
| 108. | 12 | Plan Support Agreement with Slater Slater Schulman LLP with claimant list (Beg. Bates No. LTLMGMT00003882) |
| 109. | 13 | Plan Support Agreement with Rueb Stoller Daniel, LLP with claimant list (Beg. Bates No. LTLMGMT00003921) |
| 110. | 14 | Plan Support Agreement with Trammell PC with claimant list (Beg. Bates No. LTLMGMT00003959) |
| 111. | 15 | Plan Support Agreement with Wisner Baum, LLP with claimant list (Beg. Bates No. LTLMGMT00004005) |
| 112. | 16 | Plan Support Agreement with Watts Guerra LLC with claimant list (Beg. Bates No. LTLMGMT00004025) |
| 113. | 17 | Plan Support Agreement with Andres Pereira Firm with claimant list (Beg. Bates No. LTLMGMT00004956) |
| 114. | 18 | Signature page of Robinson Calcagnie DocuSign Envelope ID: C316F0C6-FFD0-4BFE-904E0C3D7CB2235C (Beg. Bates No. LTLMGMT00000272) |
| 115. | 19 | Term Sheet (Beg. Bates No. LTLMGMT00002628)[6] |
| **Board Minutes and Presentations** | | |
| 116. | 20 | Minutes of Board of Managers LTL Management LLC (March 16, 2023) (Beg. Bates No. LTLMGMT00002626) |
| 117. | 21 | Minutes of Board of Managers LTL Management LLC (March 28, 2023) (Beg. Bates No. LTLMGMT00000001) |
| 118. | 22 | Minutes of Board of Managers LTL Management LLC (April 2, 2023) (Beg. Bates No. LTLMGMT00000006) |
| 119. | 23 | Presentation to Board of Managers of LTL Management LLC (March 28, 2023) (Beg. Bates No. LTLMGMT00002641) |
| 120. | 24 | Presentation to Board of Managers of LTL Management LLC (April 2, 2023) (Beg. Bates No. LTLMGMT00002668) |

---

[6] Ex. A to the Term Sheet remains confidential.

| Designation No. | Exhibit No. | Description |
|---|---|---|
| **Non-Disclosure Agreements** | | |
| 121. | 25 | Template non-executed NDA (Beg. Bates No. LTLMGMT00002680) |
| **Organizational Structure** | | |
| 122. | 26 | 2022 Group Holdings (Beg. Bates No. LTLMGMT00000192) |
| 123. | 27 | Johnson & Johnson Holdco (NA) Inc. (US –6101) ("Old JJCI") Structure Chart (Beg. Bates No. LTLMGMT00000194) |
| ***Valadez*-Related Materials** | | |
| 124. | 28 | Emory Hernandez Facebook Profile |
| 125. | 29 | Emory Hernandez Facebook Post (Feb. 27, 2023) |
| 126. | 30 | Plaintiff's Notices of Deposition for Person(s) Most Qualified, Reyes (July 15, 2020) |
| 127. | 31 | Plaintiff's Notices of Deposition for Person(s) Most Qualified, Vanklive (Nov. 24, 2020) |
| 128. | 32 | Plaintiff's Notices of Deposition for Person(s) Most Qualified, Prudencio (Dec. 8, 2020) |
| 129. | 33 | 2022.02.04 Stanford Adv. Med. Center Roy Thoracic Oncology f-u |
| 130. | 34 | 2022.02.11 Stanford Adv. Med. Center Telephone Encounters re High Heart Rate, ED Referral |
| 131. | 35 | 2022.03.04 Stanford Adv. Med Center Roy Diagnosis of Pericardium Primary Mesothelioma |
| 132. | 36 | 2022.03.18 Stanford Adv. Med Center Roy Progress Notes & Infusion Reaction |
| 133. | 37 | 2022.04.09 - 2022.04.10 Stanford Hospital Antineoplastic Chemotherapy |
| 134. | 38 | 2022.08.03 Stanford Tooth Pain Phone Call, Rescheduling, Med Refill Reports |
| 135. | 39 | 2022.08.08 Stanford Cancer Genetics, Treatment, Med Refill Reports |
| 136. | 40 | Transcript of Deposition of Barry R. Horn, M.D., Valadez v. Johnson & Johnson et al., No. 22-cv012759, Alameda County Superior Court (Mar. 27, 2023) |
| 137. | 41 | Transcript of Deposition of Annamarie Camacho, Valadez v. Johnson & Johnson et al., No. 22-cv012759, Alameda County Superior Court (Mar. 2, 2023) |
| 138. | 42 | Valadez - Plaintiff's Letter to ACOR re Dodson Materials (Dodson Reports), sent 2/28/2023 |
| 139. | 43 | Declaration of Ronald F. Dodson, In re LTL Management LLC, 21-30589 (MBK), filed 5/24/022 |
| 140. | 44 | Valadez Deposition Exhibit 4, photo of bottles |

| Designation No. | Exhibit No. | Description |
|---|---|---|
| 141. | 45 | Weaver & Long article entitled, "Chromogenic Characterization: A Study of Kodak Color Prints, 1942-2008" |
| 142. | 46 | Email from Rivamonte to Roy, with attachments, dated 9/20/2022 |
| 143. | 47 | U.S. Census Bureau QuickFacts |
| 144. | 48 | Plaintiff's Opposition to Joint Defendant Johnson & Johnson's Motion in Limine No. 2 to Exclude References to LTL Management LLC's Bankruptcy, filed 4/3/2023, Valadez v. Johnson & Johnson et al., No. 22-cv-012759, Alameda County Superior Court |
| 145. | 49 | Plaintiff's Notice of Deposition of Defendant Johnson & Johnson's Custodian(s) or Records and Person(s) Most Qualified, filed 3/7/2023, Valadez v. Johnson & Johnson et al., No. 22-cv-012759, Alameda County Superior Court |
| 146. | 50 | Federica Grosso article entitled, "Pericardial Mesothelioma, a Disease for Brave Hearts" |
| 147. | 51 | Email from Satterley to Brown re: LTL Stay, dated 4/4/2023 |
| 148. | 52 | Letter from Kazan, McClain, Satterley & Greenwood objecting to genetic testing, dated 3/14/2023 |
| | | **Miscellaneous** |
| 149. | 53 | Birchfield Deposition Exhibit 003 – Beasley Allen Press Release entitled, "Cancer Victims Uniting to Oppose Johnson & Johnson's Latest Bankruptcy Ploy" |
| 150. | 54 | Murdica Deposition Exhibit 6 – Reuters Article entitled, "J&J talc unit 2nd bankruptcy must be dismissed, cancer victims' lawyers say" |
| 151. | 55 | Watts Deposition Exhibit 3 – Watts Guerra LLC Press Release entitled, "Watts Guerra LLC & 12 Other Firms Representing Vast Majority of Johnson & Johnson Talc Claimants, Announce Broad Support for New $8.9 Billion Settlement with J&J" |
| 152. | 56 | Watts Deposition Exhibit 4 - Slides re Talc Settlement, presented April 12, 2023 |
| 153. | 57 | Watts Deposition Exhibit 5 – Still shots of video presentation |
| 154. | 58 | Birchfield Deposition Exhibit 001 - 9/5/2020 Email from Birchfield to Murdica re: **Confidential** with attachment "TALC TERM SHEET (AN-5PM) (9-4-20).docx" |
| 155. | 59 | Birchfield Deposition Exhibit 002 – Confidential Settlement Term Sheet, dated 9/4/2020 5:20 PM |
| 156. | 60 | Birchfield Deposition Exhibit 004 – PowerPoint entitled, "Value of Ovarian Cancer Claims" |
| 157. | 61 | Birchfield Deposition Exhibit 005 – Beasley Allen webpage entitled, "Talcum Powder Verdicts" |

| Designation No. | Exhibit No. | Description |
|---|---|---|
| 158. | 62 | Birchfield Deposition Exhibit 006 – Beasley Allen webpage entitled, "Talcum Powder" |
| 159. | 63 | Birchfield Deposition Exhibit 007 – Results NeoTYPE Analysis Discovery Profile for Debra Henry, dated 5/4/2020 |
| 160. | 64 | Birchfield Deposition Exhibit 008 – Medical Report of Susan Vogeler, dated 4/24/2018 |
| 161. | 65 | Birchfield Deposition Exhibit 009 – National Cancer Institute webpage entitled, "Ovarian, Fallopian Tube, and Primary Peritoneal Cancers Prevention (PDQ) – Health Professional Version" |
| 162. | 66 | My Cancer Genome, Malignant Mesothelioma webpage |
| 163. | 67 | Excerpts from 8/20/2020 Sylvester Reyes Deposition Transcript |
| 164. | 68 | Molton Deposition Exhibit 0001 – Email chain between Greg Gordon and David Molton re: LTL |
| 165. | 69 | Watts Deposition Exhibit 6 – Email from Watts to Murdica and Itkin re: RSA-Talc with an attachment entitled, "RESTRUCTURING SUPPORT AGREEMENT-LTL (20230226- MCW).docx" |

## Deposition Transcripts[7]

| Designation No. | Date of Deposition | Deponent |
|---|---|---|
| 166. | April 14, 2023 | Eric Haas |
| 167. | April 14, 2023 | John Kim |
| 168. | April 15, 2023 | Adam Pulaski |
| 169. | April 16, 2023 | James Murdica |
| 170. | April 17, 2023 | Mikal Watts |
| 171. | April 17, 2023 | Richard Dickinson |
| 172. | April 17, 2023 | David Molton |
| 173. | April 17, 2023 | Andy Birchfield |

---

[7] As to each designated deposition transcript, the TCC also designates all exhibits admitted into evidence in connection with such deposition. Certain portions of the deposition transcripts and exhibits have been designated confidential by LTL and/or the TCC.

16

## CERTIFICATION REGARDING TRANSCRIPTS

Federal Rule of Bankruptcy Procedure 8009(b)(1) requires an appellant to either: (i) order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal and file a copy of the order with the bankruptcy clerk, or (ii) file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript. Appellant hereby certifies to the Clerk of Court that it is not ordering any transcripts that are not already included in the record on appeal.

Dated:  May 18, 2023                                     */s/  Daniel M. Stolz*
                                                                         Daniel M. Stolz, Esq.
                                                                         GENOVA BURNS LLC
                                                                         110 Allen Rd., Suite 304
                                                                         Basking Ridge, NJ 07920
                                                                         Telephone: (973) 230-2095
                                                                         Email: DStolz@genovaburns.com

                                                                         *Proposed Local Counsel to the Official*
                                                                         *Committee of Talc Claimants*