**<u>EXHIBIT 2</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | . | Case No. 23-12825(MBK) |
| | . | |
| LTL MANAGEMENT LLC, | . | |
| | . | U.S. Courthouse |
| Debtor. | . | 402 East State Street |
| | . | Trenton, NJ 08608 |
| . . . . . . . . . . . . . . . | . | |
| | . | |
| LTL MANAGEMENT LLC, | . | Adv. No. 23-01092(MBK) |
| | . | |
| Plaintiff, | . | |
| | . | |
| v. | . | |
| | . | |
| THOSE PARTIES LISTED ON | . | |
| APPENDIX A TO COMPLAINT AND | . | |
| JOHN AND JANE DOES 1-1000, | . | |
| | . | |
| Defendants. | . | Tuesday, April 18, 2023 |
| . . . . . . . . . . . . . . | . | 10:00 a.m. |

TRANSCRIPT OF HEARING ON
MEMORANDUM OF LAW IN SUPPORT OF MOTION BY MOVANT ANTHONY
HERNANDEZ VALADEZ FOR AN ORDER (I) GRANTING RELIEF FROM THE
AUTOMATIC STAY, SECOND AMENDED EX PARTY TEMPORARY RESTRAINING
ORDER, AND ANTICIPATED PRELIMINARY INJUNCTION, AND (II) WAIVING
THE FOURTEEN-DAY STAY UNDER FEDERAL RULE OF BANKRUPTCY
PROCEDURE 400l(a)(3) [DOCKET 7l]; AND DEBTOR'S MOTION FOR AN
ORDER (I) DECLARING THAT THE AUTOMATIC STAY APPLIES OR EXTENDS
TO CERTAIN ACTIONS AGAINST NON DEBTORS OR (II) PRELIMINARILY
ENJOINING SUCH ACTIONS AND (III) GRANTING A TEMPORARY
RESTRAINING ORDER EX PARTE PENDING A HEARING ON A PRELIMINARY
INJUNCTION [ADVERSARY DOCKET 2]; AND MOTION TO SEAL; AND
SERVICE PROCEDURES MOTION
**BEFORE THE HONORABLE MICHAEL B. KAPLAN**
**UNITED STATES BANKRUPTCY COURT JUDGE**

Audio Operator:                    Kiya Martin

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

Kim - Cross/Placitella                    165

1  transferred them to the parent, which was Janssen, with the

2  notion that you were going to put it in still another

3  subsidiary called Kenvue, right?

4          MS. BROWN:  Objection, Your Honor.

5          THE COURT:  What's the basis?

6          MS. BROWN:  It assumes facts.  There's no factual

7  support for these allegations.

8          MR. PLACITELLA:  I'm going to go right through it,

9  Judge.

10          MS. BROWN:  And this is a complaint that he's filed

11  and it is inconsistent with the facts.

12          MR. PLACITELLA:  The complaint quotes from your

13  affidavit, sir.  So let's just talk to it.

14          THE COURT:  Well, are you just reciting the

15  complaint?  Or --

16          MR. PLACITELLA:  I'm asking if my complaint correctly

17  cites his affidavit and what he believes to be true.

18          THE COURT:  And what's the purpose?

19          MR. PLACITELLA:  The purpose is to demonstrate here

20  that Johnson and Johnson, while the Third Circuit's decision

21  was pending, was moving assets out of Old JJCI -- out of New

22  JJCI into Janssen with the intention of then moving those

23  assets again to Kenvue.  And they brought to this Court trying

24  to extend the TRO to those transfers.

25          And my client, Justin Bergeron, under New Jersey law,

WWW.JJCOURT.COM

1  has every right to proceed against Janssen and Kenvue in the
2  chain of distribution of those assets.  It wasn't me that
3  brought this to the Court, Your Honor.  They brought it to the
4  Court late last night.

5        They didn't tell the Court that the reason they were
6  doing it was because Mr. Bergeron had sued them.  They just
7  said, can't we just add these on, Judge?  No big deal.  And it
8  is a big deal.

9        THE COURT:  All right.  It's more of an argument,
10  which is fine.  What specific questions --

11        MR. PLACITELLA:  Well, can I go through the facts,
12  please?

13        THE COURT:  Okay.  I'm trying to make sure that
14  everybody can have an opportunity to go forward.

15        MR. PLACITELLA:  Okay.
16  BY MR. PLACITELLA:
17  Q   Sir, do you --

18        MS. BROWN:  I'm sorry, Your Honor, and just as to the
19  objection that we're reading unsubstantiated allegations in a
20  complaint into the record, I object to that.

21        THE COURT:  Why don't you ask Mr. Kim if he has
22  knowledge of this transaction?
23  BY MR. PLACITELLA:
24  Q   Sir, you just told the U.S. Trustee that you transferred
25  the assets of New JJCI to the parent Janssen, correct?

1        Your Honor, the same is true whether there's one

2   claimant complaining about this.  There were comments made

3   earlier that there's only 100 people complaining, or 15 people

4   complaining, what have you.  I'm standing here with thousands

5   of ovarian cancer claimants.  But that issue aside, Your Honor,

6   the issue is the same whether it's one or thousands of us.  We

7   found that argument, Your Honor, to be ridiculous and frankly

8   offensive.  And Your Honor, we'd ask that the motion for

9   preliminary injunction be denied.  Thank you, Your Honor.

10          THE COURT:  Thank you, Ms. Jones.  Mr. Placitella.

11          MR. PLACITELLA:  If I'm more than two minutes, you

12   give me the hook, Your Honor.

13          THE COURT:  Your colleagues will do that.  Go ahead.

14          MR. PLACITELLA:  Janssen and Kenvue are not protected

15   parties under this Court's TRO and there's no basis in law or

16   fact to enjoin plaintiffs from proceeding against them,

17   including Mr. Burgeron (phonetic).  They asked in the middle of

18   the night, they submitted a pleading sticking Janssen and

19   Kenvue with a pleading with no facts whatsoever.  And I asked

20   Mr. Kim, why did you do it?  He said it was a knee jerk

21   reaction.  You filed a lawsuit, we figured we could go to Judge

22   Kaplan, he'd fix it for us.

23          But there has been no proof today.  I asked Mr. Kim,

24   what do you know about Kenvue?  Nothing.  What do you know

25   about Janssen?  Nothing.  So they have not satisfied their

1    burden of proof to impose an injunction as it relates to those

2    parties.   LTL has no -- There was no issue about shared

3    insurance, indemnity claims, all these things that they're

4    talking about.   LTL has no standing to make arguments about

5    Kenvue or Janssen.   There's nothing to support jurisdiction

6    respectfully of this Court concerning those claims.

7            And whether Janssen and Kenvue are responsible to Mr.

8    Burgeron who's dying of cancer with two minor children is

9    something for the trial Court to determine under law of the

10   State of New Jersey.   And if J&J or LTL or whoever -- Forget

11   it.   They have nothing to say about it.   If Kenvue or Janssen

12   think that's wrong, they can go to the appellate courts.   But

13   that's a matter of State law, it's not a matter for this Court.

14   Thank you very much for hearing me.

15           THE COURT:   Thank you, Mr. Placitella.

16           MR. SIMON:   Good evening, Your Honor.   My name is

17   Jeffrey Simon and I filed a pro hac yesterday.   May I be heard

18   with a few brief remarks?

19           THE COURT:   Absolutely.

20           MR. SIMON:   Thank you.   As I said, my name is Jeffrey

21   Simon.   I'm losing my voice, but I'm with the law firm of Simon

22   Greenstone Panatier and we are a firm that specializes in mass

23   tort litigation and particularly mesothelioma litigation.   I

24   personally have been trying mesothelioma cases for over 30

25   years.   Our firm has tried many talc related mesothelioma