**EXHIBIT 8**

LAW OFFICES
# COHEN, PLACITELLA & ROTH
A PENNSYLVANIA PROFESSIONAL CORPORATION

127 MAPLE AVENUE
RED BANK, NEW JERSEY 07701

(732) 747-9003
FAX (732) 747-9004
www.cprlaw.com

PHILADELPHIA, PA
LEMOYNE, PA
BALA CYNWYD, PA
PITTSBURGH, PA
CHERRY HILL, NJ

CHRISTOPHER M. PLACITELLA
MANAGING NJ ATTORNEY
CERTIFIED CIVIL TRIAL ATTORNEY

May 31, 2023

**Via eCourts**
The Honorable Ana C. Viscomi, J.S.C.
Superior Court - State of New Jersey
Middlesex County Court House
56 Patterson Street Room 203
New Brunswick, NJ  08903-0964

**RE:    Kimberly Naranjo v. J&J, et al.**
         **Superior Court of NJ; Middlesex County No: MID-L06108-21**

Dear Judge Viscomi:

Plaintiff writes to update the Court concerning recent developments relevant to New Jersey state court asbestos claimants' rights to take the discovery depositions in their cases pending in the New Jersey Superior Court Asbestos Program.

Just one day after the May 24 hearing before this Court, LTL Management ("LTL") moved in its Chapter 11 bankruptcy proceedings for the entry of a protective order precluding the Official Committee of Talc Claimants in those proceedings from taking discovery concerning "the transfer of the consumer health business from Holdco's predecessor company Johnson & Johnson Consumer, Inc. ("Old JJCI"), and the separate spin-off of Kenvue Inc." A true and correct copy of LTL's publicly filed Motion for the Entry of a Protective Order is attached as Exhibit A.

Contrary to J&J's assertions before this Court, the motion papers filed before Chief Judge Kaplan represent that "the Consumer Health Transactions (involving Janssen and Kenvue) are completely separate from—and have no relationship to—LTL's bankruptcy filings." *Id.*, pg. 3. In support of its motion, LTL relies upon the testimony of Mr. Mongon as a corporate witness with first-hand knowledge of the transfer of assets at issue in this case, including the "objectives" for those transfers. *Id.*, pg. 7 (quoting Transcript of Hearing at 30:4-13, *In re LTL Management LLC*, No. 21-30589 (Bankr. D.N.J. Feb. 16, 2022). ==This evidence proves that the corporate witnesses subpoenaed in the asbestos matters before Your Honor have personal, exclusive, and material knowledge that bear upon the J&J Defendants' direct and successor liability under New Jersey law.==

Honorable Ana C. Viscomi, J.S.C.
May 31, 2023
Page 2

      The fact that Mr. Mongon is the principal witness relied upon by J&J and LTL demonstrates why no affidavits were supplied by the J&J Defendants to this Court disclaiming the personal material knowledge of the deponents here like was seen in *HD Supply Waterworks Grp., Inc. v. Dir., Div. of Tax'n*. 29 N.J. Tax 573, 587 (N.J. Tax Ct. 2017). The importance of the subpoenaed witnesses' personal knowledge of the evidence at issue—coupled with there being no affidavits to the contrary—entirely negates the J&J Defendants' argument that Plaintiff must conduct discovery by other means.

      Thank you for your kind consideration of this matter.

      Respectfully submitted,

/s/ Christopher M. Placitella
Christopher M. Placitella
Michael Coren
Eric S. Pasternack
Jared M. Placitella
*Attorneys for Plaintiff*

CMP:MC:ESP/bd
Enclosure