LAW OFFICES
# COHEN, PLACITELLA & ROTH
A PENNSYLVANIA PROFESSIONAL CORPORATION

127 MAPLE AVENUE
RED BANK, NEW JERSEY 07701

(732) 747-9003
FAX (732) 747-9004
www.cprlaw.com

PHILADELPHIA, PA
LEMOYNE, PA
BALA CYNWYD, PA
PITTSBURGH, PA
CHERRY HILL, NJ

CHRISTOPHER M. PLACITELLA
MANAGING NJ ATTORNEY
CERTIFIED CIVIL TRIAL ATTORNEY

CHRISTOPHER M. PLACITELLA
cplacitella@cprlaw.com

June 1, 2023

**VIA ECF**
Honorable Michael B. Kaplan, Chief Judge
U.S. Bankruptcy Court for the District of New Jersey
402 East State Street, Courtroom #8
Trenton, N.J. 08608

      Re:   *In re LTL Management LLC*
            Case No. 23-12825
           Adv. No. 23-01092

Dear Judge Kaplan:

      At 8:32 p.m. on May 31, 2023, LTL Management ("LTL") filed a motion for a bridge order confirming that the automatic stay applies to certain actions asserted against non-debtor affiliates or temporarily extending the stay and preliminary injunction to such actions pending a final hearing on the requested relief ("Motion"). *See* Dkt. 147. LTL soon after that filed a motion to shorten the hearing time so that this Court would hear the Motion just a day and a half later, thereby affording Plaintiffs only hours to respond, contrary to the requirements of due process. *See* Dkt. 148. That motion was granted this morning. *See* Dkt. 149. This letter addresses only the motion to shorten the time and respectfully requests that the Court's Order (Dkt. 149) be vacated. Plaintiffs reserve their right to reply to the Motion in the ordinary course.

      LTL's motion to shorten time to respond on its face (and timing) reveals LTL and J&J's goals here: (1) to prevent the Middlesex County Superior Court from issuing its forthcoming written decision concerning Plaintiffs' direct and successor liability claims against Janssen Pharmaceuticals, Inc. ("Janssen") and Kenvue Inc. ("Kenvue"); and (2) deny Plaintiffs time to respond to LTL's Motion on the merits.

Honorable Michael B. Kaplan, Chief Judge
June 1, 2023
Page 2

LTL offers no justification for its extraordinary request. It also ignores J&J's agreement in the presence of Hon. Ana C. Viscomi, J.S.C. to accommodate the undersigned's pre-arranged European vacation schedule.

On May 24, 2023, the Judge Viscomi heard argument in *Bergeron v. Kenvue Inc., et al.*, Docket No. MID-L-2089-23 together with other pending asbestos Multicounty Litigation program actions on Janssen and Kenvue's motions to dismiss. Citing well-established New Jersey law, Plaintiffs asserted that Janssen and Kenvue bear direct and successor liability for the tortious conduct of Old JJCI.[1] Judge Viscomi denied Janssen and Kenvue's motions to dismiss on the record and has since indicated that her Honor would be issuing a written opinion this week. After rendering her oral decision, Judge Viscomi discussed a schedule to allow J&J the opportunity to request a stay of the court's decision to seek interlocutory appellate review. In the Atlantic County Talc-Based Body Powder Products Multicounty Litigation before the Hon. John C. Porto, J.S.C., Kenvue and Janssen likewise agreed that their pending motions to dismiss on this issue would be returnable on June 29, 2023.

During the May 24, 2023 hearing, Judge Viscomi also heard argument on Janssen and Kenvue's motion to quash subpoenas directed to Messrs. Thibaut Mongon, Paul Ruh, and Darren Snellgrove. Judge Viscomi reserved ruling on that motion. Janssen and Kenvue had also moved to stay discovery, on which Judge Viscomi held argument, but the court did not issue a ruling because Janssen and Kenvue withdrew their motion—apparently so that they could request that this Court intercede and prevent the New Jersey state courts from deciding an issue of New Jersey state law in what also amounts to a motion for reconsideration of this Court's April 25, 2023 Order. *See* Dkt. 91.

Now, more than a week after the hearing before Judge Viscomi, LTL has filed the Motion and sought to expedite consideration of it. LTL, in other words, had a week to prepare the Motion and would have this Court allow Plaintiffs mere hours to respond. Making matters worse, LTL has offered just one basis to shorten time— that is, it anticipates that Judge Viscomi "may imminently issue an order requiring the commencement of discovery." How that could be a sufficient basis to shorten time defies explanation when in this Court's April 25 Order, this Court decreed that

---

[1] During the hearing, among other things, Plaintiffs presented evidence that Kenvue has continued selling asbestos-containing talc powder products in the United States.

Honorable Michael B. Kaplan, Chief Judge
June 1, 2023
Page 3

"nothing in this order (except as provided in Paragraph 4 below) shall be construed to enjoin or restrain any party from commencing or proceeding with discovery or other pretrial matters in those suits, or from filing suit against a Protected Party, subject to Paragraph 6 below." Dkt. 91, ¶ 3.  LTL's articulated basis for shortening time thus reflects its desire to prevent Judge Viscomi from issuing her written opinion and allowing that court the opportunity to fully explain the basis for its decision from the bench.

On a personal note, as Janssen and Kenvue's counsel know, I am presently overseas in Europe for vacation with limited access to email and am set to return during late hours on June 9, 2023.  Accordingly, Plaintiffs request that LTL's motion to shorten be denied and that the hearing on the Motion be heard in the ordinary course.  In the alternative, Plaintiffs request that they have until June 13, 2023 to respond.

Thank you for your time and attention to this matter.

Respectfully submitted,

**COHEN, PLACITELLA & ROTH, P.C.**

/s/ *Christopher M. Placitella*
CHRISTOPHER M. PLACITELLA, ESQ.
*Counsel for Plaintiffs Bergeron, Boyle, Cruz, Dumas, El Ramadi, Drolet, and Naranjo*

cc: Hon. Ana C. Viscomi, J.S.C.
Hon. John C. Porto, J.S.C.