**ANNEX A**

**FILED**
June 1, 2023
**ANA C. VISCOMI, J.S.C.**

ANA C. VISCOMI J.S.C.
SUPERIOR COURT OF NEW JERSEY
56 PATERSON STREET
P.O. BOX 964
NEW BRUNSWICK, NEW JERSEY 08903-0964

| | |
|---|---|
| KIMBERLY NARANJO,<br><br>                      *Plaintiff,*<br><br>vs.<br><br>JOHNSON & JOHNSON; JOHNSON & JOHNSON CONSUMER INC., f/k/a JOHNSON & JOHNSON CONSUMER COMPANIES, INC.; JOHN DOE CORPORATIONS 1-50; JOHN DOE CORPORATIONS 50-100,<br><br>                      *Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>CIVIL DIVISION: MIDDLESEX COUNTY<br>DOCKET NO: **MID-L-6108-21 (AS)**<br><br>              Civil Action<br><br>                **ORDER** |

Defendant Johnson and Jonson moves to quash the subpoenas ad testificandum served on Thibaut Mongon, Paul Ruh and Darren Snellgrove, respectively. The court heard oral argument on May 24, 2023, and reserved its decision.

For reasons set forth below, the motion to quash all three respective subpoenas is **denied.**

The court initially reserved on these motions with a concern that plaintiffs might consider this precedential, i.e.  to seek apex depositions as a matter of ordinary course of this litigation. As noted, at trial of the Barden consolidated matters, over the objection of J & J, the court ordered then CEO Alex Gorsky to testify at trial with regard to personal knowledge after statements made during a personal appearance on "Mad Money with Jim Cramer."

And while the court agrees with defense counsel that plaintiffs herein have ignored the traditional means of preliminary discovery, e.g., documentary discovery and deposition of other lower ranking individuals or PMK depositions, the court agrees with plaintiffs' counsel that the Court Rules do not require same. R. 4:15-1.

The court is satisfied that plaintiffs have demonstrated a need for these depositions now given the statements to which these individuals are signatories of in the Kenvue SEC filing and/or the October 11, 2021, Memorandum of Approval regarding the Restructuring of JJCI.

The court also notes that counsel indicated at oral argument that at least one of these individuals have testified in connection with the bankruptcy proceedings so there is no hardship in producing these individuals.

The court is also persuaded that given the central issue of successor liability, the fact that the bankruptcy stay has prevented many of the living mesothelioma plaintiffs to be deposed, that many have died, and as to the living plaintiffs, the urgency of their medical conditions, that these crucial depositions are required to resolve the successor liability issue, once and for all, in the event, after all appropriate appellate review of any bankruptcy ruling, so that this court is prepared to proceed to trial as soon as possible if the court attains full jurisdiction.

Finally, while the court received unsolicited correspondence from plaintiffs' counsel as it finalizes this decision, the court did not consider same for purposes of this ruling.

Therefore, it is on this 1st day of June 2023, **ORDERED:**

1. Defendant is **ordered** to produce these individuals subject to plaintiffs serving subpoenas duces tecum to limit the scope of such testimony to personal knowledge relative to the issue raised on the motions to dismiss – any and all issues that may touch upon successor liability, pursuant to Ramirez v Amsted Industries, Inc., 86 N.J. 332 (1981).

2. Plaintiffs are **ordered** to coordinate their efforts as the court envisions these depositions to apply to all asbestos/talc/mesothelioma matters for which plaintiffs have plead or seek to implead Kenvue, Janssen, and/or Johnson and Johnson Holdco (NA).

3. Plaintiffs are **ordered** to coordinate these discovery depositions with plaintiffs' counsel in the J & J ovarian cancer claims pending in Atlantic County to the extent that the Honorable John Porto orders same and orders coordination with these cases, but plaintiffs' counsel herein should not await a ruling in those proceedings for purposes of issuing subpoenas duces tecum and scheduling the depositions.

4. It is further **ordered** that the scheduling of these depositions shall be in accordance with the terms of the Asbestos General Order requirements for the scheduling of Corporate Representative/PMK depositions even though these depositions are not PMK depositions.

5. It is further **ordered** that while all interested plaintiffs' counsel may attend such depositions, virtually or in person, plaintiffs' counsel shall designate only one examiner per each respective individual being deposed. This order does not apply to setting any such limitation to the ovarian talc plaintiffs' counsel as that issue rests solely with Judge Porto.

6. This order is not meant to limit any further relevant discovery, including but not limited to the depositions of other individuals with personal knowledge of any issues involving successor liability.

*/s/ Ana C. Viscomi*
ANA C. VISCOMI, J.S.C.
