| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel to the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael S. Winograd, Esq.<br>Eric R. Goodman, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>egoodman@brownrudnick.com<br>Seven Times Square<br>New York, NY  10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA  02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Special Counsel for the Official Committee of Talc Claimants* | **OTTERBOURG P.C**.<br>Melanie L. Cyganowski, Esq.<br>Richard G. Haddad, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>David A. Castleman, Esq.<br>mcyganowski@otterbourg.com<br>rhaddad@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>dcastleman@otterbourg.com<br>230 Park Avenue<br>New York, NY  10169<br>Tel: (212) 661-9100<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for Official Committee of Talc Claimants* |

| | |
|---|---|
| In re:<br><br>**LTL MANAGEMENT LLC,** [1]<br><br>Debtor.<br><br>**LTL MANAGEMENT LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,**<br><br>Defendants. | Chapter 11<br><br>Case No. 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan<br><br><br><br>Adv. Pro. No. 23-01092 (MBK) |

**OBJECTION OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS TO DEBTOR'S MOTION FOR BRIDGE ORDER CONFIRMING THE AUTOMATIC STAY APPLIES TO CERTAIN ACTIONS ASSERTED AGAINST AFFILIATES OR TEMPORARILY EXTENDING THE STAY AND PRELIMINARY INJUNCTION TO SUCH ACTIONS PENDING A FINAL HEARING ON THE REQUESTED RELIEF**

The Official Committee of Talc Claimants ("TCC"), by and through its undersigned counsel, hereby submits this Objection to the Debtor's Motion for a Bridge Order Confirming the Automatic Stay Applies to Certain Actions Asserted Against Affiliates or Temporarily Extending the Stay and Preliminary Injunction to Such Actions Pending a Final Hearing on the Requested Relief (the "Motion").

## **OBJECTION**

1. The TCC objects to the Motion, because (i) hearing the Motion on shortened notice under the circumstances here strains, if not violates, due process; (ii) the Motion inappropriately

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

7485131.1

seeks a do over of rulings made not only by this Court, but one apparently by the Middlesex County Court (the "State Court"); (iii) it is improper, both substantively and procedurally, insofar as the Motion seeks, by "bridge order," a dramatic and (at this point) unwarranted expansion of the stay/preliminary injunction ruling that the TCC, respectfully, submits was improvidently granted in the first place; and (iv) the Debtor's position on the Motion is fundamentally inconsistent with positions taken by the Debtor in opposing TCC discovery on its motion to dismiss.  All of these are matters of legitimate and serious concern to the TCC.

2.  First, with no showing whatsoever that any discovery from the Debtor's non-debtor affiliates, Janssen Pharmaceuticals, Inc. ("Janssen") and Kenvue Inc. ("Kenvue"), is even being required between now and June 13 (the "PI Extension Hearing"), when the Court indicated it would hear any request to "extend" the Order Dissolving Temporary Restraining Order, Extending the Automatic Stay, and Granting Limited Preliminary Restraints [Adv Pro. Dkt. No. 91] (the "PI Order"), there is no reason for parties to prepare written responses in less than 24 hours and to argue the matter in less than 48 hours.  That is especially so given that counsel for the plaintiff in the action in which the discovery is being stayed, *Bergeron v. Kenvue Inc.*, et al., Docket No. MID-L-2089-23 (the "Bergeron Action"), Christopher Placitella, Esq., has indicated that he is out of the country on vacation.  While Mr. Placitella's schedule is not the concern of the TCC, reserving emergency relief in this case for matters that are truly urgent *is* the concern of the TCC.  The TCC's counsel is immersed in expedited discovery in connection with the motions to dismiss scheduled to commence on June 27.  Having to respond to requested relief in less than 24 hours in the midst of such expedited proceedings for a non-urgent matter is a drain on the TCC's resources and a distraction from its focus on matters concerning the Estate.  The Court should permit full briefing and adjourn hearing of the Motion until no earlier than June 13.

3

7485131.1

3.      <u>Second</u>, the Court already took evidence, and heard argument, from the parties on April 18 as to the Debtor's request to include Kenvue and Janssen (in the context of the Bergeron Action specifically) among the "Protected Parties" deserving of stay protection/preliminary injunctive relief. (*See* 4-18-Tr. at pp. 163, 165-71, 234-35, 322-23). Two days later, the Court issued an oral ruling granting, in part, the Debtor's request for stay protection and preliminary injunctive relief in favor of "Protected Parties" solely to the extent of preventing trials (but not case filings or discovery) against Protected Parties. (4-20 Tr. at pp. 4-15) Significantly, the Court initially had included Kenvue and Janssen among the Protected Parties subject to its ruling (again, solely to the extent of preventing trials), but, after further colloquy with Mr. Placitella, determined to "excise" Kenvue and Janssen from the list of Protected Parties, while preserving "the debtor's rights to come before me to include them." (*Id*. at pp. 19-20) The PI Order, entered April 25, reflected the same. It "denied without prejudice" "the Debtor's request to amend the list of Protected Parties to include Kevnue[] and Janssen[] . . ." [Ad. Pro. Dkt. No. 91]

4.      There is nothing not known or knowable at the time the Court considered these matters to warrant re-doing its decision now to exclude Kenvue and Jannsen as Protected Parties, let alone (as set forth below), to give them a level of stay protection/preliminary injunctive relief (halting discovery) not afforded to any other of the Protected Parties pursuant to the PI Order on shortened notice and without full briefing and a hearing. Nor is there any basis at this time for the Court to usurp the jurisdiction of the State Court – which the Debtor clearly asks this Court to do – by granting a stay of depositions of Kenvue's and Janssen's officers that the State Court, apparently upon full briefing and argument, determined was appropriate. The Debtor is brazenly seeking a do over of relief sought and not granted both in this Court and the State Court. The Court should not countenance that.

7485131.1

5. <u>Third</u>, seeking by "bridge order" – to be heard on less than 48 hours' notice -- a dramatic expansion of the scope of a PI Order that that the TCC respectfully submits was already too broad (in fact, according to the TCC, it should not have been granted and the TCC has appealed therefrom) [Ad. Pro. Dkt. No. 103) – is substantively and procedurally improper.  As set forth above, in granting, only in part, the Debtor's motion for stay protection/preliminary injunctive relief, the Court specifically held that "I am neither enjoining nor restraining the filing of new complaints against the protected parties, nor I am enjoining or restraining any ongoing discovery or other pretrial matters."  (4-20 Tr. at p. 11; PI Order ¶ 3)  Now, the Debtor selectively seeks as to two of its non-debtor affiliates (but no other Protected Party) that the scope of the PI Order be broadened to stay/preliminary enjoin *all* discovery in the Bergeron Action, and, more specifically, two depositions that the State Court expressly authorized.   Such relief should only be granted by motion, on proper notice, in an adversary proceeding, not by "bridge order."

6. <u>Fourth</u>, the Motion reflects yet another fundamental contradiction in the Debtor's and J&J's positions with respect to the TCC.  The Debtor asserts that the Bergeron claims are derivative claims that belong exclusively to the Estate and that, therefore, the Estate would be harmed by allowing Bergeron to pursue them.  Yet the Debtor, undoubtedly, is going to oppose TCC's pending motion for derivative standing to assert such claims on behalf of the Estate against, among others, Kenvue and Janssen.   The Debtor's concern is not that derivative claims against the Debtor's non-debtor affiliates be brought and pursued only by the Estate; the Debtor's transparent concern is that derivative claims against the Debtor's non-debtor affiliates like Kenvue and Jannsen not be brought and pursued at all.  To the same effect, J&J argued in its motion to prevent the TCC from taking discovery about the transfer of the Consumer Health assets by Holdco (f/k/a Old JJCI) to Kenvue [Dkt. No. 597 ¶5] that such discovery would not even be relevant to

5

7485131.1

the TCC's proposed claims (to be derivatively asserted) against Kenvue and Janssen. In other words, even if the claims Bergeron has asserted were being pursued exclusively on behalf of the Estate by the TCC, LTL and J&J would still seek to prevent depositions of their non-debtor affiliates' officers.

7. In short, the Motion should be denied, and the Debtor should be required to seek stay protection and preliminary injunctive relief in favor of Kenvue and Janssen in the Bergeron Action upon proper notice and full briefing and argument no earlier than June 13, as to which the TCC reserves all of its rights.

## CONCLUSION

8. For all of the foregoing reasons, the Motion should be denied, without prejudice to the Debtor properly seeking stay protection and preliminary injunctive relief on proper notice and full briefing no earlier than June 13.

Dated: June 1, 2023

Respectfully submitted,

**GENOVA BURNS, LLC**

By: *Daniel M. Stolz*
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 533-0777
Facsimile: (973) 467-8126
Email: dstolz@genovaburns.com
Email: dclarke@genovaburns.com

*Proposed Local Counsel to the Official Committee of Tort Claimants of LTL Management, LLC*

6