**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**ORDER (I) SCHEDULING HEARING ON APPROVAL OF DISCLOSURE STATEMENT; (II) ESTABLISHING DISCLOSURE STATEMENT OBJECTION DEADLINE; AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages is hereby **ORDERED**.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1536606551

(Page 2)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order (I) Scheduling Hearing on Approval of Disclosure Statement; (II) Establishing Disclosure Statement Objection Deadline; and (III) Granting Related Relief

This matter coming before the Court on the *Debtor's Motion for an Order (I) Scheduling Hearing on Approval of Disclosure Statement; (II) Establishing Disclosure Statement Objection Deadline; and (III) Granting Related Relief* (the "Motion"),[2] filed by the debtor in the above-captioned case (the "Debtor"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(c)(1); the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (d) sufficient cause exists to reduce the time for objections to the Disclosure Statement, (e) the proposed schedule for the Disclosure Statement Hearing, the Disclosure Statement Objection Deadline, and the deadline to reply to any Disclosure Statement Objections is reasonable and appropriate under the circumstances, and (f) notice of the Motion was sufficient under the circumstances and no other notice is required by the Debtor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. A hearing will be conducted to consider approval of the Disclosure Statement on **June 19, 2023, at 10:00 AM (prevailing Eastern Time)** in the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Second Floor, Courtroom No. 8.

---

[2]  Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

NAI-1536606551

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order (I) Scheduling Hearing on Approval of Disclosure Statement; (II) Establishing Disclosure Statement Objection Deadline; and (III) Granting Related Relief

3. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(c), the deadline for any party to object to approval of the Disclosure Statement, including any objections to the other relief sought in the Disclosure Statement Motion, is **June 5, 2023, at 4:00 p.m. (prevailing Eastern Time)**. The Debtor or any other party in interest may file a response in support of approval of the Disclosure Statement or the other relief sought in the Disclosure Statement Motion on or before **June 15, 2023**. The Debtor or any other party in interest is authorized to file a consolidated reply to any Disclosure Statement Objections.

4. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

5. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, enforcement or interpretation of this Order.

NAI-1536606551