| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br><br><br>*Proposed Local Counsel to the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael S. Winograd, Esq.<br>Eric R. Goodman, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>egoodman@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br><br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>jmassey@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br><br>*Proposed Special Counsel for the Official Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br><br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |

| | |
|---|---|
| In Re: | Chapter 11 |
| **LTL MANAGEMENT, LLC,**[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Honorable Michael B. Kaplan |

**OBJECTION OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS
TO DEBTOR'S MOTION FOR AN ORDER
(I) DECLARING THAT THE AUTOMATIC STAY APPLIES OR EXTENDS
TO CERTAIN ACTIONS AGAINST NON-DEBTORS,
(II) PRELIMINARILY ENJOINING SUCH ACTIONS, AND
(III) GRANTING A TEMPORARY RESTRAINING
<u>ORDER EX PARTE PENDING A HEARING ON A PRELIMINARY INJUNCTION</u>**

The Official Committee of Talc Claimants (the "**TCC**" or the "**Committee**") in the above-captioned case of LTL Management, LLC (the "**Debtor**" or "**LTL**"), respectfully submits, by and through its proposed counsel, this objection (the "**Objection**") to the Debtor's *Application for Order Shortening Time* [Dkt. No. 241] (the "**Application**") with respect to the *Debtor's Motion for an Order (I) Scheduling Hearing on Approval of Disclosure Statement; (II) Establishing Disclosure Statement Objection Deadline; and (III) Granting Related Relief* [Dkt. No. 240] (the "**Motion**")[1] filed at 10:37 pm and 10:42 pm on April 19, 2023. In support of this Objection to the Debtor's Application, the Committee respectfully states as follows:

<u>**PRELIMINARY STATEMENT**</u>

1. Neither the Application nor the Motion establish sufficient cause as required under Fed. R. Bankr. P. 9006(c)(1) for granting the Debtor's request for a hearing on the Motion on shortened notice or, for that matter, for granting the extraordinary relief requested by the Debtor in the Motion itself for an accelerated disclosure statement approval process and plan confirmation

---

[1] Capitalized terms used herein that are not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

process in this hotly contested Chapter 11 case. Indeed, the record of this newly-filed Chapter 11 case, filed barely two hours after the dismissal of the first LTL Chapter 11 case in accordance with the mandate issued by the Third Circuit Court of Appeals, is already abundantly clear that LTL still fails to qualify as a debtor under the Third Circuit's precedential opinion in *LTL Mgmt., LLC v. Those Parties Listed on Appendix A to Complaint et al. (In re LTL Mgmt., LLC)*, --- F.4th ---, 2023 WL 2760479 (3d Cir. Mar. 31, 2023) (amended opinion) (the "**LTL Third Circuit Opinion**"). Accordingly, this Chapter 11 case should be dismissed. At the very least, this Court's jurisdiction first needs to be established, rendering the Debtor's Motion premature and undermining the Debtor's supposed "cause" for approval of the Application.

2. For the reasons set forth herein, the Committee respectfully requests that the Application be denied.

## ARGUMENT

3. Fed. R. Bankr. P. 9006(c)(1) provides, in relevant part, that "the court for cause shown may in its discretion … order the period [of certain notice requirements] reduced."

4. In its Application, the Debtor offers no basis for why the Motion should be heard on shortened notice. In the Application, the Debtor merely states that "[h]earing the Motion on shortened notice, prior to the date by which the Debtor intends to file the Plan, the Disclosure Statement, and the Disclosure Statement Motion, will benefit parties in interest by establishing a schedule that will assist in the prompt resolution of this Chapter 11 Case." Application at ¶ 2. The Application fails to acknowledge the already-established record here that the very existence of this Chapter 11 case is a hotly contested issue. Indeed, at the conclusion of the Court's lengthy hearing on April 18, 2023 with respect to the Debtor's motion for a preliminary injunction in the related

3

adversary proceeding, Committee's counsel advised the Court and all parties that a motion to dismiss the Chapter 11 case by the Committee is imminent, and could be filed by weeks' end.

5. Furthermore, the Motion itself fails to establish cause for the accelerated disclosure statement approval process and plan confirmation process proposed there. The Debtor admits that the Debtor's supposed Plan, the Disclosure Statement, and the Disclosure Statement Motion have not even been filed yet. Like the Application, the Motion fails to acknowledge the fact that the Committee and other parties have already questioned the propriety of this Chapter 11 filing and, therefore, this Court's jurisdiction with respect thereto.

6. Nonsensically, the Debtor suggests that the fact that it is requesting in the Motion an accelerated disclosure statement approval and plan confirmation process establishes sufficient cause for the requested reductions in time, when it states: "Given the significance of the relief sought in the Disclosure Statement Motion, the Debtor respectfully submits that a 10-day period to respond to any Disclosure Statement Objections is reasonable and necessary under the circumstances, and is consistent with the Local Rules of U.S. Bankruptcy Court for the District of New Jersey…." Motion at ¶ 13. To the contrary, the significance of the serious issues being raised by the Committee and others with respect to LTL not complying with the Third Circuit's decision dismissing the first LTL case augers against granting the Application and the Motion.

7. Simply put, the Motion is premature and, frankly, is an unnecessary distraction from the primary issue that demands this Court's attention: that LTL fails to satisfy the criteria established by the Third Circuit requiring dismissal of this Chapter 11 case.

8. The Debtor fails to establish cause for the Application to be heard on shortened notice and, therefore, should be denied.

4

## RESERVATION OF RIGHTS

9. The Committee reserves all of its rights, claims, defenses, and remedies, with respect to the Motion, the Debtor's supposed Plan, the Disclosure Statement, and the Disclosure Statement Motion and the propriety of this Chapter 11 case.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court deny the Application and grant such other and further relief as it deems necessary.

Dated: April 20, 2023

        **GENOVA BURNS LLC**

        By: */s/ Gregory S. Kinoian*
            Daniel M. Stolz, Esq.
            Donald W. Clarke, Esq.
            Gregory S. Kinoian, Esq.
            110 Allen Rd., Suite 304
        Basking Ridge, NJ 07920
        Tel:   (973) 230-2095
        Fax:   (973) 533-1112
        Email: DStolz@genovaburns.com
                   DClarke@genovaburns.com
                   GKinoian@genovaburns.com

        *Proposed Local Counsel for the Official Committee of Unsecured Creditors*