## Kazan, McClain, Satterley & Greenwood℠

**A Professional Law Corporation**

KAZANLAW.COM

April 21, 2023

**Via Email**

 Judge Kaplan

Re:    **In re LTL MANAGEMENT LLC, Case No. 23-12825 (MBK)**

       ***Valadez v. Johnson & Johnson, et al.***
       **Alameda County Superior Court, Case No. 22CV012759**

Dear Judge Kaplan,

    I write to seek clarification regarding the August 20, 2022 Order in the Valadez v. J&J matter.  At 3 pm PT yesterday, Judge Seabolt held a case management conference to get a status update regarding your honor's ruling.  J&J and LTL's attorneys and Plaintiff have different views on the Order.

      I advised Judge Seabolt that we could prepare the case for trial and return to your honor on May 3rd to give you an update and ask that the motion for lift stay for a trial be granted on May 3rd.  J&J and LTL is of the position that LTL is still stayed, and they do not have to do anything or participate in the depositions.  It was also their position that Judge Seabolt should not set a trial until after June 15. [1]

    I did not interpret your Order to prevent LTL from participating in the work-up of this case.  I can't imagine having to conduct two depositions of every witness (one now and one later).  That would clearly waste resources in this case.   Your Honor told me to advise chambers about my decision to proceed or appeal: I plan on proceeding to work up the case for trial if in fact my interpretation of your Order is correct. If I am incorrect, I will need to consult with Appellate counsel on the east coast about the emergency writ we discussed.

    Thank you for your prompt consideration of this matter.

                    Respecfully Submitted,

                    /s/ Joseph Satterley

                    Joseph Satterley

---

[1] Attached hereto as Exhibit A is a true and correct copy of a rough transcript from yesterday's State Court Case Management Conference in the *Valadez* matter.

1   *** Rough Transcript of Hearing — April 20, 2023 ***

2         Valadez v. Johnson & Johnson

3

4         THE COURT:  Let me call Valadez versus Johnson

5   & Johnson.

6         MR. SATTERLEY:  Good afternoon, Your Honor.

7         THE COURT:  Let me get appearances on the

8   defense side.

9         MR. KING:  Good afternoon, Your Honor this is

10  Bryan King on behalf of Johnson & Johnson in the Valadez

11  matter.

12        THE COURT:  Good afternoon Mr. King.

13        MR. BROWN:  Good morning (sic), Your Honor

14  Michael Brown on behalf of Johnson & Johnson.

15        THE COURT:  Good afternoon Mr. Brown.

16        MR. BROWN:  Good afternoon to you judge.

17        MR. RICHMAN:  Good afternoon Your Honor Scott

18  Richman on behalf of Johnson & Johnson.

19        MR. CALFO:  Good afternoon, Your Honor this is

20  Alexander Calfo for Johnson & Johnson as well.

21        THE COURT:  Anyone else.

22        MS. CLANCY:  Good afternoon, Your Honor Denyse

23  Clancy for the plaintiff I apologize for the mask we

24  have some illness in my house.

25      THE COURT:  You don't need to apologize for

NOT A CERTIFIED TRANSCRIPT

1  illness in your house.

2      MS. KO:  And good afternoon, Your Honor Sandra

3  Ko on behalf of Albertsons, Safeway, Lucky, Save Mart,

4  Target and Walmart.

5      MS. PRZETAK:  Good afternoon, Your Honor Laura

6  Przetak appearing as designated defense counsel.

7      THE COURT:  Good afternoon to all.  That is

8  all.  Let me hear from Mr. Satterley first about the

9  status.

10     MR. SATTERLEY:  Sure Your Honor.  Thank you

11 would I please the Court we appeared before Judge Kaplan

12 this morning I am --

13     THE COURT:  This morning.

14     MR. SATTERLEY:  It was via Zoom so it was East

15 Coast time and Judge Kaplan issued his final ruling and

16 he lifted the stay with regard to Valadez case.  I don't

17   have a transcript yet but I to Your Honor in essence

18   Judge Kaplan said is to continue the case at trial to

19   let Your Honor know the case to trial and report back to

20   Judge Kaplan on May the 3rd for the go ahead and just to

21   give Your Honor bigger picture of what's going on.  He

22   lifted the stay with regards to J&J and other protective

23   party injunction to the extent J&J parent company and

24   all of the other protective party.

25          THE COURT:  Let me ask are we talking about

NOT A CERTIFIED TRANSCRIPT

1   just Valadez.  I realize you're often on my calendar

2   today but I havep plenty.

3          MR. SATTERLEY:  We have other Johnson & Johnson

4   case.

5          THE COURT:  They're all are.

6          MR. SATTERLEY:  That's why I give Your Honor a

7   bigger picture we talk about CMC on another day.  So in

8   those other cases he said he lifting the stay and order

9   us to do whatever we need to do take deposition and file

10   lawsuits or whatever.  But we couldn't proceed to trial

11  until June the 15th like 55th day period don't go to

12  trial on those dates.  On Valadez he made exception and

13  said he wants us to continue work on the case and get it

14  ready for trial and report back to him on May the 3rd.

15         THE COURT:  I see.

16         MR. SATTERLEY:  I'm going to ask him on May 3rd

17  we have a hearing on Tuesday he ask specifically ask

18  question Page 316 of the transcript on Tuesday he asked

19  what we needed to do to prepare at the time of the TRO

20  we have about eight days of deposition scheduled.

21         THE COURT:  It was a lot scheduled I remember

22  well this trial raise the issue if it were lifted there

23  obviously would be ease to conduct discovery to get

24  Valadez actually ready to call on a jury and I certainly

25  agree with that.


                    NOT A CERTIFIED TRANSCRIPT




 1         MR. SATTERLEY:  Sure.  What I did after

 2  Judge Kaplan ruling I look at in my motion lift the stay

 3  and argument the Judge Kaplan on the 11 in New Jersey I

4   show him the chart of what we already completed and what

5   we have left to do.

6        THE COURT:  I might be interested in that chart

7   as well.

8        MR. SATTERLEY:  I can provide I've given to

9   counsel I can provide Your Honor.

10        THE COURT:  Sure.

11        MR. SATTERLEY:  What I did after Judge Kaplan

12   issue the ruling this morning all the experts deposition

13   that was cancelled and that I got of the six plaintiff

14   depositions I got five of them Dr. Abraham next Tuesday

15   on the 25th, Dr. Dotson the 27th in the morning the

16   treating doctor 27th the afternoon Dr. Egilman with

17   regard to once I think Mr. Brown who took the deposition

18   he has couple more hours left.  So I gave another day to

19   Dr. Egilman on the 28th and Dr. Fel he's going to be out

20   of country early next week the early I can May 1st.  So

21   all of those are before the third and so I got the

22   economist robin Johnson left to get a date for.  We can

23   meet and confer with counsel to find out which experts

24   they're going to use I think they have three experts,

25   three maybe four experts that would be depose in the

NOT A CERTIFIED TRANSCRIPT

1   defense side.  Those depositions will all be quick only

2   maybe two of them may be more than couple of hours Dr.

3   Chiriac if we're still going to use him I never depose

4   him before in these litigation he may be a little bit

5   longer and Dr. Sanchez to the extent he does do

6   additional testing he may the rest of those should be

7   fairly short with deposition.  And of course we have PMQ

8   deposition of the retailer on calendar.  Those should

9   not be lengthy deposition at all.  So I guess I propose

10  to Your Honor is we go back to our regular weekly get

11  togethers Your Honor does such a great job managing the

12  docket managing this case we go back to that and then as

13  far as I know Your Honor currently in trial I've been

14  told by the counsel that case should be finish up next

15  week.

16          THE COURT:  It should.  I sure hope so I told

17  the jury.

18          MR. SATTERLEY:  So I was going yo suggest if

19  Your Honor has availability we come back next Thursday

20  for another case management conference and that we come

21  back on May the 1st the following Monday for discussion

22  discussing motion in limine and work regarding three

23    motion in limine those were submitted before the TRO was

24    entered we submitted the binder to Your Honor yet.

25             THE COURT:  I don't believe so.

NOT A CERTIFIED TRANSCRIPT

1             MR. SATTERLEY:  I don't believe so either.

2             THE COURT:  I expect maybe additional motion in

3    limine with regard to the expert.

4             MR. SATTERLEY:  There probably will be but I

5    believe Your Honor there's going to be those issues are

6    going to be similar to the issue in the Coit case.  So

7    what I suggest Your Honor has availability on the first

8    second just come in talk about pretrial type thing and

9    then on the third we'll report back to Judge Kaplan what

10   we may accomplish trying to file admission to move

11   forward and I think to file permission to move forward

12   that we didn't bring a jury yet hardship on the eight

13   the Monday the 8th.  And I'm confident that we can get

14   this discovery done with that being said it would be

15   there was a issue that Your Honor may or may not recall.

16        THE COURT:  I do recall.

17        MR. SATTERLEY:  What occurred was Stanford did

18  do the genetic testing and the treating doctor did what

19  whole panel of genetic testing turn up genetic report to

20  defense counsel I got past weekend I think we filed and

21  show Judge Kaplan on Tuesday file on Monday I believe

22  and so I think genetic issue all the genetic expert all

23  we have in the past BAP1.  There's one deletion not

24  related to mesothelioma J&J may try to argue that we'll

25  have to address that in motion in limine and so I think

NOT A CERTIFIED TRANSCRIPT

1  that narrows generic defense issue quite a bit.  So

2  that's the overview of the case.  I think the other

3  witness just needs to be finished minthol is the

4  corporate representative I depose him about three hours

5  at the conclusion of that what ended up three hours I

6  have two hours left to finish.  And I still stand by

7  that they're going to have two hours with that global

8  rep that's where we stand with regard to we could get to

9  trial.

10          THE COURT:  You have thoughts.

11          MR. SATTERLEY:  So we have met and conferred

12   and also this morning and --

13          THE COURT:  We'll take the first day 10:00 CMC.

14          MR. SATTERLEY:  So I think we should meet and

15   confer regarding with Mr. Brown Mr. Richman or whoever

16   is going to be counsel and try to work out a workable

17   time and also how many retailers are still with us if

18   you're going to be with us to the extent which one going

19   to be with us which ones are actively involve what we

20   learn is mostly the retailers are indemnify.

21          THE COURT:  Again there's some condition so

22   they're maybe.

23          MR. SATTERLEY:  It's really not clear because

24   what I was told the corporate representative on the 31st

25   he said that two of the retailers did not agree to

NOT A CERTIFIED TRANSCRIPT

1   indemnification but they cross-examine the LTL board of

2   director one Tuesday about that issue and he said

3  something different.  He said no they're basically all

4  indemnify because one of the argument I was making was

5  they can't be protective party through indemnification

6  it's relevant now for different issue when they're all

7  paid for by J&J.  So that's all overview of the case and

8  I'm sure counsel would tell me what I got wrong.

9      MR. KING:  Your Honor --

10     THE COURT:  Yes Mr. King.

11     MR. KING:  Your Honor good afternoon Bryan King

12  on behalf of J&J transcript from the bankruptcy court

13  please allow me to just correct some of the things that

14  have been said before the Court today Judge Kaplan

15  bankruptcy court issue limited preliminary injunction to

16  all of the nondebtor protectbed party including J&J with

17  respect to LTL autostay remain in place no action to

18  LTL.  With respect to the limited preliminary injunction

19  entered by Judge Kaplan this morning he made it clear

20  that the injunction is in place for at least June 15th

21  of 2023 and in that time no trials any of the protected

22  nondebtor party.  So Valadez cannot be set for trial

23  before June 15, 2023, pursuant to the injunction issued

24  this morning.  I just want to make sure the Court is

25  aware that the case discuss in early May are not

NOT A CERTIFIED TRANSCRIPT

1  realistic and quite frankly they're not permitted by the

2  limited injunction issued by Judge Kaplan this morning.

3  With respect to the other issues Judge Kaplan did

4  indicate that experts discovery and pretrial work may

5  continue and in fact with respect to Valadez case

6  Judge Kaplan made it clear in his ruling this morning

7  that the preliminary injunction with respect to no trial

8  before June 15th before June 16, 2023, also apply

9  specifically to Valadez and again I know Your Honor does

10  not have the benefit having the transcript before you or

11  a sign order by Judge Kaplan but I want to make sure the

12  Court's expectation were realistic in terms of what

13  happened this morning and what the preliminary

14  injunction actually entails.

15        THE COURT:  All right.  I appreciate that.  I

16  guess there's quite a difference at least in this point

17  what I most focus on is what we have focused on before

18  which is working towards a date when the jury should be

19  called in previously past April 17th and you describe

20  Mr. Satterley had described what Judge Kaplan had ruled

21  obviously quite different again that's surprising.  My

22  personal focus is try to manage my calendar and

23  obviously Judge Kaplan gets to decide which of the two

24  descriptions I heard is accurate but it does make a

25  difference.

NOT A CERTIFIED TRANSCRIPT

1        MR. SATTERLEY:  Can I just briefly respond I

2  was the one who was on Zoom and talk to Judge Kaplan

3  along with J&J counsel Ms. Alli Brown was there I don't

4  know if counsel here was on but I respectfully disagree

5  with Mr. King Judge Kaplan specifically said motion to

6  stay May the 3rd he did not stay the injunction apply to

7  Valadez case.  He lifted the injunction to both J&J LTL

8  before and he did not say the injunction to LTL.  I will

9  what I do once I get the transcript I'll provide to

10  Your Honor I also send a letter tomorrow morning a

11  letter brief to Judge Kaplan J&J argument to seek

12  clarification to the extent they're confused but

13  certainly by next Thursday at the case management

14  conference Your Honor will have a clear position or

15    clear you know knowledge of what Judge Kaplan said.

16          THE COURT:  Right.

17          MR. SATTERLEY:  And what he intended and maybe

18    they're taking his language because the way it happened

19    at the very beginning he talk generally about the

20    injunction applying with regards to LTL then he talks

21    about cases in general and then he turns to Valadez.

22    And in Valadez he's very clear same thing he said on

23    Tuesday do what you have to do to get this case to trial

24    I told him eight to ten days that's what we have when

25    the original TRO was issued.  So what I suggest Your

NOT A CERTIFIED TRANSCRIPT

1    Honor what we do obviously have a disagreement is get

2    transcript we'll probably get it probably tomorrow

3    morning e-mail to Your Honor if we can I will also write

4    a letter brief to Judge Kaplan and get clarification so

5    that no confusion about what we're doing.  I don't want

6    to ever violate a Court order I don't want to violate a

7    federal Court order I want to make sure we're on the

8    same page with that being said I think Your Honor should

9   set another case management conference which should not

10  prohibit at all next week we work up the case with

11  Judge Kaplan supposed to do.

12          MR. KING:  Your Honor just briefly the hearing

13  is open to the public I attended the hearing I attended

14  the hearing the full hearing so to the extent it was

15  misrepresented that I was not on the hearing or at the

16  hearing or observe the hearing I in fact observe the

17  entire hearing Your Honor the transcript will speak for

18  itself once the transcript comes back I think that will

19  probably clear up by Your Honor any part of this.

20          MR. SATTERLEY:  And we'll submit Your Honor the

21  transcript and if there's need for clarification we'll

22  contact Judge Kaplan I understand he may be either out

23  of state or travelling and so I don't want to burden

24  Judge Kaplan unless we have to.  So I think the first

25  step would the transcript it might be good to not wait


                    NOT A CERTIFIED TRANSCRIPT


1   till Thursday if Your Honor has time on Monday or

2   Tuesday at 3:00 or 4:00 discussion on this issue so that

3   Your Honor seeks clarification we can then get

4   clarification to Judge Kaplan in between Monday or

5   Tuesday and Thursday and Judge Kaplan did say he would

6   be available for next week if you need to reach out to

7   him.

8           THE COURT:  I think I'm fine with next Thursday

9   again I'm in the middle of a jury trial.

10          MR. SATTERLEY:  Sure.

11          THE COURT:  That won't end I don't believe

12  before Wednesday of next week interested because it

13  affects my calendar as to which of the two descriptions

14  of which Judge Kaplan and the chance of the Valadez case

15  it seems clear to me he always treated Valadez

16  separately his TRO and paragraph to Valadez as I counted

17  last time do sufficiently familiar he actually corrected

18  the spelling of Valadez I assume the order was prepared

19  by Johnson & Johnson but sufficiently familiar that he

20  knows how Valadez was spelled.  But I think next

21  Thursday at 3:00 is fine.  I can at least as I

22  understand nobody disagrees that the fact can proceed.

23          MR. SATTERLEY:  Yes, Your Honor.  What I'm

24  fearful for J&J and LTL will not do what's necessary to

25  get their witness back on calendar and may be retailers

NOT A CERTIFIED TRANSCRIPT

1  as well because in this situation we have everything

2  ready to go we serve Your Honor direction they move for

3  couple times and what I'm fearful of we get in this

4  situation I get my expert deposition today to occur and

5  I want them to do the same thing to get the case moving

6  so they don't want to go back to Judge Kaplan and we're

7  not ready to go to trial dragging their feet.

8       THE COURT:  Well I don't want that to happen

9  either.  I mean all of this is in Judge Kaplan.

10       MR. SATTERLEY:  Except the discovery he lifted

11  the stay with all discovery he said the state court can

12  control discovery that's all back to Your Honor there's

13  no dispute on that so to the extent there's a discovery

14  dispute with regards to these experts it's in Your Honor

15  back to Your Honor for --

16       THE COURT:  Let's modify what we have earlier

17  we'll have a CMC next Thursday at 3:00 if after getting

18  a transcript and maybe without the transcript if it

19  appears that the test is not before discovery so that if

20  Mr. Satterley is right then we can actually feasibly

21  call a jury in on Monday May 8th I want the case to be

22  prepare for that.  And if that appears to be a problem

23  maybe we need to enter a conference to address.

24      MR. SATTERLEY:  Why don't we do this Your Honor

25  not schedule anything right now but if we run into

NOT A CERTIFIED TRANSCRIPT

1   problem we'll meet and confer tomorrow with them and if

2   defense counsel and we'll work through these issues not

3   burden the Court at all if for some reason by Monday

4   we're not able to work through deposition schedule issue

5   we'll alert the Court.

6       THE COURT:  That seems -- please go ahead.

7       MR. RICHMAN:  Sorry judge this is Scott Richman

8   for J&J we're on the topic Your Honor Mr. Satterley has

9   raised with respect to the genetic testing we take a

10  very different view that Mr. Satterley does as far as

11  what was done there was a limited test that was

12  performed by the ambridge genetic it did not rule out of

13  the jegnome Mr. Satterley identify genetic muteitation

14   was identified but the fact of the matter is there has

15   been genetic testing it's been limited not complete

16   testing that we request in our motion but the plaintiff

17   entire opposition to our original motion it was privacy

18   concern that has since for lack of better word that ship

19   has sailed I think that's an issue now where we need the

20   testing and frankly we're entitled to it which they now

21   put forward testing which I think is favorable to them

22   my concern is that again this is an issue which is going

23   to essentially put down the road and Mr. Satterley is

24   going to say there's no time for it now is exactly the

25   time to address it we do have opportunity now tool

NOT A CERTIFIED TRANSCRIPT

1   conduct testing that we have requested it may even

2   testing further based on the blood sample but the fact

3   of the matter is there's additional testing I think we

4   have a right to respond to it we did ask for that's

5   something our motion is still pending before the Court

6   on that testing and obviously which is not change is the

7   long blood slide we're still waiting on counsel for that

8  those are two things we'll meet and confer tomorrow and

9  we'll happy to report back if we can't.

10      MR. SATTERLEY:  The treating doctor did the

11  genetic not plaintiff expert those are what counsel said

12  plaintiff had done something no plaintiff doctors care

13  treatment of the patient but we will respond to their

14  motion procedurally serious procedural defects that we

15  will tell Your Honor about we'll file a response to that

16  motion to compel I believe it's style as motion to

17  compel.

18      MR. RICHMAN:  And my understanding and correct

19  me if I'm wrong, Mr. Satterley, but plaintiff had

20  represented their response was going to be filed on the

21  day that the bankruptcy was re-filed.  So it was my

22  understanding that plaintiffs were ready to file it but

23  for the bankruptcy being re-filed that day.  It should

24  be something ready for plaintiff counsel to file it's

25  something we do need to address with the Court.  And

NOT A CERTIFIED TRANSCRIPT

1  obviously the longer we wait for an opposition the

2  longer it's going to delay that issue being resolved

3  which is something we need to resolve before trial.

4        MR. SATTERLEY:  Can't file a response with you

5  making new argument.  We need testing done they

6  procedurally well I'm not going to go through procedure

7  defect they have.  But they can't expect us we file

8  response on the day and several hours before our

9  response is due they file now they can't say we file a

10  response now new evidence new argument so I'll talk to

11  Ms. Clancy what we do it's not going to be tomorrow.

12        THE COURT:  Let me ask at least in other cases

13  the BAP1 gene that has been the primary focus is there a

14  dispute whether that was testing.

15        MR. SATTERLEY:  No I'm hearing the first time

16  they're saying somehow the treating doctor and genetic

17  testing BAP1 testing was done somatically long time ago

18  it's retained there's no deletion and there's no

19  deletion and the BAP1 so they're going to and we'll file

20  a motion in limine regarding all these genetic stuff

21  because their expert who you'll see is not really an

22  expert will basically say it's gene bad gene bad gene.

23  And when I ask him what's gene would you expect well I

24  can't tell I can't tell you what I expect I said, well,

25  when a pathologist makes a diagnosis, they compare what

NOT A CERTIFIED TRANSCRIPT

1  their findings are to known standards.  What standards

2  are you trying to compare them to?  He would never tell

3  me.  So with all that being said Your Honor we're going

4  to file a motion in limine with regards to this

5  genetics.  It sounds like they're going to stick to

6  their motion to compel we'll file a response to that in

7  the near future Ms. Clancy and I need to talk about that

8  and figure out exactly when, but certainly we'll meet

9  and confer about it tomorrow.

10       MR. RICHMAN:  To answer Your Honor question

11  rather than argue the whole motion they did not test the

12  entire BAP1 BRCA1 or any of the others it was not

13  exhaustive testing.  I will note for Your Honor they did

14  identify additional genetic mute takes as being cancer

15  syndrome and specifically mesothelioma patient but like

16  I said I don't think now is the appropriate time to

17  litigate.

18       MR. SATTERLEY:  We totally disagree with that.

19       THE COURT:  What is the name of the gene.

20        MR. RICHMAN:  It's RAD51C Your Honor as

21   Mr. Satterley at least agree that that's there.  It's

22   gene represented to which is something our expert notes

23   in his declaration as something related to cancer

24   syndrome we're happy to litigate with Your Honor and I

25   still about Mr. Satterley Dr. Longo that's another issue


NOT A CERTIFIED TRANSCRIPT


1   we'll have to litigate as well as we're waiting to hear

2   response on.

3        MR. SATTERLEY:  If we have time on May 1st or

4   May 2nd before we go back to Judge Kaplan on May 3rd we

5   talk about Your Honor more time this trial will be over

6   with hopefully and that's why I suggest that we try to

7   set some time as long as Mr. Richman has some relief he

8   wants to address.

9        MR. RICHMAN:  Frankly my concern is that

10   Mr. Satterley I appreciate him confirming my point he

11   wants to wait and say to Your Honor there's not enough

12   time that's why I raise it now on April 20th and not

13  wait two weeks to address the issue so whether discovery

14  deposition or the genetic testing or the disruption of

15  the evidence we request to be preserved I think those

16  are all issue with Your Honor as soon as possible.

17       THE COURT:  All right.  I will see you next

18  Thursday at 3:00 unless meet and confers are

19  unsuccessful.

20       MR. SATTERLEY:  I would suggest Your Honor.

21       THE COURT:  Those cases are not going to have.

22       MR. SATTERLEY:  Everything happen there's no

23  trial so what I would suggest we pick a date sometime in

24  May so that we can because there are a few of those that

25  may set trial date down the road.  And so if we can find

NOT A CERTIFIED TRANSCRIPT

1  date if calendar is not too crazy.

2       THE COURT:  I was going to say it can't be on

3  Friday.

4       MR. SATTERLEY:  Thursday afternoon.

5       THE COURT:  Well except Valadez -- Thursday

6  afternoon is fine.

7      MR. SATTERLEY:  We can bump if it happens

8  hypothetical be in trial in May and J&J counsel is here

9  retail counsel is here we'll both be here if you have a

10  3:00.

11      THE COURT:  That's fair enough.

12      MR. SATTERLEY:  May 18th at 3:00.

13      THE COURT:  Did everyone hear that.

14      MR. RICHMAN:  What day.

15      THE COURT:  Thursday.

16      MR. RICHMAN:  What is that day we're setting.

17      THE COURT:  CMC all for all J&J cases in this

18  court other than Valadez it may be at trial.

19      MR. RICHMAN:  I echo Mr. King comment I was

20  here as well there be no trial date set but the

21  discovery can continue we'll obviously we do have

22  transcript speak for itself we obviously refer to that.

23      MS. KO:  And Your Honor that's our position as

24  well I did not have the benefit of being at the hearing

25  but I'm reading some reporting on it now it says the

NOT A CERTIFIED TRANSCRIPT

1   injunction did not permit any --

2         (Simultaneous speaking)

3         MS. KO:  But Your Honor for Valadez we're

4   before you not until next Thursday at 3:00 p.m. is that

5   right.

6         THE COURT:  Unless during meet and confer that

7   meet and confer going to occur tomorrow if there is an

8   issue that either side believes colloquial stuck that I

9   expect that whoever wishes advise the department at

10   least in this case usually I don't get my e-mail out

11   until we're in trial this case is an exception

12   Judge Kaplan issue a TRO I think I knew about an hour or

13   two.  So yes please advise the department directly if

14   you wish if there's an issue that you need my attention

15   earlier than next Thursday.

16         MS. KO:  Understood Your Honor.

17         THE COURT:  All right.  Thank you very much.

18         MR. SATTERLEY:  Thank you.

19         MS. KO:  Thank you, Your Honor.

20         MR. RICHMAN:  Thank you, Your Honor.

21

22

23

24

25

NOT A CERTIFIED TRANSCRIPT