**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admissions *pro hac vice* pending)

*PROPOSED ATTORNEYS FOR DEBTOR*



Order Filed on April 19, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**ORDER (I) AUTHORIZING THE DEBTOR TO FILE
A LIST OF THE TOP LAW FIRMS WITH TALC CLAIMS AGAINST
THE DEBTOR IN LIEU OF THE LIST OF 20 LARGEST UNSECURED
CREDITORS; (II) APPROVING CERTAIN NOTICE PROCEDURES
FOR TALC CLAIMANTS; AND (III) APPROVING THE FORM
AND MANNER OF NOTICE OF COMMENCEMENT OF THIS CASE**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: April 19, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order (I) Authorizing the Debtor to File a List of the Top Law Firms With Talc Claims Against the Debtor in Lieu of the List of 20 Largest Unsecured Creditors; (II) Approving Certain Notice Procedures for Talc Claimants; and (III) Approving the Form and Manner of Notice of Commencement of This Case

This matter coming before the Court on the *Debtor's Motion for an Order: (I) Authorizing It to File a List of the Top Law Firms With Talc Claims Against the Debtor in Lieu of the List of 20 Largest Unsecured Creditors; (II) Approving Certain Notice Procedures for Talc Claimants; and (III) Approving the Form and Manner of Notice of Commencement of This Case* (the "Motion"),[2] filed by the debtor in the above-captioned case (the "Debtor") pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rules 1007(d), 2002(m), 7004 and 9014(b) and Local Bankruptcy Rule 9013-5; the Debtor having received certain informal comments to the Motion from the U.S. Trustee; certain objections to the Motion [Dkts. 73, 86, 103] (collectively, the "Objections")[3] having been filed; the Court having reviewed the Motion and the Objections and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (d) notice of the Motion and the Hearing was sufficient under the circumstances, (e) the relief requested in the Motion is in the best interests of the Debtor's estate and parties in interest, and (f) the Notice Procedures (i) provide for adequate notice to Talc Claimants, (ii) are reasonable and appropriate under the

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

[3] Certain talc mesothelioma claimants joined [Dkt. 106] in the objection to the Motion filed by Kazan Law [Dkt. 73].

(Page 3)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order (I) Authorizing the Debtor to File a List of the Top Law Firms With Talc Claims Against the Debtor in Lieu of the List of 20 Largest Unsecured Creditors; (II) Approving Certain Notice Procedures for Talc Claimants; and (III) Approving the Form and Manner of Notice of Commencement of This Case

circumstances and (iii) are reasonably calculated, under all the circumstances, to apprise the Talc Claimants of the noticed matters and afford them an opportunity to be heard thereon; the Court having overruled the Objections in part and granted the Objections in part as set forth in this Order; and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED to the extent set forth below.

2. The Debtor is authorized to file a consolidated Top Talc Counsel List, and shall file an amended consolidated Top Talc Counsel List of the 30 Talc Firms (defined below) with the most significant talc claimant representations as determined by the volume of talc claims, filed or unfiled, to the Debtor's knowledge.

3. The Debtor shall also file, no later than 1 business day following the entry of this Order, a list, pursuant to Bankruptcy Rule 1007(d), of the twenty creditors, excluding insiders, with the largest unsecured claims against the Debtor.

4. The Debtor is authorized to serve all notices, mailings, filed documents and other communications relating to the Chapter 11 Case, including, without limitation, pleadings, in any contested matters or otherwise, seeking relief that could directly impact Talc Claimants' rights and obligations in this Chapter 11 Case, on the Talc Claimants in care of their counsel (including counsel of record in talc-related proceedings) (each, a "Talc Firm") at such

(Page 4)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order (I) Authorizing the Debtor to File a List of the Top Law Firms With Talc Claims Against the Debtor in Lieu of the List of 20 Largest Unsecured Creditors; (II) Approving Certain Notice Procedures for Talc Claimants; and (III) Approving the Form and Manner of Notice of Commencement of This Case

counsel's address, including e-mail address. For a Talc Firm representing multiple Talc Claimants, the Debtor may serve each document only a single time on such Talc Firm (at each relevant address) on behalf of all of such counsel's clients; provided that any notice or other document relating specifically to one or more particular Talc Claimants (rather than all Talc Claimants represented by a Talc Firm) shall clearly identify the parties to whom it relates.

5. The Debtor is authorized to list the names, addresses and other contact information, as applicable, of the Talc Firms in any creditor or service list, including the creditor matrix provided to the Court or filed on the docket, in lieu of listing the contact information of individual Talc Claimants.

6. The Case Commencement Notice, substantially in the form attached to the Motion as Exhibit A along with such changes as are agreed upon by the Debtor and the U.S. Trustee, is hereby approved.

7. The Agent is authorized and directed to serve the Case Commencement Notice, substantially in the form attached to the Motion as Exhibit A, subject to any revisions agreed upon by the Debtor and the U.S. Trustee, not later than five business days after the Debtor (a) receives written notice from the U.S. Trustee of the time and place of the Section 341 Meeting and (b) agrees on the form and substance of the Case Commencement Notice with the U.S. Trustee. Notwithstanding the above, the Case Commencement Notice must be served on or before April 20, 2023.

(Page 5)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order (I) Authorizing the Debtor to File a List of the Top Law Firms With Talc Claims Against the Debtor in Lieu of the List of 20 Largest Unsecured Creditors; (II) Approving Certain Notice Procedures for Talc Claimants; and (III) Approving the Form and Manner of Notice of Commencement of This Case

8. The Agent shall serve the Case Commencement Notice by regular mail, postage prepaid, on those entities entitled to receive the Case Commencement Notice pursuant to Bankruptcy Rule 2002(a) and the Notice Procedures approved herein. The Debtor also will post a copy of the Case Commencement Notice on the restructuring website maintained by the Agent at https://dm.epiq11.com/LTL.

9. Service of the Case Commencement Notice in accordance with this Order is approved in all respects and is deemed sufficient notice to all parties in interest of the commencement of the Chapter 11 Case and the Section 341 Meeting under the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the District of New Jersey.

10. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

11. The Debtor shall serve a copy of this Order on all parties required to receive service under D.N.J. LBR 9013-5(f) within two (2) days after the entry of this Order

12. Any party may move for modification of this Order in accordance with D.N.J. LBR 9013-5(e).

13. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

(Page 6)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order (I) Authorizing the Debtor to File a List of the Top Law Firms With Talc Claims Against the Debtor in Lieu of the List of 20 Largest Unsecured Creditors; (II) Approving Certain Notice Procedures for Talc Claimants; and (III) Approving the Form and Manner of Notice of Commencement of This Case

14. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, enforcement or interpretation of this Order.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 23-12825-MBK |
| LTL Management LLC | Chapter 11 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 1 |
| Date Rcvd: Apr 19, 2023 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+       Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 21, 2023:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/Text: jkim8@its.jnj.com | Apr 19 2023 20:36:00 | LTL Management LLC, 501 George Street, New Brunswick, NJ 08933-0001 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 21, 2023         Signature:         /s/Gustava Winters