Nos. 22-2003, 22-2004, 22-2005, 22-2006, 22-2007,
22-2008, 22-2009, 22-2010, 22-2011

IN THE

# United States Court of Appeals for the Third Circuit

───────────────

IN RE: LTL MANAGEMENT LLC,

*Debtor*

───────────────

\*OFFICIAL COMMITTEE OF TALC CLAIMANTS,

*Appellant*

\*(Amended per Court's Order dated 06/10/2022)

───────────────

On direct appeal from the United States Bankruptcy Court
for the District of New Jersey, No. 21-30589, Adv. Proc. No. 21-3023

───────────────

**MOTION TO STAY THE MANDATE**

───────────────

| | |
|---|---|
| GREGORY M. GORDON | NEAL KUMAR KATYAL |
| BRAD B. ERENS | SEAN MAROTTA |
| DAN B. PRIETO | WILLIAM E. HAVEMANN |
| JONES DAY | JO-ANN TAMILA SAGAR |
| 2727 North Harwood Street | PATRICK C. VALENCIA |
| Dallas, Texas 75201 | HOGAN LOVELLS US LLP |
| | 555 Thirteenth Street, N.W. |
| C. KEVIN MARSHALL | Washington, D.C. 20004 |
| DAVID S. TORBORG | (202) 637-5600 |
| JONES DAY | neal.katyal@hoganlovells.com |
| 51 Louisiana Avenue, N.W. | |
| Washington, D.C. 20001 | |

March 22, 2023    *Counsel for LTL Management LLC*

13 context, noting that limiting such dismissals to "extraordinary cases is particularly appropriate" given that lack of good faith is an express statutory ground for later denying plan confirmation in Chapter 13, *see* 11 U.S.C. § 1325(a)(3), and Chapter 11, *see id.* § 1129(a)(3), both.  *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 n.11 (2007).  Bankruptcy courts "should be more reluctant to dismiss a petition for lack of good faith than to reject a plan for lack of good faith."  *Id.* (citation omitted).  Even if the Supreme Court does not entirely jettison the good-faith requirement, it is likely to be persuaded that this Court's standard is a bridge too far.

>    **B. LTL's petition for certiorari will present a substantial question regarding the standard of review that an appellate court applies to a bankruptcy court's good-faith findings.**

The panel decision also creates a split regarding the standard of review that an appellate court applies in assessing good faith.  The panel treated good faith as "essentially[] a conclusion of law" reviewed de novo without any deference to the Bankruptcy Court.  Op. 33 (quoting *BEPCO*, 589 F.3d at 616).  It "likewise" treated the Bankruptcy Court's finding of financial distress the same, giving it a "fresh look."  Op. 33.  The panel "[w]eigh[ed] the totality of facts and circumstances" itself, leading it to reject the Bankruptcy Court's conclusion that Old JJCI—rather than LTL—was the proper focus of the financial-distress analysis even though the funding agreement was part of the bankruptcy-driven

13

restructuring, and the restructuring was a "single integrated transaction" to resolve Old JJCI's talc liabilities. Op. 43-44. And the panel "evaluate[d] the financial condition of LTL" for itself, concluding it would "not accept [the bankruptcy court's] projections of future liability." Op. 45-46. By contrast, other courts of appeals review a bankruptcy court's good-faith finding under "the clearly erroneous standard." *Premier Auto. Servs.*, 492 F.3d at 279; *see also In re Brazos Emergency Physicians Ass'n, P.A.*, 471 F. App'x 393, 394 (5th Cir. 2012); *In re Cedar Shore Resort, Inc.*, 235 F.3d at 379; *In re Trident Assocs. Ltd. P'ship*, 52 F.3d 127, 132 (6th Cir. 1995); *In re Marsch*, 36 F.3d at 828.

Here, again, the Court's analysis is likely wrong and there is a reasonable possibility it will be reversed by the Supreme Court. *See Nara*, 494 F.3d at 1133. The instances in which the Supreme Court has "articulated a standard of deference for appellate review of district-court determinations reflect an accommodation of the respective institutional advantages of trial and appellate courts." *Salve Regina Coll. v. Russell*, 499 U.S. 225, 233 (1991). "[A] federal appellate court [has the] primary function as an expositor of law," *Miller v. Fenton*, 474 U.S. 104, 114 (1985), and is therefore best-suited to resolve questions that "contribute to the clarity of legal doctrine," *Salve Regina*, 499 U.S. at 233. But a second (and in many cases, third) round of de novo consideration imposes added costs on judges and litigants alike, and it is ill-suited to occasions when an appellate court's

14