UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                        Debtor. | Chapter 11<br><br>Case No.:  23-12825 (MBK)<br><br>Judge:  Michael B. Kaplan<br>**Hearing Date and Time:**<br>May 22, 2023 at 10:00 a.m. |

# DEBTOR'S MOTION FOR AN ORDER AUTHORIZING IT TO SATISFY ITS OBLIGATIONS UNDER THIS COURT'S DISMISSAL ORDER ENTERED IN THE DEBTOR'S PRIOR CHAPTER 11 CASE

The above-captioned debtor (the "Debtor") moves the Court for the entry of an order authorizing it to satisfy all prepetition obligations (the "Dismissal Order Obligations")[2] that

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] The Debtor has also included in the Dismissal Order Obligations all unpaid fees and expenses accrued prior to April 4, 2023 by the information officer and its professional related to the services performed in the Canadian proceeding pursuant to the *Order Authorizing the Debtor to Act As Foreign Representative On*

it is required to pay under the *Order (I) Dismissing Debtor's Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures With Respect to Requests for Compensation; and (III) Granting Related Relief* [No. 21-30589, Dkt. 3938] (the "Dismissal Order") entered in the Debtor's prior chapter 11 case (the "2021 Chapter 11 Case"). In support of this Motion, the Debtor respectfully represents as follows:

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.) (the "Standing Order of Reference"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

2. The statutory predicates for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code, Rules 4001, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-3 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules").

---

*Behalf of the Debtor's Estate* [No. 21-30589, Dkt. 854]. These obligations are similar in nature to the obligations described in the Dismissal Order (as defined herein).

## Background

### *General Background*

3.　　On April 4, 2023 (the "Petition Date"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4.　　The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5.　　The Debtor has reached agreement on the material terms of a plan of reorganization with tens of thousands of talc claimants. That agreement has been memorialized in a series of plan support agreements. The Debtor has commenced this Chapter 11 Case to pursue confirmation of a plan of reorganization that contains the terms agreed to in the plan support agreements.

6.　　A comprehensive description of the Debtor, its history, its assets and liabilities and the events leading to the commencement of the Chapter 11 Case can be found in the *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4] (the "First Day Declaration"), which was filed on the Petition Date and is incorporated herein by reference.

7.　　On April 14, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") filed the *Notice of Appointment of Official Committee of Talc Claimants* [Dkt. 162] (the "Talc Committee").

NAI-1535889474

*Dismissal of 2021 Chapter 11 Case*

8.  On January 30, 2023, a panel of the United States Court of Appeals for the Third Circuit (the "Third Circuit") issued an opinion directing this Court to dismiss the 2021 Chapter 11 Case on the basis that it was not filed in good faith. See In re LTL Mgmt., LLC, 58 F.4th 738 (3d Cir. 2023) amended by 64 F.4th 84 (3d Cir. 2023) (the "Third Circuit Opinion"). The Third Circuit concluded that the Debtor was not in financial distress before filing, finding that it was "highly solvent with access to cash to meet comfortably its liabilities as they came due for the foreseeable future." Third Cir. Op., 108. Based on this finding, the Third Circuit determined that the filing was not made in good faith and directed this Court to dismiss the 2021 Chapter 11 Case.

9.  On February 13, 2023, the Debtor filed a petition for rehearing and rehearing en banc with the Third Circuit. On March 22, 2023, the Third Circuit entered an order denying the Debtor's petition for rehearing. That same day, the Debtor filed a motion seeking a stay of the Third Circuit's mandate pending the pursuit of a petition for certiorari in the United States Supreme Court. The Third Circuit entered an order denying the stay motion on March 31, 2023, and, on the same day, issued its certified judgment directing this Court to dismiss the 2021 Chapter 11 Case. This Court subsequently entered the Dismissal Order on April 4, 2023.[3]

**The Debtor's Obligations Under the Dismissal Order**

10.  In addition to dismissing the 2021 Chapter 11 Case, the Dismissal Order addresses certain related matters to permit an orderly dismissal of the case. In particular, the Dismissal Order establishes procedures for the final allowance of professional fees and expenses and requires the Debtor to pay all allowed fees and expenses. Dismissal Order ¶ 5. It also

---

[3] A copy of the Dismissal Order is attached as Exhibit A.

requires the Debtor to pay the fees and expenses of the co-mediators, the court-appointed expert and his professionals, and the fee examiner and his professionals. Id. ¶¶ 11-12. Further, the Dismissal Order requires the Debtor to pay the fees and expenses of Epiq Corporate Restructuring, LLC accrued during the 2021 Chapter 11 Case and for services provided post-dismissal. Id. ¶ 14. Lastly, the Dismissal Order requires the Debtor to pay any outstanding quarterly fees owed to the U.S. Trustee as of the date the 2021 Chapter 11 Case was dismissed (i.e., April 4, 2023). Id. ¶ 16. The Debtor estimates that the aggregate amount of the Dismissal Order Obligations (including the Canadian information officer and its professional) is approximately $10 million.

## Relief Requested and Basis Thereof

11. The Debtor seeks authority to satisfy all its obligations arising under the Dismissal Order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 4001, 6003 and 6004 and Local Bankruptcy Rule 4001-3.

12. Courts have permitted the payment of prepetition obligations where the payment is supported by an appropriate business justification. See, e.g., In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (noting that section 363(b) provides "broad flexibility" to authorize a debtor to honor prepetition claims where supported by an appropriate business justification); see also In re Just for Feet, Inc., 242 B.R. 821, 824-26 (Bankr. D. Del. 1999) (noting that the Third Circuit has authorized the payment of prepetition claims in certain circumstances, especially where payment of such claims would not upset the priority scheme contemplated by the Bankruptcy Code or otherwise subordinate claims of remaining creditors) In doing so, these courts rely primarily on sections 105(a) and 363(b) of the Bankruptcy Code.

13. Section 105(a) of the Bankruptcy Code empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this

-5-

title." 11 U.S.C. § 105(a). It is well established that bankruptcy courts are "empowered to . . . achieve fairness and justice in the reorganization process." In re Combustion Eng'g, Inc., 391 F.3d 190, 235 (3d Cir. 2004) (citations omitted); Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery, 330 F.3d 548, 568 (3d Cir. 2003) (describing bankruptcy court's equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain").

14. Section 363(b) of the Bankruptcy Code permits a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Where a sound business purpose exists for doing so, courts have authorized payment of prepetition obligations under section 363(b) of the Bankruptcy Code. See, e.g., Ionosphere Clubs, 98 B.R. at 175; see also In re James A. Phillips, Inc., 29 B.R. 391, 397 (S.D.N.Y. 1983); Just for Feet, 242 B.R. at 824-26 (authorizing the payment of certain vendor's prepetition claims).

15. Here, the Debtor seeks authority to pay the Dismissal Order Obligations to comply with the Dismissal Order. Additionally, payment of these prepetition amounts would provide for equitable treatment of all professional fee claims.[4] Prior to the commencement of this Chapter 11 Case, the Debtor paid all unpaid fees and expenses incurred by its professionals in the 2021 Chapter 11 Case. The Debtor seeks authority to similarly satisfy the fees and expenses of the other professionals involved in the 2021 Chapter 11 Case. The proposed plan of reorganization outlined in the plan support agreements will provide for payment in full of general unsecured claims, and the Debtor has sufficient resources to satisfy the Dismissal Order

---

[4] Most, if not all, of obligations under the Dismissal Order were administrative expenses in the 2021 Chapter 11 Case. See 11 U.S.C. §§ 503(b) and 507(a)(2). As a result, such amounts would have been entitled to priority payment in the 2021 Chapter 11 Case.

-6-

Obligations, the expenses of this Chapter 11 Case, and its obligation to fund a trust as required by the terms outlined in the plan support agreements. As a result, the Debtor believes that honoring its obligations under the Dismissal Order would be fair and equitable, will not prejudice any party-in-interest and constitutes a reasonable exercise of its business judgment.

16. The Debtor recognizes that parties' ability to comply with the Dismissal Order's procedures, including requesting payment of expenses from the Debtor, arguably could violate the automatic stay. See, e.g., 11 U.S.C. §§ 362(a)(1), (6) (providing that the commencement of bankruptcy case stays "the commencement or continuation . . . . of a judicial, administrative or other action or proceeding against the debtor . . . to recover a claim against the debtor that arose before the commencement of the case under this title" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title"). Under the circumstances and for the reasons set forth above, the Debtor respectfully requests that, to the extent applicable, the automatic stay be lifted solely for the purpose of permitting parties to comply with the terms of the Dismissal Order, including: (a) to allow the submission of requests for payment to the Debtor; (b) to allow the parties to respond to any objections to requests for payment; and (c) to otherwise satisfy the Dismissal Order Obligations.

### Waiver of Bankruptcy Rules 4001(a)(3) and 6004(h)

17. The Debtor seeks a waiver of any stay of the effectiveness of an order approving this Motion under Bankruptcy Rules 4001(a)(3) and 6004(h) to the extent a stay applies. Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from that automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Similarly, Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than

cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Any delay in granting the relief requested herein likely would be disruptive to the Debtor, thereby causing harm to the Debtor's estate. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rules 4001(a)(3) and 6004(h), to the extent that a stay applies.

### Waiver of Memorandum of Law

18.     The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtor relies on is incorporated herein and the Motion does not raise any novel issues of law.

### Notice

19.     This Motion has been served on: (a) the U.S. Trustee; (b) proposed counsel to the Talc Committee; (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (d) the proposed legal representative for future talc claimants and her counsel; (d) counsel to the Ad Hoc Group of Supporting Counsel; and (e) any other party entitled to notice. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

### No Prior Request

20.     No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court: (a) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (b) grant such other and further relief to the Debtor as the Court may deem just and proper.

Dated: April 26, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

NAI-1535889474