# Exhibit 1

```
                   UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF NEW JERSEY

IN RE:                        .    Case No. 21-30589(MBK)
                              .
LTL MANAGEMENT LLC,           .
                              .
          Debtor.             .
. . . . . . . . . . . . . . . .
LTL MANAGEMENT, LLC,          .    Adversary No. 21-3032(MBK)
                              .
          Plaintiff,          .
                              .    Clarkson S. Fisher U.S.
     v.                       .      Courthouse
                              .    402 East State Street
THOSE PARTIES LISTED ON       .    Trenton, NJ 08608
APPENDIX A TO COMPLAINT       .
and JOHN AND JANE DOES        .
1 TO 1000,                    .
                              .
          Defendants.         .    Tuesday, July 26, 2022
. . . . . . . . . . . . . . . .    10:04 a.m.
```

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:              Jones Day
                             By:  GREGORY M. GORDON, ESQ.
                                  DANIEL B. PRIETO, ESQ.
                             2727 North Harwood Street, Suite 500
                             Dallas, TX 75201

For the Official             Otterbourg P.C.
Committee of Talc            By:  MELANIE CYGANOWSKI, ESQ.
Claimants 1:                 230 Park Avenue
                             New York, NY  10169

Audio Operator:              Wendy Quiles

Proceedings recorded by electronic sound recording, transcript
          produced by transcription service.
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  [jjCourt@jjCourt.com](mailto:jjCourt@jjCourt.com)**

**(609) 586-2311    Fax No. (609) 587-3599**

Case 23-01092-MBK    Doc -1    Filed 04/26/23    Entered 04/26/23 17:35:24    Desc
Exhibit Exh 1 - LTL Transcript 7-26-2022    Page 3 of 7

2

```
APPEARANCES (Cont'd):

For the Official           Brown Rudnik, LLP
Committee of Talc          By:  SUNNI BEVILLE, ESQ.
Claimants 1:                    JEFFREY L. JONAS, ESQ.
                           One Financial Center
                           Boston, MA  02111

                           Brown Rudnik, LLP
                           By:  DAVID J. MOLTON, ESQ.
                           7 Times Square
                           New York, NY  10036

                           Genova Burns LLC
                           By:  DANIEL M. STOLZ, ESQ.
                           110 Allen Road, Suite 304
                           Basking Ridge, NJ  07920

For the U.S. Trustee:      U.S. Department of Justice
                           By:  LINDA RICHENDERFER, ESQ.
                           950 Pennsylvania Avenue, NW
                           Washington, DC 20530

For Aylstock, Witkin,      Klee, Tuchin, Bogdanoff & Stern, LLP
Kreiss & Overholtz,        By:  ROBERT J. PFISTER, ESQ.
PLLC:                      1801 Century Park East, 26th Floor
                           Los Angeles, CA 90067

For the Edley Family:      Cohen Placitella & Roth, P.C.
                           BY:  CHRIS PLACITELLA, ESQ.
                           127 Maple Avenue
                           Red Bank, NJ 07701

For Travelers Casualty     Simpson Thacher & Bartlett, LLP
and Surety Company:        By:  ANDREW FRANKEL, ESQ.
                           425 Lexington Avenue
                           New York, NY 10017

For Ad Hoc Committee of    Womble Bond Dickinson LLP
States Holding Consumer    By:  ERICKA FREDRICKS JOHNSON, ESQ.
Protection Claims:         222 Delaware Avenue, Suite 1501
                           Wilmington, DE 19801


For Arnold & Itkin LLP:    Pachulski Stang Ziehl & Jones
                           BY:  LAURA DAVIS JONES, ESQ.
                           919 North Market Street
                           17th Floor
                           Wilmington, DE 19801
```

Case 23-01092-MBK    Doc -1    Filed 04/26/23    Entered 04/26/23 17:35:24    Desc
Exhibit Exh 1 - LTL Transcript 7-26-2022    Page 4 of 7

3

```
APPEARANCES (Cont'd):

For Creditor Kristie      Kazan McClain Satterley & Greenwood
Lynn Doyle and            BY:  JOSEPH SATTERLEY, ESQ.
Kazan McClain:            55 Harrison Street, Suite 400
                          Oakland, CA 94607


For Paul Crouch,          Ruckdeschel Law Firm, LLC
individually, and as      BY: JONATHAN RUCKDESCHEL, ESQ;
the personal              8357 Main Street
representative of         Ellicott City, MD 21043
Cynthia Crouch's Estate:

For Unnamed Claimants:    Maune Raichle Hartley Frency & Mudd,
                             LLC
                          BY: CLAY THOMPSON, ESQ.
                          1015 Locust Street, Suite 1200
                          St. Louis, MO 63101


For Insurers as           Katten Muchin Rosenman LLP
Plaintiffs in New         BY: TERENCE P. ROSS, ESQ.
Jersey Coverage Action:   2900 K Street NW
                          North Tower - Suite 200
                          Washington, DC 20007


For Randi Ellis as FCR:   Walsh Pizzi O'Reilly Falanga, LLP
                          BY: STEPHEN V. FALANGA, ESQ.
                          Three Gateway Center
                          100 Mulberry Street, 15th Floor
                          Newark, NJ  07102
```

Case 23-01092-MBK    Doc -1    Filed 04/26/23    Entered 04/26/23 17:35:24    Desc
Exhibit Exh 1 - LTL Transcript 7-26-2022    Page 5 of 7

76

1  and many other firms and they all have defended J&J baby
2  powder.  And those counsel are still approved counsel through
3  the bankruptcy but they have more than sufficient trial counsel
4  to try as many cases as Your Honor will allow to be released.
5         I appreciate the few minutes that I've spoken here
6  today.  Those are all the comments I have right now.  I don't
7  have a PowerPoint, but I will have one this afternoon.
8         THE COURT:  All right.  Thank you.
9         MR. SATTERLEY:  Thank you, Your Honor.
10        THE COURT:  Mr. Falanga?
11        MR. FALANGA:  On behalf of the FCR, Your Honor?
12        THE COURT:  Yes, please.
13        MR. FALANGA:  Good morning, Your Honor.  Steven
14 Falanga, Walsh Pizzi O'Reilly Falanga, along with my colleagues
15 on behalf of Randi Ellis, the FCR.
16        The FCR is not taking the role of Solomon here, Your
17 Honor, but you've read the position statement.
18        THE COURT:  She can have it.
19        MR. FALANGA:  I know.
20        You know, Chapter 11, as Your Honor knows, is in the
21 first instance, a compromise process.  There's sections in the
22 Code that allow for the Court to compel action when the parties
23 don't consent.  But in this particular case, we're seeking
24 compromise.  That's been the goal of the Court since the
25 motions to dismiss were denied earlier this year.

Case 23-01092-MBK    Doc -1    Filed 04/26/23    Entered 04/26/23 17:35:24    Desc
Exhibit Exh 1 - LTL Transcript 7-26-2022    Page 6 of 7

77

1           As the FCR has noted, at the present time, she sees a
2  global resolution with a fully funded trust as the optimal
3  result for future claimants and she takes that role very
4  seriously.  She supports an estimation process.  She thinks at
5  some point in time, estimation will likely be needed as part of
6  any possible plan that may come before the Court.  But at the
7  same time, the FCR supports allowing exclusivity to be
8  terminated or at a minimum for the Court to consider allowing
9  exclusivity to be terminated in September at the hearing.
10          The TCC plan could be filed.  It could be made
11 public.  It could be exchanged in mediation.  The same with the
12 debtor.  The debtor could propose a plan that doesn't have to
13 be filed just yet.  Your Honor, obviously can control the
14 docket in that regard and decide whether a filed plan goes out
15 to solicitation or not and when.  The goal here being that
16 mediation is the ultimate resolution that -- excuse me,
17 resolution in mediation is the ultimate goal that the FCR is
18 looking to go with right now.  And I think ultimately what the
19 FCR would like is to get back into mediation.
20          You know, the FCR was appointed a little bit later in
21 the case and was able to participate in the in-person
22 mediations but did not have her expert at that time and really
23 was not able to fully participate.  And so, you know, having
24 some mandatory mediation as part of any process sooner, rather
25 than later, not waiting perhaps as the debtor proposes until

214

## C E R T I F I C A T I O N

      WE, DIPTI PATEL, KAREN K. WATSON, RUTH ANN HAGER and LORI KNOLLMEYER, court approved transcribers, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter and to the best of our ability.

/s/ Dipti Patel

DIPTI PATEL


/s/ Karen K. Watson

KAREN K. WATSON


/s/ Ruth Ann Hager

RUTH ANN HAGER


/s/ Lori Knollmeyer

LORI KNOLLMEYER

J&J COURT TRANSCRIBERS, INC.    DATE: July 27, 2022