# Exhibit 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

```
IN RE:                       .    Case No. 21-30589(MBK)
                             .
LTL MANAGEMENT LLC,          .
                             .
          Debtor.            .
 . . . . . . . . . . . . . . .
LTL MANAGEMENT, LLC,         .    Adversary No. 21-03032(MBK)
                             .
          Plaintiff,         .
                             .    Clarkson S. Fisher U.S.
v.                           .      Courthouse
                             .    402 East State Street
THOSE PARTIES LISTED ON      .    Trenton, NJ 08608
APPENDIX A TO THE            .
COMPLAINT, ET AL.,           .
                             .    Friday, February 18, 2022
          Defendants.        .    9:01 a.m.
 . . . . . . . . . . . . . . .
```

TRANSCRIPT OF TRIAL DAY FIVE
BEFORE THE HONORABLE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:          Jones Day
                         By:  GREGORY M. GORDON, ESQ.
                              DANIEL B. PRIETO, ESQ.
                              AMANDA RUSH, ESQ.
                         2727 North Harwood Street, Suite 500
                         Dallas, TX 75201

                         Jones Day
                         By:  ROBERT W. HAMILTON, ESQ.
                         325 John H. McConnell Blvd., Suite 600
                         Columbus, Ohio  43215-2673


Audio Operator:          Wendy Romero

Proceedings recorded by electronic sound recording, transcript
              produced by transcription service.

_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjCourt@jjCourt.com**
**(609) 586-2311    Fax No. (609) 587-3599**

2

APPEARANCES (Cont'd):

For the Debtor:              Jones Day
                             By:  DAVID S. TORBORG, ESQ.
                             51 Louisiana Avenue, N.W.
                             Washington, D.C.  20001-2113

                             Jones Day
                             By:  CAITLIN K. CAHOW, ESQ.
                             77 West Wacker, Suite 3500
                             Chicago, IL  60601-1692

                             Skadden, Arps, Slate, Meagher &
                               Flom LLP and Affiliates
                             By:  ALLISON M. BROWN, ESQ.
                             One Manhattan West
                             New York, NY  10001-8602

                             Otterbourg P.C.
                             By:  MELANIE L. CYGANOWSKI, ESQ.
                                  ADAM C. SILVERSTEIN, ESQ.
                             230 Park Avenue
                             New York, NY 10169-0075

For the Official             Brown Rudnik, LLP
Committee of Talc            By:  JEFF JONAS, ESQ.
Claimants 1:                      MICHAEL WINOGRAD, ESQ.
                             7 Times Square
                             New York, NY 10036

                             Genova Burns, LLC
                             BY:  DANIEL M. STOLZ, ESQ.
                             110 Allen Road, Suite 304
                             Basking Ridge, NJ 07920

                             Bailey & Glasser, LLP
                             By:  BRIAN GLASSER, ESQ.
                             105 Thomas Jefferson Street NW
                             Suite 540
                             Washington, DC 20007

For the Official             Sherman Silverstein
Committee of Talc            By:  ARTHUR ABRAMOWITZ, ESQ.
Claimants 2:                 East Gate Corporate Center
                             308 Harper Drive, Suite 200
                             Moorestown, NJ 08057

3

```
APPEARANCES (Cont'd):

For the Official         Cooley LLP
Committee of Talc        By:  IAN SHAPIRO, ESQ.
Claimants 2:             55 Hudson Yards
                         New York, NY 10001

                         Cooley LLP
                         By:  SHAMIS BECKLEY, ESQ.
                         500 Boylston Street, 14th Floor
                         Boston, MA  02116-3736

                         Cooley LLP
                         By:  MATTHEW KUTCHER, ESQ.
                         444 W. Lake Street, Suite 1700
                         Chicago, IL  60606

For Johnson & Johnson:   White & Case LLP
                         By:  JESSICA LAURIA, ESQ.
                         1221 Avenue of the America
                         New York, NY  10020

                         Lowenstein Sandler
                         By:  KENNETH ROSEN, ESQ.
                         One Lowenstein Drive
                         Roseland, NJ 07068

                         Johnson & Johnson
                         By:  ERIK HAAS, ESQ.
                              ANDREW WHITE, ESQ.
                         1 Johnson & Johnson Plaza
                         New Brunswick, New Jersey, 08933

For the U.S. Trustee:    U.S. Department of Justice
                         By:  LAUREN BIELSKIE, ESQ.
                              LINDA RICHENDERFER, ESQ.
                              JEFFREY M. SPONDER, ESQ.
                         One Newark Center, Suite 2100
                         Newark, NJ  07102

For Arnold & Itkin, LLP: Pachulski Stang Ziehl Young & Jones,
                          PC
                         By:  LAURA DAVIS JONES, ESQ.
                         919 Market Street
                         16th Floor, PO Box 8705
                         Wilmington, DE 19899
```

4

APPEARANCES (Cont'd):

For DeSanto Canadian        Lite DePalma Greenberg & Afanador,
Class Action Plaintiffs:     LLC
                            By:  ALLEN JOSEPH UNDERWOOD, II, ESQ.
                            570 Broad Street, Suite 1201
                            Newark, NJ 07102

For Aylstock, Witkin,       Klee, Tuchin, Bogdanoff & Stern, LLP
Kreiss & Overholtz,         By:  ROBERT J. PFISTER, ESQ.
PLLC:                       1801 Century Park East, 26th Floor
                            Los Angeles, CA 90067

                            *  *  *  *  *

60

1          MR. GORDON:  Yeah.

2          THE COURT:  -- in different briefs.

3          MR. GORDON:  Yeah.  I think what you're referring --

4 and these are good questions, Your Honor.  This is complicated,

5 so I appreciate your asking me.  I think what you're referring

6 to is the fact that, again, we tried to make clear in this

7 funding agreement that if the value of New JJCI actually goes

8 up post the transaction, then the value under the funding

9 agreement also goes up.

10          And that goes to my point about it sets a floor based

11 on the value of what Old JJCI was in the moment in time before

12 this transaction minus or excluding the talc costs.  And then

13 if that value goes up, the estate would get the benefit of that

14 value, as well.

15          THE COURT:  Okay.  Thank you.

16          MR. GORDON:  And I just wanted to point out also in

17 this slide, and I think Your Honor's probably seen there's

18 literally no conditions or any material conditions on the

19 permitted funding uses under this document.  I'll come back to

20 this.

21          So I did want to focus on permitted funding use

22 because the other side I think has fashioned a new argument

23 that we hadn't heard before with respect to the funding

24 agreement.  So there's basically two different scenarios where

25 funding is available.

61

 1          The first is funding in the tort system.  And as you

 2 would expect, what that funding says is that the payors are

 3 obligated to pay the liabilities to the extent they're

 4 established by a judgement or a settlement in the tort system.

 5 That's what you would expect and that's what happens.  You want

 6 funds available to pay settlements, to pay judgments in the

 7 tort system.  So it makes very clear this is what we're talking

 8 about if there's no proceeding in bankruptcy.  Whether there

 9 was no case filed or whether the case is filed or dismissed,

10 the money's available for that purpose.

11          And you can imagine, Your Honor, by the way, the hue

12 and cry you would have heard if this provision weren't in there

13 because they would have said that we've manipulated the whole

14 system because you filed bankruptcy and now you're going to

15 tell the Court you can't dismiss our case because there's no

16 money available if we go back in the tort system.

17          So this is there to protect the claimants.  It's

18 there to assure this isn't treated or consider a fraudulent

19 conveyance.  The idea was and the intent was the claimants are

20 covered either way in bankruptcy or outside.

21          Now where the criticism I think has been focused is

22 on this provision.  And this talks about how the funding is

23 used if a bankruptcy case is commenced.  And what it talks

24 about is if the payors are obligated to pay the liabilities in

25 connection with the funding of one or more trusts for the

256

## C E R T I F I C A T I O N

1

2            We, KAREN WATSON, DIPTI PATEL, ELIZABETH REID-

3  GRIGSBY, LORI KNOLLMEYER, LIESL SPRINGER, and JOY K. BRENNAN

4  court approved transcribers, certify that the foregoing is a

5  correct transcript from the official electronic sound recording

6  of the proceedings in the above-entitled matter, and to the

7  best of our ability.

8

9  /s/ Karen Watson                    /s/ Liesl Springer

10  KAREN WATSON                        LIESL SPRINGER

11

12  /s/ Dipti Patel                     /s/ Joy K. Brennan

13  DIPTI PATEL                         JOY K. BRENNAN

14

15  /s/ Elizabeth Reid-Grigsby          /s/ Lori Knollmeyer

16  ELIZABETH REID-GRIGSBY              LORI KNOLLMEYER

17  J&J COURT TRANSCRIBERS, INC.        Date:  February 22, 2022

18

19

20

21

22

23

24

25

**WWW.JJCOURT.COM**