UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail:    jeffrey.m.sponder@usdoj.gov
           lauren.bielskie@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re<br><br>LTL Management LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-12825 (MBK)<br><br>Hearing Date: PURSUANT TO ORDER<br>                    SHORTENING TIME<br><br>Honorable Michael B. Kaplan, Chief Judge |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES
TRUSTEE'S MOTION TO SEAL THE REDACTED PORTIONS AND
EXHIBITS OF THE UNITED STATES TRUSTEE'S OBJECTION TO
DEBTOR'S MOTION FOR AN ORDER APPOINTING RANDI S. ELLIS AS
<u>LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS</u>**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), through his counsel, moves before the Court pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 107(b), Fed. R. Bankr. P. 9018 and D.N.J. LBR 9018-1, for entry of an order, substantially in the form submitted herewith, for authority to file under seal the redacted portions of the United States Trustee's *Objection to Debtor's Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Claimants* (the

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

"**Objection**"), filed substantially contemporaneously herewith (the "**Motion to Seal**").[2] In support of the Motion to Seal, the U.S. Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

The U.S. Trustee has redacted portions of the Objection that refer to information contained in certain documents designated by the Debtor during certain depositions concerning the preliminary injunction adversary proceeding as being confidential (collectively, the "Confidentiality Designations"). The U.S. Trustee is not a party to any protective orders with the Debtor proposed in this case or entered in the previous case. However, out of an abundance of caution, and to not delay the filing of the Objection, the U.S. Trustee, currently, is respecting the Debtor's Confidentiality Designations. However, the U.S. Trustee reserves all rights to challenge the Confidentiality Designations.

## JURISDICTION

1. This Court has jurisdiction to hear and determine this Objection.

2. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d

---

[2] A redacted version of the Objection has been filed immediately prior to the filing of this Motion to Seal. An unredacted version of the Objection is being filed immediately after the filing of this Motion to Seal in accordance with this Court's procedures for electronically requesting that a document be sealed (*see* Process to Electronically Request that a Document be Sealed | United States Bankruptcy Court - District of New Jersey (uscourts.gov)).

294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## STATEMENT OF RELEVANT FACTS AND BACKGROUND

**General Background**

4. On April 4, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). *See* Dkt. 1.

5. The Debtor continues to operate its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6. No trustee or examiner has been appointed in these chapter 11 cases.

7. On April 14, 2023, the Office of the United States Trustee appointed an Official Committee of Talc Claimant Creditors (the "TCC"). *See* Dkt. 162.

**The Future Claims Representative Motion**

8. On April 10, 2023, the Debtor filed a Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants (the "FCR Motion"). *See* Dkt. 87.

9. On April 26, 2023, the U.S. Trustee filed the Objection with redactions because of the Confidentiality Designations made by the Debtor and out of an abundance of caution to not delay the filing of the Objection.

10. For the reasons set forth below, the U.S. Trustee respectfully request that the Motion to Seal be granted.

## ARGUMENT

11. A movant has the burden of demonstrating that information may be sealed under Section 107 of the Bankruptcy Code. "It is clear that the courts of this country recognize a general

3

right to inspect and copy public records and documents, including judicial records and documents." *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *accord Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780-81 (3d Cir. 1994) (recognizing "a right of access to judicial proceedings and judicial records" that is "beyond dispute") (citation omitted). The "strong presumption in favor of public access to judicial records and papers . . . has statutory, common law and First Amendment underpinnings[.]" *See In re Continental Airlines,* 150 B.R. 334, 341 (D. Del. 1993).

12.    The common law right of access "antedates the Constitution" and "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 672 (3d Cir. 2019) (citations, quotation marks omitted). Courts have generally observed that the common law right of access is codified in Section 107(a) of the Bankruptcy Code. *See In re A C & S Inc.*, 775 Fed.Appx. 78, 79 (3d Cir. 2019); *In re Alterra Healthcare Corp.*, 353 B.R. 66, 74-75 (Bankr. D. Del. 2006) (citing cases); *In re Anthracite Capital, Inc.*, 492 B.R. 162, 170 (Bankr. S.D.N.Y. 2013).

13.    Section 107 of the Bankruptcy Code provides in relevant part:

> (a) Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
>> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>> (2) protect a person with respect to scandalous or

4

> defamatory matter contained in a paper filed in a case under this title.

*See* 11 U.S.C. § 107.

14. In addition, Fed. R. Bankr. P. 9018 provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

*See* Fed. R. Bankr. P. 9018.

15. Section 107 of the Bankruptcy Code establishes "a broad right of public access to all papers filed in a bankruptcy case, subject to certain limited exceptions." *See In re A C & S Inc.*, 775 Fed.Appx. at 79. "Under § 107(a), unless a paper filed in a bankruptcy court falls within one of the express exceptions in § 107(b) or (c), it must be open to public inspection. On the other hand, if a paper falls within one of the express exceptions in § 107(b), on the request of a party in interest, the bankruptcy court *shall* protect a person." *See In re Food Management Group, LLC*, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007). Sealing is "an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *See In re Anthracite Capital, Inc.*, 492 B.R. at 171 (citation omitted).

16. Here, the Objection includes reference to certain documents that have been marked confidential by the Debtors. It is unclear whether any such documents fall within one of the exceptions under Section 107. Despite that uncertainty and due to the quick pace of this case thus far, the U.S. Trustee files this Motion so as not to run afoul of the Confidentiality Designations.

5

17. The U.S. Trustee reserves any and all rights, remedies, duties, and obligations found at law, equity or otherwise, including the right to complement, supplement, augment, alter and/or modify this Objection. The U.S. Trustee further reserves his rights to challenge the Confidentiality Designations.

WHEREFORE, the U.S. Trustee respectfully submits that the Court grant the Motion to Seal and grant such other relief as the Court deems just and necessary.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

By: /s/ *Jeffrey M. Sponder*
Jeffrey M. Sponder
Trial Attorney
Lauren Bielskie
Trial Attorney
United States Department of Justice
Office of the United States Trustee
One Newark Center, Suite 2100
Newark, NJ 07102

-and-

Linda Richenderfer
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
linda.richenderfer@usdoj.gov

Dated: April 26, 2023