IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LTL MANAGEMENT LLC, | ) | BK Case: 23-12825-MBK |
| | ) | |
| Debtor. | ) | |

**MRHFM'S PLAINTIFFS'[1] MOTION TO DISMISS THE
SECOND BANKRUPTCY PETITION OF LTL MANAGEMENT, LLC**

This Court must "start and stay" with "good faith." *In re LTL Mgmt., LLC*, 64 F.4th 84, 93 (3d Cir. 2023). "Given Chapter 11's ability to redefine fundamental rights of third parties"—like those of mesothelioma plaintiffs ***wrongly*** deprived of their Constitutional rights and state law remedies for over 18 months—"only those facing financial distress can call on bankruptcy's tools to do so." *Id.* at 110.

Section 524(g) is a tool within Chapter 11, available only to good faith debtors overwhelmed by asbestos liabilities that subject their assets to the jurisdiction of the bankruptcy court. LTL argued extensively to the Third Circuit that it was entitled to establish a 524(g) trust if it was able to garner support from over 75% of its claimants. *See* Tr. 9/19/2022, pgs. 83-84, 94-95. The Circuit rejected this argument and denied LTL entry to bankruptcy's "safe habor." *LTL Mgmt.*, 64 F.4th at 93.

---

[1] Maune Raichle Hartley French & Mudd, LLC only represents mesothelioma victims, including over seventy-nine with filed cases in state court. This Motion is brought on their behalf, including plaintiff Katherine Tollefson, an appellant before the Third Circuit in *LTL1*.

1

LTL couldn't access 524(g) or any other Chapter 11 tool because it wasn't in financial distress and hadn't filed in good faith. So, it doesn't matter how many "claimants"—60,000 or 600,000—support an objectively illegal and unconstitutional "plan of reorganization" of a bad faith debtor that's not in distress and hasn't filed in good faith.

What's changed since the Third Circuit held that LTL was a *bad faith* debtor? A monumental fraudulent transfer, several breached fiduciary duties, and some lawyers claim they have clients—who may or may not have cancer, let alone one linked to talc use—who would accept money from a trust. Maybe.

None of this gives this Court subject matter jurisdiction. Votes don't matter if LTL filed in bad faith. And it obviously did. Section 524(g) isn't a menu choice for half-a-trillion-dollar tortfeasors and their fabricated debtors that would rather pay less to the people they poisoned to death.

MRHFM joined over forty (40) other law firms that represent mesothelioma victims in asking for dismissal (*see* Dkt. 352) and joins the motions to dismiss filed by the TCC, the Ad Hoc of States, and Paul Crouch, and adopts all arguments therein, and incorporates by reference all evidence and argument contained in the several oppositions to the preliminary injunction.[2]

---

[2] MRHFM joins the motions to dismiss filed by the TCC (Dkt. 286-1), the Ad Hoc Committee of States (Dkt. 350-1), Paul Crouch (Dkt. 346), and adopts all arguments therein, also adopts and incorporates by reference

MRHFM's mesothelioma plaintiffs urge the Court to police the bounds of its jurisdiction and dismiss this bankruptcy now. Between today and when this case is dismissed—and it will be—is the burden really going to borne by the sick people, *again*?

Respectfully submitted:

**MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC**

*[signature]*

_____

Clayton L. Thompson, Esq.
**MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC**
150 W. 30th Street, Suite 201
New York, NY 10001
(800) 358-5922
cthompson@mrhmflaw.com

---

the evidence and argument in MRHFM's Opposition to the Preliminary Injunction (Case 23-01092-MBK Adv. Pro. Dkt. 60 and Supp. Opp. Adv. Pro. Dkt. 62), the TCC (Adv. Pro. Dkt. 39), the United States Trustee (Adv. Pro. Dkt. 38), Paul Crouch (Adv. Pro. Dkts. 57 & 62).