| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1(b)** | |
| **PACHULSKI STANG ZIEHL & JONES LLP**<br>Laura Davis Jones<br>Colin R. Robinson<br>Peter J. Keane<br>919 N. Market Street, 17th Floor<br>Wilmington, DE  19801<br>Telephone:  (302) 652-4100<br>Facsimile:   (302) 652-4400<br>Email:  ljones@pszjlaw.com<br>           crobinson@pszjlaw.com<br>           pkeane@pszjlaw.com<br><br>*Counsel to Arnold & Itkin LLP* | |
| In re:<br><br>LTL MANAGEMENT LLC,<br><br>                                        Debtor.[1] | Chapter 11<br><br>Case No. 23-12825 (MBK)<br><br>**Hearing Date and Time:**<br>May 22, 2023 at 10:00 a.m. ET |

# MOTION TO SEAL THE REDACTED PORTIONS OF
# ARNOLD & ITKIN'S MEMORANDUM OF LAW IN SUPPORT OF
# <u>MOTION TO DISMISS CHAPTER 11 CASE AND CERTAIN EXHIBITS THERETO</u>

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

Arnold & Itkin LLP ("Arnold & Itkin"), on behalf of certain talc personal injury claimants represented by Arnold & Itkin, hereby submits this motion (the "Motion to Seal") pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and D.N.J. LBR 9018-1 (the "Local Rules"), for an order authorizing Arnold & Itkin to file under seal the redacted portions of the memorandum of law (the "MOL") in support of Arnold & Itkin's motion to dismiss the Debtor's chapter 11 case (the "Motion to Dismiss") and certain exhibits attached to the declaration of Laura Davis Jones (the "Jones Declaration") filed with the Motion to Dismiss. In support of this Motion to Seal, Arnold & Itkin respectfully states as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 105(a) and 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and D.N.J. LBR 9018-1.

### Relief Requested

3. By this Motion to Seal, Arnold & Itkin seeks entry of an order substantially in the form annexed hereto as Exhibit A, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and D.N.J. LBR 9018-1, (i) authorizing Arnold & Itkin to file the redacted portions of the MOL and certain exhibits attached to the Jones Declaration under seal

with certain information redacted from the public docket, and (ii) granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate.

### Basis for Relief

4. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

5. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b), providing that:

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information

Fed. R. Bankr. P. 9018.

6. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

7. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re* Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21

F.3d at 27. Moreover, the resulting order should be broad (*i.e.*, "any order which justice requires"). *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

8. Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006). However, commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

9. Here, the information sought to be filed under seal includes information or exhibits produced by the Debtor that were designated as "confidential" and constitute "Confidential Information" as that term is defined in that certain proposed *Agreed Protective Order Governing Confidential Information By and Between the Talc Creditors' Committee and the Debtor Pursuant to D.N.J. LBR 9021-1(b)* (the "Proposed Protective Order"), and, to the extent applicable, that certain *Agreed Protective Order Governing Confidential Information* entered on December 21, 2021 [Dkt. No. 498] (the "LTL I Protective Order"). Accordingly, in

addition to the authority cited above, the Proposed Protective Order and the LTL I Protective Order require a motion to seal and redaction or sealing of information designated as "Confidential Information." The Proposed Protective Order and the LTL I Protective Order include provisions enabling a party to challenge the designation of information or documents as confidential or highly confidential, and Arnold & Itkin reserves all rights to challenge any such designations, including, without limitation, as to information or exhibits included in the MOL or attached to the Jones Declaration.

10. In addition, Arnold & Itkin will confer with the parties that designated the information under the Proposed Protective Order and the LTL I Protective Order to determine which redacted portions of the MOL or the redacted exhibits must remain redacted and which portions may be unredacted.

11. Accordingly, Arnold & Itkin requests, pursuant to sections 105(a) and 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and D.N.J. LBR 9018-1, that the Court permit the redaction of the Confidential Information in the MOL and exhibits to the Jones Declaration.

## Notice

12. Notice of this Motion shall be given by email or overnight mail to the following parties or, in lieu thereof, to their counsel, if known: (a) Debtor's counsel, (b) the proposed counsel to the Official Committee of Talc Claimants, (c) the Office of the United States Trustee, and (d) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. Arnold & Itkin respectfully submits that no further notice is required.

Dated:  May 1, 2023

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*

Laura Davis Jones
Colin R. Robinson
Peter J. Keane
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:       ljones@pszjlaw.com
             crobinson@pszjlaw.com
             pkeane@pszjlaw.com

*Counsel to Arnold & Itkin LLP*