| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                          Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date and Time:**<br>May 22, 2023 at 10:00 a.m. |

### DEBTOR'S MOTION FOR AN ORDER
### ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
### AND REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS

        The above-captioned debtor (the "Debtor") moves the Court for the entry of an

order establishing procedures for interim compensation and reimbursement of expenses of

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1536271325

Retained Professionals (as defined herein). In support of this Motion, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.) (the "Standing Order of Reference"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

2. The statutory predicates for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2016-1, 2016-3 and 2016-4 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules").

**Background**

3. On April 4, 2023 (the "Petition Date"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third

party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5. The Debtor has reached agreement on the material terms of a plan of reorganization with counsel to thousands of talc claimants. That agreement has been memorialized in a series of plan support agreements. The Debtor has commenced this chapter 11 case (the "Chapter 11 Case") to pursue confirmation of a plan of reorganization that contains the terms agreed to in the plan support agreements. A comprehensive description of the Debtor, its history, its assets and liabilities and the events leading to the commencement of the Chapter 11 Case can be found in the declaration of John K. Kim [Dkt. 4], which was filed on the Petition Date and is incorporated herein by reference.

**Relief Requested**

6. Pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rules 2016-1, 2016-3 and 2016-4, the Debtor hereby seeks the entry of an order, substantially in the form submitted herewith, establishing procedures for the compensation and reimbursement of professionals whose retentions are approved by this Court pursuant to sections 105, 327, 328 or 1103 of the Bankruptcy Code on a monthly basis, on terms comparable to the procedures established in other large chapter 11 cases. Substantially similar relief was previously granted in the Debtor's prior chapter 11 case (the "2021 Chapter 11 Case").[2]

---

[2] *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals*, In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D.N.J. Dec. 9, 2021), Dkt. 761 (the "2021 Interim Compensation Order").

**Facts Relevant to This Motion**

7. By applications to be filed with the Court, the Debtor will seek authorization to retain and employ, pursuant to section 327 of the Bankruptcy Code substantially the same professionals the Debtor retained in the 2021 Chapter 11 Case: (a) Jones Day, as lead bankruptcy counsel; (b) Wollmuth Maher & Deutsch LLP, as local bankruptcy counsel; (c) Bates White, LLC, as talc consultant; (d) Shook, Hardy & Bacon L.L.P., as special counsel; (e) King & Spalding LLP, as special counsel; (f) McCarter English, LLP, as insurance counsel and special talc-litigation counsel; (g) Weil, Gotshal & Manges LLP, as special counsel; (h) Skadden, Arps, Slate, Meagher & Flom LLP, as special counsel; (i) Blake, Cassels & Graydon LLP, as special Canadian counsel; (j) Orrick, Herrington & Sutcliffe LLP, as special talc-litigation appellate counsel; and (k) AlixPartners LLP as financial advisor. As the Chapter 11 Case progresses, the Debtor may need to retain additional professionals. In addition, a statutory committee of tort claimants (the "Committee") has been appointed, see *Notice of Appointment of Official Committee of Talc Claimants* [Dkt. 162], and a legal representative for future talc claimants (the "Future Claimants' Representative") is also expected to be appointed in the Chapter 11 Case. It is anticipated that the Committee and Future Claimants' Representative would retain counsel, and other professionals, to assist them in fulfilling their obligations.

8. The Debtor intends to file a motion (the "Ordinary Course Professionals Motion") seeking authority to continue to employ, retain and pay certain professionals (collectively, the "Ordinary Course Professionals") in the ordinary course of business on terms substantially similar to those in effect prior to the Petition Date, without the need to file individual retention applications for each of these professionals. In particular, the Ordinary Course Professionals Motion seeks authority for the Debtor to pay Ordinary Course Professionals in full, without the need to file interim or final fee applications, in accordance with

-4-

their prepetition arrangements, but subject to certain fee caps and other procedural requirements and limitations described therein. Under certain circumstances, Ordinary Course Professionals whose fees exceed established dollar limitations will be required to file applications with the Court before being paid.

9. Thus, there are two categories of professionals who may be required to submit, pursuant to section 331 of the Bankruptcy Code, interim or final fee applications seeking compensation for services rendered and reimbursement of expenses incurred: (a) chapter 11 professionals separately retained under sections 105, 327, 328 or 1103 of the Bankruptcy Code (collectively, the "Retained Professionals"); and (b) under certain conditions, those Ordinary Course Professionals whose fees and expenses exceed the limitations set forth in the order approving the Ordinary Course Professionals Motion. Only the Retained Professionals will be required to comply with the proposed compensation and reimbursement procedures outlined herein.

**Compensation Procedures**

10. The Debtor proposes that, except as otherwise provided in an order of the Court authorizing the retention of a particular Retained Professional, the Retained Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

> (a) Each Retained Professional seeking monthly compensation shall file a monthly fee statement (a "Monthly Fee Statement") with the Court no later than 30 days after the end of the month for which the fees are sought, and serve such Monthly Fee Statement on the following parties (collectively, the "Notice Parties"):
>
>> (i) the Debtor, LTL Management LLC, 501 George Street, New Brunswick, New Jersey 08933 (Attn: John K. Kim, Esq., jkim8@its.jnj.com);

    (ii)    the Debtor's counsel, (A) Jones Day, 2727 N. Harwood, Dallas, Texas 75201 (Attn: Dan B. Prieto, Esq., dbprieto@jonesday.com, Amanda Rush, Esq., asrush@jonesday.com and Melina N. Bales, Esq., mbales@jonesday.com); (B) Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York 10110 (Attn: James N. Lawlor, Esq., jlawlor@wmd-law.com);

    (iii)    the United States Trustee for the District of New Jersey (the "U.S. Trustee"), One Newark Center, Suite 2100, Newark, New Jersey 07102 (Attn: Jeffrey M. Sponder, Esq., jeffrey.m.sponder@usdoj.gov and Lauren Bielskie, Esq., lauren.bielskie@usdoj.gov)

    (iv)    counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Jessica C. Lauria (Boelter), jessica.boelter@whitecase.com);

    (v)    counsel to any Committee and Future Claimants' Representative appointed in the Chapter 11 Case;

    (vi)    all parties who have filed an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002; and

    (vii)    any other parties that the Court may designate.

(b)    Unless otherwise provided in the order authorizing the Retained Professional's retention, each Retained Professional's Monthly Fee Statement, in accordance with Local Bankruptcy Rules 2016-1 and 2016-3, shall include a monthly invoice with fee and expense detail that describes the fees and expenses incurred by such Retained Professional in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "Guidelines").

(c)    Time spent traveling without actively working on the Chapter 11 Case shall be billed at 50% of the professional's normal hourly rate.

(d)    All timekeepers must contemporaneously maintain time entries, in increments of tenths (1/10th) of an hour, for each individual.

-6-

(e) Any Professional who fails to file a Monthly Fee Statement when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Monthly Fee Statement is submitted. Any Retained Professional who fails to submit a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for multiple months provided that separate fee and expense information for each applicable month is provided in the consolidated statement.

(f) All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines and applicable law.

(g) Each Notice Party will have 14 days after service of a Monthly Fee Statement to object to such statement (the "<u>Objection Deadline</u>"). Upon the expiration of the Objection Deadline, the Retained Professional shall file a Certification of No Objection or Certification of Partial Objection with the Court, and then be entitled to receive payment equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Statement (the "<u>Maximum Payment</u>") and (ii) the aggregate amount of fees and expenses not subject to an unresolved objection pursuant to paragraphs 2(h)-(j) (the "<u>Authorized Payment</u>"). On notice to the Debtor, each Retained Professional is authorized to use any remaining amount of its prepetition retainer to satisfy some or all of an Authorized Payment; <u>provided</u> <u>that</u> each professional shall utilize any remaining retainer by the time it files its first Interim Fee Application (as defined below) or as soon thereafter as is practicable.

(h) If any Notice Party objects to a Retained Professional's Monthly Fee Statement, it must serve on the affected Retained Professional and each of the other Notice Parties a written objection (the "<u>Objection</u>") so that it is received on or before the Objection Deadline. An Objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include but are not limited to: (i) the Debtor's failure to timely file monthly operating reports; and (ii) the Debtor's failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

(i) If a Retained Professional resolves an Objection and if the Retained Professional serves on the Notice Parties a statement indicating that the Objection is withdrawn and describing the terms of the resolution, the Debtor may pay as set forth above that portion of the Monthly Fee Statement which is no longer subject to

-7-

an Objection. If the Debtor receives an Objection to a particular Monthly Fee Statement, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth above.

(j) Thereafter, the objecting party and the affected Retained Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, or such later date as may be agreed upon by the objecting Notice Party and the affected Retained Professional, the affected Retained Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Authorized Payment made to the affected Retained Professional (the "Incremental Amount") and schedule such matter for hearing on at least 14 days' notice; or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection, if requested by the affected Retained Professional.

(k) The service of an Objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any Interim Fee Application (as defined below) or final fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in an Objection or not. Failure by a Notice Party to object to a Monthly Fee Statement shall not constitute a waiver of any kind nor prejudice that Notice Party's right to object to any Interim Fee Application (as defined below) or final fee application subsequently filed by a Retained Professional in accordance with the Bankruptcy Code and applicable rules.

(l) Following the Objection Deadline, each Retained Professional that has not already submitted a LEDES file for a Monthly Statement to the Debtor shall send such LEDES file to the Debtor (or in such other format reasonably requested by the Debtor).

(m) Each Retained Professional may file and serve an initial Monthly Fee Statement for the period from the Petition Date through and including April 30, 2023 on or before May 31, 2023.

(n) Commencing with the four-month period ending July 31, 2023, and at four-month intervals thereafter (each, an "Interim Fee Period"), each of the Retained Professionals will file with the Court and serve on the Notice Parties an application pursuant to sections 330 and 331 of the Bankruptcy Code (an "Interim Fee

-8-

<u>Application</u>") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the Retained Professional in its Monthly Fee Statements for the applicable Interim Fee Period, including: (i) any revisions to the fee detail previously submitted with a Monthly Fee Statement; (ii) any consensual resolution of an Objection to one or more Monthly Fee Statements; and (iii) any difference between any amounts owed to the Retained Professional and the Authorized Payments made with respect to the Interim Fee Period. To the extent practicable, all Interim Fee Applications will be noticed together to be heard on the same hearing date and with the same Objection Deadline.

(o) Interim Fee Applications shall be filed and served on or before the 45th day after the end of the Interim Fee Period for which the application seeks allowance of fees and reimbursement of expenses. An Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Guidelines. A Retained Professional filing an Interim Fee Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines and applicable law.

(p) The first Interim Fee Application shall be filed on or before September 14, 2023 for the Interim Fee Period from the Petition Date through July 31, 2023. Any objections to an Interim Fee Application (an "<u>Additional Objection</u>") shall be filed with the Court and served upon the affected Retained Professional and the Notice Parties so as to be received seven (7) days prior to the hearing date scheduled for the Interim Fee Application, which service may be via e-mail, hand delivery, overnight courier or first class mail. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Retained Professional all requested fees and expenses not previously paid (including any Incremental Amount).

(q) Upon allowance by the Court of a Retained Professional's Interim Fee Application, with or without a hearing, Retained Professionals shall provide an invoice reflecting all allowed, requested fees and expenses not previously paid (including any Incremental Amount) to the Debtor and the Debtor's counsel (or in such other format reasonably requested by the Debtor). For the avoidance of doubt,

        Retained Professional shall not be required to include in such invoices fee and expense detail or other information already submitted to the Notice Parties in connection with Monthly Fee Statements or otherwise.

(r)    The pendency of an Objection or Additional Objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless the Court orders otherwise.

(s)    Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Interim Fee Application is submitted.

(t)    Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an Objection to any Monthly Fee Statement or an Additional Objection to any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for allowance of compensation and reimbursement of expenses of Retained Professionals.

(u)    Any Notice Party may request that a Retained Professional deliver a Monthly Fee Statement or an Interim Fee Application in an electronically searchable format mutually acceptable to the parties.

11.    The Debtor requests that each member of the Committee be permitted to submit statements of expenses (excluding expenses of third-party counsel of individual Committee members, the reimbursement of which, if any, is not requested by this Motion[3]) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation

---

[3] The Debtor and the talc committee appointed in the 2021 Chapter 11 Case previously agreed to such relief, as set forth in a joint application and order of the Court in that case. See *Joint Application of the Debtor and the Official Committee of Talc Claimants Regarding Reimbursement of Certain Expenses Incurred by Committee Member Representatives*, In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D.N.J. Feb. 13, 2023), Dkt. 3742; *Agreed Order Regarding Procedures for the Reimbursement of Expenses Incurred By the Committee Member Representatives*, In re LTL Mgmt. LLC, No. 21-30589 (MBK) (Bankr. D.N.J. Feb. 22, 2023), Dkt. 3783.

Procedures. The Debtor also requests that the Future Claimants' Representative be permitted to submit statements of expenses and supporting vouchers to his or her counsel, which counsel will submit for reimbursement in accordance with the Compensation Procedures.

**Basis for Relief Requested**

12. Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the court permits.[4] Bankruptcy Rule 2016(a) provides that a professional seeking interim compensation and reimbursement of expenses must file an application setting forth, among other things, "a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). Finally, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers. 11 U.S.C. § 105(a).

13. Courts regularly have entered orders approving professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis. Establishing procedures for monthly compensation ensures that professionals are not forced to fund a reorganization case. See In re Int'l Horizons, Inc., 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (providing for "reasonable interim compensation" for professionals of the debtor to avoid requiring professionals to "fund [the] reorganization proceeding"). Appropriate factors

---

[4] Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.

to consider in deciding whether to establish procedures for monthly interim compensation include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the [professionals of] the debtors in providing services necessary to achieve a successful reorganization of the debtors." Id.

14.   The Debtor submits that the Compensation Procedures sought herein are appropriate considering the above factors. The Chapter 11 Case is a large and complex case that requires significant investment of time and resources by the Retained Professionals. See *Order Granting Complex Chapter 11 Case Treatment* [Dkt. 130]. Establishing an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for Retained Professionals will prevent such professionals from bearing the unjust burden of funding the Chapter 11 Case, and will enable the Debtor to closely monitor the costs of administration and establish consistent procedures to pay such costs. Further, the Compensation Procedures will streamline the professional compensation process and enable the Court and all other parties to monitor more effectively the professional fees incurred in the Chapter 11 Case.

15.   The proposed Compensation Procedures are substantially similar to those approved in the 2021 Chapter 11 Case and other large chapter 11 cases in this District. See, e.g., 2021 Interim Compensation Order; In re BlockFi, Inc., No. 22-19361 (MBK) (Bankr. D.N.J. Jan. 17, 2023); In re Nat'l Realty Inv. Advisors, LLC, No. 22-14539 (JKS) (Bankr. D.N.J. July 21, 2022); In re Diocese of Camden, N.J., No. 20-21257 (JNP) (Bankr. D.N.J. Oct. 27, 2020); In re Modell's Sporting Goods, Inc., No. 20-14179 (VFP) (Bankr. D.N.J. June 24, 2020).

**Waiver of Memorandum of Law**

16.   The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis

upon which the Debtor relies on is incorporated herein and the Motion does not raise any novel issues of law.

### Notice

17. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the proposed counsel to the Committee; (c) counsel to the Ad Hoc Group of Supporting Counsel; (d) the proposed future claimants' representative and her counsel; (e) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; and (f) any other party entitled to notice. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

### No Prior Request

18. No prior request for the relief sought in this Motion has been made to this or any other Court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court: (a) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (b) grant such other and further relief to the Debtor as the Court may deem just and proper.

NAI-1536271325

Dated: May 1, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (Admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

-14-

NAI-1536271325