**brown**rudnick

MICHAEL S. WINOGRAD
Ph : (212) 209-4917
mwinograd@brownrudnick.com

May 2, 2023

Honorable Michael B. Kaplan
U.S. Bankruptcy Judge
U.S. Bankruptcy Court for the
  District of New Jersey
402 East State Street
Trenton, New Jersey  08608
chambers_of_mbk@njb.uscourts.gov

### Re:  In re LTL Management LLC, No. 23-12825 (MBK)

Dear Judge Kaplan:

We are proposed counsel for the Official Committee of Talc Claimants in above-referenced proceeding.  We write to respond briefly to LTL's letter brief submitted to the Court on Monday, May 1, 2023.

*MTD Scheduling*

Debtor insists that compelling circumstances exist to stray from the statutory 30-day period to begin the hearing on the TCC's pending Motion to Dismiss.  As clearly set forth in the numerous motions to dismiss that have been filed in this case, no discovery is needed to conclude that this is a bad faith bankruptcy, the filing of which makes a mockery of the Third Circuit's opinion dismissing LTL's first bad faith bankruptcy.  In any event, LTL's own conclusory assertions in its letter belie their position.

*First*, LTL complains that five motions to dismiss have been filed, which LTL argues requires additional time to address.  Ltr. at 1.  In fact, a sixth and seventh motion to dismiss have since been filed by the U.S. Trustee and Arnold & Itkin LLP, respectively.  Dkts. 379, 384.  But LTL ignores the overlapping nature of those motions and the fact that it will no doubt provide a single omnibus response to all.  And, more importantly, it ignores that these motions to dismiss come on the heels of the Third Circuit's decision and thus puts at issue only a narrow set of new facts that have (intentionally and artificially) occurred since that decision.  And still more, that narrow set of facts has already been discovered and litigated in connection with the likelihood of success on the merits aspect of the Preliminary Injunction Motion proceeding that concluded just two weeks ago.

*Second*, LTL points to the effort it will undertake to fix the problems this Court already foreshadowed with its new purported financial distress assertions, as well as with the flagrant deficiencies in its statements that 60,000 unfiled claimants purportedly support the new plan as outlined in a Term Sheet those claimants apparently have never even seen.  Ltr. at 2-3.  Setting aside LTL's grasping at straws, again, those issues of fact are narrow, discrete, and were just litigated during the Preliminary Injunction proceeding.



Hon. Michael B. Kaplan
May 2, 2023
Page 2

*Third*, LTL asserts it anticipates calling six to eight fact witnesses and two to three experts, including to address these two issues. Ltr. at 3. That is little more than an effort at smoke and mirrors. The truth is clear and established, and LTL seeks to obfuscate it by deluging this Court with extraneous witnesses and testimony. That tactic should not be countenanced. In any event, the parties discussed, and LTL agreed, most (if not nearly all) fact witnesses could be presented through deposition designations (from depositions that presumably already have occurred). Experts' direct testimony — to the extent necessary — could be done through their reports. Again, despite LTL's characterizations, there is no mountain left to climb.

Ultimately, any incremental discovery necessary since the Third Circuit's ruling, much less since the completion of the Preliminary Injunction proceeding, does not warrant any extension of time. The victims of J&J's wrongdoing have waited long enough.

*Confidentiality*

Last week, the TCC provided LTL with two tables spanning over 15 pages that identified deposition testimony and documents that LTL had designated as confidential or highly confidential, as to which the TCC was challenging those designations. In response, LTL indicated that it would "withdraw its confidentiality designations over all Challenged Designations," subject to two conditions: (i) the TCC withdraw its challenge to Exhibit A to the Term Sheet (which includes various tables and criteria for distribution), and (ii) the TCC agree to a use restriction (limiting use to just this case) for all deposition testimony and documents produced in this case. J.D. email, dated 5/1/23. The mere fact that LTL would readily agree to de-designate its long list of designations only reinforces the fact that that none of that material was confidential in the first place. It should all be de-designated. Nor should those improper designations be allowed to be used by LTL as leverage to extract entirely unacceptable concessions. As set forth in our April 25, 2023 letter to the Court, the Term Sheet (including its exhibit) is not confidential for a number of independent reasons. None of it, which outlines a plan that, according to LTL's and J&J's public statements and press releases, tens of thousands of purported unfiled claimants purportedly support (the evidence shows no claimant has indicated it support) should be kept from the public. There likewise is no basis to force the TCC to accept a use restriction. The U.S. Trustee already has said it would not accept one. LTL's broad, improper confidentiality designations should be stricken.

***Common Interest between LTL and J&J re: Termination of 2021 Funding Agreement***

LTL baldly asserts that it may maintain a common interest with counterparty J&J concerning the termination of the 2021 Funding Agreement. Ltr. at 5. On its face, that position is baseless. Any such termination relieved J&J of a $60+ billion funding obligation, while conversely stripping LTL of the benefit of that obligation. It is difficult to see how communications between those two counterparties regarding termination of that 2021 Funding Agreement could possibly have been made to "further[ ] a common interest." *AMEC Civ., LLC v. DMJM Harris*, Inc., 2008 WL 8171059, at *3 (D.N.J. July 11, 2008) (citation omitted). Should the Court wish to have briefing on the issue, we respectfully request an expedited schedule. This issue is a simple one that could be handled swiftly.



Hon. Michael B. Kaplan
May 2, 2023
Page 3

*Common Interest between TCC and U.S. Trustee*

  Discussions between the TCC and anyone else, including the U.S. Trustee, are irrelevant to any issue to be decided in the motions to dismiss. Moreover, LTL grossly misstates this issue. Ltr. at 5.  Amongst numerous other improper questions posed to Mr. Molton during his deposition that were objected to (which objections were never challenged by LTL or J&J, whose counsel took the deposition), Mr. Molton declined to answer questions concerning the substance of any conversations between him and the U.S. Trustee's office between January 30, 3023 and LTL's second filing.  While LTL only identifies one, three bases were repeatedly stated in counsel's objections:  (i) a common interest existed between the UST and TCC given they were co-litigants in pursuing the appeal and later seeking dismissal of LTL's new bankruptcy filing (a fact that is true whether or not, as LTL writes in its letter, the parties had a written common interest agreement between them); (ii) the questions were beyond the scope of what LTL informed the TCC would be the topics for Mr. Molton's deposition; and (iii) any such discussions had no relevance whatsoever to the then pending Preliminary Injunction Motion. *E.g.*, Molton Dep. Tr. 51:11-17, 53:14-22, 54:16-20, 99:21-100:3, 101:12-24; *see also Profit Point Tax Tech., Inc. v. DPAD Group, LLP*, 2021 WL 1968270, at *4 (W.D. Pa. Mar. 3, 2021), report and recommendation adopted, 2021 WL 1968204 (W.D. Pa. Apr. 22, 2021) ("instructions not to answer" appropriate were information sought was "outside the limited scope of discovery" or where its "relevance" was "not established in PPTT's Motion [to Compel] and would seem to be dubious at best").  Of course, neither Mr. Molton's nor the U.S. Trustee's conduct were at issue — just LTL's was.  That remains the case as to the pending motions to dismiss.  Moreover, LTL and J&J continue to ignore the fact that while they were free to actually raise with the Court and challenge the instructions given during Mr. Molton's deposition, *they never did*.  Having failed to actually challenge those instructions, LTL should be estopped from baselessly grandstanding on them.  In any event, should this Court deem any such conversation between the TCC and U.S. Trustee's office relevant to the current pending motions, Mr. Molton will, of course, provide information concerning them.

                Respectfully,

                Michael S. Winograd

cc:  All counsel of record