# Exhibit 1

1

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                    COUNTY OF ALAMEDA

3            BEFORE THE HONORABLE RICHARD SEABOLT

4                      DEPARTMENT 18

5                       ---oOo---

6     ANTHONY HERNANDEZ
      VALADEZ,

7

           Plaintiff,

8                                 No. 22CV012759
      vs.

9

      JOHNSON & JOHNSON, et

10    al.,

11         Defendants.
      _____/

12

13          REPORTER'S TRANSCRIPT OF PROCEEDINGS

14                    (CMC Hearing)

15              Thursday, April 27, 2023

16                    Full Session

17

18

19                    Reported by

20         EARLY K. LANGLEY, RMR, RSA, B.A.

21              CSR No. 3537

22              Job No.  5892045

23

24

25

EXHIBIT 1

                                                                    2

1    APPEARANCES OF COUNSEL ON THE RECORD:

2

3    For the Plaintiff:

4            KAZAN, MCCLAIN, SATTERLEY & GREENWOOD

5            BY: JOSEPH SATTERLEY, ESQ.

6            55 Harrison Street, Suite 400

7            Oakland, California 94607

8            (510) 302-1000

9            Jsatterley@kazanlaw.com

10

11   For the Defendant Johnson & Johnson and LTL, LTL

12   Management, LLC:

13           SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

14           BY: ALLISON BROWN, ESQ.

15           One Manhattan West

16           New York, New York 10001

17           allison.brown@skadden.com

18

19           KING & SPALDING

20           BY: BRYAN KING, ESQ.

21           633 West 5th Street, Suite 1600

22           Los Angeles, CA 90071

23           213-443-4324

24           Bking@kslaw.com

25

3

1    For the Defendant Albertsons Companies, Inc.,

2    Albertsons Companies, Inc., sii/pae/et Lucky Stores,

3    Inc., Lucky Stores, Inc., Safeway Inc., Save Mart

4    Supermarkets, Save Mart Supermarkets, sii/pae/et Lucky

5    Stores, Inc., Walmart Inc:

6          BARNES & THORNBURG LLP

7          BY: REBECCA TRELA, ESQ.

8          BY: ALEXANDRA ASCIONE, ESQ.

9          2029 Century Park East, Suite 300

10         Los Angeles, CA 90067

11

12

13   Appearing as Designated Defense Counsel:

14        SPANOS PRZETAK

15        LAURA PRZETAK, ESQ.

16        475 14th Street, Suite 550

17        Oakland CA 94612

18        510-250-0200

19

20

21

22

23

24

25

4

1                              INDEX

2                             SESSIONS

3    DATE                                              PAGE

4

5    Thursday, April 27, 2023

6          CMC Hearing                                 5

7    Full Session                                      5

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

5

1                          --oOo--

2              P R O C E E D I N G S

3                          --oOo--

4          Thursday, April 27, 2023 - 3:03 p.m.

5                     (Full Session)

6          THE COURT:  Good afternoon.

7          MR. SATTERLEY:  Good afternoon, Your Honor.

8          MS. PRZETAK:  Good afternoon, Your Honor.

9          THE COURT:  Call Valadez v. Johnson & Johnson.

10    Do we have everyone's appearances?

11          MR. SATTERLEY:  Yes -- well, I see Ms. Brown is

12    on the computer and -- Alli Brown is there, and I saw

13    Bryan King was here.  I don't know if there are other

14    lawyers for J&J or LTL joining us.

15          And Designated Defense Counsel is, obviously,

16    here in person.

17          THE COURT:  Sure.

18          MS. BROWN:  Good afternoon, Your Honor.  I

19    think that's it for J&J and LTL, and thank you very

20    much for taking us first.

21          THE COURT:  No problem.

22          MR. SATTERLEY:  So, Your Honor, Joe Satterley

23    on behalf of Mr. Valadez.

24          Go ahead.

25          MS. PRZETAK:  Good afternoon, Your Honor.

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 7 of 49

6

1   Laura Przetak appearing as Designated Defense Counsel.

2            THE COURT:  Good afternoon, Ms. Przetak.

3            MR. SATTERLEY:  And since some counsel is

4   participating remotely, I've emailed around what I am

5   going to tender to Your Honor to all J&J and LTL

6   counsel.

7            This is a calendar, and I wanted to

8   give Your --

9            And here's a copy of Ms. Scoggins as well.

10           THE CLERK:  I'll be right there, sir.

11           MR. SATTERLEY:  -- give Your Honor an update on

12   what's going on.

13           As you recall, last week it was defendant's

14   position that we can only proceed against J&J and not

15   LTL.  We have now clarified that.  Judge Kaplan has

16   issued two separate orders, one earlier in the week and

17   then one today, that the stay is lifted to all

18   previously protected parties and the debtor.

19           THE COURT:  At least for this case.

20           MR. SATTERLEY:  Just for this case, exactly.

21   All protected parties for all the other cases, but the

22   debtor still -- but there is a separate motion to

23   dismiss that we'll have to have heard on other cases.

24           What the Court instructed me to do is return

25   back on the 3rd to report back to Judge Kaplan the

7

1  status of outstanding discovery.

2         And so what I did immediately last Thursday --

3  well, I did it Thursday, when I was here.  I told Your

4  Honor the depositions that were cancelled because of

5  the second bankruptcy.  We got those back on calendar.

6  Been meeting and conferring every day, almost multiple

7  times a day with defense counsel.

8         This calendar, which I've tendered to Your

9  Honor, you will see that yesterday Dr. Egilman's

10 deposition was completed, his second day of deposition.

11 They finished his deposition this morning.

12        Dr. Dodson's deposition was completed.

13        Right now, the second treating doctor at

14 Stanford, she's being deposed right now, Dr. Roy.  Her

15 deposition was previously scheduled twice, cancelled

16 once because defense counsel had a problem -- conflict,

17 personal conflict, and then, second, because of the

18 filing.  So this deposition is ongoing.

19        Tomorrow morning, I will depose Target, their

20 PMQ/COR.

21        Then next week, all depositions of plaintiff's

22 witness will be complete before I appear before Judge

23 Kaplan on the 3rd.

24        So all of our depositions will have been

25 produced, deposed, and so -- and we were hopeful last

8

1    Thursday that we would likewise be able to depose all

2    defense witnesses before the 3rd as well.

3            So what happened was every day, I was bugging

4    the defendants, give me dates for deposition.

5            THE COURT:  I don't doubt it.

6            MR. SATTERLEY:  Yeah.  And for the most part,

7    they ignored me until last night or this morning.  I

8    got the last witness.

9            So now on calendar, you can see what we've

10   highlighted as blue are offered but not yet accepted.

11   They've offered these dates just last night or this

12   morning.  The other ones that are not in blue have been

13   accepted by my office.

14           And so -- and what I've got to figure out is

15   Your Honor's schedule.  And, obviously, we want to

16   either take these depositions, or maybe not, maybe

17   waive my right to take certain depositions, because my

18   most important thing is to get this case to trial.

19           So what I would ask --

20           THE COURT:  Mr. Satterley, I recall much

21   earlier that you had offered to do that, to waive

22   discovery.

23           And let me add, you certainly know -- and I am

24   appreciative of the fact that Judge Kaplan is

25   appreciative of this -- not all of my cases are

9

1  preference cases.

2        But when it's a preference case and when there

3  is an order -- and the order in this case was issued by

4  Judge Lee some considerable period of time ago -- the

5  Court -- that is, all of my colleagues and I -- take

6  very seriously our obligation to get cases to trial

7  consistent with what the California legislature

8  requires.

9        So I'm doing everything possible to try to make

10  sure that, in fact, this case gets out to trial.

11        Let me also add, in part because some of the

12  counsel, Ms. Brown included, was in the Coit case.  I

13  went back and looked, and the statutory preference was

14  ordered in the Coit case after this case, and that case

15  was resolved.

16        So the beginning and the end was within the

17  confines of this case, and yet, the injury in this case

18  and the plaintiff in this case is a much more -- he's

19  in a much more serious condition than I think almost

20  any statutory preference case that I have seen.

21        And the only reason this case didn't get to

22  trial is because Johnson & Johnson filed bankruptcy.

23        MR. SATTERLEY:  Yeah.

24        THE COURT:  Not once, but twice.

25        MR. SATTERLEY:  And I appreciate Your Honor's

10

1  comments, and I think -- what I hope -- and I'm going

2  to convey this to Judge Kaplan -- is that sometimes

3  courts in other jurisdictions don't realize what

4  Alameda County does and what the preference statute

5  requires.

6          And so, you know, I tried cases for 12 years

7  now in Alameda County, and there's many times where

8  I've taken depositions in the middle of trial.  I mean,

9  Judge Freedman in the Bankhead case in 2010 -- I took a

10 defense witness in the defense case.

11         So, I mean, I guess what I am going to ask Your

12 Honor, we can't set -- we can't say definitively we're

13 starting trial on a particular day until Judge Kaplan

14 gives us the go-ahead on the 3rd.

15         THE COURT:  I understand that.

16         MR. SATTERLEY:  And what I would request is

17 that we -- Ms. Clancy advised me that she's available

18 next week to argue any motions in limine.

19         They put in their CMC statement issues

20 regarding genetic testing, issues regarding Dr. Longo.

21         Ms. Clancy can be here or via Zoom Monday

22 through Thursday any day to argue any outstanding

23 discovery issues.

24         I will be traveling, most likely, on the East

25 Coast.  I will participate via Zoom, to the extent I

11

1  can, but I need to be before Judge Kaplan.

2          THE COURT:  Sure.

3          MR. SATTERLEY:  And then what I'm

4  hopeful that -- well, if we can get as much as we can

5  resolved next week or the week of the 8th.

6          Last week, I said I wanted to try to do jury

7  selection the 8th.  I'm willing to even push that jury

8  selection back to the 15th.  But that's if the --

9  because even under their situation, where they are not

10  offering people until the 8th or the 11th or the 12th,

11  you know, the only one past the 15th is Dr. Sanchez,

12  who I have cross-examined, like, five or six times.

13  You know, what I need to verify what he's done in the

14  last two years, you know, but that shouldn't be a

15  lengthy deposition.

16          So what I ask from Your Honor today is to set

17  some time aside next week and maybe on the 8th or the

18  9th to handle all outstanding discovery issues.  To the

19  extent -- to the extent there is any additional motions

20  with regards to expert, we can tee those up as quickly

21  as possible.

22          And then, different from what I said last week

23  about starting jury selection on the 8th, maybe

24  starting jury selection on the 15th or -- yes, on the

25  15th, so we can get this case moving.

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 13 of 49

12

1          I'm very concerned.  My client's -- he's

2     progressing.  He's been progressing every week and

3     every month since I've represented him.  And it's my

4     interest to try to get this case resolved.

5          Thank you, Your Honor.

6          THE COURT:  I do think the 15th probably is the

7     more practical target date, but I would like to try to

8     make sure that we are as firm as possible.

9          And I realize Judge Kaplan needs to make a

10    decision, and that's fine.  This is an unusual

11    situation, but in fact, he controls my calendar, at

12    least this case.

13         MR. SATTERLEY:  And I just -- I guess what I am

14    asking Your Honor --

15         MS. BROWN:  Your Honor --

16         MR. SATTERLEY:  Wait a second.

17         What I am asking, Your Honor is, because Judge

18    Kaplan is probably not familiar with the unique

19    circumstances of Alameda County and you've had a lot of

20    experience already with the asbestos docket, that Your

21    Honor, I think, can manage this case, as you did so

22    well when the stay was lifted before the second

23    bankruptcy, is to -- even if we don't start exactly on

24    the 15th, this calendar, I think, looks appropriate and

25    doable.

13

1        The last thing is, counsel never advised me why

2   these depositions had to go out several weeks.  There

3   was no explanation, for example, why Matt Sanchez --

4        THE COURT:  And aren't these the retailer?

5        MR. SATTERLEY:  Well, Sanchez is an expert

6   witness for J&J.  He used to work -- well, he still

7   works at RJ Lee outside of Pittsburgh.  He was an

8   expert in Coit, so I deposed him in Coit.  And so I

9   understand he moved somewhere to the West Coast, maybe

10  Utah or Colorado or somewhere closer by.

11       But there's no reason why a week ago, when I

12  asked for dates, I had to wait almost a full week and

13  then get a date several weeks out, you know.

14       So when --

15       MS. BROWN:  May I be heard on this issue, Your

16  Honor?

17       MR. SATTERLEY:  Yeah, as soon as I finish.

18       THE COURT:  Just a minute, Ms. Brown.

19       MR. SATTERLEY:  So what I am asking is Your

20  Honor to request defendants to advise the Court why

21  none of these depositions cannot occur sooner.  That's

22  my final request, Your Honor.

23       THE COURT:  So let me also just comment.  I

24  don't know whether the compliments are deserved or

25  undeserved.

14

1          My principal concern is the California

2     legislature requires that cases be tried within

3     120 days of the order, which I take seriously.  That is

4     a statewide obligation, and as it happens, this is the

5     most serious case I've seen.

6          Please go ahead, Ms. Brown.

7          MS. BROWN:  Thanks very much, Your Honor.

8          I think, first and foremost, what's important

9     to remember -- and I know Mr. Satterley has been

10    sending the orders and the transcripts -- there is a

11    stay on a trial in this case.

12         And so counsel is asking this Court to schedule

13    a trial in violation of Judge Kaplan's order.

14         I understand Judge Kaplan has given counsel the

15    opportunity to reargue the motion on the 3rd and again

16    on the 27th, but I would suggest to the Court that what

17    counsel is asking right now is -- currently contravenes

18    the order from Judge Kaplan.

19         Indeed, Judge Seabolt, Judge Kaplan, in his

20    remarks, expressed concern -- continuous concern about

21    allowing one out of the 80,000 or so cases to go

22    forward and that he would revisit that issue.

23         And so just first and foremost, Your Honor, I

24    respectfully submit that we are still in a situation

25    where Judge Kaplan has ordered that no trial go

15

1    forward.

2            And I understand counsel has the opportunity to

3    re-argue that this week and in three weeks, but that is

4    the current order from the bankruptcy court judge.

5            Notwithstanding that, it is certainly true that

6    Judge Kaplan lifted the stay as to J&J and LTL to allow

7    all discovery to move forward, and to that end, I want

8    to update the Court on everything we have been doing in

9    less than a week to accommodate that and to make sure

10   we are complying with Judge Kaplan's orders and, of

11   course, the order of your court.

12           THE COURT:  So, Ms. Brown, let me interrupt

13   just momentarily.

14           That is not my reading of Judge Kaplan's order.

15   My reading of Judge Kaplan's order is we can't start

16   the trial.

17           MS. BROWN:  No, sir.

18           THE COURT:  And the way I read Judge Kaplan's

19   order is he said there would be a hearing on May 3rd

20   where he reserved the right to say we could go ahead or

21   not go ahead, and if it wasn't resolved by that time,

22   he would take it up on May 22nd, which suggests to me

23   that he may well say "Go ahead on May 3rd."

24           Given that, I don't see a problem with us

25   discussing when trial might begin.  He certainly didn't

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 17 of 49

16

1  issue an order saying that we can't discuss my

2  obligation to comply with my statutory obligation to

3  get this case out to trial, which already has been

4  delayed by the bankruptcy stay, which I understand.

5       And I believe we have -- we certainly have been

6  in compliance.  I think I'm still in compliance.  I

7  don't see anything in Judge Kaplan's order that says

8  that we can't talk about when trial might begin in this

9  case.

10      It is true, we don't have the go-ahead to do

11 that.  Frankly, my hope is that he gives us the

12 go-ahead on May 3rd.

13      MS. BROWN:  Yes, Your Honor.  I understand

14 that.

15      I was just clarifying that right now, Judge

16 Kaplan's order is that only pretrial activities go

17 forward and that, obviously, he has not yet ruled on

18 the ability for a trial to go forward.

19      THE COURT:  We might be saying exactly the same

20 thing --

21      MS. BROWN:  I think we are, Judge.

22      THE COURT:  -- except that I thought you were

23 suggesting that I was acting improperly by talking

24 about when we might start trial.

25      MS. BROWN:  No, certainly not.  And I didn't

17

1    mean to suggest the Court was doing anything improper.

2           I did just want to reiterate from our point of

3    view on behalf of my clients that there was a very

4    clear ruling that as of right now, there is no ability

5    for a trial to go forward.

6           I understand the Court and Mr. Satterley are

7    engaging in contingency planning, but I was simply

8    reiterating what that order was as to the ability for a

9    trial to go forward.

10          THE COURT:  Sure.  All right.

11          MS. BROWN:  Your Honor, just to respond to

12   everything that we are doing under the confines of the

13   current order to proceed with pretrial, we tentatively

14   scheduled ten depositions in the last two -- in the

15   next two weeks.

16          We accepted seven depositions of plaintiff's

17   experts.  Dr. Egilman was completed yesterday.

18   Dr. Dodson was completed today.  Dr. Roy is in progress

19   right now.  Drs. Johnson, Felsher, Backhus, and Abraham

20   are all now on the schedule.

21          We have offered dates for five of our

22   witnesses -- Mittenthal, Barlow, Sanchez, Dolan and

23   Chirieac -- to be scheduled for next week or the

24   following week.

25          Your Honor, we believe there is work on four

18

1    motions to be done, and as the Court saw, we put a

2    number of them on our agenda for today.

3            First of all, Your Honor, we would ask for a

4    briefing schedule on our motion to compel Dr. Longo's

5    PLM slides which, you will recall, Mr. Satterley had

6    represented to the Court existed or didn't exist or

7    might have been damaged.  I think where we landed is

8    that they don't exist.

9            But we moved to compel.  We respectfully

10   request a briefing schedule on that or, in the

11   alternative, the Court had suggested perhaps a

12   supplemental deposition of Dr. Longo would be

13   appropriate, and we would like to meet and confer on

14   that as well.

15           Your Honor, since the last time we saw you,

16   plaintiffs have filed an opposition to the motion to

17   compel limited genetic testing, and as we indicated to

18   the Court we would seek the ability to file a short

19   reply to that, Your Honor.

20           It seems as though since the last time we've

21   been before you, despite plaintiff's objections on

22   privacy concerns, Mr. Valadez has undergone some

23   genetic testing, which was included in their

24   opposition, and so we would like the ability to respond

25   to that.

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 20 of 49

19

1          Separately, Dr. Felsher submitted a declaration

2     in support of that opposition and he is not being

3     deposed until Monday.

4          I know the Court has been clear in the past

5     that if a declarant issues a declaration, we would have

6     are the opportunity to question that at a deposition.

7          And so we could quickly turn around, Your

8     Honor, a very short reply.  We request the ability to

9     do that by Wednesday.

10         The genetic issues in this case, Your Honor,

11    are critical, particularly in a case of pericardial

12    mesothelioma, one of the most rare types of

13    mesothelioma.

14         And then, Your Honor, we need to respond to

15    plaintiff's trial brief regarding fair trial procedures

16    in light of indemnity agreements, which we are putting

17    together right away and will get to the Court in short

18    order.

19         Additionally -- and I think my colleague,

20    Mr. King, will address this -- we have a motion for

21    summary adjudication of plaintiff's fraud causes of

22    action.

23         And we are also, Your Honor, working swiftly to

24    respond and provide 13 sets of objections and

25    counter-designations to plaintiff's deposition

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 21 of 49

20

1   designations.

2          And then we have a schedule whereby we agreed

3   after the final transcripts are available, we would

4   have a certain number of days to do deposition

5   designations on those, and we believe that implicates

6   five additional witnesses.

7          So certainly, we are actively engaging in

8   discovery in this case in -- in conformance with Judge

9   Kaplan's lifting of the stay and, of course, with your

10  orders, Judge, with what we understand the Court, no

11  doubt, takes very seriously the preference in this

12  case.

13         But we would ask if we could get some

14  resolution on the briefing schedules, particularly for

15  the motion to compel the PLM slides and the genetic

16  testing.  Both of those, we believe, are critical

17  issues to the trial in this case.

18         MR. SATTERLEY:  May I respond, Your Honor.

19         THE COURT:  Of course.

20         MR. SATTERLEY:  I've got suggestions.

21         So first of all, we are going to respond to the

22  Longo motion.  Your Honor is going to find out that

23  their motion is without merit.  With Dr. Longo, what

24  they do is they grab onto something and think they've

25  got something, and they don't.

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 22 of 49

21

1          I mean, the bottom line is, they've known PLM

2     testing doesn't last.  Within a matter of days, it's no

3     longer usable, can't be used.  They know that by

4     Dr. Sanchez and by many other experts, Mickey Gunter,

5     their other expert on this.

6          But we'll file a response on that tomorrow, and

7     we can argue it any day next week that Your Honor deems

8     appropriate.

9          On the genetics issue, we filed our opposition

10    last Monday -- or this past Monday, and we think it's

11    ripe.  I thought they suggested earlier they were going

12    to file a response today or tomorrow.

13         I have no problem if they want to file

14    something on Wednesday, but I suggest if they do that,

15    we should argue this on Thursday, the 4th.

16         THE COURT:  As it happens, I was going to

17    suggest, part of it, looking at your deposition

18    calendar, Thursday is open.  We have been meeting on

19    Thursday.

20         Frankly, what I would like to do is to kind of

21    work backwards for that as a target date to try to get

22    everything that is fully briefed argued next Thursday

23    afternoon, and that which isn't fully briefed, try to

24    make sure that it is fully briefed.

25         MR. SATTERLEY:  Yes, Your Honor.

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 23 of 49

22

1          With regards to the motion for summary

2     adjudication on the fraud cause of action, that has

3     been decided in the sense that Bader is a published

4     opinion affirming a finding of fraud under

5     substantially similarly facts and circumstances.

6          And I don't even know if I have seen a motion

7     for summary adjudication that's been filed.

8          THE COURT:  I don't think I have seen one.

9          MR. KING:  I can address that, if you like.

10         The summary adjudication motion was timely

11    filed.  Your office, Mr. Satterley, filed an

12    opposition.

13         MR. SATTERLEY:  Well, good.  Well, good.  Your

14    Honor has all the briefing, then.

15         But I think if we -- I hope we cited to Bader.

16    And I don't know exactly when Bader was decided in

17    conjunction with the response to summary adjudication.

18         But I think that if that's fully briefed, then

19    it can be argued next Thursday, if not beforehand.

20         THE COURT:  Mr. King, you're obviously ahead of

21    both me and Mr. Satterley.  Was there a hearing date

22    set?

23         MR. KING:  So what happened, Your Honor, is

24    obviously, and convenience to the Court, the hearing

25    had been set, I believe, for April 13th, and obviously,

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 24 of 49

23

1   we received a few emails from, I believe the Court's

2   research attorney.

3          The motion was reset for June 13th.  That was

4   the first available date on calendar.  The reply papers

5   were all filed today.

6          And so if the Court would like to argue the

7   motion next Thursday, since the motion for summary

8   adjudication is fully briefed, obviously -- I won't get

9   into the argument, but obviously, we're going to

10  disagree with Mr. Satterley's interpretation of Bader.

11         THE COURT:  I assume so.

12         MR. KING:  But what my point is, Your Honor, is

13  that the motion is fully briefed.  There was a

14  reservation for June 13th, which was the first

15  available date.

16         But if the Court would like to have that motion

17  heard at next Thursday's CMC, we would be prepared to

18  argue or not argue the motion, I guess, depending upon

19  the Court's tentative ruling.

20         I can also send courtesy copies of the reply

21  papers to the research attorney that has emailed us.

22  Whatever the Court would like, we'll be ready to go

23  next Thursday on a motion for summary adjudication.

24         THE COURT:  Why don't we plan on that.

25         MR. SATTERLEY:  Can we do it -- instead of

24

1    doing at 3:00 Thursday, can we do it earlier, 1:30 or

2    2:00, just so Your Honor has sufficient time.

3           If we're dealing with genetics, if we're

4    dealing with Longo, if we're dealing with motion for

5    summary adjudication, that seems to me that may take

6    more than just an hour.

7           THE COURT:  That's fine.

8           MR. KING:  And, Your Honor, with respect to --

9           THE COURT:  It's the court staff, though.

10          MR. SATTERLEY:  After lunch, though, a long

11   lunch break.

12          THE COURT:  Clearly, after lunch.  Why don't we

13   set it for 1:30 on Thursday.  Is that okay?

14          THE CLERK:  That's fine, Your Honor.

15          Can I please get the reservation number or the

16   last four of the reservation?  And if you do not have

17   it, if you could please email it to Department 18 so

18   that I can properly reset it.

19          THE COURT:  Mr. King, did you hear

20   Ms. Scoggins.

21          MR. KING:  Yes, I did.

22          And, Ms. Scoggins, if you give me 45 seconds --

23   I'm on File & Serve -- I can give you the reservation

24   number, which is on the moving papers.  So if you just

25   give me just a few seconds here...

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 26 of 49

25

1          Of course, File & Serve timed out because I

2     hadn't looked at it.

3          So right now, I will give you the reservation

4     number.

5          While I do that, Your Honor, we did file a pro

6     hac vice application on behalf of Jessica Davidson.  We

7     sent courtesy copies of the ex parte with shortened

8     time to have that heard today.

9          Mr. Satterley and his office had not opposed

10    the motion.  She was admitted in Coit, and she's

11    scheduled to help facilitate the expert discovery

12    schedule by, I think, taking of a deposition next week.

13         So we would just ask that the Court grant the

14    unopposed pro hac vice application of Jessica Davidson.

15         MR. SATTERLEY:  I don't object.

16         THE COURT:  I was going to say, as we have done

17    in many earlier status conferences in this case, as

18    long as it's not opposed, I want to make sure all

19    parties are represented by counsel of their choice.

20         So I don't think we need anything more than

21    just to have a minute order reflect that Ms. Davidson's

22    pro hac vice application is granted.

23         MR. KING:  I appreciate it, Your Honor.

24         And for Ms. Scoggins, do you need the entire

25    reservation number, or do you just need the last four?

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 27 of 49

26

1          THE CLERK:  Just the last four.

2          MR. KING:  The last four numbers are 2414, and

3     it was scheduled for June 13th at 3:00 p.m.

4          THE CLERK:  Thank you.

5          MR. SATTERLEY:  Just so the record is clear,

6     Your Honor -- and I don't object to Ms. Davidson -- J&J

7     and LTL have now, I think, 11 or 12 attorneys working

8     on this case.

9          And the only reason I make that statement is

10    because I've had to offer Dr. Abraham for four

11    different dates for them to accept.  And so they

12    finally accepted Dr. Abraham next Tuesday on the

13    condition that I not object to Ms. Davidson.

14          I'm not objecting for that reason and for other

15    reasons as well.  I have been working very, very hard

16    to get this case -- every deposition set before I go

17    see Judge Kaplan next week.

18          THE COURT:  All right.  Well, that's good.

19          MR. KING:  One last question, Your Honor, with

20    respect to the Dr. Longo motion to compel.

21          Mr. Satterley just stated that he was going to

22    be filing -- I believe you said, Mr. Satterley, you

23    said you're filing your opposition tomorrow.

24          Obviously, we would request to have an

25    opportunity to file a reply brief to the motion.  Would

27

1    Tuesday by close of business be sufficient for the

2    Court?

3            THE COURT:  That seems fine.

4            MR. KING:  Thank you, Your Honor.

5            THE COURT:  And it seems to me another pending

6    issue that I don't think is set is the motion for

7    genetic testing.

8            Can that also be heard next Thursday?

9            MR. SATTERLEY:  Sure.  I think that we talked

10   about earlier they are going to file their opposition

11   on Wednesday, the 3rd, and then we can argue that on

12   the afternoon of the 4th.  That's fine with the

13   plaintiff.

14           THE COURT:  Their reply on the 3rd?

15           MR. SATTERLEY:  Their reply will be on the

16   3rd -- I'm sorry -- because we filed our opposition on

17   the 24th.  And so if they file their reply on 3rd, then

18   we can argue it on the 4th.

19           THE COURT:  Is there any way we can get the

20   reply a little bit earlier than the day before the

21   hearing?

22           MS. BROWN:  Your Honor, we can certainly try.

23   The issue is just Dr. Felsher did a declaration in

24   support of their opposition, and he's being deposed on

25   Monday.  And so just in terms of getting that

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 29 of 49

28

1   transcript, we can certainly endeavor to get it to the

2   Court as early on the 3rd or even late on the 2nd, if

3   that would help.

4           THE COURT:  That would help.

5           MS. BROWN:  Sure.

6           THE CLERK:  And the motion that's being

7   referenced now, is there a reservation for that one,

8   the motion to be heard on the 4th as well?

9           MR. SATTERLEY:  I don't know that they actually

10   got a reservation.  I don't know if they did or not.

11           Did you guys get reservations or just filed the

12   motion because we were so close to trial?

13           I don't know.

14           MS. BROWN:  I defer to Mr. King on that.  I

15   don't know the answer.

16           MR. KING:  Just give me a few minutes, and I'll

17   check on the numbers as well.

18           So the motion to compel Dr. Longo's PLM slides

19   or, in the alternative, a supplemental deposition, the

20   last four digits of that reservation number are 1957.

21           THE CLERK:  Thank you.  And what was the date

22   of that motion?

23           MR. KING:  April 28th was the date of the

24   motion.

25           And then with respect to the genetic testing

29

1   motion, let me just check on that.

2           THE CLERK:  So then --

3           MR. KING:  Go ahead.

4           THE CLERK:  So that I am clear, the motion

5   reservation that you just gave me, is that one being

6   continued to next week?

7           THE COURT:  Yes.

8           MR. KING:  Yes.  That's my understanding, yes.

9           THE CLERK:  And there's another one?

10          MR. KING:  The motion to compel the limited

11  genetic testing, the last four digits of that

12  reservation number are 0961, and the original

13  reservation date for that was April 6th.

14          THE CLERK:  Thank you.

15          MR. SATTERLEY:  Your Honor, with regard to the

16  case, so that it's very clear, Judge Kaplan, if he

17  allows the case to be released from the stay next

18  Wednesday, on the 3rd, would this Court be able to

19  begin this trial somewhere around the 15th?

20          THE COURT:  That's what I am planning on.

21          MR. SATTERLEY:  Thank you, Your Honor.

22          THE COURT:  This isn't entirely within my

23  control, but that's certainly my hope and plan.  And I

24  don't have a conflicting trial.

25          MR. SATTERLEY:  Excellent.

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 31 of 49

30

1      So we'll report that to Judge Kaplan on

2  Wednesday when I'm before him.

3      So the final issue that I have for today is

4  whether or not Your Honor wants to inquire as to

5  defense counsel on some of these experts that are moved

6  out to the middle of May and these PMQ witnesses that

7  was, in essence, compelled by Your Honor back over a

8  month ago.

9      And we had those set right when the bankruptcy

10  was filed, so --

11      THE COURT:  That's, frankly, what's concerning

12  me most, the PMQ depositions, which I think are all the

13  retailers.  We went back and forth.  There was an order

14  as to when they were to be set.  We finally were able

15  to get dates.  I assume that they've been fully

16  prepared.

17      Maybe they're as busy as experts, but somehow

18  the experts don't bother me as much because I know

19  experts have a lot of conflicting schedules and demands

20  on their time.  But I am surprised and find it a little

21  frustrating that the retailers' PMQ depositions have

22  dragged.

23      MR. SATTERLEY:  It looks like Walmart and Save

24  Mart are the two that's pushed out to the 11th and

25  12th.  Obviously, if there's a legitimate reason why,

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 32 of 49

31

1  as opposed to just pushing it out, you know, but I've

2  been given no explanation.

3      THE COURT:  Well, that's what happened last

4  time.  We had a tentative date, and I realize --

5      MS. BROWN:  Your Honor --

6      THE COURT:  Ms. Brown, we can't both talk at

7  the same time.

8      MS. BROWN:  My apologies, Judge.  I was just

9  going to ask if I could be excused if we were moving to

10 the retailers.  I was the one who had the conflict five

11 minutes ago.  I didn't want to jump out without

12 permission.

13     My apologies.  Thank you, Judge.

14     THE COURT:  No problem.

15     My recollection is what happened last time --

16 and I think we were then set for April 17th -- is that

17 the retailer PMQ depositions wound up getting slid to,

18 like, the -- two or three days right before trial was

19 set to begin, which is far from ideal.  And now the

20 trial has been further delayed, and I don't understand

21 why we're in essentially the same situation, where the

22 PMQs are right before the trial are starts.

23     MR. SATTERLEY:  And if I could explain why

24 that's --

25     MS. TRELA:  Your Honor, if we could be heard?

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 33 of 49

32

1          MR. SATTERLEY:  If I can just explain with

2     regard to Target, because Target is tomorrow morning,

3     and I'm going to depose Target PMQ tomorrow.  So

4     they're at least a little bit before trial.

5          I just got last night -- actually, I just saw

6     it for the first time today, Target has records

7     regarding my client and my client's purchase history.

8          Now, it only goes back two years, but that's

9     important documentary evidence that I am going to

10    inquire about.

11         THE COURT:  Sure.

12         MR. SATTERLEY:  And Mr. Valadez worked for

13    Target also, so they produced his personnel files just

14    for the first time last night.

15         So even though this case has been pending for

16    quite some time, I'm learning things about my client

17    the day before the deposition.

18         And I suspect Walmart or Save Mart or Safeway

19    may, likewise, have records regarding my client or my

20    client's mother because they have those cards that

21    you -- those Safeway cards.

22         And so I've got to get that earlier so that I

23    know what I am dealing with in this trial.  I don't

24    want the trial to be delayed for that reason.

25         And as I said before, if I have to forgo

33

1    discovery, I would rather go to trial, but I would just

2    like some explanation on why we can't get these

3    depositions earlier.

4           THE COURT:  Presumably someone representing one

5    of the retailers wanted to be heard.  I'm happy to

6    hear.

7           Could you please state your name for the

8    record.

9           MS. TRELA:  Good afternoon, Your Honor.

10   Rebecca Trela on behalf of the retailer defendants.

11   I'm with Barnes & Thornburg.

12          Can you hear me?

13          THE COURT:  Yes.

14          MS. TRELA:  Great.  Thank you.

15          I just wanted to respond to some of the things

16   that have been said and have been noted about the

17   retailer defendants and the discovery, and I will start

18   at the end of what Mr. Satterley just said.

19          The Save Mart and Lucky documents were produced

20   weeks and weeks ago before the stay.

21          Here is what happened with respect to the

22   retailer PMQ depositions.  Last Thursday, we were asked

23   to get new deposition dates immediately after Judge

24   Kaplan's ruling.  We immediately reached out to all of

25   our clients to do so.

34

1          The very next day, we were able to provide

2     immediate dates for four of the six of those, the five

3     PMQs and one expert.

4          Those depositions, as Mr. Satterley said,

5     starts tomorrow with the Target deposition, and then I

6     believe it's Walmart, Safeway, and Albertsons next

7     week.

8          And then on Wednesday, we were able to finally

9     get the date for the other two of the six witnesses.

10    The earliest that they are available are May 11th and

11    12th.

12         As I understand how things have been shaping

13    up, even if Judge Kaplan does decide to lift the stay

14    in the case, that will occur prior to trial.

15         Oh, and Mr. Satterley did ask us to see if an

16    earlier date was available for Dr. Kinsey than we had

17    already offered.  That was the 8th.  And we did check,

18    and the 8th is the earliest that she is available.  But

19    if there are conflicts with other depos on that date,

20    we can look for another one.

21         THE COURT:  I appreciate that.

22         MR. SATTERLEY:  Well, counsel just said Walmart

23    is next Wednesday.  I have Walmart scheduled for the

24    11th.

25         MS. ASCIONE:  Your Honor, there was just a

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 36 of 49

35

1  little confusion.  Albertsons and Safeway is next week,

2  and then Walmart and Save Mart were the additional

3  days.

4          THE REPORTER:  Could you state your name for

5  the record, please.

6          MS. ASCIONE:  Yes.  Hi.  Alexandra Ascione --

7  I'm also with Barnes & Thornburg -- for the retailer

8  defendants.

9          MR. SATTERLEY:  And then the last issue is just

10 Sanchez.  Why is Matt Sanchez -- he's their expert that

11 works -- 90 percent of his work is litigation.  He's

12 testified to that.  I cross-examined him, I think, 6,

13 7, 8 times.

14          And there's no explanation whatsoever why --

15 when last Thursday, the 20th, we requested dates -- why

16 his first available date is almost a month later,

17 May 17th.  No explanation was given, and he was just --

18 we were just given that date either last night or this

19 morning.

20          THE COURT:  As I understand, he's J&J.

21          MR. SATTERLEY:  He's J&J.  And Mr. King is

22 still here on the line for J&J.

23          MR. KING:  Well, Your Honor, to your point,

24 expert depositions, experts have busy schedules.  And

25 we asked Dr. Sanchez for his first available date for

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 37 of 49

36

1    this case, and he provided us with May 17th.

2         I mean, I don't have any further explanation

3    other than that we requested dates from our experts.

4    We requested them, that they provide us dates as soon

5    as they could.  And you know, within a week, we

6    provided dates for all four of our outstanding experts

7    as well as getting the PMQ back on calendar for the 2nd

8    of May.

9         In less than seven days, we got five

10   depositions scheduled in less than a month.  And so,

11   quite frankly, I don't think that's, you know, anything

12   that should be sort of discounted.

13        So I don't have an explanation as to why that's

14   Dr. Sanchez's first date.  He's an expert witness.  He

15   has, you know, a busy schedule, and that's the first

16   date he gave us.

17        We're not -- I feel as if the suggestion is

18   being made that experts are intentionally being

19   withheld from deposition for nefarious reasons and,

20   quite frankly, that's just not the case, Your Honor.

21        We've done a lot of work since last Thursday's

22   CMC and since Judge Kaplan's order was -- actually came

23   into effect earlier this week to get all of these

24   depositions on calendar in a matter of three weeks.

25             THE COURT:  Listen, overall, it does seem to me

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 38 of 49

37

1  that both sides have made a lot of progress to try to

2  get these depositions set up.

3         MR. SATTERLEY:  Can I have a different request,

4  then, because -- so Sanchez -- Your Honor, so Sanchez

5  is their key witness.  Sanchez is their only witness

6  they've got to say they've tested --

7         THE COURT:  He's with RJ Lee?

8         MR. SATTERLEY:  He's with RJ Lee.

9         And RJ Lee always says there's no asbestos even

10  when there is asbestos, or there's contamination or

11  some other.

12         So he's their key witness.  When the trial was

13  set on April the 17th, they put him on April the 14th,

14  the day before trial.  It was the last possible day.

15         So with the second filing, they have not only

16  taken that off, they have not disclosed any of his

17  writings, any of his discoverable writings, any of his

18  reports that he has done.  So in essence --

19         And they take the position that they don't have

20  to do that until three days, 72 hours, before his

21  deposition, even though the Code is different and

22  requires discoverable writings and reports earlier.

23         So what I request Your Honor to order is for

24  them to immediately, by tomorrow, produce all of

25  Dr. Sanchez's -- because I haven't deposed him on a J&J

38

1    case since the first bankruptcy, and so I have no idea

2    what, if any, testing he's done since the Prudencio

3    case, which I tried before Judge Kaus in 2021 because

4    that was the last.  So it's been close to two years.

5         And so what I am afraid of is, under this

6    current schedule, on the 17th when, hopefully,

7    possibly, we are in jury selection and I'm deposing --

8    or a couple of days beforehand they are going to

9    produce a whole bunch of new opinions, new reports

10   that's going to cause issues.

11        So I think it's reasonable for Your Honor to

12   tell them to go ahead and produce all of Sanchez's

13   reliance materials, because they would have had to

14   anyway before the 14th by the 11th or 10th.

15        THE COURT:  Let me hear from Mr. King about

16   that.

17        MR. KING:  I just don't think that request

18   really is meritorious at this point, Your Honor.

19        I mean, his deposition was not scheduled for --

20   it was ten days after the initial TRO went into place.

21   Right?

22        So in terms of what the Code requires, the Code

23   of Civil Procedure requires that he produces his

24   materials within three business days of his deposition.

25        As Mr. Satterley has pointed out, he has taken

1   Dr. Sanchez's deposition in more than a handful of J&J

2   cases.  He's deposed him multiple times.  He's taken

3   his trial testimony.

4           So to the extent that he is now being --

5   wanting to be required to produce materials 17 days

6   earlier than the Code of Civil Procedure requires --

7           THE COURT:  Mr. King, don't -- Mr. Satterley

8   may have wanted the discoverable writings produced

9   tomorrow.  That doesn't seem reasonable to me.

10          On the other hand -- frankly, I said it first.

11  I realize that experts have very busy schedules.  And

12  you said he has a very busy schedule for depositions.

13  We all understand that.

14          But it does seem to me that we could get

15  discoverable writings in advance because, frankly, the

16  deposition is being conducted -- frankly, I hope, we'll

17  be in the middle of trial by then, or at least have

18  started jury selection.

19          So I guess my thought would be, could we get

20  his discoverable writings something like seven to ten

21  days before the deposition?  Presumably, he's worked on

22  this case for some significant period of time.

23          MR. KING:  Well, I can't say what he was during

24  the -- after the bankruptcy was filed on the 5th.  I

25  mean, quite frankly, I would imagine most experts would

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 41 of 49

40

1   pivot to other pending cases that they have that are

2   not being stayed due to bankruptcy.  I don't want to

3   speak for Dr. Sanchez on that point.

4           With respect to when his documents would be

5   due, they would be due on Friday, May 12th, which is

6   before when the Court has suggested that jury selection

7   would begin.  So his materials wouldn't be produced in

8   the middle of trial.

9           And I don't think it can be overstated, Your

10  Honor, that this is not some new novel witness where he

11  is going to have dozens of new reports that have never

12  been seen before.

13          I don't think it can be discounted, the fact

14  that he has been deposed by the Kazan law firm dozens

15  of times and he's been cross-examined during trial.

16  This isn't -- this isn't some new novel witness that's

17  being put up.

18          I understand the Court's concern, and so, you

19  know, in the spirit of trying to cooperate, you know,

20  we could move that maybe a couple days back to

21  May 10th, Your Honor.

22          THE COURT:  Any flexibility would be

23  appreciated on my part because, you know, I -- and,

24  look, like a lot of things, I want to try to balance

25  people's, you know, rights and problems and to be

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 42 of 49

41

1    sensitive to the scheduling conflict.

2          On the other hand, having a key witness --

3    expert witness being deposed after when I hope jury

4    selection has begun is far from ideal.

5          And it probably goes both ways.  Mr. Satterley

6    has deposed him before.  Frankly, I'm sure that what

7    Mr. Satterley is most interested in is, what new work

8    has he done.

9          MR. SATTERLEY:  That's right.  That's right.

10          So, Your Honor, all that argument about we've

11    deposed him dozen of times -- I don't think we've

12    deposed him dozens of times.  We deposed in each of our

13    cases, which last week, in bankruptcy, they were making

14    fun of me for not having very many cases.

15          Ms. Brown said I only had 11 cases, and so I

16    shouldn't get any special treatment.  Now they're

17    telling me I've deposed him dozen of times.

18          But my point is -- Your Honor hits the nail on

19    the head -- is there anything new?  They can certainly

20    inquire as to him -- Dr. Sanchez -- within the next

21    several days, is there anything new?

22          They know.  They know what they've sent to him,

23    because they get everything -- Dr. Sanchez gets

24    everything from their attorneys.

25          So is there anything new, and if so, how much

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 43 of 49

42

1   is it, and when can we get it?

2        It just doesn't seem fair to intentionally put

3   their most important witness on asbestos in the product

4   after the potential start of the trial and after jury

5   selection, because it just may throw things -- it may

6   cause problems.

7        THE COURT:  So I'm not sure I'm going to be

8   able to do anything more than what Mr. King has offered

9   other than encourage you to meet and confer to see if

10  there isn't a possibility of getting the discoverable

11  writings produced earlier than the 10th.  Certainly, no

12  later than the 10th.

13       MR. KING:  Your Honor, let me just say this.

14  This all may be a moot issue if, on the 3rd, there is

15  no new ruling from Judge Kaplan.  Because if there's no

16  new ruling on the 3rd from Judge Kaplan, all of this is

17  moot in terms of his deposition occurring after jury

18  selection has started, because, as Ms. Brown pointed

19  out earlier, it's the universe that stands today.  This

20  trial is stayed in this matter until at least

21  June 16th.

22       So this whole issue may be moot, and we'll find

23  on Wednesday, the 3rd, if this issue is heard.  So

24  we'll be back before Your Honor after we find out if

25  this is even an issue to discuss at all.

43

1          In the meantime, I will inquire of Dr. Sanchez

2     if it is possible to produce materials beyond what is

3     required by the Code of Civil Procedure, which is three

4     business days.

5          So I would say that this is a moot issue

6     because we are arguing in a vacuum as to a trial

7     starting on the 15th, when as we sit here today, trial

8     cannot begin until June 16th, and Dr. Sanchez's

9     deposition on the 17th would be 30 days before the

10    beginning of a trial.

11         So I think it's a bit moot, and I would suggest

12    that we talk about this at next week's CMC, Your Honor.

13         MR. SATTERLEY:  If I can just respond very

14    briefly?

15         The Code of Civil Procedure requires

16    discoverable writings to be produced either at the time

17    of the disclosure, 15 days before trial, or when they

18    are created, not three days beforehand.

19         The three days beforehand is additional

20    materials, like reliance list, correspondence,

21    invoices, things of that nature.

22         So counsel is a hundred percent incorrect when

23    discoverable writings are due.

24         And counsel is also incorrect when he said this

25    might be moot, because Judge Kaplan says in his orders

Case 23-01092-MBK   Doc -2   Filed 05/02/23   Entered 05/02/23 14:26:13   Desc
Exhibit Exhibit 1 to Satterley Declaration   Page 45 of 49

44

1   that we should get the case ready for trial.

2          And so I will agree to meet and confer.  I know

3   Your Honor is not inclined to do anything additional.

4   And to the extent that we cannot resolve it, we may

5   have to address it again next Thursday at the next --

6   you know, next time before Your Honor.

7          THE COURT:  Well, the only thing to add to

8   that, I think, is I thought I heard Mr. King say that

9   he believed that he could get Dr. Sanchez's materials

10  by the 10th.

11         I don't want there to be backing off from that.

12  If he can get it earlier, that's great, but I don't

13  want it later.

14         I'm also more optimistic than perhaps Johnson &

15  Johnson's counsel is about what Judge Kaplan will do on

16  May 3rd.

17         My reading of his orders and his transcripts,

18  he has always treated this case with the seriousness

19  that I think it deserves.

20         Now, there is no question, he's looking at it

21  from a different perspective.  He's a bankruptcy judge,

22  and I've seen him -- it seems appropriate to me that he

23  is talking about, is it right to pick amongst many

24  claimants.

25         But from my perspective, I have a statutory

45

1  obligation to get cases where there's been a

2  determination that -- by medical professionals -- and

3  there were two treating physicians in this case, an

4  oncologist and another treating physician -- who said

5  that Mr. Valadez was not likely to survive six months.

6        And in that setting, if there were no

7  bankruptcy, I have failed in my duties that the

8  California legislature have set out, which is one of

9  the reasons, together with the fact that this is the

10  most serious case that I have seen.

11        So I am more hopeful that, in fact, Judge

12  Kaplan is going to give us the go-ahead on the 3rd.

13  And, frankly, I want to plan for that.

14        MR. SATTERLEY:  With that being said, Your

15  Honor, I have nothing further from the plaintiff to

16  have the Court address today.

17        I don't know if other counsel has any issues.

18        THE COURT:  Well, we've addressed most of the

19  issues.  I need to be sensitive, because I got a note

20  that our deliberating jury may have a verdict.

21        MR. SATTERLEY:  Oh, you may have a verdict.

22  Okay.

23        So I don't think J&J has anything else either.

24        THE COURT:  Well, if there are -- I mean, we

25  addressed the pro hac vice application.

Case 23-01092-MBK    Doc -2    Filed 05/02/23    Entered 05/02/23 14:26:13    Desc
Exhibit Exhibit 1 to Satterley Declaration    Page 47 of 49

46

1          I think we set hearing dates largely next

2     Thursday for at least three motions; the Dr. Longo

3     motion, the genetic testing -- and as I recall, there

4     was a third one.

5          MR. KING:  The motion for summary adjudication,

6     Your Honor, as to fraud.

7          THE COURT:  That's right.  So I think we

8     covered what we need to do.

9          If there's something really urgent that merits

10    further delaying, perhaps, my deliberating jury --

11         MS. ASCIONE:  Just one more thing, Your Honor,

12    for the retailers.

13         We also had MSJs that were pending before the

14    stay that also need to be reset.

15         I would just maybe suggest, since there's

16    already three hearings next Thursday, that maybe our

17    MSJs could go the following week.

18         MR. SATTERLEY:  Why don't we meet and confer.

19    You've got a jury out there.

20         We'll meet and confer with the retailers to try

21    to figure out a time.

22         MS. ASCIONE:  I just wanted to make sure --

23         THE COURT:  And I appreciate you raising that.

24    And it does.

25         My default for this case has been to try to

47

1    deal with as much as possible on Thursday afternoons,

2    so that's a reasonable proposal.

3              MS. ASCIONE:  Thank you, Your Honor.

4              MR. SATTERLEY:  Thank you, Your Honor.

5              THE COURT:  All right.  Thank you very much.

6

7                        (Whereupon, the proceedings

8                         were concluded at 3:54 p.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

48

1  STATE OF CALIFORNIA      )

2                           )      ss.

3  COUNTY OF ALAMEDA        )

4

5         I, EARLY K. LANGLEY, do hereby certify:

6       That foregoing proceedings were held in the

7  above-entitled action at the time and place therein

8  specified;

9       That said proceedings were taken before me at said

10 time and place, and was taken down in shorthand by me,

11 a Certified Shorthand Reporter of the State of

12 California, and was thereafter transcribed into

13 typewriting, and that the foregoing transcript

14 constitutes a full, true and correct report of said

15 proceedings that took place;

16      IN WITNESS WHEREOF, I have hereunder subscribed my

17 hand on April 28, 2023.

18

19

20

21

22

     EARLY K. LANGLEY, CSR No. 3537

23      State of California

24

25