**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date and Time:**<br>**June 1, 2023 at 10:00 a.m.** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER SEALING**
**THE EXHIBITS TO THE SUPPLEMENTAL DECLARATION**
**OF JOHN K. KIM REGARDING PLAN SUPPORT AGREEMENTS**

The above-captioned debtor (the "Debtor") moves the Court for the entry of an

order, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1536751507

Jersey (the "Local Bankruptcy Rules"), authorizing the Debtor to file under seal the exhibits (the "Exhibits") attached to the *Supplemental Declaration of John K. Kim Regarding Plan Support Agreements* (the "Declaration"), which Exhibits the Debtor considers to be confidential information (the "Confidential Information"). The Exhibits are each plan support agreements entered into after the commencement of this chapter 11 case, as described in the Declaration. In support of this Motion to Seal, the Debtor respectfully states as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

## Background

3. On April 4, 2023 (the "Petition Date"), the Debtor commenced the above-captioned reorganization case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and is managing its business, as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor, a North Carolina limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third

party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

5. On April 14, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") filed the *Notice of Appointment of Official Committee of Talc Claimants* [Dkt. 162] (the "Talc Committee").

6. Contemporaneously herewith, the Debtor has filed the Declaration. In connection with the Declaration, the Debtor has filed the Exhibits under seal, subject to Court order granting the relief requested herein.

7. The Confidential Information constitutes new plan support agreements reached by the Debtor following the Petition Date as described in the Declaration. The parties engaged in expedited discovery in this Chapter 11 Case, with the agreement that all documents produced and testimony provided with confidential designations would be maintained in confidence consistent with the terms of the protective order entered in the Debtor's prior chapter 11 case (the "2021 Protective Order").[2] See Talc Committee Mot. to Seal [Dkt. 312] ¶ 1. The Debtor designated as confidential and produced to certain parties the plan support agreements entered into prior to the commencement of the Chapter 11 Case (the "Plan Support Agreements") consistent with that agreement.[3]

---

[2] The Debtor has proposed a protective order (the "2023 Proposed Protective Order") that is on substantially the same terms as the 2021 Protective Order. The Debtor will work with the relevant parties to enter into the 2023 Proposed Protective Order, subject to this Court's approval.

[3] The parties reserved their rights to challenge the Debtor's confidentiality designations. See, e.g., *Mot. to Seal the Redacted Portions of the Official Committee of Talc Claimants' Obj. to Debtor's Mot. for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants*, Dkt. 312 ¶ 1. The Talc Committee and other parties are disputing certain of the Debtor's confidentiality designations, as set forth in letters filed with the Court and correspondence received by the Debtor See Dkts. 345, 376, 388.

NAI-1536751507

**Relief Requested**

8. By this Motion to Seal, the Debtor seeks entry of an order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1, authorizing the Debtor to file the Confidential Information under seal, and directing that the Confidential Information remain under seal, confidential, and not made available to anyone, except for: (a) the Court; (b) subject to the entry of the 2023 Proposed Protective Order, any party, including the U.S. Trustee, the Talc Committee and the legal representative for future talc claims appointed in this Chapter 11 Case, that acknowledges and accepts the terms of the 2023 Protective Order or such other protective order as may be entered by the Court; and (c) such other parties as the Court may direct.

**Basis for Relief Requested**

9. Although the public has a common law "right of access to judicial proceedings and records,"[4] the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. See 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018; see also Cendant, 260 F.3d 194 (the public's right of access "is not absolute") (quoting Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988)); Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal quotation marks omitted).

10. In proceedings under title 11, the limits on the public's right of access are a matter of statute. See 11 U.S.C. § 107(b). Specifically, section 107(b) provides that "[o]n

---

[4] In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001).

request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 implements section 107(b) by providing that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires. . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

11.     Confidential commercial information does not need to rise to the level of a trade secret to be entitled to protection under section 107(b). <u>See</u>, e.g., <u>In re Orion Pictures</u>, 21 F.3d 24, 28 (2d Cir. 1994) ("courts interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

12.     Once a court determines that the information in question falls within one of the enumerated categories in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." <u>Id.</u> The Court has broad authority to issue such an order under Bankruptcy Rule 9018. <u>See</u> <u>In re Global Crossing Ltd.</u>, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

13.     In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. The Debtor submits that good cause exists for the Court to grant the relief requested herein.

NAI-1536751507

14. As set forth above, the Debtor designated the Plan Support Agreements as confidential information and shared those agreements in expedited discovery subject to the recipients' agreement that such information would be treated as confidential information consistent with the terms of the 2021 Protective Order. The parties agreed to operate under that designation in the interest of time (with full reservations of rights to contest the confidential nature of the information redacted). Given the Debtor's prior designation of the Plan Support Agreements as confidential, the Debtor has filed under seal and treated as Confidential Information, the plan support agreements attached as Exhibits to the Declaration.

15. Sealing the Confidential Information is the least restrictive alterative at this juncture. Moreover, the Debtor is, as set forth herein, willing to share the Confidential Information subject to parties' agreement to appropriate confidentiality protections. Accordingly, the Debtor respectfully submits that the Confidential Information falls within the scope of the protections afforded by the Bankruptcy Code and that the relief requested herein should be granted.

## Notice

16. This Motion to Seal has been served on: (a) the U.S. Trustee; (b) proposed counsel to the Talc Committee; (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (d) the proposed legal representative for future talc claimants and her counsel; (d) counsel to the Ad Hoc Group of Supporting Counsel; and (e) any other party entitled to notice. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

**No Prior Request**

17. No prior request for the relief sought in this Motion to Seal has been made to this or any other court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form submitted herewith: (a) authorizing the filing under seal of the Exhibits in connection with the Declaration; and (b) granting such other and further relief to the Debtor as the Court may deem just and proper.

Dated: May 2, 2023                                   **WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*