| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel for the Official*<br>*Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>Susan Sieger-Grimm, Esq.<br>Kenneth J. Aulet, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>ssieger-grimm@brownrudnick.com<br>kaulet@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br>And-<br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| In re:<br><br>LTL MANAGEMENT, LLC,[1]<br><br>                     Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

**APPLICATION FOR RETENTION OF PROFESSIONAL**

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1.  The applicant, Official Committee of Talc Claimants (the "Committee" or "Applicant") is the (check all that apply):

    ☐Trustee:        ☐Chap. 7         ☐Chap. 11         ☐Chap. 13.

    ☐Debtor:         ☐Chap. 11        ☐Chap. 13

    ☒Official Committee of Talc Claimants for LTL Management, LLC.

2.  The Committee seeks to retain the following professional Genova Burns LLC ("Genova Burns") to serve as (check all that apply):

    ☒Attorney for:    ☐Trustee         ☐Debtor-in-Possession

    ☒Official Committee of Talc Claimants for LTL Management, LLC.

    ☐Accountant for:  ☐Trustee         ☐Debtor-in-possession

    ☐Official Committee of _____

    ☐Other Professional:

        ☐Realtor          ☐Appraiser    ☐Special Counsel

        ☐Auctioneer       ☐Other (specify):_____

3.  The employment of the professional is necessary because:
    The Rules of this Court require the Committee to retain local counsel. The Committee wants to retain the firm of Genova Burns as local counsel in the within proceedings.

4.  Genova Burns has been selected because the firm has had considerable experience in matters of this type, including serving as Local Counsel for the Official Committee of Talc Claimants (the "Original Committee") in the Debtor's previous bankruptcy (case number: 21-30589) ("LTL I"). Genova Burns is well qualified to represent the Committee.

5.  The professional services to be rendered are as follows: Local counsel representation of

        the Committee in the Chapter 11 bankruptcy proceeding of LTL Management, LLC, including all relevant substantive and administrative efforts to represent the Committee's rights and interests.

6. The proposed arrangement for compensation is as follows: The terms of employment of Genova agreed to by the Committee, subject to the approval of the Court, are that the attorneys and other personnel within the firm will undertake this representation at their standard hourly rate commensurate with the foregoing, plus disbursements.

| | |
|---|---|
| <u>Partners</u>: | $500.00 - $900.00 |
| <u>Counsel</u>: | $450.00 - $600.00 |
| <u>Of Counsel</u>: | $500.00 - $650.00 |
| <u>Associates (by years of experience)</u>: | |
| 1 – 3 | $275.00 |
| 4 – 8 | $325.00 |
| 9+ | $375.00 |
| <u>Paralegals</u>: | $250.00 |

These hourly rates are subject to periodic adjustments to reflect economic and other conditions, and with respect to those below the level of senior partner, to reflect their increased experience and expertise.

7. To the best of Committee's knowledge, Genova Burns' connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

☐None

☒Describe connection: Genova Burns served as Local Counsel for the Official Committee of Talc Claimants (the "Original Committee") in the Debtor's previous bankruptcy case number 21-30589 ("LTL I"). In connection with Genova Burns' retention by the Original Committee, your applicant had no connections. Genova Burns examined the involvement of this Debtor and non-debtor affiliates, creditors, and other parties-in-interest (collectively, the "<u>Case Parties</u>"). The list of Case Parties is attached as *Schedule 1* to the certification of Daniel M. Stolz, Esq in support of this application (the "Stolz

Certification"). Genova Burns does not have a connection to any of the Case Parties except as set forth below. None of the Case Parties are current or former clients of Genova Burns. None of the Case Parties are directly adverse to any of Genova Burns's current or former clients.

As of the Court's entry of the Dismissal Order on April 4, 2023, Genova Burns was owed $184,429.40 for services rendered and expenses incurred in representing the Committee as its local counsel in LTL I (the "Pre-Petition Balance"). On April 26, 2023, the Debtor filed a motion seeking the entry of an order authorizing it to satisfy its obligations under the Dismissal Order, including the final allowance of professional fees and expenses and the payment of such allowed fees and expenses (the "Obligations Motion"). [Dkt. No. 319]. Pending entry of an order approving the Obligations Motion, Genova anticipates that the allowed amount of the Pre-Petition Balance (the "Allowed Pre-Petition Fee Claim") will be paid in connection with LTL I.

During the time beginning with the Debtor's filing this case, through Genova Burns's retention by the Committee, Genova Burns represented an Ad Hoc Committee of Certain Talc Claimants (the "AHC"). The AHC consisted of nine members of the Original Committee—Alishia Landrum, Rebecca Love, Blue Cross Blue Shields of Massachusetts, Tonya Whetsel, Kristie Doyle, William A. Henry, Randy Derouen, April Fair and Patricia Cook—each of whom are also members appointed to the Committee in this Case. Other than its concluded representation of the AHC, Genova Burns will not represent any entity other than the Committee in this Case.

For the reasons stated herein, based on the conflicts search conducted to date and described here, to the best of my knowledge Genova Burns is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and as used in section 328(c) of the Bankruptcy Code, and does not have an interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity holders of the Debtor.

If Genova Burns discovers any information that is contrary to or pertinent to the statements made herein, Genova Burns will promptly disclose such information to the Court by filing and serving a supplemental affidavit on the Committee, the U.S. Trustee, counsel to the Debtor, and all parties who have filed a notice of appearance in this Case.

8.     To the best of the applicant's knowledge, the professional (check all that apply):

☒does not hold an adverse interest to the estate.

☒does not represent an adverse interest to the estate.

☒is a disinterested person under 11 U.S.C. § 101(14).

☐does not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

☒Other; explain: See description above in paragraph 7.

The Committee respectfully requests authorization to employ the professional to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Dated: May 3, 2023                Respectfully Submitted,

**THE OFFICIAL COMMITTEE OF TALC CLAIMANTS**

*/s/ Michelle Parfitt*
Michelle Parfitt, Esq., as specifically authorized by committee co-chair Rebecca Love
c/o Ashcraft & Gerel, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006

*/s/ Leigh O'Dell*
Leigh O'Dell, Esq., as specifically authorized by committee co-chair Alishia Landrum
c/o Beasley Allen Law Firm
PO Box 4160
Montgomery, AL 36103

*/s/ Lisa Nathanson Busch*
Lisa Nathanson Busch Esq., as specifically authorized by committee co-chair Patricia Cook
c/o Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10083

17030957v1 (24987.003)