| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel for the*<br>*Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>Susan Sieger-Grimm, Esq.<br>Kenneth J. Aulet, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>ssieger-grimm@brownrudnick.com<br>kaulet@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br>And-<br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 661-9100<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the*<br>*Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| In re:<br>LTL MANAGEMENT, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

# APPLICATION FOR RETENTION OF PROFESSIONAL, OTTERBOURG P.C., EFFECTIVE AS OF APRIL 14, 2023

1.    The Applicant, the Official Committee of Talc Claimants (the "Committee"), is the (check

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1

7445700.1

  all that apply):

  ☐ Trustee: ☐ Chap. 7 ☐ Chap. 11 ☐ Chap. 13

  ☐ Debtor: ☐ Chap. 11 ☐ Chap. 13

  ☒ Official Committee of Talc Claimants for LTL Management LLC (the "<u>Debtor</u>") in the above-captioned case (the "<u>Case</u>")

2. The Applicant seeks to retain the following professional Otterbourg P.C. ("<u>Otterbourg</u>") to serve as (check all that apply)

  ☒ Attorney for: ☐ Trustee ☐ Debtor-in-Possession

     ☒ Official Committee of Talc Claimants for LTL Management LLC

  ☐ Accountant for: ☐ Trustee ☐ Debtor-in-possession

     ☐ Official Committee of _____

  ☐ Other Professional:

  ☐ Realtor ☐ Appraiser ☐ Special Counsel

  ☐ Auctioneer ☐ Other (specify):

3. The employment of the professional is necessary because:

The Committee seeks to retain and employ Otterbourg for a number of beneficial reasons, including, but, not limited to, Otterbourg's familiarity with the circumstances and issues presented in this Case and its extensive knowledge in the field of bankruptcy. The Committee believes Otterbourg is necessary in assisting it in carrying out its responsibility to protect the interests of talc claimants in this Case, and thus seeks to retain Otterbourg effective as of April 14, 2023, the date the Committee selected Otterbourg to serve as its co-counsel and the date on which Otterbourg commenced providing legal services to the Committee.

7445700.1

4. The professional has been selected because:

The Committee believes that Otterbourg is well-qualified to represent it in a cost-effective and efficient manner, especially given Otterbourg's active involvement and first-hand experience in the Debtor's first bankruptcy case, Case No. 21-30589 ("LTL I"). Otterbourg is a nationally recognized law firm established over a century ago and is well-known for and has particular expertise in all facets of bankruptcy. It has vast experience and knowledge in reorganizations under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Otterbourg has particular experience in complex bankruptcies and representations of official and ad hoc committees, including committees in mass tort bankruptcy cases. In addition, Otterbourg can call on the resources of its litigation department, which has particular expertise in litigation relating to insolvency matters. Otterbourg's representation of the Committee will be led by the Honorable Melanie L. Cyganowski (Ret.), former Chief United States Bankruptcy Judge of the United States Bankruptcy Court for the Eastern District of New York and Member of Otterbourg.

Prior to the Committee's selection of Otterbourg as co-counsel, Otterbourg was actively involved in and familiar with LTL I, initially as counsel for the Plaintiffs' Steering Committee (the "PSC") in the multi-district litigation in connection with LTL I, and then as co-counsel to the official committee of talc claimants appointed in LTL I (the "TCC")[2]. As set forth in the Cyganowski Certification, Otterbourg's representation of the PSC in LTL I concluded upon the TCC's selection of Otterbourg as its co-counsel, and Otterbourg's representation of the TCC in LTL I concluded on April 4, 2023.

---

[2] As set forth in the accompanying *Certification in Support of Application for Retention of Professional, Otterbourg P.C., Effective as of April 14, 2023* (the "Cyganowski Certification"), Otterbourg was selected to serve as co-counsel to the TCC. The TCC was then reconstituted and the composition of the statutory committee of talc claimants was amended, resulting in 2 separate committees: Official Committee of Talc Claimants I ("TCC I") and Official Committee of Talc Claimants II. Otterbourg was selected to serve as co-counsel to TCC I. After TCC I was disbanded, effective April 12, 2022, in accordance with the Court's order, the TCC was reinstated and Otterbourg was selected to serve as co-counsel to the TCC.

3

7445700.1

Upon the commencement of this Case, Otterbourg filed notices of appearance (and to the extent necessary, applications to appear pro hac vice) as co-counsel on behalf of an ad hoc group of certain talc claimants (the "Ad Hoc Group"), consisting of nine members of the TCC from LTL I: Alishia Landrum (represented by Beasley Allen Law Firm); Rebecca Love (represented by Ashcraft & Gerel, LLP); Blue Cross Blue Shield of Massachusetts; Tonya Whetsel (represented by Karst von Oiste LLP); Kristie Doyle (represented by Kazan, McClain, Satterley & Greenwood PLC); William A. Henry (represented by Levin Papantonio Rafferty); Randy Derouen (represented by Levy Konigsberg LLP); April Fair (represented by Robinson Calcagnie, Inc.); and Patricia Cook (represented by Weitz & Luxenberg, P.C.).

As set forth in the Cyganowski Certification, upon the Committee's selection of Otterbourg as co-counsel, Otterbourg immediately ceased its representation of the Ad Hoc Group. After the conclusion of its representation of the Ad Hoc Group, Otterbourg promptly commenced providing legal services to the Committee in this Case.

5. The professional services to be rendered may include the following, and solely to the extent necessary depending on the disposition of this bankruptcy case:

   a. assist, advise, and represent the Committee in understanding its powers and its duties under the Bankruptcy Code, the Bankruptcy Rules and Local Rules and in performing other services as are in the interests of those represented by the Committee;

   b. assist with the administration of the Committee, including formation of governance documents, confidentiality agreements and the planning of meetings;

   c. assist with the Committee's review of the acts, conduct, assets, liabilities and financial condition of the Debtor and its affiliates, including certain transactions preceding the bankruptcy filing;

   d. assist, advise, and represent the Committee, including the preparation and filing of any pleadings, with respect to adversary proceeding (Adv. Pro. No. 23-01092) and motion (Dkt. No. 2 in Adv. Pro. No. 23-01092) filed by the Debtor seeking an Order (I) Declaring That the Automatic Stay Applies or Extends to Certain Actions Against Non-Debtors, (II) Preliminarily Enjoining Such Actions, and (III) Granting

4

      a Temporary Restraining Order Ex Parte Pending a Hearing on a Preliminary Injunction (the "PI Motion"), including any appeals and other motions stemming from orders on the PI Motion;

e. assist, advise, and represent the Committee on issues concerning dismissal or conversion under section 1112 of the Bankruptcy Code, or the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

f. prepare necessary applications, motions, answers, orders, reports, and other legal papers on behalf of the Committee, and pursue or participate in contested matters and adversary proceedings as may be necessary or appropriate in furtherance of the Committee's duties, interest, and objectives;

g. represent the Committee in connection with any litigation, disputes or other matters that may arise in connection with this Case or any related proceedings, including avoidance actions and any appeals taken from any orders of the Court;

h. assist, advise, and represent the Committee in its meetings, consultations and discussions with the Debtor and other parties in interest regarding the administration of this Case;

i. assist and advise the Committee in its review and analysis of intercompany transactions and claims;

j. review and analyze all applications, motions, complaints, orders, statements and other pleadings filed with the Court by the Debtor or third parties, and advise the Committee as to their propriety and, after consultation with the Committee, take any appropriate action;

k. represent the Committee at hearings and conferences held before the Court and communicate with the Committee regarding the issues raised, and the decisions of the Court;

l. assist, advise, and represent the Committee in connection with related proceedings, including the multidistrict litigation pending before the United States District Court for the District of New Jersey, *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Multi-District Litigation* (MDL No. 2738) (the "MDL"), to the extent necessary and in furtherance of the responsibilities and duties of the Committee;

m. assist, advise, and represent the Committee in connection with claims review and analysis and any requests to estimate claims or implement a claims reconciliation process, to the extent applicable;

n. assist, advise, and represent the Committee in their participation in the negotiation, formulation, and drafting of a plan of reorganization or liquidation, and review and analysis of any plan of reorganization or liquidation proposed by the Debtor or any other party in interest, to the extent applicable;

5

7445700.1

o. assist, advise, and represent the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases, executory contracts and any financial accommodation agreement;

p. assist, advise, and represent the Committee with respect to its communications with the general creditor body regarding significant matters in this Case and communications with other committees appointed in this Case, any ad hoc committees, and the leadership of the MDL proceeding;

q. respond to inquiries from individual creditors as to the status of, and developments in, this Case; and

r. provide such other services to the Committee as may be necessary in this Case or any related proceedings.

**Description of Protocols to Avoid Unnecessary Duplication of Services**

In light of the size of this Case and scope of related litigation, the Committee determined it was in the talc claimants' best interest to retain multiple law firms. Each of the firms the Committee has proposed to retain serves a distinct purpose from the others:

a. Brown Rudnick LLP serves as lead bankruptcy counsel, providing a deep bench of attorneys with core bankruptcy, bankruptcy litigation and mass tort bankruptcy experience.

b. Otterbourg serves as lead mass tort/litigation counsel and special bankruptcy counsel, providing the unique perspective of a former bankruptcy chief judge and expertise in preliminary injunction and district court litigation.

c. Massey & Gail LLP serves as special counsel, providing unparalleled mass tort and other complex case experience before trial and appellate courts, including the United States Supreme Court.

d. Genova Burns LLC serves as local counsel, one of the few New Jersey firms with appropriate experience that is without conflicts in this Case.

e. MoloLamken LLP serves as the Committee's special counsel for appeals. MoloLamken is a preeminent appellate firm with substantial experience before the highest courts in the country, as well as before the Third Circuit Court of Appeals in LTL I.

Additionally, co-counsel to the Committee has instituted the following multi-step system for efficiency purposes and in order to avoid unnecessary duplication of services:

6

7445700.1

      a.      First, a small group of senior partners confer to determine strategy in consultation with Committee members and their designated representatives.

      b.      Next, one firm is assigned primary responsibility for a task.

      c.      Once a task has been preliminarily completed, it is reviewed by the other firms, allowing the firm to whom the task is assigned to benefit from the extensive knowledge and varying perspectives of co-counsel.

      d.      Once co-counsel have signed off on a particular task, it is circulated to the Committee for review and comment.

Otterbourg believes that the above protocol is consistent with effective management of assignments in a mega bankruptcy case as well as how such matters are handled by large law firms such as those sought to be retained by the Debtor and its affiliates in other bankruptcy cases.

6.      The proposed arrangement for compensation is as follows:

Subject to this Court's approval, and in accordance with section 330(a) of the Bankruptcy Code and any orders of the Court, Otterbourg will charge for its legal services as co-counsel to the Committee on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith. The current hourly rates of Otterbourg professionals are in the following ranges[3]:

| Professional | Rate Per Hour |
|---|---|
| Members / Of Counsel | $710 – $1,620 |
| Associates | $325 – $905 |
| Paralegals | $380 |

Otterbourg has advised the Committee that it intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the

---

[3]     Pursuant to its ordinary practice, Otterbourg generally revises its rates as of October 1st of each year. At least ten (10) days before implementing any increases in Otterbourg's rates for professionals in this Case, Otterbourg shall file a supplemental affidavit with the Court explaining the basis for the rate increases in accordance with section 330 of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7445700.1

Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, any orders establishing procedures for monthly compensation and reimbursement of expenses of professionals, and further orders of this Court. Otterbourg will maintain detailed records of fees and expenses incurred in connection with the rendering of the professional services described above, in accordance with applicable rules and guidelines.

Otterbourg has advised the Committee that it intends to seek compensation for all time and expenses associated with the preparation of this application to retain Otterbourg and related documents, and the preparation of monthly, interim and final fee applications for Otterbourg. It will not bill for the defense of any fee applications, unless otherwise permitted by an order of this Court. Otterbourg will bill any non-working travel time at 50% of the actual time incurred.

In addition, Otterbourg requests that it be reimbursed for any actual and necessary expenses incurred in representing the Committee, including, but not limited to, business meals, photocopies, courier service, computer-assisted research, docket and court filing fees, mail and express mail charges, messenger charges, document processing, telecommunications, travel, court reporting charges, and any other non-ordinary overhead expense such as overtime for secretarial personnel and other staff and any other incidental costs advanced by Otterbourg specifically for the representation of the Committee, in a manner and at rates consistent with charges made generally to Otterbourg's other clients. Photocopies and similar copies will be billed at a reduced rate of $0.10 per page.

Otterbourg has not agreed to share: (a) any compensation it may receive with another party or person, other than with the Members, Of Counsel, and associates of Otterbourg; or (b) any compensation another person or party has received or may receive in connection with this Case. Otterbourg has not received a retainer in connection with this Case.

7. To the best of the Applicant's knowledge, the professional's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee for Region 3 (New Jersey office), is as follows:

☐None

☒Describe connection:

The Cyganowski Certification describes relationships, if any, that Otterbourg has with potentially interested parties, including, but not limited to, the Debtor, the Debtor's creditors, other parties in interest, the United States Trustee, any persons employed in the Office of the United States Trustee for Region 3 (New Jersey office), or the Bankruptcy Judges for the District of New Jersey, and as more specifically set forth on the list of Potentially Interested Parties (as defined in the Cyganowski Certification). Except as disclosed in the Cyganowski Certification, Otterbourg does not hold or represent any interest adverse to the Debtor's estate and does not have any "connections" to Potentially Interested Parties, and Otterbourg believes it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and as used in section 328 of the Bankruptcy Code.

As set forth in the Cyganowski Certification, Otterbourg has represented, currently represents, and may in the future represent certain parties-in-interest or potential parties-in-interest in this Case in other matters *unrelated* to the Debtor, this Case, or such entities' claims against the Debtor.

Otterbourg may have worked with professionals (*e.g.*, as co-counsel or adversaries) in other cases where those professionals represent Potentially Interested Parties in the case and may have represented official or informal committees in which the individual members may have an interest

7445700.1

in this Case. Otterbourg also may represent financial institutions that may have been or are currently lenders to a Potential Party in Interest. As noted, however, Otterbourg has not and will not represent any clients in connection with this Case except for the Committee.

Pursuant to section 1103(b) of the Bankruptcy Code, Otterbourg is not disqualified from acting as the Committee's co-counsel merely because it previously represented or currently represents the Debtor's creditors or other parties-in-interest in matters unrelated to the Debtor or this Case.

The Cyganowski Certification discloses that Otterbourg currently represents, in *unrelated* matters, the Debtor's depository bank, Bank of America, N.A.

The Cyganowski Certification discloses that prior to the Committee's selection of Otterbourg as co-counsel, Otterbourg represented an ad hoc group of certain talc claimants, consisting of nine members of the TCC. Upon the Committee's selection of Otterbourg as co-counsel in this Case on April 14, 2023, Otterbourg immediately ceased its representation of the Ad Hoc Group and Otterbourg promptly commenced providing legal services to the Committee in this Case.

The Cyganowski Certification discloses that in connection with LTL I, Otterbourg represented the PSC. That representation immediately ceased upon the TCC's selection of Otterbourg as its co-counsel in LTL I. The TCC was later reconstituted and 2 separate statutory committees of talc claimants were established in the place of TCC. One of those committees—namely, TCC I—selected Otterbourg to serve as co-counsel. In accordance with the Court's order, the TCC I was disbanded effective April 12, 2022 and the TCC was reinstated. Upon the TCC's reinstatement, Otterbourg was selected to serve as co-counsel to the TCC. On April 4, 2023, the Court entered its *Order (I) Dismissing Debtor's Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b);*

7445700.1

*(II) Establishing Procedures With Respect to Requests for Compensation; and (III) Granting Related Relief* (the "Dismissal Order") [LTL I, Dkt. No. 3938]. On April 4, 2023, LTL Management LLC (as debtor in LTL I) filed its *Notice of Debtor's Intent Regarding Appeals* confirming that it would not pursue the Appeals (as defined in the Dismissal Order), thereby resulting in the automatic dissolution of the TCC pursuant to the terms of the Dismissal Order.

The Cyganowski Certification discloses that Otterbourg was owed a balance for services rendered and expenses incurred in representing the TCC as its co-counsel in LTL I (the "Pre-Petition Balance"). Pending the entry of an order approving the Debtor's motion filed on April 26, 2023 [Dkt. No. 319] for authority to satisfy its obligations under the Dismissal Order, including the final allowance of professional fees and expenses and the payment of such allowed fees and expenses, Otterbourg anticipates that the allowed amount of the Pre-Petition Balance will be paid in connection with LTL I.

The Cyganowski Certification discloses that Otterbourg formerly represented entities in matters *unrelated* to the Debtor and to the matters on which the Committee seeks to retain and employ it. Otterbourg has advised the Committee that it does not and will not represent any of those entities in connection with the Case.

The Cyganowski Certification discloses that Melanie L. Cyganowski of Otterbourg is the duly appointed Receiver for certain entities in an action commenced by the Securities and Exchange Commission that is *unrelated* to this Case. Pursuant to an order of the District Court presiding over that receivership action, Ms. Cyganowski, as Receiver, retained Berkeley Research Group, LLC ("BRG") as tax advisor. BRG was retained by the Legal Representative for Future Talc Claimants in LTL I and is listed as an alleged unsecured creditor by the Debtor in this Case.

Further, the Cyganowski Certification discloses that the spouse of an Otterbourg attorney is a Partner at Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), one of the law firms that has, according to resolutions attached to the Debtor's bankruptcy petition, been approved by the Debtor's board of managers to potentially serve as its counsel in connection with this Case. While the spouse at Skadden is not believed to be involved in this Case, Otterbourg has advised the Committee that the relevant Otterbourg attorney has not and will not be involved in this Case and will not have access to the electronic files maintained by Otterbourg relating to this Case.

Otterbourg does not believe the above are conflicts and the Committee was aware of such representations prior to the selection of counsel. Otterbourg is also retained in cases, proceedings, and transactions *unrelated* to this Case, but that involve many different parties, some of whom have been or who may also be involved in this Case, including professionals employed by the Debtor, claimants, and parties-in-interest in this Case.

As described in the Cyganowski Certification, if and to the extent that Otterbourg has a conflict with respect to a particular client or matter, the Committee will utilize, subject to the Court's approval, other counsel to represent its interest with respect to such client or matter.

Otterbourg has advised the Committee that it will promptly disclose and file a supplemental certification if any information is subsequently discovered that is pertinent to the statements and disclosures made in connection with this Application.

8. To the best of the Applicant's knowledge, the professional (check all that apply):

☒ does not hold an adverse interest to the estate.

☒ does not represent an adverse interest to the estate.

☒ is a disinterested person under 11 U.S.C. § 101(14).

☐ does not represent or hold any interest adverse to the debtor or estate with respect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

7445700.1

☒ other; explain:  See paragraph 7 above.

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows:  N/A

The Applicant respectfully requests authorization to employ the professional to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow:

Date:  May 2, 2023                                    Respectfully Submitted,

**THE OFFICIAL COMMITTEE OF TALC CLAIMANTS**

*/s/ Michelle Parfitt*
Michelle Parfitt, Esq., as specifically authorized by Committee co-chair Rebecca Love
c/o Ashcraft & Gerel, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006

*/s/ Leigh O'Dell*
Leigh O'Dell, Esq., as specifically authorized by Committee co-chair Alishia Landrum
c/o Beasley Allen Law Firm
PO Box 4160
Montgomery, AL 36103

*/s/ Lisa Nathanson Busch*
Lisa Nathanson Busch, Esq., as specifically authorized by Committee co-chair Patricia Cook
c/o Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10083

*Co-Chairs of the Official Committee of Talc Claimants*

7445700.1