**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel:    (973) 467-2700<br>Fax:    (973) 467-8126<br>*Proposed Local Counsel for the*<br>*Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>Susan Sieger-Grimm, Esq.<br>Kenneth J. Aulet, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>ssieger-grimm@brownrudnick.com<br>kaulet@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel:    (212) 209-4800<br>Fax:    (212) 209-4801<br><br>And-<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel:    (212) 661-9100<br>Fax:    (212) 682-6104<br>*Proposed Co-Counsel for the*<br>*Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel:    (202) 652-4511<br>Fax:    (312) 379-0467<br>*Proposed Co-Counsel for the*<br>*Official Committee of Talc Claimants* |

1

| In re:<br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |
|---|---|

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF
OTTERBOURG P.C. AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF
TALC CLAIMANTS EFFECTIVE AS OF APRIL 14, 2023**

The relief set forth on the following page is **ORDERED**.

Dated: _____

_____
THE HONORABLE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY JUDGE

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2

7444180.1

Upon consideration of the Official Committee of Talc Claimants' *Application for Retention of Professional, Otterbourg P.C., Effective as of April 14, 2013* (the "Application"),[2] pursuant to sections 328 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), authorizing and approving the employment of Otterbourg P.C. ("Otterbourg")as co-counsel to the Official Committee of Talc Claimants (the "Committee") appointed in the above-captioned bankruptcy case (the "Case") of LTL Management LLC's (the "Debtor"), effective as of April 14, 2023; and the certification of Melanie L. Cyganowski in support of the Application annexed thereto (the "Cyganowski Certification"); and the Court having jurisdiction to consider the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      The Committee is authorized pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to retain and employ Otterbourg as co-counsel to the Committee effective as of April 14, 2023.

3.      Otterbourg shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Case as set forth in the Application

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

7444180.1

and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules,

the Local Rules, and any other applicable procedures or orders of this Court.

4.    At least ten (10) days before implementing any increases in Otterbourg's rates for

professionals in this Case, Otterbourg shall file a supplemental affidavit with the Court explaining

the basis for the rate increases in accordance with section 330 of the Bankruptcy Code.  All parties

in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds,

including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5.    The Committee and Otterbourg are authorized and empowered to take all actions

necessary to implement the relief granted in this Order.

6.    The Court shall retain jurisdiction to hear and determine all matters arising from

the implementation of this Order.

7.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order

shall be immediately effective and enforceable upon its entry.

8.    Further terms of this Order shall be as follows:

(i)    Otterbourg will only bill 50% for non-working travel and shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Otterbourg's fee applications in this Case;

(ii)   Otterbourg will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines");

(iii)  Otterbourg will use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category"), and may use additional categories that provide additional detail on work performed;

4

7444180.1

(iv)    Otterbourg will provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee; and

(v)    any and all compensation to be paid to Otterbourg for services rendered on the Committee's behalf shall be fixed by application to this Court in accordance with sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be applicable, and any orders entered in this Case governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.

7444180.1