**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel for the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>Susan Sieger-Grimm, Esq.<br>Kenneth J. Aulet, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>ssieger-grimm@brownrudnick.com<br>kaulet@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>And-<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Jennifer S. Feeney, Esq.<br>Michael R. Maizel, Esq.<br>mcyganowski@otterbourg.com<br>jfeeney@otterbourg.com<br>mmaizel@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Special Counsel for the Official Committee of Talc Claimants* |

|  |  |
|---|---|
| In re:<br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

# APPLICATION OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS TO RETAIN AND EMPLOY MASSEY & GAIL LLP AS SPECIAL COUNSEL, EFFECTIVE AS OF APRIL 14, 2023

1. The Applicant, the Official Committee of Talc Claimants (the "Committee"), is the (check all that apply):

    ☐Trustee:    ☐ Chap. 7    ☐ Chap. 11    ☐ Chap. 13

    ☐Debtor:    ☐ Chap. 11    ☐ Chap. 13

    ☒Official Committee of Talc Claimants for LTL Management LLC (the "Debtor") in the above-captioned case (the "Case")

2. The Applicant seeks to retain the following professional Massey & Gail LLP ("Massey & Gail") to serve as (check all that apply)

    ☒Attorney for:    ☐ Trustee    ☐ Debtor-in-Possession

    ☒Official Committee of Talc Claimants for LTL Management LLC

    ☐Accountant for:    ☐ Trustee    ☐ Debtor-in-possession

    ☐Official Committee of _____

    ☐Other Professional:

    ☐Realtor    ☐ Appraiser

    ☐Auctioneer ☐ Other (specify):

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

3. The employment of the professional is necessary because:

This case is not an ordinary bankruptcy proceeding. Rather, it presents novel questions of law. In light of the size of this case and scope of related litigation, the Committee determined it was in the talc claimants' best interest to retain multiple law firms.  To address the scope of the work involved in representing the interests of talc claimants, the law firms retained as counsel to the Committee (the "Committee Advisors") will work in an integrated and coordinated manner to avoid any unnecessary duplication of effort and to ensure the Committee obtains the benefit of each Committee Advisor's collective experience both generally and specifically as to each firm's specialized focus.  The Committee Advisors will invoke a disciplined approach to ensure collaboration and coordination among the Committee Advisors, including as to developing a protocol to avoid duplication of efforts.  Massey & Gail appreciates that the fees incurred in this engagement may be subject to increased scrutiny in light of the integrated approach among Committee Advisors and endeavors to ensure its fees and expenses are reasonable and non-duplicative.

4. The professional has been selected because:

Massey & Gail is well-qualified to represent it in a cost-effective and efficient manner as special counsel.  Massey & Gail is a 23-lawyer boutique with experience in complex litigation presenting novel and difficult legal questions.  Massey & Gail has significant experience in cutting-edge mass tort, fraudulent transfer, successor liability, and similar litigation, as well as in creditors' rights and bankruptcy.  Massey & Gail is well-versed in the issues presented by the Debtor's current bankruptcy proceeding, having represented the Official Committee of Talc Claimants in the Debtor's prior Chapter 11 bankruptcy proceeding before this Court, as well as in the Committee's appeal to the Third Circuit Court of Appeals.

6757646.1

5. The professional services Massey & Gail will render as special counsel to the Committee include, without limitation:

   a. Provide recommendations and input for legal strategies, tactics, and positions to be taken by the Committee, including those in response to motions and other actions taken by others in the bankruptcy case as well as with respect to motions filed strategies to be implemented by the Committee, whether in or out of court, as requested by the Committee;

   b. Be assigned to handle, whether the Committee is the movant or respondent, specific motions, including legal briefing, for various relief filed in the bankruptcy court, to avoid duplication with other Committee counsel, as requested by the Committee;

   c. Participate as a Committee presenter in bankruptcy hearings on specific topics for significant motions, avoiding duplication of work with other Committee counsel, as requested by the Committee;

   d. Provide strategic advice to the Committee, as requested by the Committee; and

   e. Provide such other services to the Committee as may be necessary in this Case or any related proceedings.

6. Massey & Gail will coordinate with the Committee's other counsel in order to maximize efficiency and avoid unnecessary duplication of effort. In light of the size of this case and scope of related litigation, the Committee determined it was in the talc claimants' best interest to retain multiple law firms. Each of the firms the Committee has proposed to retain serves a distinct purpose from the others:

   a. Brown Rudnick serves as lead bankruptcy counsel, providing a deep bench of attorneys with core bankruptcy, bankruptcy litigation and mass tort bankruptcy experience.

   b. Otterbourg serves as lead mass tort/litigation counsel and special bankruptcy counsel, providing the unique perspective of a former

4

6757646.1

<ul>
<li>bankruptcy chief judge and expertise in preliminary injunction and district court litigation.</li>
</ul>

<ol>
<li>c. Massey & Gail serves as special counsel, providing unparalleled mass tort and other complex case experience before trial and appellate courts, including the Supreme Court.</li>
<li>d. Genova Burns serves as local counsel, one of few New Jersey firms with appropriate experience that is without conflicts in this case.</li>
<li>e. MoloLamken serves as the Committee's special counsel for appeals. MoloLamken is a preeminent appellate firm with substantial experience before the highest courts in the country, as well as before the Third Circuit Court of Appeals in LTL I.</li>
</ol>

Additionally, co-counsel to the Committee has instituted the following multi-step system for efficiency purposes and in order to avoid unnecessary duplication of services:

<ol>
<li>a. First, a small group of senior partners confer to determine strategy in consultation with Committee members and their designated representatives.</li>
<li>b. Next, one firm is assigned primary responsibility for a task.</li>
<li>c. Once a task has been preliminarily completed, it is reviewed by the other firms, allowing the firm to whom the task is assigned to benefit from the extensive knowledge and varying perspectives of co-counsel.</li>
<li>d. Once co-counsel have signed off on a particular task, it is circulated to the Committee for review and comment.</li>
</ol>

Massey & Gail believes that the above protocol is consistent with effective management of assignments in a mega bankruptcy case as well as how such matters are handled by large law firms such as those sought to be retained by the Debtor and their affiliates in other bankruptcy cases.

6. The proposed arrangement for compensation is as follows:

The terms of employment of Massey & Gail agreed to by the Official Committee, subject to the approval of the Court, are that the attorneys and other personnel within the firm will undertake this representation at their standard hourly rate, plus disbursements.

Partners:    $860 – $1160

    Counsel:        $800

    Associates:    $485 – $595

    Paralegals:    $320

These hourly rates are subject to periodic adjustments to reflect economic and other conditions, and with respect to those below the level of senior partner, to reflect their increased experience and expertise.

Massey & Gail has advised the Committee that it intends to seek compensation for all time and expenses associated with the preparation of this application to retain Massey & Gail and related documents, and the preparation of monthly, interim or final fee applications for Massey & Gail.

7.    To the best of the Applicant's knowledge, the professional's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

☐None

☒Describe connection:

Massey & Gail served as Special Counsel for the Official Committee of Talc Claimants (the "Original Committee") in the Debtor's previous bankruptcy case number 21-30589 ("LTL I"). In connection with Massey & Gail's retention by the Original Committee, Massey & Gail disclosed all relevant connections and was found to have been eligible to be retained. Massey & Gail examined the involvement of this Debtor and non-debtor affiliates, creditors, and other parties-in-interest (collectively, the "Case Parties"). The list of Case Parties is attached as *Schedule 1* to the certification of Jonathan S. Massey, Esq., in support of this application (the "Massey Certification"). Massey & Gail does not have a connection to any of the Case Parties except as set forth within and in the Massey Certification.

6757646.1

As of the Court's entry of the Dismissal Order on April 4, 2023, Massey & Gail was owed $182,502.90 for services rendered and expenses incurred in representing the Committee as its Special Counsel in LTL I (the "Pre-Petition Balance"). On April 26, 2023, the Debtor filed a motion seeking the entry of an order authorizing it to satisfy its obligations under the Dismissal Order, including the final allowance of professional fees and expenses and the payment of such allowed fees and expenses (the "Obligations Motion"). [Dkt. No. 319]. Pending entry of an order approving the Obligations Motion, Massey & Gail anticipates that the allowed amount of the Pre-Petition Balance (the "Allowed Pre-Petition Fee Claim") will be paid in connection with LTL I.

During the time beginning with the Debtor's filing this case, through Massey & Gail's retention by the Committee, Massey & Gail represented an Ad Hoc Committee of Certain Talc Claimants (the "AHC"). The AHC consisted of nine members of the Original Committee—Alishia Landrum, Rebecca Love, Blue Cross Blue Shields of Massachusetts, Tonya Whetsel, Kristie Doyle, William A. Henry, Randy Derouen, April Fair and Patricia Cook—each of whom are also members appointed to the Committee in this Case. Other than its concluded representation of the AHC, Massey & Gail will not represent any entity other than the Committee in this Case.

For the reasons stated herein, based on the conflicts search conducted to date and described here, to the best of my knowledge Massey & Gail is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and as used in section 328(c) of the Bankruptcy Code, and does not have an interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity holders of the Debtor.

If Massey & Gail discovers any information that is contrary to or pertinent to the statements made herein, Massey & Gail will promptly disclose such information to the Court by filing and serving a supplemental affidavit on the Committee, the U.S. Trustee, counsel to the Debtor, and all parties who have filed a notice of appearance in this Case.

8. To the best of the Applicant's knowledge, as provided herein, the professional

(check all that apply):

☒ does not hold an adverse interest to the estate.

☒ does not represent an adverse interest to the estate.

☒is a disinterested person under 11 U.S.C. § 101(14).

☒ does not represent or hold any interest adverse to the debtor or estate with respect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

☒other; explain:  See paragraph 7 above.

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows:  N/A

The Applicant respectfully requests authorization to employ the professional to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow:

Dated: May 3, 2023                             Respectfully Submitted,

**THE OFFICIAL COMMITTEE OF TALC CLAIMANTS**

*/s/ Michelle Parfitt*
Michelle Parfitt, Esq., as specifically authorized by committee co-chair Rebecca Love
c/o Ashcraft & Gerel, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006

*/s/ Leigh O'Dell*
Leigh O'Dell, Esq., as specifically authorized by committee co-chair Alishia Landrum
c/o Beasley Allen Law Firm
PO Box 4160
Montgomery, AL 36103

*/s/ Lisa Nathanson Busch*
Lisa Nathanson Busch Esq., as specifically authorized by committee co-chair Patricia Cook
c/o Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10083

6757646.1