UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

**Caption in Compliance with D.N.J. LBR 9004-1(B)**
Mark Falk, Esq.
Stephen V. Falanga, Esq.
Liza M. Walsh, Esq,
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
*Counsel for Randi S. Ellis, Proposed Legal Representative for Future Talc Claimants*

---

| In Re: | Case No.: 23-12825 |
|---|---|
| LTL Management, LLC, | Judge: Michael B. Kaplan |
| Debtor. | Chapter: 11 |

## AMENDED SUPPLEMENTAL DECLARATION OF RANDI S. ELLIS

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Randi S. Ellis declares as follows:

1. I submit this supplemental declaration in support of the Debtor's Motion for an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants (the "Motion").

2. I have read the filed objections to the Debtor's Motion to appoint me as the Legal Representative for Future Talc Claimants ("FCR") in this case. Unfortunately, the objections are all based on misconceptions and inaccurate information. I vehemently disagree with the arguments proffered and the unsupported accusations lodged. Given my respect for this Court and the seriousness with which I take my role in representing future claimants, I will not engage in kind.

3. At all times since March 18, 2022, the date of my appointment in the first LTL bankruptcy case, I have been cognizant of the trust and confidence this Court placed in me and my duty to the future talc claimants, my only constituents. I have diligently gathered as much information as possible and analyzed the strengths and weaknesses of the claims, in an effort to maximize recoveries for all future talc claimants. To that end, I have worked with the TCC to educate myself regarding the applicable facts from their perspective. Although understandable, they were unwilling to share certain information pending a ruling by the Third Circuit, I respected those parameters. Similarly, I worked with the Debtor to obtain as much information as I could for my retained professionals to assist me with estimating the number of potential future claims and their values. Lastly, my retained professionals and I conducted our own research in order to best represent the future claimants' interests.

4. From March 18, 2022, the date of my appointment until April 4, 2023, the day of my discharge, I followed this Court's orders regarding my appointment and role as a fiduciary for future talc claimants in the first LTL bankruptcy filing. Similarly, until the day of discharge I followed this Court's orders and encouragement to engage in good faith in the mediation process including discussions with the mediators, Debtor, and the TCC. I understood that all parties were doing the same. As supported by and reflected in the filed fee applications ALL PARTIES, including the TCC, participated in the mediation and settlement process after the Third Circuit decision and the date of discharge. See Exhibit A – summary of Fee Applications of the Debtor, TCC, and their respective professionals.

5. Indeed, after the 3rd Circuit rendered an opinion the TCC reached out to gather information from me and my retained professionals on future claims and indicated that my retained professionals should continue their work.

6. Throughout the time of my appointment, I maintained my independence from the TCC and the Debtor, although both worked diligently to convince me that their positions were correct.

7. At no time did I commit or express to either support or reject any proposals that were presented to me by the Court-appointed expert, mediators, the Debtor, Johnson and Johnson, or the TCC.

8. At no time was I offered, nor did I seek or accept any promises in exchange for supporting any party's position. I have no knowledge of my name being included on documents prepared by the Debtor as a claims administrator of any proposed settlement or plan and had no control over the actions of the Debtor.

9. I was approached to provide a declaration in support of LTL filing a second bankruptcy petition. I considered such because the Court encouraged the parties to continue settlement efforts and I believed it would have been a dereliction of my duties not to consider any proposed resolution options. After consideration, I declined to sign the declaration.

10. While I was generally aware there were ongoing discussions about a proposal of a plan, I was not involved in any discussion or negotiations regarding a plan or plan support agreement. I was not aware of the terms set forth in the plan support agreement and had I been aware of such terms, I would have needed additional time for my retained professionals to review the terms, complete their work, and advise me before I could make any decisions.

11. There are several statements in certain filed oppositions that there is a term in the proposed plan that caps the liability of LTL and J&J. I did not agree to any terms of any proposed

plan and more specifically have never discussed capping the recovery of future claimants to a portion of any settlement.

12. I am honored to have been appointed by the Court and to have independently served as the Representative for Future Talc Claimants in the first LTL Bankruptcy. Unfortunately, it appears from the objections to my appointment in the second LTL Bankruptcy that my independence is now being used against me. That is most unfortunate because I did not and would not at any time compromise the duties bestowed on the FCR.

13. I recognize and understand it is within the Court's discretion to appoint the FCR in this case. I believe that I am able to serve in that role and as stated in my prior Declaration, if appointed, I would be able to act in accordance with a duty of independence from the Debtor and other parties in interest in this case and a duty of undivided loyalty to the future talc claimants.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: May 4, 2023

*Randi S. Ellis*
Randi S. Ellis