# **EXHIBIT C**

**Disclosure of Compensation**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | **BLAKE, CASSELS & GRAYDON LLP**<br>Linc Rogers<br>199 Bay Street, Suite 4000<br>Toronto, Ontario M5L 1A9<br>Telephone: 416-863-2400<br>Fax: 416-863-2653<br>Email: linc.rogers@blakes.com<br><br>*PROPOSED SPECIAL COUNSEL FOR DEBTOR* |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

**DISCLOSURE OF COMPENSATION OF BLAKE, CASSELS & GRAYDON LLP**

Pursuant to Section 329(a) of the Bankruptcy Code and Rule 2016(b) of the Federal

Rules of Bankruptcy Procedure, I, Linc Rogers, hereby certify as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1. I am a partner with the law firm of Blake, Cassels & Graydon LLP ("Blakes") and am duly authorized to make this Disclosure of Compensation on behalf of Blakes in connection with the *Application for Retention of Blake, Cassels & Graydon LLP, Effective as of April 4, 2023* (the "Application").[2] The facts set forth in this Disclosure of Compensation are personally known to me and, if called as a witness, I could and would testify thereto.

2. With regards to compensation prior to the Petition Date, the Debtor paid Blakes for its services in connection with the 2021 Chapter 11 Case pursuant to the interim compensation order entered in that case throughout the pendency of the 2021 Chapter 11 Case.

3. On April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, Blakes received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 Case.

4. In particular, following entry of the Dismissal Order, on April 4, 2023, the Debtor paid Blakes $383,770.78 CAD ($292,954.80 USD) via wire transfer (the "Payment"). This amount comprises (a) $158,770.78 CAD ($121,199.07 USD) on account of actual and estimated fees and expenses for which the Debtor was responsible and that were incurred but not yet paid in the 2021 Chapter 11 Case through the entry of the Dismissal Order (the "Pre-Dismissal Amounts"),[3] and (b) $225,000.00 CAD ($171,755.73 USD) for Blakes' estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Application.

[3] Consistent with the Debtor's indemnity obligations, this amount also included outstanding actual and estimated fees and expenses owed to Blakes by J&J for services provided during the pendency of the 2021 Chapter 11 Case prior to the entry of the Dismissal Order. See *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 4] ¶¶ 13-25 (providing that the Debtor is solely responsible for the talc-related liabilities of Old JJCI)

to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts"). The Payment was applied to the Pre-Dismissal Amounts and the Post-Dismissal Amounts prior to the commencement of this Chapter 11 Case. Accordingly, as of the Petition Date, Blakes was not owed any amounts by the Debtor.

5.  This payment to Blakes was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance with the procedures set forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5. Blakes served such a statement on the Debtor.[4]

6.  Blakes did not hold a retainer (a "Retainer") as of the Petition Date. Blakes expects to: (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and the Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c) disclose such adjustment in its first interim fee application. If, following reconciliation, any estimated amounts included in either the Pre-Dismissal Amounts or the Post-Dismissal Amounts, respectively, exceeded Blakes' unbilled actual fees and expenses incurred in the respective periods, the balance will be added to the Retainer and applied by Blakes consistent with the terms of any Interim Compensation Order.

---

[4] On April 26, 2023, the Debtor filed a motion for authorization to satisfy the fees and expenses of the other estate professionals involved in the 2021 Chapter 11 Case per the terms of the Dismissal Order. See Dkt. 319.

3

Blakes will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including any Interim Compensation Order. Blakes agrees to waive all actual fees and expenses, if any, owed by the Debtor that were unpaid by the Payment.

7. Blakes requests that it be permitted to hold any amounts comprising the Retainer (following the reconciliation described herein) as a postpetition retainer subject to the terms of the Interim Compensation Order.

8. An accounting of prepetition payments made to Blakes by the Debtor in the one-year period preceding the Petition Date is attached hereto as Schedule 1.

9. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor Blakes, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Chapter 11 Case, other than as permitted by the Bankruptcy Code. Blakes has not agreed to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure in respect of the sharing of compensation among Blakes' partners.

Date: May 4, 2023

*/s/ Linc Rogers*
Linc Rogers
Blake, Cassels & Graydon LLP
199 Bay Street, Suite 4000
Toronto, Ontario M5L 1A9
Telephone: 416-863-2400
Fax: 416-863-2653
Email: linc.rogers@blakes.com

# SCHEDULE 1

Accounting Summary of Payments

| DATE | INVOICE AMOUNT (CAD) | TRANSACTION | PAYMENTS RECEIVED[1] (CAD) |
|---|---|---|---|
| | **PAYMENTS RECEIVED FOR SERVICES TO THE DEBTOR IN CONNECTION WITH 2021 CHAPTER 11 CASE** | | |
| April 8, 2022 | $237,020.99 | Interim payment for monthly statement to December 15, 2021 | $195,219.71 |
| April 8, 2022 | $113,581.37 | Interim payment for monthly statement to December 31, 2021 and January 2022 monthly statement | $97,859.61 |
| April 21, 2022 | $101,070.35 | Interim payment for February 2022 monthly statement | $83,238.43 |
| June 3, 2022 | $63,884.20 | Interim payment for March 2022 monthly statement | $52,633.90 |
| June 28, 2022 | $29,574.92 | Interim payment for April 2022 monthly statement | $24,340.42 |
| July 18, 2022 | $40,490.04 | Interim payment for May 2022 monthly statement | $33,323.66 |
| July 18, 2022 | $39,984.64 | Balance of holdback amount of First Interim Fee Application, after deduction of agreed reduction | $39,984.64 |
| November 21, 2022 | $3,756.12 | Balance of September 2022 monthly statement, after reconciliation of HST Credit | $3,756.12 |

---

[1] The interim payments received by Blakes during the 2021 Chapter 11 Case for monthly statements reflect payments of 80% of the fees and 100% of the expenses requested in the respective monthly statements. The holdbacks of fees were subsequently paid to Blakes upon interim approval of the amounts. The Dismissal Order approved on a final basis all fees and expenses previously allowed on an interim basis.

| Date | | Transaction | |
|---|---|---|---|
| December 21, 2022 | $17,162.20 | Interim payment of October 2022 monthly statement | $13,793.76 |
| February 9, 2023 | $6,941.20 | Interim payment of November 2022 monthly statement | $5,552.96 |
| February 23, 2023 | $6,786.20 | Interim payment of December 2022 monthly statement | $5,438.96 |
| March 20, 2023 | $8,884.48 | Balance of holdback amount for Third Interim Fee Application, after deduction of agreed reduction | $8,884.48 |
| March 28, 2023 | $23,254.30 | Interim payment of January 2023 monthly statement | $18,603.44 |
| April 4, 2023 | $158,770.78 | Payment of actual and estimated fees and expenses incurred during 2021 Chapter 11 Case through Dismissal Date pursuant to Dismissal Order | $158,770.78 |
| **POST-DISMISSAL AMOUNTS FOR SERVICES TO THE DEBTOR** | | | |
| DATE | INVOICE AMOUNT | TRANSACTION | PAYMENTS RECEIVED |
| April 4, 2023 | $225,000.00 | Post-dismissal estimated fees and expenses | $225,000.00 CAD |
| **TOTAL POST-DISMISSAL PAYMENT RECEIVED FROM THE DEBTOR:** | | | $225,000.00 CAD |
| **PREPETITION BALANCE** | | | |
| **BALANCE OF FEES AND EXPENSES AS OF THE PETITION DATE:** | | | **$0.00** |