**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>             Debtor. | Chapter 11<br><br>Case No.:  23-12825 (MBK)<br><br>Judge:  Michael B. Kaplan |

### APPLICATION FOR RETENTION OF WOLLMUTH MAHER & DEUTSCH LLP, AS CO-COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO APRIL 4, 2023 AND CERTIFICATE OF COMPLIANCE WITH D.N.J. LBR 2014-1(a)

1.      The applicant, LTL Management LLC (the "Debtor" or "LTL Management"), is the (check all that apply):

☐ Trustee:        ☐ Chap. 7        ☐ Chap. 11        ☐ Chap. 13.

☒ Debtor:        ☒ Chap. 11        ☐ Chap. 13

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

☐ Official Committee of _____

2.    The applicant seeks to retain the following professional, Wollmuth Maher &

Deutsch LLP ("WMD"), *nunc pro tunc* to April 4, 2023, to serve as (check all that apply):

☒ Attorney for:        ☐ Trustee        ☒ Debtor-in-Possession

☐ Official Committee of _____

☐ Accountant for:      ☐ Trustee        ☐ Debtor-in-possession

☐ Official Committee of _____

☐ Other Professional:

      ☐ Realtor          ☐ Appraiser          ☐ Special Counsel

      ☐ Auctioneer      ☐ Other (specify): _____

3.    The employment of the professional is necessary because:

The Debtor requires New Jersey legal counsel to perform the legal services that are

essential during the pendency of the case.

4.    The professional has been selected because:

WMD is uniquely situated to serve as Debtor's counsel in this case because of its

experience serving as its counsel in the Debtor's previous chapter 11 case. On October 14, 2021,

the Debtor commenced a reorganization case (the "2021 Chapter 11 Case") by filing a voluntary

petition for relief under title 11 of the United States Code (the "Bankruptcy Code"). On

December 16, 2021, an order [No. 21-30589, Dkt. 851] was entered approving the retention of

2

WMD as counsel for the Debtor (the "2021 WMD Retention Order"). On January 30, 2023, the United States Court of Appeals for the Third Circuit issued an opinion and judgment which provided that the 2021 Chapter 11 Case should be dismissed. On March 31, 2023, the certified judgment was issued. On April 4, 2023, this Court entered an order [No. 21-30589, Dkt. 3938] (the "Dismissal Order") dismissing the 2021 Chapter 11 Case. In addition to serving as the Debtor's counsel in the 2021 Chapter 11 Case, WMD has considerable other experience in the fields of bankruptcy, business reorganizations, debtor-creditor rights, asset liquidation and other areas of law applicable to this Chapter 11 proceeding. The Debtor believes that WMD is well qualified to represent it as counsel in this case.

5.    The professional services to be rendered are to assist the Debtor in all aspects of this Chapter 11 proceeding, including:

a.   advise the Debtor regarding its rights, powers and duties in continuing to operate and manage its assets and properties under chapter 11 of the Bankruptcy Code;

b.   prepare on behalf of the Debtor all necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules and other documents, and review all financial and other reports to be filed in the Chapter 11 Case;

c.   advise the Debtor concerning, and prepare responses to, applications, motions, other pleadings, notices and other papers that may be filed by other parties in the Chapter 11 Case, and appear on behalf of the Debtor in any hearings or other proceedings relating to those matters;

d.   advise and assist the Debtor in negotiations with the Debtor's stakeholders;

3

e.  advise the Debtor concerning executory contract and unexpired lease issues;

f.  advise the Debtor in connection with the formulation, negotiation and promulgation of any plan of reorganization, disclosure statement and related transactional documents;

g.  assist the Debtor in reviewing, estimating and resolving claims asserted against the Debtor's estate;

h.  commence and conduct litigation that is necessary and appropriate to assert rights held by the Debtor, protect assets of the Debtor's chapter 11 estate or otherwise further the goal of completing the Debtor's successful reorganization;

i.  provide non-bankruptcy services for the Debtor to the extent requested by the Debtor, including, among others, advice related to corporate governance;

j.  perform all other necessary and appropriate legal services in connection with the Chapter 11 Case for or on behalf of the Debtor, as requested by the Debtor; and

k.  coordinate with the Debtor's other legal professionals to avoid duplication of work product.

6.      The proposed arrangement for compensation is as follows:

Compensation on an hourly basis as approved by the Court upon the filing of fee applications and as more fully set forth in the Certification of Paul R. DeFilippo filed simultaneously herewith. After dismissal of the 2021 Chapter 11 Case and prior to the filing of the petition in this Chapter 11 proceeding, the Firm was paid the sum of $413,758.55 by the Debtor in full satisfaction of all outstanding amounts due and owing prior to the filing of the petition, including but not limited to unpaid invoices and holdback amounts due and owing to the

Firm from the 2021 Chapter 11 Case (the "Pre-Petition Payment"). The Debtor made the Pre-

Petition Payment in full, after the dismissal of the 2021 Chapter 11 Case and before the filing of

the petition initiating this proceeding.

This payment to the Firm was made in accordance with the terms of the Dismissal Order,

which provides that a Retained Professional (as defined therein) may "seek final allowance and

payment of compensation and reimbursement of expenses" in accordance with the procedures set

forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid

fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal Date" on the

Debtor "no later than 45 days following the Dismissal Date." Dismissal Order, ¶ 5. The Firm

served such a statement on the Debtor.[2]

The Firm also received $186,000.00 after dismissal of the 2021 Chapter 11 Case and

before filing of this case for the Firm's estimated fees and expenses incurred following dismissal

of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case, subject to

Court approval in accordance with the requirements of the Bankruptcy Code and/or procedures

of any interim fee application entered by the Court. The Debtor does not believe that the Pre-

Petition Payment to the Firm, was preferential for several reasons, including that the Pre-Petition

Payment was on account of a debt incurred by the Debtor in the ordinary course of its business or

financial affairs and made pursuant to a Court order and therefore in the ordinary course of

business or financial affairs of the Debtor and the Firm. Further, all payments made to the Firm

in the year preceding the Petition Date were made pursuant to Court Orders.

---

[2]    On April 26, 2023, the Debtor filed a *Motion for an Order Authorizing It to Satisfy Its Obligations Under this Court's Dismissal Order Entered in the Debtor's Prior Chapter 11 Case*, per the terms of the Dismissal Order. Dkt. 319.

In addition, the Debtor was solvent at the time it made this payment to the Firm. See <u>LTL</u>
<u>Mgmt., LLC v. Those Parties Listed on Appendix A to Complaint (In re LTL Mgmt., LLC)</u>, 64
F.4th 84, 761 (3d Cir. 2023) ("LTL, at the time of its filing, was highly solvent with access to
cash to meet comfortably its liabilities as they came due for the foreseeable future."); <u>see</u> <u>also</u>
Apr. 18, 2023 Hr'g Tr. 62:21-25 (the Debtor's chief legal officer testifying that Johnson &
Johnson Holdco (NA) Inc. ("<u>Holdco</u>"), the party to the Funding Agreement with the Debtor, is
valued at around $30 billion); <u>id.</u> at 207:3-4 (counsel for the Debtor reiterating that the value of
Holdco is $30 billion).

7.     To the best of the applicant's knowledge, the professional's connection with the
debtor, creditors, any other party in interest, their respective attorneys and accountants, the
United States trustee, or any person employed in the office of the United States trustee, is as
follows:

☐ None

☒ Describe connection:

In the past, WMD has represented ACE Property & Casualty Insurance Company and/or
ACE Insurance Group n/k/a Chubb and/or their affiliates and WMD currently represents
American International Group, AIU Insurance Company, and Resolute Management Inc., which
have been identified as potential parties in interest in this proceeding. The foregoing matters are
completely unrelated to any matters on which the Firm will render services concerning the
Debtor or its estate. The Firm has not been retained to represent any entity other than the Debtor
on matters relating to, or in connection with, this chapter 11 case. Any services that the Firm may

continue to provide to entities that may be creditors or parties in interest in this chapter 11 case will not relate to, or have any direct connection with, this chapter 11 case.

8.      To the best of the applicant's knowledge, the professional (check all that apply):

☒ does not hold an adverse interest to the estate.

☒ does not represent an adverse interest to the estate.

☒ is a disinterested person under 11 U.S.C. § 101(14).

☒ does not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

☐ Other; explain: _____

9.      If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

The applicant respectfully requests authorization to employ the professional to render services in accordance with this application, *nunc pro tunc* to April 4, 2023, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

<br>

JOHN K. KIM, Chief Legal Officer of LTL
Management LLC

Date: May 4, 2023

*/s/ John K. Kim*
John K. Kim

<br>

WOLLMUTH MAHER & DEUTSCH LLP
Proposed Co-Counsel to the Debtor and
Debtor-in-Possession

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo
James N. Lawlor