## Exhibit A

### Engagement Letter



Thomas W. Ladd
Partner

T. 973-639-7986
F. 973-297-3890

tladd@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056

www.mccarter.com

April 28, 2023

John K. Kim, Esq.
Chief Legal Officer
LTL Management LLC
501 George St.
New Brunswick, NJ 08933
jim8@its.jnj.com

**Re:    Engagement Letter**

Dear John:

We thank you for asking the firm to represent LTL Management LLC ("LTL").  This letter and the enclosed Terms of Engagement will describe the basis on which our firm will provide legal services to LTL.

You have engaged us to represent LTL as special insurance counsel in connection with coverage issues that may arise in its reorganization case under Chapter 11 of the Bankruptcy Code, currently pending in the United States Bankruptcy Court, District of New Jersey, and styled *In re LTL Management, LLC,* Case No. 23-12825 (MBK).  We understand this engagement is subject to approval by the Bankruptcy Court.  As you are aware, we are representing certain Johnson & Johnson entities (non-debtor affiliates of LTL) in insurance coverage matters.  We do not believe such representation presents a conflict at this time.  We plan to make a disclosure of disinterestedness in this regard in the appropriate retention application to the Bankruptcy Court in the *In re LTL Management LLC*, Case No. 23-12825 matter.

Additionally, you have engaged us to represent LTL as appellate and litigation counsel in connection with certain appellate matters pending in New Jersey State Court, as well as dealing with issues pending in the talc/mesothelioma cases pending in New Jersey State Court.  Our representation as appellate and litigation counsel is anticipated to be limited to addressing matters relating to the automatic stay as it relates to LTL (i.e., filing notices of the bankruptcy court and the stay and dealing with any stay violations or potential violations as to LTL) to the extent such matters are stayed by the automatic stay, but will include representation of LTL in those matters as litigation or appellate counsel, as necessary.

I will be the lawyer at the firm with the primary responsibility for matters relating to our retention as special insurance counsel.  John Garde will be the lawyer at the firm with the primary responsibility as appellate and litigation counsel for the matters described above.  As indicated in the Terms of Engagement, our fees are based upon our hourly rates.  My current hourly rate is $880.  Others who will work on these matters are John Garde $700, Jennifer Farina $650, Steven Weisman $880, Alexandra DiFusco $440, Georgia Bender $400, Daniel McCann $400, Carla Landry $305, Deborah Brown $305 and Brenda Sherman $280.  Other attorneys and staff may assist with this matter as the need arises.

Please review the Terms of Engagement carefully.  Let me know if you have any questions about it.  If all the terms are satisfactory, please indicate LTL's consent by signing below and returning a copy to me by electronic mail.

ME1 44742858v.1

Page 2

We look forward to working with you on this matter.

Very truly yours,

*[signature: Thomas W. Ladd]*

Thomas W. Ladd

The provisions of this letter and the Terms of Engagement are agreed to:

LTL Management LLC

By: _____

Title: __Chief Legal Officer__

Dated: __4/28/23__

ME1 44742858v.1

**TERMS OF ENGAGEMENT**

The information below describes the terms that apply to the legal services provided for you by McCarter & English, LLP.  We encourage you to discuss any of these terms with us at any time.  If modifications to the terms are needed, you must discuss that with us so that agreement on changes can be reached and reduced to writing.  Any amendment or modification of this engagement letter or these Terms of Engagement, including our agreement on the amount of fees and expenses and the timing for their payment, shall be effective only if agreed by us in writing and only upon written approval of the Managing Partner of McCarter & English, LLP.  All references to "you" or "your" means the client or clients identified in our engagement letter.  Individuals or entities that are related to or affiliated with you, such as partners, officers, directors, stockholders, parent companies, related companies, or family members, are not clients, unless we otherwise agree in writing.

**Scope of Work**.  The scope of the work we will do for you is limited to the description stated in our engagement letter.  Any changes or additions to the scope of our work must be agreed to and memorialized by letter or email.  Unless that description states otherwise, our engagement does not include responsibility for (1) review of your insurance policies to determine the possibility of coverage for our fees and costs or for the claim asserted, (2) notification of your insurance carriers about the matter, (3) advice to you about your disclosure obligations concerning the matter under the federal securities laws or any other applicable law, or (4) advice to you about tax issues that relate to the matter.  If we agree to represent you in additional matters, we will do so in writing by letter or email, and the terms of our engagement will remain the same for these additional matters unless changed by agreement in writing.

**Staffing**.  One lawyer will have the primary responsibility for our relationship.  We assign additional lawyers and other personnel when needed based upon the type of work and the appropriate experience level required.

**Financial Arrangements**

**(1) Fees and expenses.**  Our fees are based upon the hourly rates of our lawyers and other personnel in effect when the services are performed.  These rates change periodically, generally on an annual basis, based upon economic factors and the experience level and expertise of our personnel.  Expenses include items such as filing fees, travel costs, overnight or other special mail services, messenger services, photocopies, outgoing faxes, research service charges (e.g. LEXIS), secretarial and other staff overtime charges (when required to meet the needs of the matter), and other special services such as document imaging.  Some large disbursements may be forwarded to you for direct payment.  Some charges may not be in the system at the time of monthly billing and will appear on a later bill.

**(2) Retainers**.  The provisions relating to any retainer required are set forth in the engagement letter.

**(3) Billing and Payment.**  We generally forward our statements monthly.  The statements will include a brief description of each item of work performed, the date performed, the time required to do the work and the expenses incurred.  Please let us know if you need additional information on the bills and we will try to accommodate your request.  Payment is due promptly upon receipt of our statement.  We reserve the right to terminate our representation of clients who do not pay promptly.  We do not and cannot guarantee the outcome of any matter, and payment of our fees and disbursements is not conditioned on any particular outcome.  You agree that if we bring an action to collect amounts due us that we will be entitled to recover the costs and fees incurred by us.  You consent to venue and jurisdiction where we have an office with attorneys who worked on your behalf, and agree to waive a trial by jury in any such action.  If we are required to testify, produce documents, or respond to other requests in connection with proceedings commenced by third parties that relate to our representation of you, you will pay us our reasonable fees and costs incurred.

**Conflicts of Interest**.  Recognizing and addressing conflicts of interest is a continuing issue for attorneys and clients.  We have implemented procedures to identify conflicts at the outset of each engagement.  It is possible that during our representation of you, some of our present or future clients will have disputes or

transactions with you. We are accepting this engagement with your understanding and express consent that our relationship with you will not preclude us from continuing or accepting an engagement from a new or existing client, even if the interests of such clients are directly adverse. However, we will not accept an engagement that is directly adverse to you if either: (1) it would be substantially related to the subject matter of our representation of you, or (2) we have obtained from you proprietary or other confidential information of a nonpublic nature that, if known to our other client, could be used in any such other matter by such client to your material disadvantage. You should understand that having similar agreements with other clients helps preserve our ability to continue to represent you.

**Emails**. We encourage the use of email as an efficient means of communication. However, emails can be delayed or blocked (for example, by anti-spam software). You must not assume that an email message sent to us was actually opened and read by us unless you receive a non-automated reply message indicating that we have read your message. In addition, you should be aware that there are risks in sending or receiving emails and other electronic communications using a computer or other device, or e-mail account, where there is a significant risk that a third party may gain access to the communication. Accordingly, you should avoid using a workplace computer or system for a personal client-lawyer communication, or a borrowed computer or a public computer, such as in a hotel or library, for any client-lawyer communication with us, particularly any sensitive or substantive client-lawyer communication.

**Conclusion of Representation**. Our representation of you will terminate when we send you our final statement for services rendered in this matter. We may also terminate our representation for any reason consistent with ethical rules, including conflicts of interest or your failure to pay our fees and expenses. Following termination, any nonpublic information you have supplied to us which is retained by us will be kept confidential in accordance with applicable rules of professional conduct. Once our representation is concluded, we will not be obligated to take any steps such as keeping track of deadlines, filing papers, pursuing appeals, or monitoring or advising you about changes in the law or circumstances that might bear upon the concluded matter. At your request, your papers and property will be returned to you promptly upon receipt of payment for outstanding fees and costs. Our own files pertaining to the matter will be retained by the firm. These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any documents or other materials retained by us within a reasonable time after the termination of the engagement.