| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br><br> **WOLLMUTH MAHER & DEUTSCH LLP** <br> Paul R. DeFilippo, Esq. <br> 500 Fifth Avenue <br> New York, New York 10110 <br> Telephone: (212) 382-3300 <br> Facsimile: (212) 382-0050 <br> pdefilippo@wmd-law.com <br><br> **JONES DAY** <br> Gregory M. Gordon, Esq. <br> Brad B. Erens, Esq. <br> Dan B. Prieto, Esq. <br> Amanda Rush, Esq. <br> 2727 N. Harwood Street <br> Dallas, Texas 75201 <br> Telephone: (214) 220-3939 <br> Facsimile: (214) 969-5100 <br> gmgordon@jonesday.com <br> bberens@jonesday.com <br> dbprieto@jonesday.com <br> asrush@jonesday.com <br> (Admitted *pro hac vice*) <br><br> *PROPOSED ATTORNEYS FOR DEBTOR* | **WEIL, GOTSHAL & MANGES LLP** <br> Diane Sullivan, Esq. <br> Ronit Berkovich, Esq. <br> Theodore Tsekerides, Esq. <br> Matthew P. Goren, Esq. <br> 767 Fifth Avenue <br> New York, NY 10153 <br> Telephone: (212) 310-8000 <br> Facsimile: (212) 310-8007 <br> Diane.Sullivan@weil.com <br> Ronit.Berkovich@weil.com <br> Theodore.Tsekerides@weil.com <br> Matthew.Goren@weil.com <br><br> *PROPOSED SPECIAL COUNSEL FOR DEBTOR* |
| In re: <br><br> LTL MANAGEMENT LLC,[1] <br><br>     Debtor. | Chapter 11 <br><br> Case No.: 23-12825 (MBK) <br><br> Judge: Michael B. Kaplan |

**APPLICATION FOR RETENTION OF WEIL, GOTSHAL & MANGES LLP AS SPECIAL COUNSEL TO THE DEBTOR AS OF APRIL 4, 2023**

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1.  The applicant, LTL Management LLC (the "Debtor" or "LTL Management") is the (check all that apply):

    ☐ Trustee:  ☐ Chap. 7  ☐ Chap. 11  ☐ Chap. 13.

    ☒ Debtor:   ☒ Chap. 11  ☐ Chap. 13

    ☐ Official Committee of _____

2.  LTL Management seeks to retain the following professional, Weil, Gotshal & Manges LLP ("Weil"), to serve as (check all that apply):

    ☐ Attorney for:   ☐ Trustee   ☐ Debtor-in-Possession

    ☐ Official Committee of _____

    ☐ Accountant for:  ☐ Trustee   ☐ Debtor-in-possession

    ☐ Official Committee of _____

    ☒ Other Professional:

        ☐ Realtor     ☐ Appraiser     ☒ Special Counsel

        ☐ Auctioneer  ☐ Other (specify): _____

3.  The employment of Weil is necessary because:

    By this application (the "Application"), the Debtor seeks to retain and employ Weil as special counsel in the above-captioned case (the "Chapter 11 Case") for its expertise and familiarity with the chapter 11 cases of In re Imerys Talc America, Inc., Case No. 19-10289 (LSS) (Bankr. D. Del.) (the "Imerys Case") and In re Cyprus Mines Corporation, Case No. 21-10398 (LSS) (Bankr. D. Del.) (the "Cyprus Case"), as well as talc-related litigation in which it served as trial counsel prior to April 4, 2023 (the "Petition Date").  The Debtor is a creditor of the debtors in the Imerys Case and the Cyprus Case and holds valuable claims against those debtors' estates.  In addition, the debtors in the Imerys Case and Cyprus Case have asserted significant indemnification claims against the Debtor.  The Debtor requires Weil's expertise and familiarity with the Imerys Case and Cyprus Case to prosecute and defend against such claims.

4.  Weil has been selected because:

Weil is uniquely situated to serve as the Debtor's special counsel in this Chapter 11 Case because of its long-standing representation of the Debtor and its predecessor, Johnson & Johnson Consumer Inc. ("Old JJCI"), in the Imerys Case and Cyprus Case, as well as Weil's experience serving as special counsel to the Debtor in the Debtor's prior chapter 11 case (the "2021 Chapter 11 Case").

Weil served as special counsel to the Debtor throughout the pendency of the 2021 Chapter 11 Case.[2] Additionally, Weil served as counsel for Old JJCI and Johnson & Johnson ("J&J") in the Imerys Case and the Cyprus Case and, primarily prior to the 2021 Chapter 11 Case, as trial counsel for Old JJCI and J&J with respect to certain talc litigation. The Debtor requires Weil's continuous, active, and diligent representation of its interests in the Imerys Case and the Cyprus Case and in the defense of certain talc claims, and may need to call upon Weil for advice with respect thereto in this Chapter 11 Case. It, therefore, is necessary and critical that the Debtor continue to have access to Weil's experience and expertise in that regard.

Weil is well-qualified to represent the Debtor as special counsel. Weil is an international law firm with approximately 1,100 attorneys and sixteen offices around the globe, and is well-equipped to assist the Debtor with the various legal issues expected to arise in the Imerys Case and the Cyprus Case. As a result of Weil's work on behalf of Old JJCI and J&J,[3] Weil possesses extensive knowledge and expertise concerning the Imerys Case and the Cyprus Case, as well as key knowledge and expertise with respect to certain of the Debtor's other talc-related claims and litigation.

5.  Weil's services to be rendered are as follows:

The Debtor does not propose to employ Weil as general bankruptcy counsel pursuant to

---

[2] On October 14, 2021, the Debtor commenced the 2021 Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On March 17, 2022, an order was entered [No. 21-30589, Dkt. 1752] authorizing the Debtor to retain and employ Weil as special counsel (the "Prior Retention Order"). On January 30, 2023, the United States Court of Appeals for the Third Circuit issued an opinion and judgment providing the 2021 Chapter 11 Case should be dismissed. See In re LTL Mgmt., LLC, 58 F.4th 738 (3d Cir. 2023) amended by 64 F.4th 84 (3d Cir. 2023). On March 31, 2023, the certified judgment was issued. On April 4, 2023, this Court entered an order (the "Dismissal Order") dismissing the 2021 Chapter 11 Case. In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J. Apr. 4, 2023) [Dkt. 3938]. Thereafter, the Debtor filed this Chapter 11 Case on the Petition Date.

[3] Weil served as counsel to Old JJCI until it ceased to exist following the corporate restructuring completed on October 12, 2021 (the "2021 Corporate Restructuring") which created the Debtor. Old JJCI's engagement of Weil was allocated to the Debtor in the 2021 Corporate Restructuring. As set forth herein, Weil continues to represent J&J in the Imerys Case, the Cyprus Case, and certain talc litigation, as it did prior to the 2021 Corporate Restructuring and the 2021 Chapter 11 Case.

section 327(a) of the Bankruptcy Code, but instead as special counsel pursuant to section 327(e) of the Bankruptcy Code to represent and advise the Debtor in matters related to the Imerys Case and the Cyprus Case and the defense and resolution of certain talc claims. This proposed retention continues the work Weil performed in the past for J&J, Old JJCI, and the Debtor and, accordingly, draws upon the expertise it has developed from this work, including from Weil's prior retention in the 2021 Chapter 11 Case. The Debtor anticipates Weil's services in this Chapter 11 Case will include:

    a)    representing the Debtor in the Imerys Case and the Cyprus Case and providing advice to the Debtor related to both the Imerys Case and the Cyprus Case, including but not limited to, negotiating and potentially objecting on the Debtor's behalf to confirmation of any chapter 11 plan and solicitation thereof;

    b)    monitoring the cases for matters that potentially impact the Debtor, and taking positions on matters that may impact the Debtor;

    c)    assisting the Debtor with any automatic stay issues or other matters relating to certain talc claims in non-bankruptcy forums and in negotiations with various third parties such as insurers and plaintiffs in talc litigation; and

    d)    providing such other specific services as may be requested by the Debtor from time to time relating to the Imerys Case and the Cyprus Case and the defense or resolution of certain of the Debtor's talc-related claims in the Chapter 11 Case.

As noted above, Weil has substantial expertise in all of these areas, given its work for J&J, Old JJCI, and the Debtor prior to this Chapter 11 Case. Accordingly, the Debtor respectfully submits that Weil is well-qualified to perform these services for the Debtor.

Weil will provide the services described above as special counsel to the Debtor and will not serve as general bankruptcy and reorganization counsel to the Debtor. The Debtor believes that the services Weil will provide will be complementary and not duplicative of the services to be performed by Jones Day, as general bankruptcy and reorganization counsel, or the other firms retained by the Debtor in this Chapter 11 Case to assist in talc-related matters. The Debtor is mindful of the need to avoid the duplication of legal services and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Weil's role as special counsel.

6.    The proposed arrangement for compensation is as follows:

Subject to the Court's approval of the Application, Weil intends to: (a) charge for its legal services on an hourly basis in accordance with the following blended rate ranges depending on the number of years

of practice: $1,225.00 to $1,550.00 for partners, $1,150.00 to $1,175.00 for counsel, and $605.00 to $1,080.00 for associates; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.[4]

Weil's hourly rates may change from time to time in accordance with Weil's established billing practices and procedures, as contemplated by the terms and conditions set forth in the certain *Outside Counsel Management and Billing Guidelines for North America & Global IP and Litigation Guidelines*, governing the engagement terms between the Debtor and Weil (the "Outside Counsel Guidelines").[5] Weil's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of similar scope and complexity, and with the discount, are less than the fees Weil charges for most matters. Accordingly, Weil's rates are reasonable and favorable to the Debtor's estate.

Weil will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court District of New Jersey (the "Local Bankruptcy Rules"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "Fee Guidelines"), and any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals (any such order, the "Interim Compensation Order"). Weil intends to use the following billing categories:[6]

| *Category* | *Description* |
|---|---|
| Trial | Assist the Debtor with trial preparation such as mock trials, jury questionnaires, preparation of fact and expert witnesses, trial team meetings, discovery motions, and post-trial work including appeals. |
| Strategy | Conduct team meetings, conferences and teleconferences to discuss various work streams, strategies and analyses regarding the matters described in this Application and prepare for such meetings. |

---

[4] This payment structure is a discount off of Weil's standard hourly 2023 rates, which went into effect on January 1, 2023. Weil's current customary hourly rates are $1,375.00 to $2,095.00 for partners and counsel, $750.00 to $1,350.00 for associates, and $295.00 to $530.00 for paraprofessionals.

[5] Any references to, or descriptions of, the Outside Counsel Guidelines herein are qualified by the express terms of the Outside Counsel Guidelines.

[6] These categories are consistent with and expand upon the project categories in the Fee Guidelines. Weil, in its discretion and in consultation with the Debtor, may determine to create separate or additional sub-billing categories for certain discrete projects undertaken during the Chapter 11 Case.

5

| Category | Description |
|---|---|
| Pleadings, Legal Research, etc. | Draft, file, and review all necessary motions, applications, answers, orders, reports, and other pleadings and conduct necessary legal research and draft memoranda in connection with the pleadings. |
| Plaintiff Information | Conduct factual research regarding plaintiffs, including reviewing medical records, preparing medical record summaries and chronologies. |
| Experts & Science | Research potential experts, interview experts, assist with expert reports, obtain information referenced in expert reports, summarize and analyze medical literature, science, and studies, participate in expert team meeting calls, and work associated with plaintiff's expert reports. |
| Document Collection & Production | Collect, review and produce documents, interview custodians for document collection purposes, prepare privilege logs, motions for confidentiality/protective orders, and redact documents. |
| Depositions | Prepare for and attend depositions. |
| Database & Document Management | Update databases, charts and calendar. |
| Court Conferences & Hearings | Prepare for and attend court conferences and hearings. |
| Company/Product & General Factual Information | Conduct general factual research regarding the products at issue and company documents. |
| Appeals & Mandamus | Conduct legal research and prepare appellate motions and other pleadings relating to appeals or mandamus. |
| Automatic Stay | Assist the Debtor and lead bankruptcy counsel in efforts to enforce or extend the automatic stay or address other issues arising in non-bankruptcy forums. |
| Weil Retention/Fee Application Preparation | Includes preparation of Weil's retention application, fee applications, and monthly invoices and related activities. |
| Non-Working Travel | Includes time traveling when no services are being performed. |

Weil contemplates using the following expense categories, including but not limited to: (a) copies; (b) outside printing; (c) PACER; (d) online research; (e) delivery services/couriers; (f) postage; (g) local travel; (h) out-of-town travel (including subcategories for transportation, hotel, meals, ground transportation and other); (i) local meals; (j) court fees; (k) subpoena fees; (l) witness fees; (m) deposition transcripts; (n) trial transcripts; (o) trial exhibits; (p) litigation support vendors; (q) experts; (r) investigators; (s) arbitrators/mediators; (t) local counsel; (u) other professionals; and (v) other.

In addition, except as set forth below in regards to the compensation prior to the Petition Date, to the extent that Weil represents both the Debtor and J&J in a matter, including the Imerys Case and the Cyprus Case, Weil will allocate 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to J&J. In matters in which Weil represents solely the Debtor or J&J, Weil will allocate 100% of the fees and expenses to the entity represented.

As set forth in the Certification of Ronit J. Berkovich, as well as the Disclosure of Compensation, both submitted herewith, on April 4, 2023, following the entry of the Dismissal Order and prior to the commencement of this Chapter 11 Case, Weil received payment from the Debtor of all unpaid actual and estimated fees and expenses incurred through the commencement of this Chapter 11 Case. See Cert. of Ronit J. Berkovich, attached hereto as Exhibit A; see also Disclosure of Compensation, attached hereto as Exhibit B.

In particular, following the entry of the Dismissal Order, on April 4, 2023, the Debtor paid Weil $270,548.02 via wire transfer (the "Payment"). This amount comprises (a) $229,548.02 on account of actual and estimated fees and expenses for which the Debtor was responsible and that were incurred but not yet paid in the 2021 Chapter 11 Case through the entry of the Dismissal Order (the "Pre-Dismissal Amounts"),[7] and (b) $41,000.00 for Weil's estimated fees and expenses incurred following dismissal of the 2021 Chapter 11 Case and prior to the commencement of this Chapter 11 Case (the "Post-Dismissal Amounts"). The Payment was applied to the Pre-Dismissal Amounts and the Post-Dismissal Amounts prior to the commencement of this Chapter 11 Case.[8] Accordingly, to the best of the Debtor's knowledge and belief, as of the Petition Date, Weil was not owed any amounts by the Debtor.

This payment to Weil was made in accordance with the terms of the Dismissal Order, which provides that a Retained Professional (as defined therein) may "seek final allowance and payment of compensation and reimbursement of expenses" in accordance with the procedures set forth in the Dismissal Order, which procedures included serving "a statement of all of its unpaid fees and expenses incurred in [the 2021] Chapter 11 Case through the Dismissal Date" on the Debtor "no later than 45 days following the

---

[7] This amount also included outstanding actual and estimated fees and expenses owed to Weil by J&J for services provided during the pendency of the 2021 Chapter 11 Case prior to the entry of the Dismissal Order. Weil subsequently received payments directly from J&J for the fees and expenses attributable to J&J that were included in the Payment by LTL. Weil applied the payments received directly from J&J to the amounts owed by J&J and added the duplicate payment from LTL to the Retainer (as defined below).

[8] Weil did not hold a retainer (a "Retainer") as of the Petition Date. Weil expects to: (a) complete its reconciliation of the fees and expenses actually incurred prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case, and will separately reconcile the Payment made with respect to Pre-Dismissal Amounts and the Post-Dismissal Amounts; (b) make a corresponding adjustment to the amount of the Retainer on or about that date as described below; and (c) disclose such adjustment in its first interim fee application. If, following reconciliation, any estimated amounts included in either the Pre-Dismissal Amounts or the Post-Dismissal Amounts, respectively, exceeded Weil's unbilled actual fees and expenses incurred in the respective periods, the balance will be added to Retainer and applied by Weil consistent with the terms of the Interim Compensation Order. Weil will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including an Interim Compensation Order. Weil agrees to waive all actual fees and expenses, if any, owed by the Debtor that were unpaid by the Payment.

7

Dismissal Date." Dismissal Order, ¶ 5. Weil served such a statement on the Debtor.[9]

In addition, the Debtor was solvent at the time it made this payment to Weil. See LTL, 64 F.4th at 108 ("LTL, at the time of its filing, was highly solvent with access to cash to meet comfortably its liabilities as they came due for the foreseeable future."); see also Apr. 18, 2023 Hr'g Tr. 62:21-25 (the Debtor's chief legal officer testifying that Johnson & Johnson Holdco (NA) Inc. ("Holdco"), the party to the Funding Agreement with the Debtor, is valued at around $30 billion); id. at 207:3-4 (counsel for the Debtor reiterating that the value of Holdco is $30 billion).

7. To the best of LTL Management's knowledge, Weil's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

☐ None

☒ Describe connection: *See* Berkovich Certification attached hereto as Exhibit A.

8. To the best of LTL Management's knowledge, Weil (check all that apply):

☐ does not hold an adverse interest to the estate.

☐ does not represent an adverse interest to the estate.

☐ is a disinterested person under 11 U.S.C. § 101(14).

☒ does not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which Weil will be retained under 11 U.S.C. § 327(e).

☒ Other; explain: *See also* Berkovich Certification.

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

---

[9] On April 26, 2023, the Debtor filed a motion for authorization to satisfy the fees and expenses of the other estate professionals involved in the 2021 Chapter 11 Case per the terms of the Dismissal Order. See Dkt. 319.

8

WHEREFORE, LTL Management respectfully requests authorization to employ Weil to render services in accordance with this Application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Date: May 4, 2023                                          /s/ *John K. Kim*
                                                          John K. Kim
                                                          Chief Legal Officer

9