**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| **GENOVA BURNS LLC** | **BROWN RUDNICK LLP** |
|---|---|
| Daniel M. Stolz, Esq. | David J. Molton, Esq. |
| Donald W. Clarke, Esq. | Michael S. Winograd, Esq. |
| Gregory S. Kinoian, Esq. | Susan Sieger-Grimm, Esq. |
| dstolz@genovaburns.com | Kenneth J. Aulet, Esq. |
| dclarke@genovaburns.com | dmolton@brownrudnick.com |
| gkinoian@genovaburns.com | mwinograd@brownrudnick.com |
| 110 Allen Road, Suite 304 | ssieger-grimm@brownrudnick.com |
| Basking Ridge, NJ 07920 | kaulet@brownrudnick.com |
| Tel: (973) 467-2700 | Seven Times Square |
| Fax: (973) 467-8126 | New York, NY 10036 |
| *Proposed Local Counsel for the Official* | Tel: (212) 209-4800 |
| *Committee of Talc Claimants* | Fax: (212) 209-4801 |
| | And- |
| | Jeffrey L. Jonas, Esq. |
| | Sunni P. Beville, Esq. |
| | Eric R. Goodman, Esq. |
| | jjonas@brownrudnick.com |
| | sbeville@brownrudnick.com |
| | egoodman@brownrudnick.com |
| | One Financial Center |
| | Boston, MA 02111 |
| | Tel: (617) 856-8200 |
| | Fax: (617) 856-8201 |
| | *Proposed Co-Counsel for the* |
| | *Official Committee of Talc Claimants* |
| **OTTERBOURG PC** | **MASSEY & GAIL LLP** |
| Melanie L. Cyganowski, Esq. | Jonathan S. Massey, Esq. |
| Jennifer S. Feeney, Esq. | Rachel S. Morse, Esq. |
| Michael R. Maizel, Esq. | jmassey@masseygail.com |
| mcyganowski@otterbourg.com | rmorse@masseygail.com |
| jfeeney@otterbourg.com | 1000 Maine Ave. SW, Suite 450 |
| mmaizel@otterbourg.com | Washington, DC 20024 |
| 230 Park Avenue | Tel: (202) 652-4511 |
| New York, NY 10169 | Fax: (312) 379-0467 |
| Tel: (212) 905-3628 | *Proposed Co-Counsel for the Official* |
| Fax: (212) 682-6104 | *Committee of Talc Claimants* |
| *Proposed Co-Counsel for the Official* | |
| *Committee of Talc Claimants* | |

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

| In re:<br><br>LTL MANAGEMENT, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |
|---|---|

### ORDER GOVERNING CONFIDENTIAL INFORMATION
### BY AND BETWEEN THE OFFICIAL COMMITTEE OF
### TALC CLAIMANTS AND THE DEBTOR PURSUANT TO D.N.J. LBR 9021-1(B)

The relief set forth on the following pages is hereby **ORDERED**.

_____
THE HONORABLE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY JUDGE

Dated:  May __, 2023

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is
501 George Street, New Brunswick, New Jersey 08933.

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

This matter comes before the Court on the joint request of the Debtor[2] and the

Committee, pursuant to sections 105(a), 107(b) and 1102(b)(3)(A) of chapter 11 of title 11 of the

United States Code (as amended, the "<u>Bankruptcy Code</u>") and Rule 9018 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for entry of this Protective Order.

## <u>RECITALS</u>

WHEREAS, the Committee and the Futures Representative may from time to

time request certain nonpublic, confidential or proprietary information from the Debtor,

including its experts; and

WHEREAS, the Debtor may from time to time request certain nonpublic,

confidential or proprietary information from the Committee and the Futures Representative,

including their respective experts; and

WHEREAS, this Protective Order is intended to facilitate the delivery of

Confidential Information among the Parties, and to establish the Parties' rights and obligations

with respect to such information, without prejudice to the rights of any Party to propound, or to

object to, any information requests or discovery on any basis and for any reason;

---

[2]    Capitalized terms used herein but not otherwise defined have the meanings given to them in Paragraph A
below.

(Page 4)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

NOW, THEREFORE, based on the foregoing, and as a condition to any Party

providing Confidential Information, the Parties hereby stipulate and agree, and the Court hereby

ORDERS, as follows:

A.    **Defined Terms**.

1.    "2021 Chapter 11 Case" shall mean the reorganization case commenced

by the Debtor on October 14, 2021, In re LTL Mgmt. LLC, No. 21-30589 (MBK)

(Bankr. D.N.J.).

2.    "2021 Protective Order" shall mean the *Agreed Protective Order*

*Governing Confidential Information* [Dkt. 948] entered in the 2021 Chapter 11 Case.

3.    "Applicable Rules and Law" shall mean the Bankruptcy Rules, the Federal

Rules of Civil Procedure, applicable local rules, any applicable case or common law or any other

applicable law or applicable jurisprudence.

4.    "Bankruptcy Court" shall mean the United States Bankruptcy Court for

the District of New Jersey.

5.    "Bankruptcy Proceedings" shall mean, collectively, the Chapter 11 Case

and any related adversary proceedings in the Bankruptcy Court or the District Court, and any

courts in which appeals or other applications for review of orders or judgments of the

Bankruptcy Court or the District Court may be made.

NAI-1536285747v4

(Page 5)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

6.　　　"Chapter 11 Case" shall mean the above-captioned chapter 11 case of the

Debtor pending in the Bankruptcy Court and any portion of such case that is withdrawn, or

appealed, to the District Court.

7.　　　"Committee" shall mean the Official Committee of Talc Claimants that

was appointed pursuant to section 1102 of the Bankruptcy Code in the Chapter 11 Case by the

United States Trustee's *Notice of Appointment of Official Committee of Talc Claimants* on April

14, 2023 [Dkt. 162], as such committee may be supplemented, reconstituted or reformulated

from time to time.

8.　　　"Compelled Party" shall mean any Party or any Party's Representatives

that are, in the opinion of their respective counsel, compelled as a matter of law to disclose any

Covered Information to a third party.

9.　　　"Confidential Information" shall mean, subject to Section D below,

(i) information, documents or things produced or provided (formally or informally) by the

Disclosing Party that such Disclosing Party or a Designating Party reasonably believes in good

faith contains confidential, proprietary or commercially sensitive information, including, but not

limited to, (a) trade secrets, (b) confidential, proprietary business information and (c) information

implicating an individual's legitimate expectation of privacy, including medical information and

social security numbers, and (ii) information designated as Confidential in the North Carolina

Proceeding.  This term shall include information furnished or otherwise disclosed in any manner,

NAI-1536285747v4

(Page 6)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

including, without limitation, in written form, orally or through any electronic, facsimile or

computer-related communication, and also shall include, without limitation, (i) those portions of

deposition testimony (whether based upon oral examination or written questions), answers to

interrogatories, requests for admissions, responses to requests for admission, notes, summaries,

compilations, memoranda or similar materials disclosing or discussing Confidential Information

and (ii) any Oral Confidential Information.

10.    "Court" means the Bankruptcy Court, the District Court or other court of

competent jurisdiction, as context requires.

11.    "Covered Information" shall mean Confidential Information, together with

Derivative Information, and shall include any information or documents designated as

Confidential in the 2021 Chapter 11 Case.

12.    "Debtor" shall mean LTL Management LLC.

13.    "Derivative Information" shall mean all estimates, analyses, notes,

summaries, extracts and other materials and documents prepared by or for a Party or its

Representatives based on, derived from or containing any Confidential Information.

14.    "Designating Party" shall mean the Person designating Confidential

Information under this Protective Order and may, or may not be, the Disclosing Party.  For

purposes of this Protective Order, the Designating Party may include third parties that are not

parties to the Bankruptcy Proceedings, including non-debtor affiliates of the Debtor, if the third

(Page 7)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

party is the Disclosing Party or has a direct ownership interest in the Confidential Information at

issue.

15.    "Disclosing Party" shall mean the Person disclosing the Confidential

Information.  For purposes of this Protective Order, Disclosing Party may include third parties

that are not parties to the Bankruptcy Proceedings, including non-debtor affiliates of the Debtor.

16.    "District Court" shall mean the United States District Court for the District

of New Jersey.

17.    "Futures Representative" shall mean any legal representative of future talc

claimants who is appointed by order of the Bankruptcy Court.

18.    "Oral Confidential Information" shall mean, collectively:  (a) any written

Confidential Information that is orally discussed; and (b) any other Confidential Information

disclosed orally.

19.    "Party" shall mean the Debtor, the Committee, and any other party that

agrees to the Protective Order by signing a copy of the Acknowledgment attached as Exhibit A

to the Protective Order, and "Parties" shall mean all of these Persons collectively.

20.    "Person" or "Persons" shall be interpreted broadly to include, without

limitation, any individual, corporation, limited liability company, partnership or other entity.

21.    "Petition" shall mean the Debtor's April 4, 2023 filing for voluntary relief

under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

(Page 8)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

22.　"Petition Date" shall mean April 4, 2023.

23.　"Protective Order" shall mean this *Agreed Protective Order Governing*

*Confidential Information*.

24.　"Professional Vendors" shall mean Persons who provide litigation support

services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics,

or demonstrations; organizing, storing and retrieving data in any form or medium) and their

respective employees and subcontractors, all of whom have been retained by or on behalf of or

directed by counsel for any of the Parties; are not current employees or affiliates of a Party; and

at the time of retention, are not anticipated to become employees or affiliates of a Party.  This

definition includes ESI vendors and professional trial consultants retained in connection with the

Bankruptcy Proceedings to assist a Party or that Party's counsel.

25.　"Representative" shall mean, with respect to any Party, any of its

directors, officers, members, partners, employees, advisors, agents, representatives, consultants,

accountants, experts, legal counsel and other professionals.

26.　"Talc Claims Databases" shall mean databases containing historical talc

claims data of the Debtor and its predecessors, including any reports, summaries, data,

information or extracts derived therefrom, that is maintained by or on behalf of the Debtor.

**B.**　**Scope**.  Confidential Information shall be furnished or otherwise disclosed or

made known subject to the terms and conditions of this Protective Order unless otherwise agreed

(Page 9)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

in writing by the Parties or their Representatives.  This Protective Order shall apply to all

Covered Information furnished or otherwise disclosed on or after the Petition Date.  This

Protective Order, however, does not supersede any prior confidentiality agreement(s) entered

into between the Debtor or any of its non-debtor affiliates, or the Committee and any member of

the Committee or any of their respective Representatives with respect to information provided

under the terms of such prior confidentiality agreement(s), and such prior confidentiality

agreement(s) shall continue to govern by their terms with respect to all such prior information,

except as otherwise agreed by the parties thereto or as ordered by the Court.

      **C.**    **Identification of Confidential Information**.

      1.    Any information designated as Confidential Information shall be stamped

"CONFIDENTIAL" on each page being so designated (if the information is produced in written

form) or otherwise shall be labeled conspicuously as "CONFIDENTIAL" (if it is in the form of

tape, disc or other form that makes it difficult to label each page).  Documents produced in native

format may be designated as containing Confidential Information by including the term

"CONFIDENTIAL" (or similar term) in the file name or name of the folder in which such file is

transmitted.  Such designations shall be made at the time such Confidential Information is

provided or produced.

      2.    In the case of depositions, if counsel for the Disclosing Party believes that

a portion or all of the testimony given at a deposition constitutes Confidential Information,

(Page 10)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

counsel shall so state on the record and shall request that the entire transcript or relevant portion

thereof be sealed.  In addition, the Disclosing Party may designate the relevant portion of the

transcript or videotape of a deposition, and any exhibits thereto, as Confidential Information

within 30 days of the Disclosing Party's receipt of the transcript from the court reporter.  Such

designation and notice shall be made in writing to the court reporter, with copies to all other

counsel of record, identifying the portion of the transcript, or exhibits thereto, that constitute

items designated as Confidential Information.  All pages of the transcript and exhibits designated

as Confidential Information shall be stamped "CONFIDENTIAL."

3.      In designating Confidential Information as confidential, the Designating

Party shall do so only with a reasonable and good-faith belief that such designation is

appropriate, and shall not designate any information that is generally known or available to the

public through no act of a Receiving Party, or any of its Representatives.  In addition, the

Designating Party shall use reasonable efforts to avoid overbroad designations and to designate

as Confidential Information only those portions of information that the Designating Party

believes in good faith to contain or reveal matters that should be kept confidential.

4.      Notwithstanding the foregoing, any failure to mark written information as

"CONFIDENTIAL" or to designate oral information as Oral Confidential Information shall not

constitute a waiver thereof and such designations shall be made as soon as reasonably

practicable.  A Designating Party may subsequently designate any information

(Page 11)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)


"CONFIDENTIAL" if such Confidential Information is inadvertently disclosed, and the

protections afforded under this Protective Order to Confidential Information shall become

effective upon this subsequent designation; provided, however, that such late designation shall

not deprive any Party from challenging the designation of material as Confidential Information

pursuant to the procedures set forth herein.

      **D.**      **Information Not Confidential**.  Notwithstanding anything to the contrary

contained herein, Confidential Information does not include any information that:

      1.      is or becomes generally available to the public, except as a result of

disclosure or actions by any Party, a Representative of any Party or any member of the

Committee or their respective Representatives in violation of this Protective Order, or in

violation of any other confidentiality agreement or protective order between any of the Parties or

between the Debtor and/or its non-debtor affiliates on the one hand, and any member of the

Committee on the other;

      2.      becomes available to a Party or a Representative of a Party on a

non-confidential basis from a source other than a Disclosing Party or its Representatives unless

the Party knows, after reasonable diligence, that such source is prohibited from disclosing such

information by a contractual, legal or fiduciary obligation;

      3.      was in the possession of a Party prior to the date of this Protective Order

and was obtained on a non-confidential basis, provided that the information was not obtained

NAI-1536285747v4

(Page 12)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

from a source that was prohibited from disclosing such information by a contractual, legal or

fiduciary obligation;

> 4.      is disclosed or is required to be disclosed by law, rule, regulation or legal

process, subject to the requirements of Section H below;

> 5.      is agreed by the Designating Party is not Confidential Information;

> 6.      is determined by the Court not to be Confidential Information, as set forth

in Section E below or by other applicable ruling of the Court; or

> 7.      a Designating Party does not timely seek to protect by filing a Motion to

Seal pursuant to Sections I.1or I.2.

> For the avoidance of doubt, except as otherwise set forth in this Order, a Party

may use or disclose its own information as it wishes, including by agreeing to remove its own

designation of information as Confidential Information upon notice to the other Parties.

**E.**      **Challenges to Designations of Confidential Information**.  By agreeing to this

Protective Order, the Parties do not concede that any material designated as Confidential

Information does in fact contain or reflect information that may be protected under the

Applicable Rules and Law or that has been properly designated as Confidential Information.

Any Party may move at any time for relief from the provisions of this Protective Order with

respect to confidentiality designations, as set forth below.

NAI-1536285747v4

(Page 13)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

1.      If any Party believes that information designated as Confidential
Information is not properly designated as such and is not protected under the Applicable Rules
and Law, such Party (the "Requesting Party") may at any time so notify the Designating Party in
writing, identifying with specificity the information at issue, and request modification of the
designation of Confidential Information (a "Written Challenge").

2.      If the Designating Party does not agree to the requested modification
within five (5) business days of receipt of a Written Challenge and no other resolution is reached,
the Requesting Party may file a motion with the Bankruptcy Court requesting a determination by
the Bankruptcy Court as to whether the information at issue shall be treated as information
subject to confidentiality protection under the Applicable Rules and Law.  The Requesting Party
may seek to shorten notice of such motion and request a hearing on the motion on a date other
than one previously scheduled as a hearing date in the Bankruptcy Proceedings, and the
Designating Party may object to such request to shorten notice.

3.      If the Requesting Party files a motion with the Bankruptcy Court
requesting such a determination, the confidential status of the information shall be maintained
pending the Bankruptcy Court's ruling on the motion.  The burden of proving the confidentiality
of designated information shall remain with the Designating Party.  Nothing in this Protective
Order shall affect the right of any Party to appeal the Bankruptcy Court's determination
regarding confidentiality.

NAI-1536285747v4

(Page 14)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

4.      The Parties shall not be obligated to challenge the propriety of any

designation of Confidential Information and the failure to do so promptly shall not preclude any

subsequent objection to such designation.

F.      **Confidential Treatment of Covered Information**.  All Confidential Information

furnished or otherwise disclosed in any manner, including, without limitation, in written form,

orally or through any electronic, facsimile or computer-related communication, identified as

confidential as provided in Paragraphs C or I.2 hereof, and all Covered Information shall be used

by the Parties and their Representatives solely and exclusively in accordance with Paragraphs G

through J of this Protective Order, shall be kept confidential by the Parties and their

Representatives, shall be protected by the Parties and their Representatives through the

implementation of reasonable security measures, and shall not be disclosed by the Parties or their

Representatives to any other Person, without the Disclosing Party's prior written consent, except

that, subject to Paragraph J, the Covered Information may be disclosed, without the Disclosing

Party's written consent:

1.      to those Representatives of a Party who have executed the

acknowledgment attached hereto as Exhibit A and need the Covered Information for the

purposes for which Covered Information may be used pursuant to Paragraph G of this Protective

Order; or

(Page 15)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

2.    to those Professional Vendors to whom disclosure is reasonably necessary,

provided that, before disclosure of Covered Information, an authorized representative of each

Professional Vendor has executed the acknowledgment attached hereto as Exhibit A on behalf of

that Professional Vendor; or

3.    to any member of the Committee or such member's counsel who need the

Covered Information for the purposes for which it may be used pursuant to Paragraph G of this

Protective Order, so long as such member of the Committee or such member's counsel has

executed the acknowledgment attached hereto as Exhibit A prior to receipt by such member or

such member's counsel of the Covered Information; or

4.    to the Bankruptcy Court, the District Court or any courts in which appeals

or other applications for review of orders or judgments of the Bankruptcy Court or the District

Court may be made, in each case subject to the provisions of Paragraph I; or

5.    if the Futures Representative is appointed and becomes a party to this

Protective Order, the Futures Representative and any Representatives of the Futures

Representative who need the Covered Information for the purposes for which it may be used

pursuant to Paragraph G of this Protective Order, so long as the Futures Representative or such

Representative of the Futures Representative, as applicable, has executed the acknowledgment

attached hereto as Exhibit A.

(Page 16)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

6.      The Parties shall advise each Representative and Professional Vendor who

receives Covered Information of the terms of this Protective Order and such person's obligations

concerning the confidentiality of all such Covered Information hereunder and the proper use

thereof.  The Parties shall not be responsible for any actions by their Representatives or

Professional Vendors that are inconsistent with the terms of this Protective Order unless the

Party has failed to obtain an executed acknowledgment in the form attached hereto as Exhibit A

from the Representative or Professional Vendor, as applicable, in which case the Party will be

responsible for its Representative's or Professional Vendor's actions.

G.      **Permitted Use of Covered Information**.  The Committee, its members and their

respective Representatives shall use Covered Information received from the Debtor solely for the

purpose of carrying out the duties of the Committee pursuant to the Bankruptcy Code in

connection with the Bankruptcy Proceedings.  The Debtor and its Representatives shall use

Covered Information received hereunder from the Committee or the Futures Representative, if

the Futures Representative becomes a party to this Protective Order, solely for the purpose of

carrying out the duties of the Debtor pursuant to the Bankruptcy Code in connection with the

Bankruptcy Proceedings.  If the Futures Representative becomes a party to this Protective Order

pursuant to Paragraph S below, the Futures Representative and his or her Representatives shall

use Covered Information received hereunder from the Debtor solely for the purpose of carrying

out the duties of the Futures Representative in connection with the Bankruptcy Proceedings.  For

NAI-1536285747v4

(Page 17)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

the avoidance of doubt, absent agreement from the Disclosing Party, Covered Information

received by any Party from another Party under this Protective Order may not be disclosed or

used for any purpose outside of the Bankruptcy Proceedings.

       **H.**    **Disclosure Under Legal Compulsion**.  If any Party or any Party's Representative

is, in the opinion of its counsel, compelled as a matter of law to disclose any Covered

Information to a third party, the Compelled Party shall promptly provide a written notice of the

order or other process compelling disclosure to the Designating Party, if known, or to the

Disclosing Party if the Designated Party is not known.  Such notice must be sent to the

Designating Party or the Disclosing Party within the earlier of three (3) business days of receipt

and one (1) business day of the Compelled Party's determination that the order or other process

compels the disclosure of Covered Information, to permit the Designating Party or the Disclosing

Party, at its own expense, to seek a protective order or take other appropriate action.  The

Compelled Party and its Representatives shall use reasonable best efforts to assist in the

Designating Party's or the Disclosing Party's efforts to obtain, at the Designating Party's or the

Disclosing Party's own expense, a protective order or other reasonable assurance that

confidential treatment will be accorded such Covered Information.  In the absence of a protective

order, the Compelled Party or its Representatives may disclose to the third party compelling

disclosure (without liability hereunder) only the part of the Covered Information as the

Compelled Party or its Representatives may reasonably determine in good faith is required by

NAI-1536285747v4

(Page 18)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

law to be disclosed (in which case, prior to disclosure, the Compelled Party or its

Representatives shall use reasonable best efforts to advise and consult with the Designating Party

or the Disclosing Party as to such disclosure and the nature and wording of such disclosure).

## I.   Disclosure of Covered Information in the Bankruptcy Proceedings.

1.   Protection of Covered Information – Written Filings.  A Party that desires

to use any Covered Information in any motions, briefs, pleadings and/or other documents filed in

the Bankruptcy Court, the District Court or any courts in which appeals or other applications for

review of orders or judgments of the Bankruptcy Court or the District Court may be made shall

either:

(i)   give the Designating Party written notice of the Party's intent to use such Covered Information at least five (5) business days prior to the date that the Party desires to do so to provide an opportunity for (a) the Designating Party and the Party that desires to use the Covered Information to negotiate an agreement that avoids the need to file Covered Information under seal or, in the absence of an agreement, (b) the Designating Party to file a motion seeking an order sealing, redacting, or otherwise protecting such Covered Information from public disclosure (a "Motion to Seal").  If the Designating Party files a Motion to Seal within five (5) business days following receipt of such written notice, the Party desiring to use Covered Information shall (a) maintain the confidential status of the Covered Information pending the court's ruling on the Motion to Seal and (b) use the Covered Information only in strict conformity with the court's ruling on the Motion to Seal.  If the Designating Party fails to file a Motion to Seal within five (5) business days of receipt of the written notice, any Party desiring to use Covered Information may use the applicable Covered Information in the court without any confidentiality protection.  If the Party that desires to use Covered Information is the

NAI-1536285747v4

(Page 19)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

Designating Party, it may file a Motion to Seal without prior notice to any other Party or

(ii)     as an alternative to subpart (i) above, the Party seeking to use Covered Information in the Court may file a Motion to Seal pursuant to Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey and other applicable local and civil rules of procedure as appropriate; provided that (a) pending a ruling on such Motion to Seal or other agreement or Court order that permits the public filing of the materials at issue, the Parties shall maintain the confidentiality of the Covered Information; (b) where necessary, the moving party may file a redacted copy of its Motion to Seal, brief or other relevant materials, eliminating the Covered Information; and (c) the moving party may provide an unredacted copy of these materials to the Court under seal to assist in its consideration of the Motion to Seal.  For any Motion to Seal filed pursuant to this subpart (2), D.N.J. LBR 9018-1(b) is hereby modified so that the motion must only include a statement that Covered Information is subject to this Protective Order.  Filing such a Motion to Seal shall not constitute any admission or inference that the moving party believes the Covered Information which is the subject of the Motion to Seal is in fact Confidential Information or should be protected from public disclosure and shall be without prejudice to the right of the moving Party to seek to unseal such documents or to contest the confidentiality designation of the Covered Information.

For avoidance of doubt, nothing herein affects or alters the rights of any party to file a motion to

seal under D.N.J. LBR 9018-1.

2.     Protection of Covered Information – Hearings and Trial.  At least 48 hours

(or if not practicable, as soon as practicable) prior to the use of any Covered Information at trial

or any hearing to be held in open court, counsel for any Party who desires to offer or use such

(Page 20)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)


Covered Information at trial or any hearing to be held in open court shall meet and confer in

good faith with the Designating Party together with any other Parties who have expressed

interest in participating in such meet and confer to discuss ways to redact the Designated

Material so that the material may be offered or otherwise used by any party, in accordance with

the provisions of the Bankruptcy Code and Bankruptcy Rules.  If the Parties are unable to

resolve a dispute related to such Covered Information, then the Designating Party bears the

burden of requesting relief from the Court by filing a Motion to Seal or making a Motion to Seal

orally prior to, or at the commencement of, such trial or evidentiary hearing and, in the absence

of filing such Motion to Seal or making such Motion to Seal orally, there shall be no limitations

on the ability of the Parties to offer or otherwise use such Covered Information at trial or any

hearing held in open court.

        3.    <u>Depositions</u>.  In the event that a Party wishes to use or refer to Covered

Information at any deposition pertaining to the Bankruptcy Proceedings, the Designating Party

may require all Persons other than the deponent, court reporter, other Parties or their

Representatives already permitted access to the Covered Information and Persons entitled to

attend the deposition who execute the acknowledgment attached hereto as Exhibit A, to be

excused from the deposition during the time that the Covered Information is being disclosed or

discussed.  The Designating Party also may request that the court reporter acknowledge in

writing or on the record that he or she will not disclose the Covered Information to any Person

(Page 21)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

other than to the Parties and their Representatives who are permitted access to such Covered

Information and other Persons entitled to attend the deposition who have executed the

acknowledgment attached hereto as Exhibit A.  The portions of any deposition transcript, video

record or associated exhibits containing Covered Information shall be designated "Confidential"

and the portions thereof containing such Covered Information shall be subject to the provisions

of this Protective Order.  A Person, other than a Party or a Representative, who is entitled to

attend the deposition as a party in interest in the Chapter 11 Case and who executes the

acknowledgment for purposes of attending portions of a deposition during times Covered

Information is being disclosed or discussed, shall have all the rights and obligations of a Party

with respect to the use and protection of such Covered Information.

      **J.**     "**Professional Eyes Only" Restrictions**.  Notwithstanding anything to the

contrary in this Protective Order, the Talc Claims Databases shall be subject to "Professional

Eyes Only" restrictions as set forth in this Paragraph J.  In particular, only In particular, only

Brown Rudnick LLP ("Brown"), Otterbourg PC ("Otterbourg"), Genova Burns LLC

("Genova"), and Massey & Gail LLP ("Massey"), in their respective  capacities as counsel and

special counsel to the Committee, and any other counsel retained by the Committee (collectively,

"Committee Counsel"), and any financial advisor, consulting expert, testifying expert, or other

professionals retained by the Committee (collectively, the "Committee Advisors" and, together

with the Committee Counsel, the "Committee Professionals") (while serving in their capacity as

NAI-1536285747v4

(Page 22)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

such) shall be authorized to review a copy of the Talc Claims Databases and the information

contained therein; provided, however, if the Futures Representative elects to become a Party to

this Protective Order pursuant Paragraph S, the Futures Representative and the Futures

Representative's court-appointed legal counsel (the "FCR Legal Counsel") and any financial

advisor, consulting expert, testifying expert, or other professional retained by the (the "FCR

Other Professionals") shall be authorized to review a copy of the Talc Claims Databases and the

information contained therein after execution of the acknowledgment attached hereto as

Exhibit A (while they are serving as advisors to the FCR).  The Committee Professionals, FCR

Legal Counsel, and FCR Other Professionals shall keep the Talc Claims Databases confidential,

and shall not disclose it or its contents to any Party or Representative, including any member of

the Committee or their respective Representatives, without the Debtor's prior written consent or

an order of the Bankruptcy Court following a challenge to confidentiality in accordance with the

provisions in Paragraph E above; provided, however, that the Committee Professionals, FCR

Legal Counsel, and FCR Other Professionals shall be authorized to prepare summaries or

analyses of the Talc Claims Databases that do not disclose individual settlement amounts or

settlement amounts by law firm and such summaries and analyses shall be treated as Covered

Information pursuant to the terms of this Protective Order; provided, further that, to permit the

experts to verify the information contained in the Talc Claims Databases the Committee

Professionals, FCR Legal Counsel, and FCR Other Professionals may disclose the settlement

NAI-1536285747v4

(Page 23)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

information of a law firm to such law firm only and not to any other law firm.  Other Covered

Information may be designated "Professional Eyes Only" and shall be treated consistent with this

Paragraph J.

      **K.**    <u>**Notices**</u>.  Except as otherwise provided herein, all notices and other

communications between the Parties required or permitted under this Protective Order shall be in

writing and shall become effective when delivered by electronic mail, overnight courier service,

registered or certified mail (postage prepaid) or hand delivery, addressed as follows or to such

other addresses or electronic mail as may be thereafter designated in writing by such party to the

other parties:

  The Committee:

                                                        BROWN RUDNICK LLP
                                                       David J. Molton, Esq.
                                                       Robert J. Stark, Esq.
Michael S. Winograd, Esq.
Jeffrey L. Jonas, Esq.
dmolton@brownrudnick.com
rstark@brownrudnick.com
mwinograd@brownrudnick.com
jjonas@brownrudnick.com
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801

and

Sunni P. Beville, Esq.
Eric R. Goodman, Esq.
sbeville@brownrudnick.com
egoodman@brownrudnick.com

NAI-1536285747v4

(Page 24)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

and

GENOVA BURNS LLC
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Tel: (973) 467-2700
Fax: (973) 467-8126
dstolz@genovaburns.com
dclarke@genovaburns.com

and

MASSEY & GAIL LLP
Jonathan S. Massey
1000 Maine Avenue SW Suite 450
Washington, DC 20024
Main: 202-652-4511
Facsimile: 312-379-0467
Email: jmassey@masseygail.com

and

OTTERBOURG PC
Melanie L. Cyganowski, Esq. Adam C.
Silverstein, Esq.
Jennifer S. Feeney, Esq.
mcyganowski@otterbourg.com
asilverstein@otterbourg.com
jfeeney@otterbourg.com
230 Park Avenue
New York, NY 10169

(Page 25)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

Tel: (212) 905-3628
Fax: (212) 682-6104

The Debtor:

JONES DAY
Gregory M. Gordon
Dan B. Prieto
Mark W. Rasmussen
Amanda Rush
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
Email:  gmgordon@jonesday.com
        dbprieto@jonesday.com
        mrasmussen@jonesday.com
        asrush@jonesday.com

Brad B. Erens
JONES DAY
110 North Wacker Drive, Suite 4800,
Chicago, Illinois  60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
E-mail: bberens@jonesday.com

James M. Jones
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (412) 394-7959
Email:  jmjones@jonesday.com

-and-

Paul R. DeFilippo
James N. Lawlor

(Page 26)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

Lyndon M. Tretter
Joseph F. Pacelli
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Email: pdefilippo@wmd-law.com
       jlawlor@wmd-law.com
       ltretter@wmd-law.com
       jpacelli@wmd-law.com

L.    **Term and Related Matters**.  Unless otherwise provided in a plan of

reorganization or court order, within ninety (90) days after:  (1) the later of either the effective

date of a plan of reorganization in the Chapter 11 Case, or the exhaustion of all appeals, if any, of

the order confirming the plan or plans; or (2) the entry of an order dismissing the Chapter 11

Case, all Covered Information shall promptly be either destroyed (with a certificate of

destruction executed by counsel for the Party destroying the Covered Information to be relayed

to the Disclosing Party within forty-eight (48) hours of said destruction) or returned to the

Designating Party, without retention of any copy thereof except that (i) counsel may retain for its

records their work product (including but not limited to interview or document summaries,

internal memoranda, and papers prepared, created or served in connection with the Bankruptcy

Proceedings) and a copy of court filings, deposition transcripts or recordings, as well as any

exhibits used therein, expert reports and exhibits introduced at any hearing and (ii) emails are not

subject to the foregoing destruction or return requirement.  Furthermore, any Person receiving

Covered Information may retain such information that is auto-archived or otherwise "backed up"

(Page 27)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

on electronic management and communications systems or servers, or as may be required for

regulatory recordkeeping purposes.  Any and all such retained Covered Information, including

emails that are not required to be destroyed or returned, shall remain subject to the terms of this

Protective Order.

       **M.**   <u>**Inadvertent Production**</u>.  Inadvertent disclosure or production of Covered

Information that is subject to the attorney-client privilege, the work-product doctrine, the

joint-defense or common-interest doctrine or any other privilege or immunity from discovery or

disclosure shall not constitute a waiver of, or an estoppel as to any claim of, such privilege,

immunity or protection.  Any Receiving Party, upon learning that such Covered Information is

subject to a claim of privilege or protection, through a communication from the Designating

Party or the Disclosing Party, shall destroy or return to the Disclosing Party such Covered

Information no later than ten (10) days from either learning of the erroneous production or

receiving a written request by the Designating Party or the Disclosing Party for the return or

destruction of the inadvertently produced Covered Information, and the Receiving Party shall not

retain or keep any copy, including any electronic or hard copy, of the inadvertently disclosed

Covered Information or notes regarding the Covered Information or its contents; <u>provided</u>,

<u>however</u>, that the Receiving Party may have an auto-archived or otherwise backed-up copy

pursuant to its archiving policy and is not otherwise required to initiate any additional steps to

destroy or otherwise compromise its auto-archived files.  Nothing in this Paragraph M shall

NAI-1536285747v4

(Page 28)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)


affect any Party's right to file a motion to compel the production of inadvertently disclosed

Covered Information on the basis that such Covered Information is not subject to the attorney-

client privilege, the work product doctrine, the joint defense or common-interest doctrine or any

other privilege or immunity from discovery or disclosure.

     **N.**    <u>**Waivers**</u>.  No failure or delay by any Party in exercising any right, power or

privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise

thereof preclude any other or further exercise thereof or the exercise of any right, power or

privilege hereunder.

     **O.**    <u>**Consent to Jurisdiction; Venue**</u>.  The Parties shall have standing to enforce the

terms of this Protective Order, or to seek relief from its terms, by appropriate proceedings

brought before the Bankruptcy Court on due notice thereof and opportunity to be heard.  The

Parties, their Representatives and any Person signing a written acknowledgment of this

Protective Order pursuant to Exhibit A hereof hereby irrevocably and unconditionally submit to

the exclusive jurisdiction and venue of the Bankruptcy Court for purposes of any suit, action or

other proceeding arising out of or relating to the enforcement or interpretation of this Protective

Order and for no other purposes.

     **P.**    <u>**Privileges and Immunities**</u>.  Nothing in this Protective Order shall operate to

require the production or disclosure of Covered Information, or any portion thereof, that is

NAI-1536285747v4

(Page 29)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)

subject to a good-faith assertion of the attorney-client privilege, joint defense privilege,

common-interest doctrine or work product doctrine.

> **Q.**     **Amendments**.  This Protective Order may be amended by further order of the

Bankruptcy Court.

> **R.**     **Change of Venue/Withdrawal of Reference**.  If these Bankruptcy Proceedings

are transferred to another bankruptcy court, the Parties agree to present to that bankruptcy court a

protective order that (1) is substantially in the form of this Protective Order and (2) provides that

all information designated as confidential either before or after the entry of the new protective

order shall be governed by that order and not this Protective Order.  Unless otherwise agreed by

the Parties, until another bankruptcy court enters a new protective order substantially in the form

described in the preceding sentence, information designated as confidential shall continue to be

governed by this Protective Order.  If the reference of these Bankruptcy Proceedings is

withdrawn, in whole or in part, to the District Court, unless otherwise agreed by the Parties or the

District Court orders otherwise, this Protective Order shall continue to govern information

designated as confidential, but challenges to confidentiality designations and any other disputes

regarding matters within the scope of the withdrawn reference and governed by this Protective

Order shall be presented to and determined by the District Court.

> **S.**     **Futures Representative**.  The Futures Representative, if appointed, may elect to

be a Party to this Protective Order by filing a notice with the Bankruptcy Court indicating that

(Page 30)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Governing Confidential Information by and Between the Official Committee of
Talc Claimants and the Debtor Pursuant to D.N.J. LBR 9021-1(b)


the Futures Representative has made such an election.  The Futures Representative shall be

deemed a Party to this Protective Order, with all the rights and obligations of a Party under this

Protective Order, as of the date such notice is filed with the Bankruptcy Court.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>            Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK) |

## ACKNOWLEDGMENT

I, _____, hereby understand and agree that

Covered Information, as such term is defined in the *Agreed Protective Order Governing*

*Confidential Information* (the "Protective Order") entered by the Bankruptcy Court in the above-

captioned matter, may only be provided to me subject to the terms and conditions set forth in the

Protective Order.  Capitalized terms used herein but not otherwise defined have the meanings

given to them in the Protective Order.

---

[1]      The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is
501 George Street, New Brunswick, New Jersey 08933.

I hereby acknowledge that I have been given a copy of and have read and understand the Protective Order.  I agree that I shall not disclose Confidential Information to others and that Confidential Information shall be used only for the purpose of the Bankruptcy Proceedings, as set forth in the Protective Order.

I further agree to be bound by the terms of the Protective Order and to subject myself to the jurisdiction of the Bankruptcy Court for the enforcement of the Protective Order and understand that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions by the Bankruptcy Court and/or be liable to a Party for misappropriation, trade-secret violations or other possible causes of action.

Date: _____    Signature _____

Firm: _____    Printed Name: _____

Title: _____

65025702 v2-WorkSiteUS-000002/4347

NAI-1536285747v4