| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel for the Official Committee*<br>*of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of*<br>*Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official Committee of*<br>*Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Special Counsel for the Official*<br>*Committee of Talc Claimants* |
| In re:<br><br>**LTL MANAGEMENT LLC**,[1]<br><br>            Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**THE OFFICIAL COMMITTEE OF TALC CLAIMANTS'
MOTION TO COMPEL**

The Official Committee of Talc Claimants (the "TCC"), by and through its proposed undersigned counsel, hereby moves, on an expedited basis, pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rules 9014 and 7034 of the Federal Rules of Bankruptcy Procedure, for the entry of an order compelling LTL Management LLC ("LTL") to produce documents concerning the termination of the 2021 Funding Agreement (the "Motion"). In support hereof, the TCC respectfully states as follows:

1. This Motion addresses LTL's and J&J's assertions of a common interest privilege concerning communications between them concerning the termination, or putative voidness or voidability, of the 2021 Funding Agreement. During the Preliminary Injunction proceeding in the related Adversary Proceeding, the TCC sought discovery of communications between LTL and J&J concerning the termination, or putative voidness or voidability, of the 2021 Funding Agreement, but LTL and J&J asserted (and continue to assert) a common interest privilege over those communications. *E.g.*, Kim 4/14/23 Dep Tr. 83:1-84:4, 86:13-24; Haas Dep. Tr. 126:23-127:13, 169:5-170:7; 190:15-191:7; LTL 5/1/23 Ltr. (Dkt. 376) at 5; TCC 4/10/23 RFPs to LTL and J&J at Req. Nos. 7, 15.

2. A party asserting the common interest privilege must show, among other things, that "the disclosures furthered a common interest." *AMEC Civ., LLC v. DMJM Harris, Inc.*, 2008 WL 8171059, at *3 (D.N.J. July 11, 2008). However, if "an interest is adverse between the parties asserting the privilege, the disclosure is not protected . . . ." *Id.* (portion of document that referred to "adverse, not common interests" was "discoverable" because "the common interest privilege is inapplicable" where the discovery sought concerns adverse interests).

3.      There can be no question that the potential termination, or putative voidness or voidability, of the 2021 Funding Agreement implicates adverse interests as between LTL and J&J. Any termination would immediately relieve J&J of a more than $60 billion funding obligation, while simultaneously stripping LTL of the more than $60 billion benefit of that obligation. The common interest privilege does not apply here.

4.      As a separate matter, as this Court already has noted, "[i]n response to a motion to dismiss, Debtor will likely have to address unresolved issues such as the voidability of the 2021 Funding Agreement, the potentially 'largest intentional fraudulent transfer in United States history.'" 4/18/23 H'rng Tr. at 23 (quoting TCC Objection). It seems clear that the termination of the 2021 Funding Agreement was orchestrated by J&J and agreed to by LTL. *E.g.*, Kim 4/14/23 Dep Tr. 83:1-84:4, 85:23-86:12, 86:13-24. To the extent LTL intends to argue that this consensual termination was appropriate and did not constitute bad faith for purposes of LTL's new bankruptcy filing, it would seem unfathomable that evidence of what the parties actually told each other in furtherance of that coordinated effort could be shielded by a common interest privilege (even if one existed — which it does not). *See*, *e.g.*, *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 898 F. Supp. 2d 603, 607 (S.D.N.Y. 2012) (quoting *United Jersey Bank v. Wolosoff*, 196 N.J. Super. 553, 483 A.2d 821, 828 (N.J. App. 1984) ("[T]to avoid the 'inherent inequity in permitting [litigants] to use the privilege as a sword rather than a shield,' which is the result whenever litigants are permitted to 'divulge whatever information is favorable to [their] position and assert the privilege to preclude disclosure of detrimental facts.'"); *Wolosoff*, 196 N.J. Super. at 557 (adding that "[t]he resulting half-truth that would be revealed might well be more disabling than a total distortion. We are persuaded that 'when confidential communications are made a material issue in a judicial proceeding, fairness demands waiver of the privilege'"); *cf. In re Chevron Corp.*, 633 F3d 153, 166 (3d Cir. 2011) ("[I]n situations where the client consults the

3

attorney for the purpose of committing a future crime or fraud, the crime-fraud exception to the

attorney-client privilege applies and communications made in furtherance of the anticipated crime

or fraud are not protected from disclosure as recognition of "the privilege is no longer

defensible.").

5.      There is no common interest between LTL and J&J in connection with the

termination of the 2021 Funding Agreement.  In all events, that privilege could not shield discovery

of the very communications that lie at the heart of a material issue in this case.

6.      For the reasons set forth above, the TCC respectfully requests that the Court grant

the Motion and order LTL and J&J to immediately produce communications between them

concerning the enforceability or termination of the 2021 Funding Agreement, and grant such other

and further relief as is just and equitable under the circumstances.

Dated:  May 5, 2023

Respectfully submitted,

**GENOVA BURNS, LLC**

By:_____*Donald W. Clarke*_____
Donald W. Clarke, Esq.
Daniel M. Stolz, Esq.
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 533-0777
Facsimile: (973) 467-8126
Email: dstolz@genovaburns.com
Email: dclarke@genovaburns.com

*Proposed Local Counsel to the Official Committee
of Talc Claimants*