| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* | |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |

### ORDER (I) APPOINTING CO-MEDIATORS
### AND (II) ESTABLISHING MEDIATION PROTOCOL

The relief set forth on the following pages is hereby **ORDERED**.

5/8/23

*/s/ Michael B. Kaplan*
MICHAEL B. KAPLAN
USBJ

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

WHEREAS, at a hearing held May 3, 2023, in the above-captioned case (the "Chapter 11 Case"), the Court determined that a mediation may produce a resolution of all or some of the issues and claims in the case;

Now, therefore, it is hereby **ORDERED** that:

1. Eric D. Green, whose address is Resolutions, LLC, 30 Monument Square, Suite 245, Concord, MA 01742, and Gary Russo, whose address is Jones Walker LLP, Suite 1600, 600 Jefferson Street, Lafayette, LA 70501, are hereby appointed as Co-Mediators in accordance with the terms of this Order.

2. The Co-Mediators are authorized to mediate (the "Mediation") a comprehensive resolution of issues in the Chapter 11 Case (the "Mediation Issues").

3. The following parties (collectively, the "Mediation Parties") are referred to the Mediation: (a) the Debtor; (b) Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson (together, "J&J"); (c) the official committee of talc claimants appointed in this Chapter 11 Case (the "TCC"), by their member representatives; (d) the legal representative for future talc claimants appointed in this Chapter 11 Case (the "FCR"); (e) the ad hoc committee of states holding consumer protection claims; (f) the insurers identified on Exhibit 1 to this Order; (g) the representative plaintiff in the action styled DiSanto v. Johnson & Johnson, Alberta Court of Queen's Bench (File Number 1901-11748), the proposed representative plaintiff in the action styled Baker v. Johnson & Johnson, Ontario Superior Court of Justice (Court File No. CV-16-533046CP), the proposed representative plaintiff in the action styled Williamson v. Johnson & Johnson, British Columbia Supreme Court (Case No. 179011), and any other Canadian

(Page 3)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

representative(s), including the Canadian representative of the other putative classes active in Canada, who request to participate in the Mediation and agree to be bound by the terms of this Order if the Co-Mediators determine, in their sole discretion, such additional representative(s) should participate in the Mediation or the Court orders that such representatives should [or representatives (including ad hoc committees)] participate; and (h) any other party [or representatives (including ad hoc committees)] who wishes to participate in the Mediation and agrees to be bound by the terms of this Order, if the Co-Mediators may determine, in their sole discretion, ~~such~~ the manner, timing and/or extent of any Mediation Party's participation ~~party should participate~~ in the Mediation. Any reference in this Order to a "Mediation Party" shall include each Mediation Party identified in this paragraph irrespective of whether such party participates in any particular Mediation session.

4. Subject to the terms of this Order and applicable law, D.N.J. LBR 9019-1 and 9019-2, including, but not limited to, all confidentiality and privilege provisions therein applicable to mediation, as well as the following terms and guidelines will govern the Mediation process between the Mediation Parties:

    a. The Debtor must immediately serve the Co-Mediators with a copy of this Order.

    b. The scheduling and location of all Mediation sessions will be determined by the Co-Mediators. Sessions may be held in person, telephonically or by videoconference.

    c. With respect to the participation of the ad hoc committee of states holding consumer protection claims in the Mediation sessions, the selection of participating states/districts in the Mediation sessions will be at the sole discretion of the ad hoc committee of states holding consumer protection claims.

NAI-1536754625v3

(Page 4)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

    d. Notwithstanding anything to the contrary in the Local Bankruptcy Rules, the Co-Mediators may conduct the Mediation as they see fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Co-Mediators deem appropriate to conduct the Mediation, subject to the terms of this Order.

    e. The Mediation Parties will make a good faith attempt to settle the Mediation Issues. The Mediation Parties, either personally or through a representative with authority to negotiate and settle the Mediation Issues, will make reasonable efforts to attend all sessions scheduled by the Co-Mediators to which they are invited to attend by the Co-Mediators.

    f. The Co-Mediators will be compensated at ~~the rate of no more than $_____/hour~~ current standard hourly rates set and agreed to in advance of the mediation. [MBK] The Co-Mediators are authorized to use associates or paralegals from their offices for necessary and reasonable assistance, at their standard rates. The Debtor is solely responsible for the Co-Mediators' fees. The fees are due not later than 30 days after presentation of the Co-Mediators' invoices, with copies to the TCC, and the United States Trustee for Region 3 (the "U.S. Trustee").

    g. The Co-Mediators are permitted, at their discretion, to speak ex parte with the Court on procedural matters, provided, however that both Co-Mediators must be present for any such ex parte discussion unless a Co-Mediator obtains the consent of the other Co-Mediator to engage in an ex parte discussion with the Court without the presence of the other. The Co-Mediators are also permitted, at their

NAI-1536754625v3

(Page 5)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

    discretion, together or individually, to speak with the individual Mediation Parties and/or their representatives about the Mediation Issues.

h. The Co-Mediators may provide periodic status reports, substantially in the form of the Local Form Mediation Report as they deem appropriate. Reports shall be filed under seal in the event that such reports disclose confidential settlement terms or proposals. An unredacted copy of any such report shall be provided to the U.S. Trustee and the U.S. Trustee shall maintain the confidentiality of such sealed report pursuant to 11 U.S.C. § 107(c)(3). An unredacted copy of any such report, together with periodic oral updates, also shall be provided to the information officer (the "Information Officer") appointed by the Canadian court in the proceedings commenced pursuant to Part IV of the Companies' Creditors Arrangement Act (Canada) R.S.C. 1985, c. C 36 and with respect to which the Debtor has been appointed as foreign representative. The Information Officer shall maintain the confidentiality of any information provided to it hereunder consistent with paragraph 5 of this Order.

i. Not later than 7 days after the conclusion of the Mediation, the date of which will be determined by the Co-Mediators or the Court, the Co-Mediators must file a Local Form Mediation Report.

(Page 6)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

5. Confidentiality:

   a. Except as provided in paragraph 5.c. below, unless the Co-Mediators and the Mediation Parties agree otherwise in writing, or unless disclosure is permitted or required by this Order or applicable law, including, without limitation, any state public disclosure laws, the Co-Mediators, the Mediation Parties, and other participants in the Mediation may not disclose to any entity or person who was not a participant in the Mediation any oral or written communication concerning the Mediation, including any document, report or other writing presented or used solely in connection with the Mediation (hereinafter, the "Protected Information").

   b. A Mediation Party who receives Protected Information may not disclose such Protected Information to another Mediation Party unless the Co-Mediators and the Mediation Party who disclosed such information agree in writing, or unless disclosure is permitted or required by this Order or applicable law including, without limitation, any state public disclosure laws.

   c. A Co-Mediator must disclose to a proper authority information obtained at a Mediation session if required by law, or if a Co-Mediator or a Mediation Party has a reasonable belief that the disclosure will prevent a Mediation Party from committing a criminal or illegal act likely to result in death or serious bodily harm.

NAI-1536754625v3

(Page 7)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

    d. A Co-Mediator shall not testify in any judicial proceeding as to any Protected Information, statements, matters, occurrences or observations arising out of the Mediation except by express written agreement of all Mediation Parties. This clause is not applicable to any litigation to enforce the terms of any written agreement reached by the Mediation Parties in the course of the Mediation wherein the meaning or content of such agreement is put in issue.

    e. No written record or transcript of any discussion had in the course of Mediation is to be kept, absent express written agreement by the Mediation Parties.

    f. Subject to paragraphs 5.h., 5.i., 5.j., and 6, Protected Information, whether written or verbal, is not subject to discovery or admissible in evidence in any subsequent proceeding. A Mediation Party may by independent evidence establish the substance of Protected Information in the subsequent proceeding.

    g. The disclosure by a Mediation Party of information to the Co-Mediators that would otherwise be shielded from disclosure in any other proceeding by virtue of the attorney-client, attorney work product, or other applicable privilege does not waive or otherwise adversely affect the privileged nature of that information. The Co-Mediators shall not provide privileged information or disclose the contents thereof to any other person, entity, or Mediation Party without the consent of the producing party (except that the Co-Mediators may disclose privileged information to any person assisting the Co-Mediators in the performance of their mediation duties, in which event such assistant shall be subject to the same

NAI-1536754625v3

(Page 8)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

    restrictions as the Co-Mediators with respect to such privileged information). For the avoidance of doubt, information that is not privileged before it is shared with the Co-Mediators does not become privileged pursuant to this subparagraph 5.g. solely because it was shared with the Co-Mediators.

h. For the avoidance of doubt, nothing herein prohibits a Mediation Party from disclosing its own position with respect to the treatment of claims or issues in the Chapter 11 Case or disclosing its own work product or underlying documents that were not prepared by another Mediation Party or the Co-Mediators for the purposes of Mediation in any subsequent litigation (including in this Court during the pendency of the Chapter 11 Case) solely because such documents were also used in whole or in part or such issues were discussed during the Mediation.

i. Nothing provided in this Order shall prohibit or limit the Debtor's or any Debtor affiliate's right or obligation to share information, including Protected Information, with any insurer if required under any applicable insurance contract and such insurer agrees to maintain the confidentiality of such information.

j. Mr. Russo shall not destroy documents, electronic files or information as required by paragraph 18 of the *Order (I) Dismissing Debtor's Chapter 11 Case Pursuant to § 1112(b); (II) Establishing Procedures With Respect to Requests for Compensation; and (III) Granting Related Relief,* In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J. Apr. 4, 2023), Dkt. 3938 (the "Dismissal Order"). In the event of any destruction of such information prior to his appointment as Co-

Case 23-01092-MBK    Doc    Filed 05/08/23    Entered 05/08/23 09:43:54    Desc Main
Document    Page 9 of 12

(Page 9)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

Mediator, Mr. Russo shall provide notice of any documents, electronic files or information destroyed pursuant to the Dismissal Order.

k. Nothing provided in this Order shall prohibit or limit any insurer's right or obligation to share information, including Protected Information, with any other insurer, any reinsurer upon request of such reinsurer, or any auditor or regulator upon request of such auditor or regulator if required under any insurance contract, reinsurance contract or applicable regulation and such insurer, reinsurer, auditor or regulator is provided a copy of this Order and agrees to maintain the confidentiality of such information in accordance with this Order. If any such insurer, reinsurer, auditor or regulator does not agree to maintain the confidentiality of such information in accordance with this Order, then prior to disclosing such Protected Information, the applicable insurer shall promptly provide written notice of its intended disclosure to the Mediation Parties to permit any Mediation Party, at its own expense, to seek a protective order or take other appropriate action (collectively, a "Protective Motion"). If a Protective Motion is filed within fifteen days following the receipt of such notice (the "Notice Period"), the applicable insurer shall not produce the requested information to such reinsurer, auditor or regulator pending a determination of such motion. If no Protective Motion is filed within the Notice Period or the Protective Motion is denied, the applicable insurer may produce the requested information to such

(Page 10)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

reinsurer, auditor or regulator consistent with any order in respect of the Protective Motion, if applicable.

6. Notwithstanding entry of this Order, the rights and arguments of all Mediation Parties and other parties in interest with respect to the discoverability or admissibility of information and documents exchanged in connection with the Mediation are expressly preserved.

7. Nothing contained in this Order shall in any way operate to, or have the effect of, imposing, impairing, altering, supplementing, changing, expanding, decreasing or modifying any rights or obligations of any insurer or of Johnson & Johnson or any of its subsidiaries or affiliates under any insurance contract issued to, naming, or providing or purporting to provide coverage to Johnson & Johnson or any of its subsidiaries or affiliates.

8. Except as provided in paragraphs 4 and 5 of this Order, this Order shall not affect: (a) any right of any party in interest to seek information from a Mediation Party or (b) any obligation of a Mediation Party to disclose information. Nothing in this Order shall affect the requirements for obtaining approval of a plan of reorganization or a settlement under the Bankruptcy Code, including under sections 1123 and 1125, or the Federal Rules of Bankruptcy Procedure, including Rule 9019, or any other applicable law, including, without limitation, any state public disclosure laws.

9. In the event of a conflict between the terms of this Order and those of D.N.J. LBR 9019-1 and 9019-2, the terms of this Order shall control.

10. All rights of the Mediation Parties are preserved and shall not be prejudiced by participation in the Mediation, including the rights to seek dismissal of the Chapter 11 Case and

NAI-1536754625v3

(Page 11)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

raise any other objections, claims or causes of action that may otherwise exist regarding the circumstances giving rise to the commencement of this Chapter 11 Case.

11. The entry of this Order and participation in the Mediation shall not be deemed consent to the jurisdiction of this Court over any Mediation Party for any matter.

12. This Order shall be effective immediately upon its entry.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

## Exhibit 1

- ACE Property and Casualty Insurance Company (f/k/a CIGNA Property & Casualty Insurance Company)
- Affiliated FM Insurance Company
- AIG Property Casualty Company (f/k/a Birmingham Fire Insurance Company of Pennsylvania)
- AIG Europe S.A. (as successor in interest to Union Atlantique d'Assurances S.A)
- AIU Insurance Company
- Allstate Insurance Company (solely as successor in interest to Northbrook Excess & Surplus Insurance Company, f/k/a Northbrook Insurance Company)
- Allianz Global Risk US Insurance Company (f/k/a Allianz Insurance Company and Fireman's Fund Insurance Company)
- Arrowood Indemnity Company
- ASR Schadeverzekering N.V. (as successor in interest to Assurantiekoor Van Wijk & Co.)
- Atlanta International Insurance Company n/k/a Wellfleet New York Insurance Company (as successor in interest to Drake Insurance Company)
- Century Indemnity Company
- Employers Insurance Company of Wausau
- Employers Mutual Casualty Company, by its managing general agent and attorney-in-fact ProSight Specialty Insurance Company
- Everest Reinsurance Company
- First State Insurance Company
- Granite State Insurance Company
- Great Northern Insurance Company
- Hartford Accident and Indemnity Company
- The Insurance Company of the State of Pennsylvania
- Lexington Insurance Company
- Munich Reinsurance America, Inc. (f/k/a American Re-Insurance Company)
- National Casualty Company
- National Union Fire Insurance Company of Pittsburgh, Pa.
- New Hampshire Insurance Company
- The North River Insurance Company
- Pacific Employers Insurance Company
- N.V. Schadeverzekeringsmaatschappij Maas Lloyd (individually and as successor in interest to policies subscribed in favor of Johnson & Johnson by N.V. Rotterdamse Assurantiekas, n/k/a De Ark)
- Republic Indemnity Company of America
- Rheinland Versicherungen (as successor in interest only to the subscriptions of the former Dutch company Rheinland Verzekeringen)
- Sentry Insurance a Mutual Company (as assumptive reinsurer of Great Southwest Fire Insurance Company)
- Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company)