UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail:    jeffrey.m.sponder@usdoj.gov
           lauren.bielskie@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 23-12825 (MBK) |
| LTL Management LLC,[1] | Chapter 11 |
| Debtor. | The Honorable Michael B. Kaplan, Chief Judge |
| | Hearing Date:  May 30, 2023 @ 10:00 a.m. |

**MOTION OF THE UNITED STATES TRUSTEE TO COMPEL COMPLIANCE
WITH FED. R. BANKR. P. 2019**

Andrew R. Vara, the United States Trustee for Regions 3 & 9 (the "U.S. Trustee"), by his undersigned counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), hereby files this Motion for entry of an order compelling law firms and/or attorneys to comply with Fed. R. Bankr. P. 2019 (the "Motion").  In support thereof, the U.S. Trustee states as follows:

**JURISDICTION**

1.    Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of New Jersey issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2.  Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District.  Such oversight is part of the "U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts." *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the "U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest).

3.  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised in this Motion.

## BACKGROUND AND RELEVANT FACTS

4.  On April 4, 2023 (the "Petition Date"), LTL Management LLC (the "Debtor" or "LTL") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").  *See* Dkt. 1.

5.  The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.  No trustee or examiner has been appointed in these chapter 11 cases.

7.  On April 14, 2023, the Office of the United States Trustee appointed an Official Committee of Talc Claimant Creditors (the "TCC").  *See* Dkt. 162.

8.  On April 24, 2023, the TCC filed a Motion of the Official Committee of Talc Claimants to Dismiss the Second Bankruptcy Petition of LTL Management, LLC.[2]  *See* Dkt. 286.

9.  On May 1, 2023, the U.S. Trustee filed the Motion of the United States Trustee to

---

[2] Other motions to dismiss or joinders have been filed including the following:  (i) Ad Hoc Group of Mesothelioma Claimants (Dkt. 335); (ii) Paul Crouch (Dkt. 346); (iii) the Ad Hoc Committee of States Holding Consumer Protection Claims (Dkt. 350); (iv) Mesothelioma Claimants (Dkt. 352); (v) MRHFM's Plaintiffs (Dkt. 358); and (vi) Arnold & Itken (Dkt. 379).

2

Dismiss Case Pursuant to 11 U.S.C. 1112(b) (the "U.S. Trustee Motion to Dismiss").  *See* Dkt. 379.

10. A hearing on the various motions to dismiss is scheduled to begin no earlier than June 12, 2023.

11. On May 8, 2023, the Court entered an Order (i) Appointing Co-Mediators and (ii) Establishing Mediation Protocol.  *See* Dkt. 459.

12. As it appears that mediation will commence shortly, as well as the hearing on the motions to dismiss, it is important that all attorneys and/or law firms that represent multiple creditors in this case disclose the information required by Fed. R. Bankr. P. 2019.

## RELIEF REQUESTED

13. It appears that there are several attorney/law firms (the "Firms") that represent multiple creditors in matters of common interest within the meaning of Fed. R. Bankr. P. 2019 in this Chapter 11 Case.  However, the docket does not reflect that most of the Firms have filed the disclosures required by Fed. R. Bankr. P. 2019.[3]  Accordingly, by this Motion, the U.S. Trustee respectfully requests that the Court compel the Firms to comply with Fed. R. Bankr. P. 2019 in this Chapter 11 Case.

## BASIS FOR RELIEF

14. Fed. R. Bankr. P. 2019 is a rule of disclosure.  *See In re Northwest Airlines Corp.*, 363 B.R. 704, 707 (Bankr. S.D.N.Y. 2007).  Its purposes include to ensure that the relevant economic interests of participants in a bankruptcy case are fully disclosed.  *See generally In re Northwest Airlines Corp.*, 363 B.R. at 707-08 (noting that the direct antecedent of original Rule

---

[3] In fact, it appears that only one Firm, Lite DePalma Greenberg & Afanador LLC, has filed a Fed. R. Bankr. P. 2019 disclosure.  *See* Dkt. 85.

3

2019 was designed to advise the court "of the actual economic interest of all persons participating in the proceedings").

15. The requirements of Fed. R. Bankr. P. 2019 are mandatory, as it uses the word "shall," rather than "may," to command compliance. *See Nantucket Investors II v. California Federal Bank (In re Palms Associates)*, 61 F.3d 197, 208 (3d Cir. 1995) (use of the term "shall" imposes a requirement of mandatory, as opposed to discretionary, compliance); *In re The Muralo Company Inc.*, 295 B.R. 512, 524 & n.10 (Bankr. D.N.J. 2003) (Rule 2019 "requires entities, including counsel, who would represent in a chapter 11 case more than one creditor, to file a verified statement listing those creditors" and "explaining the circumstances of their agency"); *In re N. Bay Gen. Hosp., Inc.*, 404 B.R. 443, 452 (Bankr. S.D. Tex. 2009) ("Any entity seeking to represent more than one creditor in a Chapter 11 case must file an application that conforms with the requirements of Federal Rule of Bankruptcy Procedure 2019").

16. By its plain terms, Fed. R. Bankr. P. 2019(b)(1) imposes a duty on every group or entity that consists of or represents multiple creditors that are (i) acting in concert to advance their common interests and (ii) not composed entirely of affiliates or insiders of one another, to file a verified statement with the Court. *See* Fed. R. Bankr. P. 2019(b)(1).[4]

17. The verified statement must include pertinent facts and circumstances, including "with respect to an entity, the employment of the entity, including the name of each creditor or equity security holder at whose instance the employment was arranged" and "a copy of the

---

[4] Fed. R. Bankr. P. 2019(b)(1) provides: "In a chapter 9 or 11 case, a verified statement setting forth the information specified in subdivision (c) of this rule shall be filed by every group or committee that consists of or represents . . . multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another."

4

instrument, if any, authorizing the entity, group or committee to act on behalf of creditors or equity security holders." *See* Fed. R. Bankr. P. 2019(c)(1)(B) and (c)(4).

19. Pursuant to Fed. R. Bankr. P. 2019(c)(2)(A)-(B), the verified statement must include discussion of the group's or entity's "disclosable economic interest held in relation to the debtor as of the date the entity was employed or the group or committee was formed." *See* Fed. R. Bankr. P. 2019(c)(2)(A)-(B).

19. Pursuant to Fed. R. Bankr. P. 2019(c)(3), with regard to each creditor, the group or entity also must disclose such creditor's "name and address" and "the nature and amount of each disclosable economic interest held in relation to the debtor as of the date of the statement." *See* Fed. R. Bankr. P. 2019(c)(3).

20. Fed. R. Bankr. P. 2019 defines "disclosable economic interest" as "any claim, interest, pledge, lien, option, participation, derivative instrument, or any other right or derivative right granting the holder an economic interest that is affected by the value, acquisition, or disposition of a claim or interest." *See* Fed. R. Bankr. P. 2019(a)(1). As noted by the Advisory Committee, the definition of disclosable economic interest "is intended to be sufficiently broad to cover *any* economic interest that *could* affect the legal and strategic positions a stakeholder takes in a chapter 9 or chapter 11 case." *See* 2011 Advisory Committee Note to Fed. R. Bankr. 2019 (emphasis added).

21. The plain language of Fed. R. Bankr. P. 2019 and its purposes compel the conclusion that the Firms must comply with Fed. R. Bankr. P. 2019 in this Chapter 11 Case. Here, as set forth earlier, only one Firm has filed a Fed. R. Bankr. P. 2019 disclosure. There is more than one firm involved in this Chapter 11 Case that represents groups or entities that consist of or

5

represent multiple creditors that are acting in concert to advance their common interests and not composed entirely of affiliates or insiders of one another.

22. As Fed. R. Bankr. P 2019(b) requires and mandates each of the Firms file a verified statement disclosing the information listed in Fed. R. Bankr. P. 2019(c), the U.S. Trustee respectfully requests that the Court require any and all Firms participating in this Chapter 11 Case on behalf of more than one creditor to file Rule 2019 disclosures within fourteen (14) days of the date an order is entered.

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that the Court grant the Motion and grant such other and further relief that is deemed just and equitable.

Respectfully Submitted,

**ANDREW R. VARA,**
**UNITED STATES TRUSTEE**
**REGIONS 3 & 9**

By:   */s/ Jeffrey M. Sponder*
Jeffrey M. Sponder
Trial Attorney
Lauren Bielskie
Trial Attorney
United States Department of Justice
Office of the United States Trustee
One Newark Center, Suite 2100
Newark, NJ 07102

-and-

Linda Richenderfer
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
linda.richenderfer@usdoj.gov

Dated: May 8, 2023