| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY WOLLMUTH MAHER & DEUTSCH LLP Paul R. DeFilippo, Esq. 500 Fifth Avenue New York, New York 10110 Telephone: (212) 382-3300 Facsimile: (212) 382-0050 pdefilippo@wmd-law.com JONES DAY Gregory M. Gordon, Esq. Brad B. Erens, Esq. Dan B. Prieto, Esq. Amanda Rush, Esq. 2727 N. Harwood Street Dallas, Texas 75201 Telephone: (214) 220-3939 Facsimile: (214) 969-5100 gmgordon@jonesday.com bberens@jonesday.com dbprieto@jonesday.com asrush@jonesday.com (Admitted *pro hac vice*) *PROPOSED ATTORNEYS FOR DEBTOR* | |
|---|---|
| In re: LTL MANAGEMENT LLC,[1] Debtor. | Chapter 11 Case No.: 23-12825 (MBK) Judge: Michael B. Kaplan |

### ORDER (I) APPOINTING CO-MEDIATORS AND (II) ESTABLISHING MEDIATION PROTOCOL

The relief set forth on the following pages is hereby **ORDERED**.

5/8/23

*/s/ Michael B. Kaplan*
MICHAEL B. KAPLAN
USBJ

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1536754625v3

(Page 2)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

WHEREAS, at a hearing held May 3, 2023, in the above-captioned case (the "Chapter 11 Case"), the Court determined that a mediation may produce a resolution of all or some of the issues and claims in the case;

Now, therefore, it is hereby **ORDERED** that:

1. Eric D. Green, whose address is Resolutions, LLC, 30 Monument Square, Suite 245, Concord, MA 01742, and Gary Russo, whose address is Jones Walker LLP, Suite 1600, 600 Jefferson Street, Lafayette, LA 70501, are hereby appointed as Co-Mediators in accordance with the terms of this Order.

2. The Co-Mediators are authorized to mediate (the "Mediation") a comprehensive resolution of issues in the Chapter 11 Case (the "Mediation Issues").

3. The following parties (collectively, the "Mediation Parties") are referred to the Mediation: (a) the Debtor; (b) Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson (together, "J&J"); (c) the official committee of talc claimants appointed in this Chapter 11 Case (the "TCC"), by their member representatives; (d) the legal representative for future talc claimants appointed in this Chapter 11 Case (the "FCR"); (e) the ad hoc committee of states holding consumer protection claims; (f) the insurers identified on Exhibit 1 to this Order; (g) the representative plaintiff in the action styled DiSanto v. Johnson & Johnson, Alberta Court of Queen's Bench (File Number 1901-11748), the proposed representative plaintiff in the action styled Baker v. Johnson & Johnson, Ontario Superior Court of Justice (Court File No. CV-16-533046CP), the proposed representative plaintiff in the action styled Williamson v. Johnson & Johnson, British Columbia Supreme Court (Case No. 179011), and any other Canadian

NAI-1536754625v3

(Page 3)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

representative(s), including the Canadian representative of the other putative classes active in Canada, who request to participate in the Mediation and agree to be bound by the terms of this Order if the Co-Mediators determine, in their sole discretion, such additional representative(s) should participate in the Mediation or the Court orders that such representatives should or representatives (including ad hoc committees) participate; and (h) any other party who wishes to participate in the Mediation and agrees to be bound by the terms of this Order, if the Co-Mediators may determine, in their sole discretion, the manner, timing and/or extent of any Mediation Party's participation in the Mediation. Any reference in this Order to a "Mediation Party" shall include each Mediation Party identified in this paragraph irrespective of whether such party participates in any particular Mediation session.

    4.    Subject to the terms of this Order and applicable law, D.N.J. LBR 9019-1 and 9019-2, including, but not limited to, all confidentiality and privilege provisions therein applicable to mediation, as well as the following terms and guidelines will govern the Mediation process between the Mediation Parties:

   a. The Debtor must immediately serve the Co-Mediators with a copy of this Order.

   b. The scheduling and location of all Mediation sessions will be determined by the Co-Mediators. Sessions may be held in person, telephonically or by videoconference.

   c. With respect to the participation of the ad hoc committee of states holding consumer protection claims in the Mediation sessions, the selection of participating states/districts in the Mediation sessions will be at the sole discretion of the ad hoc committee of states holding consumer protection claims.

NAI-1536754625v3

(Page 4)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

    d. Notwithstanding anything to the contrary in the Local Bankruptcy Rules, the Co-Mediators may conduct the Mediation as they see fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Co-Mediators deem appropriate to conduct the Mediation, subject to the terms of this Order.

    e. The Mediation Parties will make a good faith attempt to settle the Mediation Issues. The Mediation Parties, either personally or through a representative with authority to negotiate and settle the Mediation Issues, will make reasonable efforts to attend all sessions scheduled by the Co-Mediators to which they are invited to attend by the Co-Mediators.

    f. The Co-Mediators will be compensated at ~~the rate of no more than $_____/hour~~ [handwritten: current standard hourly rates set and agreed to in advance of the mediation.] [initialed: MBK]. The Co-Mediators are authorized to use associates or paralegals from their offices for necessary and reasonable assistance, at their standard rates. The Debtor is solely responsible for the Co-Mediators' fees. The fees are due not later than 30 days after presentation of the Co-Mediators' invoices, with copies to the TCC, and the United States Trustee for Region 3 (the "U.S. Trustee").

    g. The Co-Mediators are permitted, at their discretion, to speak *ex parte* with the Court on procedural matters, provided, however that both Co-Mediators must be present for any such *ex parte* discussion unless a Co-Mediator obtains the consent of the other Co-Mediator to engage in an *ex parte* discussion with the Court without the presence of the other. The Co-Mediators are also permitted, at their

NAI-1536754625v3

(Page 5)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

discretion, together or individually, to speak with the individual Mediation Parties and/or their representatives about the Mediation Issues.

h. The Co-Mediators may provide periodic status reports, substantially in the form of the Local Form Mediation Report as they deem appropriate. Reports shall be filed under seal in the event that such reports disclose confidential settlement terms or proposals. An unredacted copy of any such report shall be provided to the U.S. Trustee and the U.S. Trustee shall maintain the confidentiality of such sealed report pursuant to 11 U.S.C. § 107(c)(3). An unredacted copy of any such report, together with periodic oral updates, also shall be provided to the information officer (the "Information Officer") appointed by the Canadian court in the proceedings commenced pursuant to Part IV of the Companies' Creditors Arrangement Act (Canada) R.S.C. 1985, c. C 36 and with respect to which the Debtor has been appointed as foreign representative. The Information Officer shall maintain the confidentiality of any information provided to it hereunder consistent with paragraph 5 of this Order.

i. Not later than 7 days after the conclusion of the Mediation, the date of which will be determined by the Co-Mediators or the Court, the Co-Mediators must file a Local Form Mediation Report.

(Page 6)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

5. Confidentiality:

   a. Except as provided in paragraph 5.c. below, unless the Co-Mediators and the Mediation Parties agree otherwise in writing, or unless disclosure is permitted or required by this Order or applicable law, including, without limitation, any state public disclosure laws, the Co-Mediators, the Mediation Parties, and other participants in the Mediation may not disclose to any entity or person who was not a participant in the Mediation any oral or written communication concerning the Mediation, including any document, report or other writing presented or used solely in connection with the Mediation (hereinafter, the "Protected Information").

   b. A Mediation Party who receives Protected Information may not disclose such Protected Information to another Mediation Party unless the Co-Mediators and the Mediation Party who disclosed such information agree in writing, or unless disclosure is permitted or required by this Order or applicable law including, without limitation, any state public disclosure laws.

   c. A Co-Mediator must disclose to a proper authority information obtained at a Mediation session if required by law, or if a Co-Mediator or a Mediation Party has a reasonable belief that the disclosure will prevent a Mediation Party from committing a criminal or illegal act likely to result in death or serious bodily harm.

NAI-1536754625v3

(Page 7)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

    d. A Co-Mediator shall not testify in any judicial proceeding as to any Protected Information, statements, matters, occurrences or observations arising out of the Mediation except by express written agreement of all Mediation Parties. This clause is not applicable to any litigation to enforce the terms of any written agreement reached by the Mediation Parties in the course of the Mediation wherein the meaning or content of such agreement is put in issue.

    e. No written record or transcript of any discussion had in the course of Mediation is to be kept, absent express written agreement by the Mediation Parties.

    f. Subject to paragraphs 5.h., 5.i., 5.j., and 6, Protected Information, whether written or verbal, is not subject to discovery or admissible in evidence in any subsequent proceeding. A Mediation Party may by independent evidence establish the substance of Protected Information in the subsequent proceeding.

    g. The disclosure by a Mediation Party of information to the Co-Mediators that would otherwise be shielded from disclosure in any other proceeding by virtue of the attorney-client, attorney work product, or other applicable privilege does not waive or otherwise adversely affect the privileged nature of that information. The Co-Mediators shall not provide privileged information or disclose the contents thereof to any other person, entity, or Mediation Party without the consent of the producing party (except that the Co-Mediators may disclose privileged information to any person assisting the Co-Mediators in the performance of their mediation duties, in which event such assistant shall be subject to the same

(Page 8)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

    restrictions as the Co-Mediators with respect to such privileged information). For the avoidance of doubt, information that is not privileged before it is shared with the Co-Mediators does not become privileged pursuant to this subparagraph 5.g. solely because it was shared with the Co-Mediators.

h. For the avoidance of doubt, nothing herein prohibits a Mediation Party from disclosing its own position with respect to the treatment of claims or issues in the Chapter 11 Case or disclosing its own work product or underlying documents that were not prepared by another Mediation Party or the Co-Mediators for the purposes of Mediation in any subsequent litigation (including in this Court during the pendency of the Chapter 11 Case) solely because such documents were also used in whole or in part or such issues were discussed during the Mediation.

i. Nothing provided in this Order shall prohibit or limit the Debtor's or any Debtor affiliate's right or obligation to share information, including Protected Information, with any insurer if required under any applicable insurance contract and such insurer agrees to maintain the confidentiality of such information.

j. Mr. Russo shall not destroy documents, electronic files or information as required by paragraph 18 of the *Order (I) Dismissing Debtor's Chapter 11 Case Pursuant to § 1112(b); (II) Establishing Procedures With Respect to Requests for Compensation; and (III) Granting Related Relief,* In re LTL Mgmt. LLC, No. 21-30589 (Bankr. D.N.J. Apr. 4, 2023), Dkt. 3938 (the "Dismissal Order"). In the event of any destruction of such information prior to his appointment as Co-

NAI-1536754625v3

(Page 9)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

> Mediator, Mr. Russo shall provide notice of any documents, electronic files or information destroyed pursuant to the Dismissal Order.
>
> k. Nothing provided in this Order shall prohibit or limit any insurer's right or obligation to share information, including Protected Information, with any other insurer, any reinsurer upon request of such reinsurer, or any auditor or regulator upon request of such auditor or regulator if required under any insurance contract, reinsurance contract or applicable regulation and such insurer, reinsurer, auditor or regulator is provided a copy of this Order and agrees to maintain the confidentiality of such information in accordance with this Order. If any such insurer, reinsurer, auditor or regulator does not agree to maintain the confidentiality of such information in accordance with this Order, then prior to disclosing such Protected Information, the applicable insurer shall promptly provide written notice of its intended disclosure to the Mediation Parties to permit any Mediation Party, at its own expense, to seek a protective order or take other appropriate action (collectively, a "Protective Motion"). If a Protective Motion is filed within fifteen days following the receipt of such notice (the "Notice Period"), the applicable insurer shall not produce the requested information to such reinsurer, auditor or regulator pending a determination of such motion. If no Protective Motion is filed within the Notice Period or the Protective Motion is denied, the applicable insurer may produce the requested information to such

NAI-1536754625v3

(Page 10)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

reinsurer, auditor or regulator consistent with any order in respect of the Protective Motion, if applicable.

6. Notwithstanding entry of this Order, the rights and arguments of all Mediation Parties and other parties in interest with respect to the discoverability or admissibility of information and documents exchanged in connection with the Mediation are expressly preserved.

7. Nothing contained in this Order shall in any way operate to, or have the effect of, imposing, impairing, altering, supplementing, changing, expanding, decreasing or modifying any rights or obligations of any insurer or of Johnson & Johnson or any of its subsidiaries or affiliates under any insurance contract issued to, naming, or providing or purporting to provide coverage to Johnson & Johnson or any of its subsidiaries or affiliates.

8. Except as provided in paragraphs 4 and 5 of this Order, this Order shall not affect: (a) any right of any party in interest to seek information from a Mediation Party or (b) any obligation of a Mediation Party to disclose information. Nothing in this Order shall affect the requirements for obtaining approval of a plan of reorganization or a settlement under the Bankruptcy Code, including under sections 1123 and 1125, or the Federal Rules of Bankruptcy Procedure, including Rule 9019, or any other applicable law, including, without limitation, any state public disclosure laws.

9. In the event of a conflict between the terms of this Order and those of D.N.J. LBR 9019-1 and 9019-2, the terms of this Order shall control.

10. All rights of the Mediation Parties are preserved and shall not be prejudiced by participation in the Mediation, including the rights to seek dismissal of the Chapter 11 Case and

NAI-1536754625v3

(Page 11)
Debtor: LTL Management LLC
Case No. 23-1285-MBK
Caption: Order (I) Appointing Co-Mediators and (II) Establishing Mediation Protocol

raise any other objections, claims or causes of action that may otherwise exist regarding the circumstances giving rise to the commencement of this Chapter 11 Case.

11. The entry of this Order and participation in the Mediation shall not be deemed consent to the jurisdiction of this Court over any Mediation Party for any matter.

12. This Order shall be effective immediately upon its entry.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

NAI-1536754625v3

## Exhibit 1

- ACE Property and Casualty Insurance Company (f/k/a CIGNA Property & Casualty Insurance Company)
- Affiliated FM Insurance Company
- AIG Property Casualty Company (f/k/a Birmingham Fire Insurance Company of Pennsylvania)
- AIG Europe S.A. (as successor in interest to Union Atlantique d'Assurances S.A)
- AIU Insurance Company
- Allstate Insurance Company (solely as successor in interest to Northbrook Excess & Surplus Insurance Company, f/k/a Northbrook Insurance Company)
- Allianz Global Risk US Insurance Company (f/k/a Allianz Insurance Company and Fireman's Fund Insurance Company)
- Arrowood Indemnity Company
- ASR Schadeverzekering N.V. (as successor in interest to Assurantiekoor Van Wijk & Co.)
- Atlanta International Insurance Company n/k/a Wellfleet New York Insurance Company (as successor in interest to Drake Insurance Company)
- Century Indemnity Company
- Employers Insurance Company of Wausau
- Employers Mutual Casualty Company, by its managing general agent and attorney-in-fact ProSight Specialty Insurance Company
- Everest Reinsurance Company
- First State Insurance Company
- Granite State Insurance Company
- Great Northern Insurance Company
- Hartford Accident and Indemnity Company
- The Insurance Company of the State of Pennsylvania
- Lexington Insurance Company
- Munich Reinsurance America, Inc. (f/k/a American Re-Insurance Company)
- National Casualty Company
- National Union Fire Insurance Company of Pittsburgh, Pa.
- New Hampshire Insurance Company
- The North River Insurance Company
- Pacific Employers Insurance Company
- N.V. Schadeverzekeringsmaatschappij Maas Lloyd (individually and as successor in interest to policies subscribed in favor of Johnson & Johnson by N.V. Rotterdamse Assurantiekas, n/k/a De Ark)
- Republic Indemnity Company of America
- Rheinland Versicherungen (as successor in interest only to the subscriptions of the former Dutch company Rheinland Verzekeringen)
- Sentry Insurance a Mutual Company (as assumptive reinsurer of Great Southwest Fire Insurance Company)
- Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company)

NAI-1536754625v3

United States Bankruptcy Court
District of New Jersey

In re:  Case No. 23-12825-MBK
LTL Management LLC  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3      User: admin      Page 1 of 7
Date Rcvd: May 08, 2023      Form ID: pdf903      Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 10, 2023:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/Text: jkim8@its.jnj.com | May 08 2023 20:34:00 | LTL Management LLC, 501 George Street, New Brunswick, NJ 08933-0001 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 10, 2023      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 8, 2023 at the address(es) listed below:

**Name**      **Email Address**

Adam C. Silverstein
     on behalf of Other Prof. Proposed Co-Counsel to the Official Committee of Talc Claimants asilverstein@otterbourg.com awilliams@otterbourg.com

Adam C. Silverstein
     on behalf of Creditor Ad Hoc Committee of Certain Talc Claimants asilverstein@otterbourg.com  awilliams@otterbourg.com

Alan J. Brody
     on behalf of Creditor Bausch Health Companies Inc. f/k/a Valeant Pharmaceuticals International  Inc. brodya@gtlaw.com, NJLitDock@gtlaw.com

Alan J. Brody
     on behalf of Creditor Bausch Health Americas  Inc. f/k/a Valeant Pharmaceuticals International brodya@gtlaw.com, NJLitDock@gtlaw.com

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 2 of 7 |
| Date Rcvd: May 08, 2023 | Form ID: pdf903 | Total Noticed: 1 |

Alan J. Brody
    on behalf of Creditor Bausch Health US LLC f/k/a Valeant Pharmaceuticals North America LLC brodya@gtlaw.com, NJLitDock@gtlaw.com

Allen Joseph Underwood, II
    on behalf of Creditor DeSanto Canadian Class Action Creditors aunderwood@litedepalma.com ajunderwood@ecf.courtdrive.com;grodriguez@litedepalma.com

Allison Meghan Brown
    on behalf of Plaintiff LTL Management LLC allison.brown@skadden.com wendy.lamanna@skadden.com;Stephanie.Martin@skadden.com

Allison Meghan Brown
    on behalf of Debtor LTL Management LLC allison.brown@skadden.com wendy.lamanna@skadden.com;Stephanie.Martin@skadden.com

Andrew Mina
    on behalf of Interested Party Atlanta International Insurance Company amina@duanemorris.com

Andrew J. Kelly
    on behalf of Creditor BCBS of Massachusetts akelly@kbtlaw.com wsheridan@kbtlaw.com

Andrew J. Kelly
    on behalf of Interested Party BCBS of Massachusetts akelly@kbtlaw.com wsheridan@kbtlaw.com

Andy Frankel
    on behalf of Interested Party Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) afrankel@stblaw.com

Anthony Sodono, III
    on behalf of Interested Party Talc Claimants asodono@msbnj.com

Anthony Sodono, III
    on behalf of Attorney Barnes Law Group LLC asodono@msbnj.com

Bethany Theriot
    on behalf of Interested Party United States of America bethany.theriot@usdoj.gov

Brian J. McCormick, Jr.
    on behalf of Creditor Various Talc Claimants bmccormick@rossfellercasey.com earend@rossfellercasey.com

Brian J. McCormick, Jr.
    on behalf of Creditor Ross Feller Casey LLP bmccormick@rossfellercasey.com, earend@rossfellercasey.com

Brian W. Hofmeister
    on behalf of Creditor Various Talc Claimants bwh@hofmeisterfirm.com j119@ecfcbis.com

Brian W. Hofmeister
    on behalf of Creditor Kellie Brewer bwh@hofmeisterfirm.com j119@ecfcbis.com

Carol A. Slocum
    on behalf of Attorney Andy D. Birchfield Jr. cslocum@klehr.com, lclark@klehr.com

Carol A. Slocum
    on behalf of Attorney Maune Raichle Hartley French & Mudd LLC cslocum@klehr.com lclark@klehr.com

Christopher M. Placitella
    on behalf of Creditor Justin Bergeron cplacitella@cprlaw.com bdriscoll@cprlaw.com

Christopher M. Placitella
    on behalf of Creditor Catherine Forbes cplacitella@cprlaw.com bdriscoll@cprlaw.com

Clay Thompson
    on behalf of Attorney Maune Raichle Hartley French & Mudd LLC cthompson@mrhfmlaw.com

Clay Thompson
    on behalf of Creditor Various Talc Claimants cthompson@mrhfmlaw.com

Clay Thompson
    on behalf of Interested Party Various Talc Claimants cthompson@mrhfmlaw.com

Clay Thompson
    on behalf of Creditor Katherine Tollefson cthompson@mrhfmlaw.com

Colin R. Robinson
    on behalf of Creditor Arnold & Itkin LLP crobinson@pszjlaw.com

Daniel Stolz
    on behalf of Creditor Ad Hoc Committee of Certain Talc Claimants dstolz@genovaburns.com dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
    on behalf of Creditor Ad Hoc Committee of Creditors dstolz@genovaburns.com

Daniel Stolz
dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
on behalf of Creditor Committee Official Committee of Talc Claimants dstolz@genovaburns.com dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
on behalf of Creditor Committee Proposed Local Counsel to the Official Committee of Talc Claimants dstolz@genovaburns.com dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Stolz
on behalf of Creditor Official Committee of Talc Claimants dstolz@genovaburns.com dstolz@ecf.inforuptcy.com;msousa@genovaburns.com

Daniel Robert Lapinski
on behalf of Interested Party Various Talc Claimants dlapinski@motleyrice.com hfonseca@motleyrice.com,kdotson@motleyrice.com

David J. Molton
on behalf of Creditor Ad Hoc Committee of Certain Talc Claimants dmolton@brownrudnick.com hcohen@brownrudnick.com

Derek J. Baker
on behalf of Interested Party Cyprus Mines Corporation dbaker@reedsmith.com

Donald W Clarke
on behalf of Creditor Committee Proposed Local Counsel to the Official Committee of Talc Claimants dclarke@genovaburns.com dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
on behalf of Creditor Ad Hoc Committee of Creditors dclarke@genovaburns.com dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
on behalf of Creditor Committee Official Committee of Talc Claimants dclarke@genovaburns.com dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
on behalf of Creditor Official Committee of Talc Claimants dclarke@genovaburns.com dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

Donald W Clarke
on behalf of Creditor Ad Hoc Committee of Certain Talc Claimants dclarke@genovaburns.com dclarke@ecf.inforuptcy.com;dclarke@ecfalerts.com

E. Richard Dressel
on behalf of Creditor Evan Plotkin rdressel@lexnovalaw.com

E. Richard Dressel
on behalf of Creditor Giovanni Sosa rdressel@lexnovalaw.com

Eileen McCabe
on behalf of Interested Party Atlanta International Insurance Company eileen.mccabe@mendes.com

Ericka Fredricks Johnson
on behalf of Creditor The Ad Hoc Committee of States Holding Consumer Protection Claims ericka.johnson@wbd-us.com Heidi.sasso@wbd-us.com;liz.thomas@wbd-us.com;lisa.tancredi@wbd-us.com;cindy.giobbe@wbd-us.com

Geoffrey B. Gompers
on behalf of Interested Party Various Talc Claimants gompers@gomperslaw.com jharper@gomperslaw.com

Geoffrey B. Gompers
on behalf of Plaintiff LTL Management LLC gompers@gomperslaw.com jharper@gomperslaw.com

Gregory S. Kinoian
on behalf of Creditor Committee Official Committee of Talc Claimants gkinoian@genovaburns.com

Helen H Babin
on behalf of Creditor Various Talc Claimants hbabin@gertlerfirm.com

James N. Lawlor
on behalf of Plaintiff LTL Management LLC jlawlor@wmd-law.com

James N. Lawlor
on behalf of Debtor LTL Management LLC jlawlor@wmd-law.com

Janet A. Shapiro
on behalf of Creditor Employers Insurance Co of Wausau jshapiro@shapirolawfirm.com

Janet A. Shapiro
on behalf of Creditor National Casualty Co. jshapiro@shapirolawfirm.com

Jeff Kahane
on behalf of Interested Party Atlanta International Insurance Company jkahane@duanemorris.com dmartinez@duanemorris.com

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 4 of 7 |
| Date Rcvd: May 08, 2023 | Form ID: pdf903 | Total Noticed: 1 |

Jeffrey M. Sponder
    on behalf of U.S. Trustee United States Trustee jeffrey.m.sponder@usdoj.gov jeffrey.m.sponder@usdoj.gov

Jeffrey M. Sponder
    on behalf of U.S. Trustee U.S. Trustee jeffrey.m.sponder@usdoj.gov jeffrey.m.sponder@usdoj.gov

Jerome Howard Block
    on behalf of Interested Party Paul Crouch jblock@levylaw.com

Jerome Howard Block
    on behalf of Interested Party Randy Derouen jblock@levylaw.com

John Maloney
    on behalf of Interested Party Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) jmaloney@lawgmm.com

John M. August
    on behalf of Creditor Susan Jean Bader jaugust@saiber.com rtucker@saiber.com

John M. August
    on behalf of Creditor Dean McElroy jaugust@saiber.com rtucker@saiber.com

John M. August
    on behalf of Creditor Various Talc Claimants jaugust@saiber.com rtucker@saiber.com

John M. August
    on behalf of Creditor Christina Prudencio jaugust@saiber.com rtucker@saiber.com

John M. August
    on behalf of Creditor Anthony Hernandez Valadez jaugust@saiber.com rtucker@saiber.com

John M. August
    on behalf of Creditor Trevor Barkley jaugust@saiber.com rtucker@saiber.com

John M. August
    on behalf of Creditor Marlin Lewis Eagles jaugust@saiber.com rtucker@saiber.com

John M. August
    on behalf of Creditor Alison Daugherty jaugust@saiber.com rtucker@saiber.com

John M. August
    on behalf of Creditor Kristie Lynn Doyle jaugust@saiber.com rtucker@saiber.com

John W. Weiss
    on behalf of Interested Party Various Talc Personal Injury Claimants jweiss@pashmanstein.com

John Zachary Balasko
    on behalf of Interested Party United States of America john.z.balasko@usdoj.gov

Kenneth A. Rosen
    on behalf of Interested Party Johnson & Johnson and Johnson & Johnson Holdco (NA) Inc. krosen@lowenstein.com dclaussen@lowenstein.com

Konrad Krebs
    on behalf of Interested Party The Continental Insurance Company konrad.krebs@clydeco.us

Lauren Bielskie
    on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Leah Cylia Kagan
    on behalf of Interested Party Various Talc Claimants lkagan@sgptrial.com

Leslie Carol Heilman
    on behalf of Creditor Albertsons Companies Inc. heilmanl@ballardspahr.com, vesperm@ballardspahr.com;roglenl@ballardspahr.com

Lisa Nathanson Busch
    on behalf of Creditor Patricia Cook lbusch@weitzlux.com

Louis A. Modugno
    on behalf of Interested Party Atlanta International Insurance Company lmodugno@tm-firm.com

Louis A. Modugno
    on behalf of Interested Party Starr Indemnity & Liability Company lmodugno@tm-firm.com

Louis A. Modugno
    on behalf of Interested Party Granite State Insurance Company lmodugno@tm-firm.com

Louis A. Modugno
    on behalf of Interested Party ASR Schadeverzekering N.V. lmodugno@tm-firm.com

Louis A. Modugno
    on behalf of Interested Party AIG Europe S.A. lmodugno@tm-firm.com

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 5 of 7 |
| Date Rcvd: May 08, 2023 | Form ID: pdf903 | Total Noticed: 1 |

Louis A. Modugno
on behalf of Interested Party Lexington Insurance Company lmodugno@tm-firm.com

Louis A. Modugno
on behalf of Interested Party The Insurance Company of the State of Pennsylvania  Philadelphia lmodugno@tm-firm.com

Louis A. Modugno
on behalf of Interested Party N.V. Schadeverzekeringsmaatschappij Maas Lloyd lmodugno@tm-firm.com

Louis A. Modugno
on behalf of Interested Party AIU Insurance Company lmodugno@tm-firm.com

Louis A. Modugno
on behalf of Interested Party National Union Fire Insurance Company of Pittsburgh  Pa. lmodugno@tm-firm.com

Louis A. Modugno
on behalf of Interested Party New Hampshire Insurance Company lmodugno@tm-firm.com

Louis A. Modugno
on behalf of Interested Party AIG Property Casualty Company lmodugno@tm-firm.com

Louis A. Modugno
on behalf of Interested Party The North River Insurance Company lmodugno@tm-firm.com

Louis A. Modugno
on behalf of Interested Party RheinLand Versicherungen lmodugno@tm-firm.com

Mark Falk
on behalf of Other Prof. Randi S. Ellis mfalk@walsh.law

Michael D. Sirota
on behalf of Interested Party Ad Hoc Group of Supporting Counsel msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Michael D. Sirota
on behalf of Interested Party Ad Hoc Committee of Supporting Counsel msirota@coleschotz.com
fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com

Mitchell Malzberg
on behalf of Creditor Various Talc Claimants mmalzberg@mjmalzberglaw.com  dlapham@mjmalzberglaw.com

Moshe Maimon
on behalf of Interested Party Paul Crouch mmaimon@levylaw.com  mmastrogiacomo@levylaw.com

Moshe Maimon
on behalf of Interested Party Various Talc Claimants mmaimon@levylaw.com  mmastrogiacomo@levylaw.com

Moshe Maimon
on behalf of Interested Party Randy Derouen mmaimon@levylaw.com  mmastrogiacomo@levylaw.com

Nathan W. Reinhardt
on behalf of Interested Party Atlanta International Insurance Company nreinhardt@duanemorris.com

Paul R. DeFilippo
on behalf of Plaintiff LTL Management LLC pdefilippo@wmd-law.com

Paul R. DeFilippo
on behalf of Debtor LTL Management LLC pdefilippo@wmd-law.com

Richard G. Haddad
on behalf of Creditor Ad Hoc Committee of Certain Talc Claimants rhaddad@otterbourg.com
akramer@otterbourg.com;awilliams@otterbourg.com;asilverstein@otterbourg.com;jhildebrandt@otterbourg.com;pmcternan@otterbourg.com

Richard G. Haddad
on behalf of Other Prof. Proposed Co-Counsel to the Official Committee of Talc Claimants rhaddad@otterbourg.com
akramer@otterbourg.com;awilliams@otterbourg.com;asilverstein@otterbourg.com;jhildebrandt@otterbourg.com;pmcternan@otterbourg.com

Robert Malone
on behalf of Interested Party State of Mississippi rmalone@gibbonslaw.com  nmitchell@gibbonslaw.com

Robert Malone
on behalf of Interested Party State of New Mexico rmalone@gibbonslaw.com  nmitchell@gibbonslaw.com

Robin Rabinowitz
on behalf of Interested Party Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) rrabinowitz@lawgmm.com

Russell Webb Roten
on behalf of Interested Party Atlanta International Insurance Company rwroten@duanemorris.com

Sari Blair Placona

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 6 of 7 |
| Date Rcvd: May 08, 2023 | Form ID: pdf903 | Total Noticed: 1 |

on behalf of Attorney Barnes Law Group LLC splacona@msbnj.com

Sommer Leigh Ross
on behalf of Interested Party AIG Property Casualty Company slross@duanemorris.com AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party Lexington Insurance Company slross@duanemorris.com AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party New Jersey Coverage Action Plaintiff-Insurers slross@duanemorris.com AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party AIG Europe S.A. slross@duanemorris.com AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party National Union Fire Insurance Company of Pittsburgh Pa. slross@duanemorris.com, AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party Republic Indemnity Company of America slross@duanemorris.com AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party The North River Insurance Company slross@duanemorris.com AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party RheinLand Versicherungen slross@duanemorris.com AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party N.V. Schadeverzekeringsmaatschappij Maas Lloyd slross@duanemorris.com AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party Atlanta International Insurance Company slross@duanemorris.com AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party Starr Indemnity & Liability Company slross@duanemorris.com AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party AIU Insurance Company slross@duanemorris.com AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party ASR Schadeverzekering N.V. slross@duanemorris.com AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party Granite State Insurance Company slross@duanemorris.com AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party The Insurance Company of the State of Pennsylvania Philadelphia slross@duanemorris.com, AutoDocketWILM@duanemorris.com

Sommer Leigh Ross
on behalf of Interested Party New Hampshire Insurance Company slross@duanemorris.com AutoDocketWILM@duanemorris.com

Stephen M. Packman
on behalf of Attorney Roger Frankel as Legal Representative for Future Personal Injury Claimants appointed in the Chapter 11 bankruptcy case of Cyprus Mines Corporation spackman@archerlaw.com, dleney@archerlaw.com,ahuber@archerlaw.com

Stephen T. Roberts
on behalf of Interested Party Atlanta International Insurance Company stephen.roberts@mendes.com

Stephen V. Gimigliano
on behalf of Interested Party Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) sgimigliano@lawgmm.com

Suzanne Ratcliffe
on behalf of Creditor Katherine Tollefson sratcliffe@mrhfmlaw.com

Suzanne Ratcliffe
on behalf of Attorney Maune Raichle Hartley French & Mudd LLC sratcliffe@mrhfmlaw.com

Suzanne Ratcliffe
on behalf of Creditor Various Talc Claimants sratcliffe@mrhfmlaw.com

Suzanne Ratcliffe
on behalf of Interested Party Various Talc Claimants sratcliffe@mrhfmlaw.com

U.S. Trustee

District/off: 0312-3 | User: admin | Page 7 of 7
Date Rcvd: May 08, 2023 | Form ID: pdf903 | Total Noticed: 1

USTPRegion03.NE.ECF@usdoj.gov

Walter Benzija

on behalf of Creditor The Blue Cross Blue Shield Association wbenzija@halperinlaw.net  mmurrayhbb@outlook.com

TOTAL: 132