**brown**rudnick

MICHAEL S. WINOGRAD
Ph : (212) 209-4917
mwinograd@brownrudnick.com

May 12, 2023

Honorable Michael B. Kaplan
U.S. Bankruptcy Judge
U.S. Bankruptcy Court for the
  District of New Jersey
402 East State Street
Trenton, New Jersey  08608
chambers_of_mbk@njb.uscourts.gov

**Re:  In re LTL Management LLC, No. 23-12825 (MBK)**

Dear Judge Kaplan:

  We are proposed counsel for the Official Committee of Talc Claimants in above-referenced proceeding.  We regret that we find ourselves with the need again to raise with the Court the issue of scheduling the hearing on the motions to dismiss in this case (the "Hearing").  Twice now, the parties have presented argument on dates for the Hearing.  In both cases, the Court heard the argument and set aside dates that it viewed as a compromise.  Both times, the TCC agreed to those dates.  However, LTL not only continues to refuse to agree to them, but in fact seems to be moving in the opposite direction.

  As the Court knows, by letters dated April 17, 2023 (Dkt. 345) and May 2, 2023 (Dkt. 388), the TCC requested that the Hearing be set in accordance with the 30/15 day time period prescribed by 11 U.S.C. § 112(b)(3).  By letter dated May 1, 2023 (Dkt. 376), counsel for LTL argued that compelling circumstances existed to depart from the statutory time period.

  This issue was argued at the May 3, 2023 conference before the Court.  At the conclusion of the argument, the Court set aside the compromise dates of June 12-16 for the Hearing:

> Well, the fact is, there are constraints on my calendar that are unavoidable. What I was going to suggest -- and this will dissatisfy -- not satisfy probably anyone -- is that I can carve out four days. . . .  But I can carve out June -- the week of June 12th.  It's three weeks after -- I think it's three weeks, roughly, after the motion is calendar, which is not excessive. It's after the Memorial Day weekend, which we all have to take into account. It gives time for the parties to do discovery, limited. . . .  What I'm going to suggest is I will carve out that week. Why don't you engage in another meet and confer about a schedule.  If the parties can't agree, we can talk about it.  We'll be together on Tuesday. . . .  If you all tell me the week of June 12th is not acceptable -- we can proceed on the 23rd.


5/3/23 Tr. 149:5-21, 151:2-3. Counsel for the TCC immediately indicated to the Court it was prepared to move forward on the June 12-16 dates. *Id*. at 151:8. However, during meet and confers over pre-trial scheduling in the following days, counsel for LTL indicated it would contest the June 12-16 Hearing dates.

As a result, further argument on the Hearing dates was held at the May 9, 2023 Hearing. Among other things, counsel for the TCC noted that not only did it believe the Court already had resolved the issue and set the Hearing for the week of June 12, but less than twenty-four hours earlier — on May 8 — LTL told the Third Circuit in its opposition to the petition for a writ of mandamus that "*the Bankruptcy Court has set aside June 12 to 16, 2023* for a hearing" on the motions to dismiss. Writ Opp. at 12, 14-15 (emphasis added). The next day, counsel for the TCC informed the Court, the Third Circuit denied the petition "to allow the Bankruptcy Court to continue *on the expedited basis set by the Bankruptcy Court*." 3d. Cir. Text Order (emphasis added). As counsel for the TCC argued this past Tuesday, LTL should be estopped from seeking any further extension of the Hearing date beyond the June 12-16 period, and the TCC remains prepared to move forward with the Hearing on June 12.

In any event, the Court responded after argument with a further compromise: June 15, 16, 21, and 21:

> So what I'm going to suggest is I'll break it up. I'll give a little bit more time, not what the debtor wants, not what the committee wants, but I'll break it up. I'm going to dedicate four days with a fifth in reserve that I could squeeze if you all get very verbose. What I will do is push it later. I will give the June 15th and 16th, and June 21st and 22nd. Those are four days. . . . So it's June 15th, June 16th, June 21st, and June 22nd. So we're talking about -- what are we talking about -- ten days later, two weeks later.

5/9/23 Tr. 136:16-137:2.

Again the TCC was (and remains) prepared to move forward on the dates set aside by the Court. But when it so informed LTL's counsel the next day, counsel for LTL indicated it intended to once again ask the Court to push back the dates the Court had set aside. The only reasons given were the same two alleged conflicts that counsel raised with the Court during argument.

The TCC has twice agreed to move forward with the compromise dates set aside by the Court after argument. The TCC respectfully requests that Court now set the Hearing for the dates set aside by the Court during the May 9 hearing: June 15, 16, 21, and 22.

Respectfully,

Michael S. Winograd



Hon. Michael B. Kaplan
May 12, 2023
Page 3

cc:  All counsel of record