**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan<br>**Hearing Date and Time:**<br>**May 16, 2023 at 11:30 a.m.** |

**DEBTOR'S OMNIBUS REPLY IN SUPPORT OF
ITS MOTION FOR AN ORDER (I) SCHEDULING HEARING ON
APPROVAL OF DISCLOSURE STATEMENT; (II) ESTABLISHING DISCLOSURE
STATEMENT OBJECTION DEADLINE; AND (III) GRANTING RELATED RELIEF**

LTL Management LLC, the debtor in the above-captioned case (the "Debtor"),

submits this reply in support of its *Motion for an Order (I) Scheduling Hearing on Disclosure*

*Statement; (II) Establishing Disclosure Statement Objection Deadline; and (III) Granting*

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

*Related Relief* [Dkt. 240] (the "Motion")[2] and in response to objections to the Motion (collectively, the "Objections") filed by the following parties (collectively, the "Objecting Parties"):  (a) the Official Committee of Talc Claimants (the "TCC") [Dkt. 413] ("TCC Obj."); (b) Arnold & Itkin LLP ("Arnold & Itkin") [Dkt. 443] ("Arnold & Itkin Obj."); (c) the United States Trustee (the "U.S. Trustee") [Dkt. 448]; and (d) Maune Raichle Hartley French & Mudd, LLC [Dkt. 453].

## REPLY

The Motion seeks limited relief with respect to scheduling matters.  In particular, it seeks to:

(i)    schedule a Disclosure Statement Hearing;

(ii)   establish a deadline for objections to the adequacy of the Disclosure Statement; and

(iii)  establish a deadline for objections to a motion for approval of solicitation and voting procedures with respect to the Plan (the "Solicitation Motion").

The Motion also seeks to set reply deadlines with respect to (ii) and (iii).

These scheduling requests have engendered close to 40 pages of objections, most of which do not address the relief sought in the Motion.  See, e.g., TCC Obj. (spending less than one page in a 14 page objection addressing the relief sought in the Motion).  The Objections are riddled with inaccurate allegations about the record in this case and extraneous and misguided arguments irrelevant to the relief requested in the Motion.  The Debtor reserves all rights to address these false statements either at the trial (the "Dismissal Trial") on the now eight pending

---

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

NAI-1536816041

motions to dismiss the chapter 11 case (the "Motions to Dismiss"), the Disclosure Statement Hearing, or the Confirmation Hearing.

By the Motion, the Debtor simply seeks to organize the process leading to the Disclosure Statement Hearing and coordinate the 14-day objection period for the Solicitation Motion (extending it by 7 days) with the 28 day objection period for the adequacy of the Disclosure Statement (shortening it by 7 days), so that the Solicitation Motion and the hearing on the adequacy of the Disclosure Statement are heard at the same time and at the same hearing. Contrary to the hyperbole of the Objecting Parties that the relief sought constitutes a race to confirmation, the schedule proposed by the Debtor provides for five weeks from the Debtor's filings to the Disclosure Statement Hearing and a full three weeks for parties to object to one document — the Disclosure Statement — and one motion, the Solicitation Motion.

The Objecting Parties have demonstrated that they can generate extraordinary amounts of filings in a limited period of time. In the short period of this Chapter 11 Case, the TCC, among other things has: (i) filed a motion to dismiss this Chapter 11 Case; (ii) petitioned for a writ of mandamus; (iii) intensely litigated many significant issues, including, the Debtor's request for a preliminary injunction, certification of direct appeal of the Court's preliminary injunction order, and appointment of the future claimants representative, and, most recently, (iv) filed a motion for derivative standing together with a 110-page complaint. It has shown that it is more than capable of commenting on the Disclosure Statement and filing any objections to the Solicitation Motion in three weeks' time. Arnold & Itkin's assertion that it requires almost seven weeks to review the Disclosure Statement is not reasonable. Arnold & Itkin Obj. ¶ 3.

What the Objecting Parties actually seek is to delay and disrupt any progress on a Plan in this Chapter 11 Case and to ensure that the Disclosure Statement Hearing does not occur prior to

-3-

a decision by the Court on the Motions to Dismiss.[3] But the Debtor would respectfully submit that the Objecting Parties have it backwards. Delaying the Disclosure Statement Hearing prevents the Court from being fully informed on plan-related matters prior to making its ruling on the Motions to Dismiss. Considerations related to the Plan and the plan confirmation process may be relevant to the Court in evaluating whether the circumstances of the case warrant denying (or granting) dismissal, as well as extending (or denying to further extend) the preliminary injunction, which currently is set to expire on June 15, 2023.

Further, delaying the Disclosure Statement Hearing is not in the best interest of the Debtor's estate, including the talc claimants. The Debtor is taking reasonable steps to progress this Chapter 11 Case toward a consensual resolution consistent with the terms of the plan support agreements that garnered the support of counsel for thousands of talc claimants.

Unlike the Objecting Parties, the Debtor is not seeking to play "beat the clock." Rather, it requests, consistent with this Court's rulings, that the process towards confirmation of the Plan proceed on a parallel track with the Dismissal Trial.

## CONCLUSION

For all of the reasons set forth above, the Debtor respectfully requests that the Court enter an order (i) granting the relief sought in the Motion, (ii) overruling the Objections and (iii) granting such further relief to the Debtor as the Court may deem proper.

---

[3] Related thereto, contemporaneously with this Reply, the Debtor is also filing an objection to the TCC's cross-motion [Dkt. 414] to selectively suspend proceedings in this Chapter 11 Case, including any plan-related proceedings. That objection is incorporated herein by reference.

NAI-1536816041

| | |
|---|---|
| Dated: May 12, 2023 | **WOLLMUTH MAHER & DEUTSCH LLP**<br><br>*/s/ Paul R. DeFilippo*<br>Paul R. DeFilippo, Esq.<br>James N. Lawlor, Esq.<br>Joseph F. Pacelli, Esq. (admitted *pro hac vice*)<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br>jlawlor@wmd-law.com<br>jpacelli@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*PROPOSED ATTORNEYS FOR DEBTOR* |