# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

INSIGNIA SYSTEMS, INC.,                                CIVIL NO. 04-4213 (JRT/AJB)

AND

STATE OF MINNESOTA, BY ITS ATTORNEY
GENERAL, MIKE HATCH,

      PLAINTIFFS,

V.                                                     **ORDER ON INSIGNIA'S MOTION FOR A CONFIDENTIALITY AND PROTECTIVE ORDER**

NEWS AMERICA MARKETING IN-STORE,
INC., AND ALBERTSON'S INC.,

      DEFENDANTS.

This matter is before the court, United States Magistrate Judge Arthur J. Boylan, on Insignia's Motion for a Protective Order. [Docket No. 150]. A hearing was held on December 18, 2006, in Courtroom #5 of the United States District Court for the District of Minnesota, 180 East Fifth Street, St. Paul, MN 55101. Willie L. Hudgins, Esq. and Robert L. Meller, Jr., Esq. represented Plaintiff, Insignia Systems, Inc. ("Insignia"). Scott Drill, Chief Executive Officer of Insignia was present. Ann Kinsella, Esq. and Jennifer L. DeKarske, Esq. appeared for Plaintiff-Intervenor, State of Minnesota. Stacey Anne Mahoney, Esq. and Todd A. Wind, Esq. represented Defendant, News America Marketing, In-Store, Inc. ("News America"). Michael A. Lindsay, Esq. and Kevin S. Ueland, Esq. appeared for Defendant, Albertson's, Inc.

**MEMORANDUM**

Insignia seeks a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Insignia and News America met and conferred regarding the entry of a protective order and agreed on most of the provisions. However, Insignia and News America have reached an impasse on three provisions of the proposed protective order.

Courts routinely impose protective orders during litigation in order to protect sensitive information that is necessary or helpful to the litigation, but may potentially harm one of the parties if revealed to the general public during the litigation process. Fed. R. Civ. P. 26(c)(7). Generally, parties stipulate to an agreed upon protective order. Here, the parties are in disagreement over the proposed protective order.

### Documents Produced in the 2000 and 2003 New York Litigation

Insignia proposes that all the discovery from the cases captioned *News America Marketing, In-Store Inc. v. Insignia Systems, Inc.*, Case No. 00-CV-5843 (S.D.N.Y., filed Aug. 7, 2000) ("2000 litigation") and *News America Marketing, In-Store Inc. v. Insignia Systems, Inc.*, Case No. 03-8555 (S.D.N.Y., filed October 29, 2003) ("2003 litigation") be available for use in this case without the need for a separate discovery request for these materials. News America objects to these documents being used in this case.

News America argues that these materials are governed by separate protective orders that limit the use of the materials to those specific cases. News America also argues that there are two additional parties in this case (Albertson's and the State of Minnesota) who were not involved in the two cases in New York. News America also asserts that the protective order in the 2000 litigation required that all

confidential information be destroyed at the end of the case.

Furthermore, News America and Insignia settled the 2000 litigation. News America argues that there are certain terms in that settlement agreement that would bar the use of discovery from the 2000 litigation.

The Court recognizes that the discovery from the 2000 and 2003 litigation is governed by separate protective orders entered in the Southern District of New York. The Court has not seen the settlement agreement that allegedly bars the use of discovery from the 2000 litigation. Therefore, the parties need to seek judicial relief in the Southern District of New York regarding their obligations under the settlement agreement and protective orders that were entered in the New York litigation. The discovery materials from the New York litigation may be allowed in this case upon a stipulation of the parties and after obtaining judicial relief from the Southern District of New York on the restrictions set forth in the settlement agreement and protective orders that were entered in the New York litigation. To the extent such discovery is allowed in this case, it will be subject to the Confidentiality and Protective Order entered in this case. The parties should not destroy any discovery materials from the 2000 and 2003 New York litigation while this case is still pending or until further Order of this Court.

**Access to Discovered Materials by Insignia's CEO, Scott Drill**

Insignia proposes that its CEO, Scott Drill, have the same level of access to discovery documents as News America's designated in-house counsel. Thus, Insignia proposes to allow Mr. Drill access to "Confidential Material." News America is concerned about allowing Mr. Drill access to commercially sensitive information because he is a direct competitor.

The Court adopts News America's proposal for two-tiers of confidentiality. The Court will

3

permit the parties to submit proposals for two-tiers of confidentiality, whereby Mr. Drill would see all but Defendants' most commercially sensitive information.

### No Restrictions on the Use of Non-Confidential Information

Insignia proposes that paragraph 1 of the Protective Order impose no restrictions on the use of non-confidential information. However, News America proposes that the discovery material be used only for purposes of this litigation.

The Court will not impose a restriction on the use of non-confidential information. Notably, Judge Tunheim already concluded "that the contested language in paragraph 1 must be interpreted in the context of the entire protective order, which focuses on confidentiality issues. *See Go-Video v. Motion Picture Ass'n of Am.* (*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*), 10 F.3d 693, 695 (9th Cir. 1993) ("For the protective order to comply with common sense, a reasonable reading must connect its prohibitions to its purpose – protection against disclosure of commercial secrets.") [Docket No. 84]. News America's proposed language is not designed to protect sensitive information, but all information. Therefore, News America failed to show good cause for its proposed language. Fed R. Civ. P. 26(c).

Accordingly, **IT IS HEREBY ORDERED** that Insignia's Motion for a Confidentiality and Protective Order [Docket No. 150 ] is **granted in part.** It is **FURTHER ORDERED** that the following **Confidentiality and Protective Order** shall govern any material or information produced during discovery in this matter:

**CONFIDENTIALITY AND PROTECTIVE ORDER**

1. All information including without limitation, documents, writings, video or audio tapes, computer-generated or recorded information in any form, materials, oral or written testimony, declarations, affidavits, depositions or statements, whether or not transcribed or recorded, disclosed by any person, whether or not a party, in response to any discovery method authorized or permitted by the Federal Rules of Civil Procedure, or produced voluntarily in lieu of such discovery ("Discovered Information"), shall be subject to designation for confidential treatment under the provisions of this Order.

2. Discovery materials from the cases captioned *News America Marketing In-Store, Inc. v. Insignia Systems, Inc.*, Case No. 00-CV-5843 (RCC) (S.D.N.Y. filed Aug. 7, 2000) and *News America Marketing In-Store, Inc. v. Insignia Systems, Inc.*, Case No. 03-8555 (RCC) (S.D.N.Y. filed October 29, 2003) may be allowed in this case upon a stipulation of the parties and after obtaining judicial relief from the Southern District of New York on the restrictions set forth in the settlement agreement and protective orders that were entered in the New York litigation. To the extent such discovery is allowed in this case, it will be subject to the provisions of this Order. Such materials will be accorded confidential treatment as prescribed herein. No party waives any objection that may lodge to the admission of any such materials, including relevance, privilege, or any other applicable objection. The parties should not destroy any discovery materials from the 2000 and 2003 New York litigation while this case is still pending or until further Order of this Court.

3. Any party or non-party may designate as **"CONFIDENTIAL"** all or any part of any Discovered Information as defined in Paragraph 1, including documents, pleadings, motions, interrogatory answers, answers to deposition questions, and responses to requests for admission, that the designating

party in good-faith deems to contain sensitive financial, patent, trademark, copyright, trade secret, information concerning marketing, customers, research, or product development, or any other document or material containing other confidential information of the designating party and the designating party has made efforts, reasonable under the circumstances, to maintain the confidentiality of such Discovered Information in the normal course of business. Such designations shall be made by marking each page of the document or the material **"CONFIDENTIAL"** and shall be as specific as the context of the information reasonably permits so as not to include non-confidential information. All such designated information and other materials are referred to herein as "Confidential Material." For the purposes of this Order, information shall not be regarded as "Confidential Material" if:

(a) The information was in the public domain at the time of disclosure as evidenced by a written document;

(b) The information becomes a part of the public domain through no fault of the other party, as evidenced by a written document;

(c) The receiving party can show by written document that the information was in its rightful and lawful possession without restrictions as to its disclosure at the time of disclosure; or

(d) The receiving party receives such information at a later date from a third party without restriction regarding disclosure, provided such third party did not obtain the information by unlawful means and provided such third party has the right lawfully to make the disclosure to the receiving party.

Notwithstanding such designation, "Confidential Material" does not include information obtained independent of a party to this litigation as to which no separate obligation of confidentiality applies.

4. No recipient of "Confidential Material" shall make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this litigation and solely for the purposes

of this litigation.

5.     "Discovered Information" designated as **"CONFIDENTIAL"** will be held by the receiving party solely for use in connection with this litigation. "Confidential Material" shall be revealed only to "Qualified Persons" (defined in paragraph 6 below), their clerical, support and secretarial staffs, paralegals, and assistants, and shall be used only for preparation and trial of this action.

6.     "Confidential Material" may be disclosed only to the following "Qualified Persons":

  a.   Attorneys of the Office of the Attorney General for the State of Minnesota and outside attorneys representing the parties in this litigation and persons regularly employed in their offices whose functions in this litigation require access to "Confidential Material";

  b.   Outside experts retained by any party for purposes of aiding in the prosecution, defense or resolution of this litigation, or for the purpose of testifying in this case and to the extent such disclosure is reasonably necessary, their office associates and clerical personnel;

  c.   The parties shall submit proposals for two-tiers of confidentiality, whereby in-house counsel Eugenie Gavenchak, Esq. for defendant, News America Marketing In-Store, Inc. (or her successor) would see all but Insignia Systems, Inc.'s most commercially sensitive information.

  d.   The parties shall submit proposals for two-tiers of confidentiality, whereby in-house counsel Steve Kilgriff, Esq. and Chip Cole, Esq. for defendant, Albertson's, Inc. (or their successors) would see all but Insignia Systems, Inc.'s most commercially sensitive information.

  e.   The parties shall submit proposals for two-tiers of confidentiality, whereby Scott Drill, CEO for Plaintiff, Insignia Systems, Inc. (or his successor) would see all but Defendants' most commercially sensitive information.

  f.   A deposition witness, at his or her deposition, including current or former employees, officers or directors of the designating party or non-party, reasonably believed to have relevant information regarding the "Confidential Material";

    g.    Persons reasonably believed to have authored or received the "Confidential Material";

    h.    Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents, or other information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system;

    i.    The Court and court personnel; and

    j.    Court reporters retained to record and transcribe testimony in this action.

7.     No person authorized under paragraphs 6(b), 6(c), 6(d), 6(e), 6(h) (other than contractors that provide routine copy services), and 6(j) of this Protective Order shall receive access to "Confidential Material" until such person has received a copy of this Protective Order and agrees in writing to be bound by it by signing a copy of the Confidentiality Agreement attached as Exhibit A to this Protective Order. The original of each such written Confidentiality Agreement shall be maintained by counsel for the disclosing party. No person authorized under paragraphs 6(c), 6(d) and 6(e) shall have access to any information of the most sensitive nature, if disclosure to persons making competitive decisions would reveal significant technical or business advantages of the designating party.

8.     Other than in the context of a deposition, as allowed by paragraphs 6(b), 6(f), and in 6(g), "Confidential Material" may not be disclosed to any officer, employee or agent of News America Marketing In-Store, Inc., Albertson's, Inc., or Insignia Systems, Inc., regardless of whether such officer, employee or agent has been retained as an expert or consultant in the prosecution or defense of this litigation.

9.     Deposition testimony designated as containing "Confidential Material" may be so

designated in response to a question, prior to any responsive testimony being given, or thereafter. If, during the course of a deposition, testimony being elicited concerns "Confidential Material," all persons except those entitled to receive such information under paragraph 6 above will be excluded from the deposition for the duration of testimony regarding the "Confidential Material," regardless of whether the non-designating party objects to the designation. The objecting party, however, may challenge the designation before the Court, either during the deposition or after its conclusion.

10.    Prior to the taking of any deposition in this litigation, the deposition reporter shall be given a copy of this Protective Order. If, during the course of a deposition, counsel for any person designates any part of the testimony as **"CONFIDENTIAL,"** the deposition transcript shall be visibly marked on the cover page by the reporter as follows:

### "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"

11.    All deposition testimony shall be presumed **"CONFIDENTIAL"** for thirty (30) days from the conclusion of the deposition or for fifteen (15) days after receipt by the parties' counsel of the deposition transcript, whichever is later, after which time, if the party or non-party whose witness was deposed has not specifically designated by letter to opposing counsel and the deposition reporter any portions of the deposition testimony as **"CONFIDENTIAL,"** the entirety of the deposition testimony shall be treated as if it contained no "Confidential Material." (The time to designate confidentiality for deposition testimony is subject to enlargement or extension either by consent of the parties, such consent not to be unreasonably withheld, or by the Court.) Under the terms of this Protective Order, a copy of the letter specifically designating portions of the deposition testimony as containing "Confidential Material" shall be attached by the reporter and all counsel to the cover page of the deposition transcript to which it applies.

12. Unless otherwise agreed to by the parties, any "Confidential Material" that is filed with the Court for any purpose shall be filed in a sealed envelope or container marked on the outside with the title of the action, the identification of each document or other item within, and a statement substantially in the following form:

### "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"

The Court, its staff and counsel for the parties shall have access to any envelope or container submitted under seal in connection with this litigation. To the extent practicable, "Confidential Material" shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated. No "Confidential Material" shall be included in whole or in part in pleadings, motions, briefs, exhibits, memoranda or other papers filed in Court, except as provided in this paragraph.

13. Any party receiving any information or material, including deposition transcripts, that has been designated as **"CONFIDENTIAL"** may object in writing to such designation to all parties (and to a non-party if that is the designating person), and identify the information or material that the challenging party contends was improperly designated. The designating party (or any other interested party), shall then have 10 days to object to the position of challenging party by so notifying that party, in writing, with notice to all parties. (The 10 day period in which to respond is subject to enlargement or extension by either consent of the challenging party, such consent not to be unreasonably withheld, or the Court.) Absent such a timely objection, the information or material shall no longer be deemed **"CONFIDENTIAL."** If the designating party's objection cannot be resolved in good faith, by agreement, the challenging party may file a motion with the Court to determine the propriety of the designation within 10 days after receiving the designating party's objection to the proposed de-designation. Any party bringing a motion challenging a

10

designation under this paragraph must set forth a good faith basis for challenging the designation. The designating party has the ultimate burden for showing why the material should be designated as **"CONFIDENTIAL."** The "Confidential Material" that is the subject of such motion shall be treated in accordance with the designated **"CONFIDENTIAL"** status pending the Court's decision on the motion.

14.     Disclosure by the producing party or non-party of "Confidential Material" without proper designation at the time of disclosure shall not be deemed a waiver, in whole or in part, of any party's claim to confidentiality, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed. Upon learning of the disclosure of "Confidential Material" without proper designation, the party or non-party seeking protection of the information shall, within 10 days, properly designate such information; provided, however, that no party shall be deemed to be in breach of this Order by reason of any use or disclosure of such information, inconsistent with such later designation, that occurred prior to notification of such later designation.

15.     Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "Confidential Material" and shall be responsible for ensuring that each of his or her regularly employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting in this litigation, and recipients of "Confidential Material," understand the obligations imposed by the terms of this Protective Order.

16.     If "Confidential Material" is disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the designating party or non-party (on notice to all other parties) of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of

any further disclosure unauthorized by this Order.

17. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request and shall not further use or disclose such information. The party returning such inadvertently produced document may thereafter seek re-production of any such document pursuant to applicable law. The party that originally produced such document may seek an Order requiring any receiving party and non-party (a) to expunge from any other document any information solely derived from the "Inadvertently Produced Document" and (b) to send a letter to the inadvertently producing party that certifies that such expungement was completed.

18. Any party or any non-party that has produced Confidential Material in this proceeding and that has reason to believe that a violation of this Order has occurred or is about to occur has the right to petition this Court for appropriate relief.

19. This Order is primarily intended to regulate the handling of "Confidential Material" during the discovery phase of this dispute, but shall remain in force and effect thereafter until modified, superseded, or terminated on the record by an Order of the Court. In the event that any "Confidential Material" is used in any pre-trial court hearing or proceeding in this action, it shall not lose its confidential status through such use, and the party using such information shall take all reasonable steps to maintain its confidentiality during such use. Use of "Confidential Material" at any hearing or trial in this matter shall be governed by a separate ruling or order of this Court. The parties will meet and confer at an appropriate time and submit to the Court a proposed Order regarding the same.

20. If, at any time, any "Confidential Material" in the possession, custody or control of any person other than the person who originally produced such information is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity (the "Requested Information"), the person to whom the subpoena or request is directed: (a) immediately shall provide written notice to the person who originally produced such information, which notice shall include the date set for the production of the "Requested Information;" and (b) shall not produce the "Requested Information" prior to the date set forth in the notice. The party or person that designated such "Confidential Material" shall have the burden of seeking a motion to quash or modify the subpoena or request. In the event that compliance with the subpoena or request is not enjoined, by either stipulation or order, during the pendency of the motion to quash or modify, the subpoenaed person may deliver the material to the court (or other Judicial Officer) adjudicating the dispute so as to avoid any citations for contempt of court.

21. This Protective Order does not require production of (a) work product material or information or (b) materials or information covered by the attorney/client or other applicable, state or other, privileges. Such material may continue to be withheld from discovery by any party, unless the Court orders otherwise.

22. Nothing herein shall impose any restrictions on the use or disclosure by a party of its own information as it deems appropriate.

23. Within a reasonable time after final termination of this action, including all appeals, the attorneys for the receiving part shall return "Confidential Material" to counsel for the person who disclosed the protected information to the recipient, or, upon agreement of the parties, the "Confidential Material" shall be destroyed. The State may retain "Confidential Material," if and to the extent that it is required to

13

do so under its obligation to "preserve all records necessary to a full and accurate knowledge of their official activities" as provided in Minn. Stat. § 15.17 (2004). Any "Confidential Material" retained pursuant to Minn. Stat. § 15.17, subd. 1 (2004) shall retain its "CONFIDENTIAL" designation and shall not be further disclosed. Without limiting the foregoing, "Confidential Material" (a) shall not be produced pursuant to any Subpoena (except to the extent such production is ordered by this Court) or to any request under the Minnesota Government Data Practices Act and (b) shall not be disclosed to State employees other than those authorized under this

Order or authorized under further Order of this Court.

24. Nothing herein shall be construed as an agreement or admission that: (a) any "Discovered Information" designated **"CONFIDENTIAL"** by an opposing party is, in fact, confidential; or (b) any "Discovered Information" is competent, relevant, or material. Further, neither the entry of this Order nor the designation of any Discovered Information as **"CONFIDENTIAL"** (or the failure to make such designation) shall constitute evidence with respect to any issue in this proceeding.

25. Nothing contained in the Protective Order shall preclude any party from moving at any time for a modification of any provision of this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

26. This Protective Order shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of all parties hereto filed with the Court. The terms of this Order shall be binding upon all current and future parties to this litigation and their counsel, and upon all non-parties that have produced or received any "Discovered Information."

Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of this litigation.

Dated: 12/28/06

s/ Arthur J. Boylan<br>
Arthur J. Boylan<br>
United States Magistrate Judge

# EXHIBIT A

### CONFIDENTIALITY AGREEMENT

I, _____, agree as follows:

1. I have read the Confidentiality and Protective Order entered in the case captioned *Insignia Systems, Inc. and State of Minnesota, by its Attorney General, Mike Hatch, v. News America Marketing In-Store, Inc., and Albertson's Inc.*, Case No. 04-cv-4213 (JRT/AJB). A copy of the Confidentiality and Protective Order has been given to me.

2. I understand and will comply with all of the terms of Confidentiality and Protective Order.

3. I promise that any confidential information provided to me under the Confidentiality and Protective Order will be used by me, if at all, only in connection with the litigation of the above-captioned case. I further promise that I will not disclose any "Confidential Material" provided to me under the Confidentiality and Protective Order, except as set forth in the Confidentiality and Protective Order.

4. I further promise that, at the request of counsel who provided me with the "Confidential Material," I will return all protected information to such counsel.

5. I hereby consent to the jurisdiction of the United States District Court for the District of Minnesota for the limited purpose of any proceeding to enforce the terms of this Confidentiality and Protective Order, and for no other purpose.


Date:_____        Signature: _____

Print Name:_____

Title:_____

Company Name:_____