| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel to the Official*<br>*Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael S. Winograd, Esq.<br>Eric R. Goodman, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>egoodman@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br><br>*Proposed Co-Counsel for the Official Committee*<br>*of Talc Claimants* |
| **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>jmassey@masseygail.com<br>100 Main Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br><br>*Proposed Special Counsel for the Official*<br>*Committee of Talc Claimants* | **OTTERBOURG P.C.**<br>Melanie L. Cyganowski, Esq.<br>Richard G. Haddad, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>David A. Castleman, Esq.<br>mcyganowski@otterbourg.com<br>rhaddad@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>dcastleman@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 661-9100<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official Committee*<br>*of Talc Claimants* |

|  |  |
|---|---|
| In re:<br><br>**LTL MANAGEMENT, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No.:  23-12825(MBK)<br><br>Honorable Michael B. Kaplan |

**APPLICATION OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS FOR RETENTION OF HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER UNDER BANKRUPTCY CODE SECTION 328(A) EFFECTIVE AS OF APRIL 14, 2023**

1.     The applicant, the Official Committee of Talc Claimants (the "Committee"), is the (check all that apply):

        Trustee:           Chap. 7           Chap. 11         ☐   Chap. 13.

        ☐   Debtor:        ☒   Chap. 11      ☐   Chap. 13

        ☒   Official Committee of Talc Claimants

2.     The applicant seeks to retain the following professional, Houlihan Lokey, Capital, Inc. ("Houlihan Lokey"), to  serve as (check all that apply):

        ☐   Attorney for:     ☐   Trustee          ☐   Debtor-in-Possession

        ☐   Official Committee of _____

        ☐   Accountant for:    ☐   Trustee          ☐   Debtor-in-possession

        ☐   Official Committee of _____

        ☒   Other Professional:

                 ☐   Realtor        ☐   Appraiser      ☐   Special Counsel

                 ☐   Auctioneer     ☒   Other (specify): Investment Banker pursuant to Section 328(a)

3.     The employment of the professional is necessary because:

The Committee seeks to employ Houlihan Lokey as its Investment Banker pursuant to Bankruptcy Code Section 328(a) to provide investment banking, financial advisory, and litigation support services to the Committee.

4. The professional has been selected because:

Houlihan Lokey, together with the other subsidiaries of its direct parent company, Houlihan Lokey, Inc., is an internationally recognized investment banking and financial advisory firm, with offices worldwide and more than 2,200 professionals. Houlihan Lokey is a leader in providing investment banking and financial advisory services to unsecured and secured creditors, debtors, acquirers, and other parties-in-interest involved with financially troubled companies both in and outside of bankruptcy. Houlihan Lokey has been, and is, involved in some of the largest restructurings in the United States, both out of court and in chapter 11 cases. Houlihan Lokey has been retained to provide investment banking and financial advisory services in many cases across the United States.

The resources, capabilities and experience of Houlihan Lokey in advising the Committee are crucial to enabling the Committee to fulfill its duties in this chapter 11 case. An investment banker with a deep bench of experience, such as Houlihan Lokey, fulfills a critical need that complements the services offered by the Committee's other restructuring professionals.

5. The professional services to be rendered are as follows:

As detailed further in the engagement agreement (the "Agreement") entered into between the Committee and Houlihan Lokey, attached as Exhibit A to the *Declaration of Saul E. Burian in Support of Application for Retention of Houlihan Lokey Capital, Inc. as Investment Banker to the Official Committee of Talc Claimants* (the "Burian Declaration"), Houlihan Lokey's services will consist of, if appropriate and if requested by the Committee:

a) Preparing financial analyses relating to the Case, the Debtor and non-debtor affiliates;

b) Supporting the Committee and its advisors in litigation efforts relating to the Debtor and non-debtor affiliates, including preparation of Committee witnesses, review of discovery documents, attending court hearings, depositions, and other meetings, and other litigation support;

c) Providing testimony in court on behalf of the Committee, if necessary;

d) Analyzing business plans and forecasts of the Debtor;

e) Evaluating the assets and liabilities of the Debtor;

f) Assessing the financial issues and options concerning the Debtor;

g)      Providing such financial analyses as the Committee may require in connection with the Case;

h)      Analyzing strategic alternatives available to the Committee and the Debtor;

i)      Evaluating the Debtor's and its affiliates capacity to pay;

j)      Assisting the Committee in identifying potential alternative sources of liquidity in connection with any debtor-in-possession financing, any Chapter 11 plan(s) or otherwise;

k)      Representing the Committee in negotiations with the Debtor and third parties with respect to any of the foregoing; and

l)      Providing such other financial advisory and investment banking services as may be agreed upon by Houlihan Lokey and the Committee, subject to Bankruptcy Court approval.

7.      To avoid the potential duplication of services with those services performed by FTI Consulting, Inc. ("FTI") as the proposed financial consulting firm retained by the Committee, the following system shall be implemented to determine the distribution of work relating to the bankruptcy case and related proceedings. First, a small group of senior professionals at Houlihan Lokey and FTI shall confer to determine work strategy and tasks, in consultation with the Committee's counsel, the Committee members, and their designated representatives. Second, Houlihan Lokey and FTI will coordinate responsibility for completing any applicable task. Third, to the extent any work product related to a task is relevant to the other's work or advice for the Committee, such work product shall be shared with Houlihan Lokey or FTI, as applicable, so that both Houlihan Lokey and FTI have the benefit of the other's relevant analysis and work product.

8.      The proposed arrangement for compensation is as follows:

As described in additional detail in the Agreement, Houlihan Lokey will seek compensation in this case subject to the Court's approval and in accordance with Bankruptcy Code Section 328(a), to include: (i) a monthly fee of $400,000 for each of the first four months; (ii) a monthly fee of $175,000 for each month thereafter; (iii) a $3,000,000 deferred fee earned and payable upon the consummation of a Chapter 11 plan of reorganization, and; (iv) a discretionary fee based upon the Committee's business judgement[1]. Under the Agreement, Houlihan Lokey is to earn a Minimum Fee of $1,200,000. In addition, compensation will include the reimbursement of reasonable out-of-pocket expenses incurred from time to time and indemnity.

Houlihan Lokey has advised the Committee that it is not Houlihan Lokey's general practice to

---

[1] In the event that a Discretionary Fee is paid, 50% of the Monthly Fees received by Houlihan Lokey and approved by the final order of the Bankruptcy Court shall be credited against the Discretionary Fee (as defined in the Agreement) to which Houlihan Lokey becomes entitled hereunder (it being understood and agreed that no Monthly Fee shall be credited more than once), except that, in no event, shall such Discretionary Fee be reduced below zero

keep detailed time records similar to those customarily maintained by attorneys and professionals compensated on an hourly basis, or to keep time records on a "project category" basis. Despite this general practice, Houlihan Lokey intends to present to the Court reasonably detailed time records (in summary format in 1.0 hour increments), containing reasonably detailed descriptions of those services provided on behalf of the Committee and the identity of the individuals providing those services.

9.     The Burian Declaration discloses that Houlihan Lokey represented the official committee of talc claimants (the "Original TCC") in the Debtor's prior chapter 11 case that was pending before this Court (Case No. 21-30589) and represented the Ad Hoc Committee of Certain Talc Claimants (the "AHC") in this chapter 11 case before the Committee was formed.  The AHC consisted of nine members of the Original TCC—Alishia Landrum, Rebecca Love, Blue Cross Blue Shields of Massachusetts, Tonya Whetsel, Kristie Doyle, William A. Henry, Randy Derouen, April Fair and Patricia Cook—each of whom are also members appointed to the Committee in this case.

10.     As of the Court's entry of the Dismissal Order on April 4, 2023, Houlihan Lokey was owed $513,419.38 for services rendered and expenses incurred in representing the TCC as its investment banker in LTL I (the "Pre-Petition Balance").  On April 26, 2023, the Debtor filed a motion seeking the entry of an order authorizing it to satisfy its obligations under the Dismissal Order, including the final allowance of professional fees and expenses and the payment of such allowed fees and expenses (the "Obligations Motion").  [Dkt. No. 319].  Pending entry of an order approving the Obligations Motion, Houlihan Lokey anticipates that the allowed amount of the Pre-Petition Balance (the "Allowed Pre-Petition Fee Claim") will be paid in connection with LTL I.

11.     To the best of the applicant's knowledge, the professional's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

☐   None

☒   Describe connection: No material connections. See the Burian Declaration.

12.     To the best of the applicant's knowledge, the professional (check all that apply):

☒   does not hold an adverse interest to the estate.

☒    does not represent an adverse interest to the estate.

☒    is a disinterested person under 11 U.S.C. § 101(14).

☒    does not represent or hold any interest adverse to the debtor or the estate with respect
to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

☒    Other; explain: See the Burian Declaration.

13.    If the professional is an auctioneer, appraiser or realtor, the location and description of the
property is as follows:

N/A

The applicant respectfully requests authorization to employ the professional to render services in
accordance with this application, with compensation to be paid as an administrative expense in such
amounts as the Court may determine and allow.

Date: May 16, 2023

Respectfully Submitted,
**THE OFFICIAL COMMITTEE OF TALC
CLAIMANTS**

*/s/*    Michelle Parfitt
Michelle Parfitt, Esq., as specifically authorized by
committee co-chair Rebecca Love
c/o Ashcraft & Gerel, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006

*/s/*    Leigh O'Dell
Leigh O'Dell, Esq., as specifically authorized by
committee co-chair Alishia Landrum
c/o Beasley Allen Law Firm
PO Box 4160
Montgomery, AL 36103

*/s/*    Lisa Nathanson Busch
Lisa Nathanson Busch Esq., as specifically
authorized by committee co-chair Patricia Cook
c/o Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10083

*Co-Chairs of the Official Committee of Talc
Claimants*