| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel for the Official*<br>*Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>Susan Sieger-Grimm, Esq.<br>Kenneth J. Aulet, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>ssieger-grimm@brownrudnick.com<br>kaulet@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>And-<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Jennifer S. Feeney, Esq.<br>Michael R. Maizel, Esq.<br>mcyganowski@otterbourg.com<br>jfeeney@otterbourg.com<br>mmaizel@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Co-Counsel for the Official Committee*<br>*of Talc Claimants* |

|  |  |
|---|---|
| In re:<br><br>**LTL MANAGEMENT, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825(MBK)<br><br>Honorable Michael B. Kaplan |

**APPLICATION FOR RETENTION OF
PROFESSIONAL EFFECTIVE AS OF
APRIL 14, 2023**

1. The applicant, the Official Committee of Talc Claimants (the "**Committee**"), is the (check all that apply):

    ☐ Trustee:    ☐ Chap. 7    ☐ Chap. 11    ☐ Chap. 13.

    ☐ Debtor:    ☐ Chap. 11    ☐ Chap. 13

    ☒ Official Committee of Talc Claimants of LTL Management LLC

2. The applicant seeks to retain the following professional: Miller Thomson LLP ("**MT**"), to serve as (check all that apply):

    ☒ Attorney for:    ☐ Trustee    ☐ Debtor-in-Possession

    ☒ Official Committee of Talc Claimants

    ☐ Accountant for:    ☐ Trustee    ☐ Debtor-in-possession

    ☐ Official Committee of

    ☐ Other Professional:

    ☐ Realtor    ☐ Appraiser    ☒ Special Counsel (Canadian)

    ☐ Auctioneer    ☐ Other (specify):

3. The employment of the professional is necessary because the applicant is desirous of retaining MT to serve as special counsel because of its expertise, experience and knowledge in Canadian insolvency and Chapter 11 cross-border cases.

4. The Debtor commenced a proceeding in Canada under Canada's *Companies' Creditors Arrangement Act* ("**CCAA**") to, among other things, recognize this Chapter 11 Case as a foreign main proceeding and to recognize various orders granted in the United States. The Committee requires Canadian legal counsel experienced in Canadian insolvency law and cross-border insolvency proceedings.

5. The professional has been selected because MT has substantial experience in the fields of bankruptcy, business reorganizations, debtor- creditor rights, asset liquidation and other areas of Canadian law that are expected to arise and be applicable to this Chapter 11 case, including the Canadian recognition proceedings under Canada's CCAA (the "**Recognition Proceeding**"). MT has also acted as special (Canadian) counsel to the Official Committee of Talc Claimants in the Debtors' first Chapter 11 Case, which was dismissed by the Third Circuit, as well as Canadian counsel to an Ad Hoc Committee of Talc Claimants in this Chapter 11 Case.

6. The professional services to be rendered by MT include, without limitation, in relation to the Chapter 11 case, in particular the Recognition Proceeding:

    a. Provide recommendations and input for legal strategies, tactics and positions to be taken by the Committee in Canada, including those in response to motions and other actions taken by others in the Recognition Proceeding as well as with respect to motions filed and strategies to be implementedby the Committee, whether in or out of court, as requested by the Committee;

    b. Be assigned to handle, whether the Committee is the movant or respondent, specific motions, including legal briefing, for various relief filed in the bankruptcy court or the Canadian commercial court, to avoid duplication with other Committee counsel, as requested by the Committee;

    c. Appear before the Canadian Commercial Court on behalf of the Committee in the Recognition Proceeding, and represent the committee in Court and out of Court on matters related to the Recognition Proceeding;

    d. Advise the Committee and its negotiating team in negotiations with Johnson & Johnson, as requested by the Committee, with respect to matters related to Canadian law and practice;

    e. Virtually attend court hearings in the Bankruptcy Court and advise the Committee of implications of same in Canada;

    f. Review and comment on court materials in the Chapter 11 Case from a Canadian perspective;

    g. Communicate with Canadian talc claimants and their counsel in connection with matters affecting them in the bankruptcy proceeding and the Recognition Proceeding; and

    h. Advise the Committee on Canadian law matters in connection with any plan of arrangement proposed by the Debtor or otherwise.

    In light of the size of this case and scope of related litigation, the Committee determined

it wasin the talc claimants' best interest to retain multiple law firms. To address the scope of the workinvolved in representing the interests of talc claimants, MT and the other law firms retained as counsel to the Committee (the "**Committee Advisors**") will work in an integrated and coordinated manner to avoid any unnecessary duplication of effort and to ensure the Committee obtains the benefit of each Committee Advisor's collective experience both generally and specifically as to each firm's specialized focus. The Committee Advisors will invoke a disciplined approach to ensure collaboration and coordination among the Committee Advisors,including as to developing a protocol to avoid duplication of efforts. MT appreciates that the fees incurred in this engagement may be subject to increased scrutiny in light of the integrated approach among Committee Advisors, and endeavors to ensure its fees and expenses are reasonable and non-duplicative.

7. The proposed compensation arrangement for MT agreed to by the Committee, subject to the approval of the Court, are compensation and the standard hourlyrates as set out below plus reimbursement of expenses:

Subject to the Court's approval of this Application, MT intends to (a) charge for its legal services on an hourly basis in accordance with ordinary and customary rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out of pocket expenses.

| **Biller** | **Rate/Hour (CAD)** |
|---|---|
| Partners | $700 -$1100 |
| Associates | $400 - $600 |
| Paralegals | $300 - $400 |

MT adjusts its billing rates on a semi-annual basis and will provide notice to the Committee, theDebtor, and all parties requesting notice of any adjusted hourly rates during the case. Based on our experience in the Debtor's first Chapter 11 Case, we anticipate the team working on this case will comprise the following lawyers:

(1) **Jeffrey Carhart** is a senior partner in the insolvency group at Miller Thomson. He has extensive experience in cross-border, mass-tort restructuring proceedings. Mr. Carhart functions as the top-level strategic decision maker on behalf of Miller Thomson in this case.

(2) **Gavin Finlayson** is a senior partner in Miller Thomson's litigation group. Mr. Finlayson's attendance at meetings and role on the various aspects of this case focuses on litigation issues within the restructuring proceedings. He also advises on issues related to class action litigation in Canada, as the system is materially different than in the United States. This case involves many specific and nuanced litigation-related issues which implicate various statutes including provincial class proceeding statutes. He plays a critical role when it comes to drafting court materials and other litigation documents.

(3) **Asim Iqbal** is a junior partner in the insolvency group at Miller Thomson and has significant experience in Canada-US cross border matters. Mr. Iqbal is responsible for the day-to-day implementation of strategic decisions of the Official Committee as they relate to the Canadian proceeding or Canadian legal issues. This case involves a high volume of meetings, liaison with counsel and other

   stakeholders and reporting. Mr. Iqbal acts as the liaison between the strategic partners and the associates and other team members who assist with specific case-related tasks.

   (4)  **Monica Faheim** is a junior associate in the insolvency and restructuring group at Miller Thomson. She takes instruction directly from the partners in the Core Group, primarily from Mr. Iqbal, and assists each of Mr. Carhart, Mr. Finlayson and Mr. Iqbal with various day-to-day case tasks including research, drafting of correspondence, summaries, and other tasks on an on-going basis. Where additional members outside of the Core Group are asked to participate on a distinct task in the case, Mrs. Faheim acts as a liaison and provides the necessary background and information efficiently for the purpose of assisting with the completion of the relevant task(s).

  MT has advised the Committee that it intends to seek compensation for all time and expenses associated with the preparation of this application to retain MT and related documents, and the preparation of monthly, interim or final fee applications for MT.

8.  To the best of the applicant's knowledge, the professional's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

  ☐ None

  X Describe connection: See <u>Exhibit 2</u>

9.  To the best of the applicant's knowledge, the professional (check all that apply):

  ✗ does not hold an adverse interest to the estate.

  ✗ does not represent an adverse interest to the estate.

  ✗ is a disinterested person under 11 U.S.C. § 101(14).

   X does not represent or hold any interest adverse to the debtor or the estate withrespect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

  ☐ Other; explain: _____

10.  If the professional is an auctioneer, appraiser or realtor, the location and description of theproperty is as follows:
N/A

The applicant respectfully requests authorization to employ the professional to render services in accordance with this application, with compensation to be paid as an administrative expense in such amountsas the Court may determine and allow.

Date:  May 17, 2023  **THE OFFICIAL COMMITTEE OFTALC CLAIMANTS**

*/s/  Rebecca Love*
Rebecca Love
c/o Ashcraft & Gerel, LLPAttn: Michelle Parfitt
1825 K Street, NW, Suite 700
Washington, DC 20006

*/s/  Alishia Landrum*
Alishia Landrum
c/o Beasley Allen Law FirmAttn: Leigh O'Dell
PO Box 4160
Montgomery, AL 36103

*/s/  Patricia Cook*
Patricia Cook
c/o Weitz & Luxenberg, P.C.Attn: Lisa Nathanson Busch
700 Broadway
New York, NY 10083

*Executive Committee for the Official Committee ofTalc Claimants*