**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

**Order Filed on May 19, 2023**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

LTL MANAGEMENT LLC,[1]

        Debtor.

Chapter 11

Case No.: 23-12825 (MBK)

Judge: Michael B. Kaplan

**ORDER ESTABLISHING CASE**
**MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: May 19, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Case Management and Administrative Procedures

On April 4, 2023, LTL Management LLC (the "Debtor") commenced the above-captioned bankruptcy case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of title 11, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On April 13, 2023, this Court entered the *Order Granting Complex Chapter 11 Case Treatment* [Dkt. No. 130] (the "Complex Case Order"). Pursuant to the Complex Case Order, the Debtor was directed to file a separate "Case Management Order establishing case management and administrative procedures for this case, substantially similar to those procedures set forth in Exhibit F to the Court's December 1, 2009 General Order Governing Procedures For Complex Chapter 11 Cases." This *Order Establishing Case Management and Administrative Procedures* (this "Case Management Order") complies with the Complex Case Order and any modifications to Exhibit F to the Court's *General Order Governing Procedures for Complex Chapter 11 Cases* herein is hereby approved.

  A. **OMNIBUS HEARING DATES**

    1. <u>All Matters to Be Heard at Omnibus Hearings</u>. All matters requiring a hearing in this Chapter 11 Case, including with regard to any contested matters and any related adversary proceedings, shall be heard at periodic omnibus hearings (each, an "Omnibus Hearing" and the date thereof, the "Omnibus Hearing Date"), in accordance with this Case Management Order, unless otherwise ordered by the Court for good cause shown. The Debtor shall be authorized to schedule, in cooperation with the Court, Omnibus Hearings to consider (a) all motions, applications and other requests for relief, along with any notices, briefs, memoranda, declarations, affidavits, replies and other documents filed in support of such papers seeking relief

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Case Management and Administrative Procedures

(collectively, the "Requests for Relief"); and (b) all objections and responses to such Requests for Relief and documents filed in support of such objections and responses (collectively, the "Objections" and, together with the Requests for Relief and all other filed documents, the "Court Filings") pursuant to the following procedures:

    a.     Omnibus Hearings. The next three Omnibus Hearings shall be held on the following dates and times:

        (i)     10:00 a.m., prevailing Eastern Time, on June 13, 2023;
        (ii)     10:00 a.m., prevailing Eastern Time, on July 11, 2023; and
        (iii)     10:00 a.m., prevailing Eastern Time, on August 2, 2023.

    b.     Subsequent Omnibus Hearings. The Debtor shall be authorized to schedule, in coordination with the Court, additional Omnibus Hearings. The Debtor shall file notices of additional Omnibus Hearing Dates with the Court on a periodic basis. The Debtor's claims and noticing agent (the "Claims Agent") shall post the dates of the Omnibus Hearings on a website established for this Chapter 11 Case at https://dm.epiq11.com/case/ltl/info (the "Case Website"). Entities may contact the Claims Agent for information concerning all scheduled Omnibus Hearings.

    c.     Adjournment of Omnibus Hearings. Unless the Court orders otherwise, the Debtor's counsel may, without further leave of the Court, (i) adjourn any hearing on a Request for Relief filed by the Debtor to a subsequent Omnibus Hearing either (A) if no Objection contesting the relief has been filed, or (B) with the consent of any party that has filed such an Objection; and (ii) adjourn any hearing on a Request for Relief filed by a non-Debtor party to a subsequent Omnibus Hearing provided that the filing party consents and either (A) no Objection contesting the relief has been filed, or (B) any party that has filed such an Objection consents. Notice of such adjournments may be filed separately on the docket or noted in the Notice of Agenda.

    d.     Cancellation of Omnibus Hearings. If no matters are scheduled for hearing at an Omnibus Hearing, the Debtor may cancel the Omnibus Hearing, with the consent of the Court, by filing a notice of cancellation on the docket for this Chapter 11 Case.

(Page 4)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Case Management and Administrative Procedures

    B.    **GENERAL MOTION PRACTICE**

        2.    The following procedures shall be followed for Requests for Relief generally, except as otherwise provided by this Case Management Order or another order of the Court:

    a.    Requests for Relief. Any Request for Relief, including briefs, must be filed at least twenty-one (21) calendar days prior to the hearing thereon. A Request for Relief may be scheduled by the filing party to be heard at any Omnibus Hearing at least twenty-one (21) calendar days after the filing of such Request for Relief.

    b.    Inconsistent Filings. If any person or entity makes any filing in contravention of the Omnibus Hearing Dates process established above by, among other things, setting a hearing on such filing for a date and time other than an Omnibus Hearing Date without an order from this Court authorizing such hearing for cause, then (i) if such filing is filed at least twenty-one (21) days prior to the next Omnibus Hearing Date (or such longer period as may be required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and/or Local Bankruptcy Rules (the "Local Bankruptcy Rules")), then the hearing with respect to such filing shall be deemed to be on such Omnibus Hearing Date, or (ii) if such filing is less than twenty-one (21) days prior (or such longer period as may be required by the Bankruptcy Code, Bankruptcy Rules and/or Local Bankruptcy Rules) to the next Omnibus Hearing Date then the hearing with respect to such filing shall be the next Omnibus Hearing Date thereafter. The movant must provide notice of the corrected Omnibus Hearing Date to all affected parties and thereafter file a certificate of service regarding the notice.

    c.    Service of Requests for Relief. All Requests for Relief shall be served in accordance with the provisions of the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable Court order on: (i) the core service list (the "Core Service List") that the Claims Agent shall maintain pursuant to Bankruptcy Rule 2002; (ii) the list of entities that have filed a written request for service of filings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 (a "2002 Notice Request"), which the Claims Agent also shall maintain pursuant to Bankruptcy Rule 2002 (the "2002 List" and, together with the Core Service List, the "Master Service List");

(Page 5)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Establishing Case Management and Administrative Procedures

        and (iii) each entity with a particularized interest in the subject matter of the specific Court Filing (each, an "Affected Entity").

d.     Notices of Requests for Relief.  Parties should consult the Local Bankruptcy Rules regarding the form and content of notices with respect to Requests for Relief and visit the Court's website at http://www.njb.uscourts.gov for more information.

e.     Requests for Shortened Time or Limited Notice.  Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to (i) file a Request for Relief upon shortened notice; or (ii) seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

f.     Expedited Hearings.  If a party in interest has an emergency or other circumstance that it believes requires consideration on less than the twenty-one (21)-day notice as required by Local Bankruptcy Rule 9013-1(a)(1) or such other time period for notice as required by the Local Bankruptcy Rules, the moving party should file and serve a separate written application requesting shortened time and an expedited hearing with respect to the underlying motion in the form provided in Local Bankruptcy Rule 9013-2(c).

If the Court grants the motion for expedited hearing, the underlying motion will be set at the next available Omnibus Hearing Date or at some other appropriate shortened date approved by the Court.

Requests for expedited hearings will only be granted under emergency or exigent circumstances.

g.     Negative Noticing Procedures.  Subject to the Court's discretion, the Court may approve notice procedures which provide that if no Objections are timely filed and served by a deadline set in accordance with the Bankruptcy Rules, this Case Management Order and/or the Local Bankruptcy Rules, the Court may enter an order granting the relief requested without further notice or a hearing ("Negative Notice").  The notice of motion accompanying such motion must specifically advise parties of the Objection deadline in bold and underlined type in the case caption of the notice and must also inform the recipient that if no Objections are

Case 23-01092-MBK    Doc    Filed 05/19/23    Entered 05/19/23 15:33:30    Desc Main
Document    Page 6 of 18

(Page 6)
Debtor:  LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Establishing Case Management and Administrative Procedures

filed and served, the Court may enter an order granting the motion without further notice or hearing.

Negative Notice may be used in connection with motions including, but not limited to, matters requesting the following relief:  (a) rejection of a non-residential real property lease or executory contract pursuant to 11 U.S.C. § 365; (b) retention and employment of professionals pursuant to 11 U.S.C. § 327, 328 and 330 and 28 U.S.C. § 156(o); (c) extension of deadline to seek removal action pursuant to Bankruptcy Rule 9027; (d) sales of assets outside the ordinary course of business pursuant to 11 U.S.C. § 363 with a purchase price set on a case-by-case basis; and (e) approval of settlements and compromises pursuant to Bankruptcy Rule 9019 of claims where the settled amount of the claim does not exceed an amount set on a case-by-case basis. Nothing contained herein shall be construed to limit a party in interest's ability to request that the Court approve the use of Negative Notice procedures in connection with motions not specifically identified above.

If an Objection is timely filed and served, a hearing will be scheduled for the next Omnibus Hearing Date unless otherwise ordered by the Court.

h.  Evidentiary Hearings.  Nothing herein shall prejudice the rights of any party to seek appropriate discovery with respect to any Court Filings, and all parties' rights to request an evidentiary hearing or establish a discovery schedule are preserved.

i.  Certificate of No Objection.  After the Objection Deadline has passed with no Objection having been filed or served, counsel for the movant may file a certification of no Objection ("Certification of No Objection") substantially in the form as it appears on Schedule 1 annexed hereto, stating that no Objection has been filed or served on the movant.

By filing such certifications, counsel for the movant is representing to the Court that the movant is unaware of any Objection to the motion or application and that counsel has reviewed the Court's docket and no Objection appears thereon.

Upon receipt of the Certification of No Objection, the Court may enter the Order accompanying the motion or application without further pleading or hearing and, once the Order is entered, the

Case 23-01092-MBK    Doc    Filed 05/19/23    Entered 05/19/23 15:33:30    Desc Main
Document    Page 7 of 18

(Page 7)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Case Management and Administrative Procedures

hearing scheduled on the motion or application shall be cancelled without further notice.

### C. FILING AND SERVICE OF OBJECTIONS, REPLIES, AND OTHER RESPONSIVE PLEADINGS

3. The following procedures shall be followed, except as otherwise provided by this Case Management Order or another order of the Court:

   a. <u>Objections and Replies</u>. Any Objection, including related briefs, must be filed on or before the date that is seven (7) days prior to the hearing set on the motion unless otherwise provided by the Court (the "<u>Objection Deadline</u>"). If an Objection is filed, the movant or another interested party may file a reply and any documents in support of the reply, including briefs (collectively, a "<u>Reply</u>"), with the Court on or before four (4) days before the applicable hearing date unless otherwise provided by the Court (the "<u>Reply Deadline</u>").

   b. <u>Extension of Objection Deadline</u>. The Objection Deadline may be extended upon the consent of the entity filing the Request for Relief without further order of the Court, provided that the Objection Deadline shall not be less than four (4) days before the hearing on such matter without approval of the Court. The Reply Deadline may be extended by consent without further order of the Court, provided that the Reply Deadline shall not be less than two (2) days before the hearing on such matter without the approval of the Court.

   c. <u>Service of Objections</u>. All Objections shall be filed with the Court and served by the applicable Objection Deadline upon (i) the entity filing the Request for Relief, (ii) the Debtor, (iii) those entities on the Core Service List and (iv) each Affected Entity.

   d. <u>Service of Replies to Objections</u>. Any Reply shall be filed and served by the applicable Reply Deadline upon (i) the entity filing the Request for Relief, (ii) the Debtor, (iii) each party that filed an Objection, (iv) each party on the Core Service List and (v) each Affected Entity.

(Page 8)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Case Management and Administrative Procedures

### D. SERVICE AND NOTICING PROCEDURES

4. <u>Procedures Established for Notices</u>. All Court Filings in this Chapter 11 Case, unless otherwise ordered by the Court, shall be served in accordance with the notice procedures set forth herein (the "<u>Notice Procedures</u>").

5. <u>Entities Entitled to Service</u>. All Court Filings shall be served on the Core Service List and any other Affected Entities according to the Notice Procedures, except as otherwise provided by this Case Management Order or another order of the Court. In accordance with Bankruptcy Rule 2002, the Claims Agent shall maintain the Core Service List, which shall be updated in accordance with paragraph 7 below. An updated Core Service List can be obtained by (a) accessing the Case Website, (b) contacting the Claims Agent directly, or (c) contacting Debtor's counsel directly.

6. <u>Parties on the Core Service List</u>. The Core Service List shall include the following parties:

    a. The Debtor;

    b. The Debtor's counsel;

    c. The Newark office of the United States Trustee for Region III;

    d. The parties identified on the Debtor's List of 20 Largest Unsecured Creditors unless and until an official committee of unsecured creditors is appointed in this Chapter 11 Case or any such creditor or creditors cease to be eligible to serve on such committee;

    e. Counsel to the Official Committee of Talc Claimants and any other official committee established pursuant to section 1102 of the Bankruptcy Code;

    f. Any secured creditors or their counsel;

    g. Counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson;

(Page 9)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Case Management and Administrative Procedures

      h.      Counsel to Randi S. Ellis as representative of future talc claimants appointed by the Court in the Chapter 11 Case;

      i.      Counsel to the Ad Hoc Group of Supporting Counsel; and

      j.      Any other person or entity as authorized by the Court.

      7.      <u>Maintenance of the Core Service List</u>.  The Claims Agent must maintain and update the Core Service List at least every fourteen (14) days during the first sixty (60) days of this Chapter 11 Case and at least every thirty (30) days thereafter by (a) making any necessary additions and deletions and (b) posting an updated version of the Core Service List on the Case Website.  Further, the Claims Agent must make the Core Service List publicly available, free of charge, on the Case Website each time it is updated.  The Debtor's counsel must file a Core Service List with the Court every time it is updated.

      8.      <u>Master Service List</u>.  The Claims Agent shall also maintain and update a Master Service List which shall be comprised of the Core Service List and the parties that have filed a 2002 Notice Request.  The Claims Agent must update the Master Service List at least every fourteen (14) days during the first sixty (60) days of this Chapter 11 Case and at least every thirty (30) days thereafter by (a) making any necessary additions and deletions and (b) posting an updated version of the Master Service List on the Case Website.  Further, the Claims Agent must make the Master Service List publicly available, free of charge, on the Case Website each time it is updated.

      9.      <u>Certificates of Service</u>.  The certificate of service for each filing must be filed with the Court together with the complete service list that was utilized and served for a

Case 23-01092-MBK    Doc    Filed 05/19/23    Entered 05/19/23 15:33:30    Desc Main
Document    Page 10 of 18

(Page 10)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Case Management and Administrative Procedures

particular filing but said certificate of service is not to be served via hard copy on the recipients of the filing.

10. <u>Service in Adversary Proceedings</u>.  All filings in adversary proceedings shall be served, pursuant to Bankruptcy Rule 7005, upon all parties to the adversary proceeding, all parties known to have a particularized interest in the subject of such adversary proceeding and the parties listed on the Core Service List.  Any summons and complaint or the initiating motion in an adversary proceeding shall be served in hard-copy format pursuant to Bankruptcy Rule 7004, upon all parties having a particularized interest in the subject of the filings or motions and parties listed on the Core Service List.  Absent leave of the Court, responsive pleadings shall be filed only by defendants in adversary proceedings and/or by parties in interest who seek to be joined or to dismiss for failure to join a necessary party.

11. <u>Service of Orders</u>.  All parties submitting orders shall serve a conformed copy of any entered order on the parties that were entitled to service of the underlying Request for Relief in accordance with this Case Management Order, except as otherwise provided by another order of the Court.  The Claims Agent shall post all entered orders on the Case Website.

12. All notices required by subdivisions (a)(2), (3) and (6) of Bankruptcy Rule 2002 and by Bankruptcy Rule 4001 shall be served upon:

    a.    Each entity designated on the Core Service List;

    b.    When the notice is of a proposed use, sale, lease or abandonment of property or of a hearing thereon, each entity designated on the most recent Master Service List and each entity having an interest in the property;

    c.    When the notice relates to relief from the stay in order to take action against property of the Debtor's estate, each entity having a lien, encumbrance or interest in the subject property;

Case 23-01092-MBK    Doc    Filed 05/19/23    Entered 05/19/23 15:33:30    Desc Main
Document    Page 11 of 18

(Page 11)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Case Management and Administrative Procedures

      d.      When the notice relates to use of cash collateral or obtaining credit, each entity who has an interest in the cash collateral or each entity who has a lien or other interest in property on which a lien is proposed to be granted;

      e.      When the notice is of a proposed compromise or settlement or of a hearing thereon, each entity designated on the most recent Master Service List and each entity who is a party to the compromise or settlement; and

      f.      When the notice is of an application for compensation or reimbursement of expenses or of a hearing thereon, each entity designated on the most recent Master Service List and each professional person who is seeking compensation or reimbursement whose retention in this Chapter 11 Case is authorized by the Court or as otherwise provided in an interim compensation order entered in the Chapter 11 Case.

13.      <u>Electronic Filing Procedures</u>. Pursuant to this Court's *General Order Authorizing Administrative Procedures For The Electronic Filing*, *Signing And Verification Of Documents* (the "<u>Electronic Filing Procedures</u>"), dated March 27, 2002, except with regard to documents which may be filed under seal, unless good cause can be demonstrated and established to the contrary, all motions, pleadings, memoranda of law or other documents to be filed with the Court in this Chapter 11 Case shall be electronically filed on the Court's Case Management, Electronic Case Files System ("<u>CM/ECF</u>"). To the extent any provision of the Electronic Filing Procedures conflicts with this Case Management Order, this Case Management Order shall govern. Any Court Filing that refers specifically to a pleading that has already been filed in the Chapter 11 Case shall make specific reference to the docket number assigned by the Court to such pleading by use of the designation "Dkt. ___" or similar designation.

14.      <u>Consent to Electronic Service</u>. Consistent with the Electronic Filing Procedures, participants in CM/ECF, by accepting a login and password from the Court, waive

Case 23-01092-MBK    Doc    Filed 05/19/23    Entered 05/19/23 15:33:30    Desc Main
Document    Page 12 of 18

(Page 12)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Case Management and Administrative Procedures

the right to receive notice by first-class mail, including notice pursuant to Bankruptcy Rule 2002(a), and agree to receive notice electronically. Participants in CM/ECF, by accepting a login and password from the Court, also waive their right to service by personal service or first-class mail and agree to electronic service, except as provided in paragraph 15 below. The waiver of service and notice by first-class mail includes notice of the entry of an order or judgment under Bankruptcy Rule 9022.

15. <u>Electronic Service</u>. Whenever service is required to be made on a person who has agreed to electronic service as defined in paragraph 14 above, the Court's automatically generated "Notice of Electronic Filing" constitutes service. If CM/ECF service is impracticable, service may be made by hand or by any other means authorized by Bankruptcy Rule 7005. In addition to electronic service by the CM/ECF as identified herein, service of documents in hard copy shall be required in the following circumstances, in addition to those identified in paragraph 16 below: (a) with regard to service of process of a summons and complaint in an adversary proceeding under Bankruptcy Rule 7004; (b) the initiating motion in a contested matter under Bankruptcy Rule 9014; (c) as required by Bankruptcy Rule 9016; (d) to the extent the Bankruptcy Rules, Local Bankruptcy Rules or an order of the Court requires delivery or service upon a state or federal governmental entity, including the United States Attorney; and (e) to the extent a notice of appearance is filed in this Chapter 11 Case and such notice is not electronically linked to CM/ECF.

16. <u>Service Upon United States Trustee</u>. Pursuant to the *General Order Governing Procedures for Complex Chapter 11 Cases*, the Office of the United States Trustee for Region III—New Jersey Office requires service upon it of all pleadings and papers, including

Case 23-01092-MBK    Doc    Filed 05/19/23    Entered 05/19/23 15:33:30    Desc Main
Document    Page 13 of 18

(Page 13)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Case Management and Administrative Procedures

but not limited to, petitions, schedules, statements of financial affairs, plan, disclosure statement and monthly operating reports, in hard copy format regardless of whether the United States Trustee's Office receives same electronically.

17. <u>Right to Request Special Notice Procedures</u>. Nothing herein shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of this Case Management Order upon a showing of good cause, including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice.

E. **NOTICE OF AGENDA**

18. Debtor's counsel shall file and serve a notice of agenda ("<u>Notice of Agenda</u>") for each hearing held in this Chapter 11 Case. The Notice of Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of such adjournment. The Notice of Agenda will include, to the extent known by Debtor's counsel: (i) the docket number and title of each matter scheduled for hearing on such Omnibus Hearing Date, including the initial filing and any filed responses, replies or documents related thereto; (ii) the relevant Objection Deadlines and whether the matters are contested or uncontested; (iii) whether the matters have settled or are proposed to be continued; (iv) other comments that will assist the Court; (v) a suggestion for the order in which the matters should be addressed; and (vi) any adversary proceeding number and the corresponding docket number for pleadings filed in such adversary proceeding. The matters listed on the Notice of Agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and affidavits of service.

19. Debtor's counsel shall file a proposed Notice of Agenda two (2) business days before the Omnibus Hearing Date.

Case 23-01092-MBK    Doc    Filed 05/19/23    Entered 05/19/23 15:33:30    Desc Main
Document    Page 14 of 18

(Page 14)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Case Management and Administrative Procedures

20. Debtor's counsel may file an amended Notice of Agenda the day prior to a hearing. All amended Notices of Agenda shall list matters as listed in the original Notice of Agenda with all edits and additional information being listed in boldface type.

21. Copies of the Notice of Agenda shall be served upon the Master Service List.

F. *PRO HAC VICE* **APPLICATIONS**

22. Application by non-resident attorneys for permission to practice before the Court in this Chapter 11 Case, *pro hac vice*, may not be set for hearing unless the Court requires otherwise. These applications may be GRANTED by the Court unless Objections are promptly filed thereto. *Pro hac vice* applications must be served upon each entity designated on the Core Service List.

23. The Court will require parties to obtain local counsel in accordance with the District of New Jersey Local District Court Rules and Local Bankruptcy Rules.

G. **OTHER ADMINISTRATIVE ISSUES**

24. Any party may at any time apply for reconsideration or modification of this Case Management Order. Service of said motion shall be made to all persons/entities on the Master Service List. The Court may amend this Case Management Order from time to time as is necessary.

25. If a motion to extend the time for a party to take any action is filed consistent with this Case Management Order before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on such motion, without the necessity for the entry of a bridge order. For the avoidance of doubt, an

Case 23-01092-MBK    Doc    Filed 05/19/23    Entered 05/19/23 15:33:30    Desc Main
Document    Page 15 of 18

(Page 15)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Establishing Case Management and Administrative Procedures

automatic extension under this Case Management Order does not require the issuance or entry of an order extending the time. If the Court denies such motion to extend, then the applicable action must be completed no later than 5:00 p.m., prevailing Eastern Time, on the first business day after the Court enters such order.

26. Notice and service accomplished in accordance with the provisions set forth in this Case Management Order shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

27. Unless otherwise specified, all time periods referenced in this Case Management Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

28. The Bankruptcy Rules and the Local Bankruptcy Rules shall continue to apply to all proceedings in the Chapter 11 Case, except to the extent that any provision of this Case Management Order by its terms supersedes or is inconsistent with such rules.

## Schedule 1

**(Form of Certification of No Objection)**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br><br><br><br><br><br><br><br><br><br><br><br> In re: <br> LTL MANAGEMENT LLC,[1] <br>                 Debtor. | Chapter 11 <br><br> Case No.: 23-12825 (MBK) <br><br> Judge: Michael B. Kaplan |

**CERTIFICATION OF NO OBJECTION**

**REGARDING** _____

**DOCUMENT NO.** _____

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

The undersigned hereby certifies that, as of _____,

_____ has received no answer, objection or other responsive pleading to _____, document no. _____ filed on \_\_\_\_\_. The undersigned further certifies that I have reviewed the Court's docket in this case and no answer, objection or other responsive pleading to the _____appears thereon. Pursuant to Notice of _____, objections to the _____were to be filed and served no later than _____.

It is hereby respectfully requested that the Order attached to the _____ be entered at the earliest convenience of the Court.

Dated: _____  Law Firm

Counsel to _____

By: _____