**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*



**Order Filed on May 23, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>               Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan<br>**Hearing Date and Time:**<br>May 22, 2023 at 10:00 a.m. |

## ORDER AUTHORIZING THE DEBTOR
## TO SATISFY ITS OBLIGATIONS UNDER THIS COURT'S
## DISMISSAL ORDER ENTERED IN THE DEBTOR'S PRIOR CHAPTER 11 CASE

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: May 23, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing the Debtor to Satisfy Its Obligations Under This Court's Dismissal Order Entered in the Debtor's Prior Chapter 11 Case

This matter coming before the Court on the *Debtor's Motion for an Order Authorizing It to Satisfy Its Obligations Under This Court's Dismissal Order Entered in the Debtor's Prior Chapter 11 Case* [Dkt. 319] (the "Motion"),[2] filed by the debtor in the above-captioned case (the "Debtor"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 4001, 6003 and 6004 and Local Bankruptcy Rule 4001-3; informal comments having been received by counsel for the Court-appointed expert in the Debtor's prior chapter 11 case; the Court having reviewed the Motion, the limited objection filed by substantial contribution claimants [Dkt. 512] and the response filed by Aylstock, Witkin, Kreis & Overholtz, PLLC [Dkt. 518]; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (d) notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED**.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized to pay the Dismissal Order Obligations in accordance with the Dismissal Order, which order is not modified by this Order.

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption: Order Authorizing the Debtor to Satisfy Its Obligations Under This Court's Dismissal Order Entered in the Debtor's Prior Chapter 11 Case

3. The automatic stay is lifted to the extent necessary to permit parties to comply with the terms of the Dismissal Order, including all of the rights, protections, duties, and obligations thereunder and expressly including, without limitation: (a) to allow the submission of requests for payment to the Debtor, (b) to allow the parties to respond to any objections to requests for payment, and (c) to otherwise satisfy the Dismissal Order Obligations. For the avoidance of doubt, Substantial Contribution Motions (as defined in the Dismissal Order) and responses thereto may be filed pursuant to paragraph 8 of the Dismissal Order, and the Debtor is authorized to pay any amounts allowed in any order of the Court with respect to a Substantial Contribution Motion (as defined in the Dismissal Order).

4. Notwithstanding the possible applicability of the Bankruptcy Rules 4001(a)(3) and 6004(h), this Order shall be immediately effective and enforceable upon its entry.

5. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

6. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, enforcement or interpretation of this Order.