**EXHIBIT A**

Execution Version

LTL Management LLC
501 George Street
New Brunswick, New Jersey 08933

May __, 2023

Cole Schotz P.C.
Attn: Seth Van Aalten, Esq.
1325 Avenue of the Americas, 19th Floor
New York, New York 10019

Re: Expense Reimbursement Agreement

Dear Mr. Van Aalten:

We understand that the Ad Hoc Committee of Supporting Counsel (the "AHC of Supporting Counsel")[1] has retained Paul Hastings LLP, Cole Schotz P.C. and Parkins & Rubio LLP (collectively, the "Professionals") in connection with the chapter 11 case, Case No. 23-12825 (MBK) (the "Chapter 11 Case") filed by LTL Management LLC (the "Debtor") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").  The Professionals agree to work together efficiently and to coordinate their services to the AHC of Supporting Counsel to minimize duplication.

The purpose of this letter agreement (this "Reimbursement Agreement") is to confirm that the Debtor has agreed to pay (i) the reasonable and documented out-of-pocket expenses of members of the AHC of Supporting Counsel and (ii) the Professionals' reasonable and documented fees and out-of-pocket expenses for the period from April 18, 2023 through the date of termination of this Reimbursement Agreement (together, the "Fees and Expenses") in connection with the Professionals' representation of the AHC of Supporting Counsel in the Chapter 11 Case.

Any confidential information concerning the Debtor shared with the AHC of Supporting Counsel or the Professionals shall be subject to any protective order entered in the Chapter 11 Case and/or other non-disclosure agreement to be agreed between the parties.

Notwithstanding the obligations hereunder to pay the Fees and Expenses of the Professionals, the Debtor acknowledges and agrees that the AHC of Supporting Counsel is the Professionals' client, that the Professionals will in no way be deemed to represent the Debtor and that no attorney-client relationship between the Professionals and the Debtor is or will be created or reflected hereby. The Debtor further acknowledges and agrees that nothing in this Reimbursement Agreement shall, directly or indirectly, by implication or otherwise, waive or be deemed to constitute a waiver of, or otherwise prejudice in any manner whatsoever, applicable privileges (if any), including without limitation, the attorney-client privilege, covering all communication and correspondence between the Professionals and the AHC of Supporting Counsel or any member of the AHC of Supporting

---

[1] The initial members of the AHC of Supporting Counsel are set forth on **Exhibit 1**, which shall be supplemented with additional members as appropriate.

NAI-1536996403

Counsel and any work product and analyses prepared by or on behalf of the Professionals or the AHC of Supporting Counsel or any member of the AHC of Supporting Counsel.

During the term of this Reimbursement Agreement, the Professionals shall file monthly fee statements and interim and final fee applications with the Bankruptcy Court as set forth in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* (the "Interim Compensation Order") (ECF No. 562).  Unless disputed, the Debtor will pay the Fees and Expenses in accordance with this Reimbursement Agreement and the Interim Compensation Order.  The monthly fee statements will include time detail and the applicable rates and hours worked by each Professional.  The Professionals reserve their right to redact such fee statements for privileged material.  The rates charged in connection with this Reimbursement Agreement will be the same as those that the Professionals charge (respectively) to their other clients.

Within five business days of the execution of this Reimbursement Agreement, the Debtor will file a motion seeking Bankruptcy Court approval to satisfy its obligations under this Reimbursement Agreement (the "Approval Motion", and the corresponding order, the "Approval Order").  The Approval Motion and the Approval Order must be reasonably acceptable to the AHC of Supporting Counsel and will provide that the Fees and Expenses shall be payable as administrative expenses of the Debtor's chapter 11 estate and otherwise in accordance with this Reimbursement Agreement, provided that nothing in the foregoing or in the Approval Order shall alter the Debtor's right to terminate this Reimbursement Agreement as set forth below.

Subject to its termination rights as set forth below, the AHC of Supporting Counsel agrees that it will support the Debtor's proposed plan of reorganization as set forth in the plan support agreements executed by members of the AHC of Supporting Counsel and will participate in any Court-ordered mediation.

The Debtor and the AHC of Supporting Counsel may terminate this Reimbursement Agreement at any time and for any reason by providing written notice to the other party, and such termination shall be effective upon ten business days' prior written notice to the other party.  For the avoidance of doubt, nothing in this paragraph shall limit the Debtor's obligation to pay the Fees and Expenses that have been incurred prior to the effective date of termination.  Except for such obligation, no party shall have any liability or other obligation to any other party resulting from its decision to terminate this Reimbursement Agreement.

No party may assign this Reimbursement Agreement, in whole or in part, without the prior written consent of the other party.

All notices permitted or required under this Reimbursement Agreement will be made by email and overnight delivery to the signatory below for each party and such party's counsel.  Any party may change its recipient of notice by providing written notice of such change to the other party.

This Reimbursement Agreement may be amended only by a writing signed by each party hereto.

This Reimbursement Agreement includes the entire understanding between the parties with respect to the subject matter hereof.  The provisions of this Reimbursement Agreement may be modified

only pursuant to a subsequent written agreement executed by, or on behalf of, the AHC of Supporting Counsel.

THIS REIMBURSEMENT AGREEMENT SHALL BE GOVERNED BY THE LAWS AND APPLICABLE ETHICAL RULES OF THE STATE OF NEW JERSEY AND VENUE FOR ACTION HEREUNDER SHALL BE IN THE BANKRUPTCY COURT.

*[Signature page follows]*

3

        **LTL MANAGEMENT LLC**, a North Carolina limited liability company

        By:_____
        Name: John Kim
        Title: Chief Legal Officer

        On behalf of the **AD HOC COMMITTEE OF SUPPORTING COUNSEL**

        By:_____
        Name: Seth Van Aalten, Esq.
        Title: Partner, Cole Schotz P.C.

# **EXHIBIT 1**

**Current Members of Ad Hoc Committee of Supporting Counsel[1]**

---

[1] The members of the Ad Hoc Committee of Supporting Counsel may be amended, supplemented or otherwise modified as members join or are removed from the Ad Hoc Committee of Supporting Counsel.

NAI-1536996403

Andres Pereira Law Firm

Andrews & Thornton

Heninger Garrison Davis, LLC

Johnson Law Group

Linville Law Group

McDonald Worley PC

Nachawati Law Firm

OnderLaw, LLC

Paul LLP

Pulaski Kherkher, PLLC

Rueb Stoller Daniel (f/k/a Dalimonte Rueb, LLP)

Singleton Schreiber

Slater Slater Schulman LLP

Trammell PC

Watts Guerra LLP