**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

Order Filed on May 23, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.:  23-12825 (MBK) |
| Debtor. | Judge:  Michael B. Kaplan |

## ORDER AUTHORIZING RETENTION OF SIGNAL INTERACTIVE MEDIA, LLC

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: May 23, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing Retention of Signal Interactive Media, LLC

Upon the Application[2] of LTL Management LLC (the "Debtor" or "LTL Management"),

requesting authorization to retain Signal Interactive Media, LLC ("Signal") as a consultant and

expert for the Debtor, effective as of April 16, 2023; the Court having considered the Application

and the Certification of Shannon R. Wheatman, Ph.D. in Support of Application for Retention of

Signal Interactive Media, LLC Effective as of April 16, 2023 (the "Wheatman Certification"), it

is hereby **ORDERED**:

1.       The Debtor is authorized to retain Signal as set forth in the Application and the
         documents attached thereto, including, but not limited to, the engagement letter attached
         to the Application as Exhibit B (the "Engagement Letter").  The effective date of the
         retention is April 16, 2023.

         The professional's address is:              Signal Interactive Media, LLC
                                                      1155 Connecticut Ave. NW,
                                                      Suite 400
                                                      Washington, DC 20036

2.       Any additional services proposed to be provided by Signal and not described in the
         Application and the Engagement Letter shall require further Court approval.

3.       Signal shall file monthly, interim and final fee requests for allowance of compensation
         and reimbursement of expenses pursuant to the procedures set forth in sections 330 and
         331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules,
         the U.S. Trustee Guidelines, and any other applicable procedures and orders of this
         Court, including any Interim Compensation Order; provided, however, that if Signal
         seeks to redact its time records to protect any privileges asserted it shall first apply to the
         Bankruptcy Court for permission to do so under Section 107 of the Bankruptcy Code,
         with the rights of all parties in interest with respect to any such relief fully preserved.

---

[2]      Capitalized terms used herein but not otherwise defined have the meanings given to them in the
         Application.

NAI-1536622259

(Page 3)
Debtor: LTL Management LLC
Case No. 23-12825-MBK
Caption:  Order Authorizing Retention of Signal Interactive Media, LLC

The Debtor shall be solely responsible for paying all amounts due under this retention, subject to Court approval.  The rights of any party in interest to object to any such fee request, and the right of Signal to respond to any such objection, are fully preserved.

4.     For the avoidance of doubt, no fees earned and payable to Signal shall constitute a "success fee," "bonus" or "fee enhancement" under applicable law.

5.     Notwithstanding any contrary provision of the Engagement Letter, the Court shall have jurisdiction over, hear and adjudicate any dispute that may arise under the Engagement Letter among the parties to the Engagement Letter during the pendency of the Chapter 11 Case.

6.     Signal shall provide any and all monthly fee statements, interim fee applications and final fee applications in "LEDES" format to the U.S. Trustee.

7.     Signal shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Signal's fee applications in the chapter 11 case.

8.     If the professional requested a waiver as noted below, it is ☐ Granted   ☐ Denied.

☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

NAI-1536622259