| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1 |
| **LOWENSTEIN SANDLER LLP**<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>Telephone: (973) 597-2500<br>E-mail: krosen@lowenstein.com<br>E-mail: mseymour@lowenstein.com<br><br>-and-<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria, Esq.<br>Gregory Starner, Esq.<br>Joshua D. Weedman, Esq.<br>Samuel P. Hershey, Esq.<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>E-mail: jessica.lauria@whitecase.com<br>E-mail: gstarner@whitecase.com<br>E-mail: jweedman@whitecase.com<br>E-mail: sam.hershey@whitecase.com<br><br>**WHITE & CASE LLP**<br>Matthew E. Linder, Esq.<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>E-mail: mlinder@whitecase.com<br><br>*Co-Counsel to Johnson & Johnson and Johnson & Johnson Holdco (NA) Inc.* |

| | |
|---|---|
| *In re*<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-12825 (MBK) |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**MOTION TO FILE CONFIDENTIAL EXHIBIT UNDER SEAL**

Johnson & Johnson ("J&J"), and Johnson & Johnson Holdco (NA) Inc. ("Holdco") (together, the "J&J Parties"), by and through their undersigned counsel, moves (this "Seal Motion") for entry of an order, under sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), authorizing and requiring the J&J Parties to file Exhibit 2 (the "Confidential Exhibit") of the *Motion For Entry of A Protective Order* (the "Motion for Protective Order")[2] under temporary seal effective as of the date hereof.[3]  In support of this Seal Motion, the J&J Parties represent as follows:

I.    **JURISDICTION, VENUE, AND STATUTORY PREDICATES**

1.    This Court has jurisdiction over this Seal Motion under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2.    The predicates for the sought relief are found in 11 U.S.C. §§ 105(a) and 107, Bankruptcy Rule 9018, and Local Rule 9018-1.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion for Protective Order.

[3]    The Motion For Protective Order which redacts the Confidential Exhibit, is being publicly filed simultaneously herewith.

## II. BACKGROUND

**A.    General Background**

3.    On April 4, 2023, LTL Management LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Case").

4.    The Debtor commenced the Chapter 11 Case after reaching agreement with members of the Ad Hoc Group of Supporting Counsel (the "AHC of Supporting Counsel") – who represent approximately 58,000 talc claimants in the aggregate – on the material terms of a plan of reorganization that, if confirmed and consummated, would fully resolve all of the Debtor's liability for talc-related claims. That agreement has been memorialized in a series of plan support agreements that have been executed and delivered by members of the AHC of Supporting Counsel. The plan support agreements provide, among other things that the Debtor, the J&J Parties, and the claimants will work together to finalize, file, and seek confirmation of a plan of reorganization that provides for the establishment of a trust funded in the amount of $8.9 billion on a net present value basis.

5.    On April 14, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed the Official Committee of Talc Claimants (the "TCC").

6.    The J&J Parties filed the Motion For Protective Order precluding the TCC from seeking overbroad and burdensome discovery regarding the transfer of the consumer health business from Holdco's predecessor company, Johnson & Johnson Consumer Inc., and the separate spin-off of Kenvue Inc. (together, the "Consumer Health Transactions"). Specifically, under the guise of purportedly appraising LTL's "financial distress" in connection with its *Motion of the Official Committee of Talc Claimants to Dismiss the Second Bankruptcy Petition of LTL Management, LLC* [Dkt. No. 286-1] ("TCC Motion to Dismiss"), and despite informing

this Court less than a month ago that no new discovery was necessary in connection with the TCC Motion to Dismiss, the TCC served broad discovery requests on the J&J Parties and LTL, a Rule 30(b)(6) deposition notice on the J&J Parties, and issued six non-party subpoenas to certain banks, rating agencies and a PR firm, all seeking broad discovery regarding the Consumer Health Transactions (collectively, the "Consumer Health Transaction Discovery"). There is no plausible link between the issues relevant to the pending TCC Motion to Dismiss and the requested discovery about the Consumer Health Transactions, and the TCC should not be permitted to take wide-ranging discovery for putative fraudulent transfer claims that are not before this Court, and that the TCC lacks standing to bring.

7. The Motion For Protective Order contains a confidential exhibit (Exhibit 2) – an excerpt from the Deposition of Michelle Ryan dated January 27, 2022 - which has been designated as confidential pursuant to the Agreed Protective Order Governing Confidential Information entered in *LTL I*, Case No. 21-30589 [Docket No. 948] (the "Confidentiality Order").

8. Additional background about the Chapter 11 Case and this Seal Motion are set forth in the Motion for Protective Order. The J&J Parties incorporate such background by reference.

**B.    The Confidential Exhibit**

9. The Confidential Exhibit is an excerpt from the Confidential Deposition of Michelle Ryan dated January 27, 2022 (the "Ryan Deposition"). As stated above, the Ryan Deposition was designated as confidential, and therefore cannot be shared outside of the parties permitted under the Confidentiality Order.

10. As such, the J&J Parties are required pursuant to the Confidentiality Order to file this Seal Motion.

11. The J&J Parties will deliver a copy of the unredacted Confidential Exhibit to the Court for *in camera* review, and to the Debtor's and TCC's counsel, and any other party the Court directs, on a confidential basis.

### III. RELIEF REQUESTED AND REASONS THEREFOR

12. The J&J Parties seek entry of an order, substantially in the form attached, authorizing the J&J Parties to file an unredacted version of the Confidential Exhibit with the Court under temporary seal effective as of the date hereof and providing that such unredacted Confidential Exhibit shall remain under seal through the date of a hearing on this Seal Motion, as may be extended by order of the Court.

13. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from the potential harm that may result from disclosing certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

14. Bankruptcy Rule 9018 sets forth the procedure for seeking relief under section 107 of the Bankruptcy Code. Under Bankruptcy Rule 9018, the Court, on a motion or upon its own initiative:

> may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

15. The Confidential Exhibit does contain information subject to the Confidentiality Order, and thus, should be sealed. However, the parties seeking a confidential designation for the Confidential Exhibit should be permitted an opportunity to bring their claims of confidentiality and/or privilege before the Court for resolution prior to public disclosure of the Confidential Exhibit.

16. For that reason, the J&J Parties request that this Court enter an order authorizing the J&J Parties to file an unredacted version of the Confidential Exhibit under temporary seal effective as of the date hereof and providing that such unredacted Confidential Exhibit shall remain under seal through the date of a hearing on this Seal Motion, as may be extended by order of the Court.

### IV. WAIVER OF MEMORANDUM OF LAW

17. The J&J Parties request that this Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the basis which the J&J Parties rely on is incorporated herein and this Seal Motion does not raise any novel issues of law.

### V. NO PRIOR REQUEST

18. No previous motion for the relief sought herein has been made to this or to any other court.

### VI. NOTICE

19. Notice of this Seal Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) counsel to the Debtor; (iii) counsel for the TCC, and (iv) all parties that have requested notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the J&J Parties submit that no other or further notice is required.

WHEREFORE, the J&J Parties request that this Court enter an order authorizing the J&J Parties to file the Confidential Exhibit under seal, effective as of the date hereof.

Dated: May 25, 2023

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ Kenneth A. Rosen
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
E-mail: krosen@lowenstein.com
E-mail: mseymour@lowenstein.com

**WHITE & CASE LLP**
Jessica C. Lauria, Esq.
Gregory Starner, Esq.
Joshua D. Weedman, Esq.
Samuel P. Hershey, Esq.
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
E-mail: jessica.lauria@whitecase.com
E-mail: gstarner@whitecase.com
E-mail: jweedman@whitecase.com
E-mail: sam.hershey@whitecase.com

**WHITE & CASE LLP**
Matthew E. Linder, Esq.
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mlinder@whitecase.com

*Co-Counsel to Johnson & Johnson and Johnson & Johnson Holdco (NA) Inc.*