**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date and Time**:<br>Pursuant to OST |

**DEBTOR'S MOTION TO COMPEL THE OFFICIAL**
**COMMITTEE OF TALC CLAIMANTS TO SUPPLEMENT CERTAIN OF ITS**
**RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**

The Debtor moves the Court, pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil

Procedure, Rules 7037 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rules

7026-1 and 7037-1 of the Local Rules of the United States Bankruptcy Court of the District of

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

New Jersey, for the entry of an order compelling the Official Committee of Talc Claimants (the "TCC") to supplement its *Responses and Objections to the Debtor's First Set of Interrogatories to the Official Committee of Talc Claimants* and its *Responses and Objections to the Debtor's First Requests for Production*. This Motion seeks supplementation of the TCC's responses to three interrogatories (Interrogatory Nos. 2, 4 & 10) and two associated document requests (Document Requests No. 2 & 4). In support of this Motion, the Debtor incorporates the *Declaration of David S. Torborg*, filed contemporaneously herewith (the "Counsel Declaration"), and respectfully states as follows:

## Introduction

The Court's April 27, 2023 order in the preliminary injunction proceeding highlighted (1) that the Court's determination of good faith in a motion-to-dismiss proceeding requires "extensive fact-finding" and (2) that the Debtor be afforded due process including "notice of the issue and an opportunity to address it." In re LTL Mgmt., LLC, No. 23-12825 (MBK), 2023 WL 3136666, at *9 (Bankr. D.N.J. April 27, 2023). Among the fact-intensive determinations this Court will be asked to make is whether the Debtor was in financial distress when it filed its second petition for chapter 11 bankruptcy relief. See Apr. 20, 2023 Hr'g Tr. at 7–8. An issue directly relevant to that determination, of course, is the extent of the Debtor's liability for talc claims.

The Debtor has served discovery on the TCC and other parties directed to their own assessments of the extent of the Debtor's liability for talc claims. All of these parties have made affirmative assertions in pleadings and other submissions concerning these matters.[2] For

---

[2] The Debtor may file additional motions to compel against other parties to which it has served discovery. The Debtor awaits responses from the United States Trustee and will be meeting and conferring with other parties in the coming days.

example, the TCC and its Ad Hoc predecessor have stated that the Debtor's proposed $8.9 billion settlement would "prove[] inadequate to pay present and future claims in full" and that LTL faces "billions" of dollars in claims asserted by government units, third-party payors, talc suppliers, and others, which claims, if paid out of the $8.9 billion settlement, would "substantially dilute the funds available to pay individual claims.[3]

But when asked to state the factual predicate for these assertions, the TCC has stonewalled many of the Debtor's discovery requests, refusing *even to state whether* it has developed, shared, or discussed estimates of the Debtor's talc liability. The existence (or non-existence) of such estimates (whether privileged or not) is itself independently relevant to this proceeding and required to be disclosed under Local Bankruptcy Court Rule 7026-1. The Debtor and this Court are entitled to know if the TCC has developed but now declines for strategic purposes to put forward any estimates it has regarding the extent of the Debtor's talc liability.

Relatedly, the TCC has failed to provide an appropriate response to the Debtor's interrogatory asking that the TCC state the basis for its contentions that the funding support restructuring constituted a "clear breach of the LTL's directors' fiduciary duties." TCC PI Obj. at 4. The TCC's response failed to state any basis for the alleged breach of fiduciary duty, including whether the TCC alleges that LTL was or became insolvent as a result of the restructuring.

The Court should compel the TCC, which has served extensive discovery on the Debtor, to reciprocate by producing the requested relevant information.

---

[3] *Information Brief of the Ad Hoc Committee of Certain Talc Claimants Regarding Second Bankruptcy Filing by LTL Management, LLC*, ¶¶ 30, 63 [Dkt. 79] ("Ad Hoc Info Brief"); *Objection of the Official Committee of Talc Claimants to Debtor's Motion for an Order (I) Declaring that the Automatic Stay Applies or Extends to Certain Actions Against-Non Debtors, (II) Preliminary Enjoying Such Actions, and (III) Granting a Temporary Restraining Order Ex Parte Pending a Hearing on a Preliminary Injunction*, ¶¶ 21-22 [Adv. Dkt. 39] ("TCC PI Obj.").

**Background**

1. On May 6, 2023, the Debtor served its *First Set of Interrogatories* (the "Interrogatories") and its *First Set of Requests for Production of Documents* (the "RFPs") on the TCC. Copies of the Interrogatories and RFPs are attached as Exhibits A and B to the Counsel Declaration.

2. On May 18, 2023, the TCC served its *Responses and Objections to the Interrogatories* (the "Responses to Interrogatories") and its *Responses and Objections to the Requests for Production* (the "RFP Responses"). Copies of the Responses and RFP Responses are attached as Exhibits C and D to the Counsel Declaration.

3. On May 22, 2023, the Debtor served a letter to the TCC identifying deficiencies in its Responses and RFP Responses, requesting supplementation. A copy of the letter is attached as Exhibit E to the Counsel Declaration.

4. The parties met and conferred on May 23, 2023, reaching an impasse as to certain of the Responses and RFP Responses.

**Relief Requested**

5. Under Civil Rule 37(a)(3)(B), made applicable to this contested matter by Bankruptcy Rule 7037 and Local Bankruptcy Rule 7037-1, the Debtor requests that the Court enter an order, substantially in the form submitted herewith, compelling the TCC to supplement its Responses to Interrogatory Nos. 2, 4, and 10 and to produce non-privileged documents in response to RFPs Nos. 2 & 4.

## Basis for Relief Requested

**I.     AT A MINIMUM, THE TCC SHOULD BE COMPELLED TO STATE WHETHER IT HAS DEVELOPED, SHARED, OR DISCUSSED ANY TALC LIABILITY ESTIMATES.**

6.     Interrogatory No. 2 and 4 request the TCC to "[i]dentify any estimates the TCC has developed, shared, or discussed" concerning:

- "the ***dollar-value of the aggregate liability*** attributable to all or any subset of the Talc Claims" (Interrogatory No. 2) (emphasis added); and

- "the dollar amount required to ***resolve*** all or any subset of the Talc claims ***in the tort system***" (Interrogatory No. 4) (emphasis added).[4]

7.     In response, the TCC first advances its "General Objections" and various privileges and protections. See Responses to Interrogatories 2 & 4. The TCC then states "that it has not developed, shared or discussed any ***nonprivileged*** estimate[s]" responsive to these Interrogatories. Id. (emphasis added).

8.     The Debtor is not seeking any privileged or otherwise protected liability estimates that the TCC may have developed and/or shared with any mediator or Court-appointed expert. Nor does the Debtor seek premature disclosure of expert testimony. Rather, the Debtor seeks two things.

9.     ***First***, if the TCC is going to introduce evidence or make arguments—other than through expert testimony—on the extent of the Debtor's talc liability, the TCC should disclose

---

[4]     Document Requests Nos. 2 and 4 seek all documents and communications concerning these same matters.

-5-

the estimates requested by the Debtor so that there are no surprises at the hearing.[5] See Jones v. Derosa, 238 F.R.D. 157, 163 (D.N.J. 2006) ("Review of all relevant evidence provides each party with a fair opportunity to present an effective case at trial."); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (Rule 26 discovery encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.").

10. ***Second***, regardless of whether the TCC will rely upon liability estimates, the Debtor is owed an answer to the simple question of whether the TCC even has the estimates the Debtor seeks. See Younes v. 7-Eleven, Inc., 312 F.R.D. 692, 707 (D.N.J. 2015) ("A party answering interrogatories is under a duty to produce all information available to the party."). That is true ***regardless*** of whether any such estimates are privileged or subject to some other protection. See D.N.J. LBR 7026-1 (party asserting privilege must indicate whether any document exists or communication occurred). And it is true regardless of the Debtor's own estimate or access to information underlying an estimate. See 7 Moore's Federal Practice Civil § 33.73 (2023) ("Interrogatories may inquire into information within the knowledge of the interrogating party . . . because it narrows and defines the issues and gives the propounding party insight into how the responding party views the facts.").

11. Local Bankruptcy Rule 7026-1 provides:

> When a party asserts a claim of privilege in response or objection to a discovery request, the party must identify the nature of the privilege claimed and ***indicate whether with respect to the privilege (i) any document exists, or (ii) any oral communication occurred***.

---

[5] If the TCC will put on testimony on this issue through expert testimony, the Debtor presumably will obtain the TCC's estimates when expert reports are delivered on June 7. However, it is not clear if the TCC will introduce such testimony.

D.N.J. LBR 7026-1 (emphasis added). Even if the TCC claims privilege or protection over any estimates that exist, the TCC cannot refuse to indicate whether those estimates, whether in document or oral form, even exist.

12. The Debtor raised the Local Rule during the parties' meet and confer, yet the TCC continued in its refusal to even state whether any "non-privileged" estimates exist. The TCC evidently takes the view that it is "irrelevant" whether they have allegedly privileged estimates they are unwilling to identify.

13. Why does the Debtor care and why is this relevant? Because both the Debtor and this Court are entitled to know whether the TCC, as the purported representative of current and future talc claimants, has the requested estimates but has decided not to put them forward at the hearing. Perhaps that is because those estimates would undermine the TCC's arguments on whether the Debtor is in financial distress. Or, conversely, perhaps they would undermine their arguments that the Debtor's funding support restructuring constitutes an actual or constructive fraudulent transfer. See [Dkt. 286 (TCC Mot. to Dismiss) at 6-7]; [Dkt. 489 (TCC motion for derivative standing)]. Or, perhaps, both.

14. The TCC cannot refuse to indicate whether such estimates exist and later, at the hearing, indicate knowledge (or lack of knowledge) about the amounts requested while arguing that the Debtor suffers no financial distress.

15. The Debtor respectfully requests that the Court compel the TCC to provide responses to Interrogatory Nos. 2 & 4, either disclosing any estimates or the fact of their existence should they exist, and produce any non-privileged documents responsive to Document Requests Nos. 2 & 4.

## II. THE COURT SHOULD ORDER THE TCC TO SUPPLEMENT ITS RESPONSE TO INTERROGATORY NO. 10 TO PROVIDE THE BASIS FOR ITS CONTENTION THAT THE LTL BOARD BREACHED FIDUCIARY DUTIES.

16. Interrogatory No. 10 requests the TCC to "[i]dentify the basis to support its contention that amendments to the financing arrangements between LTL, J&J, and New JJCI/Holdco constituted a 'clear breach of the LTL's directors' fiduciary duties,' including the basis for their contention that the claims of LTL's creditors were prejudiced by the amendments." Interrogatories at 7 (citing TCC PI Obj. at 4).

17. Despite the TCC's objections, contention interrogatories that ask a party what it contends or to state all the facts upon which it bases a contention are fully compliant with the Rules. See, e.g., Barnes v. District of Columbia, 270 F.R.D. 21, 24 (D.D.C. 2010). "In answering contention interrogatories the party is only giving the factual specifics which the party contends supports a claim, and this in no way impinges on the attorney's impressions or analysis . . . ." Id. at 24 (citation and alteration omitted). "This type of request 'can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery.'" Id. (quoting Fed. R. Civ. P. 33 advisory committee's note (1970))

18. After setting forth a litany of objections, the response to Interrogatory No. 10 refers to the "attempted stripping of LTL's most significant asset, the 2021 Funding Agreement" and then points to the TCC's recent motion for derivative standing [Dkt. 489]. Responses to Interrogatories at 12–13. But the TCC's response dodges the key question. Merely pointing to the Debtor's funding support restructuring or any other corporate transaction does not establish the foundation of a breach of fiduciary duty claim as to anyone, much less creditors. Corporations engage in transactions that change the relative balance of their assets and liabilities all the time. Such transactions could give rise to breaches of fiduciary duty as to the creditors of

-8-

the corporation if the transactions rendered the corporation insolvent. See In re Allserve Sys. Corp., 379 B.R. 69, 78 (Bankr. D.N.J. 2007) (Kaplan, J.).[6]

19. The question, therefore, is whether the TCC is alleging that the Debtor's funding support restructuring rendered LTL insolvent. When the Debtor's counsel asked that question in correspondence and during the meet and confer, the TCC declined to agree to provide a supplemental response to Interrogatory No. 10. While the TCC's tactical desire to avoid taking a position on LTL's solvency is perhaps understandable, that does not mean their refusal is warranted, *especially* when the TCC *has* made an *affirmative contention* that the Debtor's funding support restructuring constituted a "clear breach of the LTL's directors' fiduciary duties."

20. The Court should compel the TCC to provide a supplemental response to Interrogatory No. 10, including, in particular, whether the funding support restructuring, in the TCC's view, rendered LTL insolvent and/or how creditors were allegedly prejudiced by the restructuring.

## Waiver of Memorandum of Law

21. The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtor relies is incorporated herein and the Motion does not raise any novel issues of law.

---

[6] In its opinion in Allserve, the Court cited, among others, the following decisions: Francis v. United Jersey Bank, 87 N.J. 15, 36, 432 A.2d 814 (1981) ("While directors may owe a fiduciary duty to creditors also, that obligation generally has not been recognized in the absence of insolvency"); VFB, LLC v. Campbell Soup Co., 482 F.3d 624, 635 (3d Cir. 2007) ("[d]irectors normally owe no duty to corporate creditors, but when the corporation becomes insolvent the creditors' investment is at risk, and the directors should manage the corporation in their interests as well as that of the shareholders."); Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 173 (3d Cir. 2002) ("Once a corporation becomes insolvent, however, the directors assume a fiduciary or 'quasi-trust' duty to the corporation's creditors.") (citations omitted).

**Certificate of Conference**

22.     Pursuant to Local Bankruptcy Rule 7037-1, on the 23rd day of May 2023, counsel for the Debtor conferred with counsel to the TCC regarding the relief requested in this Motion. Counsel Decl. ¶ 3. Counsel for the TCC indicated that it opposed the requested relief.  Id.

**Notice**

23.     Consistent with the *Order Establishing Case Management and Administrative Procedures* [Dkt. 554] (the "Case Management Order"), notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) proposed counsel to the TCC; (c) the legal representative for future talc claimants and her proposed counsel; (d) counsel to the AHC of Supporting Counsel; (e) counsel to the Debtor's non-debtor affiliates, Holdco and J&J; and (f) the other parties on the Master Service List established by the Case Management Order.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be provided.

**No Prior Request**

24.     No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court:  (i) enter an order, substantially in the form submitted herewith; and (ii) grant such other and further relief as the Court may deem proper.

Dated: May 25, 2023

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (admitted *pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*PROPOSED ATTORNEYS FOR DEBTOR*