**<u>EXHIBIT D</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920trustee<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel for the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Special Counsel for the Official Committee of Talc Claimants* |
| In re:<br><br>**LTL MANAGEMENT LLC**,[1]<br><br>            Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**RESPONSES AND OBJECTIONS**
**TO THE DEBTOR'S FIRST SET OF REQUESTS FOR PRODUCTION**
**OF DOCUMENTS TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable herein by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Official Committee of Talc Claimants ("TCC") hereby responds and objects (the "Responses and Objections") to Debtor's First Set of Requests for Production of Documents to the Official Committee of Talc Claimants (the "Requests for Production"), dated May 6, 2023, as follows:

## GENERAL OBJECTIONS

The TCC incorporates into its specific Responses the following general and continuing objections as if they were set forth in full in specific Responses to each request for production (each a "Request" and collectively the "Requests") in the Requests for Production (the "General Objections"). Although the General Objections may be specifically referred to in a Response, failure to mention a General Objection specifically should not be construed as a waiver of any such objection. Moreover, the assertion of the same, similar, or additional objections in response to a Request does not waive any of the General Objections set forth below.

1.      The TCC objects to the Requests as unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).

2.      The TCC objects to the Requests to the extent that they seek to impose obligations on the TCC that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, or other applicable law or rule.

3.      The TCC objects to the Requests to the extent that they purport to require the TCC to conduct anything beyond a reasonable and good faith search for documents from reasonably

accessible sources where responsive documents can reasonably be expected to be located.  In this vein, the TCC states that it does not have access, or the right of access, to any documents maintained by any law firm that serves as plaintiff's counsel for any member of the TCC.

4.      The TCC objects to the Requests to the extent that they seek documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest doctrine, mediation privilege, or other applicable privilege or protection, including, without limitation, documents that are confidential and protected from disclosure pursuant to the *Order Appointing Expert Pursuant to Federal Rule of Evidence 706*, 21-30589 (MBK) (Bankr. D.N.J.) (Dkt. 2881).

5.      In responding to the Requests, the TCC does not waive, but preserves, all applicable privileges and protections.  In the event that the TCC discloses any privileged or protected information, such disclosure is inadvertent and will not constitute a waiver of any privilege or protection.

6.      The TCC objects to the Requests to the extent they call for the production of confidential information and information protected from disclosure by law, court order, or any agreement with respect to confidentiality or nondisclosure.

7.      The TCC objects to the Requests to the extent they seek documents or information already in the Debtor's possession, custody, or control.

8.      The TCC objects to the Requests to the extent they seek documents more easily obtained from other parties or third parties.

9.      The TCC objects to the Requests to the extent they seek documents or information not in the TCC's possession, custody, or control.  The TCC does not have possession, custody or control of any documents maintained by any law firm that serves as plaintiff's counsel for any member of the TCC.  Nor does the TCC have possession, custody or control of documents

maintained by any official creditor's committee in the Debtor's prior chapter 11 case. Any such committee legally has been disbanded and ceases to exist, and documents in any such committee's possession are not in the possession, custody or control of this TCC.

10.    The TCC objects to each Request to the extent that it is cumulative or duplicative of other discovery requests.

11.    The TCC makes these Responses and Objections to the Requests based on its present knowledge and without prejudice to its rights to produce or object to evidence of any kind and to amend or supplement its Responses and Objections as necessary at a later date.

12.    The TCC reserves the right to challenge the competence, relevance, materiality, or admissibility of, or to object on any grounds to the use of any documents or information produced in response to the Requests in any subsequent proceeding or trial.

13.    The TCC objects to the production of any documents or information falling within one of the General Objections above or Specific Objections set forth below. In the event that documents or information falling within the scope of an objection are produced by the TCC, this production is inadvertent and does not constitute a waiver of the objection.

## <u>OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u>

1.    The TCC objects to the definition of "TCC" on the grounds that it is overbroad and unduly burdensome and purports to require the TCC to produce documents not within the TCC's possession, custody, or control.

2.    The TCC objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on the TCC that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules, or any other applicable agreement or rule.

3.      The TCC objects to Instruction No. 1 on the grounds that producing such a privilege log would be overly burdensome under the circumstances.

4.      The TCC objects to Instruction No. 7 on the grounds that it is overbroad and unduly burdensome and purports to require the TCC to produce documents not within the TCC's possession, custody, or control.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request No. 1

Documents sufficient to show the total number of Talc Claims, filed or unfiled, for which each counsel representing a member of the TCC serves as lead counsel.

### Response to Request No. 1

The TCC incorporates its General Objections as if set forth fully herein.  In particular, the TCC reiterates General Objection No. 9.  The TCC does not have possession, custody or control of any documents maintained by any law firm that serves as plaintiff's counsel for any member of the TCC.  That is particularly true with respect to representations and activities of those law firms in capacities other than their representation of members of the TCC as members of the TCC.  The TCC further objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1) insofar as the number of filed claims is equally, if not, by virtue of its relationship with Johnson & Johnson ("J&J"), more readily available to the Debtor.  Subject to the foregoing general and specific objections, the TCC states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

### Request No. 2

All Documents and Communications concerning any analysis, evaluation, estimation, prediction, projection, or other assessment of the dollar-value of the Debtor's or any of its

Affiliates' actual or potential aggregate liability on Talc Claims, or any subset or category of Talc Claims.

**Response to Request No. 2**

The TCC incorporates its General Objections as if set forth fully herein.  In particular, the TCC reiterates General Objection No. 4.  The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine.  The TCC also reiterates General Objection No. 9.  The TCC does not have possession, custody or control of any documents maintained by any law firm that serves as plaintiff's counsel for any member of the TCC.  That is particularly true with respect to representations and activities of those law firms in capacities other than their representation of members of the TCC as members of the TCC.  Subject to the foregoing general and specific objections, the TCC states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 3**

 All Documents and Communications concerning any analysis, evaluation, prediction, projection, or other assessment of the aggregate or periodic costs to defend the Talc Claims, or any subset or category of Talc Claims, in the tort system.

**Response to Request No. 3**

The TCC incorporates its General Objections as if set forth fully herein.  In particular, the TCC reiterates General Objection No. 4.  The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine.  The TCC also reiterates General Objection No. 9.  The TCC does not have possession, custody or control of any documents maintained by any law firm that serves as plaintiff's counsel for any member of the TCC.  That is particularly true with respect to representations and activities of those law firms in capacities other

than their representation of members of the TCC as members of the TCC.  The TCC further objects

to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery

permitted under Civil Rule 26(b)(1) insofar as the number of filed claims is equally, if not, by

virtue of its relationship with J&J, more readily available to the Debtor.  Subject to the foregoing

general and specific objections, the TCC states that it has no non-privileged in its possession,

custody or control responsive to this Request.

**Request No. 4**

All Documents and Communications concerning any analysis, evaluation, prediction,

projection, or other assessment of the aggregate or periodic costs to resolve the Talc Claims, or

any subset or category of Talc Claims, in the tort system.

**Response to Request No. 4**

The TCC incorporates its General Objections as if set forth fully herein.  In particular, the

TCC reiterates General Objection No. 4.  The Request seeks documents that, if they exist, are

protected by the attorney-client privilege and work product doctrine.  The TCC also reiterates

General Objection No. 9.  The TCC does not have possession, custody or control of any documents

maintained by any law firm that serves as plaintiff's counsel for any member of the TCC.  That is

particularly true with respect to representations and activities of those law firms in capacities other

than their representation of members of the TCC as members of the TCC.  The TCC further objects

to this Request as improper to the extent it seeks mediation-related information protected from

disclosure.  Subject to the foregoing general and specific objections, the TCC states that it has no

non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 5**

All Documents and Communications concerning the number of new Talc Claims that have manifested, arisen, surfaced, or come into existence since the Petition Date.

**Response to Request No. 5**

The TCC incorporates its General Objections as if set forth fully herein. In particular, the TCC reiterates General Objection No. 9. The TCC does not have possession, custody or control of any documents maintained by any law firm that serves as plaintiff's counsel for any member of the TCC. That is particularly true with respect to representations and activities of those law firms in capacities other than their representation of members of the TCC as members of the TCC. The TCC further objects to this Request on the grounds that it is unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1) insofar as the number of filed claims is equally, if not, by virtue of its relationship with J&J, more readily available to the Debtor. The TCC further objects to this Request on the grounds that it is duplicative of Request No. 1. The TCC further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure. Subject to the foregoing general and specific objections, the TCC states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 6**

All Documents and Communications concerning any projection of the number of Talc Claims that will be filed in the future.

**Response to Request No. 6**

The TCC incorporates its General Objections as if set forth fully herein. In particular, the TCC reiterates General Objection No. 9. The TCC does not have possession, custody or control

of any documents maintained by any law firm that serves as plaintiff's counsel for any member of the TCC.  That is particularly true with respect to representations and activities of those law firms in capacities other than their representation of members of the TCC as members of the TCC.  The TCC further objects to this Request on the grounds that it is duplicative of Request No. 5, unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).  The TCC also objects to this Request on the ground that this Request improperly seeks documents protected by the attorney-client privilege and work product doctrine.  The TCC further objects to this Request as improper to the extent it seeks mediation-related information protected from disclosure.  Subject to the foregoing general and specific objections, the TCC states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

## Request No. 7

All Documents and Communications concerning any settlement offers or proposals to resolve any, all, or any subset of the Talc Claims, whether the settlement offers or proposals were made in the tort system or when LTL was in bankruptcy.

### Response to Request No. 7

The TCC incorporates its General Objections as if set forth fully herein.  In particular, the TCC reiterates General Objection No. 4.  The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine.  The TCC also reiterates General Objection No. 9.  The TCC does not have possession, custody or control of any documents maintained by any law firm that serves as plaintiff's counsel for any member of the TCC.  That is particularly true with respect to representations and activities of those law firms in capacities other than their representation of members of the TCC as members of the TCC.  The TCC further objects to this Request as improper to the extent it seeks mediation-related information protected from

disclosure.  Subject to the foregoing general and specific objections, the TCC states that it has no

non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 8**

All Documents and Communications with any law firm or claimant concerning the

proposed Plan Support Agreement or the Proposed $8.9 Billion Settlement.

**Response to Request No. 8**

The TCC incorporates its General Objections as if set forth fully herein.  In particular, the

TCC reiterates General Objection No. 4.  The Request seeks documents that, if they exist, are

protected by the attorney-client privilege and work product doctrine.  The TCC also reiterates

General Objection No. 9.  The TCC does not have possession, custody or control of any documents

maintained by any law firm that serves as plaintiff's counsel for any member of the TCC.  That is

particularly true with respect to representations and activities of those law firms in capacities other

than their representation of members of the TCC as members of the TCC.  Subject to the foregoing

general and specific objections, the TCC states that it has no non-privileged documents in its

possession, custody or control responsive to this Request.

**Request No. 9**

All Communications with the FCR concerning the Talc Claims, LTL 1.0, LTL 2.0, or

any proposals to settle or otherwise resolve any, all, or any subset of the Talc Claims.

**Response to Request No. 9**

The TCC incorporates its General Objections as if set forth fully herein.  In particular, the

TCC reiterates General Objection No. 4.  The Request seeks documents that, if they exist, are

protected by the attorney-client privilege and work product doctrine.  The TCC also reiterates

General Objection No. 9.  The TCC does not have possession, custody or control of any documents

maintained by any law firm that serves as plaintiff's counsel for any member of the TCC. That is particularly true with respect to representations and activities of those law firms in capacities other than their representation of members of the TCC as members of the TCC. To the extent the TCC has any documents responsive to this Request, such documents would have been made by or disclosed to the FCR subject to the TCC's common interest with the FCR and thus remain privileged and protected from disclosure. Subject to the foregoing general and specific objections, the TCC states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 10**

All Communications with the United States Trustee concerning the Talc Claims, LTL 2.0, or any proposals to settle or otherwise resolve any, all, or any subset of the Talc Claims.

**Response to Request No. 10**

The TCC incorporates its General Objections as if set forth fully herein. The TCC objects to this Request on the grounds that the request for "[a]ll communications with the United States Trustee concerning the Talc Claims [or] LTL 2.0]" seeks documents that are not "relevant to any party's claim or defense and proportional to the needs of the [motion to dismiss proceeding], considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Subject to the foregoing general and specific objections, the TCC states that it is willing to meet and confer on this Request.

**Request No. 11**

All Documents and Communications that support, undermine, or otherwise concern the TCC's contention that there are "billions of dollars of claims asserted by third-party payors and government units, and likely billions of dollars for claims for indemnification and other damages asserted by talc suppliers such as bankruptcy Imerys and Cyprus companies, distributors, and hundreds of retailers." Ad Hoc. Comm. Info. Br. ¶ 30; *see also* TCC Obj. at 21.

**Response to Request No. 11**

The TCC incorporates its General Objections as if set forth fully herein. The TCC objects to this Request on the grounds that it assumes facts unsupported by the record, namely, that the TCC has knowledge of the meaning and intent of statements made in another bankruptcy by another separately constituted committee. The TCC reiterates General Objection No. 4. The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine. The TCC also reiterates General Objection No. 9. The TCC does not have possession, custody or control of any documents maintained by any law firm that serves as plaintiff's counsel for any member of the TCC. That is particularly true with respect to representations and activities of those law firms in capacities other than their representation of members of the TCC as members of the TCC. The TCC further objects to this Request on the ground that public information concerning the proceedings in LTL 1.0, LTL 2.0, the Imerys and Cyprus proceedings, as well as the Purdue and Mallinckrodt proceedings, are publicly available and equally available to the Debtor. Subject to the foregoing general and specific objections, the TCC states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 12**

     All Documents and Communications concerning the estimated dollar-value of all or any portion of Talc Claims asserted by government units or third-party payors.

     **Response to Request No. 12**

     The TCC incorporates its General Objections as if set forth fully herein.  The TCC objects to this Request on the grounds that "the estimated dollar-value of all or any portion of Talc Claims asserted by government units or third-party payors" is vague and ambiguous.  The TCC further objects to this Request on the grounds that it assumes facts unsupported by the record, namely that the TCC has knowledge of "the estimated dollar-value of all or any portion of Talc Claims asserted by government units or third-party payors."  The TCC reiterates General Objection No. 4.  The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine.  The TCC also reiterates General Objection No. 9.  The TCC does not have possession, custody or control of any documents maintained by any law firm that serves as plaintiff's counsel for any member of the TCC.  That is particularly true with respect to representations and activities of those law firms in capacities other than their representation of members of the TCC as members of the TCC.  The TCC further objects to this Request on the ground that responsive information may more readily be obtained from other parties or third parties.  Subject to the foregoing general and specific objections, the TCC states that it has no non-privileged documents in its possession, custody or control responsive to this Request.

**Request No. 13**

     All Documents and Communications that support, undermine, or otherwise concern the TCC's contentions that "[g]iven the scope of talc claims that J&J wants channeled to resolve 'all talc claims for all time,' it is possible, if not likely, that only a small percentage of the $8.9 billion

will be available to pay individuals holding current talc claims, both ovarian and mesothelioma," Ad Hoc Comm. Info. Br. ¶ 63, and that "[i]f the amounts asserted by governmental claims are allowed, such claims will substantially dilute the funds available to pay individual claimants." TCC PI Obj. at 22.

### Response to Request No. 13

The TCC incorporates its General Objections as if set forth fully herein.  In particular, the TCC reiterates General Objection No. 4.  The request for "[a]ll Documents and Communications that support, undermine, or otherwise concern" statements made by counsel in legal documents filed with the court seeks documents protected by the attorney-client privilege and work product doctrine.  Subject to the foregoing general and specific objections, the TCC refers to the following documents as the only non-privileged documents in its possession, custody or control responsive to this Request which, as either publicly-available documents or documents in the Debtor's possession, are equally available to the Debtor: *Motion of the Ad Hoc Committee of States Holding Consumer Protection Claims to Dismiss Chapter 11 Case* [Dkt. No. 350] at 18 ("$400 million is woefully inadequate to satisfy governmental entities' talc-related claims."); Term Sheet Exhibit A; OnderLaw Mass Email Communication *What You Should Know About the $8.9B Talc Resolution* ("There are currently an estimated 70,000 talc claims.  However, there is not an accurate 'average settlement.'  Many of these claimants have gynecologic cancers that are not as convincingly proven by science to be related to talc; as such they will receive lesser compensation."), attached as Ex. A to *Objection of the Official Committee of Talc Claimants to Debtor's Motion for an Order (I) Scheduling Hearing on Approval of Disclosure Statement; (II) Establishing Disclosure Statement Objection Deadline; and (III) Granting Related Relief* [Dkt No. 413].

**Request No. 14**

All Documents and Communications that support, undermine, or otherwise concern the TCC's contention that the Proposed $8.9 Billion Settlement will "prove[] inadequate to pay present and future tort claims in full …." Ad Hoc Comm. Info. Br. ¶ 72.

**Response to Request No. 14**

The TCC incorporates its General Objections as if set forth fully herein. In particular, the TCC reiterates General Objection No. 4. The request for "[a]ll Documents and Communications that support, undermine, or otherwise concern" statements made by counsel in legal documents filed with the court seeks documents protected by the attorney-client privilege and work product doctrine. Subject to the foregoing general and specific objections, the TCC refers to the following documents as the only non-privileged documents in its possession, custody or control responsive to this Request which, as either publicly-available documents or documents in the Debtor's possession, are equally available to the Debtor: *Motion of the Ad Hoc Committee of States Holding Consumer Protection Claims to Dismiss Chapter 11 Case* [Dkt. No. 350] at 18 ("$400 million is woefully inadequate to satisfy governmental entities' talc-related claims."); Term Sheet Exhibit A; OnderLaw Mass Email Communication *What You Should Know About the $8.9B Talc Resolution* ("There are currently an estimated 70,000 talc claims. However, there is not an accurate 'average settlement.' Many of these claimants have gynecologic cancers that are not as convincingly proven by science to be related to talc; as such they will receive lesser compensation."), attached as Ex. A to *Objection of the Official Committee of Talc Claimants to Debtor's Motion for an Order (I) Scheduling Hearing on Approval of Disclosure Statement; (II) Establishing Disclosure Statement Objection Deadline; and (III) Granting Related Relief* [Dkt No. 413].

**Request No. 15**

All Documents and Communications that support, undermine, or otherwise concern the TCC's contention that "more than 100 law firms representing [over 40,000] ovarian cancer and mesothelioma claimants oppose J&J's proposal as currently described." TCC Mot. Dismiss, at 21; Ad Hoc Comm. Info. Br. ¶ 27; TCC PI Obj. at 10, 20, 31.

**Response to Request No. 15**

The TCC incorporates its General Objections as if set forth fully herein.  In particular, the TCC reiterates General Objection No. 4.  The request for "[a]ll Documents and Communications that support, undermine, or otherwise concern" statements made by counsel in legal documents filed with the court seeks documents protected by the attorney-client privilege and work product doctrine.  The TCC further objects to this Request to the extent it seeks mediation-related information that is protected from disclosure.  Subject to the foregoing general and specific objections, the TCC states that it is willing to meet and confer on this Request.

**Request No. 16**

All Documents and Communications that support, undermine, or otherwise concern the TCC's contention that the Plan Support Agreements were "fraudulently and collusively constructed." Ad Hoc. Comm. Info. Br. ¶ 18.

**Response to Request No. 16**

The TCC incorporates its General Objections as if set forth fully herein.  In particular, the TCC reiterates General Objection No. 4.  The request for "[a]ll Documents and Communications that support, undermine, or otherwise concern" statements made by counsel in legal documents filed with the court seeks documents protected by the attorney-client privilege and work product doctrine.  Subject to the foregoing general and specific objections, the TCC refers to the following

documents as the only non-privileged documents in its possession, custody or control responsive

to this Request which, as either publicly-available documents or documents in the Debtor's

possession, are equally available to the Debtor:  LTL 1.0 Funding Agreement, attached as Annex

2 to *Declaration of John K. Kim in Support of First Day Pleadings* [Case No. 21-30589, Dkt. No.

5]; Feb. 18, 2022 Hearing Tr. at 60:16-20, 61:5-20 (Mr. Gordon explained that "there's literally

no conditions or any material conditions on the permitted uses under this document," and he

expressly included "funds available to pay settlements, to pay judgments in the tort system. So it

makes it very clear this is what we're talking about if there's no proceeding in bankruptcy. Whether

there was no case filed or whether the case is filed or dismissed, the money's available for that

purpose…. So this is there to protect the claimants. It's there to assure this isn't treated or consider

a fraudulent conveyance. The idea was and the intent was the claimants are covered either way in

bankruptcy or outside."; Sept. 19, 2022 Third Circuit Oral Arg. Tr. at 83:21-25 ("Mr. Katyal: Now

you had asked before, Your Honor, I just have to slightly correct something. I understand that the

funding agreement does have provisions for funding outside of bankruptcy. The Court: Yeah,

that's what I thought."); LTL 2.0 *Chapter 11 Voluntary Petition* [Dkt. No. 1]; *Debtor's Statement

Regarding Refiling of Chapter 11 Case* [Dkt. No. 3]; *Declaration of John K. Kim in Support of

First Day Pleadings* [Dkt. No. 4], including the Plan Support Agreement attached as Annex C

thereto.

**Request No. 17**

All Documents and Communications that support, undermine, or otherwise concern the

TCC's contention that "Mr. Murdica sought to stack the voting deck by expanding the definition

of ovarian cancer to include non-ovarian 'gynecological cancers,' resulting in potential inclusion

of thousands of claims that could never be proven." TCC Mot. to Dismiss at 19.

**Response to Request No. 17**

The TCC incorporates its General Objections as if set forth fully herein. In particular, the TCC reiterates General Objection No. 4. The request for "[a]ll Documents and Communications that support, undermine, or otherwise concern" statements made by counsel in legal documents filed with the court seeks documents protected by the attorney-client privilege and work product doctrine. Subject to the foregoing general and specific objections, the TCC refers to the following publicly-available documents as the only non-privileged documents in its possession, custody or control responsive to this Request which, as publicly-available documents, are equally available to the Debtor: OnderLaw Mass Email Communication *What You Should Know About the $8.9B Talc Resolution* ("There are currently an estimated 70,000 talc claims. However, there is not an accurate 'average settlement.' Many of these claimants have gynecologic cancers that are not as convincingly proven by science to be related to talc; as such they will receive lesser compensation."), attached as Ex. A to *Objection of the Official Committee of Talc Claimants to Debtor's Motion for an Order (I) Scheduling Hearing on Approval of Disclosure Statement; (II) Establishing Disclosure Statement Objection Deadline; and (III) Granting Related Relief* [Dkt No. 413]; Term Sheet Exhibit A; April 16, 2023 Murdica Dep. Tr. at, *e.g.*, 50:23-53:10; 54:14-18; 122:1-10; 141:16-142:15; April 17, 2003 Watts Dep. Tr. at, *e.g.*, 26:18-27:24; April 15, 2023 Pulaski Dep. Tr. at, *e.g.*, 90:18-92:4; 108:19:109-1; *In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Litigation*, 509 F. Supp. 3d 116, 181 (D.N.J. Apr. 27, 2020) ("The testimony of Plaintiffs' experts demonstrates that their opinions rest on good grounds and considered scientific evidence to conclude that the association is specific to ovarian

cancer. The experts do not opine as to any link between talc use and any other genital cancer. Their findings are limited to epithelial ovarian cancer.").

**Request No. 18**

All Documents and Communications that support, undermine, or otherwise concern the TCC's contention that there is a common-interest protection for communications between the TCC and the United States Trustee.

### Response to Request No. 18

The TCC incorporates its General Objections as if set forth fully herein. The TCC objects to this Request on the grounds that it misstates the TCC's contentions. The TCC further objects to this Request on the grounds that any contention that there is a common-interest protection for communications between the TCC and the United States Trustee is a legal conclusion, and the request for "[a]ll Documents and Communications that support, undermine, or otherwise concern" a legal conclusion is vague and ambiguous. The TCC objects to this Request on the grounds that the request for "[a]ll Documents and Communications that support, undermine, or otherwise concern the TCC's contention that there is a common-interest protection for communications between the TCC and the United States Trustee" seeks documents that are not "relevant to any party's claim or defense and proportional to the needs of the [motion to dismiss proceeding], considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

**Request No. 19**

All Documents and Communications concerning any litigation funding or financing arrangement relating to the Talc Claims.

**Response to Request No. 19**

The TCC incorporates its General Objections as if set forth fully herein.  In particular, the TCC reiterates General Objection No. 4.  The Request seeks documents that, if they exist, are protected by the attorney-client privilege and work product doctrine.  The TCC also reiterates General Objection No. 9.  The TCC does not have possession, custody or control of any documents maintained by any law firm that serves as plaintiff's counsel for any member of the TCC.  That is particularly true with respect to representations and activities of those law firms in capacities other than their representation of members of the TCC as members of the TCC.  Subject to the foregoing general and specific objections, the TCC states that it has no funding or financing relationship and thus has no documents responsive to this Request.

**Request No. 20**

All Documents or Communications considered in preparing the TCC's responses to the Debtor's First Set of Interrogatories to the Official Committee of Talc Claimants, served contemporaneously herewith.

**Response to Request No. 20**

The TCC incorporates its General Objections as if set forth fully herein.  In particular, the TCC reiterates General Objection No. 4.  A request for "[a]ll Documents or Communications considered" by the TCC in responding to interrogatories seeks documents protected by the attorney-client privilege and work product doctrine.  Subject to the foregoing general and specific objections, the TCC will produce non-privileged documents in its possession, custody or control

that it relied on responding to the Debtor's First Set of Interrogatories to the Official Committee

of Talc Claimants.

Dated:  May 15, 2023

Respectfully submitted,

**GENOVA BURNS, LLC**


By:___*Daniel M. Stolz*_____
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 533-0777
Facsimile: (973) 467-8126
Email: dstolz@genovaburns.com
Email: dclarke@genovaburns.com

*Proposed Local Counsel to the Official Committee
of Talc Claimants*