**EXHIBIT E**

# JONES DAY

51 LOUISANA AVE, N.W.  •  WASHINGTON, DC  200001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: (202) 879-5562
dstorborg@jonesday.com

May 22, 2023

GENOVA BURNS LLC
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Gregory S. Kinoian, Esq.
dstolz@genovaburns.com
dclarke@genovaburns.com
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Tel: (973) 467-2700

BROWN RUDNICK LLP
David J. Molton, Esq.
Michael S. Winograd, Esq.
dmolton@brownrudnick.com
mwinograd@brownrudnick.com
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
*Proposed Counsel to the Official Committee
of Talc Claimants*

Re:     *In re LTL Management LLC*, Case No. 23-12825 (MBK) – Deficiencies in The Official Committee of Talc Claimants' Objections and Responses to Debtor's First Set of Interrogatories and Requests for Production

Dear Counsel:

    On behalf of the Debtor, LTL Management, LLC, I am writing in regards to the various deficiencies in The Official Committee of Talc Claimants' *Responses and Objections to The Debtor's First Set of Interrogatories to The Official Committee of Talc Claimants* and response to *The Debtor's First Set of Requests for Production*.  The TCC's responses include numerous objections that cannot support withholding information relevant to the Debtor's discovery requests.  We request to meet-and-confer with you no later than Tuesday, May 23, 2023, to determine whether the parties may resolve these concerns absent motions practice.

JONES DAY

May 22, 2023
Page 2

Interrogatories

The TCC's responses fail to provide discoverable information that is directly relevant to the TCC's motion to dismiss.  The Court's April 27, 2023 order confirms (1) that the Court's determination of good faith compels "extensive fact-finding" and (2) that due process entitles Debtor "with notice of the issue and an opportunity to address it." *In re LTL Management, LLC*, No. 23-12825 (MBK), 2023 WL 3136666, at *9 (Bankr. D.N.J. April 27, 2023).  The Debtor's discovery requests seek information about, among other things, the values of claims, estimates of liability, whether parties communicated about certain amounts, information about demands made, and the like—all relevant to the Debtor's financial distress and the Court's determination of good faith.  Much less than offering "extensive fact-finding," the TCC declined to provide meaningful responses to nearly all of the interrogatories.  The responses are deficient and require supplementation.

*Interrogatories No. 2-4.*  Interrogatories No. 2-4 request the TCC to "[i]dentify any estimates the TCC has developed, shared, or discussed concerning …"

- "the dollar-value of the aggregate liability attributable to all or any subset of the Talc Claims." [Interrogatory No. 2]

- "the dollar amount required to defend all or any subset of the Talc Claims in the tort system."  [Interrogatory No. 3]

- "the dollar amount required to resolve all or any subset of the Talc claims in the tort system."  [Interrogatory No. 4]

Your response to Interrogatories No. 2-4 object on general privilege grounds stating "any 'estimates' . . . that the TCC may have 'developed, shared or discussed' necessarily would arise solely in the context of attorney-client privileged and/or attorney work product-protected analysis" and answer that the TCC "has not developed, shared or discussed any nonprivileged estimate …."  Responses to Interrogatories at 5.  The response includes no indication whether any privileged document exists or whether any privileged communication occurred.  The generalized description of the asserted privileges states no basis for the privilege.

Local Bankruptcy Rule 7026-1 requires a party asserting a claim of privilege to both identify the specific nature of the privilege and "indicate whether with respect to the privilege (i) any document exists, or (ii) any oral communication occurred." D.N.J. LBR 7026-1.  We ask that the TCC provide the basis for any applicable privilege and indicate whether any responsive document exists or oral communication occurred.  If applicable, identify the dates of any responsive communications and the parties involved.

JONES DAY

May 22, 2023
Page 3

*Interrogatory No. 5.*  Interrogatory No. 5 requests the TCC to identify the basis for its contention that "billions of dollars of claims asserted by third-party payors and government units, and likely billions of dollars for claims for indemnification and other damages asserted by talc suppliers such as bankruptcy Imerys and Cyprus companies, distributors, and hundreds of retailers."  The TCC's response fails to respond to the contention with respect to "government units."  *See* Responses to Interrogatories at 7–9.  We ask that the TCC amend its response to provide its bases for the stated contention with respect to "government units."

*Interrogatory No. 6.*  Interrogatory No. 6 seeks "estimates the TCC has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by government units, including support for the TCC's statement that 'claims by governmental units against J&J alleging false advertising, unfair competition, and deceptive trade practices … could be massive.'"

Your response states that "any 'estimates . . . concerning the dollar-value attributable to Talc Claims asserted by government units' that the TCC may have 'developed, shared or discussed' necessarily would arise solely in the context of attorney-client privileged and/or attorney work product-protected analysis."  Responses to Interrogatories at 9.  The generalized description of the asserted privileges states no basis for the privilege and does not comply with Local Bankruptcy Rule 7026-1.  We request the TCC amend its response to state the basis for the privilege, whether any responsive document exists or oral communication occurred, and if applicable, identify the dates of any responsive communications and the parties involved.

*Interrogatory No. 7.*  Interrogatory No. 7 seeks information relating "any estimates the TCC has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by third-party payors."

Your response references the TCC's response to Interrogatory No. 5, which seeks the "basis for the TCC's contention that a trust established in the LTL bankruptcy would have to cover 'billions of dollars of claims asserted by third-party payors…,'" but Interrogatory No. 7 is a different request.  Interrogatory No. 7 seeks "*estimates* … concerning the dollar-value attributable to Talc Claims asserted by third-party payors."  (emphasis added).

Your response also states that "any 'estimates . . . concerning the dollar-value attributable to Talc Claims asserted by third-party payors' that the TCC may have 'developed, shared or discussed' necessarily would arise solely in the context of attorney-client privileged and/or attorney work product-protected analysis."  Responses to Interrogatories at 10.  These generalized privilege assertions do not state a basis for privilege and do not comply with Local Bankruptcy Rule 7026-1.

JONES DAY

May 22, 2023
Page 4

      We request the TCC amend its response to answer with respect to identification of any estimates, state the basis for the privilege, whether any responsive document exists or oral communication occurred, and if applicable, identify the dates of any responsive communications and the parties involved.

      *Interrogatory No. 8.* Interrogatory No. 8 seeks information to support the TCC's contention, that "only a small percentage of the $8.9 billion will be available to pay individuals holding current talc claims," Ad Hoc Comm. Info. Br. ¶ 63 and that "[i]f the amounts asserted by governmental claims are allowed, such claims will substantially dilute the funds available to pay individual claimants." TCC PI Obj. at 22. The TCC's response includes an objection that the full basis for its contention is privileged ("TCC objects to this Interrogatory on the grounds that it seeks privileged information protected from disclosure insofar as the full bases for contentions set out in legal pleadings filed by the TCC reflect the mental impressions and attorney work product of, and attorney-client communications provided to, its counsel."). Response to Interrogatories at 11. On what legal basis does the TCC assert privilege covers "the full bases for contentions set out in legal pleadings"?

      The TCC's response includes no indication whether any privileged document exists or whether any privileged communication occurred.

      The TCC's response also directs its response to Interrogatory No. 5, which does not address government units and does not respond to the request. We ask that the TCC amend its response to comply with Local Bankruptcy Rule 7026—providing the basis for any applicable privilege, indicating whether any responsive document exists or oral communication occurred, and if appliable, identify the dates of any responsive communications and the parties involved. We also request the TCC respond to the Interrogatory with respect to "government units."

      *Interrogatory No. 10.* Interrogatory No. 10 relates to TCC's basis to support its contention that amendments to the financing arrangements between LTL, J&J, and New JJCI/Holdco constituted a "clear breach of the LTL's directors' fiduciary duties."

      The TCC's response includes the objection that the full basis for its contention is privileged ("it seeks privileged information protected from disclosure insofar as the full bases for contentions set out in legal pleadings filed by the TCC reflect the mental impressions and attorney work product of, and attorney-client communications provided to, its counsel."). Response to Interrogatories at 12. On what legal basis does the TCC assert privilege covers "the full bases for contentions set out in legal pleadings"?

      The TCC's response does not explain the basis for TCC's contention that LTL's directors breached a fiduciary duty. TCC's response states "during the two hours between the dismissal of

**JONES DAY**

May 22, 2023
Page 5

LTL 1.0 and commencement of LTL 2.0 constituted a 'clear breach of the LTL's directors' fiduciary duties.'"  Responses to Interrogatories at 12.  Who does the TCC contend LTL director's owed a fiduciary duty to "during the two hours between the dismissal of LTL 1.0 and commencement of LTL 2.0"?  What duty does the TCC contends was breached by LTL's directors "during the two hours between the dismissal of LTL 1.0 and commencement of LTL 2.0"?

*Interrogatory No. 12.*  Interrogatory No. 12 relates to TCC's basis to support its contention that "the Plan Support Agreements were 'fraudulently and collusively constructed.'"  The TCC's response includes a generalized assertion that the full basis for its contention is privileged ("it seeks privileged information protected from disclosure insofar as the full bases for contentions set out in legal pleadings filed by the TCC reflect the mental impressions and attorney work product of, and attorney-client communications provided to, its counsel.").  Responses to Interrogatories at 13–14.  On what legal basis does the TCC assert privilege covers "the full bases for contentions set out in legal pleadings"?

On what legal basis does the TCC claim privilege over the alleged facts for which the TCC basing its contention that the Plan Support Agreements were "fraudulently and collusively constructed"?  The TCC has failed to provide any factual basis in response to Interrogatory No. 12.  We request the TCC to amend its answer to provide the factual basis for which it contends the Plan Support Agreements were "fraudulently and collusively constructed."

*Interrogatory No. 13.*  Interrogatory No. 13 seeks information relating to estimates of the number of Talc Claims held by counsel who have signed Plan Support Agreements that "could never be proven" under the MDL Daubert Decision.  You state that the TCC "has not developed, shared or discussed any nonprivileged estimate concerning the number of Talc Claims held by counsel who have signed Plan Support Agreements that 'could never be proven' under the MDL *Daubert* Decision," and that the "TCC may have 'developed, shared or discussed' necessarily would arise solely in the context of attorney-client privileged and/or attorney work product-protected analysis."  Reponses to Interrogatories at 14–15.  The response includes no indication whether any privileged document exists or whether any privileged communication occurred.  The generalized description of the asserted privileges states no basis for the privilege.

Local Bankruptcy Rule 7026-1 requires a party asserting a claim of privilege to both identify the specific nature of the privilege and "indicate whether with respect to the privilege (i) any document exists, or (ii) any oral communication occurred."  D.N.J. LBR 7026-1.  We ask that the TCC provide the basis for any applicable privilege and indicate whether any responsive documents exist or oral communication occurred.  If applicable, identify the dates of any responsive communications and the parties involved.

May 22, 2023
Page 6

*Interrogatory No. 14.* Interrogatory No. 14 states "Provide the TCC's definition of 'ovarian cancer.'" We followed the requested with "*[s]ee*" citations to the record where we noted the TCC's use. Your response to Interrogatory No. 14 provides commentary on the citations to the record, but fails to answer the request. We request the TCC amend its response to and "[p]rovide the TCC's definition of 'ovarian cancer.'"

*Interrogatory No. 17.* Interrogatory No. 17 seeks information about TCC's efforts to collect lists of unfiled claimants with Talc Claims represented by counsel. You raise a blanket objection stating that "any 'efforts made by the TCC to collect lists of unfiled claimants with Talc Claims represented by counsel' necessarily would arise solely in the context of attorney-client privileged and/or attorney work product-protected analysis" and respond that "the TCC states that it has not made any nonprivileged efforts to collect lists of unfiled claimants with Talc Claims represented by counsel." Responses to Interrogatories at 17. The response includes no indication whether any privileged document exists or whether any privileged communication occurred. The generalized description of the asserted privileges states no basis for the privilege.

Local Bankruptcy Rule 7026-1 requires a party asserting a claim of privilege to both identify the specific nature of the privilege and "indicate whether with respect to the privilege (i) any document exists, or (ii) any oral communication occurred." D.N.J. LBR 7026-1. We ask that the TCC provide the basis for any applicable privilege and indicate whether any responsive document exists or oral communication occurred. If applicable, identify the dates of any responsive communications and the parties involved.

*Interrogatory No. 18.* Interrogatory No. 18 requests "a list of all unfiled claimants represented by lawyers representing members of the TCC."

In your response, you object stating "that the TCC does not have possession, custody or control of information within the knowledge of any law firm that represents an individual member of the TCC" and respond that "the TCC states that it does not know the identities, and is not capable of providing a list of, all unfiled claimants represented by lawyers representing members of the TCC." Responses to Interrogatories at 18. Is it the TCC's position that it cannot represent and coordinate with committee members such that it could reach out to respond to the Debtor's interrogatory?

*Interrogatories No. 19-23.* Interrogatories No. 19-23 request the TCC to "[i]dentify all *efforts* made by the TCC to…" (emphasis added)

- "collect engagement letters pertinent to any Talc Claim, filed or unfiled, from claimants or lawyers representing claimants." [Interrogatory No. 19]

**JONES DAY**

May 22, 2023
Page 7

- "collect pathology reports pertinent to any Talc Claim, filed or unfiled, from claimants or lawyers representing claimants."  [Interrogatory No. 20]

- "collect talc exposure/usage information pertinent to any Talc Claim, filed or unfiled, from claimants or lawyers representing claimants."  [Interrogatory No. 21]

- "statute of limitations pertinent to any Talc Claim, filed or unfiled, from claimants or lawyers representing claimants."  [Interrogatory No. 22]

- "de-duplicate filed and unfiled Talc Claims."  [Interrogatory No. 22]

The TCC objected to each Interrogatory Nos. 19-23 stating that "any 'efforts made by the TCC to …' necessarily would arise solely in the context of attorney-client privileged and/or attorney work product-protected analysis" and answered "that it has not made any nonprivileged efforts …."  *See, e.g.*, Response to Interrogatories at 18.  Interrogatories No. 19-23 do not seek the contents of communications made or seek to reveal the information provided or received, but rather to identify the efforts made.  These efforts, if they exist, should be able to be identified without revealing privileged information.

Additionally, the responses to Interrogatories No. 19-23 do not state the basis for the privilege or comply with Local Bankruptcy Rule 7026-1—do not indicate whether any privileged document exists and do not indicate whether any privileged communication occurred.

We ask the TCC revisit its answers to Interrogatories No. 19-23 to identify the TCC's efforts without revealing privilege, provide the basis for any applicable privilege, indicate whether any responsive documents exist or oral communication occurred, and if applicable, identify the dates of any responsive communications and the parties involved

Requests for Production

*First*, in response to many of the Debtor's Requests for Production, the TCC objects as "not hav[ing] possession, custody or control of any documents maintained by any law firm that serves as plaintiff's counsel for any member of the TCC… particularly true with respect to representations and activities of those law firms in capacities other than their representation of members of the TCC as members of the TCC."  *See* Responses to Requests 1–9, 11, 12, 19.  Is it the TCC's position that it has no ability to seek documents from any of the committee member states with which it is representing?  What is the basis for that position?

May 22, 2023
Page 8

*Second*, in response to many of the requests, the TCC states a number of privileges and protections and indicates that it "that it has no non-privileged documents in its possession, custody or control responsive to this Request." *See, e.g.*, Responses to Requests 1–9, 11, 12. Consistent with Local Bankruptcy Rule 7026-1, as to each of these requests, please state the specific privilege being relied upon and indicate whether any responsive documents or communications exist.

*Fourth*, the TCC objects to a number of requests stating that the request is unduly burdensome as the information is "more readily available to the Debtor." *See e*.g., Responses to Requests 1, 3, 5, 11. What is the basis for this position? In particular when it comes to requests seeking documents to support the TCC's contention, *see, e.g.,* Responses to Request 11, what is the basis for TCC's objection?

*Finally*, please identify the methodology that the TCC took to search for responsive documents. This information includes the custodians whose files were searched, the search terms employed, and any time restrictions imposed.

As noted, we would like to meet-and-confer not later than Tuesday, May 23, 2023, to address the above issues. Please provide dates and times when you are available. We reserve the right to compel the TCC to supplement their responses to any interrogatory and request for production if the TCC learns additional information during the discovery process that impacts any response.

          Sincerely,

          /s/ David S. Torborg

          David S. Torborg

cc:    Gregory M. Gordon
        James M. Jones
        David S. Torborg
        Brad B. Erens
        Dan B. Prieto
        Mark W. Rasmussen

JONES DAY

May 22, 2023
Page 9

bcc:    Katie L. Wall
        Timothy M. Villari
        Geoffrey N. Gottbrecht
        Christa L. Smith