UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

PAUL HASTINGS LLP
Kristopher M. Hansen (*admitted pro hac vice*)
200 Park Avenue
New York, New York 10166
(212) 318-6400

-and-

Matthew M. Murphy (*admitted pro hac vice*)
Matthew Micheli (*admitted pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
(312) 499-6018

COLE SCHOTZ P.C.
Court Plaza North
25 Main Street, P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota (NJ Bar No. 014321986)
Warren A. Usatine (NJ Bar No. 025881985)
Seth Van Aalten *(admitted pro hac vice)*
Justin Alberto *(admitted pro hac vice)*
(201) 489-3000

PARKINS & RUBIO LLP
Lenard M. Parkins (*admitted pro hac vice*)
Charles M. Rubio (*admitted pro hac vice*)
700 Milam, Suite 1300
Houston, Texas 77002
(713) 715-1666

*Counsel to Ad Hoc Committee of Supporting Counsel*

In re:

LTL Management, LLC,[1]

                    Debtor.

Case No. 23-12825 (MBK)

Chapter 11

Judge Michael B. Kaplan

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

## **DECLARATION OF JAMES G. ONDER IN SUPPORT OF OMNIBUS OBJECTION OF THE AD HOC COMMITTEE OF SUPPORTING COUNSEL TO MOTIONS TO DISMISS**

I, James G. Onder, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Managing Partner and Founder of OnderLaw, LLC ("OnderLaw"). OnderLaw is a member of the Ad Hoc Committee of Supporting Counsel (the "AHC of Supporting Counsel") pursuant to the *Verified Statement of Paul Hastings LLP, Cole Schotz P.C. and Parkins & Rubio LLP Pursuant to Bankruptcy Rule 2019* [ECF No. 470] filed in the above-captioned bankruptcy case (the "Chapter 11 Case") of the Debtor.

2. I submit this declaration (the "Declaration") in support of the *Omnibus Objection of the Ad Hoc Committee of Supporting Counsel to Motions to Dismiss*, filed contemporaneously herewith (the "Objection"). The statements in this Declaration are true to the best of my knowledge, information and belief after a reasonable inquiry under the circumstances. Neither OnderLaw nor I am being compensated for this testimony. If I were called upon to testify, I could and would competently testify to the facts and opinions set forth herein. I am authorized to submit this Declaration on behalf of the AHC of Supporting Counsel.

3. I have a Juris Doctor degree from the Saint Louis University School of Law. I am a licensed attorney admitted to practice in the states of Missouri and Illinois. Since 1988, I have been in private practice representing clients in complex litigation and mass tort cases across the United States.

4. The AHC of Supporting Counsel is comprised of law firms representing more than 58,000 talc victims in the Chapter 11 Case, thousands of whom commenced lawsuits against the

predecessor of the Debtor and its affiliates, including Johnson & Johnson, prior to the commencement of the 2021 Chapter 11 Case.[2]

5. To date, I am counsel to approximately 21,411 talc claimants with claims against the Debtor arising out of their use of Johnson & Johnson talc products.

6. The AHC of Supporting Counsel's collective client base is currently comprised of tens of thousands of women suffering from epithelial ovarian cancer and other gynecologic cancers, as well people suffering from mesothelioma, all as a result of alleged exposure to and use of Johnson & Johnson talc products.

7. I have decades of experience in mass tort litigation, and significant experience in talc litigation specifically. My law firm filed the second talc case ever commenced in the United States. My law firm has been involved in multiple trials as counsel or co-counsel to talc claimants.

8. Along with Mr. Majed Nachawati, I was also involved in the 2021 Chapter 11 Case as member representative of the Official Committee of Talc Claimants, and the member I represented supported the dismissal of the 2021 Chapter 11 Case under the then existing circumstances.

9. I supported the dismissal of that case in substantial part due to the fact that there was never an acceptable proposal from the Debtor that would adequately and equitably compensate all current and future talc claimants.

10. Rather than returning to protracted litigation in the tort system, I believe a better resolution can be reached through agreement, and settlement through the bankruptcy process.

11. After the decision by the Third Circuit Court of Appeals mandating dismissal of the 2021 Chapter 11 Case, and in furtherance of my clients' interests, I and certain members of the

---

[2] Capitalized terms not defined herein have the meanings given to such terms in the Objection.

AHC of Supporting Counsel conferred with the Debtor and other constituents to assess whether it would be possible to reach a fair and equitable resolution of my clients' and/or *all* current and future talc claims against Johnson & Johnson and its affiliates.

12. An agreement on certain material terms was reached. I and the other members of the AHC of Supporting Counsel each signed a Plan Support Agreement ("PSA") with the Debtor and Johnson & Johnson that includes material terms for a chapter 11 plan through which all claimants would be fairly and equitably compensated for their talc-related claims.

13. Pursuant to the PSA, the parties agreed to work together to finalize the terms of a chapter 11 plan and to seek confirmation of such chapter 11 plan.

14. While the parties continue to work to resolve certain outstanding issues, the Proposed Plan includes many of the terms agreed to in the PSA and reflects the parties' substantial progress towards a consensual resolution.

15. When appropriate to do so under the circumstances and with proper Bankruptcy Court authority, all conditioned upon reaching final definitive agreement on the Proposed Plan regarding certain plan terms with the Debtor, which additional terms will be incorporated into the Proposed Plan, I intend to confer with my clients and recommend that they vote in favor of the Proposed Plan.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 26, 2023

/s/ James G. Onder