**EXHIBIT 6**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel for the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Special Counsel for the Official Committee of Talc Claimants* |
| In re:<br><br>**LTL MANAGEMENT LLC**,[1]<br><br>                    Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**RESPONSES AND OBJECTIONS
TO THE DEBTOR'S FIRST SET OF INTERROGATORIES
TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable herein by Rules 7026, 7033, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Official Committee of Talc Claimants ("TCC") hereby responds and objects (the "Responses and Objections") to Debtor's First Set of Interrogatories to the Official Committee of Talc Claimants (the "Interrogatories"), dated May 6, 2023, as follows:

**GENERAL OBJECTIONS**

The TCC incorporates into its specific Responses the following general and continuing objections (the "General Objections") as if they were set forth in full in specific response to each interrogatory (each an "Interrogatory"). Although the General Objections may be specifically referred to in a Response, failure to mention a General Objection specifically should not be construed as a waiver of any such objection. Moreover, the assertion of the same, similar, or additional objections in response to an Interrogatory does not waive any of the General Objections set forth below.

1. The TCC objects to the Interrogatories as unduly burdensome and beyond the scope of discovery permitted under Civil Rule 26(b)(1).

2. The TCC objects to the Interrogatories to the extent that they seek to impose obligations on the TCC that are inconsistent with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, or other applicable law or rule.

3. The TCC objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, work product doctrine, joint defense or common interest doctrine, mediation privilege, or other applicable privilege or protection.

4.      The TCC's discovery efforts are ongoing, and the TCC reserves its right to amend or supplement these Responses and Objections as additional discovery and information becomes available, or in the event of error, inadvertent mistake, or omission.

5.      By making these responses and objections to the Interrogatories, the TCC does not waive, but hereby expressly reserves, its right to assert any and all objections as to the admissibility of such response into evidence in this action, or in any proceedings, on any and all grounds including but not limited to competency, relevancy, materiality, and privilege.  The TCC makes these Responses and Objections to the Interrogatories without in any way implying that it considers the Interrogatories to be relevant or material to this action.

6.      The TCC objects to the Interrogatories to the extent they seek information already in the Debtor's possession, custody, or control.

7.      The TCC objects to the Interrogatories to the extent they seek information more easily obtained from other parties or third parties.

8.      The TCC makes these Responses and Objections to the Interrogatories based on its present knowledge and without prejudice to its rights to produce or object to evidence of any kind and to amend or supplement its Responses and Objections as necessary at a later date.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      The TCC objects to the definition of "TCC" on the grounds that it is overbroad and unduly burdensome and purports to require the TCC to produce information not within the TCC's possession, custody, or control.

2.      The TCC objects to the Instructions on the grounds and to the extent they are overbroad, unduly burdensome, and seek to impose obligations on the TCC that are inconsistent

with or greater than the obligations imposed by the Civil Rules, the Bankruptcy Rules, the Local Rules, or any other applicable agreement or rule.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 1**

If the TCC contends that the amounts proposed in the Proposed $8.9 Billion Settlement to resolve either the mesothelioma Talc Claims or the ovarian cancer Talc Claims are inadequate to provide fair compensation, identify the amount of trust funding that would be adequate to provide fair compensation for the mesothelioma Talc Claims, as well as the amount of trust funding that would be adequate to provide fair compensation for the ovarian cancer Talc Claims.

**Response to Interrogatory No. 1**

The TCC incorporates its General Objections as if set forth fully herein.  The TCC further objects to this Interrogatory on the grounds that it seeks privileged information protected from disclosure insofar as, at this early stage in the bankruptcy case, any "amount of trust funding" that the TCC may have determined "would be adequate to provide fair compensation" to talc claimants necessarily would arise solely in the context of attorney-client privileged and/or attorney work product-protected analysis.  Additionally, because this chapter 11 case was not filed in good faith, a plan cannot be confirmed and, thus, the premise of the interrogatory that a bankruptcy trust will be the vehicle through which talc claimants are compensated is incorrect; the TCC objects to this Interrogatory on that basis, as well.  The TCC also objects to this Interrogatory on the grounds that it is premature, insofar as the TCC was appointed only a month ago and continues to develop its contentions based on information discovered through the bankruptcy process and the ongoing analyses of its professionals and experts.  Subject to the foregoing general and specific objections, the TCC states that the amount(s) that will fairly compensate talc claimants are appropriately

determined only outside this bankruptcy through the jury system and/or use of well-known tools available through the court system for consensual resolution of mass tort claims. ==Even if a bankruptcy trust in this case could be used to compensate talc claimants (and it cannot), the TCC states that "the amount of trust funding that would be adequate to provide fair compensation" to talc claimants is the combination of the 2023 Funding Agreement plus the value of the 2021 Funding Agreement that was fraudulently transferred prior to the commencement of this chapter 11 case, *i.e.*, the total value previously available under the 2021 Funding Agreement.==

**Interrogatory No. 2**

Identify any estimates the TCC has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to all or any subset of the Talc Claims.

**Response to Interrogatory No. 2**

The TCC incorporates its General Objections as if set forth fully herein. The TCC further objects to this Interrogatory on the grounds that it seeks privileged information protected from disclosure insofar as, at this early stage in the bankruptcy case, any "estimates . . . concerning the dollar-value of the aggregate liability attributable" to Talc Claims that the TCC may have "developed, shared or discussed" necessarily would arise solely in the context of attorney-client privileged and/or attorney work product-protected analysis. The TCC also objects to this Interrogatory on the grounds that it is premature, insofar as the TCC was appointed only a month ago and continues to develop its contentions based on information discovered through the bankruptcy process and the ongoing analyses of its professionals and experts. Subject to the foregoing general and specific objections, the TCC states that it has not developed, shared or discussed any nonprivileged estimate concerning the dollar-value of the aggregate liability attributable to all or any subset of the Talc Claims.