| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920trustee<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel for the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Special Counsel for the Official Committee of Talc Claimants* |
| In re:<br><br>**LTL MANAGEMENT LLC**,[1]<br><br>　　　　　　　Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**TCC'S OPPOSITION TO THE DEBTOR'S MOTION
TO COMPEL CERTAIN DISCLOSURES AND PRODUCE DOCUMENTS**

The Official Committee of Talc Claimants ("TCC") in the above-caption case, by and through its proposed counsel, respectfully submits this opposition to the *Debtors' Motion to Compel the Official Committee of Talc Claimants to Supplement Certain of Its Responses to Interrogatories and Requests for Production* (Dkt. 604) (the "Motion"). In support of its Objection, the TCC respectfully states as follows:

1. The Debtor's Motion includes two requests for relief concerning the TCC's responses to the Debtor's interrogatories. Both requests should be denied.

2. *First*, in Section I of the Motion the Debtor requests that the TCC, in response to Interrogatory Nos. 2 and 4, "be compelled to state whether it has developed, shared, or discussed any talc liability estimates." Mot. § I. Those interrogatories request that the TCC "[i]dentify any estimates the TCC has developed, shared, or discussed concerning" the aggregate value of talc liabilities." In response, the TCC stated that, "[s]ubject to the foregoing general and specific objections, the TCC states that it has not developed, shared or discussed any nonprivileged estimate concerning" the aggregate value of talc liabilities. No more of a response is required.

3. The Debtor argues that it "is owed an answer to the simple question of whether the TCC even has the estimates [of talc liabilities] the Debtor seeks." Mot. ¶¶ 9-10. But it already has been told that no non-privileged such estimates exist. At bottom, and as discussed repeatedly with counsel during the meet and confer, Section I of the Motion appears to be no more than a request for a privilege log. But the Debtor seems intentionally to avoid asking for one. Perhaps that is because it has not provided any privilege logs of its own (other than the one ordered by the Court for its *in camera* review).

2

4. On the contrary, time and time again, counsel for the Debtor directed witnesses not to answer questions soliciting the exact same type of information at issue here, and not once have ever provided a corresponding privilege log. Perhaps the most on-point examples for this Motion were during the deposition of James Murdica. At that deposition, Ms. Brown simultaneously represented both the witness, who is outside counsel for J&J, and the Debtor. 4/16/23 Murdica Tr. 274:15-17 ("Ms. Brown: I'm here on behalf of the witness and on behalf of the debtor LTL."). During the deposition, Mr. Murdica was asked: "In this case, *did you calculate*, in arriving at an offer that you tell the world is fair and reasonable, the current per-case average for an ovarian cancer claim?" *Id*. 289:8-12 (emphasis added). Ms. Brown objected and instructed him not to answer on privilege grounds, and no answer was provided. *Id*. 289:13-21. In another instance, Mr. Murdica was asked whether "anyone then representing J&J or LTL, the other two parties to the PSAs, *ever compare[d] the list of claimants* attached to one PSA with the list of claimants attached to another PSA." *Id*. 266:17-267:1 (emphasis added). Ms. Brown instructed him not to answer ("Ms. Brown: Objection and instruction"), adding that she was "*instructing him not to reveal what attorneys for J&J or LTL did*." *Id*. 267:2-8 (emphasis added). The information requested in those questions (and others) and withheld based on the Debtor's counsel's privilege instructions is exactly the same type of information LTL now demands of the TCC through Section I of its Motion. LTL's tactics should not be countenanced, and its demand should be denied.

5. *Second*, in section II of the Motion, the Debtor requests that, in response to Interrogatory No. 10, the TCC be ordered "to provide the basis for its contention that the LTL Board breached fiduciary duties." Mot. § II). That Interrogatory requests, in relevant part, that the TCC "[i]Identify the basis for the TCC's contention that amendments to the financing arrangements between LTL, J&J, and New JJCI/Holdco constituted a 'clear breach of the LTL's

3

directors' fiduciary duties,' TCC PI Obj. at 4." To be precise, the single line from the TCC P.I. Objection cited by the Debtor refers to "the attempted stripping of LTL's most significant asset in clear breach of LTL's directors' fiduciary duties." TCC PI Obj. at 4. In response, the TCC, among other things, directed the Debtor to the TCC's Preliminary Injunction Objection and Standing Motion, which provide a detailed explanation of the LTL's stripping of its most valuable asset. No further response is necessary or appropriate.

6. As to the Debtor's further request now for the TCC's legal analysis supporting a legal position set forth in a past legal brief, on its face, that request improperly seeks protected work product. "Rule 26 accords special protection to work product revealing the attorney's mental processes." *Upjohn Co. v. U.S.*, 449 US 383, 400 (1981). The Rule "protect[s] against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation." *Id.*; *see also* Fed. R. Civ. P. 33(a)(2) ("Scope: An interrogatory may relate to any matter that may be inquired into under Rule 26(b).").

7. The Debtor attempts to side-step this bedrock principle by claiming it is just asking about facts underlying that legal position. Mot. ¶ 17. But the TCC has already directed it to filings that contain an explanation of those facts. Moreover, if the disingenuousness of the Debtor's characterization were not clear enough, the sole case the Debtor cites in support of its characterization (Mot. ¶ 17) leaves no room for doubt. It is true that the court in *Barnes v. District of Columbia* granted a motion to compel as to an interrogatory. 270 FRD 21, 24 (D.D.C. 2010). But as the court explained in addressing the interrogatory at issue there, "Plaintiffs' request essentially asks for defendant's contention as to *the accuracy of the [detention and strip search data] spreadsheet*. This is a contention *that relates to a fact*. . . ." *Id*. (emphasis added).

4

Obviously, a request to verify the accuracy of data in a spreadsheet is quite different than one asking for a lawyer's legal analysis supporting a legal position set forth in a past legal brief.

## CONCLUSION

For foregoing reasons, the Motion should be denied.

Dated: May 28, 2023

                                                 Respectfully submitted,

                                                 **GENOVA BURNS, LLC**

                                                 By: *Daniel M. Stolz*
                                                 Daniel M. Stolz, Esq.
                                                 Donald W. Clarke, Esq.
                                                 110 Allen Road, Suite 304
                                                 Basking Ridge, NJ 07920
                                                 Telephone: (973) 533-0777
                                                 Facsimile: (973) 467-8126
                                                 Email: dstolz@genovaburns.com
                                                 Email: dclarke@genovaburns.com

                                               *Proposed Local Counsel to the Official Committee of Talc Claimants*