Genova Burns LLC
110 Allen Rd., Ste. 304
Basking Ridge, NJ 07920
Tel: 973.467.2700  Fax: 973.467.8126
Web: www.genovaburns.com

**Daniel M. Stolz, Esq.**
Partner
Member of the NJ Bar
dstolz@genovaburns.com
Direct: 973-230-2095

May 29, 2023

*Via Email*

Honorable Michael B. Kaplan
Chief, U.S. Bankruptcy Judge
United States Bankruptcy Court
Clarkson S. Fisher US Courthouse
402 East State Street
Trenton, NJ 08608

      **Re:    LTL Management LLC**
             **Case No. 23-12825 (MBK)**
             **Our File No.: 24987.002**

Dear Judge Kaplan:

      We write on behalf of the Official Committee of Talc Claimants (the "TCC") in response to the letter from Debtor dated May 24, 2023, in further support of the TCC's Motion to Compel filed on May 5, 2023 (the "Motion to Compel") [Dkt. 441]. On May 15, both the Debtor and Johnson & Johnson (J&J) filed objections to the Motion to Compel [Dkts. 524, 519]. This Court heard argument at the hearing on May 16, 2023, and instructed the Debtor to submit documents for in camera review, which the Debtor did on May 24. The TCC respectfully submits this letter to apprise the Court of recent developments since the May 24 letter that bear on this issue and further support granting the Motion to Compel.

      On May 26, counsel for the Debtor, Jones Day, produced to the TCC dozens of time records that the TCC repeatedly had requested over an extended period of time. The just-produced time records demonstrate that, contrary Jones Day's representations to the Court, and the Court's own admonitions in connection with Jones Day's retention, Jones Day was advising the parties in connection with a purported dispute concerning the 2021 Funding Agreement (whether it is void or voidable) following the Third Circuit's decision. *In re LTL Mgmt. LLC*, 64 F.4th 84 (3d Cir. 2023).

      Attached as Exhibit 1 hereto is a highlighted copy of the time entries for March 2023 showing the various and many instances in which attorneys from Jones Day were communicating with counsel for J&J concerning the response to the Third Circuit decision and the enforceability

Hon. Michael B. Kaplan
Re: LTL Management, LLC
Case No. 23-12825
May 29, 2023

PAGE 2

of the 2021 Funding Agreement.[1] The earliest entries explicitly concerning the enforceability of the 2021 Funding Agreement do not appear until March 23,[2] consistent with the TCC's statement in the motion to dismiss that "[t]his Court should recognize "void or voidable" for what it is—a post-hoc pretext cooked up by LTL's lawyers as a last-minute excuse to manufacture financial distress and justify the potentially largest fraudulent transfer undertaken in history" [Dkt. 286 at 6-7 (citations and quotations omitted)].

In their objections to the Motion to Compel, LTL and J&J justify withholding communications regarding the termination of the 2021 Funding Agreement on the claimed grounds that they have a common interest as corporate affiliates [Dkt. 524, at 2; Dkt. 519, at 2]. But that is not the issue. Rather, the question is whether LTL—a debtor-in-possession owing fiduciary duties to its creditors—was adverse to J&J *with respect to the enforceability of the 2021 Funding Agreement*. Jones Day admitted as much when the firm's potential conflict in representing both LTL and J&J in connection with the 2021 Funding Agreement was raised by the TCC and U.S. Trustee in opposing Jones Day's retention, and the Jones Day firm expressly disavowed *any* future involvement with any dispute concerning the 2021 Funding Agreement.

On May 8, 2022, this Court heard argument with regard to objections to the retention of Jones Day as counsel for the Debtor in the first LTL case. Among the parties objecting to such retention were the TCC and the Office of the United States Trustee. One of the significant concerns expressed by the TCC was the representation of J&J by Jones Day during the divisive merger and corporate restructuring and with regard to the drafting of the 2021 Funding Agreement. With regard to any potential dispute with regard to the enforceability of the 2021 Funding Agreement, Mr. Gordon represented to the Court and the parties as follows:

> "And you know, the last point, which I'll come back to, it's not our intention, Jones Day intention, to ever be involved if there is a

---

[1]    *See, e.g.*, Gordon 3/10/23, at LTLMGMT-00013623 ("Telephone conference with Prieto regarding potential next steps following Third Circuit decision (.30); telephone conference with White, Haas, Murdica regarding same (.80)"); Prieto 3/13/23, at LTLMGMT-00013626 ("review document sent by Murdica in connection with potential next steps (0.40); telephone conference with Gordon regarding same (0.20); telephone conference with Kim, White, Haas, Gordon and Murdica regarding same (0.50)"); Gordon 3/22/23, at LTLMGMT-00013636-637 ("review Haas, Prieto comments on drafts of next steps documents (.30)"); Gordon 3/26/23, at LTLMGMT-00013641 ("Review emails from Haas, Lewis regarding documents related to potential next steps").

[2]    *See, e.g.*, Torborg 3/23/23 ("Review draft Board presentation (.4); research relating to Funding Agreement issues (1.2); attend call with Lewis, Prieto, and Erens concerning Board presentation (2.0)"); Torborg 3/27/23 ("Draft/revise Board presentation (1.4); research on Funding Agreement issues (1.1); Attend call with White and Case and Prieto and funding agreement issues (.5); attend call with Lewis, Prieto and Erens to discuss upcoming Board presentation (1.5);").

GENOVA BURNS
ATTORNEYS-AT-LAW

Hon. Michael B. Kaplan
Re: LTL Management, LLC
Case No. 23-12825
May 29, 2023

PAGE 3

> dispute. And the way I've always thought about this is the concern that's fundamentally being raised is that LTL is a subsidiary ultimately of J&J. And a subsidiary of new JJCI. And whether Jones Day is counsel, or whether some other firm is counsel, it's always struck me as highly unlikely that either a Court or a committee would want counsel for the Debtor involved in suing its ultimate parent or even its intermediate parent. And that's one of the reasons I made the offer I did in connection with the dismissal hearing.
>
> And I think we even said it in our papers, that we would expect that if there was a breach at some point, that we wouldn't be involved in that. If there was reason to pursue a litigation against the parent, or against any of the affiliates, which we can't envision at this point, that we wouldn't be involved in that. I think everyone would agree to that, I suspect." [Transcript March 8, 2022, page 53]

Recognizing the commitment by Jones Day not to be involved in any disputes with regard to the enforceability of the 2021 Funding Agreement, this Court overruled the objections to the retention of Jones Day, stating:

> "The Court's finding with respect to the motion to dismiss do not support a determination that there is an actual disqualifying conflict. Again, I would point out at this juncture, at best or at worst, depending upon your perspective, there is a potential conflict which this Court does believe can be addressed through the retention of conflict counsel. But at this point in time, the Court has no record upon which it can make a finding that there is a facially plausible claim against the Debtor or by the Debtor or by the bankruptcy estate against Johnson & Johnson.
>
> It is clear that Jones Day will not be involved if there is such a dispute that arises with respect to the Funding Agreement or with respect to any potential claims that arise out of the 2021 corporate restructure. It is undisputed, at least in the Court's eyes, that the 2021 corporate restructuring was an integrated transaction that's been established." [Transcript March 8, 2022, page 97]

![Genova Burns Attorneys-at-Law]

Hon. Michael B. Kaplan
Re:  LTL Management, LLC
Case No. 23-12825
May 29, 2023

PAGE 4

Notwithstanding the foregoing, and as set forth above, following the opinion of the Third Circuit Court of Appeals that this Chapter 11 case should be dismissed, the Debtor solely relied on the advice of Jones Day as to whether the 2021 Funding Agreement could be "void or voidable". To compound matters, the documents that have been provided by the Debtor demonstrate that every discussion of the enforceability of the 2021 Funding Agreement involved not only Jones Day, but internal and external counsel for Johnson & Johnson.  Despite the Court's ruling that conflict counsel should be retained in such circumstances, no conflicts counsel was consulted or retained.  Indeed, despite the fact that Jones Day appeared before this Court countless times between January 30, 2023 and April 4, 2023, the issue of the enforceability of the 2021 Funding Agreement was not brought to the attention of the Court, the Office of the United States Trustee, or the TCC.  These issues were exclusively discussed by (i) John Kim, who remains an employee of a J&J affiliate, (ii) Andrew White of J&J and Eric Haas, J&J's in-house counsel, (iii) James Murdica, Gregory Starner, Jessica Lauria and Kenneth Rosen, all J&J's outside counsel, and (iv) J&J's former counsel and LTL's present counsel Jones Day.  Incredibly, Jones Day continues to assert that all discussions and negotiations with J&J concerning the enforceability of the 2021 Funding Agreement are subject to a "common interest" privilege between J&J and LTL.

Jones Day's blatant repudiation of its commitments to this Court, and of the Court's express admonitions, in connection with the approval of its retention provide an additional basis for compelling the disclosure of *all* communications concerning the possible, and then actual, termination of the 2021 Funding Agreement, including all communications to or from Jones Day on that subject.  The continued withholding of such communications – now known to violate Jones Day's in-court representations – is extremely prejudicial.

The Debtor's witness list provided to the TCC with regard to the upcoming motion to dismiss trial, a copy of which is annexed hereto, suggests that John Kim, the Debtor's chief legal officer, intends to testify regarding the "material risk and enforceability of the 2021 Funding Agreement on and after January 30, 2023.  In addition, the Debtor represents that Eric Haas, Esq., worldwide head of litigation of Johnson & Johnson, will testify with regard to the position of Johnson & Johnson concerning the unenforceability of the 2021 Funding Agreement on and after January 30, 2023.

Further, as the Court is aware, all of LTL and J&J's witnesses have refused to answer questions at depositions with regard to discussions and negotiations concerning termination of the 2021 Funding Agreement.  The TCC continues its assertions that LTL and J&J were necessarily adverse to one another regarding whether the 2021 Funding Agreement remained enforceable after

Hon. Michael B. Kaplan
Re: LTL Management, LLC
Case No. 23-12825
May 29, 2023

PAGE 5

the Third Circuit opinion. It is beyond cavil that LTL and its counsel owed a fiduciary duty to this estate and its creditors to bring any dispute before the Court during LTL1 and to adhere to the commitment that wholly independent counsel would provide the Debtor with advice on this dispute. In short, the TCC should be entitled to review the materials submitted for in camera review regarding the negotiation and consideration of the termination of the 2021 Funding Agreement, as well as any other communications to or from Jones Day concerning the possible and then actual termination of the 2021 Funding Agreement.

The TCC reserves all other and further rights with respect to Jones Day's conduct, including in connection with its retention application in LTL 2.0 as well as the TCC's proposed complaint for which it seeks derivative standing to pursue.

We thank the Court for its consideration of this urgent and important issue and hope that the Court will address this issue at the hearings to be conducted on May 30, 2023.

Respectfully yours,

**GENOVA BURNS LLC**

/s/ Daniel M. Stolz

DANIEL M. STOLZ

DMS:lld

cc: All Counsel of record

17066001v1 (24987.003)