**EXHIBIT D**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>**LTL MANAGEMENT LLC,**[1]<br><br>                  Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

### RESPONSE OF LEVY KONIGSBEREG LLP TO SUBPOENA

Levy Konigsberg LLP responds to the subpoena served upon it by the Debtor.

### OBJECTIONS

    Levy Konigsberg LLP objects to the subpoena ground that the discovery does not seek information that is reasonably calculated to lead to the discovery of admissible evidence regarding the Motion to Dismiss.  The question of the good faith is specific to the Debtor and its corporate parent and controller, Johnson & Johnson, in filing this petition.  The subpoena is a deliberate attempt to harass Levy Konigsberg and its clients for having the unmitigated gall to not go gently into that good night and accept the Debtor and Johnson & Johnson's explicit attempt to "overcome the tort system" as lead counsel Greg Gordon, Esq. has admitted. Additionally, with the exception of J&J's PSA partners (who refer to themselves as the Ad Hoc Committee of Counsel) who – according to the public statements of LTL have agreed to bind their clients to an agreement that provides J&J with an illegal and improper channeling injunction; caps J&J's liability for its own independent and non-derivative liability; caps the

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

funds allocated to future cancer victims at 1/3 of what present claimants will get; dilutes the number of "future" ovarian cancer claimants (who are already capped at a 1/3 valuation compared to "existing" ones); and denies voting rights to an untold number of women - lawyers and law firms are not parties in interest in this case and seeking discovery of law firms is improper[2]. The harassing nature of the discovery is further demonstrated by the fact that it seeks information that is either already known to the Debtor (current claims, prior demands, et. seq.), that is expressly speculative (what clients might do in the future), and/or that seek to invade the work product and thought processes of counsel (what Levy Konigsberg "believes" or estimates), that are irrelevant – because clients, not lawyers, decide what settlement offers are "adequate" – and that are further speculative because there are no settlement offers on the table from the Debtor or Johnson & Johnson, there is no offer capable of acceptance[3]. Similarly, the discovery mischaracterizes the legal standard for evaluating settlement offers for clients to lawyers, which requires individual clients to be able to make individual decisions about offers made to them. Accordingly, there is no such thing as an "average payment" that would be acceptable for all clients. This highlights a particular distinction between settlements of mass-tort claims outside or bankruptcy – which allow individual clients to decline participating in a mass-negotiated settlement, and to maintain their rights in the tort system – and those in bankruptcy, where the rights of the objectors can potentially be overridden and limited. The alleged PSAs have been expressly disavowed as final by their chief proponent, Mr. Watts, and declared not enforceable

---

[2] For like reasons it would be proper for discovery to be served upon Jones Day regarding the Debtor's claim that "nobody could have foreseen" that LTL1 might be dismissed for lack of good faith. That claim directly implicates whether Jones Day – the debtor's lawyer – foresaw this as a possibility. Similarly, the advice of Jones Day to the Debtor regarding the collusive cancelation of the 2021 Funding Agreement and related documents and their replacement with the 2023 Funding Agreement and related documents was done with intent to defraud or otherwise violated the Debtor's fiduciary duties to the Estate as a Debtor in Possession. No such circumstances exist with respect to Levy Konigsberg and its clients.

[3] The requests also improperly seek confidential information regarding settlements and settlement negotiations.

by Mr. Kim. Indeed, the Debtor has attempted to keep the terms of the alleged PSAs and their term sheet secret from the public, so as not to erode support for it.

Furthermore, this entire proceeding is an abuse of process and a bad-faith manipulation of the Bankruptcy Code over which the subject matter jurisdiction of the Court has not been established. The only issue before the Court is the Debtor's lack of good faith in filing the instant petition, and none of the information sought in the subpoena is relevant to that inquiry, which relates to the situation of the Debtor at the time of filing of the Petition. While it is certainly true that conduct of the Debtor, its corporate overlord, Johnson & Johnson and its collaborating PSA partners after the moment of filing of the petition can and does shed light on the truth regarding the bad faith of the Debtor, the thought processes and post filing decisions of Levy Konigsberg LLP and/or its clients are entirely irrelevant to that question.

REQUEST FOR PRODUCTION NO. 1: Documents sufficient to show the total number of Levy Konigsberg Talc Claims, filed and unfiled.

**RESPONSE: Subject to the stated objections, Levy Konigsberg LLP responds as follows: The complaints filed against Johnson & Johnson, JJCI, LTL, Holdco, Kenvue and Janssen have all been served and are the best evidence of the number of Talc Claims filed. Levy Konigsberg objects to producing documents that have already been served on these entities.**

REQUEST FOR PRODUCTION NO. 2: All Documents and Communications relating to any settlement demands, including without limitation any statutory demands, that Levy Konigsberg has made with respect to any, all, or any subset of the Levy Konigsberg Talc Claims.

**RESPONSE: See OBJECTIONS set forth above.**

3

REQUEST FOR PRODUCTION NO. 3: All Documents and Communications concerning any settlement offers or proposals to resolve to resolve any, all, or any subset of Levy Konigsberg Talc Claims.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 4: All Documents and Communications relating to amounts Levy Konigsberg believes would be adequate to provide fair compensation for any, all, or any subset of the Levy Konigsberg Talc Claims.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 5: All Documents and Communications relating to the average per-claim settlement amount that Levy Konigsberg believes would be adequate to provide fair compensation for any, all, or any subset of the Levy Konigsberg Talc Claims.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 6: All Documents and Communications relating to estimates Levy Konigsberg has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the Levy Konigsberg Talc Claims.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 7: All Documents and Communications relating to estimates Levy Konigsberg has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the Talc Claims.

**RESPONSE: See OBJECTIONS set forth above.**

4

REQUEST FOR PRODUCTION NO. 8: All Documents and Communications relating to estimates Levy Konigsberg has developed, shared, or discussed concerning the dollar amount required to defend and resolve all or any subset of Talc Claims in the tort system.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 9: All Documents and Communications relating to estimates Levy Konigsberg has developed, shared, or discussed concerning the number of Talc Claims that will be filed in the future.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 10: All Documents and Communications relating to Levy Konigsberg has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by government units.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 11: All Documents and Communications relating to estimates Levy Konigsberg has developed, shared, or discussed concerning dollar value attributable to Talc Claims asserted by third-party payors.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 12: All draft or final agreements concerning the acquisition, purchase, sale, transfer, trade, or other transaction concerning any expected value of, or recovery from, any Talc Claim.

5

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 13: All Documents and Communications between Levy Konigsberg, on the one hand, and any law firm or claimant, on the other hand, concerning the proposed Plan Support Agreement or the Proposed $8.9 billion Settlement.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 14: Documents sufficient to show the existence and terms of any financing arrangements with third parties that are secured, in whole or part, by the Levy Konigsberg's contingency fees on Talc Claims.

**RESPONSE: See OBJECTIONS set forth above. Subject to the OBJECTIONS set forth above, Levy Konigsberg LLP has no such documents.**

REQUEST FOR PRODUCTION NO. 15: All Documents and Communications concerning whether the Debtor is in financial distress.

**RESPONSE: See OBJECTIONS set forth above. Subject to the OBJECTIONS set forth above Levy Konigsberg relies on documents produced and to be produced by J&J and the Debtor and their PSA partners in discovery.**

REQUEST FOR PRODUCTION NO. 16: All Documents and Communications that Levy Konigsberg expects to use at the hearing on the motions to dismiss.

**RESPONSE: See OBJECTIONS set forth above. Subject to the OBJECTIONS set forth above Levy Konigsberg relies on documents produced and to be produced by J&J and the Debtor and their PSA partners in discovery.**

6

REQUEST FOR PRODUCTION NO. 17: All Documents and Communications relating to or considered in preparing Levy Konigsberg's response to the Debtor's First Set of Interrogatories.

**RESPONSE: See OBJECTIONS set forth above. Furthermore, Levy Konigsberg is not a party to or claimant in this proceeding – but rather is counsel for individuals who have brought claims for the cancers they suffer from. Interrogatories are not appropriately served upon non-party law firms.**

Respectfully submitted:

Dated: May 15, 2023 /s/ *Moshe Maimon*

Moshe Maimon
Levy Konigsberg LLP
605 Third Avenue
New York, NY 10158
e-mail: mmaimon@levylaw.com