**EXHIBIT F**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-1(b)**

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones
Colin R. Robinson
Peter J. Keane
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       crobinson@pszjlaw.com
       pkeane@pszjlaw.com

*Counsel to Arnold & Itkin LLP*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,<br><br>                Debtor. [1] | Chapter 11<br><br>Case No. 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br><br>                Plaintiff,<br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO<br>COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>                Defendants. | Adv. No.: 23-01092 (MBK) |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

### ARNOLD & ITKIN LLP'S RESPONSES AND OBJECTIONS TO FIRST
### SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Arnold & Itkin LLP ("Arnold & Itkin") hereby responds to *Debtors' First Set of Requests for Production of Documents to Arnold & Itkin LLP* (the "Requests")[2] served by debtor LTL Management LLC (the "Debtor").  Arnold & Itkin's responses and objections to the Requests (the "Responses") are made pursuant to Federal Rules of Civil Procedure ("FRCP") 26, 33, and 34, made applicable in bankruptcy cases pursuant to Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 9014, 7026, 7033, and 7034.

## GENERAL OBJECTIONS

The following general objections and caveats apply to each Response and are incorporated into each Response as though set forth in full:

1.     The Responses contained herein are based upon information presently known and ascertained by Arnold & Itkin.

2.     Arnold & Itkin objects to the Requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, the joint representation privilege, or any other privilege or immunity.  The inadvertent disclosure or production of any document that is protected from discovery by any privilege or immunity shall not constitute a waiver of any such privilege or immunity.  All references in these objections and responses to Arnold & Itkin's agreement to produce documents shall be construed to mean non-privileged documents.

3.     Pursuant to FRCP 26(b)(1), in light of the parties' relative access to relevant information, Arnold & Itkin objects to the Requests to the extent they seek information for which

---

[2]  Capitalized terms not defined herein shall have the meanings set forth in the Requests.

the burden of obtaining such information is not substantially greater for the Debtor than it is for Arnold & Itkin (*e.g.*, documents and communications concerning (a) "settlement demands" (as interpreted by Arnold & Itkin) made to the Debtor or any of its affiliates or (b) claims filed against the Debtor or any of its affiliates).

4.      All specific responses to the Requests are provided without waiver of, and with express reservation of (a) all objections as to competency, relevancy, materiality, and admissibility of the Responses, the subject matter thereof, and any document(s) responsive to any Request, as evidence for any purpose in any further proceedings in this matter; (b) all privileges, including the attorney-client privilege and work-product doctrine; (c) the right to object to the use of such Responses, the subject matter thereof, and any document(s) responsive to any Request, on any ground in any further proceeding in this action; and (d) the right to object on any ground at any time to a demand or request for further responses to these or any other discovery requests or other discovery proceedings.

5.      Arnold & Itkin objects to the Requests to the extent they seek to expand on or conflict with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and/or the Local Rules of the Bankruptcy Court for the District of Delaware.

6.      Arnold & Itkin objects to the definition of "document" to the extent it seeks to expand, modify, or amend the meaning and scope of the term "documents or electronically stored information" in FRCP 34(a)(1)(A).

7.      Arnold & Itkin objects to the definition of "Talc Claims" on the grounds that (a) Arnold & Itkin has no knowledge of (and cannot be expected to identify) "future talc claims"; and (b) the phrase "other proceedings involving the Debtor" is vague and ambiguous.

8.      Arnold & Itkin objects to the definition of "Arnold & Itkin Talc Claims" on the grounds that (a) are set forth in its objection to the definition of "Talc Claims"; and (b) the phrase "filed and unfiled" is vague and ambiguous.

9.      These General Objections and Responses shall be deemed to be incorporated by reference into the Specific Responses and Objections set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to show the total number of Arnold & Itkin Talc Claims, filed and unfiled.

### RESPONSE:

Subject to the General Objections, Arnold & Itkin refers the Debtor to (a) all lawsuits commenced against it or any of its affiliates, and (b) the *Verified Statement of Arnold & Itkin LLP Pursuant to Bankruptcy Rule 2019* filed in *In re: LTL Management LLC*, Case No. 21-30589 (MBK) (D.N.J.), Docket No. 2438.  Arnold & Itkin will file a statement in the above-referenced bankruptcy case pursuant to Bankruptcy Rule 2019 as and when circumstances require.

### REQUEST FOR PRODUCTION NO. 2:

All Documents and Communications relating to any settlement demands, including without limitation any statutory demands, that Arnold & Itkin has made with respect to any, all, or any subset of the Arnold & Itkin Talc Claims.

### RESPONSE:

In addition to the General Objections, each of which is incorporated by reference herein, Arnold & Itkin objects to Request No. 2 on the grounds that (a) it is overly broad, unduly burdensome, and not proportional to the needs of the case, (b) it seeks information that is not relevant to any party's claim or defense, and (c) the phrase "settlement demands" is vague and ambiguous.  Arnold & Itkin interprets the phrase "settlement demands" to mean a written

settlement offer made by Arnold & Itkin, acting as lead counsel, to the Debtor or any of its affiliates, the acceptance of which would have resulted in an agreement in principle to settle one or more claims that Arnold & Itkin had asserted against the Debtor or one of its affiliates on behalf of one or more of Arnold & Itkin's clients.  Arnold & Itkin is unaware of any "settlement demands" as thus defined.

## REQUEST FOR PRODUCTION NO. 3:

All Documents and Communications concerning any settlement offers or proposals to resolve to resolve any, all, or any subset of Arnold & Itkin Talc Claims.

## RESPONSE:

In addition to the General Objections, each of which is incorporated by reference herein, Arnold & Itkin objects to Request No. 3 on the grounds that (a) it is overly broad, unduly burdensome, and not proportional to the needs of the case, (b) it seeks information that is not relevant to any party's claim or defense, and (c) the phrase "settlement offers or proposals" is vague and ambiguous.  Arnold & Itkin interprets the phrase "settlement offers or proposals" to mean a settlement offer made by Arnold & Itkin, acting as lead counsel, to the Debtor or any of its affiliates, the acceptance of which would have resulted in an agreement in principle to settle one or more claims that Arnold & Itkin had asserted against the Debtor or one of its affiliates on behalf of one or more of its clients. Arnold & Itkin is unaware of any "settlement offers or proposals" as thus defined.

## REQUEST FOR PRODUCTION NO. 4:

All Documents and Communications relating to amounts Arnold & Itkin believes would be adequate to provide fair compensation for any, all, or any subset of the Arnold & Itkin Talc Claims.

**RESPONSE**:

In addition to the General Objections, each of which is incorporated by reference herein, Arnold & Itkin objects to Request No. 4 on the grounds that it (a) is overly broad, unduly burdensome, and not proportional to the needs of the case, (b) calls for the disclosure of information that is protected by the attorney-client privilege, attorney work-product doctrine, the common interest doctrine or the joint representation doctrine, or is otherwise protected from disclosure under applicable privileges, laws, or rules; and (c) appears to be an improper attempt to elicit Arnold & Itkin's settlement position in this bankruptcy case.

**REQUEST FOR PRODUCTION NO. 5**:

All Documents and Communications relating to the average per-claim settlement amount that Arnold & Itkin believes would be adequate to provide fair compensation for any, all, or any subset of the Arnold & Itkin Talc Claims.

**RESPONSE**:

Arnold & Itkin incorporates by reference its Response to Request No. 4 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 6**:

All Documents and Communications relating to estimates Arnold & Itkin has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the Arnold & Itkin Talc Claims.

**RESPONSE**:

Arnold & Itkin incorporates by reference its Response to Request No. 4 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 7**:

All Documents and Communications relating to estimates Arnold & Itkin has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to all or any subset of the Talc Claims.

**RESPONSE:**

Arnold & Itkin incorporates by reference its Response to Request No. 4 as if fully set forth

herein.

**REQUEST FOR PRODUCTION NO. 8**:

All Documents and Communications relating to estimates Arnold & Itkin has developed, shared, or discussed concerning the dollar amount required to defend and resolve all or any subset of Talc Claims in the tort system.

**RESPONSE:**

Arnold & Itkin incorporates by reference its Response to Request No. 4 as if fully set forth

herein.

**REQUEST FOR PRODUCTION NO. 9**:

All Documents and Communications relating to estimates Arnold & Itkin has developed, shared, or discussed concerning the number of Talc Claims that will be filed in the future.

**RESPONSE:**

Arnold & Itkin incorporates by reference its Response to Request No. 4 as if fully set forth

herein.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications relating to Arnold & Itkin has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by government units.

**RESPONSE:**

Arnold & Itkin (a) objects to Request No. 10 on the ground that it seeks information that

is not relevant to any party's claim or defense, and (b) otherwise incorporates by reference its

Response to Request No. 4 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications relating to estimates Arnold & Itkin has developed, shared, or discussed concerning dollar-value attributable to Talc Claims asserted by third-party payors.

**RESPONSE:**

Arnold & Itkin (a) objects to Request No. 11 on the ground that it seeks information that is not relevant to any party's claim or defense, and (b) otherwise incorporates by reference its Response to Request No. 4 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 12:**

All draft or final agreements concerning the acquisition, purchase, sale, transfer, trade, or other transaction concerning any expected value of, or recovery from, any Talc Claim.

**RESPONSE:**

In addition to the General Objections, each of which is incorporated by reference herein, Arnold & Itkin objects to Request No. 12 on the grounds that it (a) is vague and ambiguous, (b) is overly broad, unduly burdensome, and not proportional to the needs of the case, and (c) calls for the disclosure of information that is protected by the attorney-client privilege, attorney work-product doctrine, the common interest doctrine or the joint representation doctrine, or is otherwise protected from disclosure under applicable privileges, laws, or rules.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications between Arnold & Itkin, on the one hand, and any law firm or claimant, on the other hand, concerning the proposed Plan Support Agreement or the Proposed $8.9 billion Settlement.

**RESPONSE:**

Arnold & Itkin incorporates by reference its Response to Request No. 4 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show the existence and terms of any financing arrangements with third parties that are secured, in whole or part, by the Arnold & Itkin's contingency fees on Talc Claims.

**RESPONSE:**

Arnold & Itkin (a) objects to Request No. 14 on the ground that it seeks information that is not relevant to any party's claim or defense, and (b) otherwise incorporates by reference its Response to Request No. 4 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications concerning whether the Debtor is in financial distress.

**RESPONSE:**

Arnold & Itkin objects to Request No. 15 on the grounds that it (a) is overly broad, unduly burdensome, and not proportional to the needs of the case, and (b) calls for the disclosure of information that is protected by the attorney-client privilege, attorney work-product doctrine, the common interest doctrine or the joint representation doctrine or is otherwise protected from disclosure under applicable privileges, laws, or rules. Subject to the General Objections and these specific objections, Arnold & Itkin refers the Debtor to (i) the documents referenced and cited in the *Memorandum of Law in Support of Motion of Arnold & Itkin, on Behalf of Certain Talc Claimants, to Dismiss Chapter 11 Case* [Docket No. 384-1], (ii) the *Declaration of Laura Davis Jones in Support of Motion to Dismiss Bankruptcy Case* [Docket No. 384-2], and (iii) all other documents, communications, and exhibits referred or cited to by any other party-in-interest in support of a motion to dismiss (or a joinder to any such motion) this bankruptcy case.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications that Arnold & Itkin expects to use at the hearing on the motions to dismiss.

**RESPONSE:**

In addition to the General Objections, each of which is incorporated by reference herein, Arnold & Itkin objects to Request No. 16 on the ground that it is premature. Arnold & Itkin will

respond to Request No. 16 in accordance with any deadline set by the Court, any applicable rule governing the identification of exhibits, or any agreement that includes at least the Debtor, the TCC, and Arnold & Itkin concerning the identification of exhibits.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications relating to or considered in preparing Arnold & Itkin's response to the Debtor's First Set of Interrogatories.

**RESPONSE:**

Arnold & Itkin incorporates by reference each of the General Objections as if fully set forth herein.

Dated:  May 15, 2023              PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Laura Davis Jones
Colin R. Robinson
Peter J. Keane
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:        ljones@pszjlaw.com
                crobinson@pszjlaw.com
                pkeane@pszjlaw.com

*Counsel to Arnold & Itkin LLP*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-1(b)**

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones
Colin R. Robinson
Peter J. Keane
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
          crobinson@pszjlaw.com
          pkeane@pszjlaw.com

*Counsel to Arnold & Itkin LLP*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,<br><br>          Debtor.[1] | Chapter 11<br><br>Case No. 23-12825 (MBK)<br><br>Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br><br>          Plaintiff,<br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>          Defendants. | Adv. No.: 23-01092 (MBK) |

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**RESPONSES AND OBJECTIONS TO FIRST SET OF
INTERROGATORIES TO ARNOLD & ITKIN LLP AND ARNOLD &
ITKIN LLP ACTING FOR ARNOLD & ITKIN TALC CLAIMANTS**

Arnold & Itkin LLP ("Arnold & Itkin"), on its own behalf and on behalf of certain talc personal injury claimants represented by Arnold & Itkin, hereby responds to *Debtors' First Set of Interrogatories to Arnold & Itkin LLP and Arnold & Itkin LLP Acting for Arnold & Itkin Talc Claimants* (the "Interrogatories")[2] served by debtor LTL Management LLC (the "Debtor"). Arnold & Itkin's responses and objections to the Interrogatories (the "Responses") are made pursuant to Federal Rules of Civil Procedure ("FRCP") 26, 33, and 34, made applicable in bankruptcy cases pursuant to Federal Rules of Bankruptcy Procedure 9014, 7026, 7033, and 7034.

## GENERAL OBJECTIONS

The following general objections and caveats apply to each Response and are incorporated into each Response as though set forth in full:

1.      The Responses contained herein are based upon information presently known and ascertained by Arnold & Itkin.

2.      Arnold & Itkin objects to the Interrogatories to the extent they seek information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other privilege or immunity.

3.      Arnold & Itkin objects to the Interrogatories to the extent they seek to expand on or conflict with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and/or the Local Rules of the Bankruptcy Court for the District of Delaware.

---

[2] Capitalized terms not defined herein shall have the meanings set forth in the Interrogatories.

4.       Arnold & Itkin objects to the definition of "LTL 2.0" on the ground that the phrase "and/or the affiliated adversary proceedings" is vague and ambiguous.

5.       Arnold & Itkin objects to the definition of "Talc Claims" on the grounds that (a) Arnold & Itkin has no knowledge of (and cannot be expected to identify) "future talc claims"; (b) the phrase "other proceedings involving the Debtor" is vague and ambiguous; (c) Arnold & Itkin has no personal knowledge of the identity of all of the Debtor's "affiliates" and (d) Arnold & Itkin has no personal knowledge concerning "personal injury claims filed by individual claimants, claims asserted by governmental units, claims asserted by third-party payors, and claims for indemnification against the Debtor or any of its affiliates" except for those for which Arnold & Itkin has been engaged as legal counsel.

6.       Arnold & Itkin objects to the definition of "Arnold & Itkin Talc Claims" on the grounds that (a) are set forth in its objection to the definition of "Talc Claims"; and (b) the phrase "filed and unfiled" is vague and ambiguous.

7.       Arnold & Itkin objects to the definition of "TCC" on the ground that it has no personal knowledge concerning each "person authorized to act on behalf of the TCC."

8.       Arnold & Itkin objects to the definition of "United States Trustee" on the ground that it has no personal knowledge concerning each person authorized to act on behalf of the United States Trustee.

9.       These General Objections and Responses shall be deemed to be incorporated by reference into the Specific Responses and Objections set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

## INTERROGATORY NO. 1:

Identify the total number of Arnold & Itkin Talc Claims, filed and unfiled.

**RESPONSE:**

Subject to the General Objections, Arnold & Itkin refers the Debtor to (a) all lawsuits commenced against it or any of its affiliates, and (b) the *Verified Statement of Arnold & Itkin LLP Pursuant to Bankruptcy Rule 2019* filed in *In re: LTL Management LLC*, Case No. 21-30589 (MBK) (D.N.J.), Docket No. 2438. Arnold & Itkin will file a statement in the above-referenced bankruptcy case pursuant to Bankruptcy Rule 2019 as and when circumstances require.

**INTERROGATORY NO. 2**:

Identify any settlement demands, including without limitation any statutory demands, that Arnold & Itkin has made with respect to any individual or group of Arnold & Itkin Talc Claims.

**RESPONSE:**

In addition to the General Objections, each of which is incorporated by reference herein, Arnold & Itkin objects to Interrogatory No. 2 on the grounds that (a) it is overly broad, unduly burdensome, and not proportional to the needs of the case, (b) it seeks information that is not relevant to any party's claim or defense, and (c) the phrase "settlement demands" is vague and ambiguous. Arnold & Itkin interprets the phrase "settlement demands" to mean a written settlement offer made by Arnold & Itkin, acting as lead counsel, to the Debtor or any of its affiliates, the acceptance of which would have resulted in an agreement in principle to settle one or more claims that Arnold & Itkin had asserted against the Debtor or one of its affiliates on behalf of one or more of Arnold & Itkin's clients. Arnold & Itkin is unaware of any "settlement demands" as thus defined.

**INTERROGATORY NO. 3**:

Identity the amounts Arnold & Itkin believes would be adequate to provide fair compensation to any, all, or any subset of the Arnold & Itkin Talc Claims.

**RESPONSE**:

In addition to the General Objections, each of which is incorporated by reference herein, Arnold & Itkin objects to Interrogatory No. 3 on the grounds that it (a) is overly broad, unduly burdensome, and not proportional to the needs of the case, (b) calls for the disclosure of information that is protected by the attorney-client privilege, attorney work-product doctrine, the common interest doctrine or the joint representation doctrine, or is otherwise protected from disclosure under applicable privileges, laws, or rules; and  (c) appears to be an improper attempt to elicit Arnold & Itkin's settlement position in this bankruptcy case.

**INTERROGATORY NO. 4**:

Identity the average per-claim settlement amount that Arnold & Itkin believes would be adequate to provide fair compensation to any, all, or any subset of the Arnold & Itkin Talc Claims and the basis for such an average.

**RESPONSE**:

Arnold & Itkin incorporates by reference its Response to Request No. 3 as if fully set forth herein.

**INTERROGATORY NO. 5**:

Identify any estimates Arnold & Itkin has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to the Arnold & Itkin Talc Claims.

**RESPONSE**:

Arnold & Itkin incorporates by reference its Response to Request No. 3 as if fully set forth herein.

**INTERROGATORY NO. 6**:

Identify any estimates Arnold & Itkin has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to all or any subset of the Arnold & Itkin Talc Claims.

**RESPONSE:**

Arnold & Itkin incorporates by reference its Response to Request No. 3 as if fully set forth herein.

**INTERROGATORY NO. 7:**

Identify any estimates Arnold & Itkin has developed, shared, or discussed concerning the dollar amount required to defend all or any subset of Talc Claims in the tort system.

**RESPONSE:**

Arnold & Itkin incorporates by reference its Response to Request No. 3 as if fully set forth herein.

**INTERROGATORY NO. 8:**

Identify any estimates Arnold & Itkin has developed, shared, or discussed concerning the dollar amount required to resolve all or any subset of Talc Claims in the tort system.

**RESPONSE:**

Arnold & Itkin incorporates by reference its Response to Request No. 3 as if fully set forth herein.

**INTERROGATORY NO. 9:**

Identify any estimates Arnold & Itkin has developed, shared, or discussed concerning the number of Talc Claims that will be filed in the future.

**RESPONSE:**

Arnold & Itkin incorporates by reference its Response to Request No. 3 as if fully set forth herein.

**INTERROGATORY NO. 10:**

Identify any estimates Arnold & Itkin has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by government units.

**RESPONSE:**

Arnold & Itkin incorporates by reference its Response to Request No. 3 as if fully set forth

herein.

**INTERROGATORY NO. 11:**

Identify any estimates Arnold & Itkin has developed, shared, or discussed concerning
dollar-value attributable to Talc Claims asserted by third-party payors.

**RESPONSE:**

Arnold & Itkin (a) objects to Interrogatory No. 11 on the ground that it seeks information

that is not relevant to any party's claim or defense, and (b) otherwise incorporates by reference its

Response to Request No. 3 as if fully set forth herein.

**INTERROGATORY NO. 12:**

Identify the number of Arnold & Itkin Talc Claims you expect to be set for trial within the
next two years as well as the jurisdictions where you expect trial settings.

**RESPONSE:**

Arnold & Itkin objects to Interrogatory No. 12 on the grounds that (a) it seeks information

that is not relevant to any party's claim or defense, (b) trial dates are set generally by trial courts,

not Arnold & Itkin, and (c) Arnold & Itkin cannot foresee what further motions and requests to

enforce or extend the automatic stay the Debtor and/or its affiliates may make, whether those

motions or requests will be granted, or the scope of any relief granted in response to such motions

or requests.

**INTERROGATORY NO. 13:**

Identify any witness the Arnold & Itkin expects or may call to provide fact or expert
testimony at the hearing on the motions to dismiss.

**RESPONSE:**

In addition to the General Objections, each of which is incorporated by reference herein,

Arnold & Itkin objects to Interrogatory No. 13 on the ground that it is premature.  Arnold & Itkin

will respond to Interrogatory No. 13 in accordance with any deadline set by the Court, any

applicable rule, or any agreement that includes at least the Debtor, the TCC, and Arnold & Itkin

concerning the identification of exhibits.

Dated:  May 17, 2023            PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Laura Davis Jones
Colin R. Robinson
Peter J. Keane
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:        ljones@pszjlaw.com
                 crobinson@pszjlaw.com
                 pkeane@pszjlaw.com

*Counsel to Arnold & Itkin LLP*