**<u>EXHIBIT I</u>**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>**LTL MANAGEMENT LLC**,[1]<br><br>            Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

### RESPONSE OF DEAN OMAR BRANHAM SHIRLEY, LLP
### TO SUBPOENA

Dean Omar Branham Shirley, LLP responds to the subpoena served upon it by the Debtor as follows:

### OBJECTIONS

Dean Omar Branham Shirley, LLP (hereinafter, "DOBS") objects to the subpoena on the grounds that the information sought is not reasonably calculated to lead to the discovery of admissible evidence regarding the Motion to Dismiss. Rather, the subpoena is a blatant and grossly overreaching attempt to harass DOBS and its clients for prosecution of their clients claims against Johnson & Johnson in the tort system, and by refusing to submit to the Debtor and Johnson & Johnson's attempts to "overcome the tort system" as lead counsel Greg Gordon, Esq. has admitted.

Additionally, lawyers and law firms are not parties in interest in this case and seeking discovery of law firms is improper. The harassing nature of the discovery sought is further demonstrated by the fact that the subpoena seeks information that is either already known to the Debtor (current claims, prior demands, etcetera) that is expressly speculative (what clients might

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

do in the future), and/or that seek to invade the work product and thought processes of counsel (estimates, "beliefs", etcetera).  This information is irrelevant because clients, not lawyers, determine what settlement offers are "adequate."  Further this information is speculative because neither the Debtor nor Johnson & Johnson have made any settlement offers to DOBS clients.  In short, there is no offer capable of acceptance[2] and Debtor and Johnson & Johnson are aware of this.  Similarly, the discovery mischaracterizes the legal standard for evaluating settlement offers for clients to lawyers, which requires individual clients to be able to make individual decisions about offers made to them.   Accordingly, there is no such thing as an "average payment" that would be acceptable for all clients.  This highlights a particular distinction between settlements of mass-tort claims outside or bankruptcy – which allow individual clients to decline participating in a mass-negotiated settlement, and to maintain their rights in the tort system – and those in bankruptcy, where the rights of the objectors can potentially be overridden and limited.

Furthermore, this entire proceeding is an abuse of process and a bad-faith manipulation of the Bankruptcy Code over which the subject matter jurisdiction of the Court has not been established.  The gatekeeping issue before the Court is the Debtor's lack of good faith in filing the instant petition.  None of the information sought by the subpoena is relevant to that inquiry, which relates to the situation of the Debtor at the time of filing of the Petition.  These requests are absurd on their face.  The work product thought processes and post filing decisions of DOBS and/or its clients are entirely irrelevant to that question.

REQUEST FOR PRODUCTION NO. 1: Documents sufficient to show the total number of DOBS Talc Claims, filed and unfiled.

---

[2] The requests also improperly seek confidential information regarding settlements and settlement negotiations.

**RESPONSE: Subject to the stated objections, all complaints that DOBS has filed on behalf of its clients against Johnson & Johnson, JJCI, LTL, Holdco, Kenvue and Janssen have been served upon those entities subject to the rules of the forum jurisdiction where the complaint was filed.  Those complaints are the best evidence of the number of Talc Claims filed. DOBS objects to producing documents that have already been served on these entities.  To the extent DOBS represents individuals with claims yet to be filed against Johnson & Johnson, JJCI, LTL, Holdco, Kenvue and Janssen, those complaints will be filed and served upon subject to the rules of service in the courts at issue.**

REQUEST FOR PRODUCTION NO. 2: All Documents and Communications relating to any settlement demands, including without limitation any statutory demands, that DOBS has made with respect to any, all, or any subset of the DOBS Talc Claims.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 3: All Documents and Communications concerning any settlement offers or proposals to resolve to resolve any, all, or any subset of DOBS Talc Claims.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 4: All Documents and Communications relating to amounts DOBS believes would be adequate to provide fair compensation for any, all, or any subset of the DOBS Talc Claims.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 5: All Documents and Communications relating to the average per-claim settlement amount that DOBS believes would be adequate to provide fair compensation for any, all, or any subset of the DOBS Talc Claims.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 6: All Documents and Communications relating to estimates DOBS has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the DOBS Talc Claims.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 7: All Documents and Communications relating to estimates DOBS has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the Talc Claims.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 8: All Documents and Communications relating to estimates DOBS has developed, shared, or discussed concerning the dollar amount required to defend and resolve all or any subset of Talc Claims in the tort system.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 9: All Documents and Communications relating to estimates DOBS has developed, shared, or discussed concerning the number of Talc Claims that will be filed in the future.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 10: All Documents and Communications relating to DOBS has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by government units.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 11: All Documents and Communications relating to estimates DOBS has developed, shared, or discussed concerning dollar value attributable to Talc Claims asserted by third-party payors.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 12: All draft or final agreements concerning the acquisition, purchase, sale, transfer, trade, or other transaction concerning any expected value of, or recovery from, any Talc Claim.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 13: All Documents and Communications between DOBS, on the one hand, and any law firm or claimant, on the other hand, concerning the proposed Plan Support Agreement or the Proposed $8.9 billion Settlement.

**RESPONSE: See OBJECTIONS set forth above.**

REQUEST FOR PRODUCTION NO. 14: Documents sufficient to show the existence and terms of any financing arrangements with third parties that are secured, in whole or part, by the DOBS's contingency fees on Talc Claims.

**RESPONSE: See OBJECTIONS set forth above. Subject to the OBJECTIONS set forth above, Dean Omar Branham Shirley, LLP has no such documents.**

REQUEST FOR PRODUCTION NO. 15: All Documents and Communications concerning whether the Debtor is in financial distress.

**RESPONSE: See OBJECTIONS set forth above. Subject to the OBJECTIONS set forth above DOBS relies on documents produced and to be produced by J&J and the Debtor and their PSA partners in discovery.**

REQUEST FOR PRODUCTION NO. 16: All Documents and Communications that DOBS expects to use at the hearing on the motions to dismiss.

**RESPONSE: See OBJECTIONS set forth above. Subject to the OBJECTIONS set forth above DOBS relies on documents produced and to be produced by J&J and the Debtor and their PSA partners in discovery.**

[This Space Intentionally Left Blank]

REQUEST FOR PRODUCTION NO. 17: All Documents and Communications relating to or considered in preparing DOBS's response to the Debtor's First Set of Interrogatories.

**RESPONSE: See OBJECTIONS set forth above. Furthermore, DOBS is not a party to or claimant in this proceeding – but rather is counsel for individuals who have brought claims for the cancers they suffer from. Interrogatories are not appropriately served upon non-party law firms.  Moreover, to the extent that this interrogatory was ever proper it is and would be a blatant attempt to invade the attorney-client and work product privilege and is further objectionable for that reason.**

Respectfully submitted:

Dated: May 17, 2023                                      /s/ *J. Bradley Smith*

J. Bradley Smith
Dean Omar Branham Shirley, LLP
302 N. Market St., Suite 300
Dallas, Texas 75202
e-mail: bsmith@dobslegal.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| **LTL MANAGEMENT LLC,**[1] | Case No.: 23-12825 (MBK) |
| Debtor. | Honorable Michael B. Kaplan |

### RESPONSE OF DEAN OMAR BRANHAM SHIRLEY, LLP TO DEBTOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Dean Omar Branham Shirley, LLP responds to the first set of requests for production of documents served upon it by the Debtor as follows:

### OBJECTIONS

Dean Omar Branham Shirley, LLP (hereinafter, "DOBS") objects to the debtor's first set of requests for production of documents on the grounds that the information sought is not reasonably calculated to lead to the discovery of admissible evidence regarding the Motion to Dismiss. Rather, the debtor's first set of requests for production of documents is a blatant and grossly overreaching attempt to harass DOBS and its clients for prosecution of their clients claims against Johnson & Johnson in the tort system, and by refusing to submit to the Debtor and Johnson & Johnson's attempts to "overcome the tort system" as lead counsel Greg Gordon, Esq. has admitted.

Additionally, lawyers and law firms are not parties in interest in this case and seeking discovery of law firms is improper. The harassing nature of the discovery sought is further demonstrated by the fact that the debtor's first set of requests for production of documents seeks information that is either already known to the Debtor (current claims, prior demands, etcetera) that is expressly speculative (what clients might do in the future), and/or that seek to invade the work

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

product and thought processes of counsel (estimates, "beliefs", etcetera).  This information is irrelevant because clients, not lawyers, determine what settlement offers are "adequate."  Further this information is speculative because neither the Debtor nor Johnson & Johnson have made any settlement offers to DOBS clients.  In short, there is no offer capable of acceptance[2] and Debtor and Johnson & Johnson are aware of this.  Similarly, the discovery mischaracterizes the legal standard for evaluating settlement offers for clients to lawyers, which requires individual clients to be able to make individual decisions about offers made to them.   Accordingly, there is no such thing as an "average payment" that would be acceptable for all clients.  This highlights a particular distinction between settlements of mass-tort claims outside or bankruptcy – which allow individual clients to decline participating in a mass-negotiated settlement, and to maintain their rights in the tort system – and those in bankruptcy, where the rights of the objectors can potentially be overridden and limited.

Furthermore, this entire proceeding is an abuse of process and a bad-faith manipulation of the Bankruptcy Code over which the subject matter jurisdiction of the Court has not been established.  The gatekeeping issue before the Court is the Debtor's lack of good faith in filing the instant petition.  None of the information sought by the debtor's first set of requests for production of documents is relevant to that inquiry, which relates to the situation of the Debtor at the time of filing of the Petition.  These requests are absurd on their face.  The work product thought processes and post filing decisions of DOBS and/or its clients are entirely irrelevant to that question.

---

[2] The requests also improperly seek confidential information regarding settlements and settlement negotiations.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**    Documents sufficient to show the total number of Dean Omar Talc Claims, filed and unfiled.

> **RESPONSE: Subject to the stated objections, all complaints that DOBS has filed on behalf of its clients against Johnson & Johnson, JJCI, LTL, Holdco, Kenvue and Janssen have been served upon those entities subject to the rules of the forum jurisdiction where the complaint was filed.  Those complaints are the best evidence of the number of Talc Claims filed. DOBS objects to producing documents that have already been served on these entities.  To the extent DOBS represents individuals with claims yet to be filed against Johnson & Johnson, JJCI, LTL, Holdco, Kenvue and Janssen, those complaints will be filed and served upon subject to the rules of service in the courts at issue.**

**REQUEST FOR PRODUCTION NO. 2:**  All Documents and Communications relating to any settlement demands, including without limitation any statutory demands, that Dean Omar has made with respect to any, all, or any subset of the Dean Omar Talc Claims.

> **RESPONSE: See OBJECTIONS set forth above.**

**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications concerning any settlement offers or proposals to resolve to resolve any, all, or any subset of Dean Omar Talc Claims.

> **RESPONSE: See OBJECTIONS set forth above.**

**REQUEST FOR PRODUCTION NO. 4:**  All Documents and Communications relating to amounts Dean Omar believes would be adequate to provide fair compensation for any, all, or

any subset of the Dean Omar Talc Claims.

      **RESPONSE: See OBJECTIONS set forth above.**

      **REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications relating to the average per-claim settlement amount that Dean Omar believes would be adequate to provide fair compensation for any, all, or any subset of the Dean Omar Talc Claims.

      **RESPONSE: See OBJECTIONS set forth above.**

      **REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications relating to estimates Dean Omar has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the Dean Omar Talc Claims.

      **RESPONSE: See OBJECTIONS set forth above.**

      **REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications relating to estimates Dean Omar has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to all or any subset of the Talc Claims.

      **RESPONSE: See OBJECTIONS set forth above.**

      **REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications relating to estimates Dean Omar has developed, shared, or discussed concerning the dollar amount required to defend and resolve all or any subset of Talc Claims in the tort system.

      **RESPONSE: See OBJECTIONS set forth above.**

      **REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications relating to estimates Dean Omar has developed, shared, or discussed concerning the number of Talc Claims that will be filed in the future.

      **RESPONSE: See OBJECTIONS set forth above.**

-4-

**REQUEST FOR PRODUCTION NO. 10:** All Documents and Communications relating to Dean Omar has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by government units.

**RESPONSE: See OBJECTIONS set forth above.**

**REQUEST FOR PRODUCTION NO. 11:** All Documents and Communications relating to estimates Dean Omar has developed, shared, or discussed concerning dollar-value attributable to Talc Claims asserted by third-party payors.

**RESPONSE: See OBJECTIONS set forth above.**

**REQUEST FOR PRODUCTION NO. 12:** All draft or final agreements concerning the acquisition, purchase, sale, transfer, trade, or other transaction concerning any expected value of, or recovery from, any Talc Claim.

**RESPONSE: See OBJECTIONS set forth above.**

**REQUEST FOR PRODUCTION NO. 13:** All Documents and Communications between Dean Omar, on the one hand, and any law firm or claimant, on the other hand, concerning the proposed Plan Support Agreement or the Proposed $8.9 billion Settlement.

**RESPONSE: See OBJECTIONS set forth above.**

**REQUEST FOR PRODUCTION NO. 14:** Documents sufficient to show the existence and terms of any financing arrangements with third parties that are secured, in whole or part, by the Dean Omar's contingency fees on Talc Claims.

**RESPONSE: See OBJECTIONS set forth above. Subject to the OBJECTIONS set forth above, Dean Omar Branham Shirley, LLP has no such documents.**

**REQUEST FOR PRODUCTION NO. 15:** All Documents and Communications

-5-

concerning whether the Debtor is in financial distress.

      **RESPONSE: See OBJECTIONS set forth above. Subject to the OBJECTIONS set forth above DOBS relies on documents produced and to be produced by J&J and the Debtor and their PSA partners in discovery.**

      **REQUEST FOR PRODUCTION NO. 16:**  All Documents and Communications that Dean Omar expects to use at the hearing on the motions to dismiss.

      **RESPONSE: See OBJECTIONS set forth above. Subject to the OBJECTIONS set forth above DOBS relies on documents produced and to be produced by J&J and the Debtor and their PSA partners in discovery.**

**[This Space Intentionally Left Blank]**

**REQUEST FOR PRODUCTION NO. 17:** All Documents and Communications relating to or considered in preparing Dean Omar's response to the Debtor's First Set of Interrogatories.

**RESPONSE: See OBJECTIONS set forth above. Furthermore, DOBS is not a party to or claimant in this proceeding – but rather is counsel for individuals who have brought claims for the cancers they suffer from. Interrogatories are not appropriately served upon non-party law firms.  Moreover, to the extent that this interrogatory was ever proper it is and would be a blatant attempt to invade the attorney-client and work product privilege and is further objectionable for that reason.**

Respectfully Submitted:

 Dated:  May 17, 2023

/s/ *J. Bradley Smith*
J. Bradley Smith
Dean Omar Branham Shirley, LLP
302 N. Market St., Suite 300
Dallas, Texas 75202
e-mail: bsmith@dobslegal.com

NAI-1536742868v6

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>**LTL MANAGEMENT LLC,**[1]<br><br>             Debtor. | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

**RESPONSE OF DEAN OMAR BRANHAM SHIRLEY, LLP TO DEBTOR'S
FIRST SET OF INTERROGATORIES
TO DEAN OMAR BRANHAM SHIRLEY, LLP AND DEAN OMAR BRANHAM
SHIRLEY, LLP ACTING FOR DEAN OMAR TALC CLAIMANTS**

Dean Omar Branham Shirley, LLP responds to the Debtor's first set of interrogatories as

follows:

**OBJECTIONS**

Dean Omar Branham Shirley, LLP (hereinafter, "DOBS") objects to the debtor's first set of

interrogatories on the grounds that the information sought is not reasonably calculated to lead to

the discovery of admissible evidence regarding the Motion to Dismiss.  Rather, the first set of

interrogatories is a blatant and grossly overreaching attempt to harass DOBS and its clients for

prosecution of their clients claims against Johnson & Johnson in the tort system, and by

refusing to submit to the Debtor and Johnson & Johnson's attempts to "overcome the tort

system" as lead counsel Greg Gordon, Esq. has admitted.

Additionally, lawyers and law firms are not parties in interest in this case and seeking

discovery of law firms is improper. The harassing nature of the discovery sought is further

demonstrated by the fact that the first set of interrogatories seeks information that is either

already known to the Debtor (current claims, prior demands, etcetera) that is expressly

speculative (what clients might do in the future), and/or that seek to invade the work product

---

[1]      The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address
is 501 George Street, New Brunswick, New Jersey 08933.

and thought processes of counsel (estimates, "beliefs", etcetera).  This information is irrelevant because clients, not lawyers, determine what settlement offers are "adequate."  Further this information is speculative because neither the Debtor nor Johnson & Johnson have made any settlement offers to DOBS clients.  In short, there is no offer capable of acceptance[2] and Debtor and Johnson & Johnson are aware of this.  Similarly, the discovery mischaracterizes the legal standard for evaluating settlement offers for clients to lawyers, which requires individual clients to be able to make individual decisions about offers made to them.   Accordingly, there is no such thing as an "average payment" that would be acceptable for all clients.  This highlights a particular distinction between settlements of mass-tort claims outside or bankruptcy – which allow individual clients to decline participating in a mass-negotiated settlement, and to maintain their rights in the tort system – and those in bankruptcy, where the rights of the objectors can potentially be overridden and limited.

Furthermore, this entire proceeding is an abuse of process and a bad-faith manipulation of the Bankruptcy Code over which the subject matter jurisdiction of the Court has not been established.  The gatekeeping issue before the Court is the Debtor's lack of good faith in filing the instant petition.  None of the information sought by the first set of interrogatories is relevant to that inquiry, which relates to the situation of the Debtor at the time of filing of the Petition. These requests are absurd on their face.  The work product thought processes and post filing decisions of DOBS and/or its clients are entirely irrelevant to that question.

---

[2] The requests also improperly seek confidential information regarding settlements and settlement negotiations.

## **INTERROGATORIES**

**INTERROGATORY NO. 1**:  Identify the total number of Dean Omar Talc Claims, filed and unfiled.

**RESPONSE: Subject to the stated objections, all complaints that DOBS has filed on behalf of its clients against Johnson & Johnson, JJCI, LTL, Holdco, Kenvue and Janssen have been served upon those entities subject to the rules of the forum jurisdiction where the complaint was filed.  Those complaints are the best evidence of the number of Talc Claims filed. DOBS objects to producing documents that have already been served on these entities.  To the extent DOBS represents individuals with claims yet to be filed against Johnson & Johnson, JJCI, LTL, Holdco, Kenvue and Janssen, those complaints will be filed and served upon subject to the rules of service in the courts at issue.**

**INTERROGATORY NO. 2**:  Identify any settlement demands, including without limitation any statutory demands, that Dean Omar has made with respect to any individual or group of Dean Omar Talc Claims.

**RESPONSE: See OBJECTIONS set forth above.**

**INTERROGATORY NO. 3**:  Identity the amounts Dean Omar believes would be adequate to provide fair compensation to any, all, or any subset of the Dean Omar Talc Claims.

**RESPONSE: See OBJECTIONS set forth above.**

**INTERROGATORY NO. 4**:  Identity the average per-claim settlement amount that Dean Omar believes would be adequate to provide fair compensation to any, all, or any subset of the Dean Omar Talc Claims and the basis for such an average.

**RESPONSE: See OBJECTIONS set forth above.**

**INTERROGATORY NO. 5**:  Identify any estimates Dean Omar has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to the Dean Omar Talc Claims.

**RESPONSE**: **See OBJECTIONS set forth above.**

**INTERROGATORY NO. 6**:  Identify any estimates Dean Omar has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to all or any subset of the Dean Omar Talc Claims.

**RESPONSE**: **See OBJECTIONS set forth above.**

**INTERROGATORY NO. 7**:  Identify any estimates Dean Omar has developed, shared, or discussed concerning the dollar amount required to defend all or any subset of Talc Claims in the tort system.

**RESPONSE**: **See OBJECTIONS set forth above.**

**INTERROGATORY NO. 8**:  Identify any estimates Dean Omar has developed, shared, or discussed concerning the dollar amount required to resolve all or any subset of Talc Claims in the tort system.

**RESPONSE: See OBJECTIONS set forth above.**

**INTERROGATORY NO. 9**:  Identify any estimates Dean Omar has developed, shared, or discussed concerning the number of Talc Claims that will be filed in the future.

**RESPONSE**: **See OBJECTIONS set forth above.**

**INTERROGATORY NO. 10**:  Identify any estimates Dean Omar has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by

government units.

      **RESPONSE**: **See OBJECTIONS set forth above.**

      **INTERROGATORY NO. 11**:  Identify any estimates Dean Omar has developed, shared, or discussed concerning dollar-value attributable to Talc Claims asserted by third-party payors.

      **RESPONSE**: **See OBJECTIONS set forth above.**

      **INTERROGATORY NO. 12**:  Identify the number of Dean Omar Talc Claims you expect to be set for trial within the next two years as well as the jurisdictions where you expect trial settings.

      **RESPONSE**: **See OBJECTIONS set forth above.**

      **INTERROGATORY NO. 13**:  Identify any witness the Dean Omar expects or may call to provide fact or expert testimony at the hearing on the motions to dismiss.

      **RESPONSE**: **See OBJECTIONS set forth above.**

Respectfully Submitted:

Dated:  May 17, 2023

                                   /s/ *J. Bradley Smith*
                                   J. Bradley Smith
                                   Dean Omar Branham Shirley, LLP
                                   302 N. Market St., Suite 300
                                   Dallas, Texas 75202
                                   e-mail: bsmith@dobslegal.com