**EXHIBIT K**

The Ruckdeschel Law Firm, LLC
8357 Main Street
Ellicott City, MD 21043

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: ) | |
| ) | Case No. 23-ap-1092-MBK |
| LTL MANAGEMENT LLC, ) | |
| ) | Lead BK Case: 23-12825-MBK |
| Debtor. ) | |

### OBJECTIONS AND RESPONSES OF THE RUCKDESCHEL
### LAW FIRM, LLC TO THE DISCOVERY REQUESTS
### IMPROPERLY SERVED UPON IT BY THE DEBTOR

The Ruckdeschel Law Firm, LLC files the following Objections to the Discovery Requests Served Upon it by the Debtor and states as follows:

The Ruckdeschel Law Firm, LLC objects to the discovery requests sent to on behalf of LTL Management.

This proceeding is an abuse of process and a bad-faith manipulation of the Bankruptcy Code over which the subject matter jurisdiction of the Court has not been established.

The Ruckdeschel Law Firm, LLC is not a party to or claimant in this proceeding. The Ruckdeschel Law Firm is counsel for Paul Crouch, individually and as executor *as prosequendum* of the Estate of Cynthia Lorraine Crouch. Service of discovery upon counsel for a claimant seeking the thought processes and personal opinions of counsel regarding a proceeding is improper absent some

1

showing of how such discovery relates to an issue in the case and would lead to admissible evidence. No such showing has been made here.[1]

The only issue before the Court is the Debtor's good faith at the time of filing of this Petition. None of the information sought in the Debtor's discovery requests is relevant to that inquiry. The matter before the Court in the Motions to Dismiss relate to the financial situation of the Debtor at the time of filing of the Petition, the Debtor's conduct in LTL1, after the Third Circuit's decision in LTL1, and the Debtor's improper collaboration Johnson & Johnson and Holdco.

While the conduct of the Debtor, Johnson & Johnson and its collaborating Ad Hoc Committee of Counsel after the filing of the Petition can and does shed light on the lack of good faith of the Debtor, the information sought from The Ruckdeschel Law Firm in the Interrogatories and Requests for Production are irrelevant to the question of good faith or lack of good faith of the Debtor in filing this Petition. The discovery requests neither relate to, nor are reasonably calculated to lead to discovery of admissible evidence about, the question before the Court.

Rather, the discovery requests are an attempt to harass The Ruckdeschel Law Firm, LLC and its clients for having the gall to not accept the Debtor and Johnson & Johnson's explicit attempt to "overcome the tort system" as lead counsel Greg Gordon, Esq. has publicly admitted.

Additionally, notwithstanding apparent position of the collaborator lawyers who refer to themselves as the Ad Hoc Committee of Supporting Counsel, lawyers and law firms are not parties in

---

[1] For example, it would be relevant to a disputed issue for claimants to serve discovery upon Jones Day regarding the Debtor's claim that "nobody could have foreseen" that LTL1 might be dismissed for lack of good faith (and any number of additional issues). That claim by the Debtor directly implicates whether Jones Day – the debtor's lawyer – foresaw this as a possibility. Similarly, the advice of Jones Day to the Debtor regarding the collusive cancelation of the 2021 Funding Agreement and related documents and their replacement with the 2023 Funding Agreement and related documents was done with intent to defraud or otherwise violated the Debtor's fiduciary duties to the Estate as a Debtor in Possession. No such circumstances exist with respect to The Ruckdeschel Law Firm, LLC and its representation of Mr. Crouch or any other person.

interest in this case. Accordingly, directing discovery at The Ruckdeschel Law Firm (and other law firms) is improper. Additionally, interrogatories are not proper discovery devices with respect to non-parties.

The harassing nature of the discovery is further demonstrated by, among other things, the fact that it seeks information that:

(a) Is already known to the Debtor (current claims, prior demands, et. seq.),

(b) Is expressly speculative (what clients might do or agree to in the future),

(c) Seeks to invade the thought processes of counsel (what Ruckdeschel "believes"),

(d) Is irrelevant and based upon a deliberately false construction of the lawyer-client relationship. (Contrary to the premise of the discovery requests, clients, not lawyers, decide what settlement offers are "adequate" and any personal opinions of Ruckdeschel are irrelevant to such evaluation),

(e) Implicitly mischaracterizes the PSAs and term sheet as being some sort of settlement offer capable of acceptance,

(f) Ignores the fact that the only Debtor in this case is LTL Management yet seeks information regarding not only the Debtor but also its non-debtor, massively solvent and non-distressed corporate parent Johnson & Johnson and any other corporate affiliates (any questions regarding adequacy of any settlement offer would have to be limited to the Debtor's direct liability to a claimant),

(g) Improperly attempts to use discovery requests as a method of beginning negotiations (what amount would be acceptable).

There are no settlement offers on the table from the Debtor or Johnson & Johnson to any client of The Ruckdeschel Law Firm, LLC. There is no offer capable of acceptance.

The discovery requests further implicitly mischaracterize the legal standard for evaluating settlement offers for clients to lawyers. The law requires *individual* clients to be able to make *individual* decisions about offers made to them. Accordingly, there is no such thing as an "average payment" that would be acceptable for all clients and asking questions that, effectively seek to elicit a statement of the personal opinion of a lawyer, is improper and nonsensical.

This highlights a particular distinction between settlements of mass-tort claims outside or bankruptcy – which allow individual clients to decline participating in a mass-negotiated settlement, and to maintain their rights in the tort system – and those in bankruptcy, where the rights of the objectors can potentially be overridden and limited, at least as the Debtor and J&J appear to contend.[2] The PSAs are not a settlement offer. The alleged PSAs have been expressly disavowed as final or binding by their chief proponent, Mr. Watts. The Debtor, through Mr. Kim, disavowed any intention to ever seek to enforce the terms of the alleged PSAs and their term sheet. And the Debtor has desperately sought to keep the terms of the PSAs regarding payment secret from the public. Indeed, these discovery requests refer to the PSAs (and therefore the term sheet) yet the Debtor still contends that that information must not be discussed publicly – implicitly demanding that The Ruckdeschel Law Firm, LLC explain its opinion regarding the compensation matrix suggested in the PSAs while simultaneously demanding that The Ruckdeschel Law Firm, LLC not publicly disclose any details of that matrix. There is no legal or factual basis for that position.

---

[2] Here, the Debtor and J&J ignore the fact that 524(g) does not override the fact that, under any plan of reorganization, every claimant must receive as much or more than they would receive in a Chapter 7 liquidation. Accordingly, any trust solution that provides for anything less than full payment of uncapped state-law damages, as determined by a jury, fails as a matter of law and logic if it involves an aggregate contribution to the trust that is less than would be available under a Chapter 7 liquidation of the Debtor. 11 U.S.C. 1129(a)(7)(A)(ii). And any such plan could only discharge the liability of the Debtor. Here, the Debtor and J&J seek to discharge not only the Debtor's liability, but also J&J's independent non-derivative liability as well. Of course, this demonstrates that the entire scheme being perpetrated by the Debtor and J&J is in bad faith.

4

Finally, with respect to demanding that The Ruckdeschel Law Firm, LLC identify information or witnesses it may present at the Motion to Dismiss hearing, in addition to the fact that The Ruckdeschel Law Firm, LLC is not a party to this matter or the Motions, as the Debtor is aware, once the issue of lack of good faith has been raised the burden of production and proof is on the debtor to demonstrate good faith.

Mr. Crouch and the other filers of the Motions to Dismiss have met their burden of demonstrating that the question of good faith is highly suspect in this case, as reflected in the numerous Motions to Dismiss filed in this proceeding and the exhibits thereto. Additional proof of the bad faith of the Debtor in this matter is found in the statements and representations (and non-statements) of the Debtor, J&J and their lawyers during LTL1 and its appellate proceedings and in the depositions and declarations filed to date in this petition.

Until and unless the Debtor files its responses to the Motions to Dismiss and produces the evidence it claims to rely upon, it is improper to demand that any movant (and again, The Ruckdeschel Law Firm, LLC is not a movant) lay out the universe of evidence with which they may respond to the claims of the Debtor.[3]

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: Documents sufficient to show the total number of The Ruckdeschel Law Firm Talc Claims, filed and unfiled.

---

[3] As noted above, the discovery requests served upon The Ruckdeschel Law Firm, LLC were directed to and served upon The Ruckdeschel Law Firm, LLC and not to Paul Crouch. Accordingly, these responses are served on behalf of The Ruckdeschel Law Firm, LLC only. Should the Debtor serve discovery upon Mr. Crouch regarding Mr. Crouch's expected presentation at the hearing on the Motions to Dismiss, Mr. Crouch will respond as appropriate and in accordance with the applicable law and rules. In this regard, Mr. Crouch would have the same objections as to the Debtor's burden of production and proof regarding good faith and the impropriety of demanding him to identify what he may present (beyond what is in his Motion and the Motions filed by others seeking dismissal) before receiving the Debtor's responses to those Motions.

**RESPONSE: See OBJECTIONS above. And as a reminder, the Debtor is fully aware of what cases have been filed for clients of The Ruckdeschel Law Firm, LLC.**

REQUEST FOR PRODUCTION NO. 2: All Documents and Communications relating to any settlement demands, including without limitation any statutory demands, that The Ruckdeschel Law Firm has made with respect to any, all, or any subset of the The Ruckdeschel Law Firm Talc Claims.

**RESPONSE: See OBJECTIONS above. And as a reminder, the Debtor is fully aware of what settlement demands, if any, were made for clients of The Ruckdeschel Law Firm, LLC prior to the filing of the Debtor's first bad-faith bankruptcy petition.**

REQUEST FOR PRODUCTION NO. 3: All Documents and Communications concerning any settlement offers or proposals to resolve to resolve any, all, or any subset of The Ruckdeschel Law Firm Talc Claims.

**RESPONSE: See OBJECTIONS above. And as a reminder, the Debtor is fully aware of what settlement demands, if any, were made for clients of The Ruckdeschel Law Firm, LLC prior to the filing of the Debtor's first bad-faith bankruptcy petition.**

REQUEST FOR PRODUCTION NO. 4: All Documents and Communications relating to amounts The Ruckdeschel Law Firm believes would be adequate to provide fair compensation for any, all, or any subset of the The Ruckdeschel Law Firm Talc Claims.

**RESPONSE: See OBJECTIONS above.**

REQUEST FOR PRODUCTION NO. 5: All Documents and Communications relating to the average per-claim settlement amount that The Ruckdeschel Law Firm believes would be adequate to provide fair compensation for any, all, or any subset of the The Ruckdeschel Law Firm Talc Claims.

**RESPONSE: See OBJECTIONS above.**

REQUEST FOR PRODUCTION NO. 6: All Documents and Communications relating to estimates The Ruckdeschel Law Firm has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the The Ruckdeschel Law Firm Talc Claims.

**RESPONSE: See OBJECTIONS above.**

REQUEST FOR PRODUCTION NO. 7: All Documents and Communications relating to estimates The Ruckdeschel Law Firm has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the Talc Claims.

**RESPONSE: See OBJECTIONS above.**

REQUEST FOR PRODUCTION NO. 8: All Documents and Communications relating to estimates The Ruckdeschel Law Firm has developed, shared, or discussed concerning the dollar amount required to defend and resolve all or any subset of Talc Claims in the tort system.

**RESPONSE: See OBJECTIONS above.**

REQUEST FOR PRODUCTION NO. 9: All Documents and Communications relating to estimates The Ruckdeschel Law Firm has developed, shared, or discussed concerning the number of Talc Claims that will be filed in the future.

**RESPONSE: See OBJECTIONS above.**

REQUEST FOR PRODUCTION NO. 10: All Documents and Communications relating to The Ruckdeschel Law Firm has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by government units.

**RESPONSE: See OBJECTIONS above.**

REQUEST FOR PRODUCTION NO. 11: All Documents and Communications relating to estimates The Ruckdeschel Law Firm has developed, shared, or discussed concerning dollar value attributable to Talc Claims asserted by third-party payors.

**RESPONSE: See OBJECTIONS above.**

REQUEST FOR PRODUCTION NO. 12: All draft or final agreements concerning the acquisition, purchase, sale, transfer, trade, or other transaction concerning any expected value of, or recovery from, any Talc Claim.

**RESPONSE: See OBJECTIONS above. Additionally, this request is incomprehensible.**

REQUEST FOR PRODUCTION NO. 13: All Documents and Communications between The Ruckdeschel Law Firm, on the one hand, and any law firm or claimant, on the other hand, concerning the proposed Plan Support Agreement or the Proposed $8.9 billion Settlement.

**RESPONSE: See OBJECTIONS above.**

REQUEST FOR PRODUCTION NO. 14: Documents sufficient to show the existence and terms of any financing arrangements with third parties that are secured, in whole or part, by the The Ruckdeschel Law Firm's contingency fees on Talc Claims.

**RESPONSE: See OBJECTIONS above.**

REQUEST FOR PRODUCTION NO. 15: All Documents and Communications concerning whether the Debtor is in financial distress.

**RESPONSE: See OBJECTIONS above.**

REQUEST FOR PRODUCTION NO. 16: All Documents and Communications that The Ruckdeschel Law Firm expects to use at the hearing on the motions to dismiss.

**RESPONSE: See OBJECTIONS above.**

REQUEST FOR PRODUCTION NO. 17: All Documents and Communications relating to or considered in preparing The Ruckdeschel Law Firm's response to the Debtor's First Set of Interrogatories.

**RESPONSE: See OBJECTIONS above.**

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the total number of Ruckdeschel Talc Claims, filed and unfiled.

**RESPONSE: See OBJECTIONS above. And as a reminder, the Debtor is fully aware of what cases have been filed for clients of The Ruckdeschel Law Firm, LLC.**

**INTERROGATORY NO. 2:** Identify any settlement demands, including without limitation any statutory demands, that Ruckdeschel has made with respect to any individual or group of Ruckdeschel Talc Claims.

**RESPONSE: See OBJECTIONS above. And as a reminder, the Debtor is fully aware of what settlement demands, if any, were made for clients of The Ruckdeschel Law Firm, LLC prior to the filing of the Debtor's first bad-faith bankruptcy petition.**

**INTERROGATORY NO. 3:** Identity the amounts Ruckdeschel believes would be adequate to provide fair compensation to any, all, or any subset of the Ruckdeschel Talc Claims.

**RESPONSE: See OBJECTIONS above.**

**INTERROGATORY NO. 4:** Identity the average per-claim settlement amount that Ruckdeschel believes would be adequate to provide fair compensation to any, all, or any subset of the Ruckdeschel Talc Claims.

**RESPONSE: See OBJECTIONS above.**

**INTERROGATORY NO. 5:** Identify the medical costs, lost wages, and other damages incurred or alleged relating to any, all, or any subset of the Ruckdeschel Talc Claims.

**RESPONSE: See OBJECTIONS above.**

**INTERROGATORY NO. 6:** Identify any estimates Ruckdeschel has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the Ruckdeschel Talc Claims.

**RESPONSE: See OBJECTIONS above.**

**INTERROGATORY NO. 7:** Identify any estimates Ruckdeschel has developed, shared, or discussed concerning the dollar-value of the aggregate liability attributable to any, all, or any subset of the Talc Claims.

**RESPONSE: See OBJECTIONS above.**

**INTERROGATORY NO. 8:** Identify any estimates Ruckdeschel has developed, shared, or discussed concerning the dollar amount required to defend and resolve all or any subset of Talc Claims in the tort system.

**RESPONSE: See OBJECTIONS above.**

**INTERROGATORY NO. 9:** Identify any estimates Ruckdeschel has developed, shared, or discussed concerning the number of Talc Claims that will be filed in the future.

**RESPONSE: See OBJECTIONS above.**

**INTERROGATORY NO. 10:** Identify any estimates Ruckdeschel has developed, shared, or discussed concerning the dollar-value attributable to Talc Claims asserted by government units.

**RESPONSE: See OBJECTIONS above.**

**INTERROGATORY NO. 11:** Identify any estimates Ruckdeschel has developed, shared, or discussed concerning dollar-value attributable to Talc Claims asserted by third-party payors

**RESPONSE: See OBJECTIONS above.**

**INTERROGATORY NO. 12:** Identify the number of Ruckdeschel Talc Claims you expect to be set for trial within the next two years.

**RESPONSE: See OBJECTIONS above. Additionally, this request is nonsensical given the preliminary injunction granted to the Debtor and J&J precluding trials.**

**INTERROGATORY NO. 13:** Identify any witness the Ruckdeschel expects or may call to provide fact or expert testimony at the hearing on the motions to dismiss.

**RESPONSE: See OBJECTIONS above.**

                                                                Respectfully submitted:

Dated: May 15, 2023                           */s/ Jonathan Ruckdeschel*
                                                JONATHAN RUCKDESCHEL
                                                The Ruckdeschel Law Firm, LLC
                                                8357 Main Street
                                                Ellicott City, Maryland 21043
                                                Email: ruck@rucklawfirm.com

The Ruckdeschel Law Firm, LLC

8357 Main Street
Ellicott City, Maryland 21043
Telephone: (410) 750.7825
Facsimile: (443) 583.0430

May 22, 2023

**Via Email**

Katie L. Wall, Esquire
Jones Day
2727 North Harwood Street
Dallas, Texas 75201

      Re*:*    In re: LTL Management, LLC; Case No. 23-12825 (MBK)

Dear Ms. Wall:

      I have received your letter dated May 22, 2023, regarding the improper discovery requests served upon The Ruckdeschel Law Firm, LLC and The Ruckdeschel Law Firm, LLC's objections and responses to those requests.

      Your letter is either hopelessly confused or deliberately misleading. The entire premise of the letter regarding the responses to document requests is a false straw-man claim that The Ruckdeschel Law Firm, LLC's objections and responses assert a claim of privilege. As the word "privilege" does not appear in the objections and responses, your letter is based entirely upon a false premise. Your discussion of D.N.J. LBR 7026-1 is, accordingly, yet another false argument fabricated to distract from the fabricated Debtor's baseless position.

      The letter's discussion of Interrogatories 2-12 is similarly false. The letter states:

> Ruckdeschel's responses to these interrogatories also includes a statement that it does not have "any non-privileged" information on the various subjects.

5/22/23 Wall letter, at p. 2. Notwithstanding the quotation marks and the specific claim that The Ruckdeschel Law Firm LLC's response "includes a statement …" no such statement appears in the objections and responses. Rather, that claim is demonstrably false.

      In sum, the demand letter is based upon demonstrably false characterizations of the objections and responses filed by The Ruckdeschel Law Firm, LLC. As the premise of the letter is facially untrue, I see no reason for us to "meet and confer." Rather, I request that you go back and re-read the responses filed on behalf of The Ruckdeschel Law Firm, LLC and confirm to me, in writing, (1) that the claims in your letter discussed above are not true, and (2) that your client's complaints about these untrue claims are withdrawn. I believe it is incumbent upon you to unequivocally retract your letter and its demands so that the record is clear.

JONATHAN RUCKDESCHEL
RUCK@RUCKLAWFIRM.COM
Cell Phone: (443) 286.8858
MD, FL

Katie L. Wall, Esquire
May 22, 2023
Page 2

      Finally, regarding Interrogatory No. 1, The Ruckdeschel Law Firm, LLC stands on its objections to this Interrogatory as improper and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this Motion to Dismiss.  Nevertheless, in the interests of avoiding unnecessary bickering, I advise you that, at present, The Ruckdeschel Law Firm, LLC is unaware of any client who has made a decision to file a lawsuit against the Debtor and has not yet filed a lawsuit against the Debtor.

      Very truly yours,

      *Jonathan Ruckdeschel*

      Jonathan Ruckdeschel

cc:    Gregory M. Gordon
        James M. Jones
        David S. Torborg
        Brad B. Erens
        Dan B. Prieto
        Mark W. Rasmussen